MEMORANDUM BRIEF OF PETITION OF [ 2254 ] WRIT OF HABEAS CORPUS

2: 05CV733-T

## ARGUMENT

**(I) Newly Discovered Material Facts Exist Which Require That The Conviction Or sentence Be Vacated By the Court**

**[A] The State Violated Greenwood's Right To Have Compulsory Process For Obtaining witnesses In His Favor By Corruptly Persuading A Key Witness Not To Testify In Violation Of The 6Th and 14Th Amendments Of The U.S. Constitution**

Jamar Brown ("BROWN"), A key witness for Greenwood refused to testify due to the fact that the State, Through District Attorney **Perkins,** corruptly persuaded him to decline to be a defense witness. D.D.A. **Perkins** intimated to Brown that she would make sure he received a (20) years split (3) years to serve, If He Did Not testify, for Greenwood. The inference could also be drawn by Brown, from D.D.A. **Perkins'** Statement, that should he testify for Greenwood- He Himself would receive a harsher term than the promised (20) years.

Greenwood's Trial counsel, Hartley, Interviewed Brown in the County Jail prior to Greenwood}s trial, Greenwood stood accused of being Brown}s Accomplice in in connection with an armed robbery, Brown told Hartley that he did not know Greenwood and that Greenwood was not his accomplice in the crime. Brown also stated that he could testify for Greenwood, and it would be Beneficial to the Defense. ( Direct Appeal    DA, R58-60, R 206 -207),  ¬ however, when Brown was concerned that, should he testify, it would be deterimental to his own upcom ing  sentence.

(1)

Which was schduled a few days after Greenwood}s Trial Began {DA} R58.L19. 25 ,
59, L1,23´DA R 206 ~207.


Without Browns testimony, Greenwood was convicted of Robbery I, as Browns Acc~
omplice, and sentenced to life In prison as an Habitual Offender, Greenwood
was convicted on December 11, 2002. DA . R.213 :


**Greenwood Did Not See Nor Hear Another Word About Brown Until On or About
March 30, 2003. On that date Greenwood received, through prisoners hands, An
Affidavit from Brown, Brown stated that the reason he did not testify as a
defense witness was because D.D.A. Perkins had persuaded him not to testify in
return for a lighter sentence himself, Brown also inferred that Perkins led
him to believe he would not get this light treatment should he testify.
See Exhibit A:**


Brown's Affidavit was signed and Notarized on March 18, 2003. The allegations
θf the State corruptly persuading him not to testify were not known nor Availa-
ble, for use until after March 30, 2003, the Date Greenwood received the Affid-
avit.


1. Greenwood and Brown were, and continue to be, Housed at Separate Facilities

BROWN's Affidavit Reads in Pertinent Part:

"My Name Is Jamar Brown, on this date and time 11-21-02, I Plead out to a crime
I had committed... I'll just start like this... So while sitting in the li
cells in the back of the Courtroom I was called out several times to talk to
my lawyer and that D.A. Lady name Ms. Perkins, so on one occasion I was called
out to talk to that lady D.A. Perkins, and a white guy so she asked me about

*(2)*

Kourtney Greenwood, again so I said I keep telling Ya'll I don't know that dude why ya'll keep (Exhibit "A",p.1) asking me the same thing, "so the lady D.A. Perkins, said he's not a witness for Kourtney Greenwood, is he speaking to the white guy I don't know his name, so the white guy said I DON'T THINK SO, SO I was like witness what, "what yall talking about, so the lady D.A. Perkins, said we mean without you testifying in court for this guy, [Greenwood]; we have a case on this guy, so the lady D.A. said Mr. Jamar Brown you work with me I'll work with you then she said I'll see to you getting 20/3 SAP & Return or Pro- bation, then she said you don't have to worry about nothing I'm going to talk to the Judge, then she said you have a nice day Mr. Jamar Brown, I'll see you ᴏᴎ the 12th of December til then just remember what I said then she left, So I ain't never been in nothing like this before but SAP & return or Probation sounded good, so it was like a day before I went to get sentenced, I was called down to court, so when I got down there it was this other white guy name Hartley or some, I think he was that guy Kourtney Greenwood Lawyer, then my Lawyer that same D.A. Perkins, Lady and that other white guy who was with her before came to talk to me Bout testifying for that guy kourtney Greenwood, So to be Honest I was really thinking about the SAP & Return or Probation I was told I would get. So I just told them all the truth, that I don't even know a guy by that name probably never seen him before and that he was not the guy that was present with me at ( Exhibit "A", P.2) The time I committed these crimes, But then I also said I was not going in that courtroom to testify and it seem like that lady D.A. Perkins, knew this was going to happen to me like this but I didn't say nothing." ( Exhibit "A", P.3).

