IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2005 AUG 29  P 4: 25

DEBRA P. HACKETT, CLK
US DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| KOURTNEE GREENWOOD, #179810,) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v.                          ) | CIVIL ACTION NO. |
| ) | ~2:04-CV-456-T~ |
| ) | 2:05 CV 733-T |
| JAMES DELOACH, et al.,       ) | |
| ) | |
| Respondents.                ) | |

## ANSWER OF THE RESPONDENTS

Come now the Respondents, by and through the Attorney General for the
State of Alabama, and in response to this Honorable Court's Order issued on
August 9, 2005, make the following answer:

1.    In his federal habeas corpus petition filed in this Court on July 22,
2005, Kourtnee Greenwood ("Greenwood"), who is presently incarcerated in
Draper Correctional Facility, attacks his December 11, 2002, conviction for
robbery in the first degree in the Montgomery County Circuit Court on the
following grounds:

> A.    Greenwood claims that newly discovered material facts require
> that his conviction or sentence be vacated by this Court because
> the State violated his right to compulsory process when it
> corruptly persuaded a key witness, co-defendant Jamar Brown,
> not to testify, in violation of the Sixth and Fourteenth
> Amendments to the United States Constitution.


SCANNED
8/30/05

B.  Greenwood claims that he received ineffective assistance of counsel in his first two post-conviction petitions in regard to the way his newly discovered evidence claim was raised in the state courts and that this resulted in the claim not being addressed on the merits. Further, Greenwood requests this Court to address this claim on the merits.

C.  Greenwood claims that the United States Constitution, or the Constitution of the State of Alabama, requires a new trial, a new sentence proceeding or other relief because he received ineffective assistance of trial counsel when his trial counsel failed to subpoena a key witness, "Serillo," which violated his right to confront witnesses in violation of the Sixth and Fourteenth Amendments to the United States Constitution.

D.  Greenwood claims that he was entitled to an evidentiary hearing on the issue of whether he received ineffective assistance of trial counsel when his trial counsel failed to subpoena a key witness, "Serillo."

E.  Greenwood claims that he received ineffective assistance of trial counsel when his trial counsel failed to subpoena Jamar Brown to testify at his trial.

F.  Greenwood claims that he received ineffective assistance of trial counsel because his trial counsel did not properly investigate the substance of victim Larry Copeland's testimony by obtaining a copy of his testimony at the first trial, which ended in a mistrial.

(Greenwood's Petition for Habeas Corpus)

2.  Respondents admit that Greenwood was convicted of robbery in the first degree in a jury trial on December 11, 2002, in the Montgomery County Circuit Court, and that he was sentenced to life under the prescribed enhancements of the Habitual Felony Offender Act. Respondents aver that Greenwood's

2

conviction and sentence are valid and constitutional under the laws and treaties of the United States and the State of Alabama.

3.    Respondents deny each and every material allegation of the petition and demand strict proof thereof.

## PROCEDURAL HISTORY

4.    On July 19, 2002, the Montgomery County Grand Jury indicted Greenwood for one count of robbery in the first degree committed with a firearm. (See Exhibit A, p. 1)  On December 11, 2002, the jury in the Montgomery County Circuit Court returned a verdict finding Greenwood guilty of robbery in the first degree.  (See Exhibit A, p. 1)  Due to Greenwood's two prior felony convictions, the trial court sentenced Greenwood to life in prison on December 30, 2002.  (See Exhibit A, p. 1)

5.    On appeal from his conviction, Greenwood claimed that the trial court erred in denying his motion for judgment of acquittal on the ground that the evidence was insufficient to support his conviction for robbery in the first degree because the robbery victim's identification was inconsistent and, thus, unreliable. (See Exhibit B, p. 1)  The Alabama Court of Criminal Appeals found that Greenwood had not properly preserved this issue for appeal because his motion for judgment of acquittal had been based upon the claim that the State failed to present

3

any evidence that the second man present with Jamar Brown during the robbery was actually participating in the robbery. (See Exhibit B, p. 2) Accordingly, the Alabama Court of Criminal Appeals affirmed Greenwood's conviction in Kourtney Sovern Greenwood v. State, No. CR-02-0634, ___ So. 2d ___ (Ala. Crim. App. 2003)(table). (See Exhibit B) The Alabama Court of Criminal Appeals issued a certificate of judgment on August 15, 2003. (See Exhibit C)

6.    On September 15, 2003, Greenwood filed his first Rule 32 petition for post-conviction relief in the Montgomery County Circuit Court. (See Exhibit D) In this petition, Greenwood alleged the following: that his sentence exceeded the maximum because he was indicted for robbery in the third degree rather than robbery in the first degree; that the indictment was insufficient because it failed to allege that Greenwood caused "serious physical injury"; that the trial court lacked jurisdiction because he was illegally arrested; that he was improperly sentenced under the Habitual Felony Offender Act; and, that newly discovered evidence proved that he was not guilty of robbery in the first degree. (See Exhibit D) In support of his claim of newly discovered evidence, Greenwood presented the affidavit of co-defendant Jamar Brown, which stated that Jamar Brown did not know Greenwood and that Greenwood was not involved in the robbery. (See Exhibit D) On December 24, 2003, Greenwood filed an amended Rule 32 petition, where he alleged that his trial counsel was ineffective for failing to subpoena

4

"Serillo," a thirteen-year-old boy with the victim at the time of the robbery, for failing to subpoena the three children he claimed to have been babysitting on the night of the robbery, and for failing to object to the jury instruction regarding unanimous verdicts. (See Exhibit E)

