IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KOURTNEY GREENWOOD, Petitioner, | ) ) ) |
| v. | ) ) CC 02-909.60 TMH |
| STATE OF ALABAMA, Respondent. | ) ) ) ) |

### ORDER

The Court having reviewed the Petitioner's petition for Post-Conviction Relief, filed pursuant to Rule 32 of the Alabama Rules of Criminal Procedure, and the Respondent's Answer and Motion for Summary Dismissal, makes the following findings:

The Petitioner alleges the following grounds as the basis for said petition:

1. The Court was without Jurisdiction to render the judgment or to impose the sentence.
2. The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.
3. Newly discovered material facts exist which requires that the conviction or sentence be vacated by the court.

The Petitioner fails to state a claim on which relied may be granted; and/or the petition fails to raise any material issue of fact or law which would entitle the Petitioner to relief and no purpose would be served by any further proceedings in this matter. Petitioner request for relief on all issues is **DENIED**.

Petitioner was indicted in July of 2002 for Robbery in the first degree. On December 11th, 2002, a jury in Montgomery County found Petitioner guilty of said offense. Petitioner was sentence December 30, 2003 to a life sentence after the Court noted that the state proved two prior felonies. Petitioner next filed an appeal in the Court of Criminal Appeals on or about February 6, 2003. The Court of Criminal Appeals affirmed the lower court.

RECEIVED 1-15-04

EXHIBIT A

136

1. The Court finds that it had jurisdiction to render the judgment and to impose the sentence. With respect to Petitioner's claim of lack of jurisdiction due to his arrest without probable cause the law is clear. The Alabama Court of Criminal Appeals stated in Sumlin v. State, 710 So. 2d 941 (Ala.Crim.App. 1998) that "An illegal arrest claim does not raise the jurisdiction of the court and can be barred from Rule 32 review because it could have been but was not raised at trial or on appeal." Petitioner had a trial in December of 2002 and filed an appeal in February of 2003. Petitioner failed to raise this issue in his appeal and if raised at trial it was unsuccessful. Relying on Sumlin v. State, 1998 WL 32625 (Ala.Crim.App. 1998) Petitioners request for relief on this issue is due to be **DENIED.**

With respect to the Courts jurisdiction the Petitioner raises one other issue. Petitioner argues that the indictment fails to allege the elements of Robbery in the first degree. In support of this allegation the Petitioner states that in order to have a proper indictment for Robbery in the first degree the indictment must state that the victim suffered serious physical injury.

In Shoulders v. State, 703 So.2d 1015, 1018 (Ala. Crim. App. 1997) the Court explains that this is not a valid jurisdictional question by stating "A claim by the petitioner that he was charged with the wrong crime and that the court was, therefore, without jurisdiction to render a judgment or pronounce sentence was really a challenge to the sufficiency of the evidence and was barred."

Even if this claim was a valid jurisdictional question it is without merit. The law in Alabama does not require the defendant to cause serious physical injury to the victim in order to be guilty of Robbery in the first degree. Johnson v. State, 473 So. 2d 607 (Ala. Crim. App. 1985) state that a defendant commits Robbery in the first degree if "in the course of committing a theft he...uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance," and he "is armed with a deadly weapon or dangerous instrument" or "causes serious physical injury to another." It is not necessary for the defendant to cause serious physical injury to

AUG 26 2005 08:37 FR ATTY GEN ADMIN DIV    334 242 2848 TO 813186767144    P.14/15
Case 2:05-cv-00733-MHT-WC   Document 15-2   Filed 09/09/2005   Page 3 of 4

137

be found guilty of Robbery in the first degree. Petitioners request for relief on this issue is due to be **DENIED**.

2. Next the Petitioner argues that the sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law. Petitioner argues that he was only subject to one prior for the purposes of the Habitual Offender Act, and that the Court erred in allowing the state to present two (2) priors.

These claims amount to nothing more than bare allegations, unsupported by any facts or argument; thus, Petitioner has failed to meet his burden of pleading under Rule 32.3 of the Alabama Rules of Criminal Procedure, and the specificity requirements of Rule 32.6 of the Alabama Rules of Criminal Procedure.

Petitioner did have two (2) prior felony convictions for the purposes of the Habitual Felony Act when he committed the Robbery in question. In October of 1994 Petitioner plead guilty to Robbery in the first degree and was sentenced to 15 years in the penitentiary. In August of 1999 Petitioner plead guilty to the charge of Possession of Marijuana in the first degree and was sentenced under the Habitual Felony Act to 10 years split to serve 3 years reverse split postponed 1 year. Clearly the Petitioner had two prior felonies on his record when he committed the Robbery in question in April of 2002. Petitioners request for relief on these issues are due to be **DENIED**.

3. Petitioners final issue is that newly discovered material facts exist which requires that the conviction or sentence be vacated by the court. The Petitioner attached a copy of what he claims is a hand written affidavit from the Co-Defendant (Jamar Brown) in this case. Petitioner claims that these are new facts that exist that he was unaware of at the time of trial.

In order for the Petitioner to meet the definition of "newly discovered evidence" under subsection 32.1 (e), a petitioner must plead and establish five things:

1. That the facts relied on were not known by petitioner or his counsel at the time of trial, at the time of sentencing, in time to file a new trial motion, or in time to be included in a prior

138

       collateral proceeding and they could not have been discovered by any of those times through the exercise of reasonable diligence;

2.   The facts are not merely cumulative of facts known to the petitioner or his counsel;

3.   The facts do not merely amount to impeachment evidence;

4.   If the facts had been known at the time of trial or sentencing, the outcome of the proceeding would have been different; and

5.   The facts establish that the petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he received.

      Petitioner fails to meet the burden placed upon him by Rule 32.1(e) to sustain his argument. Obviously, if the Petitioner was in fact innocent of the robbery, then he knew he did not participate in the robbery with Brown. At the time of trial the Petitioner and his attorney were aware of the Co-Defendant Jamar Brown and could have called him as a witness. Mr. Brown's Affidavit establishes that his story if he would have testified at trial would have been the same then as it is today. Hence, there is no new evidence. Mr. Brown in his affidavit avers that he spoke with Petitioners attorney, Wiley Hartley, before Petitioners trial and told Mr. Hartley exactly what is now contained in Mr. Brown's affidavit. These facts were known at the time of Petitioners trial and as such are not newly discovered facts. Petitioners request for relief on this issue is due to be **DENIED**.

      Wherefore, it is hereby ORDERED that the Petitioner's Rule 32 Petition is **DENIED**.

      Done this the 13th day of January, 2004

                                            TRUMAN M. HOBBS, JR.
                                            CIRCUIT JUDGE

cc:   Ben Schoettker
      Kourtney Greenwood