113

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY – ALABAMA

KOURTNEE GREENWOOD,
PETITIONER,

VS.

STATE OF ALABAMA,
RESPONDENT.

CASE # CC-02-909.60

*DEC 2003 FILED Melissa Rittenour Circuit Clerk*

## AMENDMENT TO RULE 32, A.R.Cr.P. PETITION

Comes your Petitioner, Kourtney Greenwood, in the above styled cause and moves this Court to allow him to amend his previously filed Rule 32, A.R.Cr.P., Petition pursuant to Rule 32.7(b).

Greenwood submits the additional following claim:

## I. THE CONSTITUTION OF THE UNITED STATES OR OF THE STATE OF ALABAMA REQUIRES A NEW TRIAL, A NEW SENTENCE PROCEEDING, OR OTHER RELIEF BECAUSE:

### DENIAL OF ASSISTANCE OF COUNSEL AS GUARANTEED BY THE 6TH AMENDMENT OF THE UNITED STATES' CONSTITUTION:

EXHIBIT E

(1.) <u>DEFENSE COUNSEL FAILED TO SUBPOENA A MATERIAL WITNESS AND THUS VIOLATED PETITIONER'S 6TH AMENDMENT RIGHT TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM AND TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR.</u>

THE STANDARD FOR CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL WAS SET OUT IN <u>STRICKLAND V. WASHINGTON</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); A CLAIMANT MUST SHOW 1.) DEFICIENT PERFORMANCE OF COUNSEL, AND 2.) ABSENT SAID ERRORS THERE MUST BE A REASONABLE PROBABILITY OF DIFFERENT RESULTS.

ONLY ONE WITNESS IDENTIFIED GREENWOOD AS THE ROBBERY SUSPECT, THAT WAS LARRY COPELAND. HOWEVER, COPELAND'S TESTIMONY SHOWED THERE WAS ANOTHER PERSON, ANOTHER VICTIM TO THE ALLEGED OFFENSE. COPELAND TESTIFIED THAT HE WAS WITH A 13 YEAR OLD BOY NAMED SERILLO, AND IN FACT SERILLO WAS HELD BY GREENWOOD DURING THE ROBBERY. (R 67, L 18-24).

WHEN ASKED HOW LONG HE HAD KNOWN SERILLO, COPELAND SAID "8 OR 9 YEARS." HOWEVER, COPELAND ALSO SAID HE DID NOT KNOW SERILLO'S LAST NAME. (R 68, L 1-12); EVEN THOUGH SERILLO LIVES RIGHT DOWN THE STREET AND IS THE SON OF A FEMALE

FRIEND OF COPELAND. (R71, L16-23).

THE DETECTIVE WHO RESPONDED TO COPELAND'S PHONE CALL AFTER THE ALLEGED ROBBERY STATED COPELAND DID NOT GIVE HIM SERRILO'S NAME (R87, L17-19), EVEN THOUGH ADMITTING, AS A SECOND VICTIM TO THE ROBBERY, SERILLO WOULD BE A VERY IMPORTANT MATERIAL WITNESS. (R87, L20-R88, L1).

THE FACT THAT SERILLO WAS NOT SUBPOENAED BY THE STATE RAISED A RED FLAG WITH DEFENSE COUNSEL. COUNSEL QUESTIONED THE DETECTIVE WHO SAID, OTHER THAN COPELAND'S TESTIMONY, THERE WAS NO EVIDENCE TO IMPLEMENT GREENWOOD IN THE CRIME. (R90, L9-12).

DEFENSE COUNSEL WAS AWARE OF THE EXISTENCE OF A SECOND VICTIM, TWO MONTHS PRIOR TO TRIAL, AT GREENWOODS FIRST TRIAL, WHEN COPELAND TESTIFIED. (R55, L5-16 / R61, L8-13). COUNSEL SHOULD HAVE EXERCISED DILIGENCE AND SUBPOENAED SERILLO FOR TRIAL. SERILLO WAS THE ONLY OTHER EYE-WITNESS TO THE TRIAL, AND IN FACT GOT A BETTER LOOK AT THE SUSPECT THAN DID COPELAND.

COUNSEL SHOULD HAVE REALIZED AND ACTED UPON HIS INSTINCTS. COPELAND TESTIFIED HE HAD KNOWN SERILLO 8 OR 9 YEARS, KNEW SERILLO'S

MOTHER, BUT DIDN'T KNOW HIS LAST NAME. COPELAND ALSO WITHELD SERILLO'S IDENTITY FROM THE POLICE.

