# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555



RELEASED
AUG 13 2004
CLERK
ALA COURT CRIMINAL APPEALS

H.W. "BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-03-0633          Montgomery Circuit Court CC-02-909.60

<u>Kourtney Sovern Greenwood v. State</u>

McMILLAN, Presiding Judge.

On September 15, 2003, the appellant, Kourtney Sovern Greenwood, filed a Rule 32, Ala. R. Crim. P., petition, challenging his December 11, 2002, conviction of robbery in the first degree. The trial court sentenced him, as a habitual offender with two prior felony convictions, to life imprisonment. This court affirmed Greenwood's conviction in a memorandum opinion. In his Rule 32 petition, Greenwood stated the following grounds: (1) excessive sentence and insufficient indictment; (2) lack of jurisdiction; (3) illegal arrest; (4) improper sentencing under the HFOA; and (5) newly discovered evidence.[1] On November 24, 2003, the State moved

---

[1] Greenwood's first four claims are not addressed in this opinion because he did not include them in his appellate brief. This court is not obligated to consider issues and

1


EXHIBIT F

to dismiss the petition, pleading, in pertinent part, that Greenwood had failed to state a claim on which relief could be granted and had also failed to raise any material issue of fact or law that would entitle him to relief. On December 24, 2003, Greenwood filed an amended petition, in which he added two claims of ineffective assistance of trial counsel. On January 13, 2004, the trial court summarily denied Greenwood's petition, on the grounds pleaded by the State.

The State's evidence tended to show that Jamar Brown and an accomplice approached Larry Copeland, Jr., and a 13-year old boy, "Serillo," at approximately 11:00 p.m. on April 8, 2002. Brown took Copeland's wallet at gunpoint while the accomplice restrained the boy. Copeland described the accomplice as a dark-skinned black male with "twists" in his hair. He subsequently identified Greenwood as the accomplice from a photographic line-up. Greenwood testified in his own behalf that he did not know Jamar Brown, that he was babysitting on the night of the robbery, and that he never wore his hair in "twists." Two relatives and Greenwood's girlfriend corroborated his testimony regarding his hairstyle, and the girlfriend also corroborated his babysitting claim. A rebuttal witness testified that he had seen Greenwood with Jamar Brown on March 30, 2002, and that Greenwood was wearing his hair in "twists" at that time.

I.

The appellant first contends that the trial court erred in denying his petition without conducting an evidentiary hearing. Whether to conduct an evidentiary hearing or render a judgment on the pleadings is a matter within the judgment of the trial court. Perry v. State, 565 So. 2d 691 (Ala. Crim. App. 1990). The court may summarily dispose of a petition if the petition fails to state a claim or if no material issue of fact or law exists which would entitle the petitioner to relief. Rule 32.7(d), Ala. R. Crim. P.

An evidentiary hearing was not required in the present case because Greenwood failed to state a claim that would

---

arguments not presented in briefs on appeal. Rule 45B, Ala. R. App. P.

2

entitle him to relief. The specific insufficiencies of his claims are set out in Parts II and III of this opinion. Greenwood also argues that the trial court did not address his claims of ineffective assistance in its order of dismissal. However, specific findings of fact were not required because an evidentiary hearing was not conducted. See Rule 32.9(d), Ala. R. Crim. P. The appellant has not offered any evidence that all of his claims were not properly considered by the circuit court.

II.

The appellant contends that the trial court erred in failing to vacate his conviction, based upon his claim of newly discovered evidence. He argues that the testimony of Jamar Brown was "newly available" because Brown refused to testify at Greenwood's trial; that Brown's testimony was not cumulative because there was no other eyewitness who would testify that Greenwood was not the accomplice; and that the result probably would have been different if Brown's testimony had been available because only one witness testified to Greenwood's guilt. He also argues that Brown's affidavit provided newly discovered evidence of "prosecutorial misconduct in intimidating a key witness."

The appellant filed as an exhibit an affidavit executed by Jamar Brown on March 18, 2003, in which Brown stated that he did not know Greenwood and that Greenwood was not with him at the time of the robbery. Brown said that he gave this information about Greenwood to the prosecutor when he pleaded guilty on November 21, 2002; that she told him they had a case on Greenwood if he [Brown] did not testify; and that she would see about getting him [Brown] a split sentence or probation if he would "work with" her. Brown said that he was called to court on December 11, 2002, the day before he was sentenced, and he repeated the information about Greenwood to the prosecutor, a "white guy," and Greenwood's counsel. He also said that he told them that he was not willing to testify at Greenwood's trial. Brown said that he executed the affidavit because he subsequently learned that Greenwood had been convicted of the robbery.

