# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

## (Pursuant to Rule 32, Alabama Rules of Criminal Procedure)

**Case Number**

CC _02_ _909.61_
ID   YR   NUMBER   _TMH_

IN THE _Montgomery Co. Circuit_ COURT OF _Montgomery_ ALABAMA

_Kourtnee Sovensky Greenwood_ vs. _State of Alabama_
Petitioner (Full Name)                              Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number _179810_ ___ Place of Confinement _Donaldson Corr, Fac_

County of conviction _Montgomery_

**NOTICE:  BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.**

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack _Montgomery Co. Circuit_ _Montgomery, AL_

2. Date of judgment of conviction _December 11, 2002_

3. Length of sentence _Life_

4. Nature of offense involved (all counts) _Robbery I_

_____

_____

_____

5. What was your plea?   (Check one)
   (a)  Guilty _____
   (b)  Not guilty _✓_
   (c)  Not guilty by reason of mental disease or defect _____
   (d)  Not guilty and not guilty by reason of mental disease or defect _____

NOV 2004 Filed
Melissa Rittenour
Circuit Clerk

EXHIBIT
J

6. Kind of trial: (Check one)

(a)  Jury ___✓___                    (b)  Judge only _____

7. Did you testify at the trial?

Yes ___✓___                    No _____

8. Did you appeal from the judgment of conviction?

Yes ___✓___                    No _____

9. If you did appeal, answer the following:

(a)  As to the state court to which you first appealed, give the following information:

(1)  Name of court ___Ala. Court of Appeals___

(2)  Result ___Affirmed___

(3)  Date of result ___June, 2003___

(b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

(1)  Name of court ___Ala. Supreme Court___

(2)  Result ___Writ Denied___

(3)  Date of result ___August 15, 2003___

(c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

(1)  Name of court _____

(2)  Result _____

(3)  Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes ✓        No _____

11. If your answer to Question 10 was "yes," then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court _Montgomery Co. Circuit CouRT_

(2) Nature of proceeding _Rule 32_

(3) Grounds raised _New Evidence_
_Ineffective Counsel_

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____        No ✓

(5) Result _Denied_

(6) Date of result _January 13, 2004_

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court _____

(2) Nature of proceeding _____

(3) Grounds raised _____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____        No _____

(5) Result _____

(6) Date of result _____

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1) Name of court _____

3

(2)  Nature of procee g _____    )

(3)  Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5)  Result _____

(6)  Date of result _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.          Yes _____          No _____

(2)  Second petition, etc.       Yes _____          No _____

(2)  Third petition, etc.         Yes _____          No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

✓    A.    The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

(1) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9) Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

——— B.  **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

——— C.  **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

——— D.  **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

✓  E.  **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F. **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

"**Successive Petitions**. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes __✓__            No _____

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a) Name of court __*SEE PAGE #3*__

(b) Result _____

(c) Date of result _____
    (attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____            No __✓__

6

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing _____

_____

(b) At arraignment and plea ___ *John W. Hartley*

*Montgomery, AL*

(c) At trial _____ " _____ " _____

_____

(d) At sentencing _____ " _____ " _____

_____

(e) On appeal ___ *Maceo O. Kirkland*

___ *Montgomery, AL*

(f) In any post-conviction proceeding ___ *Pro se*

_____

_____

(g) On appeal from adverse ruling in a post-conviction proceeding ___ *Pro se*

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____          No ✓

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No ✓

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

(b) And give date and length of sentence to be served in the future: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____          No _____

18. What date is this petition being mailed?

___ *November 3, 2004* _____

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

12

# PETITIONER'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _NoVEMBER 1ST 2004_
                    (Date)

_Kourtnee Greenwood_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _1ST_ day of _November_, _2004_

_James A. Beachem_
Notary Public

**My Commission Expires**
**9-25-2008**

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____
                                    (Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, _____.

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

# ARGUMENT

## I. NEWLY DISCOVERED MATERIAL FACTS EXIST WHICH REQUIRE THAT THE CONVICTION OR SENTENCE BE VACATED BY THE COURT :

### a. THE STATE VIOLATED GREENWOOD'S RIGHT TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR BY CORRUPTLY PERSUADING A KEY WITNESS NOT TO TESTIFY IN VIOLATION OF THE 6TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION

JAMAR BROWN ("BROWN"), A KEY WITNESS FOR GREENWOOD REFUSED TO TESTIFY DUE TO THE FACT THAT THE STATE, THROUGH DISTRICT ATTORNEY PERKINS, CORRUPTLY PERSUADED HIM TO DECLINE TO BE A DEFENSE WITNESS. D.D.A. PERKINS INTIMATED TO BROWN THAT SHE WOULD MAKE SURE HE RECEIVED A 20 YEARS SPLIT 3 YEARS TO SERVE, IF HE DID NOT TESTIFY FOR GREENWOOD. THE INFERENCE COULD ALSO BE DRAWN BY BROWN, FROM D.D.A. PERKINS' STATEMENT, THAT SHOULD HE TESTIFY FOR GREENWOOD — HE HIMSELF WOULD RECEIVE A HARSHER TERM THAN THE PROMISED 20 YEARS.

GREENWOOD'S TRIAL COUNSEL, HARTLEY, INTERVIEWED BROWN IN THE COUNTY JAIL PRIOR TO GREENWOOD'S TRIAL. GREENWOOD STOOD ACCUSED OF BEING BROWN'S ACCOMPLICE IN CONNECTION WITH AN ARMED ROBBERY. BROWN TOLD HARTLEY THAT HE DID NOT KNOW GREENWOOD AND THAT GREENWOOD WAS NOT HIS ACCOMPLICE IN THE CRIME. BROWN ALSO STATED THAT HE COULD TESTIFY FOR GREENWOOD, AND IT WOULD BE BENEFICIAL TO

THE DEFENSE. (Direct Appeal "DA" R58, L19-25; 59, L1-23) HOWEVER, WHEN BROWN WAS CALLED UPON TO TESTIFY HE REFUSED. BROWN WAS CONCERNED THAT, SHOULD HE TESTIFY, IT WOULD BE DETRIMENTAL TO HIS OWN UPCOMING SENTENC-ING, WHICH WAS SCHEDULED A FEW DAYS AFTER GREENWOOD'S TRIAL BEGAN. (DA. R58, L19-25; 59, L1-23) (DA. R206-207)

