Notice: This unpublished memorandum should not be cited as precedent.  See Rule 54, Ala.R.App.P.  Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555



H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-0334                Montgomery Circuit Court CC-02-909.61

<u>Kourtney Sovern Greenwood v. State of Alabama</u>

Cobb, Judge.

    On December 11, 2002, Greenwood was convicted of first-degree robbery.  The trial court sentenced him, as a habitual offender, to life in prison.  On appeal, this Court affirmed his conviction and sentence in an unpublished memorandum. <u>Greenwood v. State</u> (No. CR-02-0634), 880 So. 2d 510 (Ala. Crim. App. 2003) (table).  The certificate of judgment was issued on August 15, 2003.

    On November 8, 2004, Greenwood filed this, his second, Rule 32, Ala. R. Crim. P., petition.  On November 18, 2004, the State filed a motion to dismiss the petition.  On that same date, the circuit court summarily denied the petition.

1



This appeal followed.

In his petition, Greenwood claimed that newly discovered evidence existed that required that his conviction and sentence be vacated. Specifically, Greenwood claimed that, on March 30, 2003, he received an affidavit from one Jamar Brown, who claimed that he would have testified for Greenwood, but the prosecutor "persuaded him not to testify in return for a lighter sentence [for] himself." (C. 14.) Also, Greenwood claimed that trial counsel rendered ineffective assistance by failing to subpoena "a key witness." (C. 24.) Finally, Greenwood also claimed that he was entitled to an evidentiary hearing on both claims. On appeal, Greenwood reiterates the claims from his petition.

"[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So. 2d 1097, 1098 (Ala. 2001).

Rule 32.7(d), Ala. R. Crim. P., provides for the summary disposition of a Rule 32 petition only

> "[i]f the court determines that the petition is not sufficiently specific [in violation of Rule 32.6(b), Ala. R. Crim. P.], or is precluded [under Rule 32.2, Ala. R. Crim. P.], or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings ...."

Both Greenwood's newly discovered evidence claim and his ineffective assistance claim were raised in his first Rule 32 petition. This Court found the newly discovered evidence claim to be without merit and the ineffective assistance of counsel claim to be insufficiently pleaded. Greenwood, supra.

> "If a petitioner has previously filed a petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of that same trial or guilty-plea proceeding shall be treated as successive petitions under this rule. The court

<u>shall not grant relief on a successive petition on the same or similar grounds on behalf of the same petitioner.</u>"

Rule 32.2(b), Ala R. Crim. P. (Emphasis added.) Greenwood's petition was precluded as successive. Additionally, the ineffective assistance of counsel claim was precluded by the period of limitations in Rule 32.2(c). Because Greenwood's petition was precluded as successive, summary disposition was appropriate. Accordingly, the judgment of the circuit court is affirmed.

AFFIRMED.

McMillan, P.J., and Shaw, J., concur. Baschab, J., concurs in the result. Wise, J., not sitting.