IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KOURTNEE GREENWOOD, #179810, | ) |
| Petitioner, | ) |
| VS. | ) CIVIL ACTION NO 2:05-CV-733-T |
| JAMES DELOACH, ET AL., | ) |
| Respondents. | ) |

**PETITIONER'S OBJECTION TO RESPONDENTS' ANSWER**

COMES Now the Petitioner in the above-styled cause, Kourtnee Greenwood, pro se, as Ordered by this Court on September 16th 2005.

1. Mr. Greenwood is in custody in violation of the constitution, laws and treaties of the United States, pursuant to 28 U.S.C. § 2241(C)(3); U.S.C. § 2245(a).

2. The State admits in the first part of their answer that Mr. Greenwood has exhausted the remedies available to him in the Alabama Court system. <u>Greenwood v. State</u>, 880 So.2d 510 (Ala.Cr.App.2003) Specifically, claims of ineffective assistance of counsel based on counsel's failure to subpoena potential witness, Serillo and appellate counsel's failure to file claim ineffective assistance of counsel on trial counsel's failure to claim ineffective assistance of counsel

in a motion for new trial and on direct appeal, without an evidentiary hearing. (See Paragraph 14, pg.10 of Respondent's Answer).

3. The state further admits that Mr. Greenwood exhausted his state remedies in regard to issues contained in his first Rule 32 petition. Id. (Exhibit D of Respondent's Answer) Wherein, allegations include claims of:

(A) Conviction obtained by use of evidence gained by an unlawful arrest.

(B) Circuit court having no jurisdiction to imposed sentence.

(C) Newly discovered material facts exist which require that his conviction or sentence be vacated, due to the fact that facts relied upon were not known to petitioner to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence, and that the facts establish that Mr. Greenwood is "innocent" of the crime for which he was convicted of.

(D) Illegality of his life sentence, pursuant to an indictment charging third degree robbery, and erroneous application of state Habitual Felony Offenders Act (HFOA).

(E) violation of Mr. Greenwood's Sixth and Fourteenth Amendments rights to compulsory process of obtaining witnesses in his favor. Id

4.   The State summarily dismissed Mr. Greenwood's Rule 32 petition. Although, Alabama Rules of Criminal Procedure's 32.9(a) allows for summary disposition of a petition for post-conviction relief pursuant to Rule 32 relief without the necessity of an evidentiary hearing.  Alabama case law has made it clear that such a disposition should be based upon "*facts supporting the position of each party that are fully set out in supporting affidavits*". Johnson v. State, 564 So.2d 1019, 1021 (AlaCr.App.1989). In Benefield v. State, 583 So.2d 1370 (Ala.Cr.App.1991), this court held that substantive or meritorious allegations "warrant either an evidentiary hearing or an adequate explanation for their denial." In any case, the trial court is required to make "specific findings of fact relating to the issues relating to the issues raised by the appellant." Johnson v. State, 564 So.2d at 1021.

5.   In the case at bar, the trial Court did not have before it any sworn affidavits or documentation submitted by the State in support of its Motion to Dismiss; the trial court

failed to address Mr. Greenwood's claim of innocent. In which, the crux of this case is: "*prosecution misconduct*" in the form of words, i.e., persuaded witness, alleged accomplice, Jamar Brown, with leniency if he refused to testify for the defense. (See Affidavit Of Jamar Brown) The State submitted no evidence, testimony, or answer in regard to Mr. Greenwood's allegation of prosecution misconduct in support of its Motion To Dismiss, and this allegation therefore stands unrefuted.

6. Moreover, the trial court makes no reference to any specific facts with regard to the prosecution misconduct consistently alleged by Mr. Greenwood in the form of the District Attorney persuading alleged accomplice, Jamar Brown not to testify on behalf of Mr. Greenwood in violation of his Sixth and Fourteenth Amendment right to the United States Constitution to a fair trial. (See Respondent's Exhibit "D" pg.24-26) Which is the crux of this case. In that the trial Court's conclusion, denying Mr. Greenwood relief on this issue is arbitrary and deficient.

