RECEIVED

2005 OCT 31 P 2: 51

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KOURTNEE GREENWOOD, )
#179810, )
 )
      Petitioner, )
 )  CIVIL ACTION NO.
v. )  2:05-CV-733-T
 )
JAMES DELOACH, et al., )
 )
      Respondents. )

## SUPPLEMENTAL ANSWER OF RESPONDENTS

Come now the Respondents, by and through the Attorney General for the State of Alabama, and in response to this Honorable Court's Order issued on October 13, 2005, make the following supplemental answer to Petitioner's Motion to Amend:

1. In his motion to amend his federal habeas corpus petition filed in this Court on October 7, 2005, Kourtnee Greenwood ("Greenwood"), who is presently incarcerated in Draper Correctional Facility, attacks his December 11, 2002, conviction for robbery in the first degree in the Montgomery County Circuit Court on the following additional ground:

    G.    Greenwood claims that his trial counsel was ineffective for failing to present a constitutionally adequate alibi defense

> where he failed to investigate his whereabouts on the day of the robbery and to sufficiently investigate accomplice testimony which would have corroborated his alibi defense/testimony.

(Paragraph 19 of Greenwood's Motion to Amend Petition)

2. As previously stated in Respondents' answer filed on August 29, 2005, Respondents again admit that Greenwood was convicted of robbery in the first degree in a jury trial on December 11, 2002 in the Montgomery County Circuit Court, and that he was sentenced to life under the Habitual Felony Offender Act. Respondents aver that Greenwood's conviction and sentence are valid and constitutional under the laws and treaties of the United States and the State of Alabama.

3. Respondents again deny each and every material allegation of the petition and demand strict proof thereof.

## PROCEDURAL HISTORY

4. The State relies upon the procedural history as stated in Paragraphs 4-13 in its answer filed August 29, 2005.

5. On September 16, 2005, this Court issued an order giving Petitioner until October 11, 2005, to file a response to the answer filed by Respondents.

6. On August 17, 2005, Petitioner filed a motion to hold in abeyance and/or postpone further proceedings. On August 22, 2005, this Court denied that

motion. On September 15, 2005, Petitioner filed a motion to reconsider denial of his motion to hold in abeyance and/or postpone further proceedings. On September 21, 2005, this Court denied the motion to reconsider.

7. On October 7, 2005, Petitioner filed a response to Respondents' answer. In this Court's order issued on October 13, 2005, Petitioner's response was construed as a motion to amend as he presented an additional claim for relief. The Court ordered the State to file a supplemental answer to the following claim by or before October 31, 2005:

> Petitioner alleges that trial counsel failed to present a constitutionally adequate alibi defense where he failed to investigate properly Petitioner's whereabouts on the day of the robbery and failed to sufficiently investigate accomplice testimony which would have corroborated Petitioner's alibi defense/testimony.

## EXHAUSTION

8. Petitioner has not exhausted his state court remedies as to the claim raised in his amended petition, wherein he claims that his trial counsel was ineffective for failing to present a constitutionally adequate alibi defense by failing to properly investigate Petitioner's whereabouts on the day of the robbery and failing to sufficiently investigate accomplice testimony which would have corroborated Petitioner's alibi defense/testimony. "Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in

3

order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" See Snowden v. Singletary, 135 F.3d 732, 735 (11th Cir. 1998)(quoting Duncan v. Henry, 513 U.S. 364, 365 (1995)). In Duncan v. Henry, 513 U.S. at 365, the United States Supreme Court stated that a petitioner had not exhausted his state court remedies when they "did not apprise the state court of his claim that the evidentiary ruling of which he complained was not only a violation of state law, but denied him the due process of law guaranteed by the Fourteenth Amendment." See Snowden v. Singletary, 135 F.3d at 736. Petitioner has not exhausted his state remedies in regard to this issue because he did not raise it before the trial court. Therefore, this issue is due to be dismissed because it is not properly before this Court.

## STATUTE OF LIMITATION

9.    The State relies upon the statement regarding the statute of limitation as stated in Paragraphs 17-18 in its answer filed August 29, 2005.

## MEMORANDUM BRIEF

### A.  Claim G, raised in Greenwood's motion to amend his petition, is due to be dismissed because Petitioner failed to exhaust his state court remedies.

