RECEIVED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KOURTNEE GREENWOOD, #179810, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| VS. | ) CIVIL ACTION NO 2:05-CV-733-T |
| JAMES DELOACH, ET AL., | ) |
| | ) |
| Respondents. | ) |

**PETITIONER'S OBJECTION TO RESPONDENTS'
SUPPLEMENTAL ANSWER**

COMES Now the Petitioner in the above-styled cause, Kourtnee Greenwood, pro se, as Ordered by this Court on November 3, 2005.

1. Paragraphs 1 through 12 of Petitioner's original Objections are realleged and incorporated by reference.

2. Petitioner makes a specific Objection to Respondents' non-responsive answer to Petitioner's claim of Prosecution misconduct alleged in paragraphs 5-8 of Petitioner's Objection, construed by this Court as a motion to amend.

3. Mr. Greenwood contends that a specific instance of prosecutorial misconduct during the sentencing phase of alleged co-defendant, Jamar Brown rendered his trial

Page 1

constitutionally unfair; he also argues that the misconduct taken as a whole rendered the trial unconstitutional.

4. The state's answer and supplemental answer to the petition in the district court, the state did not response to Petitioner's allegation that the prosecutor's actions rendered the trial fundamentally unfair. In addition, the state's briefs, both in the district court and in the circuit court, do not assert the procedural bar against Mr. Greenwood's claims of prosecutorial misconduct. Therefore, the state has waived the procedural requirements for this claims with respect to which it did not assert a procedural default. See Harrison v. Jones, 880 F.2d 1279, 1282 (11th Cir. 1989); Boykins v. Wainwright, 737 F.2d 1539, 1545 (11th Cir.), cert. denied, 470 U.S. 1059, 105 S. Ct. 1775, 84 L. Ed. 2d 834 (1985).

STANDARD OF REVIEW

5. The court set out the standard for constitutional claims of prosecutorial misconduct in Brooks v. Kemp, 762 F.2d 1383, 1399-1403 (11th Cir. 1985) (en banc), vacated on other grounds, 478 U.S. 1016, 106 S. Ct. 3325 (1986), reinstated, 809 F.2d 700 (11th Cir.)(en banc), cert. denied, 483 U.S. 1010, 107 S. Ct. 3240 (1987). The essence of such a

claim is that the prosecutor's conduct as a whole violated the Fourteenth Amendment due process right to a fair trial. Different factors have been utilized by various courts in order to decide whether or not the cumulative errors at trial could be said to have, in reasonable probability, changed the result at trial including: 1) the degree to which the challenged remarks have a tendency to mislead the jury and to prejudice the accused; 2) whether they are isolated or extensive; 3) whether they were deliberately or accidentally placed before the jury; and 4) the strength of the competent proof to establish the guilt of the accused. Id. at 1402, <u>Walker v. Davis</u>, 840 F.2d 834, 838 (11th Cir. 1988).

6. Mr. Greenwood rely on the Supreme Court case <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 645, 94 S. Ct. 1868, 1872, 40 L. Ed. 2d 431 (1974), which held that a prosecutor's [conduct] violates the Constitution if it renders the defendant's trial "so fundamentally unfair as to deny him due process." Improper [conduct] by a prosecutor reaches this threshold of fundamental unfairness if it is "so egregious as to create a reasonable probability that the outcome was changed." Id. At 1403. A "reasonable

probability" is a probability sufficient to undermine confidence in the outcome. Strickland v. Washington, 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, ___, 104 S. Ct. 2052, 2068 (1984).

7. In a constitutional claim based on prosecutorial misconduct the court generally do not analyze whether a particular comment or action is unconstitutional, unless the conduct violates an expressly enumerated right. See Donnelly v. DeChristoforo, 416 U.S. at 643, 94 S. Ct. at 1871; Brooks, 762 F.2d at 1400. Instead, the Court determine whether a remark or [conduct], in the context of that trial, rendered the entire trial unfair. Id.

8. Although it is not the task of a habeas court to retry the defendant, the standard for reviewing prosecutorial misconduct requires a weighing of the nature and scope of the instances of misconduct against the evidence of guilt against the accused. See, e.g. Brooks, 762 F.2d at 1401. Clearly, where the evidence against the accused is very strong, in order to merit relief, prosecutorial misconduct would have to be even more egregious and pervasive than in cases where the evidence is

less compelling, e.g. where the defendant has a viable defense. <u>Davis v. Zant</u>, 36 F3d 1538 (11th Cir. 1994).

