FILED
MAR 24 2003
CLERK
ALA COURT CRIMINAL APPEALS

No. CR-02-0634

*In the* COURT *of* CRIMINAL APPEALS *of* ALABAMA

KOURTNEY SOVERN GREENWOOD,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

*On Appeal From the Circuit Court of Montgomery County (CC-02-909)*

**BRIEF OF APPELLEE**

William H. Pryor Jr.
*Attorney General*

Michael B. Billingsley
*Assistant Attorney General*

Kristi Deason Hagood
*Deputy Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130
(334) 242-7300*

March 24, 2003



## STATEMENT REGARDING ORAL ARGUMENT

The State does not view oral argument as necessary in this case because the issue raised is not complicated and has been thoroughly briefed.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT........................... i

TABLE OF CONTENTS.......................................... ii

TABLE OF AUTHORITIES...................................... iii

STATEMENT OF THE CASE....................................... 1

ISSUE PRESENTED FOR REVIEW.................................. 2

STATEMENT OF THE FACTS...................................... 2

STANDARD OF REVIEW.......................................... 6

SUMMARY OF THE ARGUMENT..................................... 6

ARGUMENT.................................................... 7

  The Trial Court Properly Denied Greenwood's Motion For
  Judgment Of Acquittal. ..................................... 7

CONCLUSION................................................. 14

CERTIFICATE OF SERVICE..................................... 15

# TABLE OF AUTHORITIES

**Cases**

Baird v. State, CR-00-2047, 2002 WL 1397493 (Ala. Crim. App. Jun. 28, 2002) .................................... 11

Flint v. State, 745 So. 2d 295 (Ala. Crim. App. 1999) ..... 8

Harris v. State, 745 So. 2d 940 (Ala. Crim. App. 1999) ... 13

Harris v. State, CR-00-0818, 2002 WL 31151417 (Ala. Crim. App. Sept. 27, 2002) ..................................... 9

Jones v. State, CR-01-0086, 2002 WL 1998229 (Ala. Crim. App. Aug. 30, 2002) ...................................... 8

Manson v. Brathwaite, 432 U.S. 98 (1977) ................. 12

**Other Authorities**

Code of Alabama (1975)

§13A-2-23(2) ........................................... 9

§13A-8-41(a)(1) ........................................ 9

§13A-8-43(a)(1) and (2) ................................ 9

## STATEMENT OF THE CASE

This appeal arises from the conviction and sentence of Kourtney Greenwood ("Greenwood") for one count of robbery in the first degree in the Circuit Court of Montgomery County, Alabama. Judge Sally M. Greenhaw presided.

On July 19, 2002, the Montgomery County Grand Jury indicted Greenwood for one count of robbery in the first degree committed with a fire arm. (C. 5-6) On August 1, 2002, Greenwood pleaded not guilty to the indicted charge. (C. 1) On September 23, 2002, the State filed notice of its intent to have Greenwood sentenced under the Habitual Felony Offender Act and the Firearm Enhancement statute upon conviction. (C. 7-8) On October 30, 2002, a mistrial was declared after a jury was sworn and testimony was taken. (C. 2) On December 10, 2002, another jury was struck and the case was tried a second time. (R. 1) At the close of the State's case, Greenwood made a motion for judgment of acquittal; the trial court denied this motion. (R. 98, 154) On December 11, 2002, the jury returned a verdict finding Greenwood guilty of robbery in the first degree. (C. 2, 13; R. 213)

At the sentencing hearing on December 30, 2002, the State presented evidence that Greenwood had been previously convicted of robbery in the first degree and possession of marijuana in the first degree. (C. 14-33) The trial court sentenced Greenwood to a life sentence and ordered him to pay $96 in restitution, a $50 assessment to the Crime Victim's Compensation Fund, court costs, attorney's fees, and half of all money that he earns in the penitentiary. (C. 3) At the sentencing hearing, Greenwood gave oral notice of appeal. (C. 3)

## ISSUE PRESENTED FOR REVIEW

Did the trial court err in denying Greenwood's motion for judgment of acquittal?