This was clearly denial of Greenwood's 6Th, amendment right to have complusory process for obtaining witness in his favor. If D.A. Perkins, would not have intiminated to Brown in an act of persuasion that, Should he not testify, She

would see to him getting a 20/3 SAP & return or Probation-Brown would have
testified.

As long as 1937, The Alabama Court of Appeals held in Wallace v. State 176 So.
2d 310, 27 Ala. App. 545 (Ala. Cr. App. 1937) "To Dissuade or Prevent witness
from attending or testifying upon trial or cause or before Grand Jury duly
Constituted is an Indictable offense."

(Ala. Cr. App. 1937): "To Dissuade or prevent witness from attending or test-
ifying, upon Trial of cause or before Grand Jury duly constituted is an Indic-
table, Offense."

In 1941, The Federal District Court For the 5th Circuit held in Samples v U.S.
121 F.2d 263 ( Ala) CCA5 1941: "it is not necessary to enforcement of the
statute defining the offense of corruptly endeavoring to influence a witness,,
That a witness is prevented from testifying by threats or force, But if a wit-
ness is corruptly persuaded to Absent Himself... The Act is violated and it is
immaterial whether he was subpoenaed, if he intended to testify."


Following the reasoning above, the Appellate Court held in **Thomas v State, 418
So.2d 921 (Ala. Cr. App. 1981)**: "While the State may properly offer a re-
commendation of leniency if the Defendant will testify for the State and plead
guilty, It would constitute a violation of an accused's right of due process of
law for the State to Threathen a witness for the Defendant with prosecution or
Treatment as an Habitual Offender if He testifies for the accused."


DOES THE CLAIM STAISFY THE FIVE PRONG REQUIREMENTS OF RULE 32.1 (e) and Warrant
        an Evidentiary Hearing and/ or New Trial (YES)

1. The Facts relied upon were not known by the Petitioner or the Petitioner's
Counsel at the time of trial or sentencing or in time to file a Post-Trial

Motion Pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of Reasonable Diligence,..

Here, The Allegation of the State's role in courruptly presuading Brown not to Testify was not known in time for any of the above. **Greenwood** was only aware that Brown changed his mind and refused to testify.
Brown did not allege that D.D.A **Perkins**, conversations with him had persuaded him to absent himself from **Greenwood's**, Trial, Until He Excuted The Affidavit.

From the very nature of Brown's Allegations in the Affidavit, it is obvious that Brown was unwilling to come forward with the reason for his sudden change of heart until he was out of the cusdody of the Montgomery County Jail and out of the reach of D.D.A. **Perkins**, as soon as Brown felt confident the State could not effect his sentence, he excuted the Affidavit and sent it to **Greenwood.** **Greenwood** had no means of knowing the Allegations until Brown decided to come forward. Thus, Prong One is Satisfied.

2. THE FACTS ARE NOT MERELY COMULATIVE TO OTHER FACTS THAT WERE KNOWN;
3. THE FACTS DO NOT MERELY AMOUNT TO IMPEACHMENT EVIDENCE;
THE Controlling case for review of these two prongs was decided in **Ex parte Heaton, 542 So.2d 931 (Ala. 1989):**

"While all five requirements ordinarily must be met, The Law Has Recognized the Newly Discovered Evidence is Cumulative or Impeaching, if it appears probable from looking at the entire case that the new evidence would change the result , Then a New Trial Should Be Granted."@933 Here, as already stated, there was no evidence of the State's corrupted persuasion of Brown's refusal to testify known or presented to the trial court, there was also no testimony presented by

Brown during trial to this effect. However, some of the substance in Brown's Affidavit does appear to be cumulative, i.e., That Brown stated he did not know Greenwood. It is probable that had a jury been shown the State's corrupt effort to keep Brown from testifying, This Fact would have created credibility to Brown testimony concerning Greenwood's, [ INNOCENCE ], Thus, Likely This Part of The New Evidence  could have changed the results.


Likewise , the impeachment prong is also satisfied as there was no evidence presented, from a witness concerning the corrupted, persuasive efforts by the State However, the fact that Brown stated Greenwood, was innocent of the crime would appear to be useful in impeaching the victim, copeland's testimony; however, the main issue here is the Due process Violation created by the State's corrupt influence of a Key witness.
As in Ex parte Heaton,  the Fact that some of Brown's Affidavit could be considered, cumlative or impeaching is overcome by the facts of the case, i.e., The state's Corrupt persuasion of Brown.


4. If the Facts Had Been Known At The Time Of Trail Or Of Sentencing, The Result Probably Would Have Been Different;....


5. The Facts Establish That The Petitioner Is Innocent of The Crime For Which The Petitioner Was convicted or Should Not Have Received The Sentence That The Petitioner Received;...