7. On January 13, 2004, the trial court issued an order denying Greenwood's Rule 32 petition for post-conviction relief on the ground that he failed to allege the facts necessary to warrant post-conviction relief as required by Alabama Rules of Criminal Procedure 32.3 and 32.7(d). (See Exhibit A, p. 1) The trial court found that it did have jurisdiction over Greenwood, regardless of whether the arrest was legal, because the Alabama Court of Criminal Appeals held in Sumlin v. State, 710 So. 2d 941 (Ala. Crim. App. 1998), that illegal arrest claims do not implicate the jurisdiction of the trial court and that they are barred from Rule 32 review because they could be raised at trial or on appeal. (See Exhibit A, p. 2) In regard to Greenwood's claim that the trial court lacked jurisdiction because the indictment did not allege that Greenwood caused "serious physical injury", the trial court found no merit because the statute does not require "serious physical injury." (See Exhibit A, p. 2-3) In regard to Greenwood's claim that the trial court sentenced him beyond the maximum under the Habitual Felony Offender Act because he had only one previous conviction, the trial court found no merit to this claim because Greenwood had two prior felony convictions. (See

Exhibit A, p. 3)  In regard to Greenwood's claim of newly discovered evidence, the trial court found that the alleged evidence was not newly discovered because the affidavit of co-defendant Jamar Brown averred that he had spoken to Greenwood's trial counsel and that he was aware of this information before the trial.  (See Exhibit A, p. 3-4)  The trial court did not address the claims of ineffective assistance of trial counsel that were raised in the amended Rule 32 petition.  (See Exhibit A)

8.  On appeal from the dismissal of his first Rule 32 petition, Greenwood claimed that the trial court erred in dismissing his petition without an evidentiary hearing; that the trial court erred in denying his claim of newly discovered evidence; that his trial counsel was ineffective for failing to subpoena "Serillo" and the three children Greenwood was allegedly babysitting on the night of the robbery; and, that his trial counsel was ineffective for objecting to jury instructions.  (See Exhibit F)  The Alabama Court of Criminal Appeals found that the trial court acted properly in dismissing the petition without an evidentiary hearing because petitioners are not entitled to evidentiary hearings when the petition fails to state a claim upon which relief could be granted.  (See Exhibit F, p. 2-3)  The Alabama Court of Criminal Appeals found that Greenwood's claim of newly discovered evidence was without merit because Greenwood was aware of these facts at the time of trial and that this could have been raised in a motion for

new trial. (See Exhibit F, p. 3-4) The Alabama Court of Criminal Appeals found that Greenwood's claims of ineffective assistance of appellate counsel would not be considered on appeal because they were raised for the first time on appeal. (See Exhibit F, p. 5) The Alabama Court of Criminal Appeals found that Greenwood's claims that trial counsel was ineffective for failure to subpoena witnesses was without merit because Greenwood did not show that his trial counsel could have located Serillo or that Serillo would have testified favorably at trial, and because there was no evidence that the three children would have testified favorably or that the cumulative testimony of the children would have changed the result of the trial. (See Exhibit F, p. 4-5) The Alabama Court of Criminal Appeals also found that Greenwood failed to provide legal authority for his claim that his trial counsel was ineffective for failing to object to the jury instructions. (See Exhibit F, p. 5-6) Thus, on August 13, 2004, the Alabama Court of Criminal Appeals affirmed the Montgomery County Circuit Court's dismissal of Greenwood's first Rule 32 petition in <u>Kourtney Sovern Greenwood v. State</u>, (No. CR-03-0633) ___ So. 2d ___ (Ala. Crim. App. 2004)(table). (See Exhibit F)

9. On August 27, 2004, the Alabama Court of Criminal Appeals overruled Greenwood's application for rehearing. (See Exhibit G) On October 15, 2004, the Alabama Supreme Court denied Greenwood's petition for writ of certiorari. (See

Exhibit H)  Accordingly, the Alabama Court of Criminal Appeals issued a

certificate of judgment on the matter on October 18, 2004.  (See Exhibit I)

10.  On November 8, 2004, Greenwood filed a second Rule 32 petition for

postconviction relief in the Montgomery County Circuit Court.  (See Exhibit J)  In

this petition, Greenwood alleged some of the same issues raised in his first Rule 32

petition:  (1) There was newly discovered evidence that the State intimidated Jamar

Brown into refusing to testify on Greenwood's behalf and that Brown was now

willing to testify; and, (2) his trial counsel was ineffective for failing to subpoena

Serillo to testify so that he could refute the testimony of victim/witness Larry

Copeland.  (See Exhibit J)  Greenwood also attached a copy of the same affidavit

from Jamar Brown that he attached to his first Rule 32 petition.  (See Exhibit J)

11.  On November 18, 2004, the trial court denied Greenwood's second Rule

32 petition on the following grounds:  (1) Greenwood failed to allege actual newly

discovered evidence under Alabama Rule of Criminal Procedure 32.1(e) and, thus,

a new trial was not required; (2) Greenwood's claim regarding the denial of his

right to use compulsory process to compel the presence of witnesses could have

been asserted in his previous petition; and, (3) the issue of whether his trial counsel

was ineffective for not subpoenaing "Serillo" was asserted in an earlier petition

and that this was not ineffective assistance of counsel but, rather, a tactical decision

by trial counsel.  (See Exhibit K)