DEFENSE PRESENTED PLENTY OF EVIDENCE TO SHOW GREENWOOD WAS NOT THE ROBBER. COPELAND TESTIFIED THE OFFENDER HAD "TWISTS" IN HIS HAIR ON THE DATE OF OFFENSE, APRIL 9TH, (R 50, L 2-20). DEFENSE PRESENTED THREE WITNESSES TO SHOW THAT GREENWOOD NEVER WORE HIS HAIR IN "TWISTS", AND IN FACT, DID NOT HAVE HIS HAIR IN "TWISTS" ON APRIL 9TH:
1.) KIM GREENWOOD (R 101, L 4-12 – R 102); 2.) DEVEN GREENWOOD (R 111, L 9-13, L 16-25); 3.) LAVAN HOWARD (R 121, L 18-21).

DEFENSE ALSO PRESENTED EVIDENCE TO SHOW THAT AT THE TIME OF OFFENSE, GREENWOOD WAS BABYSITTING HIS CHILDREN. (R 126, L 24-25; R 127, L 1-8; R 135, L 24 – R 136, L 2).

GREENWOOD, HIMSELF, TESTIFIED HE DID NOT KNOW CODEFENDANT, JAMAR BROWN OR THE VICTIM, COPELAND. (R 140, L 15-22).

SERILLO IS THE ONLY PERSON THAT COULD HAVE POSITIVELY TESTIFIED AS TO WHETHER OR NOT GREENWOOD WAS IN FACT, THE ONE WHO

held him on the night in question. There is not a reasonable defense strategy for counselor's failure to procure Serillo's testimony.

In fact, during closing argument, defense counsel posed the theory that maybe Copeland and Serillo was into illegal activity that night, and, that was why Copeland worked so hard at keeping Serillo's identity a secret, going even so far as to say "that's [Serillo] <u>one of the witnesses we need here</u>..." (R168-R169 /R169, L8-9).

Further, defense counsel mentioned Serillo's absence in his motion to dismiss, but still took no steps to have Serillo subpoenaed. (R98, L8-15).

Defense counsel further failed to subpoena or produce the three children Greenwood was babysitting at the time the alleged robbery was committed. (R126, L8-9 /R144, L13-25). Thier testimony could have added corroboration to his assertion that he did not leave them, and, hence could not have been the offender.

"In reviewing the performance of counsel in conducting a defense, the court will

LOOK FOR SPECIFIC EXAMPLES OF COUNSEL'S CONDUCT WHICH RENDERED HIS DEFENSE OF ACCUSED LESS THAN REASONABLY EFFECTIVE UNDER THE <u>TOTALITY OF THE CIRCUMSTANCES</u>." <u>U.S. V. CHILDS</u>, 571 F.2d 315 C.A. 5 (Ala.) 1978.

IN THIS CASE, SERRILO'S TESTIMONY WAS VERY IMPORTANT. HE WAS THE ONLY OTHER PERSON, BESIDES COPELAND, WHO COULD SAY FOR SURE WHAT HAPPENED ON THE NIGHT OF APRIL 9TH. ALSO, THE CHILDREN'S TESTIMONY, UNDER THE CIRCUMSTANCES, COULD HAVE PROVED GREENWOOD COULD NOT BE THE OFFENDER, AS HE WAS AT HOME WATCHING THEM.

THE TWO-PRONG TEST OF STRICKLAND HAS BEEN MET:

1.) <u>DEFICIENT PERFORMANCE OF COUNSEL</u>: FAILURE TO SUBPOENA OR PROCURE THE TESTIMONY OF SERILLO OR THE CHILDREN;

2.) <u>ABSENT SAID ERROR</u>, HAD SERILLO OR THE CHILDREN TESTIFIED THAT GREENWOOD WAS NOT THE OFFENDER IN QUESTION, AND WITH COPELAND THE ONLY WITNESS TO POSITIVELY IDENTIFY GREENWOOD, THERE IS A REASONABLE PROBABILITY THIS WOULD HAVE RAISED ENOUGH "REASONABLE DOUBT" IN THE MINDS

OF THE JURY FOR ACQUITTAL.

IN CRISP V. DUCKWORTH, 743 F.2d 580, 584 (7TH Cir. 1984), TRIAL COUNSEL WAS HELD TO BE INEFFECTIVE FOR FAILING TO PROCURE A WITNESS. IN REVERSING AND REMANDING THE COURT STATED, "TRIAL COUNSEL CANNOT STAND BEHIND THE SHIELD OF TRIAL STRATEGY FOR FAILURE TO INTERVIEW READILY AVAILABLE WITNESS WHOSE TESTIMONY WOULD HAVE BEEN NONCUMULATIVE AND <u>POTENTIALLY AIDED THE DEFENSE</u>."