In order to prevail on a claim of newly discovered evidence, a petitioner must show: (1) The facts were not known

3

by the petitioner or his counsel at the time of trial or sentencing or in time to file a Rule 24 motion or include them in a previous collateral proceeding, and they could not have been discovered by the exercise of reasonable diligence; (2) the facts are not merely cumulative; (3) the facts do not merely amount to impeachment evidence; (4) if the facts had been known at trial or sentencing, the result probably would have been different; and (5) the facts establish that the petitioner is innocent or should not have received the sentence that he received. Rule 32.1(e), Ala. R. Crim. P. Here, the appellant admits that he was aware of Brown's claims at the time of trial, but he argues that this evidence was "newly available" to him because Brown refused to testify before he [Brown] was sentenced and the two of them were incarcerated in separate facilities after that time.

The appellant has not proven his claim by a preponderance of the evidence, as required by Rule 32.3, Ala. R. Crim. P. Jamar Brown was sentenced on December 12, 2002. There is no evidence that Brown was unwilling to execute an affidavit as soon as his sentence was pronounced, as his testimony would have cost him nothing after that time. The appellant has not shown that he could not have obtained Brown's affidavit in time to file a motion under Rule 24, Ala. R. Crim. P.

It is not unusual for a codefendant to seek to exculpate his accomplice and, when such testimony would cost him nothing, it should be "carefully scrutinized." Marks v. State, 575 So. 2d 611, 617 (Ala. Crim. App. 1990). Unless the evidence against the appellant is ambiguous or weak, the trial court does not abuse its discretion by finding that a codefendant's post-conviction willingness to testify does not warrant a new trial. Id. Here, the victim positively identified the appellant as Jamar Brown's accomplice, and Brown's statements regarding Greenwood and the robbery were merely cumulative to Greenwood's own testimony at trial. The jury found Greenwood's claims unconvincing, and it is unlikely that Brown's testimony would have changed the result of the trial.

III.

The appellant's third contention is that his trial counsel was constitutionally ineffective on two grounds: (1)

4

He failed to subpoena a key witness, "Serillo," and the appellant's three children to testify at trial; and (2) he failed to object to the trial court's "improper" jury instructions. Greenwood contends on appeal that his appellate counsel was ineffective on the same two grounds. However, this contention cannot be considered because Greenwood did not include it in his petition to the trial court. This court will not consider an argument that is raised for the first time on appeal. Eastland v. State, 677 So. 2d 1275 (Ala. Crim. App. 1996).

Strickland v. Washington, 466 U.S. 668 (1984), requires an ineffective assistance claimant to show that the performance of his counsel was deficient and that the deficiency prejudiced the defense. The appellant's first claim is insufficient because he did not show that his counsel could have located Serillo[2] or that Serillo would have testified favorably at the trial. He also offered no evidence that his children would have testified that he was babysitting at the time of the offense. Victim Larry Copeland, Jr., clearly identified Greenwood as the accomplice, and the jury rejected Greenwood's claim that he was babysitting when the robbery occurred. It is doubtful that cumulative testimony from child witnesses would have changed the result of the trial.

The appellant's second claim of ineffectiveness also is insufficient. He contends that the following jury instructions were improper: "Also, before you reach a verdict, all twelve of you must agree on the same verdict. In other words, there can be no split verdict ... "It must be unanimous." (Emphasis by appellant.) He argues that these instructions led the jury to believe that if they were not convinced beyond a reasonable doubt, they "could not hold fast to th[ei]r own decision but must go with the majority view:"

The appellant has offered no authority to support his second contention. Rule 28(a)(10), Ala. R. App. P., requires an appellant to support his contentions "with citations to the

---

[2]The appellant admits that Larry Copeland, Jr., "with[h]eld Serillo's identity [and last name] from the police."

5

cases, statutes, [and] other authorities." Because Greenwood did not comply with this requirement, he has not shown either a deficient performance by his counsel or resultant prejudice to the defense. Strickland v. Washington, supra.

AFFIRMED.

Cobb and Wise, JJ., concur. Baschab and Shaw, JJ., concur in the result.