WITHOUT BROWN'S TESTIMONY, GREENWOOD WAS CONVICTED OF ROBBERY I, AS BROWN'S ACCOMPLICE, AND SENTENCED TO LIFE IN PRISON AS AN HABITUAL OFFENDER. GREENWOOD WAS CONVICTED ON DECEMBER 11, 2002.
(DA. R213)

GREENWOOD DID NOT SEE NOR HEAR ANOTHER WORD ABOUT BROWN UNTIL ON OR ABOUT MARCH 30, 2003[1] ON THAT DATE GREENWOOD RECEIVED, THROUGH PRISONER'S HANDS, AN AFFI-DAVIT FROM BROWN. BROWN STATED THAT THE REASON HE DID NOT TESTIFY AS A DEFENSE WITNESS WAS BECAUSE D.D.A. PERKINS HAD PERSUADED HIM NOT TO TESTIFY IN RETURN FOR A LIGHTER SENTENCE HIMSELF. BROWN ALSO INFERRED THAT PERKINS LED HIM TO BELIEVE HE WOULD NOT GET THIS LIGHT TREATMENT SHOULD HE TESTIFY. (See Exhibit "A")

BROWN'S AFFIDAVIT WAS SIGNED AND NOTARIZED ON MARCH 18, 2003. THE ALLEGATIONS OF THE STATE CORRUPTLY PERSUAD-ING HIM NOT TO TESTIFY WERE NOT KNOWN NOR AVAILABLE FOR USE UNTIL AFTER MARCH 30, 2003, THE DATE GREENWOOD RECEIVED THE AFFIDAVIT.

[1] GREENWOOD AND BROWN WERE, AND CONTINUE TO BE, HOUSED AT SEPARATE FACILITIES

BROWN'S AFFIDAVIT READS IN PERTINENT PART:

"MY NAME IS JAMAR BROWN, ON THIS DATE AND TIME 11-21-02 I PLEAD OUT TO A CRIME I HAD COMMITTED ... I'LL JUST START LIKE THIS ... SO WHILE SITTING IN THE LI CELLS IN THE BACK OF THE COURTROOM I WAS CALLED OUT SEVERAL TIMES TO TALK TO MY LAWYER AND THAT D.A. LADY NAME MS. PERKINS, SO ON ONE OCCAISON I WAS CALLED OUT TO TALK TO THAT LADY D.A. PERKINS AND A WHITE GUY SO SHE ASKED ME ABOUT KOURTNEY GREENWOOD AGAIN SO I SAID I KEEP TELLING YA'LL I DON'T KNOW THAT DUDE WHY YA'LL KEEP (Exhibit "A", p.1) ASKING ME THE SAME THING," SO THE LADY D.A. PERKINS SAID HE'S NOT A WITNESS FOR KOURTNEY GREENWOOD IS HE SPEAKING TO THE WHITE GUY I DON'T KNOW HIS NAME, SO THE WHITE GUY SAID I DON'T THINK SO, SO I WAS LIKE WITNESS WHAT "WHAT YALL TALKING ABOUT, SO THE LADY D.A. PERKINS SAID, WE MEAN WITHOUT YOU TESTIFYING IN COURT FOR THIS GUY [GREENWOOD] WE HAVE A CASE ON THIS GUY, SO THE LADY D.A. SAID MR. JAMAR BROWN YOU WORK WITH ME I'LL WORK WITH YOU THEN SHE SAID I'LL SEE TO YOU GETTING 20/3 SAP + RETURN OR PROBATION, THEN SHE SAID YOU DON'T HAVE TO WORRY ABOUT NOTHING I'M GOING TO TALK TO THE JUDGE, THEN SHE SAID YOU HAVE A NICE DAY MR. JAMAR BROWN, I'LL SEE YOU ON THE 12TH OF DECEMBER TIL THEN JUST RE-MEMBER WHAT I SAID THEN SHE LEFT. SO I AIN'T NEVER BEEN IN NOTHING LIKE THIS BEFORE BUT SAP + RETURN OR PROBATION SOUNDED GOOD, SO IT WAS LIKE A DAY

<u>BEFORE I WENT TO GET SENTENCED</u>, I WAS CALLED DOWN TO COURT, SO WHEN I GOT DOWN THERE IT WAS THIS OTHER WHITE GUY NAME HARTLEY OR SOME, I THINK HE WAS THAT GUY KOURTNEY GREENWOOD LAWYER, THEN MY LAWYER THAT SAME D.A. PERKINS LADY AND THAT OTHER WHITE GUY WHO WAS WITH HER BEFORE CAME TO TALK TO ME BOUT TESTIFYING FOR THAT GUY KOURTNEY GREENWOOD, <u>SO TO BE HONEST I WAS REALLY THINKING ABOUT THE SAP + RETURN OR PROBATION I WAS TOLD I WOULD GET.</u> SO I JUST TOLD THEM ALL THE TRUTH, THAT I DON'T EVEN KNOW A GUY BY THAT NAME PROBABLY NEVER SEEN HIM BEFORE AND THAT HE WAS NOT THE GUY THAT WAS PRESENT WITH ME AT (Exhibit "A", p.2) THE TIME I COMMITTED THESE CRIMES, <u>BUT THEN I ALSO SAID I WAS NOT GOING IN THAT COURTROOM TO TESTIFY AND IT SEEM LIKE THAT LADY D.A. PERKINS KNEW THIS WAS GOING TO HAPPEN TO ME LIKE THIS BUT I DIDN'T SAY NOTHING.</u>" (Exhibit "A", p.3)

THIS WAS CLEARLY DENIAL OF GREENWOOD'S 6TH AMENDMENT RIGHT TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR. IF D.D.A. PERKINS <u>WOULD NOT HAVE</u> INTIMATED TO BROWN IN AN ACT OF PERSUASION THAT, <u>SHOULD HE NOT TESTIFY</u>, SHE WOULD SEE TO HIM GETTING A 20/3 SAP + RETURN OR PROBATION — <u>BROWN WOULD HAVE TESTIFIED</u>.

AS LONG AGO AS 1937, THE ALABAMA COURT OF APPEALS HELD IN <u>WALLACE V. STATE</u>, 176 So.2d 310, 27 Ala. App, 545

(Ala. Cr. App. 1937): "TO DISSUADE OR PREVENT WITNESS FROM ATTENDING OR TESTIFYING UPON TRIAL OF CAUSE OR BEFORE GRAND JURY DULY CONSTITUTED IS AN INDICTABLE OFFENSE."