7. The State acknowledge that Mr. Greenwood submitted affidavit of his alleged accomplice, Jamar Brown. In that affidavit Jamar Brown states: "*that he did not know [Mr.*

*Greenwood], and that [Mr. Greenwood] was not presence with him during the robbery"*. Mr. Greenwood submitted that this information is newly discovered to [him], with regard to the prosecution's agreement with the alleged accomplice for refusing to testifying on behalf of Mr. Greenwood in exchange for leniency. (See § 12 E Petitioner's First Rule 32 petition). The trial court denied relief to Mr. Greenwood on this claim, because the alleged accomplice stated in the affidavit that: *"...[H]e had spoken to Greenwood's trial counsel and that he was aware of this information before the trial"*. (See Affidavit of Jamar Brown, and pg. 14 of Respondents' Answer).

8. The above statement misstates the Mr. Greenwood's position, the contents of Mr. Greenwood's Rule 32 petition, and appears to reflect a fundamental misunderstanding of Mr. Greenwood's facts and claims. Mr. Greenwood claimed that: "contents of affidavit of alleged accomplice were newly discovered to him". Neither the prosecutor, trial court, or trial counsel informed Mr. Greenwood, that the prosecution made an agreement with Jamar Brown of leniency, for his refusal to testify on behalf of Mr. Greenwood's defense. The exclusion of

evidence bearing on Jamar Brown accepting plea agreement, in the case, violates principles of procedural fairness. Crane v. kentucky, 476 U.S. 683, 689, 106 S.Ct.2142, 2146, 90 L.Ed.2d 636 (1986)

9. Acquiring the alleged accomplice, Jamar Brown to refuse to testify was crucial to the State's case, and the State conceded this point in oral argument saying: "... [W]e have a case without [Jamar Brown testifying]".(R-60) The record further reflect that the prosecutor, trial court, and trial counsel knew, that the alleged accomplice stated that: "[H]e did not know Mr. Greenwood" (R-60), but the State failed to disclose the agreement and excluded potentially exculpatory evidence, which in its self is a violation of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and a violation of Mr. Greenwood's right to a fair trial. "... *Evidently it also needs to be repeated that the overriding responsibility of this Court is to the Constitution of the United Stats, no matter how late it may be that a violation of the Constitution is found to exist. This Court may not disregard the Constitution because an appeal in this case, as in others, has been made on the eve of execution. We*

*must be deaf to all suggestions that a valid appeal to the Constitution, even by a guilty man, comes too late, because courts, including this Court, were not earlier able to enforce what the Constitution demands"*... <u>Chessman v. Teets</u>, 354 U.S. 156, 1 L.Ed 2d 1253, 77 S.Ct.1127 (1957).

10. The "totality' of these circumstances lead us to the inevitable conclusion that the acts and omitting of counsel, prosecutor, and of the court in this case made a sham and mockery of the proceedings and deprived Mr. Greenwood of his rights as guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution.

11. Mr. Greenwood, a pro se petitioner, should be held to less strict standards than a motion drafted by a lawyer. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957), and "If [Mr. Greenwood] alleges facts that, if true, would entitle him to relief, then the District Court should order an evidentiary hearing and rule of the merits of his claim. <u>McCoy v. Wainwright</u>, 804 F.2d 1196, 1199-1200 (11th Cir. 1986).

12. Mr. Greenwood reiterates all of his arguments in a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 filed on July 22, 2005 in the United States District

Court For Middle District of Alabama.

13. The State procedural rule used to determine Mr. Greenwood's rights are not adequate. The adequacy requirement has been interpreted to mean that the state procedural rule must not be applied "in an arbitrary or unprecedented fashion". Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir.2001).

14. The State's denial of relief sought by Mr. Greenwood rest upon mere speculation and conjecture, or no answer at all, with regard to whether the exclusion of alleged accomplice's testimony contributed to the guilty verdict of Mr. Greenwood. (See State's Exhibit F).

15. The state never address whether the prosecutor's conduct, intimidating witness, alleged accomplice, Jamar Brown, contributed to the guilty verdict as alleged by Mr. Greenwood, and supported by affidavit of witness, the alleged accomplice, in violation of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and it is clear how questioning the alleged accomplice would have helped Mr Greenwood's defense.