10.  Greenwood now claims that his trial counsel was ineffective for failing to present a constitutionally adequate alibi defense by failing to properly investigate Petitioner's whereabouts on the day of the robbery and failing to sufficiently investigate accomplice testimony which would have corroborated Petitioner's alibi defense/testimony.  Although Petitioner has raised the issue of "accomplice testimony" from Jamar Brown as a claim of newly discovered evidence, he has never raised it as a claim of ineffective assistance of counsel.  Further, this amended petition is the first time Petitioner has alleged ineffective assistance of counsel on the ground that counsel should have investigated his whereabouts on the day of the robbery.

11.  This claim is procedurally defaulted from federal relief because Greenwood is raising this issue for the first time in this federal habeas petition and, thus, did not raise this issue first in the Alabama state courts.  Title 28 U.S.C. § 2254(b)(1)(A) states that a petitioner must have exhausted all remedies available in the state courts before relief can be granted in a federal habeas corpus petition.  Absent a showing of actual cause and prejudice excusing the default, or a fundamental miscarriage of justice, this Court is barred from reviewing the claims

5

raised in this petition because they are procedurally defaulted. See Wainwright v. Sykes, 433 U.S. 72 (1977); Engle v. Isaac, 456 U.S. 107 (1982); Coleman v. Thompson, 501 U.S. 722, 730 (1991); Pitts v. Cook, 923 F.2d 1568, 1571 (11th Cir. 1991). "To show cause sufficient to excuse a procedural default, a petitioner ordinarily must establish that some objective factor external to the defense impeded his counsel's efforts to raise the claim." See Pitts v. Cook, 923 F.2d at 1571 (citing Murray v. Carrier, 477 U.S. 478 (1986)). The cause and prejudice test also applies to pro se litigants. See Alexander v. Dugger, 841 F.2d 371, 374, n. 3 (11th Cir. 1988); Schlup v. Delo, 513 U.S. 298, 314-317 (1995)(Miscarriage of justice exception requires new evidence of innocence, plus a constitutional violation.).

12.   Greenwood has shown neither cause nor prejudice, or a miscarriage of justice. The standing for proving these is high; thus, "[t]he burden of justifying federal habeas relief for state prisoners is greater than the showing required to establish plain error on direct appeal." See Engle v. Isaac, 456 U.S. 107, 135 (1982). Therefore, this Court should decline federal habeas review or relief on Petitioner's new claim of ineffective assistance of trial counsel. See Coleman v. Thompson, 501 U.S. 722, 730 (1991)(State prisoner who had defaulted his federal claims in state court pursuant to independent and adequate state procedural rules is

6

barred from review in federal habeas corpus unless the petitioner can demonstrate cause and prejudice).

28.     Accordingly, the claim Greenwood raises in his motion to amend the petition -- that his trial counsel was ineffective for failing to present a constitutionally adequate alibi defense where he failed to properly investigate Petitioner's whereabouts on the day of the robbery and failed to sufficiently investigate accomplice testimony which would have corroborated Petitioner's alibi defense/testimony -- is due to be dismissed because the claim is procedurally defaulted because it was not properly raised in state court, and it is wholly without merit.

## CONCLUSION

Based upon the foregoing, Greenwood's petition for writ of habeas corpus attacking his conviction for robbery in the first degree is due to be denied and dismissed with prejudice.

                                          Respectfully submitted,

                                          Troy King
                                          *Attorney General*

                                          Andy S. Poole
                                          *Assistant Attorney General*

                                          */s/ Kristi Deason Hagood*
                                          Kristi Deason Hagood - DEASK5596
                                          *Deputy Attorney General*
                                          *Counsel of Record*

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>31st</u> day of October, 2005, I served a copy of the foregoing on the petitioner, by placing said copy in the United States Mail, first class, postage prepaid and addressed as follows:

> Kourtnee Greenwood
> AIS #179810
> Draper Correctional Facility
> P. O. Box 1107
> Elmore, Alabama  36025

>                                        *(signature)*
>                                        Kristi Deason Hagood
>                                        *Deputy Attorney General**
>                                        DEASK5596

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
(334) 242-7408
226989/84412-001