9. The State's case in chief was in no sense "compelling." There was no physical evidence connecting Mr. Greenwood to either the alleged co-defendant, robbery victim or the scene of the robbery. (R-97). The State's case against Mr. Greenwood depended upon the alleged co-defendant not testifying (R-60), The only physical evidence was the victim's identification. (R-90) and the jury's perception of the victim's accuracy in identifying Mr. Greenwood as the robber.

10. The record shows that the victim identified Mr. Greenwood as a result of an impermissibly suggestive photographic spread that Mr. Greenwood was placed in due to a phone call by another alleged victim, unrelated to the crime charged. (R-94-95). The victim was never able to give the police a description of his assailant's facial features (R-73) yet the victim testify that his pretrial and in-court identifications of Mr. Greenwood were based upon his recognition of his face:

> "A. Okay. What I was saying was, I looked
>    at his face. The face is not going to

change. The hair, cut it, clip it, dye it. The face it not going to change. I looked at the eyes, eyebrows, and everything. (R-75)."

11. The State admits in the first part of their answer that Mr. Greenwood has exhausted the remedies available to him in the Alabama Court system. <u>Greenwood v. State</u>, 880 So.2d 510 (Ala.Cr.App.2003) Specifically, claims of ineffective assistance of counsel based on counsel's failure to subpoena potential witness, Serillo and appellate counsel's failure to file claim ineffective assistance of counsel on trial counsel's failure to claim ineffective assistance of counsel in a motion for new trial and on direct appeal, without an evidentiary hearing. (See Paragraph 14, pg.10 of Respondent's Answer).

12. The state further admits that Mr.Greenwood exhausted his state remedies concerning issues contained in his first Rule 32 petition. Id. (Exhibit D of Respondent's Answer) wherein, allegations include claims of:

(A) Conviction obtained by use of evidence gained by an unlawful arrest.

(B) Circuit court having no jurisdiction to imposed sentence.

(C) Newly discovered material facts exist which require that his conviction or sentence be vacated, due to the fact that facts relied upon were not known to petitioner to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence, and that the facts establish that Mr. Greenwood is "innocent" of the crime for which he was convicted of.

(D) Illegality of his life sentence, pursuant to an indictment charging third degree robbery, and erroneous application of state Habitual Felony Offenders Act (HFOA).

(E) Violation of Mr. Greenwood's Sixth and Fourteenth Amendments rights to compulsory process of obtaining witnesses in his favor. Id

13. Mr. Greenwood contends that it is here where his claim derived from specifically claims (C) and (E).

14. Here, the State acknowledged that Mr. Greenwood submitted affidavit of his alleged accomplice, Jamar Brown. In that affidavit, Jamar Brown states:

"*[T]hat he did not know [Mr. Greenwood], and that [Mr. Greenwood] was not presence with him during the robbery*". Mr. Greenwood submitted that this information was newly discovered to [him], with regard to the prosecution's agreement with the alleged accomplice for refusing to testify on behalf of Mr. Greenwood in exchange for leniency. (See  12 E Petitioner's first Rule 32 petition). The trial court denied relief to Mr. Greenwood on this claim, because the alleged accomplice stated in the affidavit that: "*...[H]e had spoken to Greenwood's trial counsel and that he was aware of this information before the trial*". (See Affidavit of Jamar Brown, and pg. 14 of Respondents' Answer).

15.   Acquiring the alleged accomplice, Jamar Brown to refuse to testify was crucial to the State's case, and the State conceded this point in oral argument saying: "... [W]e have a case without [Jamar Brown testifying]".(R-60) The record further reflect that the prosecutor, trial court, and trial counsel knew, that the alleged accomplice stated that: "[H]e did not know Mr. Greenwood" (R-60), but the State failed to disclose the agreement and excluded potentially exculpatory evidence, which in its self is a violation of

pAgE 8

Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and a violation of Mr. Greenwood's right to a fair trial.

16. The "totality' of these circumstances lead to the inevitable conclusion that the acts and omitting of counsel, prosecutor, and of the court in this case deprived Mr. Greenwood of his rights as guaranteed by the Sixth and Fourteenth Amendment to the United States Constitution.