## STATEMENT OF THE FACTS

On April 8, 2002, Kourtney Greenwood and Jamar Brown robbed Larry Copeland, Jr., of his wallet at gunpoint. Subsequently, Greenwood was convicted of robbery in the first degree in the Montgomery County Circuit Court.

At approximately 11:00 p.m. on April 8, 2002, Larry Copeland, Jr., was walking in the area of Virginia Loop

2

Road and Raintree Drive on his way to visit a friend who lived in Stonebridge Apartments. (R. 35-36) While walking, he encountered a thirteen-year-old boy named Serillo that he knew. Copeland and the boy were walking in front of the Stonebridge Apartments when Copeland noticed that two men were walking behind them. (R. 36-38) Copeland looked over his shoulder and noticed that two men were approaching at a fast pace and one of them called out yelling, "Hey!" (R. 38-39) Copeland thought this activity was suspicious, but warned Serillo not to panic if something happened. (R. 39)

One of the men asked Copeland if he knew how to get into the apartments that were across the street. (R. 40) Copeland thought this was a strange question and decided to pause and let the men catch up with him to avoid provoking them. (R. 40-41) The first robber pulled out a gun, cocked it, and put it against Copeland's chest, saying, "Fuck, nigger, give it up." (R. 44) Copeland agreed to the demand. (R. 44) The second robber held Serillo, told him not to move, and looked out for cars. (R. 45) Serillo asked the robbers if they were going to kill them and the first robber said yes. (R. 45-46, 49) After taking

3

Copeland's wallet, the two robbers walked away and left in a red S-10 truck. (R. 47, 51-52)

Copeland walked nearby to his cousin's house and called the police. (R. 52) The police arrived and Montgomery Police Detective N.T. Buce took Copeland's statement. (R. 52, 78-79) Because the street had been well-lit, Copeland saw the two robbers very clearly. (R. 50) Copeland saw that the second robber was dark-skinned and that he wore "twists" in his hair. (R. 50-51, 74) In the presence of the jury, Detective Buce testified that he developed suspects based upon his interview with Copeland. (R. 79) Outside the presence of the jury, Detective Buce testified that Kourtney Greenwood and Jamar Brown became suspects because witnesses in a subsequent robbery identified them as the perpetrators and described the same red S-10 truck. (R. 93-95)

Later, Detective N.T. Buce presented two photo-lineups with people of similar physical characteristics to Greenwood and Brown to see if Copeland could identify any of the people as the robbers. (R. 54, 80) Copeland identified Jamar Brown as the first robber and Kourtney Greenwood as the second robber. (R. 80-84)

4

At trial, Greenwood presented testimony from family members and a former girlfriend that he never wore his hair in "twists." (R. 100-137) Lavon Howard, Greenwood's former girlfriend, testified that Greenwood was babysitting their children on the night of the robbery; however, Howard also testified that she had never told this to law enforcement. (R. 126-128) Greenwood additionally testified that he had never worn his hair in "twists," that he did not know Jamar Brown, and that he was babysitting the night of the robbery. (R. 138-146) In rebuttal, the State presented the testimony of Harold Franklin. (R. 147-153) Franklin testified that he had seen both Jamar Brown and Kourtney Greenwood together at Trenholm Court housing project on March 30, 2002, and that Greenwood was wearing "twists" in his hair at the time. (R. 148-149)

Based upon the evidence presented at trial, the jury returned a verdict finding Greenwood guilty of robbery in the first degree. (R. 213) On appeal, Greenwood argues that the trial court erred in denying his motion for judgment of acquittal. He asserts that the State failed to present evidence sufficient to support a conviction for robbery in the first degree. More specifically, Greenwood

challenges the reliability of Copeland's identification of him as the second robber.

## STANDARD OF REVIEW

The standard for reviewing the denial of a motion for judgment of acquittal is "whether legal evidence was presented to jury from which jury could by fair inference find defendant guilty beyond a reasonable doubt." Fitch v. State, CR-97-2001 WL 996293, at *10 (Ala. Crim. App. Aug. 31, 2001). The question is "whether evidence existed at the time appellant's motion for acquittal was made, from which the jury could by fair inference find the accused guilty." Linzy v. State, 455 So. 2d 260, 262 (Ala. Crim. App. 1984).