As Already Stated, Had The Jury Known About The State's Efforts to Keep Brown Off The Stand, This would have lent credibility to Brown's Allegation That Greenwood, was not his accomplice and thus innocent. The State presented only one witness who identified Greenwood, as the offender.

That was the victim, Copeland, Copeland testified that the offender had twists in his hair. (DA.R54,L5-17) However, there were four witnesses that testified Greenwood, never wore twists in his hair and did not have it in twists the day of the crime, (DA. R-50,L.2-20; R-101-102, R-111; R-121, & R-140) Had Brown, The Admitted Offender, testified of the State's corrupt efforts, as well as Greenwood's innocence of the crime, It had a reasonable probability of changing the result, This would also, of course , prove **Greenwood's Innocence, Thus satisfying, the Fifth and final Prong of Rule 32.1 (e).**

Due to The Rule 321 (e) was raised by Ineffective Layman assistance and I not be properly train in the Law, the Layman Assistant fail to properly Raise Rule 32.1(A) as had been requested and as provided by the Constitution of The United States, or Of The State of Alabama, Require a New Trial, A New Sentence Proceeding or Other relief.    THIS  first  issue was raised  *Wrong* and exhausted wrongly through State Court's.  Petitioner requests to correct and raise this issue in this Court under RULE 32.1 (a) A.R.CR.P., instead of RULE 32.1(c) A.R.CR.P.

Movant must assert he received Ineffective assistance from the Layman who assisted Him in his 1st & 2nd Rule 32 Petitions that was denied/ affirm, and the merits was never adjudicated on it merits as to why the court asserted it was a successive, petition. and the issues that was raised by the layman assistant was never, properly presented for proper review, and this was not the fault of Movant as this court will see deem to review the issues as have been preserved for review, and Grant Petitioner/ Movant Release as this honorable Court sees deem.

*(7)*

II  THE CONSTITUTION OF THE UNITED STATES, OR OF THE STATE OF ALABAMA REQUIRES A
NEW TRIAL, A NEW SENTENCE PROCEEDING, OR OTHER RELIEF:

(A) INEFFECTIVE ASSISTANCE OF TRAIL COUNSEL IN FAILING TO SUBPEOENA A KEY WITNESS
AND VIOLATING GREENWOOD'S RIGHT TO BE CONFRONTED WITH THE WITNESS AGAINST HIM
IN VIOLATION OF HIS 6Th & 14Th AMENDMENTS OF THE U.S. CONSTITUTION:

During Greenwood's First Trial, The victim Copeland, testified that there was
a second victim and eye-witness to the alleged crime, A 13-year old boy named
Serillo" The first trial resulted in a Mis-Trail. (R.32. C-35),

During Greenwood's, Second Trail, the only eye-witness the State presented was
Copeland, The Victim. Copeland, testified that Greenwood, restrained Serillo,
While Brown Robbed Him, (Copeland) at gun point (DA.R-67,L-18-24);...

Thus, Serillo, although absent from trial became a witness against Greenwood,
through Copeland's testimony, Greenwood had a 6th Amendment Right to confront
Serillo, This prejudiced Greenwood, on several points.

1. Copeland was the only victim and eye-witness to identify Greenwood as Brown's
Accomplice.
Copeland stated Greenwood held Serillo. If counsel would have subpoenaed Serillo,
Serillo would have testified Greenwood was not the person who held him during
the robbery, thus not Brown's Accomplice.

2. Serillo, As the second victim and person restrained by Brown's Accomplice,
Had a better view of the accomplice than Copeland, who was being held at gunpoint
by Brown.

3. The State alleged Greenwood Aided and Abbetted Brown during the robbery by
restraining Serillo, this allegation could not be refuted without cross-examin-
ing, Serillo, Greenwood's alleged complicity in this offense was the sole basis
of the ultimate question in the Jury's Determination of Greenwood's Guilt or In-
nocence,....

4. No Where In The Record is it shown or stated that Serillo ever accused Greenwood
of this crime, or any other crime.

5. The only evidence presented to show that Greenwood restrained Serillo came from Copeland. This was, at best, An out-of-court statement, and not supported by Serillo Himself.

The only way Greenwood could have effectively refutted Copeland's testimony was by subpoenaing and cross-examining Serillo. The U.S. Supreme Court held in **Davis v. Alaska,** U.S. 308, 39 L.Ed 2d 347, 94 S.Ct. 1105 (1974).

The Sixth Amendment Right of an accused in a criminal prosecution 'To be confonted with the witness against him, This right is secured for defendant's in State, as well as Federal Proceedings under **Pointer v. Texas,** 380 U.S. 400, 13 L.Ed. 2d. 923, 85 S.ct. 1065 (1965)...@353.