12.  The Alabama Court of Criminal Appeals affirmed the Montgomery County Circuit Court's summary dismissal of Greenwood's second Rule 32 petition in <u>Kourtney Sovern Greenwood v. State</u>, No. CR-04-0334, ___ So. 2d ___ (Ala. Crim. App. 2005)(table).  (See Exhibit L)  In doing so, the Alabama Court of Criminal Appeals found that Greenwood's claims of newly discovered evidence and ineffective assistance of trial counsel had been raised in his first Rule 32 petition; that the newly discovered evidence claim was without merit; that the ineffective assistance of trial counsel claims were insufficiently pleaded; that the petition was precluded as successive; that the ineffective assistance of counsel claims were time-barred under Alabama Rule of Evidence Rule 32.2(c); and, that summary disposition was appropriate.  (See Exhibit L)  On March 11, 2005, the Alabama Court of Criminal Appeals overruled Greenwood's application for rehearing.  (See Exhibit M)  On May 13, 2005, the Alabama Supreme Court denied Greenwood's petition for writ of certiorari.  (See Exhibit N)  Accordingly, the Alabama Court of Criminal Appeals issued a certificate of judgment on May 13, 2005.  (See Exhibit O)

13.  Greenwood filed the instant federal petition for writ of habeas corpus on July 22, 2005, and this action follows.

## EXHAUSTION

14. Greenwood has exhausted his state court remedies as to his claims of ineffective assistance of counsel for failure to subpoena Serillo and failure to have an evidentiary hearing on his claim that his trial counsel was ineffective for failing to subpoena Serillo because Greenwood raised these issues in his first Rule 32 petition and in his appeal to the Alabama Court of Criminal Appeals from the dismissal of that petition. See Kourtney Sovern Greenwood v. State, (No. CR-03-0633) ___ So. 2d ___ (Ala. Crim. App. 2004)(table). "Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisioners' federal rights.'" See Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998), quoting Duncan v. Henry, 513 U.S. 364, 365 (1995). Accordingly, Greenwood has exhausted his state remedies in regard to these issues contained in Claims C and D because he did raise them in his first Rule 32 petition and on appeal from the denial of that petition.

15. Greenwood has not exhausted his remedies in state court regarding his claim that newly discovered material facts require that his conviction or sentence be vacated by this Court because the State violated his right to compulsory process when it corruptly persuaded a key witness, co-defendant Jamar Brown, not to testify, in violation of the Sixth and Fourteenth Amendments to the United States

10

Constitution. Although Greenwood raised the underlying claim of newly discovered evidence as a state court claim, Greenwood did not seek direct appeal or collateral review of these issues as a federal compulsory process claim under the Sixth and Fourteenth Amendments. In <u>Duncan v. Henry</u>, 513 U.S. at 365, the United States Supreme Court stated that a petitioner had not exhausted his state court remedies when he "did not apprise the state court of his claim that the evidentiary ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment." See <u>Snowden v. Singletary</u>, 135 F.3d at 736. Therefore, Greenwood did not exhaust his state remedies regarding Issue A; thus, this issue is due to be dismissed because it is not properly before this Court.

16. Greenwood has not exhausted his remedies in state court regarding his claims that he had ineffective assistance of counsel in his Rule 32 post-conviction proceedings, that he received ineffective assistance of trial counsel when his trial counsel failed to subpoena Jamar Brown, and that he received ineffective assistance of trial counsel for failure to investigate the victim's previous trial testimony at his first trial that ended in mistrial. Rather, this petition is the first time in which Greenwood has raised these issues. Therefore, Greenwood did not exhaust his state remedies regarding Issues B, E, and F; thus, these issues are due to be dismissed because they are not properly before this Court.

## STATUTE OF LIMITATIONS

17. Greenwood's petition for writ of habeas corpus was appropriately filed within the one-year period of limitation as provided by Title 28 U.S.C. §2244(d)(1):

> A 1-year period of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date of which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

18. Greenwood's conviction was affirmed by the Alabama Court of Criminal Appeals, and a certificate of judgment was issued on August 15, 2003. (See Exhibit C) Thus, the statute of limitation for Greenwood to file a federal habeas corpus petition would expire on August 15, 2004, if no event interrupted the tolling of the limitation period. Greenwood filed his first Rule 32 petition on September 15, 2003 -- just one month after his conviction was affirmed on appeal. (See Exhibit E) The denial of this first Rule 32 petition was affirmed on appeal, and a certificate of judgment was issued on October 18, 2004. Greenwood then had eleven months from that date to file a petition for writ of habeas corpus, and Greenwood filed his petition on July 22, 2005. Therefore, Greenwood's petition for writ of habeas corpus was appropriately filed within the time limitation period provided by Title 28 U.S.C. §2244(d)(1).

## MEMORANDUM BRIEF

**A.**     **Claim A of Greenwood's petition is due to be dismissed because the State courts' findings are due deference.**

19. Greenwood claims that newly discovered material facts require that his conviction or sentence be vacated by this Court because the State allegedly violated his right to compulsory process when it corruptly persuaded a key witness, co-defendant Jamar Brown, not to testify, in violation of the Sixth and Fourteenth Amendments to the United States Constitution. Although Greenwood raised the underlying claim of newly discovered evidence as a state court claim, Greenwood did not seek direct appeal or collateral review of these issues as violations of his federal right to compulsory process under the Sixth and Fourteenth Amendments. In Duncan v. Henry, 513 U.S. at 365, the United States Supreme Court stated that a petitioner had not exhausted his state court remedies when they "did not apprise the state court of his claim that the evidentiary ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment." See Snowden v. Singletary, 135 F.3d at 736. Exhaustion of state court remedies is necessary to prevent disruption of the judicial system:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91 (1973). Under our federal system, the federal and state "courts [are] equally bound to

13

guard and protect rights secured by the Constitution." Ex parte
Royall, 117 U.S. 241, 251 (1886). Because "it would be unseemly in
our dual system of government for a federal district court to upset a
state court conviction without an opportunity to the state courts to
correct a constitutional violation," federal courts apply the doctrine of
comity, which "teaches that one court should defer action on causes
properly within its jurisdiction until the court of another sovereignty
with concurrent powers, and already cognizant of the litigation, have
had an opportunity to pass upon the matter." Darr v. Burford, 339
U.S. 200, 204 (1950).