IN THIS CASE, COPELAND TESTIFIED THAT SERILLO LIVED DOWN THE STREET FROM HIMSELF, THAT HE HAD KNOWN HIM 8 OR 9 YEARS, AND THAT HE WAS FRIENDS WITH THE MOTHER. LIKEWISE, THE CHILDREN GREENWOOD WAS BABYSITTING WERE ALSO EASY TO FIND AND READILY AVAILABLE. GREENWOOD, AN INNOCENT MAN, STANDS SERVING A LIFE SENTENCE BECAUSE OF THE LACK OF EFFECTIVE REPRESENTATION OF COUNSEL. THIS COURT MUST ACCORDINGLY REVERSE THE CONVICTION AND ORDER A NEW TRIAL, TO CORRECT THIS BLATANT MISCARRIAGE OF JUSTICE.

2.) <u>DEFENSE COUNSEL FAILED TO OBJECT TO COURT'S IMPROPER JURY INSTRUCTIONS</u>:

THE COURT INSTRUCTED THE JURY THAT THEY MUST ALL REACH THE SAME VERDICT, THAT THERE COULD BE NO SPLIT OR HUNG JURY.

"ALSO, BEFORE YOU REACH A VERDICT, ALL TWELVE OF YOU MUST REACH OR AGREE ON THE SAME VERDICT. IN OTHER WORDS, THERE CAN BE NO SPLIT VERDICT." (R 200, L 23-25). "IT MUST BE UNANIMOUS." (R 201, L 1).

THIS WAS CLEARLY IMPROPER INSTRUCTION. IT LEAD THE JURY TO BELIEVE THAT IF ONE, OR SEVERAL, OF THEM WERE NOT CONVINCED BEYOND A REASONABLE DOUBT, THEY COULD NOT HOLD FAST TO THIER OWN DECISION BUT MUST GO WITH THE MAJORITY VIEW. THE COURT INSTRUCTED THEM THERE COULD BE NO SPLIT DECISION, WHEN IN FACT "HUNG JURIES" HAPPEN QUITE FREQUENTLY.

THE 14TH AMENDMENT OF THE U.S. CONSTITUTION AFFORDS A DEFENDANT LIKE GREENWOOD A RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW. THAT INCLUDES THE RIGHT OF EACH INDIVIDUAL JUROR TO DECIDE INDIVIDUALLY, IF A PERSON IS GUILTY OR INNOCENT, WITHOUT PRESSURE FROM THE COURT THAT THE VERDICT MUST BE UNANIMOUS, AND THAT THEY COULD NOT RETURN AS A HUNG JURY.

IN DANIEL V. THIGPEN, 742 F.Supp. 1535 (M.D. Ala.) 1990, TRIAL COUNSEL WAS HELD INEFFECTIVE AND A NEW TRIAL WAS REQUIRED FOR FAILURE TO OBJECT TO THE JURY CHARGE.

HAD GREENWOOD'S COUNSEL OBJECTED, THE COURT COULD HAVE CORRECTED THE ORAL CHARGE AND TOLD THE JURORS TO DECIDE, INDIVIDUALLY AND COLLECTIVELY, THE GUILT OR INNOCENCE OF GREENWOOD. THUS, THERE IS A REASONABLE PROBABILITY, ABSENT THE IMPROPER CHARGE, GREENWOOD WOULD HAVE BEEN ACQUITTED OR THE JURY HUNG, THUS A GUARANTEE OF DIFFERENT RESULTS.

## CONCLUSION

FOR THE AFOREMENTIONED REASONS, GREENWOOD PRAYS THIS COURT TO ORDER AN EVIDENTIARY HEARING TO DECIDE DISPUTED MATERIAL MATTERS, OR, OTHERWISE GRANT HIM ANY AND ALL RELIEF HE IS ENTITLED TO.

DONE THIS 21st DAY OF December 2003.

RESPECTFULLY SUBMITTED,

*Kourtnee Greenwood*
KOURTNEE GREENWOOD, pro se

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY ALA.

122

KOURTNEE GREENWOOD
   PETITIONER,

VS.

STATE OF ALABAMA
   RESPONDENTS,

CASE NO.# CC-02-909.6C

## DECLARATION OF MAILING

I CERTIFY that on this the 21st day of December, 2003, I HAVE PLACED IN THE Institutional Mailbox, Petitioners Amended Argument of Issues with Certified First Class Postage Prepaid and Properly Addressed To "Pursuant To." HOUSTON VS. LACK 487 U.S. 266, 101 L.Ed 2d 24 108 S.ct 237 (1988); EX PARTE POWELL, 674 So 2d 1258 (Ala. 1995)

DATED 12/21, 2003

RESPECTFULLY SUBMITTED,

_Kourtnee Greenwood_
KOURTNEE GREENWOOD

WITNESSES:
_[signature]_ 109926
_[signature]_ 196307
_[signature]_ 168551