IN 1941, THE FEDERAL DISTRICT COURT FOR THE 5TH CIRCUIT HELD IN SAMPLES V. U.S., 121 F.2d 263 (ALA.) CCA5 1941: "IT IS NOT NECESSARY TO ENFORCEMENT OF THE STATUTE DEFINING THE OFFENSE OF CORRUPTLY ENDEAVORING TO INFLUENCE A WITNESS..., THAT A WITNESS IS PREVENTED FROM TESTIFYING BY THREATS OR FORCE, BUT IF A WITNESS IS CORRUPTLY PERSUADED TO ABSENT HIMSELF... THE ACT IS VIOLATED, AND IT IS IMMATERIAL WHETHER HE WAS SUBPOENAED, IF HE INTENDED TO TESTIFY."

FOLLOWING THE REASONING ABOVE, THE APPELLATE COURT HELD IN THOMAS V. STATE, 418 So.2d 921 (ALA. Cr. App. 1981): "WHILE THE STATE MAY PROPERLY OFFER A RECOMMENDATION OF LENIENCY IF THE DEFENDANT WILL TESTIFY FOR THE STATE AND PLEAD GUILTY, IT WOULD CONSTITUTE A VIOLATION OF AN ACCUSED'S RIGHT OF DUE PROCESS OF LAW FOR THE STATE TO THREATEN A WITNESS FOR THE DEFENDANT WITH PRO-SECUTION OR TREATMENT AS AN HABITUAL OFFENDER IF HE TESTIFIED FOR THE ACCUSED."

(1.)  IS THIS CLAIM COGNIZABLE ALTHOUGH FILED IN A PREVIOUS PETITION?

GREENWOOD ALLEGED NEW MATERIAL FACTS EXISTED,

WHICH SHOWED PROSECUTORIAL MISCONDUCT IN PERSUADING BROWN NOT TO TESTIFY, IN HIS FIRST RULE 32 PETITION. (Record on Appeal, First R.32 PETITION ("R.32"), C 24-26) GREENWOOD ALSO FILED AN AMENDMENT IN WHICH HE CLARIFIED THIS ISSUE. (R.32, C 109-111) THE STATE DID NOT SPECIFICALLY ADDRESS THIS CLAIM (R.32, C 97-102), NOR DID THIS COURT IN ITS ORDER DENYING THE PREVIOUS PETITION. (R.32, C 135-138) THUS, <u>THE SPECIFIC CLAIM HAS NOT BEEN PREVIOUSLY DECIDED ON ITS MERITS.</u>

IN <u>Ex parte WALKER</u>, 800 So. 2d 135 (Ala. 2000), THE ALABAMA SUPREME COURT HELD THAT THE TRIAL COURT ERRED IN SUMMARILY DISMISSING A <u>THIRD</u>, <u>SUCCESSIVE RULE 32 PETITION</u> ALLEGING THE SAME CLAIM BECAUSE THE PETITIONER HAD <u>NEVER RECEIVED A HEARING</u> ON WHAT COULD HAVE BEEN A MERITORIOUS CLAIM.

CITING <u>Ex parte WALKER</u>, THE APPELLATE COURT HELD IN <u>WHITT V. STATE</u>, 827 So. 2d 869, 875 (Ala. Cr. App. 2001):

"IT IS WELL SETTLED UNDER ALABAMA[LAW] THAT WHERE A PARTICULAR CLAIM IN A RULE 32 PETITION <u>HAS BEEN RAISED IN A PREVIOUS PETITION</u> (i.e., THE CLAIM FALLS UNDER THE FIRST PART OF RULE 32.2(b)), FOR THAT CLAIM TO BE SUCCESSIVE UNDER RULE 32.2 (b), THE CLAIM <u>MUST HAVE BEEN DECIDED ON THE MERITS IN THE PREVIOUS PETITION.</u>"

(2.) DOES THE CLAIM SATISFY THE FIVE - PRONG REQUIREMENTS OF RULE 32.1 (e) AND WARRANT AN EVIDENTIARY HEARING AND /OR A NEW TRIAL ?

1. THE FACTS RELIED UPON WERE NOT KNOWN BY THE PETITIONER OR THE PETITIONER'S COUNSEL AT THE TIME OF TRIAL OR SENTENCING OR IN TIME TO FILE A POST-TRIAL MOTION PURSUANT TO RULE 24, OR IN TIME TO BE INCLUDED IN ANY PREVIOUS COLLATERAL PROCEEDING AND COULD NOT HAVE BEEN DISCOVERED BY ANY OF THOSE TIMES THROUGH THE EXERCISE OF REASONABLE DILIGENCE;

HERE, THE ALLEGATION OF THE STATE'S ROLE IN CORRUPTLY PERSUADING BROWN NOT TO TESTIFY WAS NOT KNOWN IN TIME FOR ANY OF THE ABOVE. GREENWOOD WAS ONLY AWARE THAT BROWN CHANGED HIS MIND AND REFUSED TO TESTIFY. BROWN DID NOT ALLEGE THAT D.D.A. PERKINS CONVERSATIONS WITH HIM HAD PERSUADED HIM TO ABSENT HIMSELF FROM GREENWOOD'S TRIAL, UNTIL HE EXECUTED THE AFFIDAVIT.

FROM THE VERY NATURE OF BROWN'S ALLEGATIONS IN THE AFFIDAVIT, IT IS OBVIOUS THAT BROWN WAS UNWILLING TO COME FORWARD WITH THE REASON FOR HIS SUDDEN CHANGE OF HEART UNTIL HE WAS OUT OF THE CUSTODY OF THE MONTGOMERY COUNTY JAIL AND OUT OF THE REACH OF D.D.A. PERKINS. AS SOON AS BROWN FELT CONFIDENT THE STATE COULD NOT EFFECT HIS SENTENCE, HE EXECUTED THE AFFIDAVIT AND SENT IT TO GREENWOOD. GREENWOOD HAD NO

MEANS OF KNOWING THE ALLEGATIONS UNTIL BROWN DECIDED
TO COME FORWARD.   THUS, PRONG ONE IS SATISFIED.