16. State courts have consistently held that: "Before a second or subsequent petition can be deemed successive, a

previous petition must have been considered on its merits. In order for a petition to be barred as successive, the State must plead that the prior petition had been adjudicated on its merits. Pearson v. State, 586 So.2d 1010 (Ala.Cr.App. 1991); Blount v. State, 572 So.2d 498 (Ala.Cr.App.1990), and Ellison v. State, 593 So.2d 150 (Ala. Cr.App.1991). The State have not adjudicated Mr. Greenwood's claim of prosecutor misconduct on its merits.

17.  Alabama State Courts have held that a petitioner, who alleged that his attorney failed to interview witnesses and to investigate [corroborating testimony for] defense, stated a meritorious claim on its facts. Test V. State, 589 So.2d 815 (Ala.Cr.App.1991).

18.  As in Mr. Greenwood's case. Mr. Greenwood was incarcerated and being so, unable to secure any ones presence at trial, but requested counsel to do so, by giving him names and addresses to secure their presence at trial, trial counsel also knew that testimony of alleged co-defendant would have corroborated with testimonies of witnesses and Mr. Greenwood, but he fail to secure them.

19.  The adequacy of a pretrial investigation turns on

the complexity of the case and trial strategy. *Washington v. Strickland*, 693 F.2d 1243, 1251 (11th Cir.1982). Here there was only one strategy: "an alibi defense". By not inquiring as to Mr. Greenwood's whereabouts on the day of the robbery, and the alleged accomplice's testimony that sufficiently corroborated, Mr. Greenwood's testimony, trial counsel's investigation was inadequate. See *Nealy v. Cabana*, 764 F.2d 1173 (5th Cir.1895); *Gomez v. Beto*, 462 F.2d 596,597 (5th Cir.1972)(failure to investigate sole defense; failure to subpoena requested alibi witnesses established ineffectiveness); cf. *Aldrich v. Wainwright*, 77 F.2d 630,637 (11th Cir.1985)(failure to conduct meaningful pretrial investigation satisfies first prong of *Strickland* test). Nonetheless Mr. Greenwood's defense was sufficiently prejudiced by his trial counsel's ineffectiveness to the extent that the confidence in the outcome of the trial was undermind. *Strickland*, 104 S.Ct.at 2068. *Code v. Montgomery*, 799 F.2d 1481 (11th Cir.1986). Mr. Greenwood was deprived of his constitutional right to present a defense, clearly indicates there is a reasonable possibility that the exclusion of the evidence could have contributed to the guilty verdict in violation of the *Chapman* standard.

20. Failure to consider Mr. Greenwood's claim would result in a fundamental miscarriage of justice. Mr. Greenwood is actually innocence of the crime he is convicted of, and as such would constitute cause, under the cause and prejudice standard to excuse procedural default. Murray V. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 2646, 91 L.E.2d 397 (1986)(citing) Brown v. Allen, 344 U.S. at 486, 73 S.Ct. At 422. Wherein. Mr. Greenwood claims that trial counsel's ineffectiveness impeded his efforts' to raise the claim in state court, and therefor satisfy the cause and prejudice standard. McClesky v. Zant, 499 U.S. 467, 493, 111 S.Ct. 1454, 1470, 113 L.E.Ed.2d 517 (1991) In that, this Court may issue a writ of habeas corpus regardless of any procedural default. United States v. Frady, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982).

**WHEREFORE THE PREMISES CONSIDERED**, Kourtney Greenwood prays that this Honorable Court grant writ of habeas corpus petition and set a date for an evidentiary hearing, appoint counsel and any and all other relief to which he may be entitled.

Respectfully submitted ths ___ day of September, 2005.

*Kourtnee Greenwood*
Kourtnee S. Greenwood,
Petitioner (Pro Se)
Draper Correctional Center
P.O. Box 1107
Elmore, Alabama 36025

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing Objection on counsel of record listed below:

Hon. Kristi Deason Hagood,
Deputy Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7408

by placing a copy of the same in the United States Mail, first class, postage prepaid and properly address to the regular mailing address and vis to the Clerk of the United States District Court for the Middle District of Alabama on this ___4th___ day of October - 2005.

*Kourtnee Greenwood*
OF PETITIONER