17. Mr. Greenwood, a pro se petitioner, should be held too less strict standards than a motion drafted by a lawyer. Conley v. Gibson, 355 U.S. 41, 45-46 (1957), and "If [Mr. Greenwood] alleges facts that, if true, would entitle him to relief, then the District Court should order an evidentiary hearing and rule of the merits of his claim. McCoy v. Wainwright, 804 F.2d 1196, 1199-1200 (11th Cir. 1986).

18. Mr. Greenwood reiterates all of his arguments in a petition for writ of habeas corpus, pursuant to 28 U.S.C. 2254 filed on July 22, 2005 in the United States District Court for Middle District of Alabama.

19. The State procedural rule used to determine Mr. Greenwood's rights are not adequate. The adequacy

requirement has been interpreted to mean that the state procedural rule must not be applied "in an arbitrary or unprecedented fashion". Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir.2001).

20.   The state never address whether the prosecutor's conduct, intimidating witness, alleged accomplice, Jamar Brown, contributed to the guilty verdict as alleged by Mr. Greenwood, and supported by affidavit of witness, the alleged accomplice, in violation of Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), and it is clear how questioning the alleged accomplice would have helped Mr Greenwood's defense.

21.   The adequacy of a pretrial investigation turns on the complexity of the case and trial strategy. Washington v. Strickland, 693 F.2d 1243, 1251 (11th Cir.1982). Here there was only one strategy: "an alibi defense", and by counsel not inquiring as to Mr. Greenwood's whereabouts on the night of the robbery, and the alleged accomplice's testimony that sufficiently corroborated, Mr. Greenwood's testimony, trial counsel's investigation was inadequate. See Nealy v. Cabana, 764 F.2d 1173 (5th Cir.1895); Gomez v. Beto, 462 F.2d 596,597 (5th Cir.1972)(failure to investigate sole defense; failure

to subpoena requested alibi witnesses established ineffectiveness); cf. Aldrich v. Wainwright, 77 F.2d 630,637 (11th Cir.1985)(failure to conduct meaningful pretrial investigation satisfies first prong of Strickland test). Nonetheless Mr. Greenwood's defense was sufficiently prejudiced by his trial counsel's ineffectiveness to the extent that the confidence in the outcome of the trial was undermind. Strickland, 104 S.Ct.at 2068. Code V. Montgomery, 799 F.2d 1481 (11th Cir.1986). Mr. Greenwood was deprived of his constitutional right to present a defense, clearly indicates there is a reasonable possibility that the exclusion of the evidence could have contributed to the guilty verdict in violation of the Chapman standard.

22.   Failure to consider Mr. Greenwood's claim would result in a fundamental miscarriage of justice. Mr. Greenwood is actually innocence of the crime he is convicted of, and as such would constitute cause, under the cause and prejudice standard to excuse procedural default. Murray V. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 2646, 91 L.E.2d 397 (1986)(citing) Brown v. Allen, 344 U.S. at 486, 73 S.Ct. At 422. Wherein. Mr. Greenwood claims that trial counsel's ineffectiveness impeded his efforts' to raise the claim in

state court, and therefore satisfy the cause and prejudice standard. <u>McClesky v.Zant</u>, 499 U.S. 467, 493, 111 S.Ct. 1454, 1470, 113 L.E.Ed.2d 517 (1991) In that, this Court may issue a writ of habeas corpus regardless of any procedural default. <u>United States v. Frady</u>, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982).

**WHEREFORE THE PREMISES CONSIDERED**, Kourtney Greenwood prays that this Honorable Court grant writ of habeas corpus petition and set a date for an evidentiary hearing, appoint counsel and any and all other relief to which he may be entitled.

Respectfully submitted this 17th day of November, 2005.

*Kourtney Greenwood*
Kourtney S. Greenwood,
Petitioner (Pro se)
Draper Correctional Center
P.O. Box 1107
Elmore, Alabama 36025

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served the foregoing Objection on counsel of record listed below:

Hon. Kristi Deason Hagood,
Deputy Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7408

by placing a copy of the same in the United States Mail, first class, postage prepaid and properly address to the regular mailing address and vis to the Clerk of the United States District Court for the Middle District of Alabama on this 17th day of November 2005.

_____
OF PETITIONER