## SUMMARY OF THE ARGUMENT

Greenwood argues on appeal that the trial court erred in denying his motion for judgment of acquittal. Specifically, Greenwood alleges that the State's evidence was insufficient because Copeland's identification of him as the second robber was unreliable. The State presented a prima facie case that Greenwood committed robbery in the

6

first degree; thus, the trial court properly denied Greenwood's motion for judgment of acquittal. As to Greenwood's claim that Copeland's identification was unreliable, this issue was not properly preserved for appellate review. Even so, the issue is without merit because Copeland's description of the second robber was highly reliable.

## ARGUMENT

**The Trial Court Properly Denied Greenwood's Motion For Judgment Of Acquittal.**

On appeal, Greenwood argues that the State failed to present evidence sufficient to support his conviction for robbery in the first degree and that, therefore, the trial court erred in denying his motion for judgment of acquittal. Specifically, Greenwood argues that Copeland's identification of him as the second robber was inconsistent and, thus, unreliable. This claim is completely without merit. The State presented a prima facie case that Greenwood committed each of the necessary elements of robbery in the first degree. Greenwood simply disputes the factual findings made by the jury regarding the reliability of Copeland's identification of him as the second robber.

7

In <u>Flint v. State</u>, 745 So. 2d 295, 308 (Ala. Crim. App. 1999), this Court said the following in regard to reviewing the sufficiency of the evidence:

> 'In a challenge to the sufficiency of the evidence, an appellate court must consider the evidence in the light most favorable to the prosecution, and the appellate court will not substitute its judgment for that of the trier of fact.' <u>Maddox v. State</u>, 620 So. 2d 132, 133 (Ala. Crim. App. 1993). Conflicting evidence presents a jury question not subject to review on appeal, provided that the State's evidence established a prima facie case. <u>Gunn v. State</u>, 387 So. 2d 280 (Ala. Crim. App. 1980). A trial court's denial of a motion for judgment of acquittal must be reviewed by determining whether there existed legal evidence before the jury, at the time the motion was made, from which the jury by fair inference could have found the defendant guilty beyond a reasonable doubt. <u>Willis v. State</u>, 446 So. 2d 199 (Ala. Crim. App. 1983).

In addition, this Court has held that, in regard to the weight of the evidence, "[a]ny issues regarding the weight and credibility of the evidence are not reviewable on appeal once the state has made a prima facie case." <u>See Jones v. State</u>, CR-01-0086, 2002 WL 1998229, at *1 (Ala. Crim. App. Aug. 30, 2002)(internal citation omitted). Therefore, by presenting a prima facie case for each offense for which Greenwood was convicted, the State presented evidence sufficient to support his conviction for robbery in the first degree.

8

Section 13A-8-41(a)(1) of the 1975 <u>Code of Alabama</u> states that "A person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he: (1) Is armed with a deadly weapon or dangerous instrument…." Section 13A-8-43(a)(1) and (2) states that a person violates this statute "if in the course of committing a theft" he does the following:

> (1) Uses force against the person of the owner of any person present with intent to overcome his physical resistance or physical power of resistance; or (2) Threatens the imminent use of force against the person of the owner or any person with intent to compel acquiescence to the taking of or escaping with the property.

The State must present evidence of each of these elements to prove a prima facie case of robbery in the first degree.

Section 13A-2-23(2) of the 1975 <u>Code of Alabama</u> states that "A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense … (2) He aids or abets such other person in committing the offense." See <u>Harris v. State</u>, CR-00-0818, 2002 WL 31151417, at *4 (Ala. Crim. App. Sept. 27, 2002)("[I]n Alabama, an individual who is present with the intent to aid and abet in the commission of an offense is as guilty as the

princip[al] wrongdoer. … The jury is to determine whether the appellant's participation exists and the extent of it from the conduct of the parties and all the testimony presented."). Through the testimony of Larry Copeland, Jr., the State presented evidence that Kourtney Greenwood and Jamar Brown approached Copeland and forcibly deprived him of his wallet and money with a handgun, threatening to kill him, and that Greenwood was physically restraining the child with Copeland. (R. 34-77) Although the evidence demonstrated that Jamar Brown wielded the gun and asked for the money, the evidence also proved that Greenwood was present and participated in the robbery. The State presented evidence sufficient to support Greenwood's conviction for robbery in the first degree.