The Alabama Criminal Court of Appeals, in following this recognized right, in a similar case as The Instant held in **Mcterry v State,** 680 So.2d 957 (Ala.1996): Counsel is expected to exercise diligence in prepairing his case for trial an procuring witnesses... This is especially true here because **Williams,** (THE KEY WITNESS) was an eye witness to the shooting...

The only evidence connecting the appellant with the crime was the eye witness testimony of **Jelks.** (THE VICTIM) The appellant denied that he was the shooter, The Jury had to base it's decision on which witness it found to be more credible The Appellant or Jelks...

The Sixth Amendment to the [ U.S ] Constitution States: In all Criminal Prosecutions, The Accused shall enjoy the right to,,, be confronted with the witnesses, against him...
An accused's right to compulsory process is also found in Article I, 6, Constitution, of Alabama of 1901....

"The Right,,, is in plain terms The Right to present a Defense, The Right to present, the defendant's version of the facts as well as the prosecutions to the Jury so it may decide where the Truth Lies,,, The Right is a Fundamential Element, of due process law. "' @ 955-956 (Reversed and Remanded) Here, The similarities, between McTerry and the instant claim are identicle, the only evidence connecting Greenwood with the crime was the eye-witness testimony of Copeland, Greenwood denied he was Brown's accomplice, Copeland was the victim and only testifying eye-witness. Serillo was the second victim and eye-witness to the .

crime. **The** only way to rebutt Copeland's testimony was to cross-examine Serillo who would have testified that Greenwood was not Brown's accomplice, Regardless of what Serillo's testimony would have been, The denial of the right to cross-examine is a reversible error. **See-Davis v. Alaska.@** 355.

B. Is An Evidentiary Hearing Due In This Case For This Issue? (YES)
Ineffective claims of counsel are reviewed under the U.S. Supreme Court decision in **Strickland v. Washington,** 466 U.S. 668 (1984) A claimant like Greenwood must show (1) Deficient performance of counsel:

Here, **T**rial Counsel admitted his own erroron record by stating: "That [Serillo] one of the witnesses we need here,,,"(DA. R-168-169,L.8-9) Counsel also mention Serillo in his Motion To Dismiss (DA. R-98-, L.-8-15) Counsel still took steps to subpoena Serillo.

Counsel knew of Serillo as the second eye-witness when Serillo's name was revealed in Greenwood's First Trial. (DA. R-55, L.5-16; 61, L8-24) During the Second Trial Copeland testified that Serillo lived four houses down from his (Copeland's) cousin house, the trial court also addressed this matter and told counsel he had ample time to find Serillo, (DA. R-37,L.6-17; 60, L23-25;61).
Thus Counselor's deficient performance is easly established by counsel's own s statement and by the trial court.

Prong Two of the Strickland Test is: (2) Prejudice to Defendant and Absent couselor's errors a reasonable ability of a different result. That has also been shown by the denial of Greenwood's substantial right of cross examination; Alseo that Serillo would have testified Greenwood was not Brown's Accomplice, which would have created reasonable doubt in the jury's mind.

Thus, these claims were, and due to be addressed by the Trial Court, The Alabama Court**s** have consistently remanded cases back to the trial courts for the Court's Failure to address an Ineffective Claim by an Evidentiary Hearing.

"Defendant's Petition, Asserting His Trail Counsel was Ineffective in Failing
to Subpoena the witness... and another witness, because both would have refuted
the State's only evidence... had to be remanded for failure of the Circuit Court
to make specific finding's of facts.... **Ex parte Grau,** 791 So.2d 345 (Ala. 2000)
See also **Click v. State,** 821 So.2d 218 (Ala. Cr. App. 1999), and **Bullard v. State,**
CR-03-0280 (March 26, 2004), Ala. Cr. App.), Both were remanded for *F*ailure of
The Circuit Court to Address the claims of Ineffective Counsel.

Further Petitioner **GREENWOOD** asserts two additional Claims of Ineffective Assistance of Trial Counsel., which has not been exhausted through State Court remedies: As stated below, Petitioner gives an explanation for the New Grounds raised/ and shows Both Good Cause why Grounds were not known, and failure to entertain this Petition on the said Grounds will result in a blantant miscarriage of Justice.

**GREENWOOD'S** First and Second Petition's were raised by Ineffective Layman Assistance, further due to the fact Petitioner **GREENWOOD** himself is not learned in the Law. Petitioner may not be bound by the error of his Counsel.