See Rose v. Lundy, 455 U.S. 509, 518 (1982); See also Thompson v. Wainwright,

714 F.2d 1495, 1503-1504 (11th Cir. 1983). Thus, Greenwood did not exhaust his

state remedies regarding Claim A, and the issue is not properly presented for

federal review.

20. Even so, Greenwood raised the underlying issue of newly discovered

evidence to the trial court in his first and second Rule 32 petitions for state post-

conviction relief and to the Alabama Court of Criminal Appeals on appeal from the

denial of his Rule 32 petitions, and this issue was adjudicated on the merits when

the Alabama Court of Criminal Appeals found the following:

> The appellant contends that the trial court erred in failing to
> vacate his conviction, based upon his claim of newly discovered
> evidence. He argues that the testimony of Jamar Brown was "newly
> discovered" because Brown refused to testify at Greenwood's trial;
> that Brown's testimony was not cumulative because there was no
> other eyewitness who would testify that Greenwood was not the
> accomplice; and that the result probably would have been different if
> Brown's testimony had been available because only one witness
> testified to Greenwood's guilt. He also argues that Brown's affidavit
> provided newly discovered evidence of "prosecutorial misconduct in
> intimidating a key witness."

14

The appellant filed as an exhibit an affidavit executed by Jamar Brown on March 18, 2003, in which Brown stated that he did not know Greenwood and that Greenwood was not with him at the time of the robbery. Brown said that he gave this information about Greenwood to the prosecutor on November 21, 2002; that she told him they had a case on Greenwood if he [Brown] did not testify; and that she would see about getting him [Brown] a split sentence or probation if he would "work with" her. Brown said that he was called to court on December 11, 2002, the day before he was sentenced, and he repeated the information about Greenwood to the prosecutor, a "white guy," and Greenwood's counsel. He also said that he told them he was not willing to testify at Greenwood's trial. Brown said that he executed the affidavit because he subsequently learned that Greenwood had been convicted of robbery.

In order to prevail on a claim of newly discovered evidence, a petitioner must show: (1) The facts were not known by the petition or his counsel at the time of trial or sentencing or in time to file a Rule 24 motion or include them in a previous collateral proceeding, and they could not have been discovered by the exercise of reasonable diligence; (2) the facts are not merely cumulative; (3) the facts do not merely amount to impeachment evidence; (4) if the facts had been known at trial or sentencing, the result probably would have been different; and (5) the facts establish that the petitioner is innocent or should not have received the sentence he received. Rule 32.1(e), Ala. R. Crim. P. Here, the appellant admits that he was aware of Brown's claims at the time of trial, but he argues that this evidence was "newly available" to him because Brown refused to testify before he [Brown] was sentenced and the two of them were incarcerated in separate facilities after that time.

The appellant had not proven his claim by a preponderance of the evidence, as required by Rule 32.3, Ala. R. Crim. P. Jamar Brown was sentenced on December 12, 2002. There is no evidence that Brown was unwilling to execute an affidavit as soon as his sentence was pronounced, as his testimony would have cost him nothing after that time. The appellant has not shown that he could not have obtained Brown's affidavit in time to file a motion under Rule 24, Ala. R. Crim. P.

It is not unusual for a codefendant to seek to exculpate his accomplice and, when such testimony would cost him nothing, it should be "carefully scrutinized." Marks v. State, 575 So. 2d 611,

15

617 (Ala. Crim. App. 1990). Unless the evidence against the appellant is ambiguous or weak, the trial court does not abuse its discretion by finding that a codefendant's post-conviction willingness to testify does not warrant a new trial. Id. Here, the victim positively identified the appellant as Jamar Brown's accomplice, and Brown's statements regarding Greenwood and the robbery were merely cumulative to Greenwood's own testimony at trial. The jury found Greenwood's claims unconvincing, and it is unlikely that Brown's testimony would have changed the result of the trial.

See Kourtney Sovern Greenwood v. State of Alabama, CR-03-0633, (Ala. Crim. App. 2004)(Mem. Op.). (Exhibit F, p. 3-4)

21.    According to Title 28 U.S.C. §2254(d)(1) and (2), the judgment and factual findings of the Alabama Court of Criminal Appeals are entitled to deference by this Court:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

See Williams v. Taylor, 529 U.S. 362, 402-403 (2000). "Under 28 U.S.C. §2254(d)(1), 'we can only reverse the district court if we conclude that the state court's decision was contrary to, or involved an objectively unreasonable

application of, the governing Federal law set forth by the Supreme Court cases. If we cannot so conclude, we must affirm." See Harrell v. Butterworth, 251 F.3d 926, 930 (11th Cir. 2001), quoting McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

22. Under Title 28 U.S.C. §2254(d)(1) and (2), the judgment and factual findings of the Alabama Court of Criminal Appeals regarding Greenwood's claim are due deference by this Court. The Alabama Court of Criminal Appeals adjudication of this claim is not contrary to, or an unreasonable application of, clearly established federal law. Furthermore, the Alabama Court of Criminal Appeals's factual findings were not unreasonable in the light of the evidence presented before it. Thus, this Court should uphold the adjudication by the Alabama Court of Criminal Appeals in regard to this issue because its holding was not contrary to federal law, nor an unreasonable finding of fact.

23. Accordingly, Claim A in Greenwood's petition is due to be dismissed by this Court because the claim is procedurally defaulted for being raised for the first time in this petition, and the state court's denial of the underlying claim is due deference.