2. THE FACTS ARE NOT MERELY CUMULATIVE TO OTHER FACTS
THAT WERE KNOWN;


3. THE FACTS DO NOT MERELY AMOUNT TO IMPEACHMENT
EVIDENCE;


   THE CONTROLLING CASE FOR REVIEW OF THESE TWO PRONGS
WAS DECIDED IN _Ex parte HEATON_ , 542 So.2d 931 (Ala. 1989):


   "WHILE ALL FIVE REQUIREMENTS ORDINARILY MUST BE MET,
THE LAW HAS RECOGNIZED THAT IN CERTAIN EXCEPTIONAL CIRCUM-
STANCES, EVEN IF THE NEWLY DISCOVERED EVIDENCE IS CUMU-
LATIVE OR IMPEACHING, IF IT APPEARS PROBABLE FROM LOOKING
AT THE ENTIRE CASE THAT THE NEW EVIDENCE WOULD CHANGE
THE RESULT, THEN A NEW TRIAL SHOULD BE GRANTED." @ 933


   HERE, AS ALREADY STATED, THERE WAS NO EVIDENCE
OF THE STATE'S CORRUPTED PERSUASION OF BROWN'S REFUSAL
TO TESTIFY KNOWN OR PRESENTED TO THE TRIAL COURT. THERE
WAS ALSO NO TESTIMONY PRESENTED BY BROWN DURING TRIAL
TO THIS EFFECT. HOWEVER, SOME OF THE SUBSTANCE IN BROWN'S
AFFIDAVIT DOES APPEAR TO BE CUMULATIVE, i.e., THAT BROWN
STATED HE DID NOT KNOW GREENWOOD.  IT IS PROBABLE THAT
HAD A JURY BEEN SHOWN THE STATE'S CORRUPT EFFORTS
TO KEEP BROWN FROM TESTIFYING, THIS FACT WOULD HAVE

CREATED CREDIBILITY TO BROWN'S TESTIMONY CONCERNING GREENWOOD'S INNOCENCE. THUS, LIKELY THIS PART OF THE NEW EVIDENCE COULD HAVE CHANGED THE RESULT.

LIKEWISE, THE IMPEACHMENT PRONG IS ALSO SATISFIED AS THERE WAS NO EVIDENCE PRESENTED FROM A WITNESS CONCERNING THE CORRUPTED, PERSUASIVE EFFORTS BY THE STATE. HOWEVER, THE FACT THAT BROWN STATED GREENWOOD WAS INNOCENT OF THE CRIME WOULD APPEAR TO BE USEFUL IN IMPEACHING THE VICTIM, COPELAND'S, TESTIMONY; HOWEVER, THE MAIN ISSUE HERE IS THE DUE PROCESS VIOLATION CREATED BY THE STATE'S CORRUPT INFLUENCE OF A KEY WITNESS.

AS IN Ex parte HEATON, THE FACT THAT SOME OF BROWN'S AFFIDAVIT COULD BE CONSIDERED CUMULATIVE OR IMPEACHING IS OVERCOME BY THE FACTS OF THE CASE, i.e., THE STATE'S CORRUPT PERSUASION OF BROWN.

4. IF THE FACTS HAD BEEN KNOWN AT THE TIME OF TRIAL OR OF SENTENCING, THE RESULT PROBABLY WOULD HAVE BEEN DIFFERENT;

5. THE FACTS ESTABLISH THAT THE PETITIONER IS INNOCENT OF THE CRIME FOR WHICH THE PETITIONER WAS CONVICTED OR SHOULD NOT HAVE RECEIVED THE SENTENCE THAT THE PETITIONER RECEIVED;

AS ALREADY STATED, HAD THE JURY KNOWN ABOUT

THE STATE'S EFFORTS TO KEEP BROWN OFF THE STAND, THIS WOULD HAVE LENT CREDIBILITY TO BROWN'S ALLEGATION THAT GREENWOOD WAS NOT HIS ACCOMPLICE AND THUS IN- NOCENT.  THE STATE PRESENTED ONLY ONE WITNESS WHO IDENTIFIED GREENWOOD AS THE OFFENDER.  THAT WAS THE VICTIM, COPELAND.  COPELAND TESTIFIED THAT THE OFFENDER HAD "TWISTS" IN HIS HAIR. (DA. R54, LS-17) HOWEVER, THERE WERE FOUR WITNESSES THAT TESTI- FIED GREENWOOD NEVER WORE TWISTS IN HIS HAIR AND DID NOT HAVE IT IN TWISTS THE DAY OF THE CRIME. (DA. R50, L2-20; R101-102; R111; R121; R140) HAD BROWN, THE ADMITTED OFFENDER, TESTIFIED OF THE STATE'S COR- RUPT EFFORTS, AS WELL AS GREENWOOD'S INNOCENCE OF THE CRIME; IT HAD A REASONABLE PROBABILITY OF CHANGING THE RESULT. THIS WOULD ALSO, OF COURSE, PROVE GREENWOOD'S INNOCENCE, THUS SATISFYING THE FIFTH AND FINAL PRONG OF RULE 32.1(e).

(3.) DOES THIS CLAIM REQUIRE AN EVIDENTIARY HEARING AND/OR A NEW TRIAL?

HERE, THIS CLAIM IS COGNIZABLE ALTHOUGH FILED AGAIN IN A SUCCESSIVE PETITION BECAUSE GREENWOOD HAS NEVER RECEIVED A HEARING ON WHAT APPEARS TO BE A MERITORIOUS ISSUE. THIS COURT DID NOT SPECIFICALLY ADDRESS THIS ISSUE IN THE PRIOR PETITION.

"...THE BASIS OF THE TRIAL COURT'S RULING, WHETHER

PROCEDURAL OR ON THE MERITS, MUST BE CLEAR... A <u>STATE-MENT OF THE BASIS OF THE TRIAL COURT'S DECISION</u> IS ES-SENTIAL TO AFFORD THE APPELLANT DUE PROCESS..."
<u>Ex parte GRAU</u>, 791 So.2d 347 (Ala. 2000)