Greenwood argues that the evidence was not sufficient because Copeland's identification of him was unreliable. Greenwood's motion for judgment of acquittal at trial was based upon his allegation that the State failed to present evidence that the second man present with Jamar Brown was actually participating in the robbery. (R. 98) Because Greenwood never raised any error concerning Copeland's identification to the trial court, the claim is not

properly preserved for appellate review. See Baird v. State, CR-00-2047, 2002 WL 1397493, at * (Ala. Crim. App. Jun. 28, 2002)("The statement of specific grounds of objection waives all grounds not specified, and the trial court will not be put in error on grounds not assigned at trial."). Therefore, Greenwood's claim that the evidence was insufficient due to unreliable witness identification is not properly before this Court.

Even so, Greenwood's claim of unreliability in Copeland's identification is completely without merit. Greenwood alleges that Copeland's description of the second robber was inconsistent because he told police and testified that the second robber wore "twists" in his hair, but that the Greenwood was not wearing twists in the photo Copeland identified. There is no inconsistency in Copeland's identification because Copeland continually maintained in his statements to police and his trial testimony that the second robber wore "twists" in his hair. (R. 50, 74-76) Although the picture of Greenwood in the photographic lineup does not show him wearing "twists," Copeland said the identification was based upon Greenwood's facial characteristics and that he told police that

11

Greenwood was wearing twists in his hair at the time of the robbery. (R. 74-76) Therefore, the record clearly shows that there was never any inconsistency in Copeland's description of the second robber. Rather, the jury did not find Greenwood's evidence regarding his hairstyle at the time of the robbery to be credible.

Additionally, the evidence presented at trial proves that Copeland's identification of Greenwood was highly reliable under the factors set forth in Manson v. Brathwaite, 432 U.S. 98, 114 (1977). "These include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." Id. Copeland testified that he had the opportunity to see the robbers' faces clearly because a street light was nearby. (R. 50) Copeland testified that he looked at Greenwood's face especially because Greenwood was restraining the child. (R. 75) In addition, only eight days had elapsed between the time of the robbery and the time Copeland identified Greenwood in the photographic lineup. Finally,

12

Copeland's description of the second robber has been consistent. (R. 50, 74-76) Therefore, Copeland's identification of Greenwood is highly reliable.

According to this Court in Harris v. State, 745 So. 2d 940, 943 (Ala. Crim. App. 1999)(quoting Jackson v. State, 516 So. 2d 726 (Ala. Crim. App. 1985):

> This Court will not set aside a conviction based on insufficiency of the evidence unless, "allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the judgment is so decided as to clearly convince the reviewing court that it is wrong and unjust."

The State presented evidence proving all elements of the crime for which Greenwood was convicted and this evidence should be viewed in the light most favorable to the State. The jury is the proper authority to resolve discrepancies in testimony and, apparently, the jury did not believe Greenwood's alibi or testimony regarding his hairstyle. Thus, this Court should not substitute its judgment for that of the jury. Accordingly, this Court should find that the trial court properly denied Greenwood's motion for judgment of acquittal.

13

## CONCLUSION

Based upon the foregoing, the State of Alabama respectfully requests this honorable Court to affirm Greenwood's conviction for robbery in the first degree.

Respectfully submitted,

William H. Pryor Jr.
*Attorney General*

Kristi Deason Hagood
*Deputy Attorney General**
ASB-5596-R78D

Counsel of Record*

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>24th</u> day of March, 2003, I served a copy of the foregoing on the attorney for Greenwood, by placing said copy in the United States Mail, first class, postage prepaid and addressed as follows:

>Maceo Kirkland
>529 S. Perry Street, Ste. 14-A
>Montgomery, Alabama  36104

>/s/ Kristi Deason Hagood
>Kristi Deason Hagood
>*Deputy Attorney General**
>ASB-5596-R78D

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
(334) 242-7408
96752/DEASON

15