The Power of an Attorneyis not co-equal, nor co-extensive, nor of the equivalent of that of the client. The Sixth Amendment guarentees Criminal Defendant's several seperate and distinctive rights. The Sixth Amendment states:

> IN ALL PROSECUTIONS THE ACCUSED SHALL ENJOY THE RIGHT TO A
> SPEEDY AND PUBLIC TRIAL, BY AN IMPARTIAL JURY OF THE STATE
> AND DISTRICT WHEREIN THE CRIME SHALL HAVE BEEN COMMITTED,
> WHICH DISTRICT SHALL HAVE BEEN PREVIOUSLY ASCERTAINED BY LAW,
> AND TO BE INFORMED OF THE NATURE AND CAUSE OF THE
> ACCUSATION: TO BE CONFRONTED WITH THE WITNESSES AGAINST
> HIM: TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES
> IN HIS FAVOR, AND TO HAVE THE ASSISTANCE OF COUNSEL FOR HIS DEFENSE.

The Fourteenth Amendment states:

> ALL PERSONS BORN OR NATURALIZED IN THE UNITED STATES AND SUBJECT TO
> THE JURISDICTION THEREOF, ARE CITIZENS OF THE UNITED STATES AND
> OF THE STATE WHEREIN THEY RESIDE. **NOT STATE SHALL** MAKE OR ENFORCE

ANY LAW WHICH SHALL ABRIDGE THE PRIVILEDGES OR IMMUNITIES OF
CITIZENS OF THE UNITED STATES: NOR SHALL ANY STATE DEPRIVE ANY
                    PERSON OF LIFE, LIBERTY, OR PROPERTY, WITHOUT
DUE PROCESS OF LAW: NOR DENY TO ANY PERSON WITHIN ITS JURISDICTION
THE EQUAL PROTECTION OF LAWS.

The word **SHALL** generally indicates a command that admits no discretion on the part of the person instructed to carry out the Law. SEE: **BLACK'S LAW DICTIONARY PAGE 1375 (6th EDITION 1990) ( AS USED IN STATUTES..... THIS WORD IS GENERALLY IMPERATIVE OR MANDATORY.")**

The purpose of the Constitutional Guarentee is to protect an accused from Conviction resulting from his own ignorance of his Legal and Constitutional Rights and the Guarentee would be Nullified by a determination that an accused's ingnorant failure to claim his Rights removes the Protection of the Constitution. A Petition is used as a means of reviewing errors of Law. This remedy however, must be construed and applied so as to preserve not destroy Constitutional Safeguards of Human Life and Liberty.

### FAILURE TO ENTERTAIN PETITION WILL RESULT IN A MISCARRIAGE OF JUSTICE

The Fifth and Fourteenth Amendments of the United States Constitution states that No person shall be deprived of Life, or Liberty without Due Process of Law.

The Sixth Amendment of the United States Constitution, states that the Petitioner has the right to have the Assistance of Counsel for his Defense, and the Right to Counsel has also been declared to be obligatory upon the States through the Due Process Clause of the Fourteenth Amendment. It has been held, however, that the Right to Counsel must be more than just the Right

(13)

to nave some Attorney physically present with the accused at Criminal Proceed-
ings, as that in itself is insufficient to protect the accused Rights; such a
limited view would render the Sixth Amendment an empty formality.  Instead the
right to Counsel is regarded as implying a Right to Effective Assistance by
Competent Defense Counsel; and if Counsel's performance at a given proceeding
is not up to reasonable Pofessional Standards, or if the Judge, Prosecutor, or
others so interferre with the Defense that Counsel is unable to properly
defend the accused interests, then the accused may have grounds for relief
from a conviction, sentence, or other adverse decision which results from the
proceeding.

The Grounds that the Petitioner now raises in the Petition clearly shows
that the Jury's decision in the Trial Proceeding is Prejudicial and inconsist-
ent with the Substantial Rights of the Petitioner.  Therefore, Petitioner
 would state that in the case of **NELSON VS. STATE**, 50 ALA.APP. REPORTS 285,
which states in part:  At first blush, it would seem that the law on this
subject is in a sad state of flux.  be that as it may, these are rules of
State Practice, otherwise stated, these are Judge made decisions.  When rules
of State Practice and Procedure **CONFLICT WITH** the Due Process Clause of the
**FOURTEENTH AMENDMENT**, **THEY MUST YEILD TO THE COMMANDMENTS OF THAT AMENDMENT**.
I.d. at **Const. Law 2.**

Furthermore, in the case of **STATE VS. HUTCHERSON**, 847 So.2d. 379 (
ALA.CR.APP. 2001), that Case stated in part:  The Supreme Court shall make and
promulgate Rules governing the Administration of all Courts and Rules govern-
ing Practice and Procedure in all Courts; provided however, that such rules
**SHALL NOT ABRIDGE**, enlarge or Modify **THE SUBSTANTIAL RIGHTS OF ANY PARTY**, noR
affect     the Jurisdiction of Circuit and District Courts or Venue of
Actions therein.  I.d at **CRIM KEY 6.**

As shown and stated above, failure to entertain this Petition will result in a blantant Miscarriage of Justice.

The Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I Section 6 of the 1901 Constitution of Alabama requires that Petitioner be Granted a new Trial or other relief as the law requires, because the Defendant was Denied Effective Assistance of Trial Counsel, due to Trial Counsel's failure to Subpeona and Procure the Testimony of Key Witness **JAMAR BROWN,** which **BROWN'S** Testimony potentially aided Defense and Corroborated **" GREENWOOD'S"** Testimony of the facts. **" GREENWOOD"** does not know **JAMAR BROWN** nor did **" GREENWOOD"** participate and or assist **JAMAR BROWN** in any criminal activity. Trial Counsel's complete failure to Subpeona and Procure **BROWN'S** Testimony denied **GREENWOOD** his Sixth Amendment right to have Compulsory Process to obtaining witnesses in his favor.

<u>**ARGUMENT**</u>

Prior to Defendant's Trial on or about **DECEMBER 8th or 9th, 2002,** Trial Counsel **JOHN W. HARTLEY** interviewed **JAMAR BROWN,** who is supposedly **KOURTNEE GREENWOOD'S** Co-Defendant in this crime, to find out what was **" GREENWOOD'S"** connection or supposedly criminal act in the crime charged. D.A.R. 206, 207 R. 58, 59, 60) **When at this time, Trial Counsel found out that  JAMAR BROWN** had previously plead out to the charged offense on **11-21-02,** and **BROWN** at that time also, told Trial Counsel that **" GREENWOOD"** was not his accomplice in the crime, and that he ( **BROWN)** did not know **" GREENWOOD",** and also at that time, **BROWN** told Trial Counsel that he would testify to these facts, as it would have been very beneficial to **" GREENWOOD'S** Defense. **( D.A.R.  206, 207, R. 58, 59, 60).**

(15)

On **DECEMBER 10, 2002 " GREENWOOD'S"** actual date of Trial, Trial Counsel merely asserted to the Court, that Witness **JAMAR BROWN,** just suddenly refused to testify due to the fact that he  **BROWN** was in fear that if his testimony was favorable for the Defense, it would affect his own upcomming Sentencing and without further due, **BROWN** was allowed to not testify, without taking the stand and having to assert any Self Incrimination Rights. **( D.A.R.  206, 207 R.  58,59,60).**

Counsel failed to Subpeona **JAMAR BROWN** to compel his testimony when Trial Counsel knew ahead of time, that **BROWN'S** testimony potentially aided **" GREENWOOD'S"** Defense at best, but only asked **BROWN** to testify and after **BROWN** refused, he **(BROWN)** was just allowed to not testify. **( D.A.R.  206, 207 R. 58,.59,60).**

**TO** establish a claim of Ineffective Assistance of Counsel, a Claimant must satisfy the Two Prong Test of **STRICKLAND VS. WASHINGTON,** 466 U.S. 668 ( 1984).

### PRONG ONE OF STRICKLAND

Deficient performance of Counsel, the United States Constitution Sixth Amendment clearly states that in all criminal prosecutions, the accused shall enjoy the right to have compulsory Process for obtaining witnesses in his favor, under ALABAMA LAW, CODE OF ALABAMA, 1975 **12-21-246,** which describes the Right to Subpeona Witnesses through the Court as absolute.

(A).  In Criminal Cases, at the request of the State, or the Defednant or the Defendant's Attorney, the Clerk of the Court must issue a Subpeona for Witnesses whose address shall be given by the person requesting the Subpeona.

Under Alabama law, in a similar case cited in **McTERRY VS. STATEB, 680 So.2d. 953 ( ALA. 1996),** the Court of Criminal Appeals Reversed a Conviction in which the Trial Court failed to issue a Subpeona for a Witness on the day of Trial.  Trial Counsel's reliance on the State's Subpeona's List to secure Testimony of sole witness to the shooting bordered on Ineffective Performance; I.d., at b<u>MCTERRY</u>, at 956.  Counel is expected to exercise due diligence in preparing his case for Trial and Procuring necessary witnesses.

A Review of the entire Trial Transcript clearly indicates that Trial Counsel did not Subpeona Witness **JAMAR BROWN** to offer valuable Testimony, that would have exonerated **" GREENWOOD"** from the crime charged.  In light of Alabama Law, and in viewing the performance of Counsel, from the Counsel's perspective, and in the consideration of the totality of circumstances, the only conclusion can be, is that Counsel's performance was Deficient, Counsel clearly knew what type of Information **JAMAR BROWN** had knowledge of, concerning the Criminal matter at hand, and Counsel still refused to Subpeona " **JAMAR BROWN"** to Compel his Testimony, thus satisfying Prong One of <u>**STRICKLAND.**</u>

### PRONG TWO OF STRICKLAND

Prejudice and absent said errors as a strong probability of a different outcome at trial.