**B.    Claim B of Greenwood's petition is procedurally defaulted from federal habeas review because Greenwood did not exhaust his state court remedies.**

24.  Greenwood claims that he received ineffective assistance of counsel in his first two post-conviction petitions in regard to the way his newly discovered evidence claim was raised in the state courts and that this resulted in the claim not being addressed on the merits.  Further, Greenwood requests this Court to address this claim on the merits.  Greenwood's claim that he received ineffective assistance on post-conviction due to his newly discovered evidence claim not being addressed on the merits is clearly without merit because, as discussed above in Paragraph 20, the issue was addressed on the merits by the Alabama state courts.

25.  This claim is also procedurally defaulted from federal relief because Greenwood is raising this issue for the first time in this federal habeas petition and, thus, did not raise this issue first in the Alabama state courts.  Title 28 U.S.C. § 2254(b)(1)(A) states that a petition must have exhausted all remedies available in the state courts before relief can be granted in a federal habeas corpus petition. Absent a showing of cause and prejudice, or a fundamental miscarriage of justice, this Court is barred from reviewing the claims raised in this petition because they are procedurally defaulted.  See Wainwright v. Sykes, 433 U.S. 72 (1977); Engle v. Isaac, 456 U.S. 107 (1982); Coleman v. Thompson, 501 U.S. 722, 730 (1991); Pitts v. Cook, 923 F.2d 1568, 1571 (11th Cir. 1991).  "To show cause sufficient to

excuse a procedural default, a petitioner ordinarily must establish that some objective factor external to the defense impeded his counsel's efforts to raise the claim." See Pitts v. Cook, 923 F.2d at 1571, citing Murray v. Carrier, 477 U.S. 478 (1986)). The cause and prejudice test also applies to pro se litigants. See Alexander v. Dugger, 841 F.2d 371, 374, n. 3 (11th Cir. 1988); Schlup v. Delo, 513 U.S. 298, 314-317 (1995)(miscarriage of justice exception requires new evidence of innocence, plus a constitutional violation).

26. Greenwood has shown neither cause nor prejudice, or a miscarriage of justice. The standing for proving these are high; thus, "[t]he burden of justifying federal habeas relief for state prisoners is greater than the showing required to establish plain error on direct appeal." See Engle v. Isaac, 456 U.S. 107, 135 (1982). Therefore, this Court should decline to review Greenwood's claim of ineffective assistance of counsel for federal habeas corpus relief. See Coleman v. Thompson, 501 U.S. 722, 730 (1991)(state prisoner who had defaulted his federal claims in state court pursuant to independent and adequate state procedural rules is barred from review in federal habeas corpus unless the petitioner can demonstrate cause and prejudice).

27. Greenwood fails to allege any cause or prejudice because the basis of the alleged ineffective assistance on post-conviction – that his claim of newly discovered evidence was not properly raised and, thus, not addressed on the merits

– is without merit because the Alabama state courts did address this issue on the merits, as discussed above in Paragraph 20. See Kourtney Sovern Greenwood v. State of Alabama, CR-03-0633, (Ala. Crim. App. 2004)(Mem. Op.). (Exhibit F, p. 3-4) Further, the Alabama state courts deem state post-conviction proceedings as "civil in nature" and not as a critical stage of prosecution; thus, the Alabama Courts have found that there is no right to counsel on state post-conviction proceedings. See Hamm v. State, CR-99-0654, 2002 WL 126990, at *7 (Ala. Crim. App. Feb. 1, 2002). Thus, there can be no prejudice due to any alleged ineffective assistance on state post-conviction proceedings because there is no right to counsel on state post-conviction proceedings.

28. Accordingly, the claim Greenwood raises in Claim B is due to be dismissed because the claim is procedurally defaulted because it was not properly raised in state court, and it is wholly without merit.

**C.     Claim C in Greenwood's petition is due to be dismissed because he fails to properly allege how "cause and prejudice" or a "miscarriage of justice" would result from giving the state court's findings on this issue the due deference to which it is entitled.**

29.     In Claim C of his federal habeas petition, Greenwood argues that the United States Constitution requires a new trial, a new sentence proceeding, or other relief, because he received ineffective assistance of trial counsel when his trial counsel failed to subpoena a key witness, "Serillo," which violated his right to

confront witnesses in violation of the Sixth and Fourteenth Amendments to the

United States Constitution. Greenwood raised this claim in his first amended Rule

32 petition, and the Alabama Court of Criminal Appeals made the following

finding regarding this claim:

> The appellant's third contention is that his trial counsel was
> constitutionally ineffective on two grounds: (1) He failed to subpoena
> a key witness, "Serillo," and the appellant's three children to testify at
> trial; and (2) he failed to object to the trial court's "improper" jury
> instructions. Greenwood contends on appeal that his appellate
> counsel was ineffective on the same two grounds. However, this
> contention cannot be considered because Greenwood did not include
> it in his petition to the trial court. This court will not consider an
> argument that is raised for the first time on appeal. Eastland v. State,
> 677 So. 2d 1275 (Ala. Crim. App. 1996).
>
> Strickland v. Washington, 466 U.S. 668 (1984), requires an
> ineffective assistance claimant to show that the performance of his
> counsel was deficient and that the deficiency prejudiced the defense.
> The appellant's first claim is insufficient because he did not show that
> his counsel could have located Serillo [fn 2] or that Serillo would have
> testified favorably at the trial. He also offered no eficence that his
> children would have testified that he was babysitting at the time of the
> offense. Victim Larry Copeland, Jr., clearly identified Greenwood as
> the accomplice, and the jury rejected Greenwood's claim that he was
> babysitting when the robbery occurred. It is doubtful that cumulative
> testimony from child witnesses would have changed the result of the
> trial.
>
> ...
>
> Because Greenwood did not comply with this requirement, he
> has not shown either a deficient performance by his counsel or
> resultant prejudice to the defense. Strickland v. Washington, supra.