AGAIN, IN <u>CARROLL V. STATE</u>, 706 So.2d 815 (Ala. Cr. App. 1997); "THE APPELLANT ALLEGES THAT THE STATE'S KEY WIT-NESS TESTIFIED FALSELY... HE ALSO ALLEGES THAT THERE IS A REASONABLE PROBABILITY THAT THE OUTCOME OF THE CASE WOULD HAVE BEEN DIFFERENT IF THAT FACT HAD BEEN KNOWN. IN ITS RESPONSE, THE STATE <u>GENERALLY DENIED THAT THERE WAS NEWLY DISCOVERED EVIDENCE</u> AND MERELY ASSERTED THAT THE APPELLANT'S CLAIM WAS PRECLUDED BECAUSE 'THE ALLEGATIONS COULD HAVE BEEN DISCOVERED THROUGH DUE DILIGENCE.' ... <u>IT WOULD BE ERRONEOUS FOR THIS COURT TO ATTEMPT TO WEIGH THE EVIDENCE AND DETERMINE THAT THE APPELLANT'S ALLEGATIONS ARE INSUFFICIENT ON THE SCANT RECORD BEFORE US</u>." ... ASSUMING THE APPELLANT'S ALLEGATIONS ARE TRUE, THE APPELLANT WOULD POSSIBLY BE ENTITLED TO RELIEF, THEREFORE, HIS CLAIM IS MERITORIOUS ON ITS FACE." (REVERSED IN PART; AND REMANDED WITH DIRECTIONS)

HERE, GREENWOOD'S CLAIM HAS NOT BEEN REFUTED AS IT RELATES TO THE STATE'S CORRUPTLY PERSUASIVE EFFORTS TO KEEP BROWN FROM TESTIFYING, AS ALLEGED IN BROWN'S AFFIDAVIT. BECAUSE THE CLAIM COULD BE MERITORIOUS; AND BECAUSE IT WAS NOT SPECIFICALLY

ADDRESSED ON ITS MERITS IN THE PRIOR PETITION — AN EVIDENTIARY HEARING AND/OR A NEW TRIAL IS WARRANTED FOR THIS CLAIM.  See <u>Ex parte WALKER</u>; <u>WHITT V. STATE</u>.

---

II. <u>THE CONSTITUTION OF THE U.S. OR OF THE STATE OF ALABAMA REQUIRES A NEW TRIAL, A NEW SENTENCE PROCEEDING, OR OTHER RELIEF</u>:

a. <u>INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN FAILING TO SUBPOENA A KEY WITNESS AND VIOLATING GREENWOOD'S RIGHT TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM IN VIOLATION OF THE 6TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION</u>:

GREENWOOD RAISED THIS ISSUE IN HIS FIRST PETITION. (R.32, C 113-119) THE COURT DID NOT ADDRESS OR EVEN ACKNOWLEDGE THIS CLAIM IN ITS ORDER DENYING THE FIRST PETITION, NOR DID THE STATE ADDRESS IT IN ITS MOTION TO DISMISS. (R.32, C 73-77; 45-72) AS ALREADY ESTABLISHED, SINCE THIS CLAIM HAS NOT BEEN ADDRESSED BY THIS COURT IN THE PREVIOUS PETITION, IT IS COGNIZABLE IN THIS SECOND, SUCCESSIVE PETITION. See <u>Ex parte WALKER</u>; <u>WHITT V. STATE</u>.

DURING GREENWOOD'S FIRST TRIAL, THE VICTIM, COPELAND, TESTIFIED THAT THERE WAS A SECOND VICTIM AND EYE-WITNESS TO THE ALLEGED CRIME, A 13-YEAR OLD BOY NAMED "SERILLO." THE FIRST TRIAL RESULTED IN A MISTRIAL. (R.32, C 35)

DURING GREENWOOD'S SECOND TRIAL, <u>THE ONLY EYE-WITNESS</u> <u>THE STATE PRESENTED WAS COPELAND, THE VICTIM.</u> COPELAND TESTIFIED THAT GREENWOOD RESTRAINED SERILLO WHILE BROWN ROBBED HIM (COPELAND) AT GUN POINT. (DA. R67, L18-24)

THE STATE ALSO PRESENTED A REBUTTAL WITNESS TO GREENWOOD'S ALLEGATIONS THAT HE DID NOT KNOW BROWN AND WAS NOT BROWN'S ACCOMPLICE IN THE INSTANT CRIME, HAROLD FRANKLIN. HOWEVER, FRANKLIN'S TESTIMONY WAS INCONSISTENT AND SUSPECT, FOR SEVERAL REASONS: (1) FRANKLIN WAS A CONVICTED FELON (DA. R151, L14-25); (2) DURING THIS SAME TIME PERIOD, FRANKLIN HAD FILED CHARGES OF ROBBERY AGAINST GREENWOOD. THOSE CHARGES WERE DISMISSED BECAUSE THERE WAS NO EVIDENCE THAT GREENWOOD COMMITTED THAT CRIME, OR THAT GREENWOOD EVEN KNEW FRANKLIN (DA. R95, L10-19); (3) FRANKLIN TESTIFIED THAT HE HAD SEEN GREENWOOD AND BROWN TOGETHER BEFORE THE DATE OF THE COM-MISSION OF THE INSTANT OFFENSE; (DA. 150, L6-9) <u>THEN</u> <u>FRANKLIN TESTIFIED THAT HE DO NOT KNOW "BROWN" WHEN</u> <u>HE SEE HIM.</u> (DA. R 148, L17-18) <u>THIS STATEMENT WAS</u> <u>INCONSISTENT AT BEST</u>; (4) FRANKLIN WAS A VICTIM IN A SIMILAR CRIME AND WAS CLEARLY SEEKING JUST-ICE FROM THE DISMISSAL OF THE CHARGES HE FILED AGAINST GREENWOOD. HIS CONFLICTING TESTIMONY ARE COMPLETE LIES, AND HE CERTAINLY HAD A MOTIVE TO LIE; (5) ON DIRECT EXAMINATION BY D.D.A. PERKINS, FRANKLIN

WENT ALONG WITH EVERYTHING THE D.D.A. SAID, THUS
CONTRADICTING HIS OTHER STATEMENTS UNDER OATH.
(DA. R150, L6-9) FRANKLIN'S TESTIMONY COULD NOT BE
COUNTED AS TRUE.

---

THUS, SERILLO, ALTHOUGH ABSENT FROM TRIAL BECAME
A WITNESS AGAINST GREENWOOD THROUGH COPELAND'S TEST-
IMONY. GREENWOOD HAD A 6TH AMENDMENT RIGHT TO CON-
FRONT SERILLO, THIS PREJUDICED GREENWOOD ON SEVERAL
POINTS:

1. COPELAND WAS THE ONLY VICTIM AND EYE-WITNESS
TO IDENTIFY GREENWOOD AS BROWN'S ACCOMPLICE.
COPELAND STATED GREENWOOD HELD SERILLO. IF COUN-
SEL WOULD HAVE SUBPOENAED SERILLO, SERILLO WOULD
HAVE TESTIFIED GREENWOOD WAS NOT THE PERSON WHO
HELD HIM DURING THE ROBBERY, THUS NOT BROWN'S
ACCOMPLICE.