A general observation that Trial Counsel failed to Subpeona a Witness does not in itself prove that Counsel was Ineffective absent a showing of Prejudice  as a strong probability of a different outcome at Trial.

If witness **JAMAR BROWN** was Subpeonaed to Testify, he **( BROWN)** woul d have gave favorable Testimony of when asked:

> **QUESTION:** Did you **JAMAR BROWN** Rob **LARRY COPELAND**?  His **( BROWN'S)** expected answer:  <u>YES</u>!!

> **QUESTION:** Did you **JAMAR BROWN** Plead Guilty to Robbing " **LARRY COPELAND**"? His **( BROWN'S)** expected answer:  <u>YES</u>!!

> > **QUESTION:**  **JAMAR BROWN** do you know a person by the name of **KOURTNEE GREENWOOD**?  His **( BROWN'S)** expected answer:  <u>NO</u>!!

> > **QUESTION:**  **JAMAR BROWN** do you know this man here, that is on Trial Here today?  His **( BROWN'S)** eexpected answer:  <u>NO</u>!!

> **QUESTION:**  **JAMAR BROWN,** did this man here on Trial help you or assist you in Robbing **LARRY COPELAND**?  His **( BROWN'S)** expected answer: <u>NO</u>!

Even though **LARRY COPELAND** identified **KOURTNEE GREENWOOD** as supposedly **JAMAR BROWN'S** accomplice, the proper inquiry here is not whether evidence of Defendant's Guilt is overwhelming, but instead, whether a substantial Right of the Defendant has or probably has been adversely affected.  Trial Counsel's failure to Subpeona **JAMAR BROWN** as a Defense witness clearly adversly affects Petitioner's Substantial and Constitutional Right to have Compulsory Process for obtaining witnesses in his favor.  Overwhelming evidence of Guilt does not render Prejudicial error harmless under **RULE 45 ALA.R.CR.P.**  Also see: <u>**EX PARTE LOWE**</u> 514 So.2d. 1049 ( ALA. 1987).  In the case of  <u>**WASHINGTON VS.** </u> <u>**TEXAS,** 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d. 1019 ( 1967), the United States</u> <u>Supreme Court explained the innate relationship between Compulsory Process and</u> the accused right to a fair Trial.

The Right to offer Testimony of Witnesses and to compel their attendance, if necessary is in plain terms, the Right to present a defense, the Right to present the Defendant's version of the facts as well as the prosecutions to the Jury so it may decide where the truth lies. **SEE: McTERRY VS. STATE**, 680 So.2d. 953 ( ALA. 1996).

This case is due to be set for a New Trial or Sentencing procedure and or any other relief that this Honorable Court may deem necessary.

The Fifth, Sixth and Fourteenth Amendments to the United States Constit-
ition along with Articles I and VI of the Constitution of Alabama of 1901
requires that the Petitioner be Granted a new Trial or other Relief as the Law
requires, because the Defendant was Denied Effective Assistance of Trial
Counsel due to Trial Counsel's failure to investigate the Substance of Victim
" LARRY COPELAND'S" Testimony. concerning Petitioner " GREENWOOD'S" alleged
complicity in the crime charged in order to present an adequate defense.

## ARGUMENT

On **APRIL 9, 2002,** Defendant was accused of Aiding and Abedding a **JAMAR
BROWN** in a Robbery, by supposedly Restraining a 13 Year old Boy named
"SERILLO"while " BROWN"  robbed a "LARRY COPELAND" at Gunpoint. SEE: D.A.R
*161, R93* " GREENWOOD'S" supposed act in this crime came out at " GREENWOOD'S"
First Trial on **OCTOBER 30, 2002,** when Victim " LARRY COPELAND" testified, but
that Trial ended in a Mistrial on **OCTOBER 30, 2002.** SEE: D.A. *C-2* .
Trial Counsel knew at that time, that " GREENWOOD'S" alleged complicity in the
crime was based upon " SERILLO", whom " GREENWOOD" was accused of Restraining
SERILLO" **while** " BROWN" **Robbed** "COPELAND" at GunPoint. SEE: D.A.R *161, R93*

During " GREENWOOD'S" Second Trial on **DECEMBER 10, 2002,** Victim
" COPELAND" again testified that " GREENWOOD" Restrained 13 Year Old "
SERILLO" and Victim " COPELAND'S" testimony revealed that " SERILLO" lived
Four (4) Houses down the street from his ( " COPELAND'S") Cousin. SEE:
**D.A.R**    37.  Trial Counsel knew ahead of time, that Victim " COPELAND" would
be testifying, if Counsel wasn't sure about what Victim " COPELAND'S"
Testimony consisted of, Counsel had Two (2) Months prior to Trial to get