See Kourtney Sovern Greenwood v. State of Alabama, CR-03-0633, (Ala. Crim.

App. 2004)(Mem. Op.). (Exhibit F, p. 4-6)

30.  According to Title 28 U.S.C. §2254(d)(1) and (2), the judgment and

factual findings of the Alabama Court of Criminal Appeals are entitled to

deference by this Court:

> (d)  An application for writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication claim
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in
> > the State court proceeding.

See Williams v. Taylor, 529 U.S. 362, 402-403 (2000).  "Under 28 U.S.C.

§2254(d)(1), 'we can only reverse the district court if we conclude that the state

court's decision was contrary to, or involved an objectively unreasonable

application of, the governing Federal law set forth by the Supreme Court cases.  If

we cannot so conclude, we must affirm."  See Harrell v. Butterworth, 251 F.3d

926, 930 (11th Cir. 2001), quoting McIntyre v. Williams, 216 F.3d 1254, 1257

(11th Cir. 2000).

31.  Under Title 28 U.S.C. §2254(d)(1) and (2), the judgment and factual

findings of the Alabama Court of Criminal Appeals regarding Greenwood's claim

are due deference by this Court.  The Alabama Court of Criminal Appeals

adjudication of this claim is not contrary to, or an unreasonable application of,

22

clearly established federal law. Furthermore, the findings of the Alabama Court of Criminal Appeals were not unreasonable in the light of the evidence presented before it. Thus, this Court should uphold the adjudication by the Alabama Court of Criminal Appeals in regard to this issue because its holding was not contrary to federal law, nor an unreasonable finding of fact. Accordingly, the claim Greenwood raises in Claim C is due to be dismissed because the state court's findings on this claim are due deference.

**D.    Claim D in Greenwood's petition is due to be dismissed because he fails to properly allege a federal law issue.**

32. In Claim D of his federal habeas petition, Greenwood claims that he was entitled to an evidentiary hearing on the issue of whether he received ineffective assistance of trial counsel when his trial counsel failed to subpoena a key witness, "Serillo." After the trial court summarily dismissed Greenwood's claim of ineffective assistance of trial counsel, Greenwood argued on appeal to the Alabama Court of Criminal Appeals that the trial court erred in dismissing this petition without an evidentiary hearing:

> The appellant first contends that the trial court erred in denying his petition without conducting an evidentiary hearing. Whether to conduct an evidentiary hearing or render a judgment on the pleadings is a matter within the judgment of the trial court. Perry v. State, 565 So. 2d 691 (Ala. Crim. App. 1990). The court may summarily dispose of a petition if the petition fails to state a claim or if no material issue of fact or law exists which would entitle the petitioner to relief. Rule 32.7(d), Ala. R. Crim. P.

23

An evidentiary hearing was not required in the present case because Greenwood failed to state a claim that would entitle him to relief. The specific insufficiencies of his claims are set out in Parts II and III of this opinion. Greenwood also argues that the trial court did not address his claims of ineffective assistance in its order of dismissal. However, specific findings of fact were not required because an evidentiary hearing was not conducted. See Rule 32.9(d), Ala. R. Crim. P. The appellant has not offered any evidence that all of his claims were not properly considered by the circuit court.

See Kourtney Sovern Greenwood v. State of Alabama, CR-03-0633, (Ala. Crim.

App. 2004)(Mem. Op.).  (Exhibit F, p. 2-3)

33.  According to Title 28 U.S.C. § 2254(a), federal habeas relief is only

available to violations of federal law, and "[a] state's interpretation of its own laws

or rules provides no basis for federal habeas corpus relief, since no question of a

constitutional nature is involved."  See McCullough v. Singletary, 967 F.2d 530,

535 (11th Cir. 1992); see also Agan v. Vaughn, 119 F.2d 1538, 1549 (11th Cir.

1997)("That argument flies in the face of the fundamental principle that state

courts are the final arbiters of state law, and federal habeas courts should not

second-guess them on such matters.").  Further, the United States Supreme Court

reemphasized that federal habeas relief does not extend to state law issues:

We have stated many times that "federal habeas corpus relief does not lie for errors of state law." Lewis v. Jeffers, 497 U.S. 764, 110 S.Ct. 3092, 3102, 111 L.Ed.2d 606 (1990); see also Pulley v. Harris, 465 U.S. 37, 41, 104 S.Ct. 871, 874-75, 79 L.Ed.2d 29 (1984). Today, we reemphasize that it is not the province of the court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding

whether a conviction violated the Constitution, laws, or treaties of the
United States.

See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991).

34.  As discussed above in Paragraph 27, the Alabama state courts
deem state post-conviction proceedings as "civil in nature" and not as a
critical stage of prosecution.  See Hamm v. State, CR-99-0654, 2002 WL
126990, at *7 (Ala. Crim. App. Feb. 1, 2002).  Because state post-conviction
relief is a state law matter and because Greenwood only disputes that the
trial court erred in denying him an evidentiary hearing under that state law,
Greenwood is not entitled to federal habeas relief on this issue because he
fails to raise a federal law issue.

35.  Even so, according to Title 28 U.S.C. §2254(d)(1) and (2), the judgment
and factual findings of the Alabama Court of Criminal Appeals are entitled to
deference by this Court:

> (d)  An application for writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication claim
>
> > (1) resulted in a decision that was contrary to, or involved an
> > unreasonable application of, clearly established Federal law, as
> > determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable
> > determination of the facts in light of the evidence presented in
> > the State court proceeding.