2. SERILLO, AS THE SECOND VICTIM AND PERSON RE-
STRAINED BY BROWN'S ACCOMPLICE, HAD A BETTER
VIEW OF THE ACCOMPLICE THAN COPELAND, WHO WAS
BEING HELD AT GUN POINT BY BROWN.

3. THE STATE ALLEGED GREENWOOD AIDED AND ABETTED
BROWN DURING THE ROBBERY BY RESTRAINING SERILLO,
THIS ALLEGATION COULD NOT BE REFUTED WITHOUT
CROSS-EXAMINING SERILLO. GREENWOOD'S ALLEGED

COMPLICITY IN THIS OFFENSE WAS <u>THE SOLE BASIS OF</u> <u>THE ULTIMATE QUESTION IN THE JURY'S DETERMINATION</u> <u>OF GREENWOOD'S GUILT OR INNOCENCE</u>.

4. NO WHERE IN THE RECORD IS IT SHOWN OR STATED THAT SERILLO EVER ACCUSED GREENWOOD OF THIS CRIME, OR ANY OTHER CRIME.

5. THE ONLY EVIDENCE PRESENTED TO SHOW THAT GREENWOOD RESTRAINED SERILLO CAME FROM COPELAND. THIS WAS, AT BEST, <u>AN OUT-OF-COURT STATEMENT</u>, <u>AND NOT SUP-</u> <u>PORTED BY SERILLO HIMSELF</u>.

THE ONLY WAY GREENWOOD COULD HAVE EFFECTIVELY REFUTED COPELAND'S TESTIMONY WAS BY SUBPOENAING AND CROSS-EXAMINING SERILLO. THE U.S. SUPREME COURT HELD IN <u>DAVIS V. ALASKA</u>, U.S. 308, 39 L.Ed. 2d 347, 94 S.Ct. 1105 (1974):

"THE SIXTH AMENDMENT RIGHT OF AN ACCUSED IN A CRIMINAL PROSECUTION 'TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM.' THIS RIGHT IS SECURED FOR <u>DEFENDANTS IN STATE</u> AS WELL AS FEDERAL PRO- CEEDINGS UNDER <u>POINTER V. TEXAS</u>, 380 U.S. 400, 13 L.Ed. 2d 923, 85 S.Ct. 1065 (1965)..." @ 353

THE ALABAMA CRIMINAL COURT OF APPEALS, IN FOL- LOWING THIS RECOGNIZED RIGHT, IN A SIMILAR CASE AS

THE INSTANT HELD IN <u>MCTERRY V. STATE</u>, 680 So.2d 957 (Ala. 1996):

" 'COUNSEL IS EXPECTED TO EXERCISE DILIGENCE IN PREPARING HIS CASE FOR TRIAL AND PROCURING WITNESSES... THIS IS ESPECIALLY TRUE HERE BECAUSE WILLIAMS (THE KEY WITNESS) <u>WAS AN EYE WITNESS TO THE SHOOTING</u>...

" THE <u>ONLY EVIDENCE CONNECTING THE APPELLANT</u> <u>WITH THE CRIME WAS THE EYE WITNESS TESTIMONY OF JELKS (THE VICTIM)</u> THE APPELLANT DENIED THAT HE WAS THE SHOOTER, THE JURY HAD TO BASE ITS DECISION ON WHICH WITNESS IT FOUND TO BE MORE CREDIBLE — THE APPELLANT OR JELKS...

" THE SIXTH AMENDMENT TO THE [U.S.] CONSTITUTION STATES; 'IN ALL CRIMINAL PROSECUTIONS, THE ACCUSED SHALL ENJOY THE RIGHT TO... BE CONFRONTED WITH THE WITNESSES AGAINST HIM...

" AN ACCUSED'S RIGHT TO COMPULSORY PROCESS IS ALSO FOUND IN ARTICLE I, §6, CONSTITUTION OF ALABAMA OF 1901..."

" 'THE RIGHT... IS IN PLAIN TERMS <u>THE RIGHT TO PRESENT A DEFENSE</u>, THE RIGHT TO PRESENT THE DEFENDANT'S VERSION OF THE FACTS AS WELL AS THE PROSECUTIONS

TO THE JURY SO IT MAY DECIDE WHERE THE TRUTH
LIES..., THE RIGHT IS A FUNDAMENTAL ELEMENT OF
DUE PROCESS LAW.'" @ 955-956 (REVERSED AND REMANDED)

HERE, THE SIMILARITIES BETWEEN MCTERRY AND
THE INSTANT CLAIM ARE IDENTICAL. THE ONLY EVIDENCE
CONNECTING GREENWOOD WITH THE CRIME WAS THE EYE
WITNESS TESTIMONY OF COPELAND. GREENWOOD DENIED
HE WAS BROWN'S ACCOMPLICE. COPELAND WAS THE VICTIM
AND ONLY TESTIFYING EYE WITNESS. SERILLO WAS THE
SECOND VICTIM AND EYE WITNESS TO THE CRIME. THE
ONLY WAY TO REBUTT COPELAND'S TESTIMONY WAS TO
CROSS-EXAMINE SERILLO, WHO WOULD HAVE TESTIFIED
THAT GREENWOOD WAS NOT BROWN'S ACCOMPLICE. RE-
GARDLESS OF WHAT SERILLO'S TESTIMONY WOULD HAVE
BEEN, THE DENIAL OF THE RIGHT TO CROSS-EXAMINE IS
A REVERSIBLE ERROR. See DAVIS V. ALASKA, @ 355

b.  IS AN EVIDENTIARY HEARING DUE IN THIS CASE,
FOR THIS ISSUE?

    INEFFECTIVE CLAIMS OF COUNSEL ARE REVIEWED UNDER
THE U.S. SUPREME COURT DECISION IN STRICKLAND V.
WASHINGTON, 466 U.S. 668 (1984), A CLAIMANT LIKE
GREENWOOD MUST SHOW (1) DEFICIENT PERFORMANCE OF
COUNSEL:

    HERE, TRIAL COUNSEL ADMITTED HIS OWN ERROR

ON RECORD BY STATING: "THAT'S [SERILLO] ONE OF THE WITNESSES WE NEED HERE..." (DA. R168-169, L8-9) COUNSEL ALSO MENTIONED SERILLO IN HIS MOTION TO DISMISS. (DA. R98, L8-15) COUNSEL STILL TOOK NO STEPS TO SUBPOENA SERILLO.