Victim " COPELAND'S" Testimony from " GREENWOOD'S" First Trial to secure an adequate Defense for " GREENWOOD". The Trial Court even addressed this matter stating that, Trial Counsel knew Victim " LARRY COPELAND" would be testifying, and further said, Counsel had ample time to request " COPELAND'S" prior Testimony from OCTOBER 30, 2002. SEE: D.A.R. 55-62. But, Trial Counsel never took any time out to investigate the Substance of Victim " COPELAND'S" Testimony, pertaining to " GREENWOOD'S" alleged complicity in the crime.

If Trial Counsel would have investigated the Substance of " COPELAND'S" prior testimony, Counsel would have known of any inconsistencies in his ( " COPELAND'S") Testimony, and Counsel would have been well aware of the fact that " GREENWOOD'S" supposed <u>CONNECTION IN THE CRIME</u>, was through " SERILLO", whom " GREENWOOD" was accused of Restraining. Trial Counsel had ample time to request Victim " COPELAND'S" prior Testimony, and find out about " SERILLO", Locate " SERILLO" and Subpeona and procure " SERILLO'S" testimony for Trial, presenting an adequate Defense for " GREENWOOD", but Counsel never took a step to put forth the effort in this case.

Due to Counsel's lack of interest in this case, Trial Counsel was clearly <u>UNAWARE</u> of the fact that Victim " LARRY COPELAND" had testified to the fact that " GREENWOOD" had restrained 13 Year Old " SERILLO" as an act of particip-ation in this crime. Counsel argued that he ( Trial Counsel) <u>DID NOT REMEMBER</u> " COPELAND" stating the facts involving " SERILLO", when in fact " COPELAND" had testified to these same facts on OCTOBER 30, 2002. SEE: D.A.R. 55-62. If Counsel would have exercised diligence, and requested to review and or investigate Victim " COPELAND'S" prior Testimony prior to Trial, <u>COUNSEL WOULD HAVE KNOWN</u>, what " GREENWOOD'S" alleged Complicity in this crime was, <u>INSTEAD OF, " NOT REMEMBERED"</u> .

_____Ineffective Counsel Claims are reviewable under **STRICKLAND VS. WASHINGTON** 466 U.S. 668 (1984). A Claimant like **" GREENWOOD"** must show:

### (1)  PRONG ONE:  DEFICIENT PERFORMANCE OF COUNSEL:

If Trial Counsel would have investigated and or Reviewed Victim **" COPELAND'S"** prior Testimony, Counsel would have known of the fact that **" COPELAND"** stated that **" GREENWOOD"** Restrained **" SERILLO"** during the apparent Robbery, instead of not remembering what **" COPELAND"** testified too or not. Counsel just never took anytime out to investigate, find **" SERILLO"**, and Subpeona and Procure his ( **" SERILLO'S"**) Testimony for Trial. SEE: **D.A.R. 55-62.** Therefore, Counsel could not have presented an adequate Defense to assure **" GREENWOOD"** a Fair Trial rendering Deficient performance.

Thus, Counselor's Deficient performance is easily established here, thus satisfying Prong One of **STRICKLAND.**

### PRONG TWO OF THE STRICKALND TEST IS:

(2). Prejudice to the Defendant and absent a Counselor's error's of a reasonable possibility of a different result.

**" GREENWOOD"** was accused of Restraining a 13 Year old Boy named **" SERILLO".** Counsel never put forth the effort to locate or find **" SERILLO"** to procure his Testimony for Trial. **" GREENWOOD"** could not refute the fact that he ( GREENWOOD) did not restrain **" SERILLO"**, without **" SERILLO"** being present at Trial to be placed on Cross-Examination. Had Counsel put forth the effort, and investigated the substance of **" COPELAND'S"** Testimony of **" GREENWOOD'S"** supposed act in the crime, and located **" SERILLO"** and Procured his Testimony for Trial, and had **" SERILLO"** testified to the fact, that, " GREENWOOD" was

(22)

not the person who held him on the night of **APRIL 9th, 2002**, **thus, not** "
BROWN'S" **ACCOMPLICE, THESE STATEMENTS ALONE WOULD HAVE RAISED ENOUGH DOUBT IN
THE MINDS OF THE Jurors for an Acquittal** on " **GREENWOOD".**

  Satisfying the Second and last Prong of **STRICKLAND,** and based on the
foregoing, Defendant prays that this Honorable Court will Grant whatever
relief this Honorable Court may deem necessary and or schedule an Evidentiary
Hearing for any further proceedings.

(23)