25

See Williams v. Taylor, 529 U.S. 362, 402-403 (2000). "Under 28 U.S.C. §2254(d)(1), 'we can only reverse the district court if we conclude that the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by the Supreme Court cases. If we cannot so conclude, we must affirm." See Harrell v. Butterworth, 251 F.3d 926, 930 (11th Cir. 2001), quoting McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

36. Under Title 28 U.S.C. §2254(d)(1) and (2), the judgment and factual findings of the Alabama Court of Criminal Appeals regarding Greenwood's claim are due deference by this Court. The Alabama Court of Criminal Appeals adjudication of this claim is not contrary to, or an unreasonable application of, clearly established federal law. Furthermore, the Alabama Court of Criminal Appeals's factual findings were not unreasonable in the light of the evidence presented before it. Thus, this Court should uphold the adjudication by the Alabama Court of Criminal Appeals in regard to this issue because its holding was not contrary to federal law, nor an unreasonable finding of fact. Accordingly, the claim Greenwood raises in Claim D is due to be dismissed because the state court's findings on this claim are due deference.

**E.    Claim E of Greenwood's petition is due to be dismissed as procedurally defaulted because he did not raise this issue in the state courts.**

37.  Greenwood claims that he received ineffective assistance of trial counsel when his trial counsel failed to subpoena Jamar Brown to testify at his trial.  This claim is also procedurally defaulted from federal relief because Greenwood never raised it in the Alabama state courts, and Greenwood admitted this in Page 12 of the memorandum brief in support of his petition.  Because it was not properly raised in the trial court, the claim is not exhausted and, thus, preserved for federal review.

38.  Title 28 U.S.C. § 2254(b)(1)(A) states that a petition must have exhausted all remedies available in the state courts before relief can be granted in a federal habeas corpus petition.  As discussed previously in Paragraph 19, exhaustion of state court remedies is necessary to prevent disruption of the judicial system, and state courts have concurrent jurisdiction to remedy violations under the federal constitution.  See Rose v. Lundy, 455 U.S. 509, 518 (1982); See also Thompson v. Wainwright, 714 F.2d 1495, 1503-1504 (11th Cir. 1983).  Thus, because Greenwood did not exhaust his state remedies regarding Claim E, the issue is not properly preserved for federal review.

39.  Absent a showing of cause and prejudice, or a fundamental miscarriage of justice, this Court is barred from reviewing this claim because it is procedurally

defaulted. See Wainwright v. Sykes, 433 U.S. 72 (1977); Engle v. Isaac, 456 U.S.

107 (1982); Coleman v. Thompson, 501 U.S. 722, 730 (1991); Pitts v. Cook, 923

F.2d 1568, 1571 (11th Cir. 1991). "To show cause sufficient to excuse a

procedural default, a petitioner ordinarily must establish that some objective factor

external to the defense impeded his counsel's efforts to raise the claim." See Pitts

v. Cook, 923 F.2d at 1571, citing Murray v. Carrier, 477 U.S. 478 (1986). The

cause and prejudice test also applies to pro se litigants. See Alexander v. Dugger,

841 F.2d 371, 374, n. 3 (11th Cir. 1988); Schlup v. Delo, 513 U.S. 298, 314-317

(1995)(miscarriage of justice exception requires new evidence of innocence, plus a

constitutional violation).

    40.  Greenwood has shown neither cause nor prejudice, or a miscarriage of

justice. The standing for proving these are high; thus, "[t]he burden of justifying

federal habeas relief for state prisoners is greater than the showing required to

establish plain error on direct appeal." See Engle v. Isaac, 456 U.S. 107, 135

(1982). Therefore, this Court should decline to review Greenwood's claim of

ineffective assistance of counsel for federal habeas corpus relief. See Coleman v.

Thompson, 501 U.S. 722, 730 (1991)(State prisoner who had defaulted his federal

claims in state court pursuant to independent and adequate state procedural rules is

barred from review in federal habeas corpus unless the petitioner can demonstrate

cause and prejudice. Thus, this claim is due to be dismissed because it is procedurally defaulted.

**F. Claim F of Greenwood's petition is due to be dismissed as procedurally defaulted because he did not raise this issue in the state courts.**

41. Greenwood claims that he received ineffective assistance of trial counsel because his trial counsel did not properly investigate the substance of victim Larry Copeland's testimony by obtaining a copy of his testimony at the first trial, which ended in a mistrial. This claim is also procedurally defaulted from federal relief because Greenwood never raised it in the Alabama state courts; Greenwood admitted this in Page 12 of the memorandum brief in support of his petition. Because it was not properly raised in the trial court, the claim is not exhausted and, thus, preserved for federal review.

42. Title 28 U.S.C. § 2254(b)(1)(A) states that a petitioner must have exhausted all remedies available in the state courts before relief can be granted in a federal habeas corpus petition. As discussed previously in Paragraph 19, exhaustion of state court remedies is necessary to prevent disruption of the judicial system, and state courts have concurrent jurisdiction to remedy violations under the federal constitution. See Rose v. Lundy, 455 U.S. 509, 518 (1982); See also Thompson v. Wainwright, 714 F.2d 1495, 1503-1504 (11th Cir. 1983). Thus,

because Greenwood did not exhaust his state remedies regarding Claim F, the issue is not properly preserved for federal review.