COUNSEL KNEW OF SERILLO AS THE SECOND EYE WITNESS WHEN SERILLO'S NAME WAS REVEALED IN GREENWOOD'S FIRST TRIAL. (DA. R55, L5-16; 61, L8-24 DURING THE SECOND TRIAL, COPELAND TESTIFIED THAT SERILLO LIVED FOUR HOUSES DOWN FROM HIS (COPELAND'S) COUSIN'S HOUSE. THE TRIAL COURT ALSO ADDRESSED THIS MATTER AND TOLD COUNSEL HE HAD AMPLE TIME TO FIND SERILLO. (DA. R37, L6-17; 60, L23-25; 61)

THUS, COUNSELOR'S DEFICIENT PERFORMANCE IS EASILY ESTABLISHED BY COUNSEL'S OWN STATEMENT AND BY THE TRIAL COURT.

PRONG TWO OF THE STRICKLAND TEST IS: (2) PREJUDICE TO DEFENDANT AND ABSENT COUNSELOR'S ERRORS A REASONABLE ABILITY OF A DIFFERENT RESULT. THAT HAS ALSO BEEN SHOWN BY THE DENIAL OF GREENWOOD'S SUBSTANTIAL RIGHT OF CROSS EXAMINATION; ALSO, THAT SERILLO WOULD HAVE TESTIFIED GREENWOOD WAS NOT BROWN'S ACCOMPLICE, WHICH WOULD HAVE CREATED REASONABLE DOUBT IN THE JURY'S MIND.

THUS, THESE CLAIMS WERE, AND ARE, DUE TO BE AD-DRESSED BY THE TRIAL COURT. THE ALABAMA COURTS HAVE CONSISTENTLY REMANDED CASES BACK TO THE TRIAL COURTS FOR THE COURT'S FAILURE TO ADDRESS AN IN-EFFECTIVE CLAIM BY AN EVIDENTIARY HEARING.

" DEFENDANT'S PETITION, ASSERTING HIS TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO SUBPOENA THE WITNESS... AND ANOTHER WITNESS, BECAUSE BOTH WOULD HAVE REFUTED THE STATE'S ONLY EVIDENCE... HAD TO BE RE-MANDED FOR FAILURE OF THE CIRCUIT COURT TO MAKE SPECIFIC FINDINGS OF FACT... " Ex parte GRAU, 791 So.2d 345 (Ala. 2000) See ALSO CLICK V. STATE, 821 So.2d 218 (Ala. Cr. App. 1999), AND BULLARD V. STATE, CR-03-0280 (March 26, 2004, Ala. Cr. App.), BOTH WERE REMANDED FOR FAILURE OF THE CIRCUIT COURT TO ADDRESS THE CLAIMS OF INEFFECTIVE COUNSEL.

## CONCLUSION

BECAUSE THESE ARE THE SAME CLAIMS PRESENTED IN THE FIRST PETITION, WHICH WERE NOT ADDRESSED OR AD-JUDICATED ON THE MERITS IN THAT PETITION, THEY ARE NOT PRECLUDED AS SUCCESSIVE UNDER RULE 32.2 (b).

BECAUSE THE CLAIMS COULD BE MERITORIOUS, THEY ARE DUE TO BE ADDRESSED BY THE TRIAL COURT IN AN EVIDENTIARY HEARING AND /OR BY ANY AND ALL OTHER RELIEF DUE.

**32**

EXHIBIT A

In Reference to my case No# CC 02000905 My name is Jamar Brown, On this date and time 11-21-02 I plead out to a crime I had committed, but to my understanding there is a guy by the name of Kourtney Greenwood who I supposedly have as a codenfendent but I don't even know of that guy and he is not the person that was even present with me at the time this incident took place." I'll just start like this during my stay in the Montgy, County, Jail whenever I spoke with my lawyer Winston Durant about my cases he always seemed to speck of and ask about this guy buy the name of Kourtney Greenwood but I always told him I didn't even know a guy by that name so I stayed in the County Jail about 9 Mounths so as time went on I went to court and plead guilty to the crimes I had committed, a I noticed at this time the D.A. who name was Perkins and another white guy who I think was a D.A. who some was Perkins said along with my lawyer Winston Durant all continously asked me about the dude Kourtney Greenwo, so I told them I did not even know him which I really still do not so while sitting in the li cells in the back of the courtroom I was called out several times to talk to my lawyer and that DA. lady name Ms. Perkins, so on one occasion I was called out to talk to that lady, DA. Perkins and a white guy, so she asked me bout Kourtney Greenwood again so I said I keep telling yall I don't know that dude why yall keep

i

asking me the same thing", so the lady D.A. Perkins said he's not a witness for Kourtney Greenwood is he speeking to the white guy I don't know his name, so the white guy said I don't think so, so I was like witness what", what yall talking bout, so the lady D.A. Perkins said, we mean without you testifying in court for this guy we have a case on this guy. so the lady D.A. said Mr Jamar Brown you work with me I'll work with you then she said I'll see to you getting 20/3 sapt return or probation, then she said you don't have to worry bout nothing I'm going to talk to the Judge, then she said you have a nice day Mr Jamar Brow. I'll see you on the 12th of Dec til then just remember what I said then she left. So I aint never been in nothi like this before but sapt return or probation sounded good, so it was like a day before I went to get sentenced, I was called down to court, so when I got down there it was this other white guy name Hartley or some, I think he was that guy Kourtney Greenwood lawyer, then my lawyer that same D.A. Perkins lady and the other white guy who was with her before came to talk to me bout Testifying for that guy Kourtney Greenwood, so to be honest I was really thinking bout thi sapt return or probation I was told I would get", so I just told them all the troth, that I don't even know a guy buy that name probably never seen him before and that he was not the guy that was present with me at

2

3

the time I committed these crimes, but then I also said I was not going in that courtroom to testifying, and it seen like that lady D.A. Perkins knew this was going to happen to me like this, but I didn't say nothing," the reason for this letter to whomever it may concern is, I don't know if that guy Kourtney Greenwood went to trial or whatever, but I heard through the jail and from a couple of people I think knew him that he got messed up for some he didn't know anything about", and I Jamar Brown is a witness to that I know for a fact that guy name Kourtney Greenwood did no commit these crimes and do not know anything about them unless he was told or heard some about it, cause he I know was not the guy who was with me at the time all this trouble occurred I don't know how he ended up in this, but it has to be some mistake made somewhere you know I sat back for months & months and I look back on how this all happened I think I could have stopped an innocent man out, and believe me I know he's innocent, and if there any way possible to whomever this letter may concern that I can do anything to help this guy out, I will do it, cause I am a changed man myself now and I can't conti to go on with this on my mind, and the good lord has brought me to say this was all wrong from the start, an it has gotten a innocent man in a messed up situation, and I fought myself and that lady D.A. Perkins for ti mistake, and I Jamar Brown am willing to testify or do whatever possible right now to not have that inno

3

4

man punished for my trouble. To whom ever this may concern will you please respond soon.