43.    Absent a showing of cause and prejudice, or a fundamental miscarriage of justice, this Court is barred from reviewing this claim because it is procedurally defaulted.  See Wainwright v. Sykes, 433 U.S. 72 (1977); Engle v. Isaac, 456 U.S. 107 (1982); Coleman v. Thompson, 501 U.S. 722, 730 (1991); Pitts v. Cook, 923 F.2d 1568, 1571 (11th Cir. 1991).  "To show cause sufficient to excuse a procedural default, a petitioner ordinarily must establish that some objective factor external to the defense impeded his counsel's efforts to raise the claim."  See Pitts v. Cook, 923 F.2d at 1571 (citing Murray v. Carrier, 477 U.S. 478 (1986)).  The cause and prejudice test also applies to pro se litigants.  See Alexander v. Dugger, 841 F.2d 371, 374, n. 3 (11th Cir. 1988); Schlup v. Delo, 513 U.S. 298, 314-317 (1995)(miscarriage of justice exception requires new evidence of innocence, plus a constitutional violation).

44.    Greenwood has shown neither cause nor prejudice, or a miscarriage of justice.  The standing for proving these are high; thus, "[t]he burden of justifying federal habeas relief for state prisoners is greater than the showing required to establish plain error on direct appeal."  See Engle v. Isaac, 456 U.S. 107, 135 (1982).  Therefore, this Court should decline to review Greenwood's claim of ineffective assistance of counsel for federal habeas corpus relief.  See Coleman v.

Thompson, 501 U.S. 722, 730 (1991)(state prisoner who had defaulted his federal claims in state court pursuant to independent and adequate state procedural rules is barred from review in federal habeas corpus unless the petitioner can demonstrate cause and prejudice). Thus, this claim is due to be dismissed because it is procedurally defaulted.

## CONCLUSION

Based upon the foregoing, Greenwood's petition for writ of habeas corpus attacking his conviction for robbery in the first degree is due to be denied and dismissed with prejudice.

## EXHIBITS[1]

| | |
|---|---|
| Exhibit A – | Trial court order on January 15, 2004, dismissing Greenwood's first Rule 32 petition |
| Exhibit B - | Opinion of the Alabama Court of Criminal Appeals, affirming Greenwood's conviction for robbery in the first degree, Kourtney Sovern Greenwood v. State of Alabama, CR-02-0634, (Ala. Crim. App. 2003)(Mem. Op.). |
| Exhibit C - | Certificate of Judgment of direct appeal issued on August 15, 2003 |
| Exhibit D - | Greenwood's first Rule 32 petition |
| Exhibit E - | Greenwood's first amended Rule 32 petition |

---

[1] Due to the voluminous nature of the exhibits, they will be filed under separate cover.

31

Exhibit F -          Opinion of the Alabama Court of Criminal Appeals,
                     affirming the Montgomery County Circuit Court's denial
                     of Greenwood's first Rule 32 petition, <u>Kourtney Sovern
                     Greenwood v. State of Alabama</u>, CR-03-0633, (Ala.
                     Crim. App. 2004)(Mem. Op.).

Exhibit G -          Order of the Alabama Court of Criminal Appeals,
                     overruling Greenwood's application for rehearing in
                     <u>Kourtney Sovern Greenwood v. State of Alabama</u>, CR-
                     03-0633, (Ala. Crim. App. 2004)(Mem. Op.).

Exhibit H -          Order of the Alabama Supreme Court, denying
                     Greenwood's application for writ of certiorari in
                     <u>Kourtney Sovern Greenwood v. State of Alabama</u>, CR-
                     03-0633, (Ala. Crim. App. 2004)(Mem. Op.).

Exhibit I -          Certificate of Judgment issued by the Alabama Court of
                     Criminal Appeals on October 18, 2004, in <u>Kourtney
                     Sovern Greenwood v. State of Alabama</u>, CR-03-0633,
                     (Ala. Crim. App. 2004)(Mem. Op.).

Exhibit J -          Greenwood's second Rule 32 petition

Exhibit K -          Order of the trial court denying Greenwood's second
                     Rule 32 petition, issued on November 18, 2004

Exhibit L -          Opinion of the Alabama Court of Criminal Appeals,
                     affirming the Montgomery County Circuit Court's denial
                     of Greenwood's first Rule 32 petition, <u>Kourtney Sovern
                     Greenwood v. State of Alabama</u>, CR-03-0633, (Ala.
                     Crim. App. 2004)(Mem. Op.).

Exhibit M -          Order of the Alabama Court of Criminal Appeals,
                     overruling Greenwood's application for rehearing in
                     <u>Kourtney Sovern Greenwood v. State of Alabama</u>, CR-
                     04-0334, (Ala. Crim. App. 2005)(Mem. Op.).

Exhibit N -         Order of the Alabama Supreme Court, denying
                    Greenwood's application for writ of certiorari in
                    <u>Kourtney Sovern Greenwood v. State of Alabama</u>, CR-
                    04-0334, (Ala. Crim. App. 2005)(Mem. Op.).

Exhibit O -         Certificate of Judgment issued by the Alabama Court of
                    Criminal Appeals on May 13, 2005, in <u>Kourtney Sovern
                    Greenwood v. State of Alabama</u>, CR-04-0334, (Ala.
                    Crim. App. 2005)(Mem. Op.).


                         Respectfully submitted,

                         Troy King
                         *Attorney General*

                         Andy S. Poole
                         *Assistant Attorney General*

                         Kristi Deason Hagood
                         *Deputy Attorney General*
                         *Counsel of Record*
                         DEASK5596

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>29th</u> day of August, 2005, I served a copy of the foregoing (excluding exhibits) on the petitioner, by placing said copy in the United States Mail, first class, postage prepaid and addressed as follows:

> Kourtnee Greenwood
> AIS #179810
> Draper Correctional Facility
> P. O. Box 1107
> Elmore, Alabama  36025


Kristi Deason Hagood
*Deputy Attorney General*
DEASK5596

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
(334) 242-7408
217933/84412-001