X In reference To: Again I Jamar Brown do not even know Kourtney Greenwood, and he is not the guy who was with me at the time I committed these crimes, and he was as a Innocent man is being punished for some he did not do an/or knows nothing about, which I fought myself and D.A. Perkins for this mistake, and I am willing to Testify in Kourtney Greenwood behalf or do whatever to make things right here to ever it may concern.

Sincerely,
Jamar Brown  Jamar Brown

_____ Notary _____
State of Ala - Mt. Co.
Sworn to and subscribed before me this 18
day March  03.

My commission Expires 1-17th day of 2006.
Betty Sloan - Notary Public

Sincerely Jamar Brown AIS# 227221
case# CC 2002-908

4

**36**

IN THE MONTGOMERY COUNTY CIRCUIT COURT

KOURTNEE S. GREENWOOD,　　　*

PETITIONER,　　　　　　　　　　*　　CASE NO. CC 02-909.61

VS.　　　　　　　　　　　　　　*

STATE OF ALABAMA,　　　　　　*

RESPONDENT.　　　　　　　　　*

　　　　　　　　　　　　　　　　*

NOV 2004 Filed Melissa Rittenour Circuit Clerk

## SUPPLEMENT TO RULE 32 PETITION

COMES YOUR PETITIONER IN THE ABOVE STYLED CAUSE AND SUBMITS THIS SUPPLEMENT TO THE RULE 32 PETITION FILED ON OR ABOUT NOVEMBER 1, 2004.

1. <u>CONCERNING GREENWOOD'S ALLEGATIONS OF THE STATE'S REBUTTAL WITNESS, HAROLD FRANKLIN, FOUND ON PAGE 13 OF THE RULE 32 PETITION:</u>

(1.) DETECTIVE BUCE TESTIFIED HE DEVELOPED GREENWOOD AS A SUSPECT IN THE INSTANT OFFENSE BY A TIP PHONED IN FROM HAROLD FRANKLIN. (DA. "DIRECT APPEAL" R 94, L 11-15)

(2.) FRANKLIN HAD APPARENTLY PLACED CHARGES AGAINST GREENWOOD FOR AN EARLIER ROBBERY IN WHICH FRANKLIN HIMSELF WAS THE VICTIM. (R 93, L 23-25; 94-95 DA.) THOSE CHARGES WERE NEVER RETURNED BY AN INDICTMENT OF THE GRAND JURY. (DA. R 95, L 10-24)

(3.) THIS PRIOR OFFENSE ALLEGEDLY OCCURRED ON MARCH 30, 2002. THE STATE BROUGHT IN FRANKLIN TO REBUTT GREENWOOD'S ASSERTION THAT HE (GREENWOOD) DID NOT KNOW JAMAR BROWN AND WAS NOT BROWN'S ACCOMPLICE IN THE INSTANT CRIME. FRANKLIN ALLEGEDLY CLAIMED BROWN AND GREENWOOD ROBBED HIM ON MARCH 30, 2002, IN THE PRIOR OFFENSE. (DA. R93, L23-25 - R95)

(4.) FRANKLIN STATED THAT HE SAW GREENWOOD AND BROWN TOGETHER ON MARCH 30, 2002. FRANKLIN STATED HE KNEW GREENWOOD. (DA. R147, L17-25 - R148, L1) FRANKLIN STATED HE ALSO KNEW JAMAR BROWN. (DA. R148, L 15-20) MOST IMPORTANTLY, FRANKLIN STATED HE KNEW GREENWOOD AND WHO GREENWOOD WAS PRIOR TO MARCH 30, 2002, THE DATE FRANKLIN WAS ALLEGEDLY ROBBED BY BOTH BROWN AND GREENWOOD. (DA. R150, L6-12)

(5.) ATTACHED HERETO AS EXHIBITS "A" AND "B" IS A COPY OF THE POLICE REPORT FILED BY FRANKLIN ON MARCH 30, 2002, WHEN HE WAS ALLEGEDLY ROBBED BY GREENWOOD AND BROWN. UNDER NO.'s #99 AND #116 FOR "SUSPECTS" IS LISTED "U" FOR UNKNOWN. (see Exhibit "B") Also #27, OFFENDER "UNKNOWN" TO FRANKLIN. (THE VICTIM)

(6.) THE ABOVE FACT CLEARLY DISCREDITS FRANKLIN'S TEST-IMONY THAT HE KNEW GREENWOOD PRIOR TO MARCH 30, 2002. IF FRANKLIN DID KNOW GREENWOOD AND BROWN, AND HAD IN FACT SEEN THEM TOGETHER, FRANKLIN WOULD HAVE TOLD THE OFFICER WHO FILLED OUT THIS REPORT.

(7.) THIS FACT IS IMPORTANT TO GREENWOOD'S CLAIM OF HIS COUNSEL'S INEFFECTIVENESS IN FAILING TO SUBPOENA SERILLO, THE ONLY OTHER EYE-WITNESS TO THE INSTANT CRIME. WITHOUT FRANKLIN'S TESTIMONY IT WAS GREENWOOD'S WORD AGAINST COPELAND'S (THE VICTIM). (SEE RULE 32, p. 12-19)

WHEREFORE, ABOVE PREMISES CONSIDERED, PETITIONER PRAYS THE COURT WILL SUPPLEMENT THE RULE 32 PETITION WITH THE ADDITIONAL FACTS CONTAINED HEREIN AND EXHIBITS ATTACHED HERETO.

DONE THIS 13TH DAY OF NOVEMBER, 2004.

RESPECTFULLY SUBMITTED,

*Kourtnee Greenwood*

KOURTNEE SOVENSKY GREENWOOD, pro se
# 179810 /B
100 WARRIOR LANE
BESSEMER, AL 35023-7299