VOL 1 of 1

COURT OF CRIMINAL APPEALS NO. _CR-03-0633_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

FROM

CIRCUIT COURT OF _Montgomery_ COUNTY, ALABAMA

CIRCUIT COURT NO. _CC 2002-909.60_

CIRCUIT JUDGE _Hobbs_

Type of Conviction / Order Appealed From: _Rule 32_

Sentence Imposed: _____

Defendant Indigent: ■ YES ☐ NO

_Kourtney Greenwood_
NAME OF APPELLANT

_Kourtney Greenwood    AIS# 179810_
(Appellant's Attorney)                 (Telephone No.)
_W.E.D.C.F._
(Address)
_Bessemer,    AL.    35023_
(City)        (State)        (Zip Code)

V.

## STATE OF ALABAMA

NAME OF APPELLEE

(State represented by Attorney General)
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)



STATE'S
EXHIBIT
R
PENGAD 800-631-6989

# INDEX
## CLERK'S RECORD

CASE ACTION SUMMARY.................................................................. 1

IN FORMA PAUPERIS DECLARATION..................................................... 2-3

MOTION FOR APPOINTMENT OF COUNSEL............................................ 4-6

RULE 32 PETITION......................................................................... 7-40

ORDER FOR STATE TO RESPOND....................................................... 41-42

MOTION FOR ENLARGEMENT OF TIME................................................ 43-44

ANSWER AND MOTION FOR SUMMARY DISPOSITION.............................. 45-72

ORDER DENYING RULE 32 PETITION.................................................... 73-77

NOTICE OF INTENT TO SERVE SUBPOENA............................................. 78-83

MOTION OF DEFAULT...................................................................... 84-88

MOTION FOR APPOINTMENT OF COUNSEL............................................ 89-91

PETITIONER'S RULE 32.3 A.R.CR.P "TRAVERSE" TO STATES RESPONSE...... 92-106

PETITIONER'S ESTABLISHMENT OF THE LEGALITY OF HIS NEWLY
DISCOVERED EVIDENCE................................................................... 107-112

AMENDMENT TO RULE 32 PETITION.................................................... 113-122

MOTION FOR/TO DENY STATE'S MOVE FOR SUMMARY DISPOSITION
AND REQUEST FOR EVIDENTIARY HEARING........................................... 123-134

ORDER DENYING RULE 32 PETITION.................................................... 135-138

NOTICE OF APPEAL........................................................................ 139

DOCKETING STATEMENT.................................................................. 140-141

REPORTER'S TRANSCRIPT ORDER........................................................ 142

CERTIFICATE OF APPEAL.................................................................. 143

CERTIFICATE OF COMPLETION........................................................... 144

```
ACR0370                  ALABAMA JUDICIAL INFORMATION SYSTEM        CASE: CC 2002 000909.60
OPER: TOR                        CASE ACTION SUMMARY
PAGE:   1                          CIRCUIT  CRIMINAL                 RUN DATE: 09/29/2003
===========================================================================================
                                                                    JUDGE: TMH
IN THE CIRCUIT COURT OF MONTGOMERY

   TE  OF  ALABAMA                    VS        GREENWOOD KOURTNEY SOVERN
                                                W.E.D.C.F. #179810
CASE: CC 2002 000909.60                         100 WARRIOR LANE
                                                BESSEMER, AL   35023 0000

DOB: 12/11/1979          SEX: M  RACE: B   HT: 5 11   WT: 135    HR:        EYES:
SSN: 903070232  ALIAS NAMES: COURTNEY GREENWOOD        KOURTNEE GREENWOOD
===========================================================================================
CHARGE01: RULE 32-FELONY          CODE01: RULE  LIT: RULE 32-FELONY  TYP: F #: 001
OFFENSE DATE:                             AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:                         DATE ARRESTED: 07/24/2002
DATE    INDICTED:                         DATE    FILED: 09/15/2003
DATE   RELEASED:                          DATE  HEARING:
     BOND AMOUNT:       $30,000.00            SURETIES:

DATE 1:              DESC:                 TIME: 0000
DATE 2:              DESC:                 TIME: 0000

TRACKING NOS: CC 2002 000909 00  /                            /

   DEF/ATY:                          TYPE:                           TYPE:

                               00000                        00000

PROSECUTOR:
```

```
=========================================================================================
OTH CSE: CC200200090900 CHK/TICKET NO:                      GRAND JURY:
  URT REPORTER: _____  SID NO:    001357047
   STATUS: PRISON          DEMAND:                                    OPER: TOR
=========================================================================================
  TRANS DATE     ACTIONS, JUDGEMENTS, AND NOTES                                    OPE
=========================================================================================
 09/29/2003 | ASSIGNED TO: (TMH) TRUMAN M HOBBS          (AR01)       TOR
 09/29/2003 | FILED ON: 09/15/2003                       (AR01)       TOR
 09/29/2003 | BOND SET AT: $30000.00                     (AR01)       TOR
 09/29/2003 | INITIAL STATUS SET TO: "P" - PRISON        (AR01)       TOR
 09/29/2003 | CHARGE 01: RULE 32-FELONY/#CNTS: 001       (AR01)       TOR
 09/29/2003 | DEFENDANT ARRESTED ON: 07/24/2002          (AR01)       TOR
 09/29/2003 | CASE ACTION SUMMARY PRINTED                (AR08)       TOR
 09/29/2003 | CAS ATTACHMENT PRINTED                     (AR08)       TOR
 09/29/2003 | CASE ACTION SUMMARY PRINTED                (AR08)       TOR
 09/29/2003 | CAS ATTACHMENT PRINTED                     (AR08)       TOR
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 9/29/03 | Copy of Rule 32 to DA |
| 9-30-03 | Order Signed 9-29-03 giving State 30 days to Respond |
| 1-13-04 ✓ | Order Denying Rule 32 |
| 1-17-04 | Notice of Appeal w/ Forms |
| 1-23-04 | Certificate of Appeal to Crim Appeals. A6 + Dept |

Case Number

_CC 02 909 .60 TMH_

ID     YR     NUMBER     **2**
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

_Circuit Court of Montgomery County Ala._
[Insert appropriate court]

_Kourtnee Greenwood_
(Petitioner)

_State of Alabama_
(Respondent(s))

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, _Kourtnee Greenwood_ , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed?     Yes _____     No _X_

    a.  If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

    _____

    _____

    b.  If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

    _April of 2002, $5.50 an hour._

    _____

2.  Have you received within the past twelve months any money from any of the following sources?

    a.  Business, profession, or other form of self-employment?

        Yes _____     No _X_

    b.  Rent payments, interest, or dividends?

        Yes _____     No _X_

    c.  Pensions, annuities, or life insurance payments?

        Yes _____     No _X_

    d.  Gifts or inheritances?

        Yes _____     No _X_

    e.  Any other sources?

        Yes _X_     No _____

2

If the answer to the above is "yes", describe each source of money and state the amount received from each during the last twelve months. **"A"**

FROM MY MOTHER, UNClE & FRIEND, "I recieved one $25 money order from my mom, I recieved $25 here then $30 Again "two separate money orders from my UNClE, then one "A" $30 money order from my friend, $1,10 Hundred & Ten dollars, in the LAST 12 months in all.

3. Do you own cash, or do you have money in a checking or savings account?

   Yes _____     No **X**

   (Include any funds in prison accounts.)

   If the answer is "yes", state the total value of the items owned.

   _____

   _____

   _____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

   Yes _____     No **X**

   If the answer is "yes", describe the property and state its approximate value.

   _____

   _____

   _____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support. 6yrs.

   4yrs. & KOURINEE GREENWOOD JR & KOURNECIA HOPKINS, both my kids, I have Nothing Right Now, if I could I would.

   I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

   Executed on ___9/3/03 Sep 3, 2003___
                        (Date)

                                        _Kourtree Greenwood_
                                        Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ 0.10¢ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said ___William E. Donaldson___ institution:

_____

**COURT COPY**

___9/4/03___
   DATE

                                        _____
                                        AUTHORIZED OFFICER OF INSTITUTION

Rule 32

My Commission Expires 5/31/2004

                                        _Patricia H. Persons_

IN THE CIRCUIT COURT OF MONTGOMERY County Ala

KOURTNEE GREENWOOD
         PETITIONER,
              VS.
STATE OF ALABAMA
         RESPONDENT,

CASE NO# CC-2002-90(

## MOTION FOR APPOINTMENT OF COUNSEL.

COMES NOW THE PETITIONER KOURTNEE GREENWOOD, AND MOVES this HONORABLE COURT PURSUANT TO THE 6th AMENDMENT OF THE UNITED STATES Constitution AND RULE 32.7 (c) OF THE ALABAMA RULES OF CRIMINAL PROCEDURE AND show UNTO This COURT The following:

1. While INCARCERATED HERE AT DONALDSON CORR. FACILITY, PETITIONER IS SEEKING EDUCATION AND TRADE, AN CURRENTLY ATTEND LAW CLASSES that TAKE PLACE, PETITIONER IS UNLEARNED, UNTRAINED AND LACK the Ability TO CONDUCT AN EVIDENTIARY HEARING.

2. PETITIONER, WAS Aided with HELP IN PREPARING this RULE 32 PETITION,

And is in need of Appointment of Counsel To Help Protect my Rights, and Represent me, To Help me set out the Facts to my Issues involved, to meet The Burden of Proof as set out in Rule 32. 3 of The Alabama Rules of Criminal Procedure.

3. The Petitioner is unlearned in The Area of Post Conviction, and in most All areas of Criminal Law, and Lacks The Understanding of The American Juris-prudence system.

4. The Appointment of Counsel will Also Assure that The Petitioner Recieve a full and Fair Hearing as provided by the 6th and 14th Amendments to the United States Constitution.

5. The Appointment of Counsel will Also Assure that the Petitioner hearing will not result into a Miscarriage of Justice.

Wherefore, The Petitioner Prays that this Honorable Court will Grant this Motion for Appointment of Counsel based on the

FACTS ABOVE.

Respectfully Submitted,

Kourtnee Greenwood

KOURTNEE GREENWOOD
AIS#179810 Dorm B-Bed-71
Donaldson Corr, Facility
100 Warrior Lane
Bessemer, Al  35023

## CERTIFICATE OF SERVICE

I Hereby Certify that I have served a copy of the foregoing on the District Attorney by placing said in the United States Mail Postage Prepaid and properly addressed this __14th__ day of September, 2003.

Kourtnee Greenwood
KOURTNEE GREENWOOD

CC: ELLEN BROOKS, DISTRICT ATTORNEY.

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

### (Pursuant to Rule 32, Alabama Rules of Criminal Procedure)

Case Number

CC 02 909
ID   YR   NUMBER

IN THE _____CIRCUIT_____ COURT OF _MONTGOMERY_, ALABAMA

_KOURTNEY GREENWOOD_ vs. _STATE OF ALABAMA_
Petitioner (Full Name)                    Respondent

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number _179810_          Place of Confinement _W.E.D.C.F._

County of conviction _____MONTGOMERY_____

**NOTICE:  BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.**

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack _MONTGOMERY COUNTY ALABAMA_

2. Date of judgment of conviction _DEC 30 2002_

3. Length of sentence _LIFE_

4. Nature of offense involved (all counts) _ROBBERY (1ST) DEGREE_

5. What was your plea?   (Check one)

   (a)  Guilty _____

   (b)  Not guilty _✓_

   (c)  Not guilty by reason of mental disease or defect _____

   (d)  Not guilty and not guilty by reason of mental disease or defect _____

FILED
SEP 2003
Melissa Rittenour
Circuit Clerk

6.  Kind of trial: (Check one)

(a)  Jury ___✓___                    (b)  Judge only _____

7.  Did you testify at the trial?

Yes ___✓___                          No _____

8.  Did you appeal from the judgment of conviction?

Yes ___✓___                          No _____

9.  If you did appeal, answer the following:

(a)  As to the state court to which you first appealed, give the following information:

(1)  Name of court  COURT OF CRIMINAL APPEALS

(2)  Result  DENIED

(3)  Date of result  NOT KNOWN

(b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

(1)  Name of court  COURT OF CRIMINAL APPEALS APPLICATION FOR REHEARING

(2)  Result  OVERRULING

(3)  Date of result  JUNE 13, 2003

(c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

(1)  Name of court  ALABAMA SUPREME COURT WRIT OF CERTIORARI

(2)  Result  DENIED

(3)  Date of result  NOT KNOWN

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _____              No __✓___

11.  If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a)  (1)  Name of court _____

     (2)  Nature of proceeding _____

     (3)  Grounds raised _____

     _____

     _____

     _____

     _____

     (attach additional sheets if necessary)

     (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

          Yes _____              No __✓___

     (5)  Result _____

     (6)  Date of result _____

(b)  As to any second petition, application, or motion, give the same information:

     (1)  Name of court _____

     (2)  Nature of proceeding _____

     (3)  Grounds raised _____

     _____

     _____

     _____

     _____

     (attach additional sheets if necessary)

     (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

          Yes _____              No _____

     (5)  Result _____

     (6)  Date of result _____

(c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

     (1)  Name of court _____

(2)   Nature of proceeding _____

(3)   Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)   Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____          No _____

(5)   Result _____

(6)   Date of result _____

(d)   Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)   First petition, etc.          Yes _____          No _____

(2)   Second petition, etc.        Yes _____          No _____

(2)   Third petition, etc.         Yes _____          No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)   If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12.   Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include <u>all</u> facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

_____   A.   The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4



(1)  Conviction obtained by plea of guilty which was unlawful, induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea. 

(2)  Conviction obtained by use of coerced confession.

(3)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)  Conviction obtained by a violation of the privilege against self-incrimination.

(6)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)  Conviction obtained by a violation of the protection against double jeopardy.

(8)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)  Denial of effective assistance of counsel.

This list is not a complete listing of all possible constitutional violations.

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

B.  **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

C.  **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

D.  Petitioner is being held in custody after his sentence has expired.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

E.  Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:

The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and

The facts are not merely cumulative to other facts that were known; and

5

The facts do not merely amount to impeachment evidence; and

If the facts had been known at the time of trial or sentencing, the result would probably have been different; and

The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

_____ F.  The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.  **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

> "**Successive Petitions**.  The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes _____            No _____

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court _____

(b)  Result _____

(c)  Date of result _____
     (attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

   On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____            No ✓

6

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing ___ JOHN LUTLEY HARTLEY
312 SCOTT STREET MONTGOMERY, ALA 36102

(b) At arraignment and plea ___ "Same"

(c) At trial ___ "Same"

(d) At sentencing ___ "Same"

(e) On appeal ___ MACEO KIRKLAND
529 S. PERRY ST. MONTGOMERY ALA 36104

(f) In any post-conviction proceeding ___ N/A

(g) On appeal from adverse ruling in a post-conviction proceeding ___ N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____        No ✓

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____        No ✓

(a) If so, give name and location of court which imposed sentence to be served in the future: ___ N/A

(b) And give date and length of sentence to be served in the future: ___

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____        No ✓

18. What date is this petition being mailed?

9/14/03

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

# PETITIONER'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _SEP, 10th, 03_ .
(Date)

_Kourtnee Greenwood_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _10_ day of _September_ _2003_ .

_James A. Beachem_
Notary Public

MY COMMISSION EXPIRE
SEPTEMBER 25, 2004

OR *

## ATTORNEY'S VERIFICATION UNDER OATH
## SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____ .
(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____ , _____ .

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

Courtney Greenwood
    Petitioner

VS.                          Case No: CC_02_0909

State of Alabama
    Respondent.

## <u>Petitioner Ground of Petition</u>

Comes now the above styled Petitioner, Kourtney Greenwood, and files this "Petition for Relif From his Illegal Sentence Pursuant to Rule 32. A. R. CR. P., and in support shows the following to-wit:

The Petitioner's Sentence is Illegal Due to his Indictment charges only (3rd) Degree Robbery. Therefore Petitioner has been charged in excess of the maximum Sentence authorized by law.

The Petitioner was indicted for Robbery in the 1st Degree and was inhanced to first Degree by Sub-Section, 13A_8_41.(A)(1), which states:

(1) Is armed with a deadly weapon or dan-gerous instrument.

A person commits the crime of Robbery in the first degree if he violates sect-ion, 13A_8_43, Code of Alabama 1975, which states as follows:

13A-8-43: ROBBERY IN THE THIRD DEGREE

(A) A PERSON COMMITS THE CRIME OF ROB-BERY IN THE THIRD DEGREE IF IN THE COURSE OF COMMITTING A THEFT HE:

(1) USES FORCE AGAINST THE PERSON OF THE OWNER OR ANY PERSON PRESENT WITH INTENT TO OVERCOME HIS PHYSICAL RES-ISTANCE OR,

(2) THREATENS THE IMMINENT USE OF FOR-CE AGAINST THE PERSON OF OWNER OR ANY PERSON PRESENT WITH INTENT TO COMPEL ACQUIESENCE TO THE TAKING OF OR ESCAPING WITH THE PROPERTY.

THE FACTS OF THIS CASE ARE, THE VICTIM ALLEGES THE PETITIONER WAS ARMED WITH A DEADLY WEAPON, TO-WIT A GUN IS A DEADLY WEAPON AND AN ESSENTIAL ELEME OF THE STATUTE, 13A-8-41, FIRST DEGREE ROBBERY. HOWEVE IT ALSO HAS BEEN LEGALLY DETERMINED BY THE ALABA COURT OF CRIMINAL APPEALS IN THE DECISION OF DICK V. STATE, 677 SO.2D. 1267 (ALA.CR.APP. 1996)... THAT A GUN IS A AN ELEMENT OF 13A-8-43, THIRD DEGREE ROBBERY, THE DICK COURT SET OUT THE PROPOSITION OF LAW AS FOLLOWS:

" AS A MATTER OF LAW, WIELDING A GUN CONSTITUTES BOTH USE OF FORCE AND THREAT OF FORCE REQUIRED FOR THIRD DEGREE ROBBERY."

THE POSSESSION OF A GUN DURING A ROBBERY IS AN ELE MENT OF BOTH (1ST AND 3RD) DEGREE ROBBERY. THIRD DEGREE BBERY IS ESSENTIAL ELEMENT WHICH MUST OCCUR BEFORE YOUR PETITIONER COULD BE CHARGED WITH (1ST) DEGREE ROBBERY. THEREFORE, IN ORDER TO CHARGE PETITIO

WITH (1ST) DEGREE ROBBERY THEN A SUBSEC-
TION OF 13A-8-41-(A)(2) MUST HAVE OCCURRED AND ALLEGED
IN THE INDICTMENT. WHICH STATES:

**17**

13A-8-41-(A)(2); CAUSES SERIOUS PHY-
SICAL INJURY TO ANOTHER.

THE PETITIONER DID NOT CAUSES SERIOUS PHYSICA
INJURY TO ANOTHER, THEREFORE THE EVIDENCE OF A CRIME
OF (1ST) DEGREE ROBBERY DID'NT OCCUR IN THIS CASE TO
WARRANT A SENTENCE FOR (1ST) DEGREE ROBBERY, AS PETIT
IONER'S INDICTMENT CHARGES ONLY THE LESSER OR COMP-
LETED CHARGE OF (3RD) DEGREE ROBBERY. SEE EXHIBIT A

PETITIONER SENTENCE IS THEREFORE IN EXCESS OF THAT
AUTHORIZED BY LAW AS THE RANGE OF SENTENCE FOR (3RD) DE
GREE ROBBERY A CLASS (C) FELONY IS (1) YEAR (1) DAY TO (1
YEARS (13A-5-8), CODE OF ALABAMA 1975).

PETITIONER AVERS THAT HIS ILLEGAL SENTENCE CAN BE
CHALLENGED AT ANYTIME. I.N.J. VS. STATE 690 So.2D.519 (ALA
CR. APP. 1996), AND MOORE VS. STATE 733.So.2D.912 (1998). ALSO IN
THE CASE OF BARNES VS. STATE 708 So.2D.217 (ALA. CR. APP. 199
THE COURT OF CRIMINAL APPEALS HELD THAT AN APPELLANT
WAS ENTITLED TO A HEARING ON A PETITION FOR POST CON
VICTION RELIEF WHERE HE ALLEGED THAT HE WAS SENTENCE
TO A LIFE SENTENCE.

THE INDICTMENT IN THIS CASE ONLY CHARGES (3RD) DEGREE
ROBBERY AS EXHIBIT (A) REFLECTS.

THEREFORE, HE ENTITLED TO AN EVIDENTIARY HEARING TO
PRESENT ADDITIONAL EVIDENCE OR THIS COURT CAN DECIDE
THE QUESTION OF LAW BASED UPON THE ATTACHED EXHIBIT AN
APPLYING THE CONTROLLING DECISION OF DICK VS. STATE SUPR

THAT ESTABLESHE THAT "A GUN" IS A" ELEMENT OF THE
OFFENSE OF ROBBERY (3ᴰᴰ) DEGREE.

18

WHEREFORE, FOR THE ABOVE SAID REASONS PETITIONER PRAY
THAT THE REQUESTED RELIEF BE GRANTED.

THE TRIAL COURT WAS WITHOUT JURISDICTION TO IMPOSE SENTENCE AND CONVICTION AS THE INDICTMENT IS VOID AS IT FAILS TO ALLEGE THE ESSENTIAL ELEMENTS OF (1ST) DEGREE ROBBERY "CAUSES SERIOUS PHYSICAL INJURY TO ANOTHER". **19**

THE PETITIONER INCORPORATES ISSUE (I) INTO THIS SECOND CLAIM AND AVERS THE FOLLOWING. THAT HIS INDICTMENT EXHIBIT (A) ENCOMPASSES ONLY THE ELEMENTS REQUIRED TO CHARGE HIM (3RD) DEGREE ROBBERY. THE AVERMENT OF ARMED WITH A DEADLY WEAPON, OR DANGEROUS INSTRUMENT, IN THIS CASE A GUN, IS ALSO AN ELEMENT OF (3RD) DEGREE AS A MATTER OF LAW ESTABLISHED IN DICK VS. STATE, 677 So.2D, 1267 (ALA, CR. APP. 1996) WHICH HELD:

"AS A MATTER OF LAW, WIELDING A GUN CONSTITUTES BOTH USE OF FORCE AND THREAT OF FORCE REQUIRED FOR THIRD DEGREE ROBBERY."

PETITIONER THEREFORE COULD ONLY BE CHARGED WITH (1ST) DEGREE ROBBERY IF IT WAS ENHANCED BY THE FACTS OF THIS CASE, THAT PETITIONER CAUSED THE VICTIM SERIOUS PHYSICAL INJURY TO ANOTHER AS REQUIRED BY SECTION 13A-8-41 (A) (2), OF THE CODE OF ALABAMA 1975.

THE PETITIONER INDICTMENT IS VOID OF THIS ESSENTIAL AND IS THEREFORE VOID AS IT FAILS TO CHARGE (1ST) DEGREE ROBBERY. SEE EXHIBIT A.

WHEREFORE, FOR THE ABOVE SAID REASONS PETITIONER PRAYS THAT HIS SENTENCE AND CONVICTION BE VACATED OR IN THE ALTERNATIVE THAT THIS MATTER BE SET FOR AN EVIDENTIARY HEARING.

WHETHER THE PETITIONER WAS ILLEGALLY ARRESTED; RENDERING THIS COURT OF PERSONAL JURISDICTION OVER THE PETITIONER? YES

THE PETITIONER KOURTNEY GREENWOOD, WAS ALLEGED T HAVE COMMITTED THE CRIME OF ROBBERY (1st) DEGREE. BY MONTGOMERY POLICE DEPARTMENT. THEREAFTER, LARRY COP ELAND JR. APPEARED BEFORE A MAGISTRATE JUDGE._____ _____. TO OBTAIN A WARRANT FOR PETITIONER ARRE EXHIBIT B.

THE WARRANT FOR ARREST OF PETITIONER WAS ISSUED WITHOUT ANY VALID PROBABLE CAUSE. THE WARRANT CLEARLY REFLECTS THAT IT IS LACKING THE STATUTORY LANGUAGE OF THE ALLEGED CHARGED OFFENSE 13A-8-41, OF THE CODE OF ALABAMA (1975) EXHIBIT B.

THE WARRANT FOR ARREST OF PETITIONER STATES CONCLU SIONS AND IS INSUFFICIENT IN AND OF ITSELF, TO SUPPO A FINDING OF PROBABLE CAUSE TO ARREST PETITIONER.

WHEN A COMPLAINT ON WHAT A WARRANT IS ISSUED DOES NOT SUPPORT A FINDING OF PROBABLE CAUSE THE PETITIONE ARREST VIOLATES HIS CONSTITUTIONAL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS. SEE: WHITELY VS. WARDEN OF WYOMING PENITENTIARY, 401 U.S. 560, 28 L ED.2 306, 111 S. CT. 1031,

JURISDICTION OF THE PERSON IS ESSENTIAL TO THE POWE OF A COURT TO DETERMINE A LEGAL CONTROVERSY. PERSONAL JURISDICTION REQUIRES A BASICS FOR JURISDICTION AUTHORIZED BY STATUTE AND CONSISTENT WITH DUE PRO CESS. SEE: RANKIN VS. HOWARD, C.A. ARIZ. 633 F.2D 844 CERT

U.S. 939 68 L. ED 2D 326.

**21**

THE ILLEGAL ARREST OF THE PETITIONER, ~~AS A WARRANT~~ RENDERED THE TRIAL COURT OF ANY PERSONAL JURISDICTION OVER THE PETITIONER, AS A WARRANT BASED UPON PROBABLE CAUSE HAD TO BE ISSUED TO LEGALLY ARREST PETITIONER.

IN ORDER FOR THE TRIAL COURT TO OBTAIN PERSONAL JURISDICTION OF THE PETITIONER THERE FIRST HAD TO HAVE BEEN A LAWFUL ARREST; IN THIS CASE IT JUST DID NOT OCCUR. FOURTH AMEND. U.S.C.A.; TAYLOR VS. ALABAMA, 457 U.S. 687 73 L. ED. 2D. 314, 102. S. CT. 2664.

THEREFORE, THE JUDGMENT OF THE COURT IS VOID.

ISSUE FOUR

WHETHER THE TRIAL COURT IMPROPERLY SENTENCED PETITIONER TO LIFE IMPRISONMENT AS A HABITUAL DEFENDER WITH (2) PRIOR CONVICTIONS? YES

ARGUMENT

PETITIONER ARGUES THAT HE HAD (1) PRIOR CONVICTION FOR USE AT THE TIME HE WAS SENTENCED FOR ROBBERY (1ST) DEGREE FOR CASE NO: CC-02-909. SEE EXHIBIT .

PETITIONER ALSO ARGUES THAT ON CASE NO: CC-99-45. YOUR PETITIONER WERE NOT SENTENCE UNTO 12-30-02 PETITIONER SHOW THIS COURT THAT THIS PRIORS CONVICTION WERE IMPROPER TO BE USED AS A COUNTABLE PRIOR SEE EXHIBIT C.

PETITIONER ARGUES THAT HIS SENTENCE OF LIFE IMPRISONMENT EXCEEDS THE MAXIMUM SENTENCE AUTHORIZED BY LAW. PETITIONER ALSO ARGUES THAT THE PERMISSIBLE RANGE OF SENTENCE FOR ROBBERY (1ST) DEGREE A CLA A) FELONY WITH ONE PRIOR FELONY (15) YEARS LIFE OR (99) YEARS THE RECORD REVEAL THAT THE COURT ABUSED ITS DISCRETION BY SENTENCING THE PETITIONER TO (LIFE) IMPRISONMENT. SEE EXHIBIT. C.

PETITIONER ARGUES THAT HIS LIFE SENTENCE CONSTITUTED A VIOLATION OF PETITIONERS EIGTH. AMENDMENT RIGHTS AND WHERE THE PUNISHMENT IMPOSED WERE NOT IN THE STATUTORY RANGE. REVIEWING COURT ONLY OVER TURN THE SENTENCING DECISION IF A CLEAR ABUSED OF DISCRETION BY THE TRIAL COURT.

**23**

PETITIONER, ARGUES THAT SENSI JULIES DEFECTS

ERRORS CAN BE RAISED AT ANY TIME. SEE. T.N.T. VS. STATE

1.90 So. 2D 510 (ALA. CR. APP. 1996), AND MOORE VS. STATE, 775

__. 2D 912 (1998), ALSO, BARNAS VS. STATE, 708 So. 2D 217 (ALA

CR. APP. 1997), SEE EXHIBIT-C.

**24**

ISSUE FIVE

PETITIONER'S NEWLY DISCOVERED EVIDENCE; IN SUPPORT OF PETITION;

ARGUMENT

WHETHER THET PETITIONER WAS DENIED HIS RIGHTS TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR VIOLATION PETITIONER 6TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION, AND VIOLATION PETITIONER RIGHTS OF DUE PROCESS.

PETITIONER AVERS THAT IF THIS NEWLY DISCOVERED EVIDENCE HAD BEEN KNOWN AT TRIAL ABOUT JAMAR BROWN A KEY WITNESS WITHELD INFORMATION OF MY INNOCENCE WHICH WITHELD PETITIONER FROM RECEIVING A FULL AND FAIR TRIAL".

PETITIONER AVERS THAT THE STATE OF ALABAMA DISTRICT ATTORNEY OFFICE KNEW OF THIS WITNESS AND OF INFORMATION HE WITHELD CONCERNING THIS CRIMINAL MATTER, DEPRIVE YOUR PETITIONER OF A FAIR TRIAL AS REQUIRED BY THE 6TH AND 14TH AMENDMENTS OF THE UNITED STATES CONSTITUTION.

PETITIONER AVERS THAT THE STATE NOR PETITIONER COULD MAKE THIS WITNESS TESTIFY, IF JAMAR BROWN WAS WILLING TO TESTIFY OR NOT HE AS A KEY WITNESS SHOULD HAVE STILL BEEN SUBPEONAED TO COURT TO AVOID VIOLATION OF DUE-PROCESS OF PETITIONER'S RIGHTS.

PETITIONER AVERS THAT ANY AND ALL KEY WITNESSES SHOULD HAVE BEEN SUBPEONAED TO TESTIFY TRUTHFULLY IN THIS CRIMINAL CASE IN THE PRESENCE OF THE JURORS. NO

MATTER IF WITNESS TESTIFIED OR SHOULD
HAVE BEEN BROUGHT BEFORE THE JURORS PRESENCE!
FOR THE RECORD, IN OPEN COURT.                    **25**

PETITIONER AVERS THAT HIS CLAIM AS NEWLY DISCOVE
RED EVIDENCE IS A KEY WITNESS IS NOW WILLING TO
TESTIFY, TRUTHFULLY IN THIS CRIMINAL CASE! ALSO, THE
WITNESS STATES IN SUPPORT AS NEW EVIDENCE, THAT THE
REASON HE DID NOT TESTIFY AT AN EARLIER DATE WAS
BECAUSE HE WAS PROMISED A SENTENCE OF (20) YEARS SP
SERVE (3) OR PROBATION FOR HIS COOPERATION IN THIS CASE.
SEE AFFADAVIT FROM JAMAR BROWN. EXHIBIT D AND E.

PETITIONER AVERS THAT THE STATE OF ALABAMA MONTG
OMERY COUNTY DISTRICT ATTORNEY OFFICE HAVE DEPRIVED
YOUR PETITIONER HIS RIGHT TO DUE PROCESS AND EQUAL
PROTECTIONS OF THE LAW BY WITHELD INFORMATION OF A KE
WITNESS JAMAR BROWN. EXHIBIT D AFFADAVIT

PETITIONER AVERS THAT THE CONSTITUTIONAL GUARANTEE
DUE PROCESS, AND EQUAL PROTECTION BOTH CALL FOR PROCEDURE
IN CRIMINAL TRIALS AND POST-CONVICTIONS WHICH ALLOW NO
INVIDIOUS DISCRIMINATIONS BETWEEN PEOPLE OF DIFFERE
GROUPS; ALL PEOPLE CHARGED WITH A CRIME MUST SO FAR AS
THE LAW IS CONCERNED STAND ON AN EQUALITY BEFORE THE
BAR OF JUSTICE IN EVERY AMERICAN COURT. SEE CONSTITUTIONA
AW 500-831. SEE EXHIBIT D & E

PETITIONER AVERS THAT HE RECENTLY RECIEVED THIS
INFORMATION OF AFFIDANT FROM JAMAR BROWN AFTER DILI
GENT SEARCH AND RESEARCH, OF FACTS AND INFORMATION MA
ARE TO YOUR PETITIONER. ALABAMA RULES OF CRIMINAL PRO
CEDURE. RULE 32.1 AND 32.2, ET. SEQ.,

WITHIN (6) MONTH OF THE PETITIONER DISCOVERY OF TH
NEW MATERIAL FACTS AS ALLEGED HEREIN ABOVE. THE FACTS
RELATING TO THE AFFIDANT OF JAMAR BROWN WERE NOT
KNOWN BY PETITIONER AT THE TIME OF TRIAL OR SENTENCIN
R IN TIME TO FILE A POST MOTION PURSUANT TO RULE 24, A.R
.R. P. OR IN TIME TO BE INCLUDED IN ANY PREVIOUS COLLA-
TERAL PROCEEDING AND COULD NOT BEEN DISCOVERED BY
ANY OF THOSE TIME THROUGH THE EXERCISE OF REASONABLE
DILIGENCE; THE FACTS ARE NOT MERELY CUMULATIVE OF
OTHER FACTS THAT WERE KNOWN; THE FACTS ALLEGED HEREI
ABOVE HAD BEEN KNOWN AT THE TIME OF THE PETITIONE
TRIAL OR SENTENCING THE RESULT OF THE PROCEEDING WO
ULD HAVE BEEN VERY DIFFERENT, IN THAT THE JURY WO
ULD NOT HAVE FOUND PETITIONER'S GUILTY; AND THE
FACTS ALLEGED HEREIN ABOVE ESTABLISHES THE PETITIONE
INNOCENCE OF THE CRIME CHARGED. SEE EXHIBIT, D-E

WHEREFORE PREMISES SHOWN, YOUR PETITIONER HEREBY PRAYS FOR THE FOLLOWING:

(1)

YOUR PETITIONER HEREBY PRAYS THAT PURSUANT TO A. R. CR. P., RULE 32. 7 (A), THE RESPONDENTS BE ORDERED TO RESPOND TO THIS INSTANT RULE 32. PETITION WITH 30) DAYS, AND;

(2)

THAT YOUR PETITIONER'S RULE 32. BE GRANTED AND F THIS HONORABLE COURT TO APPOINT PETITIONER'S COUNS TO REPRESENT PETITIONER IF THIS HONORABLE COUR GRANTED AN EVIDENTIARY HEARING, AND;

(3)

THAT YOUR PETITIONER'S CONVICTION AND SENTENCE BE IMMEDIATELY VACATED BY THIS HONORABLE COURT, WITH PREJUDICE!!!

(4)

THAT THIS COURT GRANT WHAT FURTHER RELIEF THAT THIS HONORABLE COURT DEEMS JUST, PROPER, AND NECESSA

EXECUTED THIS THE 14th DAY OF SEPTEMBER 2003.

KOURTNEY GREENWOOD
AIS#179810  Dorm B-71
W. P. C. F.
100 WARRIOR LANE
BESSEMER, AL
           35023

RESPECTFULLY SUBMITTE
Kourtney Greenwood

# THE STATE OF ALABAMA

## MONTGOMERY COUNTY

Circuit Court of Montgomery County. _____ JULY _____ Term, A.D. 2002

The Grand Jury of said County charge that, before the finding of this indictment,

KOURTNEY SOVERN GREENWOOD, alias
KOURTNEE S. GREENWOOD, alias
KOURTNEE SOVENS GREENWOOD, alias
COURTNEY S. GREENWOOD, alias
K.S. GREENWOOD, alias
KOURTNEY S. GREENWOOD, alias
KOURTNEE SOVERN GREENWOOD, alias
KOURTNEE SOVENSKY GREENWOOD, alias
COURTNEY SOVENSKY GREENWOOD, alias
COURNEY GREENWOOD,

whose name is otherwise unknown to the Grand Jury, did, in the course of

committing a theft of lawful currency and/or coinage of the United States

of America, of some value, a better description of which is unknown to the

Grand Jury, use force against the person of the owner or any person

present, Larry Copeland, Jr., with intent to overcome his physical

resistance or physical power of resistance, or threaten the imminent use of

force against the person of the owner or any person present, Larry

Copeland, Jr., with intent to compel acquiescence to the taking of or

escaping with the property, while the said Kourtney Sovern Greenwood, alias

was armed with a deadly weapon or dangerous instrument, a gun, a better

description of which is unknown to the Grand Jury, in violation of Section

13A-8-41 of the Code of Alabama,

against the peace and dignity of the State of Alabama.

*Eleanor L. Brooks*
District Attorney, Fifteenth Judicial Circuit of Alabama

**EXHIBIT B-1**

## WARRANT OF ARREST
### (Felonies, Misdemeanors, or Violations)

2002F00683

**29**

Case Number OC02.1933

Unified Judicial System

Form C65 (front)   Revised 11/92

IN THE ___DISTRICT___ COURT OF ___MONTGOMERY,___ ALABAMA
(Circuit, District, or Municipal)                Name of Municipality or County

[X] STATE OF ALABAMA        [ ] MUNICIPALITY OF _____

v.   COURTNEY GREENWOOD _____, Defendant

---

### TO ANY LAW ENFORCEMENT OFFICER WITHIN THE STATE OF ALABAMA:

[X] Probable cause has been found on Complaint filed in this Court Against (name or description of person to be arrested)

COURTNEY GREENWOOD

Charging: [description of offense(s)]  **ROBBERY FIRST DEGREE**

in violation of  §13A-8-41 Code of Alabama 1975 _____ ; OR

[ ] An indictment has been returned by the Grand Jury of this county against (name of person to be arrested)

Charging: [description of offense(s)] _____

in violation of _____

[X] **YOU ARE THEREFORE ORDERED** to arrest the person named or described above and bring that person before a judge or magistrate of this Court to answer the charges against that person and have with you then and there this warrant with your return thereon.  If a judge or magistrate of this Court is unavailable, or if the arrest is made in another county, you shall take the accused person before the nearest or most accessible judge or magistrate in the county of arrest.

[X] You may release the accused person without taking the accused person before a judge or magistrate:

   [X] If the accused person enters into a bond in the amount of $  30,000.00  with two good sureties approved by an authorized officer or by depositing cash or negotiable bonds in the amount with the court clerk; OR

   [X] If the accused person posts an appearance bond in the amount of $  30,000.00

   [ ] On his or her personal recognizance.

April 18, 2002 at 5:11 PM
Date

_____
Judge/Magistrate/Clerk

---

Form C-65 (back)   Rev. 11/92

**WARRANT OF ARREST**
(Felonies, Misdemeanors, or Violations)

Case # 02-008434

**AFFIDAVIT**

2002F 683C

DC02-1933

## DISTRICT COURT OF MONTGOMERY ALABAMA

INSTRUCTIONS: Complete the following information on OFFENSE/OFFENDER

Offense: Robbery 1st Degree

Defendant's Name: Courtney Greenwood        D.O.B. 12/11/79

Defendant's SSN: 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    Height: 5'11"    Weight: 135

Defendant's Address: 103 Courtland Dr. Montg. Al. 36105

Date & Time of Offense: Tuesday 04/09/02 at 2350 Hours

Place of Occurance: 3000 blk of Moorecroft Dr. Montg. Al. 36107

Person or Property Attacked: Larry Copeland Jr.

How Attacked: Robbed at Gunpoint

Damage Done or Property Attacked:

Value of Property:

Details of Offense:
The defendant approached the victim at the listed location and held an unknown type handgun under his shirt and demanded the victim's property. The victim identified the defendant in a photo line-up. This offense occured in the City of Montgomery, in Montgomery County and is in violation of 13A-8-41 of the Code of Alabama, against the peace and dignity of the State of Alabama.

I make this affidavit for the purpose of securing a warrant against the said B/M Courtney Greenwood                    I understand that I am instituting a criminal proceeding and cannot drop this case. I further understand that if any of the forgoing facts are untrue, I may, in addition to any other punishment provided by law, be taxed with court costs in this proceeding.

Sworn to and subscribed before me
this 18 day of April 2002        _____
                                      Complainant

_____
    Judge - Clerk - Magistrate

WITNESSES: (Name, Address, Telephone Number)

1) Larry Copeland Jr. ████████████████████████████

2) Det. N.T.Buce #166 MPD 320 N. Ripley St. Montg. Al. 36104 (334) 241-2963

AL. XMA DEPARTMENT OF CORRECTIONS
INMATE SUMMARY AS OF 01/27/2003
CODE: CRSUM
CBR716-3
INST: 3 251

EXHIBIT C-1-2-3-4-5

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AIS: 001798108    INMATE: GREENWOOD, KOURTNEY SOVERN    RACE: B  SEX: M

INSTITUTION: 251 - MONTGOMERY    JAIL CR: 000Y 05M 10D

DOB: 12/11/1979  SSN: 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

ALIAS: GREENWOOD, COURTNEY    ALIAS: GREENWOOD, K SOVERN

ALIAS: GREENWOOD, KOURTNEE

ADM DT: 12/30/2002 DEAD TIME: 000Y 00M 00D

ADM TYP: LIFE SENTENCE    STAT: LIFE SENTENCE

CURRENT CUST: OTW-9    CURRENT CUST DT: 12/30/2002  PAROLE REVIEW DATE: - NONE -

SECURITY LEVEL: NO CLASSIFICATION RECORD FOUND

SERVING UNDER ACT446 LAW IN CLASS IV    CURRENT CLASS DATE:  12/30/2002
INMATE IS EARNING : PROHIBITED FROM EARNING GOODTIME

| COUNTY | SENT DT | CASE NO | CRIME | | JL-CR | TERM | |
|---|---|---|---|---|---|---|---|
| MONTGOMERY | 12/30/02 | N02000909 | ROBBERY I | | 01600 | LIFE | CS |

ATTORNEY FEES : $000150    HABITUAL OFFENDER : Y
COURT COSTS    : $0000375    FINES : $0000000    RESTITUTION : $0000146

| MTGOMERY | 12/30/02 | N99000453 | UNLAWFUL POSSESSION MARIJU | | 06020 | 010Y 00M 00D | CC |

ATTORNEY FEES : $000150    HABITUAL OFFENDER : N
COURT COSTS    : $0000106    FINES : $0000000    RESTITUTION : $0001110

| TOTAL TERM | MIN REL DT | GOOD TIME BAL | GOOD TIME REV | LONG DATE |
|---|---|---|---|---|
| 999Y 99M 99D | 00/00/0000 | | | 99/99/9999 |

INMATE LITERAL:
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DETAINER WARRANTS SUMMARY
    INMATE CURRENTLY HAS NO DETAINER WARRANT RECORDS
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ESCAPEE-PAROLE SUMMARY

    INMATE CURRENTLY HAS NO PAROLE RECORDS

    INMATE HAS NO ESCAPES FROM ALABAMA D.O.C.
    SINCE J.B.S.C.I.S. RECORDING BEGAN IN 1978
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

DISCIPLINARY/CITATION SUMMARY

    INMATE CURRENTLY HAS NO DISCIPLINARY/CITATION RECORDS

32

| | | Case Number |
|---|---|---|
| State of Alabama Unified Judicial System | **CASE ACTION SUMMARY** CONTINUATION | CC 99-453 |
| Form C-7      Rev 2/79 | | |

Style: State v/s Courtney Greenwood

Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 6/14/01 | Motion of Reconsideration, Modification, Amend / alter term of Imprisonment |
| 7-16-01 | Motion to Review Sentence |
| 8/15/01 | Motion for Reconsideration of Probation + Notice of Completion of SAP. |

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY CONTINUATION | CC 99-453 GR |
|---|---|---|
| Form C-7     Rev 2/79 | | |

Style: State v  Kourtice Greenwood          Page Number ____ of ____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 9-10-01 | Defendant appeared with Wiley Hartley for DOC sentence review. The Court is mindful that Defendant has had a history of chemical addictions and Defendant is advised that this is his **FINAL CHANCE** to comply with the Court's orders. The matters having been considered it is ORDERED: |
| | 1. That Defendant's sentence is suspended and his supervised probation is reinstated and he shall be placed on Level I monitor probation for the first 90 days. Defendant is to report to Probation Officer McCarty upon release from MCDF. |
| | 2. That Defendant shall pay $40.00 per month toward his COMs beginning 11-1-01. |
| | SMG |
| | SALLY GREENHAW, CIRCUIT JUDGE |
| 9-12-01 | Probation Release to DOC |
| 8-1-02 | Δ declared delinquent for having been arrested on new charge of Robbery (02-909). Δ shall remain in delinquent status pending outcome of new charge. SMG |

```
                        ALABAMA JUDICIAL INFORMATION SYSTEM      CASE: CC 2002 000909.0
PRO372                        CASE ACTION SUMMARY               RUN DATE: 07/24/2002
OPER: DBH                    CIRCUIT   CRIMINAL
PAGE:   1                                                          JUDGE: SMG
================================================================================
THE CIRCUIT COURT OF MONTGOMERY          VS     GREENWOOD KOURTNEY SOVERN
STATE  OF  ALABAMA               /              103 COURTLAND DRIVE
CASE: CC 2002 000909.00                         MONTGOMERY, AL  36105 0000
                              SEX: M RACE: B  HT: 5 11  WT: 135  HR:    EYES:
DOB: 12/11/1979   ALIAS NAMES: COURTNEY GREENWOOD        KOURTNEE GREENWOOD
SSN: 903070232                                                TYP: F #: 001
================================================================================
CHARGE01: ROBBERY 1ST            CODE01: ROB1  LIT: ROBBERY 1ST
OFFENSE DATE:                            AGENCY/OFFICER: 0030100
                                      DATE ARRESTED: 07/24/2002
DATE WAR/CAP ISS:                     DATE    FILED: 07/24/2002
DATE    INDICTED: 07/19/2002          DATE  HEARING:
DATE   RELEASED:                          SURETIES:
BOND    AMOUNT:        $30,000.00
                              DESC:         TIME: 0000
DATE 1:                       DESC: ARRG    TIME: 0830 A
DATE 2: 08/01/2002
TRACKING NOS: GJ 2002 070232 00  /      TYPE: A                    TYPE:
    DEF/ATY: Hartley                                      00000  DC9
                                  00000                          OT 28
PROSECUTOR:
================================================================================
                                                             GRAND JURY: 232
OTH CSE: GJ200207023200 CHK/TICKET NO: UNKNOWN              OPER: DBH
COURT REPORTER:                  SID NO:          001357047
     STATUS: JAIL                DEMAND:
================================================================================
          |        ACTIONS, JUDGEMENTS, AND NOTES
DATE      |
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|------|--------------------------------|
| 8-1-02 | W Durant for Arraignment  W Hartley appointed |
|  | DEFENDANT ARRAIGNED IN OPEN COURT, PLEADS NOT GUILTY. ✓ YO set 9-5-02 @ 8:30  SMG |
| 9-5-02 | A denied YO - not eligible, set for trial  SMG |
| 9/23/02 | Notice of Discovery |
| 10-18-02 | Motion by State to Consolidate with 02-905 - James Brown granted  A present for pretrial  SMG |

ACR0369   A L A B A M A   J U D I C I A L   I N F O R M A T I O N   C E N T E R

CASE ACTION SUMMARY
CONTINUATION

CASE: CC 2002 000909.00
JUDGE ID:  SMG

STATE OF ALABAMA                              VS        GREENWOOD KOURTNEY SOVERN

| DATE | ACTION, JUDGMENTS, CASE NOTES |
|------|------------------------------|
| 10-30-02 | **MISTRIAL GRANTED** *after a jury was sworn in and some testimony taken* SMG |
| | Circuit Judge |
| 12-11-02 | **JUDGEMENT IS HEREBY ENTERED IN ACCORDANCE WITH THE VERDICT OF THE JURY** *guilty of Robbery! Sentencing 12-30-02* |
| | SMG |
| | Circuit Judge |

EXHIBIT D:

IN REFERENCE to my case NO# CC 02000905 My NAME
is Jamar Brown, On this date and time 11-21-02
I plead out to a crime I had committed, but to my
understanding there is a guy by the name of Kourtney Greenwood
who I supposedly have as a codenfendent but I don't even
Know of that guy and he is not the person that
was even present with me at the time this incident
took place." I'll just start like this during my stay
in the Montgy, County, Jail whenever I spoke with
my lawyer Winston Durant about my cases he always seemed
to speck of and ask about this guy name buy the name
of Kourtney Greenwood but I always told him I didn't even
Know a guy by that name. so I stayed in the County Jail
about 9 Mounths so as time went on I went to court and
plead guilty to the crimes I had committed, a I noticed at
this time the D.A. who name was Perkins and another
white guy who I think was a D.A. who name was
Perkins and — along with my lawyer Winston Durant
all continously asked me about the dude Kourtney Greenwood
so I told them I did not even Know him which I really
still do not so while sitting in the li cells in the back
of the courtroom I was called out several times to talk
to my lawyer and that D.A. lady name Ms. Perkins, so
on one occasion I was called out to talk to that lady
D.A. Perkins and a white guy, so she asked me
bout Kourtney Greenwood again so I said I Keep
telling yall I don't Know that dude why yall Keep

asking me the same thing," so the lady D.A. Perkins said he's not a witness for Kourtney Greenwood is he specking to the white guy I don't know his name, so the white guy said I don't think so, so I was like witness what," what yall talking bout, so the lady D.A. Perkins said, we mean without you testifying in court for this guy we have a case on this guy, so the lady D.A. said Mr Jamar Brown you work with me I'll work with you then she said I'll see to you getting 20/3 sap & return or probation, then she said you don't have to worry bout nothing I'm going to talk to the Judge, then she said you have a nice day Mr Jamar Brown I'll see you on the 12th of Dec til then just remember what I said then she left. So I ain't never been in noth. like this before but sap & return or Probation sounded good, so it was like a day before I went to get sentenced, I was called down to court, so when I got down there it was this other white guy name Hartley or some, I think he was that guy Kourtney Greenwood lawyer, then my lawyer that same D.A. Perkins lady and the other white guy who was with her before came to talk to me bout Testifying for that guy Kourtney Greenwood, so to be honest I was really thinking bout the sap & return or probation I was told I would get," so I just told them all the truth, that I don't even know a guy buy that name probably never seen him before and that he was not the guy that was present with me at

3

the time I committed these crimes, but then I also said I was not going in that courtroom to testifying, and it see like that lady D.A. Perkins knew this was going to happe to me like this but I didn't say nothing," the reason for this letter to whomever it may concern is, I don't knew if that guy Kourtney Greenwood went to trial or whatever, but I heard through the jail and from a couple of people I think knew him that he got messed up for some he did'nt know anything about", and I Jamar Brown is a witness to tha I know for a fact that guy name Kourtney Greenwood did no commit these crimes and do not know anything about them unless he was told or heard some about it, cause he I know was not the guy who was with me at the time all this trouble occured I don't know how he ended up in this, but it has to be some mistakes made somewhere you know I sat bac for months + months and I look back on how this all happened I think I could have stopped an innocent man out, and believe me I know he's innocent, and if there any way possible to whomever this letter may concern that I can do anything to help this guy out, I will do it, cause I am a changed man myself now and I can't contin to go on with this on my mind, and the good Lord has brought me to say this was all wrong from the start, and it has gotten a innocent man in a messed up situation, and I fought myself and that lady D.A. Perkins for th mistake, and I Jamar Brown am willing to testify or do whatever possible right now to not have that inno

4

man punished for my trouble. To whom ever this may concern
will you please respond soon.

In reference To: Again I Jamar Brown do not even
know Kourtney Greenwood, and he is not the guy who was
with me at the time I committed these crimes, and he was as a
Innocent man is being punished for some he did not do
an/or knows nothing about, which I fought myself and
DA. Perkins for this mistake, and I am willing to
Testify in Kourtney Greenwood behalf or do whatever
to make things right here to whom ever it may concern.

Sincerely,
Jamar Brown  Jamar Brown

Notary

State of Ala- Mt. Co.
Sworn to and subscribed before me this 18
day March 03.

My commission Expires 1-17th day of 2006
Betty Slan- Notary Public

Sincerely Jamar Brown AIS# 227221
case# CC 2002-908

EXHIBIT

# MACEO O. KIRKLAND

MACEO O. KIRKLAND, ESQ.                          *Attorney at Law*

529 SOUTH PERRY STREET, SUITE 14-A
MONTGOMERY, ALABAMA 36104
(334) 261-6200

TELECOPIER
(334) 261-6201

June 6, 2003

Kourtnee Greenwood AIS# 179810
Bed# 2-88B
Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL 35023

**Re: Your application for rehearing and recent correspondence**

Dear Kourtnee:

I have filed your application for rehearing in the Court of Criminal Appeals. I will inform of the outcome of that pleading when the clerk informs me. I have also met with Jamar Brown and he informed me that you were not his accomplice and that he refused to testify on your behalf because Ms. Perkins promised to get him a 20/3 split or probation. These facts are not reflected in the record on appeal, but they could be useful for a Rule 32 petition.

Regarding your insistence for your previous trial transcript, your sentencing transcript, and the consolidation transcripts, enclosed with this letter you will find copies of my motions to the trial judge for all of that. The court reporter who recorded those proceedings must be paid for typing them. I have asked the judge for the money to do so. That's the only way I can get those transcripts. I am doing all I can do, and I don't appreciate being threatened with the Rules of Professional Conduct in your last correspondence.

Sincerely,

*Maceo O. Kirkland*

Maceo O. Kirkland

41

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

KOURTNEE GREENWOOD,                *
                                   *
        Petitioner,                *
                                   *
v.                                 *     CASE NO. CC-02-909.60   TMH
                                   *
STATE OF ALABAMA,                  *
                                   *
        Respondent.                *

## ORDER

This cause is before the Court on a Rule 32 Petition filed by Petitioner.  The Court having considered the matter, it is ORDERED that the State is given 30 days from the date of this Order to file a response to said Petition.

DONE this the 29th day of September, 2003.

_____
TRUMAN M. HOBBS, JR.
CIRCUIT JUDGE


copies:

CAROL BOONE, ASSISTANT CHIEF
 DEPUTY DISTRICT ATTORNEY

KOURTNEE GREENWOOD
AIS 179810
100 WARRIOR LANE
BESSEMER, AL  35023

RECEIVED
9-30-03
CIRCUIT COURT CLERK

**42**

IN THE CIRCURIT COURT OF
MONTGOMERY COUNTY, ALABAMA

KOURTNEY GREENWOOD,           }
     Petitioner,           }
                }
                }
vs.           }   Case No.    CC-02-909.60 TMH
                }
STATE OF ALABAMA,           }
     Respondent.           }

### ORDER

    This cause is before the Court on a Rule 32 Petition filed by Petitioner.  The Court having considered the matter, it is ORDERED that the State is given 30 days from the date of this Order to file a response to said Petition

    Done this the 23rd day of October, 2003.

                        TRUMAN M. HOBBS, JR.
                        CIRCUIT JUDGE

Copies:

Benjamin E. Schoettker
Deputy District Attorney

Kourtney Greenwood
AIS # 179810
Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL 35023

RECEIVED
10-28-03
CIRCUIT COURT CLERK

**43**

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

KOURTNEY GREENWOOD,                    }
      Petitioner,                             }
                                              }
vs.                                     }   Case No.   CC-02-909.60 TMH
                                              }
STATE OF ALABAMA,                       }
      Respondent.                             }

## MOTION FOR ENLARGEMENT OF TIME

COMES NOW, the State of Alabama by and through its District Attorney for the

Fifteenth Judicial Circuit, Eleanor I. Brooks, and respectfully moves this Court, pursuant

to Rule 1.3(b) of the Alabama Rules of Criminal Procedure, for enlargement of thirty

days from October 17, 2003, within which to file its answer in this case. As grounds in

support of this motion the State would offer the following:

    (1)      Counsel for the State has been preparing for trials and has been in

         trial for the week of October 20, 2003 through October 25, 2003.

    (2)      Counsel for the State is currently preparing for trials set for the week

         of October 27, 2003 through October 31, 2003.

    (3)      Counsel for the State has not had adequate opportunity to review the

         issues presented by the Petitioner.

    (4)      The interest of justice and fairness and this Court's judicial function

         will best be served by granting the requested enlargement of time.

         Likewise, the Petitioner will not be prejudiced if the request for

         enlargement is granted.

**44**

WHEREFORE, the premises considered, the State of Alabama respectfully moves this Court for an enlargement of 30 days within which to file its answer, thus making the State's answer due on or before November 17, 2003.


ELEANOR I. BROOKS
DISTRICT ATTORNEY

BENJAMIN E. SCHOETTKER
DEPUTY DISTRICT ATTORNEY
15TH JUDICIAL CIRCUIT


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served upon the petitioner, Kourtney Greenwood, by placing said copy of the same in the United States Mail, on this the 24th day of October, 2003, postage prepaid and properly addresses as follows:

Kourtney Greenwood
AIS # 179810
Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL 35023


BENJAMIN E. SCHOETTKER
DEPUTY DISTRICT ATTORNEY
15TH JUDICIAL CIRCUIT

## IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY COUNTY, ALABAMA

KOURTNEY GREENWOOD,              )
     Petitioner,                          )
                       )
v.                                                )     CC 02-909.60 TMH
                       )
STATE OF ALABAMA,                  )
     Respondent.                        )

## ANSWER AND MOTION FOR SUMMARY DISPOSITION

Comes now the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and submits the following answer to the Petitioner's Rule 32 Petition filed on, or about, September 18, 2003.

The Petitioner alleges the following grounds as the basis for said petition:

1. The Court was without Jurisdiction to render the judgment or to impose the sentence.
2. The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.
3. Newly discovered material facts exist which requires that the conviction or sentence be vacated by the court.

The state denies each and every material allegation in the Petitioner's petition and demands strict proof thereof.

The petition fails to state a claim on which relied may be granted; and/or the petition fails to raise any material issue of fact or law which would entitle the Petitioner to relief and no purpose would be served by any further proceedings in this matter.

## PROCEDURAL HISTORY

Petitioner was indicted in July of 2002 for Robbery in the first degree.  On December 11th, 2002, a jury in Montgomery County found Petitioner guilty of said offense. Petitioner was sentence December 30, 2003 to a life sentence. Petitioner next filed an appeal in the Court of Criminal Appeals on or about February 6, 2003.  The Court of Criminal Appeals affirmed the lower court.



## BASES OF PETITIONERS CLAIMS

1.      The Court was without Jurisdiction to render the judgment or to impose the sentence.  Specifically, the Petitioner argues that law enforcement lacked probable cause to make an arrest of Petitioner.  As such, Petitioner states that the Court lacked personal jurisdiction over him.

Additionally, Petitioner claims the Court lacks jurisdiction because the indictment is void.  Petitioner states that the indictment fails to allege the elements of Robbery in the first degree.  In support of this allegation the Petitioner states that in order to have a proper indictment for Robbery in the first degree the indictment must state that the victim suffered serious physical injury.

2.      The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.  Petitioner argues that he was only subject to one prior for the purposes of the Habitual Offender Act, and that the Court erred in allowing the state to present two (2) priors.  Petitioner also claims that his sentence exceeds the maximum allowed because he claims he was indicted for Robbery in the third degree.

3.      Newly discovered material facts exist which requires that the conviction or sentence be vacated by the court. The Petitioner attached a copy of what he claims is a hand written affidavit from the Co-Defendant (Jamar Brown) in this case. Petitioner claims that these are new facts that exist that he was unaware of at the time of trial.

## STATES RESPONSE

1.      With respect to Petitioner's claim of lack of jurisdiction due to his arrest without probable cause the court is very clear.  The Alabama Court of Criminal Appeals stated in <u>Sumlin v. State</u>, 710 So .2d 941 (Ala.Crim.App. 1998) that "An illegal arrest claim does not raise the jurisdiction of the court and can be barred from Rule 32 review because it could have been but was not raised at trial or on appeal." Petitioner had a trial in December of 2002 and filed an appeal in February of 2003.  Petitioner failed to raise this issue in his appeal and if raised at trial it was unsuccessful. Relying on <u>Sumlin v. State</u>, 1998 WL 32625

(Ala.Crim.App. 1998) Petitioners request for relief on this issue is due to be **DENIED.**

With respect to the Courts jurisdiction the Petitioner raises one other issue. Petitioner argues that the indictment fails to allege the elements of Robbery in the first degree. In support of this allegation the Petitioner states that in order to have a proper indictment for Robbery in the first degree the indictment must state that the victim suffered serious physical injury.

In Shoulders v. State, 703 So.2d 1015, 1018 (Ala. Crim. App. 1997) the Court explains that this is not a valid jurisdictional question by stating "A claim by the petitioner that he was charged with the wrong crime and that the court was, therefore, without jurisdiction to render a judgment or pronounce sentence was really a challenge to the sufficiency of the evidence and was barred."

Even if this claim was a valid jurisdictional question it is without merit. The law in Alabama does not require the defendant to cause serious physical injury to the victim in order to be guilty of Robbery in the first degree. Johnson v. State, 473 So. 2d 607 (Ala. Crim. App. 1985) state that a defendant commits Robbery in the first degree if "in the course of committing a theft he…uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance," and he "is armed with a deadly weapon or dangerous instrument" or "causes serious physical injury to another." It is not necessary for the defendant to cause serious physical injury to be found guilty of Robbery in the first degree. Petitioners request for relief on this issue is due to be **DENIED.**

2.    Next the Petitioner argues that the sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law. Petitioner argues that he was only subject to one prior for the purposes of the Habitual Offender Act, and that the Court erred in allowing the state to present two (2) priors. Petitioner also claims that his sentence exceeds the maximum allowed because he claims he was indicted for Robbery in the third degree.

These claims amount to nothing more than bare allegations, unsupported by any facts or argument; thus, Petitioner has failed to meet his burden of

pleading under Rule 32.3 of the Alabama Rules of Criminal Procedure, and the specificity requirements of Rule 32.6 of the Alabama Rules of Criminal Procedure.

Petitioner did have two (2) prior felony convictions for the purposes of the Habitual Felony Act when he committed the Robbery in question. In October of 1994 Petitioner plead guilty to Robbery in the first degree and was sentenced to 15 years in the penitentiary. In August of 1999 Petitioner plead guilty to the charge of Possession of Marijuana in the first degree and was sentenced under the Habitual Felony Act to 10 years split to serve 3 years reverse split postponed 1 year. (see States exhibits 1 and 2) Clearly the Petitioner had two prior felonies on his record when he committed the Robbery in question in April of 2002.

Finally, as to the Petitioners sentence, he argues the indictment charges him with Robbery in the third degree and not Robbery in the first degree. There is no merit to this claim and the only argument made by Petitioner in support is that in order to be convicted of Robbery in the first degree it was required that the State prove serious physical injury to the victim. This argument has already been address in States response number one (1). The State has provided a copy of Petitioners indictment, which will show that he was indicted for Robbery in the first degree. (States Exhibit 3) Petitioners request for relief on these issues are due to be **DENIED.**

3.    Petitioners final issue raised is that newly discovered material facts exist which requires that the conviction or sentence be vacated by the court. The Petitioner attached a copy of what he claims is a hand written affidavit from the Co-Defendant (Jamar Brown) in this case. Petitioner claims that these are new facts that exist that he was unaware of at the time of trial.

In order for the Petitioner to meet the definition of "newly discovered evidence" under subsection 32.1 (e), a petitioner must plead and establish five things:

1.    That the facts relied on were not known by petitoner or his counsel at the time of trial, at the time of sentencing, in time to file a new trial motion, or in time to be included in a prior

collateral proceeding and they could not have been discovered by any of those times through the exercise of reasonable diligence;

2.    The facts are not merely cumulative of facts known to the petitioner or his counsel;

3.    The facts do not merely amount to impeachment evidence;

4.    If the facts had been known at the time of trial or sentencing, the outcome of the proceeding would have been different; and

5.    The facts establish that the petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he received.

Petitioner fails to meet the burden placed upon him by Rule 32.1 (e) to sustain his argument. At the time of trial the Petitioner and his attorney were aware of the Co-Defendant Jamar Brown and could have called him as a witness. Mr. Browns Affidavit establishes that his story if he would have testified at trial would have been the same then as it is today. Hence, there is no new evidence. Mr. Brown in his affidavit tells us that he spoke with Petitioners attorney, Wiley Hartley, before Petitioners trial and told Mr. Hartley exactly what is now contained in Mr. Brown's affidavit. These facts were known at the time of Petitioners trial and as such are not newly discovered facts. Petitioners request for relief on this issue is due to be **DENIED.**

## CONCLUSION

For the above-stated reasons, the Petitioner is not entitled to relief on any of his claims, and his conviction and sentence are due to be upheld. There is sufficient evidence to support the Petitioner's convictions and sentence. Thus, Mr. Greenwood's petition is due to be denied. Therefore, the Respondent, the State of Alabama, moves this Honorable Court to dismiss, with prejudice, Greenwood's Petition for Post-Conviction Relief.

Respectfully submitted on this the 24th day of November 2003.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

_____
Benjamin E. Schoettker   (SCH 091)
Deputy District Attorney

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served upon
Kourtney Greenwood by placing a true copy of the same in the United States
Mail, first-class postage prepaid and properly addressed to him at AIS# 179810,
Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, Alabama 35023
on this the 24th day of November, 2003.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

By:    Benjamin E. Schoettker   (SCH 091) /s
       Deputy District Attorney      Vernetta R. Perkins

E CIRCUIT COURT OF MONTGOMERY COUNTY     JUDGE: JDP
OF ALABAMA     VS     GREENWOO. AJURTNEE SOVERN

**51**

.: CC 94 001286 00     530 N. Union Street
MONTGOMERY    AL   00000-0000

JB: 12/11/79   RACE: B   SEX: M   HT: 506   WT: 125   HR:     EYE:
SN: 000000000   ALIAS NAMES:

---

CHARGE1: ROBBERY 1ST      CODE1: ROB1 LIT:ROBBERY 1ST   TYPE: F
CHARGE2:      CODE2: 0000      TYPE: F
CHARGE3:      CODE3: 0000      TYPE: F
MORE?:     OFFENSE DATE: __/__/__     AGENCY/OFFICER:

DATE WAR/CAP ISS: __/__/__     DATE ARRESTED: __/__/__
DATE    INDICTED: 05/26/94     DATE     FILED: 05/31/94
DATE    RELEASED: __/__/__     DATE HEARING: __/__/__
   BOND AMOUNT:   $5,000.00     SURETIES: INDIV

DATE 1:     DESC: 0000    TIME: 0000     179810
DATE 2: 06/08/94 DESC: ARRG    TIME: 0900 A     NOT IN DOC

DEF/ATY: CARTE, TEDDI LANE     TYPE: A     TYPE:
PROSECUTOR: MCNEILL, JAMES RANDALL

---

OTH CSE: 0000000000    CHK/TICKET NO:        GRAND JURY: 45
COURT REPORTER      SID NO: 000000000
DEF STATUS: BOND    JURY DEMAND:         OPID: PAB

---

DATE      ACTIONS, JUDGMENTS, CASE NOTES

Sept. 27 ✓

6/8/94   WA filed

6/8/94   App. for YOA filed

7-6-94   Attorney's YOA Application Report of Reference

9-27-94   Motion to Set for Sentencing   by wrong side filed DA

9-27-94 ✓   YOA denied (N)   To Circuit Ct

9-27-94

The defendant comes before the Court, with attorney of record. The Court on the record, fully explained to Defen-
dant all Constitutional rights. The court is convinced that Defendant comes into the Court voluntarily and understands
all Constitutional rights. Exhibit A is signed by Defendant and the record ... tirely shown ... ... between
the ... and Defendant ... to Defendant for full and complete under... ... and is
to all of the waivers that a guilty plea effects and the consequences that ... ... ...,
the Court accepts the guilty plea and finds the defendant guilty and enters a judgment of guilt.

Sentencing date is: Oct. 11, 1994 at 8:00 a.m.

       Circuit Judge

10-11-94   Reset for 10-13-94

**STATE'S EXHIBIT**

1

State of Alabama
Unified Judicial System

Form C-7  Rev. 2/79

CASE ACTION SUMMARY
CONTINUATION

CC 94-1286
ID    YR    Number

Style:

Page Number _____ of _____ Pages

State                    KOURTNEE SOVERN GREENWOOD

DATE                     ACTIONS, JUDGMENTS, CASE NOTES

October 13, 1994

The Defendant appears in Court with his attorney of record for
sentencing. The Court, having asked the Defendant if he had
anything to say as to why the sentence of law should not now be
pronounced upon him, and having had his say, the Court sentences
the Defendant to fifteen (15) years in the penitentiary.

The Defendant is to successfully complete up to 180 days
Disciplinary Rehabilitation Program pursuant to the Act 88-163.
When program is successfully completed, Defendant is to be
returned to the Court for review. Upon motion of the State with
concurrence of the Defendant, the Court retains jurisdiction and
reconsideration of this sentence and of Y.O.A. if and or when the
Defendant successfully completes the 180 Day Disciplinary
Rehabilitation Program.

October 13, 1994
Court orders the Defendant to pay attorney's fees of $150.00,
court costs, and $50.00 to the Victims Compensation Fund.
Restitution is to be set at a restitution hearing. These court
ordered payments are to be collected by the Department of
Corrections from any funds to which the Defendant becomes
entitled while in the penitentiary, whether such funds are to his
credit in a welfare fund, inmate fund or in any other source
whatsoever. An amount equal to one-half of the gross amount of
such funds shall be collected by the Department of Corrections
and shall be forwarded to the Circuit Clerk of this Court monthly
to be disbursed by the Clerk according to law.

                          JOSEPH D. PHELPS, CIRCUIT JUDGE

11-29-94  Probation Office to see if Def can be sent
          to Frank Lee: resit for 12-6-94.

| State of Alabama<br>Unified Judicial System<br><br>Form C-7  Rev. 2/79 | CASE ACTION SUMMARY<br>CONTINUATION | Case Number<br><br>CC 94 1286<br>ID  YR  Number |

Style: Kautner Greenwood                     Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 3/13/95 | Defendant with attorney appeared for Review and reconsideration |
|  | sentence.  Sentence is ORDERED amended as follows: |
|  | 1.  15 years split, to serve 2 years at Frank Lee Juvenile |
|  | Facility with credit for time served. |
|  | 2.  Defendant shall be enrolled in a full time regular school |
|  | curriculum at Frank Lee Juvenile Facility. |
|  | 3.  Court reserves jurisdiction for YOA determination. |
|  | 4.  Defendant will be placed on 3 years supervised probation |
|  | following release from that facility. |
|  | SALLY GREENHAW, CIRCUIT JUDGE |

**54**

State of Alabama
Supreme Court
Dept. of Court Mgmt.

Form SC-C-7 11-77

# CASE ACTION SUMMARY
## CONTINUATION

Case Number

CC 74-128

_Kourtnee Greenwood_                    Page Number

| DATE | ACTIONS |
|------|---------|
| 10-3-96 | Δ's probation reinstated. Payment of court ordered monies to begin in December at $20.00/month. Review set for 3-6-97, 8:15 for increase pay. ct. [initials] |

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY | Case Number |
|---|---|---|
| Form C-7      Rev 2/79 | CONTINUATION | 94 - 1286 |

Style: _Kartha Marcel_     Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 3-6-97 | △ FTA for Review - Reset review 4-24-97. sme |
| 4-24-97 | △ FTA for Review. F + C. sme |

State of Alabama
Supreme Court
Dept. of Court Mgmt.

SC-7 11-77

## CASE ACTION SUMMARY
### CONTINUATION

Case Number

CC 94-1286
ID    YR    Number

Kauntrice Greenwood

Page Number _____

| DATE | ACTIONS |
|---|---|
| 2-6-97 | Delinquency report filed by P.O. Officer and based on testimony of P.O. Officer *Moore*. Defendant declared delinquent and **ARREST ORDERED** for: |
| | ✓ 1. Failure to report |
| | ✓ 2. Failure to pay court order monies |
| | ✓ 3. Failure to pay supervision fees |
| | 4. Arrested on new charges |
| | 5. Failure to avoid injurious habits |
| | 6. |
| | 7. |
| | 8.                    SMG |
| 2-10-97 | Capias Issued |
| 7-23-97 | Capias executed; file sent to Judge. |

CASE ACTION SUMMARY
CONTINUATION

Case Number
CC __99__ -12

*Kountree, Greenwood*

Page Number _____

ACTIONS

5-97   Delinquency report filed by P.O. Officer and based on
testimony of   P.O. Officer          Defendant declared
delinquent and ARREST ORDERED for:
    1.Failure to report
    2.Failure to pay court order monies
    3.Failure to pay supervision fees
    4.Arrested on new charges
    5.Failure to avoid injurious habits
    6.
    7. FTA
    8.


Defendant appeared with attorney and was orally
informed of the delinquency charges and also provided
with a written statement of the charges, the disclosure
of the evidence , the opportunity to be heard, to
present witnesses and documentary evidence, to confront
and cross-examine witnesses.  Defendant ADMITTED
charges, or Defendant DENIED            charges and a
revocation hearing is set for 7-31-99

JUDGE SALLY GREENHAW

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY | Case Number |
|---|---|---|
| Form C-7      Rev 2/79 | CONTINUATION | 94-1286 |

Style: Kourtnee Greenwood                Page Number ___ of ___ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 7-31-97 | Defendant appeared with Wiley Hartley for a revocation hearing. Probation Officer Moore testified that Defendant was placed on probation 10/3/96 and told to report monthly. She stated he had failed to report to the probation office from March 1997 through August, 1997 even after several home visits were done in an attempt to bring Defendant back under supervision. Defendant denied the charges and testified he was not told to report. Officer Moore presented to the Court the instructions for probation signed by the Defendant on the date he was placed on probation stating he understood the conditions of probation. |
| | Upon consideration of the evidence presented by the State and testimony of Probation Officer Moore finds Defendant did violate the conditions of his probation for failure to report. |
| | Wherefore, it is ORDERED that Defendant's probation and split sentence be revoked and his 15 year sentence be invoked for failure to report to the probation officer. |
| | SMG |
| | SALLY GREENHAW CIRCUIT JUDGE |
| 8-19-97 | Motion To Reconsider Revocation of Probation |
| 9-2-97 | Motion to reconsider probation revocation re set 9-4-97 at 8:15 Sally Greenhaw |
| 9-4-97 | Motion to Reconsider probation Revocation was heard this date and testimony taken. Defendant continues to deny he was told to report. It is Ordered that Defendant's probation and split sentence be revoked and his 15 year sentence be invoked for failure to report. To be reviewed prior to E.O.S. — place hold. SMG |

**59**

| State of Alabama<br>Unified Judicial System | CASE ACTION SUMMARY | Case Number |
|---|---|---|
| Form C-7        Rev 2/79 | CONTINUATION | 94-1286 |

Style:

Kourtnee Greenwood

Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 9-16-97 | Defendant and counsel appeared for Review with the State and Officer Moore present. Defendant testified he would obey the orders of the Court and Probation Officer if given one more opportunity on probation. Ordered: 1.) Defendant shall comply with all Court Orders and instruction from Probation Officer Moore. 2.) Failure to comply + Defendant probation shall be revoked. 3.) Sentence suspended and placed on supervised probation the first portion of which will be served on Level I Monitor. 4.) Supervised probation extended 2 years.          Sally Greenlaw |
| 1-23-98 | Probation Release to DOC |
| | |
| | |
| | |
| | |
| | |

State of Alabama
Dept. of Court Mgmt.
Form SC-C-7 11-77

Case 2:05-cv-00733-MHT-WC    Document 34-5    Filed 11/15/2007    Page 62 of 144

# CASE ACTION SUMMA...
## CONTINUATION

CC 94-1286

### Koustnee Greenwood

Page Number _____

| DATE | ACTIONS |
|------|---------|
| 11-24-97 | Delinquency report filed by P.O. Officer and based on testimony of P.O. Officer Manchin Defendant declared delinquent and ARREST ORDERED for: |

```
_____   1. Failure to report
_____   2. Failure to pay court order monies
_____   3. Failure to pay supervision fees
  X     4. Arrested on new charges  menacing
_____   5. Failure to avoid injurious habits
_____   6.
_____   7.  (1 in City Jail) place a hold
            SMG
```

Defendant appeared with attorney and was orally informed of the delinquency charges and also provided with a written statement of the charges, the disclosure of the evidence, the opportunity to be heard, to present witnesses and documentary evidence, to confront and cross-examine witnesses. Defendant ADMITTED charges, or Defendant DENIED _____ charges and a revocation hearing is set for _____.

JUDGE SALLY GREENHAW

| | |
|---|---|
| 12-2-97 | Copias Issued |
| 3-07-98 | Capias executed; file sent to Judge. |
| 3-16-98 | Probation reinstated (P.O. Moore). SMG |

State of Alabama
Unified Judicial System

**CASE ACTION SUMMARY**
CONTINUATION

Case Number
CC 94-1286 GR

Form C-7    Rev 2/79

Style:
State v _Kauntue Greenwood_    Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 9-10-01 | Defendant appeared with Wiley Hartley for DOC sentence review. The Court is mindful that Defendant has had a history of chemical addictions and Defendant is advised that this is his **FINAL CHANCE** to comply with the Court's Orders. The matters having been considered it is ORDERED: |
| | 1. That Defendant's sentence is suspended and his supervised probation is reinstated and he shall be placed on Level I monitor probation for the first 90 days. Defendant is to report to Probation Officer McCarty upon release from MCDF. |
| | 2. That Defendant shall pay $40.00 per month toward his COMs beginning 11-1-01. |
| | SMC |
| | SALLY GREENHAW, CIRCUIT JUDGE |
| 9-12-01 | Probation Release to DOC |

STATE OF ALABAMA
MONTGOMERY COUNTY

I, Melissa Rittenour, Clerk of the Circuit Court of Montgomery County, hereby certify that the within is a true and correct copy of the Case Action Summary on file in said office.

Witness my hand and the seal of said Court on this the ____ day of Oct 20 01

Melissa R. Rittenour

ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 99 000453.00
CASE ACTION SUMMARY
CIRCUIT    CRIMINAL    RUN DATE: 03/10/99

THE CIRCUIT COURT OF MONTGOMERY

DATE OF ALABAMA                          VS.        GREENWOOD COURTNEY
                                                    552 N UNION CIRCLE

CASE: CC 99 000453.00                               MONTGOMERY, AL  36104 0000

DOB: 12-13-79          SEX: M  RACE: B  HT: 5 08  WT: 160  HR: BLK  EYES: BRO
SSN: XXXXXX527  ALIAS NAMES:

                                                    CODE: VGPF LIT: POSS MARIJUANA  TYP: F
CHARGE: POSS MARIJUANA 1ST
MORE?:         OFFENSE DATE: 10/27/98   AGENCY/OFFICER: MPD    LOTFON

DATE WAR/CAP ISS:                        DATE ARRESTED: 10/27/98
DATE   INDICTED: 03/05/99                DATE   FILED: 03/09/99
DATE   RELEASED: 11/09/98                DATE HEARING:
       BOND AMOUNT:     $1,000.00        SURETIES:        *Bail Bonds Eff.*
                                                          *Rapid Bail Bonds*
DATE 1:        DESC:                     TIME: 0000                    TYPE:
DATE 2: 03/18/99  DESC: ATTY             TIME: 1000 A                  *May?*

    DEF/ATY: HARTLEY, JOHN W, JR         TYPE: A
PROSECUTOR: DUKES, STEPHEN MARK

OTH CSE: 9300626400    CHK/TICKET NO:                       GRAND JURY: 238
COURT REPORTER:        SID NO:           *July 12 ✓*           OPER: REF
DEF STATUS: BOND       DEMAND:                                          OPE

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | |
|---|---|---|
| 03/10/1999 | FILED THIS DATE: 03/09/99 | REF |
| 03/10/1999 | CHARGE AT FILING OF: POSS MARIJUANA 1ST | REF |
| 03/10/1999 | DEFENDANT INDICTED ON: 03/05/99 | REF |
| 03/10/1999 | BOND SET FOR:     $1000.00 | REF |
| 03/10/1999 | DEFENDANT ARRESTED ON: 10/27/98 | REF |
| 03/10/1999 | ATTORNEY FOR DEFENDANT: HARTLEY, JOHN W, JR | REF |
| 03/10/1999 | OFFENSE DATE OF: 10/27/98 | REF |
| 03/10/1999 | DEFENDANT RELEASED ON: 11/09/98 | REF |
| 03/18/1999 | SET FOR: ATTY APPOINTMENT ON 03/18/99 AT 1000A | REF |
| 4-9-99 | *Notice of Discovery to Deft etc* | |
| 5-24-99 | *Δ appeared* | |
| 5-25-99 | *Δ appeared, set for YOA 6-3-99* | |
| 5-28-99 | *Bondsman Process Issued to Big Lady's* | |
| 6-3-99 | The Court having examined the defendant and considered the report of investigation of the defendant as required by Ala. Code §15-19-1 (1975) it is ORDERED that the defendant's request to be tried as a youthful offender is *Conditionally Denied* | |

*SMG*

SALLY GREENHAW, CIRCUIT JUDGE

6-21-99   *Bondsman's Process Served (Big Lady's)*

STATE'S EXHIBIT
2

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY CONTINUATION | Case Number CC 99-453 GR |
|---|---|---|
| m C-7    Rev 2/79 | | -- |

Style: State v _Koustany Greenwood_    Page Number ___ of ___ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 7-8-99 | Δ FTA pretrial |
| 7-12-99 | DEFENDANT FTA FOR Trial W & F. ISSUE W.O.A. _Billy Greenlaw_ |
| 7-15-99 | Capias Issued |
| 8-9-99 | Capias executed; file to the Judge (8-10) |
| 8-12-99 | Δ appeared F+C set aside — smg |

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY CONTINUATION | Case Number CC-9-469 GR |
|---|---|---|
| C-7    Rev 2/79 | | |

Style: STATE OF ALABAMA VS. Courtney Greenwood    Page Number ____ of ____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| / /99 | Y. O. A    GRANTED / DENIED |
| 5/12/99 | State's Motion/Nolle Prosse Count(s) Granted Granted SMG |
| / /99 | State's Motion To Dismiss Count(s) _____ Granted |
| / /99 | State's Motion To Amend Count _____ to ____ Granted |
| 5/12/99 | The Defendant is before the Court and is represented. The Court on record fully explained all Constitutional rights. The Court is convinced that Defendant comes into court voluntarily and understands all his rights. Exhibit A is signed by Defendant and counsel and the record affirmatively shows colloquy between the Judge and Defendant and that Defendant fully and completely understands he is waiving his Constitutional rights and other effects of a guilty plea and the consequences thereof and the sentence that could be imposed.  Upon the conclusion of said colloquy the Court accepts the guilty plea and finds Defendant guilty and enters a judgment of guilt to the charge of P.O.M 1st SMG Count 1 pla |

Notice of HOA/Drug/Weapon Enhancements given ____

P.S.I. ORDERED / WAIVED

Sentencing date is 8-16-99 1999 at 8:00 a.m.

SALLY GREENHAW, CIRCUIT JUDGE    SMG

State of Alabama
Unified Judicial System

**CASE ACTION SUMMARY**
CONTINUATION

Case Number
C C 99 - 453 GR

n C-7    Rev 2/79

Style:
State v _Baurtree Ferenber_      Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 8/16/99 | Defendant & attorney appeared for sentencing. Court asked if he/she had anything to say why sentence should not now be pronounced and Defendant having his/her say, it is ORDERED: |

HOA Enhancements Applicable    Yes/No
Defendant Admits_____ State Proves _____ Priors

Sentenced to _10_ yrs./split to serve _3_ yrs.
_✓_ reverse split postpone _1 yr_ review _Aug 14, 2000_
Concurrent _____ Consecutive _____

SUSPENDED (YES)/NO SUPERVISED/COURT PROBATION
_3_ years LEVEL II _✓_    Monitor_____

ENHANCEMENTS - Weapons_____ years _first 30 Days_
    Drug - _____ years School/Public Housing
                      years Sale under 18
    $1000/2000 Fine
    _✓_ Remit portion completion SAP
    _✓_ Driver License suspended 6 mo.

GED____ BootCamp____/SAP _X_/Chain Gang____
Work Release____ Frank Lee ____/Employment____
Community Service____ hrs. at _____/PO Select
Review upon completion - Yes_____

Other - _____

Restitution $_____ Fine $_____
Crime Victim $25.00/$50.00/$_____ Ct.Costs _✓_
Attorneys Fees $150.00/Attorney/GAL Fees ____
Payment $_50_ Mo/Wk Begin _10/1_/99 OR
1/2 monies earned____ Review _____

Defendant advised rt. appeal, credit time served
    Appeal Bd. set $_____    JUDGE SALLY GREENHAW

State of Alabama
prame Court
pt of Court Mgmt

n SC-C-7 11-77

**ACTION SUMMARY**
**CONTINUATION**

CC 99-453

Rountree Greenwood                    Page Number _____

| ATE | ACTIONS |
|---|---|

2.27.99 | Delinquency report filed by P.O. Officer and based on testimony of ___P.O. Officer___ Defendant declared delinquent and ARREST ORDERED for:

_____ 1. Failure to report
_____ 2. Failure to pay court order monies
_____ 3. Failure to pay supervision fees
_____ 4. Arrested on new charges
_____ 5. Failure to avoid injurious habits
✓ 6. ✓ ✓ Complete S.A.P.
_____ 7.
_____ o

W. Hartley

Defendant appeared with attorney and was orally informed of the delinquency charges and also provided with a written statement of the charges, the disclosure of the evidence, the opportunity to be heard, to present witnesses and documentary evidence, to confront and cross-examine witnesses. Defendant ADMITTED _____ charges, or Defendant DENIED ✓ charges and a revocation hearing is set for 1-10-00 .

SMG

-10-00 | Revocation Continued to 1-20-00 at 7:30 Am

SMG

-20-00 | Continued to 1-24-00

SMG

-24-00 | Δ appeared, Mr Davis from CAP. FTA. On recommendation of P.O. and no objection from the State Δ is Ordered on Work Release beginning 1-25-00 from 7am - 6pm M-F. Δ shall remain delinquent pending hearing on 2-14-00 @ 8am    SMG

COURT RECORD (MINI)

State of Alabama
Unified Judicial System

Form C-7     Rev 2/79

# CASE ACTION SUMMARY
## CONTINUATION

Case Number

cc 99-453 GR

State v   Kourtnee Greenwood

Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 2-14-00 | Defendant Greenwood appeared with Wiley Hartley and was orally informed of the delinquency charge for failing to successfully complete a substance abuse program. He was provided with a written statement of the charge, the disclosure of the evidence, the opportunity to be heard, to present witnesses, documentary evidence, and to confront and cross examine witnesses. |
| | Defendant requested a hearing, the parties were sworn in and P. O. McCarty testified Defendant was instructed on all rules and regulations of probation. McCarthy stated, by letter to her, Defendant was terminated from CAP for failure to attend the program. Witness Steve Davis from CAP testified Def. had been given several opportunities to enroll or re-enroll and had failed to do so. He also stated he did not know if CAP would be willing to reconsider him for the program again. |
| | Defendant testified he had been in Jackson Hospital on 12/13/99 and shortly thereafter his infant son had been put in the hospital. He further testified he had no positive drug screens, but he could not pay for the screens and they would not allow him to enter CAP nor would they consider re-enrolling him in the program. Defendant stated he also had an offer for a second job at Captain D's if he were allowed to be released. |
| | Ms. LaVon Howard (Defendant's fiance) testified both the baby and Defendant had been in the hospital but that her Mother would be supervising Defendant at Captain D's if he were released. |
| | Defendant shall remain in delinquent status pending further hearing on 2/22/00 at 8:00 am. SMG |
| | SALLY GREENHAW, CIRCUIT JUDGE |
| 2-22-00 | Defendant appeared with counsel for further hearing on the revocation matter. It is ORDERED: |
| | 1. Defendant's probation is reinstated, the first 90 days on Level 2. |
| | 2. Defendant shall enroll in CAP or an alternative program which Ms. McCarty is to approve. |
| | 3. This is Defendant's last opportunity to comply. SML |
| | SALLY GREENHAW, CIRCUIT JUDGE |

| State of Alabama<br>Unified Judicial System<br><br>Form C-7    Rev 2/79 | CASE ACTION SUMMARY<br>CONTINUATION | Case Number<br>CC 99-45-3 |
|---|---|---|

Style: *State v. Kourtnee Greenwood*

Page Number ____ of ____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 3-27-0 | Delinquency report filed by P.O. Officer and based on testimony of P.O. Officer _Mill_ Defendant declared delinquent and ARREST ORDERED for: |
| | ✓ 1. Failure to report |
| | ___ 2. Failure to pay court order monies |
| | ___ 3. Failure to pay supervision fees |
| | ___ 4. Arrested on new charges |
| | ___ 5. Failure to avoid injurious habits ___ |
| | ___ 6. |
| | ___ 7. |
| | ___ 8. |
| | (Meredith Newman)    S.M.S. |
| 3-28-00 | Capias Issued |
| -9-00 | Capias executed, file to the Judge |

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY CONTINUATION | Case Number |
|---|---|---|
| Form C-7    Rev 2/79 | | CC 99 - 453 GR |

Style: State v _Kourtnee Greenwood_    Page Number ___ of ___ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 7/17/00 | Defendant Greenwood appeared with Wiley Hartley and was orally informed of the delinquency charge for failure to report. The Court also finds the Defendant has a new Assault 1 charge, has paid nothing on his COMs and did not enroll in CAP. Defendant was provided with a written statement of the charges, the disclosure of the evidence, the opportunity to be heard, to present witnesses, documentary evidence, and to confront and cross examine witnesses. Defendant requested a hearing, the parties were sworn in and P. O. Mills testified Defendant was instructed on all rules and regulations of probation on 2/22/00 when he was placed on Level II probation. Mills stated Defendant has not reported since he was placed on probation, has failed to make any payments toward his COMs; was arrested on a new charge of Assault 1 and failed to enroll in CAP. P. O. Mills recommends Defendant's probation be revoked and his sentence imposed. Defendant testified he didn't report because he had a conflict with P. O. Mills. Upon consideration of the evidence presented by the State, and testimony of P. O. Mills the Court finds Defendant did violate the conditions of his probation for failure to report. Wherefore, it is ORDERED that Defendant's probation is revoked and his split sentence is imposed for failure to report. It is further ORDERED Defendant complete a SAP while at DOC. Defendant advised of his right to appeal. _Sally Greenhaw_ SALLY GREENHAW, CIRCUIT JUDGE |
| 8-31-00 | Oral Motion to Reconsider Probation is denied; Defendant has had constant problems while on probation. SMG |
| 9/13/00 | (Letter) Defendant's Motion For Review |
| 9-13-00 | Order Denying Review |
| 11/13/00 | Motion to Compel Disclosure Motion to Produce |

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY CONTINUATION | Case Number |
|---|---|---|
| Form C-7      Rev 2/79 | | CC 99-453 |

Style: State v/s Courtney Greenwood

Page Number _____ of _____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 6/14/01 | Motion of Reconsideration, Modification, Amend / alter Term of Imprissument |
| 7-16-01 | Motion to Review Sentence |
| 8/15/01 | Motion for Reconsideration of Probation + Notice of Completion of SAP. |

| State of Alabama Unified Judicial System | CASE ACTION SUMMARY CONTINUATION | Case Number CC 99-453 GR |
|---|---|---|

Form C-7    Rev 2/79

Style: State v ___Kawitree Greenwood___     Page Number ____ of ____ Pages

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| 9-10-01 | Defendant appeared with Wiley Hartley for DOC sentence review. The Court is mindful that Defendant has had a history of chemical addictions and Defendant is advised that this is his **FINAL CHANCE** to comply with the Court's Orders. The matters having been considered it is ORDERED: 1. That Defendant's sentence is suspended and his supervised probation is reinstated and he shall be placed on Level I monitor probation for the first 90 days. Defendant is to report to Probation Officer McCarty upon release from MCDF. 2. That Defendant shall pay $40.00 per month toward his COMs beginning 11-1-01. SMG SALLY GREENHAW, CIRCUIT JUDGE |
| 9-12-01 | Probation Release to DOC |
| 8-1-02 | Δ declared delinquent for having been arrested on new charge of Robbery (02-909). Δ shall remain in delinquent status pending outcome of new charge SMG |

STATE OF ALABAMA
MONTGOMERY COUNTY

I, Melissa Rittenour, Clerk of the Circuit Court of Montgomery County, hereby certify that the within is a true and correct copy of the _Case Action Summary_ on file in said office.

Witness my hand and the seal of said Court this the 30th day of Oct 20 02

Melissa R. Rittenour
Circuit Court

# THE STATE OF ALABAMA

## MONTGOMERY COUNTY

Circuit Court of Montgomery County,  _____ JULY _____ Term, A.D. 2002

The Grand Jury of said County charge that, before the finding of this indictment,

> KOURTNEY SOVERN GREENWOOD, alias
> KOURTNEE S. GREENWOOD, alias
> KOURTNEE SOVENS GREENWOOD, alias
> COURTNEY S. GREENWOOD, alias
> K.S. GREENWOOD, alias
> KOURTNEY S. GREENWOOD, alias
> KOURTNEE SOVERN GREENWOOD, alias
> KOURTNEE SOVENSKY GREENWOOD, alias
> COURTNEY SOVENSKY GREENWOOD, alias
> COURNEY GREENWOOD,

whose name is otherwise unknown to the Grand Jury, did, in the course of committing a theft of lawful currency and/or coinage of the United States of America, of some value, a better description of which is unknown to the Grand Jury, use force against the person of the owner or any person present, Larry Copeland, Jr., with intent to overcome his physical resistance or physical power of resistance, or threaten the imminent use of force against the person of the owner or any person present, Larry Copeland, Jr., with intent to compel acquiescence to the taking of or escaping with the property, while the said Kourtney Sovern Greenwood, alias was armed with a deadly weapon or dangerous instrument, a gun, a better description of which is unknown to the Grand Jury, in violation of Section 13A-8-41 of the Code of Alabama,

against the peace and dignity of the State of Alabama.

**STATE'S EXHIBIT**

3

District Attorney, Fifteenth Judicial Circuit of Alabama

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
MONTGOMERY COUNTY, ALABAMA

KOURTNEY GREENWOOD,     )
    Petitioner,         )
                     )
v.                     )     CC 02-909.60 TMH
                     )
STATE OF ALABAMA,      )
    Respondent.        )

## ORDER

The Court having reviewed the Petitioner's petition for Post-Conviction Relief, filed pursuant to Rule 32 of the Alabama Rules of Criminal Procedure, and the Respondent's Answer and Motion for Summary Dismissal, makes the following findings:

The Petitioner alleges the following grounds as the basis for said petition:

1. The Court was without Jurisdiction to render the judgment or to impose the sentence.
2. The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.
3. Newly discovered material facts exist which requires that the conviction or sentence be vacated by the court.

The Petitioner fails to state a claim on which relied may be granted; and/or the petition fails to raise any material issue of fact or law which would entitle the Petitioner to relief and no purpose would be served by any further proceedings in this matter. Petitioner request for relief on all issues is **DENIED**.

Petitioner was indicted in July of 2002 for Robbery in the first degree. On December 11th, 2002, a jury in Montgomery County found Petitioner guilty of said offense. Petitioner was sentence December 30, 2003 to a life sentence. ~~e + for the court~~ ~~noted that the~~ ~~State proved~~ ~~two prior~~ ~~felonies.~~ Petitioner next filed an appeal in the Court of Criminal Appeals on or about February 6, 2003. The Court of Criminal Appeals affirmed the lower court.

1.     The Court finds that it had jurisdiction to render the judgment and to impose the sentence. With respect to Petitioner's claim of lack of jurisdiction due to his arrest without probable cause the law is clear. The Alabama Court of Criminal Appeals stated in <u>Sumlin v. State</u>, 710 So. 2d 941 (Ala.Crim.App. 1998) that "An illegal arrest claim does not raise the jurisdiction of the court and can be barred from Rule 32 review because it could have been but was not raised at trial or on appeal." Petitioner had a trial in December of 2002 and filed an appeal in February of 2003. Petitioner failed to raise this issue in his appeal and if raised at trial it was unsuccessful. Relying on <u>Sumlin v. State</u>, 1998 WL 32625 (Ala.Crim.App. 1998) Petitioners request for relief on this issue is due to be **DENIED.**

With respect to the Courts jurisdiction the Petitioner raises one other issue. Petitioner argues that the indictment fails to allege the elements of Robbery in the first degree. In support of this allegation the Petitioner states that in order to have a proper indictment for Robbery in the first degree the indictment must state that the victim suffered serious physical injury.

In <u>Shoulders v. State</u>, 703 So.2d 1015, 1018 (Ala. Crim. App. 1997) the Court explains that this is not a valid jurisdictional question by stating "A claim by the petitioner that he was charged with the wrong crime and that the court was, therefore, without jurisdiction to render a judgment or pronounce sentence was really a challenge to the sufficiency of the evidence and was barred."

Even if this claim was a valid jurisdictional question it is without merit. The law in Alabama does not require the defendant to cause serious physical injury to the victim in order to be guilty of Robbery in the first degree. <u>Johnson v. State</u>, 473 So. 2d 607 (Ala. Crim. App. 1985) state that a defendant commits Robbery in the first degree if "in the course of committing a theft he...uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance," and he "is armed with a deadly weapon or dangerous instrument" or "causes serious physical injury to another." It is not necessary for the defendant to cause serious physical injury to

be found guilty of Robbery in the first degree. Petitioners request for relief on this issue is due to be **DENIED.**

2. Next the Petitioner argues that the sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law. Petitioner argues that he was only subject to one prior for the purposes of the Habitual Offender Act, and that the Court erred in allowing the state to present two (2) priors. Petitioner also claims that his sentence exceeds the maximum allowed because he claims he was indicted for Robbery in the third degree.

These claims amount to nothing more than bare allegations, unsupported by any facts or argument; thus, Petitioner has failed to meet his burden of pleading under Rule 32.3 of the Alabama Rules of Criminal Procedure, and the specificity requirements of Rule 32.6 of the Alabama Rules of Criminal Procedure.

Petitioner did have two (2) prior felony convictions for the purposes of the Habitual Felony Act when he committed the Robbery in question. In October of 1994 Petitioner plead guilty to Robbery in the first degree and was sentenced to 15 years in the penitentiary. In August of 1999 Petitioner plead guilty to the _on 3/16/99_ charge of Possession of Marijuana in the first degree and was sentenced under the Habitual Felony Act to 10 years split to serve 3 years reverse split postponed 1 year. Clearly the Petitioner had two prior felonies on his record when he committed the Robbery in question in April of 2002.

Finally, as to the Petitioners sentence, he argues the indictment charges him with Robbery in the third degree and not Robbery in the first degree. There is no merit to this claim and the only argument made by Petitioner in support is that in order to be convicted of Robbery in the first degree it was required that the State prove serious physical injury to the victim. This argument has already been address above and the Court is satisfied after reviewing the indictment that Petitioner was indicted correctly under Robbery in the first degree. Petitioners request for relief on these issues are due to be **DENIED.**

3. Petitioners final issue raised is that newly discovered material facts exist which requires that the conviction or sentence be vacated by the court. The

Petitioner attached a copy of what he claims is a hand written affidavit from the Co-Defendant (Jamar Brown) in this case. Petitioner claims that these are new facts that exist that he was unaware of at the time of trial.

In order for the Petitioner to meet the definition of "newly discovered evidence" under subsection 32.1 (e), a petitioner must plead and establish five things:

1.  That the facts relied on were not known by petitioner or his counsel at the time of trial, at the time of sentencing, in time to file a new trial motion, or in time to be included in a prior collateral proceeding and they could not have been discovered by any of those times through the exercise of reasonable diligence;

2.  The facts are not merely cumulative of facts known to the petitioner or his counsel;

3.  The facts do not merely amount to impeachment evidence;

4.  If the facts had been known at the time of trial or sentencing, the outcome of the proceeding would have been different; and

5.  The facts establish that the petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he received.

Petitioner fails to meet the burden placed upon him by Rule 32.1 (e) to sustain his argument. At the time of trial the Petitioner and his attorney were aware of the Co-Defendant Jamar Brown and could have called him as a witness. Mr. Brown's Affidavit establishes that his story if he would have testified at trial would have been the same then as it is today. Hence, there is no new evidence. Mr. Brown in his affidavit tells us that he spoke with Petitioners attorney, Wiley Hartley, before Petitioners trial and told Mr. Hartley exactly what is now contained in Mr. Brown's affidavit. These facts were known at the time of Petitioners trial and as such are not newly discovered facts. Petitioners request for relief on this issue is due to be **DENIED**.

*Obviously, if Petitioner was in fact innocent of the robbery, then he would be not participate in the robbery in the Prison.*

Wherefore, it is hereby ORDERED that the Petitioner's Rule 32 Petition is
**DENIED**.

Done this the _13_ day of _May_____, 2003

_____
TRUMAN M. HOBBS, JR.
CIRCUIT JUDGE

cc:    Ben Schoettker
       Kourtney Greenwood

IN THE CIRCUIT COURT OF MONTGOMERY ALABAMA

KOURTNEE GREENWOOD
  PETITIONER.

VS.                                        CASE no: CC-02-909.60

STATE OF ALABAMA
  DEFENDANT.

## NOTICE OF INTENT TO SERVE SUBPOENA

TAKE NOTICE THAT UPON THE EXPIRATION OF FIFTEEN (15) DAYS OR SUCH OTHER TIME AS THE COURT HAS ALLOWED FROM THE DATE OF SERVICE OF THIS NOTICE OF KOURTNEE GREENWOOD WILL APPLY TO THE CLERK OF THIS COURT TO ISSUANCE OF THE SUBPOENA DUPLICATE **Melissa Rittenour** AND WHOSE ADDRESS IS: 251 S. Lawrence S 1 Montgy County Courthouse, Montgomery, Ala 36104 TO PRODUCE THE DOCUMENTS SPECIFIED IN THE SUBPOENA.

KOURTNEE GREENWOOD
AIS# 179810 Dorm B-68
Donaldson Corr, Fac
100 WARRIOR LANE
BESSEMER, AL 35023

Respectfully Submitted,
Kourtnee Greenwood
KOURTNEE GREENWOOD
100 WARRIOR   LANE
BESSEMER ALABAMA 350

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY THAT A COPY OF THE PETITIONER NOTICE OF INTENT TO SERVE SUBPOENA HAS BEEN SERVED UPON THE RE PONDENT BY MAILING A COPY OF THE SAME POSTAGE PREPAIDED AND PROPERLY ADDRESSED ON THIS THE 26 DAY OF NOV. 2003, BY HANDING TO PRISON AUTHORITIES FOR MAILING.

DATED: 11/26    2003.

Kourtnee Greenwood
KOURTNEE GREENWOOD

79

SUBPOENA DUCES TECUM

*CC-2002-909*
Case Number

[✓] State of Alabama
[ ] Municipality of _____

STATE OF ALABAMA
In the *CIRCUIT* ___ Cou—
of *MONTGOMERY* ___ Coun—
[The City/Town of *MONTGOMERY*

v.

*KOURTNEE GREENWOOD*
Defendant

TO: *Melissa Rittenour Circuit*
*Clerk of Montgy County Courthouse*
(Address)
*251 S. Lawrence St, Montgy, Al 36104*

You are ordered to appear in the above-named court on the following listed
date, time and place and bring the following documents, books, or papers of
other things to be produced on behalf of the *PETITIONER DEFENDANT*
*Need this Info. to set out Burden of Proof due to p—*

Date: *PRIOR TO: PENDING.*                    *NDING*
                                               *Rule 32 Petition*
Time: _____                    *IN COURT.*

Place: _____

*CC-02-909*
Things To be Produced: *TRANSCRIPT of minutes of my Sentencing on Dec 30*
*2002. / Copies of minutes to my Indictments: Case No# CC-02-909 & DC-02-* *1935*
This subpoena duces Tecum is based upon application of the *CRIMINAL*
*Proceeding Listed Above. / Rule 17.3 Ala. R. Cr. P. / Rule 45 Rule Civil Pr—*
*11/26/03*                      *Kourtnee Greenwood*
Date                            Clerk's Signature

RETURN ON SERVICE

I certify that I personally          ___ Served by Mail
delivered a copy of this order
to _____               Date Mailed _____
on _____

_____                  _____
                                     Signature of Sheriff
Signature and Title                  and/or Deputy Sheriff
of Process Server

**80**

PART 2 *SUBPONA DUCES TECUM:*

THINGS TO BE PRODUCED, CONTINUED CAUSE FRONT PAGE TO SMALL TO HOLD:

PLEASE PRODUCE:

1. TRANSCRIPT OF MINUTES TO AND OF MY SENTENCING IN MY CRIMINAL CASE NO# CC-2002-909 ON DECEMBER 30th, 2002.

2. COPIES OF THE MINUTES TO MY INDICTMENT IN MY CRIMINAL CASE NO# CC-2002-909 ON JULY 19, 2002. AND COPIES OF MINUTES TO MY INDICTMENT IN CASE NO# DC-2002-1932, UPON REASON WHY I WAS NOT INDICTED FOR THAT OFFENSE ON JULY 19, 2002.

3. COPIES OF THE POLICE REPORTS/INCIDENT REPORTS, AND ANY OTHER INFORMATION THAT WAS FILED IN MY CRIMINAL CASE NO# DC-2002-1932 BY SUPPOSEDLY VICTIM HAROLD FRANKLIN ON MARCH 30th, 2002 AND ON APRIL 18, 2002.

A.1 SUCH PRODUCTION OF DOCUMENTS IS TO TAKE PLACE AT THE PLACE WHERE SUCH DOCUMENTS ARE REGULARLY KEPT. BECAUSE THIS ACTION IS PENDING BEFORE THIS COURT, REQUESTER/PETITIONER FURTHER ASK THIS COURT TO ORDER THE PRODUCTION TO TAKE PLACE BEFORE THE COURT ANSWERS THE RULE 32 PETITION PENDING.

DATED 11/26/03

KOURTNEE GREENWOOD

State of Alabama

Form C-12    Rev. 3.98

**SUBPOENA REQUEST FORM**

Case No CC-02-9_ **81**

IN THE _Circuit_ COURT OF _Montgomery_, AL
(Circuit, District or Municipal)        (Name of County or Municipality)

Civil: _____ v. _____
           Plaintiff                          Defendant

Juvenile: In the matter of _____

Criminal: ☑ State of Alabama
            ☐ Municipality of _____ v. _Kourtnee Greenwood_
                                                                  Defendant

"Pending"
Court Date _Prior To One_ Court Time _____ AM/PM Date Requested _____

---

**TO BE COMPLETED BY REQUESTER**

The Clerk is requested to issue an Order to Appear (Subpoena) for each of the following witnesses for:

☐ Plaintiff/State   ☑ Defendant   ☐ Grand Jury   ☐ Other

| | |
|---|---|
| 1. Name _Jamar Brown_ AIS# _227221_ | Date Issued    Date Executed |
| Home Address | _11/26/03_ |
| _A/A   D.O.C._   Zip ____ | Remarks: _Burden of Proof. This guy is incarcerated in AIA. D.O.C somewere. Please locate and issu A subpeona warrant on him_ |
| Telephone Number | |
| Alternate Address | |
| _____ Zip ____ | |
| Telephone Number | |
| 2. Name _Deven Greenwood_ | _11/26/03_ |
| Home Address _2437 East 6th Sixth Street,_ | |
| _Montgomery, AIA_ Zip _36106_ | Remarks: _To Help set out my Burden of Proof._ |
| Telephone Number _334-262-2499_ | |
| Alternate Address _911 S. Union Street_ | |
| _Montgomery, AL_ Zip _36104_ | |
| Telephone Number _334-262-2499_ | |
| 3. Name _Demetrius Davis_ | _11/26/03_ |
| Home Address _2437 East 6th Sixth Street,_ | |
| _Montgomery, Al_ Zip _36106_ | Remarks: _To Help set out my Burden of Proof._ |
| Telephone Number _334-262-2499_ | |
| Alternate Address _912 S. Union Street_ | |
| _Montgomery, Al_ Zip _36104_ | |
| Telephone Number _334-262-2499_ | |
| 4. Name _Edward Scott_ | _11/26/03_ |
| Home Address _720 Genetta Ct_ | |
| _Montgomery, Al_ Zip _36104_ | Remarks: _To Help set out my Burden of Proof._ |
| Telephone Number _334-834-5959_ | |
| Alternate Address | |
| _____ Zip ____ | |
| Telephone Number _334-834-5959_ | |
| 5. Name _Lavane Howard_ | _11/26/03_ |
| Home Address _3923 Woodley Road Apt-102_ | |
| _Montgomery, Al_ Zip _36116_ | Remarks: _To Help set out my Burden of Proof._ |
| Telephone Number _334-240-8043_ | |
| Alternate Address | |
| _____ Zip ____ | |
| Telephone Number | |

---

METHOD OF SERVICE REQUESTED:
☐ Personal   ☑ Other _Criminal Procedure_

Party Requesting Subpoena _Kourtnee Greenwood_
Signature _Kourtnee Greenwood_
Requester Phone Number _A/A. D.O.C_

_____    _____
Date                   Party

Case 2:05-cv-00733-MHT-WC    Document 34-5    Filed 04/15/2007    Page 84 of 144

DATE EXCD.

6. NAME Kimberly Greenwood .
Home Address 2437 East 6th Sixth Street
Montgomery, Al        zip 36106 .
Telephone Number 334- 262-2499

Date Issued,
11/26/03

REMARKS: To Help Set Out
my Burden of Proof.

7. NAME Mable Greenwood .
Home Address 2437 East 6th Sixth Street,
Montgomery, Al        zip 36106 .
Telephone Number 334-262-2499 .

11/26/03

REMARKS: To Help set
out my Burden of
Proof.

8. NAME Edgar & JoAnn Greenwood .
Home Address 103 Courtland Drive,
Montgomery, Al        zip 36105 .
Telephone Number 334-269-9158

11/26/03

REMARKS: To Help set out
my Burden of Proof.

9. NAME Katrina Greenwood .
Home Address 2437 East 6th Sixth Street,
Montgomery, Al        zip 36106 .
Telephone Number 334-262-2499 .

11/26/03

REMARKS: To Help set out
my Burden of proof.

10. NAME Patricia Wilson .
Home Address 248 West South Blvd,
Montgomery, Al        zip 36105 .
Telephone Number 334-613-3828 .

11/26/03

REMARKS: To Help
set out my Burden
of Proof.

Respectfully Submitted,
Kourtnee Greenwood
KOURTNEE GREENWOOD.

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA.

**83**

KOURTNEE GREENWOOD
PETITIONER,

VS.

CASE NO# CC-02-909

STATE OF ALABAMA
RESPONDENTS,

## DECLARATION OF MAILING

I CERTIFY THAT ON THIS THE 26th DAY OF NOVEMBER 2003, I HAVE PLACED IN THE INSTITIONAL MAIL BOX, THE PETITIONERS ARGUMENT WITH CERTIFIED FIRST CLASS POSTAGE PRE PAID AND PROPERLY ADDRESSED PURSUANT TO HOUSTON VS. LACK, 487 U.S. 266, 101 L. Ed 2d 245 108 S. CT 2379 (1988); EX PARTE POWELL, 674 SO. 1258 (ALA. 1995)

DATED  11/26  , 2003

RESPECTFULLY SUBMITTED

KOURTNEE GREENWOOD
KOURTNEE GREENWOOD

WITNESSES:

Robert James Aline    109986

_____ Farrier    196307

Matt _____    151161

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY ALABAMA

**84**

TMH

NOURTREE GREENWOOD
PETITIONER PRO-SE

VS.                                        CASE NO: CC-02-909.60

STATE OF ALABAMA COUNTY                                TMH
        RESPONDENTS.

DEC 2003
Filed
Melissa Rittenour
Circuit Clerk

## MOTION OF DEFAULT

COMES NOW THE PETITIONER IN THE ABOVE STYLED CAUSE. AND SHOWS THE FOLLOWING;

ON SEPTEMBER 29th, 2003, THIS COURT ISSUED AN ORDER DIRECTING THE STATE OF ALABAMA THE RESPONDENTS TO RESPONSE TO PETITIONER RULE 32 PETITION.

ON OCTOBER 23rd, 2003, THE COURT ISSUED IT'S SECOND ORDER ACCORDING TO RULE 32.7 (A), THE DISTRICT ATTORNEY HAVE (30) DAYS TO RESPONSE MORE THAN 60 DAYS HAVE ELAPSE SINCE THE DATE ON WHICH THIS PETITION WAS FILED.

WHEREAS, UP TO THIS DATE November 26th 2003, THE RESPONDENTS HAS FAILED TO COMPLY WITH TWO COURT ORDERS DATED SEPTEMBER 29th, 2003 AND, OCTOBER 23rd, 2003;

## FACTS

THE STATE OF ALABAMA, RESPONDENTS HAS FAILED TO COMPLY BY RULE 32.7 (A) A.R.CR.P., CONSTITUTED BY WAY OF ANSWER TO COURT ORDER.

## ARGUMENT

THIS PETITIONER ARGUES THE STATE OF ALABAMA (RESPONDENTS) HAVE AND HAS CAUSED DELAYED COURT PROCEDURES, HEREAFTER, SINCE THE (RESPONDENTS) FAILED TO MAKE A RESPONSIVE ANSWER TO THE TWO COURT ORDER.

THE CLAIMS, ISSUES, AND ALLEGATIONS OF THE PETITIONER PLEADING ARE TO BE TAKEN AS TRUE, LEAVING THE RESPONDENTS IN THE POSITION AS TO HAVING WAIVED FORMAL DENIAL EX PARTE FLOYD, 457 So. 2D. 961 962 (ALA. CR. APP. 1984)

THE RESPONDENTS CAN NOT DENY THE TRUTH, THIS COURT HAVE ISSUED TWO ORDER, SEPTEMBER 29th, 2003, AND OCTOBER 3rd, 2003, THEREFORE, THE RESPONDENTS HAS HAD AMPLE TIME TO MAKE PROPER ANSWER BY RULE 32, 7(A), A. R. CR. P.

AS SHOWN BY THE PETITIONER THE RESPONDENTS ACTION INEXCUSABLE, THEREFORE, THIS COURT CAN REACH THE MERITS OF PETITIONER CLAIMS, BOATWRIGHT, 471 So. 2D 1257 (ALA. CR. APP 1985).

## RELIEF

(A). THE CONVICTION AND SENTENCE ARE DUE TO BE VACATED BY THIS HONORABLE COURT.

(B). PETITIONER BE GIVEN A NEW TRIAL.

(C) GRANT PETITIONER AN EVIDENTIARY HEARING.

(D). THIS HONORABLE COURT RULE THAT ALL THE FACT IN PETITIONER RULE 32, HAVE MERIT AND ARE TRUE.

(E). GRANT PETITIONER'S MOTION FOR DEFAULT.

HEREFORTH, AS, "OWNS, WHERE THE STATE OF ALABAMA
(RESPONDENTS) HAS NOT MADE PROPER ATTEMPTS TO REBUT
THE FACTS, AS, RELATED BY THIS PETITIONERS RULE 32, THIS
CRT HAS NO ALTERNATIVE BUT TO TAKE AND CONSIDER THIS
"MOTION OF DEFAULT" SUFFICIENT AND GRANT THIS PETITIONER
RELIEF SOUGHT.

NOTARY *James A Beachem*

Sworn To and Subscribed before ME THIS 26 dAy Nov 200_

My Commission Expires:

MY COMMISSION EXPIRES
SEPTEMBER 25, 2004

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT I HAVE THIS THE 26th DAY OF NOV
2003. HAVE SERVED A COPY OF THE FOREGOING UPON THE CIRCUIT
CRT OF MONTGOMERY ALABAMA BY PLACING A COPY OF THE SAME
IN THE U.S. MAIL WITH FIRST CLASS POSTAGE PREPAID AND PROP-
ERLY ADDRESSED.

Respectfully Submitted,

Kourtnee Greenwood

KOURTNEE GREENWOOD
100 WARRIOR LANE
BESSEMER ALABAMA 35023

KOURTNEE GREENWOOD
AIS# 179810 Dorm B-68
Donaldson Corr. Fac
100 WARRIOR LANE
BESSEMER, AL
35023

HON: TRUMAN HOBBS

*Document - 9*

**87**

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

KOURTNEE GREENWOOD,          *
                             *
        Petitioner,          *
                             *
v.                           *        CASE NO. CC-02-909.60    TMH
                             *
STATE OF ALABAMA,            *
                             *
        Respondent.          *

## ORDER

This cause is before the Court on a Rule 32 Petition filed by Petitioner. The Court having considered the matter, it is ORDERED that the State is given 30 days from the date of this Order to file a response to said Petition.

DONE this the 29th day of September, 2003.

                    _____
                    TRUMAN M. HOBBS, JR.
                    CIRCUIT JUDGE

copies:

CAROL BOONE, ASSISTANT CHIEF
 DEPUTY DISTRICT ATTORNEY

KOURTNEE GREENWOOD
AIS 179810
100 WARRIOR LANE
BESSEMER, AL  35023

*Document 1-2*

**88**

IN THE CIRCURIT COURT OF
MONTGOMERY COUNTY, ALABAMA

KOURTNEY GREENWOOD,  }
     Petitioner,  }
                    }
                    }
vs.  }  Case No.   CC-02-909.60 TMH
                    }
STATE OF ALABAMA,  }
     Respondent.  }

## ORDER

    This cause is before the Court on a Rule 32 Petition filed by Petitioner. The Court having considered the matter, it is ORDERED that the State is given 30 days from the date of this Order to file a response to said Petition

    Done this the 23rd day of October, 2003.

TRUMAN M. HOBBS, JR.
CIRCUIT JUDGE

Copies:

Benjamin E. Schoettker
Deputy District Attorney

Kourtney Greenwood
AIS # 179810
Donaldson Correctional Facility
100 Warrior Lane
Bessemer, AL 35023



IN THE CIRCUIT COURT OF MONTGOMERY COUNTY ALA

KOURTNEE GREENWOOD
PETITIONER,
VS.
STATE OF ALABAMA
RESPONDENT,

CASE NO# CC-2002-90
160

## MOTION FOR APPOINTMENT OF COUNSEL.

COMES NOW THE PETITIONER KOURTNEE GREENWOOD, AND MOVES THIS HONORABLE COURT PURSUANT TO THE 6th AMENDMENT OF THE UNITED STATES CONSTITUTION AND RULE 32.7 (c) OF THE ALABAMA RULES OF CRIMINAL PROCEDURE AND SHOW UNTO THIS COURT THE FOLLOWING:

1. While INCARCERATED HERE AT DONALDSON CORR. FACILITY, PETITIONER IS SEEKING EDUCATION AND TRADE, AN CURRENTLY ATTEND LAW CLASSES that TAKE PLACE, PETITIONER IS UN-LEARNED, UNTRAINED AND LACK THE ABILITY TO CONDUCT AN EVIDENTIARY HEARING.

2. PETITIONER, WAS AIDED WITH HELP IN PREPARING THIS RULE 32 PETITION,

(1)

And is in need of Appointment of Counsel to help protect my rights, and represent me, to help me set out the facts to my issues involved, to meet the burden of proof as set out in Rule 32.3 of the Alabama Rules of Criminal Procedure.

3. The Petitioner is unlearned in the area of Post Conviction, and in most all areas of Criminal Law, and lacks the understanding of the American Jurisprudence System.

4. The Appointment of Counsel will also assure that the Petitioner recieve a full and fair hearing as provided by the 6th and 14th Amendments to the United States Constitution.

5. The Appointment of Counsel will also assure that the Petitioner hearing will not result into a miscarriage of Justice.

Wherefore, The Petitioner Prays that this Honorable Court will Grant this Motion for Appointment of Counsel based on the

(2)

FACTS ABOVE.

Respectfully Submitted,

Kourtnee Greenwood

KOURTNEE GREENWOOD
AIS# 179810 Dorm B-Bed-68
Donaldson Corr. Facility
100 Warrior Lane
Bessemer, Al  35023

## CERTIFICATE OF SERVICE

I Hereby Certify that I have served a copy of the foregoing on the District Attorney by placing said in the United States Mail Postage Prepaid and properly addressed this 26th day of November 2003. 2003.

Kourtnee Greenwood
KOURTNEE GREENWOOD

CC: ELLEN BROOKS, District Attorney.

(3)

IN THE CIRCUIT COURT OF MOBILE MERY COUNTY, ALA

KOURTNEE GREENWOOD
 PETITIONER (PRO SE)

VS.                                    CASE NO: CC-02-909.60 TM

STATE OF ALABAMA
 ·RESPONDENT

<u>PETITIONERS RULE 32.3 A.R.CR.P. "TRAVERSE" TO STATES</u>
<u>RESPONSE</u>

COMES NOW "KOURTNEE GREENWOOD" (PETITIONER) AND
HEREBY IN A PREPONDERANCE OF THE EVIDENCE AS Requi-
"ED BY RULE 32.3 "ALABAMA RULES OF CRIMINAL PROCEDURE"
MAKES TRAVERSE TO THE STATES LATE RESPONSE TO THE RULE
32 PETITION FILED IN THE ABOVE STYLED CAUSE AS Follo
TO-WIT:

(1)

THE MONTGOMERY COUNTY PROSECUTORS NOVEMBER 24
2003, RESPONSE HEREIN IS OUT-OF-TIME WITH THE Req-
UIREMENT OF RULE 32.7(A) A.R.CR.P. AND IS OUT-OF-TI
WITHOUT CAUSE THEREFORE, PETITIONER MOVES THIS COUR
O <u>STRIKE</u> THE PROSECUTORS LATE RESPONSE AS HAVING
NO FORCE.

PETITIONER ARGUES THAT THE CERTIFICATE OF SERVIC
F THE PROSECUTOR DATED NOVEMBER 24, 2003, MOTION FOR
SUMMAR DISPOSITION, BUT WAS NOT POST MARK UNTO
DECEMBER 3, 2003. THERE IS NO VERIFICATION ARE ANY SIG
ATURE OF THE PROSECUTORS, PETITIONER MOVES THIS COURT
STRIKE THIS AS NOT HAVING NO FORCE OF THE LA...

(2)

THE PETITIONER ARGUES WITH RESPECT TO THE RES
DENTS OUT OF TIME RESPONSE TO HIS ARREST WITHOU
PROBABLE CAUSE?

PETITIONER ARUES THAT THE PROSECUTOR IS MISLE
ADING THE COURT CONCERNING THE ILLEGAL ARREST CLAIM
NOT RAISE THE JURISDICTION OF THE COURT AND CAN BE BAR
FROM RULE 32 REVIEW BECAUSE IT COULD HAVE BEEN BUT WA
NOT RAISED AT TRIAL OR ON APPEAL 32.2(A)(3) AND (A)(5).

PETITIONER ARUES THAT THE ARREST WAS BASED ON A
ARREST WARRANT AND AFFIDAVIT THAT WAS NOT BASED ON AN
PROBABLE CAUSE. THE AFFIDAVIT AND WARRANT ISSUED FOR TH
PETITIONER ARREST ONLY TRACKS THE STATUTORY LANGUAGE OF
SECTION 13A-8-41. OF THE CODE OF ALABAMA. WHICH RENDERS
IT INSUFFICIENT TO SUPPORT THE ARREST WARRANT. SEE: DA
VIS VS. STATE. 500 So.2D 472.

(3)

THE PETITIONER ARGUES WITH THE RESPECT TO THE
RESPONDENTS OUT OF TIME RESPONSE TO HIS INDICTMENT
FAILS TO ALLEGE THE ELEMENTS OF ROBBERY IN THE FIRST
DEGREE?

PETITIONER ARUES THAT THE PROSECUTOR IS MISLEA-
DING THE COURT CONCERNING THE VOID INDICTMENT
PETITIONER FILED A RULE 32. PETITION WITH THIS TRIA
COURT REQUESTING RELIEF ON HIS EXCESS SENTENCE OF LIFE
ON THE GROUNDS THAT HIS INDICTMENT ONLY CHARGES THIRD
DEGREE ROBBERY. BECAUSE THE UNDERLYING CHARGE USED TO
ENHANCE PETITIONER. INDICTMENT TO FIRST DEGREE ROBBERY
WHICH IS THE FIRST REQUIREMENT OF FIRST DEGREE ROBBERY
3A-8-41. CODE OF ALA. 1975.

A A SON COMMITS THE CRIME OF ROBBERY
IN THE FIRST DEGREE IF HE VIOLATES SEC-
TION 13A-8-43, CODE OF ALA. 1975"

THE STATE OF ALABAMA RESPONSES AND REQUEST DISMISSAL OF
THE GROUND THAT THE VICTIM SUFFERED SERIOUS PHYSICAL INJU
THE STATE OF ALABAMA RESPONSE IS A MISREPRESENTATION OF
PETITIONER CLAIM. AS A MATTER OF LAW THE NEW APPLICATI
OF LAW IN ALABAMA APPLYING THE MERGER DOCTRINE.

PETITIONER ARGUES THE ALABAMA COURT OF CRIMINAL APPEALS
RECOGNIZED AND ESTABLISHED AS A MATTER OF LAW IN ITS DECI
SION OF DICK VS. STATE, 677 SO. 2D 1267 (ALA. CR. APP 1996), THAT
THE ESSENTIAL ELEMENT USED TO ENHANCE THIRD DEGREE ROBBE
TO FIRST DEGREE ROBBERY WAS ALSO AN ELEMENT OF BOTH THIRD
AND FIRST DEGREE ROBBERY:

    "AS A MATTER OF LAW WIELDING A GUN
     CONSTITUTES BOTH USE OF FORCE AND THREAT
     OF FORCE REQUIRED FOR THIRD DEGREE ROBB-
     ERY". IN DICK SUPRA.

PETITIONER ARGUES THAT THE STATE OF ALABAMA IGNORS TH
MERGER DOCTRINE BARS THE USE OF AN UNDERLYING FELONY
DIRECTLY RESULTS IN OR IS AN INTEGRAL PART OF THE CRIME
STATUTE AT ISSUE OR CHARGED. SEE BARDETT VS. STATE, 783 SO.
2D AT PAGE 930 (ALA. CR. APP. 2000).

PETITIONER FIRST DEGREE ROBBERY INDICTMENT IS PREMI-
SSED ON THE UNDERLYING FELONY OF THIRD (3RD) DEGREE (SEE
3A-8-43, ALA. CODE 1975). WHICH AS A MATTER OF LAW ACCORDING TO
ALABAMA COURT OF CRIMINAL APPEALS IN DICK SUPRA. INCLUDES
THE POSSESSION OF A GUN".

PETITIONER ARGUES THAT EVEN THOUGH DICK DECISION WAS
A MATTER OF FIRST IMPRESSION BUT IT CLEARLY MANDATES THA
WHEN A THIRD DEGREE ROBBERY OCCURS WITH A GUN AND NO
PHYSICAL INJURY OCCURS. THE STATUTES MERGER USING TH

THE SAME ELEMENT OF THE FACT USED TO COMMIT THE ROBBERY WHICH THE GUNS CANNOT SERVE AS AN UNDERLYING FELONY FOR THE PURPOSE OF ENHANCING THIRD ~~DEGREE~~ DEGREE ROBBERY ACT FIRST DEGREE ROBBERY,

**95**

(4)

PETITIONER ARGUES WITH THE RESPECT TO THE PROSECUTORS OUT OF TIME RESPONSE TO THIS SENTENCE IMPOSED EXCEEDS THE MAXIMUM AUTHORIZED BY LAW BECAUSE HE HAD (2) PRIORS IS WITHOUT MERITS AND SHOULD BE STRIKE FROM THE RECORD AS HAVING NO FORCE OF THE LAW.

PETITIONER ARGUES THAT THE PROSECUTOR HAS MERELY MADE BROAD GENERAL ARGUMENTS THAT DO NOT ADDRESS THE PETITIONER SPECIFIC CLAIMED AND THEREFORE THE STATE HAS FAIL TO REFUTE PETITIONER FACTS AND BY LAW THOSE FACTS MUST BE TAKEN AS TRUE. OSBORN VS. STATE 689 So. 2D 999 AT 1000 [3] (ALA. CR. APP. 1996).

PETITIONER ARGUES THAT THE RECORD IS CLEAR THAT THE STATE 3PONO IS OUT OF TIME WITHOUT CAUSE AND HAVE PREJUDICED YOUR PETITIONER BY NOT GIVING THE PETITIONER THE NOTICE HE NEEDS TO ATTEMPT TO FORMULATE ARGUMENTS AND PRESENT EVIDENCE TO DISPROVE THE EXISTENCE OF THOSE GROUNDS BY A PREPONDERANCE OF THE EVIDENCE.

(5)

PETITIONER ARGUES TO THE STATE OUT OF TIME RESPONSE IS NOT VERIFICA ARE ANY SIGNATURE OF ANY PROSECUTORS SU BE DISMISS AS HAVING NO FORCE OF THE LAW. SEE EXHIBIT, PAGE 6

WITH RESPECT TO THE PETITIONER ISSUE RAISED ABOUT NEW DISCOVERED EVIDENCE PETITIONER ARGUES THAT ON THE DATE OF HIS TRIAL JAMAR BROWN WAS CALLED DOWN TO TESTIFY BY MY ATTORNEY JOHN W. HARTLEY WHICH AT THAT TIME HE REFUSED TO SEE TRANSCRIPT OF RECORDS VOL 2 OF 2 PAGE 206_207.

PETITIONER IS ARGUES AS NEWLY DISCOVERED EVIDENCE IS THE OVER WHELMING FACTS THAT ARE NOT REFLECTED ON THE RECORD OF APPEAL AND OR TRIAL TRANSCRIPT THE FACTS ARE STATED

AS FOLLOW JAMAR BROWN STATED THE REASON HE WOULD NOT TESTIFY AT TRIAL WHEN CALLED TO BY PETITIONER ATTORNEY JOHN HARTLEY WAS BECAUSE HE WAS PROMISED 20/3 YEARS SENTENCE ...S RETURN OR PROBATION FOR HIS COOPERATION WITH THE STATE DISTRICT ATTORNEY PERKINS AND NOW MR. JAMAR BROWN IS WILLING TO TESTIFY TRUTHFULLY SEE MR. JAMAR BROWN AFFIDAVIT. THESE OVERWHELMING CIRCUMSTANCES WERE NOT KNOW BY PETITIONER OR PETITIONER COUNSEL AT THE TIME OF ANY PREVIOUS COLLATERAL PROCEEDINGS.

PETITIONER ARGUES THAT THE FACTS ARE NOT MERELY CUMULATIVE TO OTHER FACTS THAT WERE KNOWN; THE FACTS DO NOT AMOUNT TO IMPEACHMENT EVIDENCE IF THE FACTS HAD BEEN KNOWN AT THE TIME OF TRIAL OR SENTENCING THE RESULT PROBABLY WOULD HAVE DIFFERENT AND THE FACTS ESTABLISH THAT THE PETITIONER IS INNOCENT OF THE CRIME FOR WHICH PETITIONER WAS CONVICTED OR SHOULD NOT HAVE RECIEVED THE SENTENCE THAT PETITIONER RECIEVED.

PETITIONER ARGUES THAT DUE TO THE OVERWHELMING CIRCUMSTANCES INVOLVED THE AFFADAVIT FROM MR. JAMAR BROWN HIGHLIGHT. THE STATE OF ALABAMA DISTRICT ATTORNEY OFFICE DEPRIVED YOUR PETITIONER OF A FULL AND FAIR TRIAL, VIOLATING PETITIONER 6TH AND 14TH AMEND. COMPULSORY PROCESS OF OBTAINING WITNESSES AND OF DUE PROCESS. *SEE HighLighT ON AFFAdAviT;*

THEREFORE PETITIONER PRAYS THAT AS A MATTER OF LAW THIS COURT PROPERLY APPLY THE LAW AS THIS OUT OF TIME AND ███ ██████ AND WITH NO SIGNATURE MOTION TO DIMISS FROM THE STATE OF ALABAMA AS HAVING NO FORCE OF THE LAW AND IN THE ALTERNATIVE SET THIS MATTER DOWN FOR AN EVIDENTIARY HEARING.

DONE THIS 5th DAY OF DEC 2008.

AIS#179810
B-68

*Kontree Greenwood*

KONTREE GREENWOOD
100 WARRIOR LANE
BESSIMER ALABAMA 35023

*Exhibit - A*      *Signature on P-6.*

**97**

# IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY COUNTY, ALABAMA

KOURTNEY GREENWOOD,           )
    Petitioner,               )
                             )
v.                            )      CC 02-909.60 TMH
                              )
STATE OF ALABAMA,             )
    Respondent.               )

## ANSWER AND MOTION FOR SUMMARY DISPOSITION

Comes now the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and submits the following answer to the Petitioner's Rule 32 Petition filed on, or about, September 18, 2003.

The Petitioner alleges the following grounds as the basis for said petition:

1. The Court was without Jurisdiction to render the judgment or to impose the sentence.
2. The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.
3. Newly discovered material facts exist which requires that the conviction or sentence be vacated by the court.

The state denies each and every material allegation in the Petitioner's petition and demands strict proof thereof.

The petition fails to state a claim on which relied may be granted; and/or the petition fails to raise any material issue of fact or law which would entitle the Petitioner to relief and no purpose would be served by any further proceedings in this matter.

## PROCEDURAL HISTORY

Petitioner was indicted in July of 2002 for Robbery in the first degree. On December 11th, 2002, a jury in Montgomery County found Petitioner guilty of said offense. Petitioner was sentence December 30, 2003 to a life sentence. Petitioner next filed an appeal in the Court of Criminal Appeals on or about February 6, 2003. The Court of Criminal Appeals affirmed the lower court.

98

## BASES OF PETITIONERS CLAIMS

1.     The Court was without Jurisdiction to render the judgment or to impose the sentence.  Specifically, the Petitioner argues that law enforcement lacked probable cause to make an arrest of Petitioner.  As such, Petitioner states that the Court lacked personal jurisdiction over him.

Additionally, Petitioner claims the Court lacks jurisdiction because the indictment is void.  Petitioner states that the indictment fails to allege the elements of Robbery in the first degree.  In support of this allegation the Petitioner states that in order to have a proper indictment for Robbery in the first degree the indictment must state that the victim suffered serious physical injury.

2.     The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.  Petitioner argues that he was only subject to one prior for the purposes of the Habitual Offender Act, and that the Court erred in allowing the state to present two (2) priors.  Petitioner also claims that his sentence exceeds the maximum allowed because he claims he was indicted for Robbery in the third degree.

3.     Newly discovered material facts exist which requires that the conviction or sentence be vacated by the court. The Petitioner attached a copy of what he claims is a hand written affidavit from the Co-Defendant (Jamar Brown) in this case. Petitioner claims that these are new facts that exist that he was unaware of at the time of trial.

## STATES RESPONSE

1.     With respect to Petitioner's claim of lack of jurisdiction due to his arrest without probable cause the court is very clear.  The Alabama Court of Criminal Appeals stated in Sumlin v. State, 710 So .2d 941 (Ala.Crim.App. 1998) that "An illegal arrest claim does not raise the jurisdiction of the court and can be barred from Rule 32 review because it could have been but was not raised at trial or on appeal." Petitioner had a trial in December of 2002 and filed an appeal in February of 2003.  Petitioner failed to raise this issue in his appeal and if raised at trial it was unsuccessful. Relying on Sumlin v. State, 1998 WL 32625

(Ala.Crim.App. 1998) Petitioners request for relief on this issue is due to be **DENIED.**

With respect to the Courts jurisdiction the Petitioner raises one other issue. Petitioner argues that the indictment fails to allege the elements of Robbery in the first degree. In support of this allegation the Petitioner states that in order to have a proper indictment for Robbery in the first degree the indictment must state that the victim suffered serious physical injury.

In <u>Shoulders v. State</u>, 703 So.2d 1015, 1018 (Ala. Crim. App. 1997) the Court explains that this is not a valid jurisdictional question by stating "A claim by the petitioner that he was charged with the wrong crime and that the court was, therefore, without jurisdiction to render a judgment or pronounce sentence was really a challenge to the sufficiency of the evidence and was barred."

Even if this claim was a valid jurisdictional question it is without merit. The law in Alabama does not require the defendant to cause serious physical injury to the victim in order to be guilty of Robbery in the first degree. <u>Johnson v. State</u>, 473 So. 2d 607 (Ala. Crim. App. 1985) state that a defendant commits Robbery in the first degree if "in the course of committing a theft he...uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance," and he "is armed with a deadly weapon or dangerous instrument" or "causes serious physical injury to another." It is not necessary for the defendant to cause serious physical injury to be found guilty of Robbery in the first degree. Petitioners request for relief on this issue is due to be **DENIED.**

2.      Next the Petitioner argues that the sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law. Petitioner argues that he was only subject to one prior for the purposes of the Habitual Offender Act, and that the Court erred in allowing the state to present two (2) priors. Petitioner also claims that his sentence exceeds the maximum allowed because he claims he was indicted for Robbery in the third degree.

These claims amount to nothing more than bare allegations, unsupported by any facts or argument; thus, Petitioner has failed to meet his burden of

pleading under Rule 32.3 of the Alabama Rules of Criminal Procedure, and the specificity requirements of Rule 32.6 of the Alabama Rules of Criminal Procedure.

Petitioner did have two (2) prior felony convictions for the purposes of the Habitual Felony Act when he committed the Robbery in question. In October of 1994 Petitioner plead guilty to Robbery in the first degree and was sentenced to 15 years in the penitentiary. In August of 1999 Petitioner plead guilty to the charge of Possession of Marijuana in the first degree and was sentenced under the Habitual Felony Act to 10 years split to serve 3 years reverse split postponed 1 year. (see States exhibits 1 and 2) Clearly the Petitioner had two prior felonies on his record when he committed the Robbery in question in April of 2002.

Finally, as to the Petitioners sentence, he argues the indictment charges him with Robbery in the third degree and not Robbery in the first degree. There is no merit to this claim and the only argument made by Petitioner in support is that in order to be convicted of Robbery in the first degree it was required that the State prove serious physical injury to the victim. This argument has already been address in States response number one (1). The State has provided a copy of Petitioners indictment, which will show that he was indicted for Robbery in the first degree. (States Exhibit 3) Petitioners request for relief on these issues are due to be **DENIED**.

3.     Petitioners final issue raised is that newly discovered material facts exist which requires that the conviction or sentence be vacated by the court. The Petitioner attached a copy of what he claims is a hand written affidavit from the Co-Defendant (Jamar Brown) in this case. Petitioner claims that these are new facts that exist that he was unaware of at the time of trial.

In order for the Petitioner to meet the definition of "newly discovered evidence" under subsection 32.1 (e), a petitioner must plead and establish five things:

1.     That the facts relied on were not known by petitoner or his counsel at the time of trial, at the time of sentencing, in time to file a new trial motion, or in time to be included in a prior

collateral proceeding and they could not have been discovered
by any of those times through the exercise of reasonable
diligence;

2.     The facts are not merely cumulative of facts known to the
petitioner or his counsel;

3.     The facts do not merely amount to impeachment evidence;

4.     If the facts had been known at the time of trial or sentencing,
the outcome of the proceeding would have been different; and

5.     The facts establish that the petitioner is innocent of the crime
for which he was convicted or should not have received the
sentence that he received.

Petitioner fails to meet the burden placed upon him by Rule 32.1
(e) to sustain his argument. At the time of trial the Petitioner and his attorney
were aware of the Co-Defendant Jamar Brown and could have called him as a
witness. Mr. Browns Affidavit establishes that his story if he would have testified
at trial would have been the same then as it is today. Hence, there is no new
evidence. Mr. Brown in his affidavit tells us that he spoke with Petitioners
attorney, Wiley Hartley, before Petitioners trial and told Mr. Hartley exactly what
is now contained in Mr. Brown's affidavit. These facts were known at the time of
Petitioners trial and as such are not newly discovered facts. Petitioners request
for relief on this issue is due to be **DENIED**.

## CONCLUSION

For the above-stated reasons, the Petitioner is not entitled to relief on any
of his claims, and his conviction and sentence are due to be upheld. There is
sufficient evidence to support the Petitioner's convictions and sentence. Thus,
Mr. Greenwood's petition is due to be denied. Therefore, the Respondent, the
State of Alabama, moves this Honorable Court to dismiss, with prejudice,
Greenwood's Petition for Post-Conviction Relief.

Respectfully submitted on this the 24th day of November 2003.

ELEANOR I. BROOKS
DISTRICT ATTORNEY


_____
Benjamin E. Schoettker   (SCH 091)
Deputy District Attorney


## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served upon
Kourtney Greenwood by placing a true copy of the same in the United States
Mail, first-class postage prepaid and properly addressed to him at AIS# 179810,
Donaldson Correctional Facility, 100 Warrior Lane, Bessemer, Alabama 35023
on this the 24th day of November, 2003.

ELEANOR I. BROOKS
DISTRICT ATTORNEY


_____
By:   Benjamin E. Schoettker   (SCH 091)
Deputy District Attorney

In Reference to my case No# CC 02000905 My name
is Jamar Brown, On this date and time 11-21-02
I plead out to a crime I had committed, but to my
understanding there is a guy by the name of Kourtney Greenwood
who I supposedly have as a codenfendent but I don't even
know of that guy and he is not the person that
was even present with me at the time this incident
took place, I'll just start like this during my stay
in the Montgy, County, Jail whenever I spoke with
my lawyer Winston Durant about my cases he always seemed
to speck of and ask about this guy name buy the name
of Kourtney Greenwood but I always told him I didn't even
know a guy by that name so I stayed in the County Jail
about 9 Mounths so as time went on I went to court and
plead guilty to the crimes I had committed, a I noticed at
this time the D.A. who name was Perkins and another
white guy who I think was a D.A. the one was
Perkins and along with my lawyer Winston Durant
all continously asked me about the dude Kourtney Greenwood
so I told them I did not even know him which I really
still do not so while sitting in the li cells in the back
of the courtroom I was called out several times to talk
to my lawyer and that D.A. lady name Ms. Perkins, so
on one occasion I was called out to talk to that lady
D.A. Perkins and a white guy, so she asked me
bout Kourtney Greenwood again so I said I keep
telling yall I don't know that dude why yall keep

asking me the same thing, so the lady D.A. Perkins said he's not a witness for Kourtney Greenwood is he speaking to the white guy I don't know his name, so the white guy said I don't think so, so I was like witness what, what yall talking bout, so the lady D.A. Perkins said, we mean without you testifying in court for this guy we have a case on this guy. so the lady D.A. said Mr Jamar Brown you work with me I'll work with you then she said I'll see to you getting ~~2or3 sep ture dup or probation~~, then she said you don't have to worry bout nothing I'm going to talk to the Judge, then she said you have a nice day Mr Jamar Brown I'll see you on the 12th of Dec til then just remember what I said then she left. So I ain't never been in nothing like this before but sap return or Probation sounded good, so it was like a day before I went to got sentenced, ~~I was~~ called down to court, so when I got down there it was this other white guy name Hartley or some, I think he was that guy Kourtney Greenwood lawyer, then my lawyer ~~that~~ same D.A. Perkins lady and the other white guy who was with her before came to talk to me bout Testifying for that guy Kourtney Greenwood, so to be honest I was really thinking bout that sap dreturn or probation I was told I would get, so I just told them all the truth, that I don't even know a guy buy that name probably never seen him before and that he was not the guy that was present with me at

the time I committed these crimes, but then I also said I was not going in that courtroom to testify, and it see like that lady D.A. Perkins knew this was going to happe to me like this, but I didn't say nothing," the reason for this letter to whomever it may concern is, I don't know if that guy Kourtney Greenwood went to trial or whatever, but I heard through the jail and from a couple of people I think knew him that he got messed up for some he didn't know anything about," and I Jamar Brown is a witness to that I know for a fact that guy name Kourtney Greenwood did no commit these crimes and do not know anything about them unless he was told or heard some about it, cause he I know was not the guy who was with me at the time all this trouble occured I don't know how he ended up in this, but it had to be some mistake made somewhere you know I sat back for months months and I look back on how this all happened I think I could have stopped an innocent man out, and believe me I know he's innocent, and if there any way possible to whomever this letter may concern that I can do anything to help this guy out, I will do it, cause I am a changed man myself now and I can't continu to go on with this on my mind, and the good Lord has brought me to say this was all wrong from the start, and it has gotten a innocent man in a messed up situtation, and I fought myself and that lady D.A. Perkins for this mistake, and I Jamar Brown am willing to testify or do whatever possible right now to not have that innoce

man punished for my trouble. To whom ever this may concern will you please respond soon.

✗ In reference To: Again I Jamar Brown do not even know Kourtney Greenwood, and he is not the guy who was with me at the time I committed these crimes, and he was as an Innocent man is being punished for some he did not do an/or knows nothing about, which I fought myself and Off. Perkins for this mistake, and I am willing to Testify in Kourtney Greenwood behalf or do whatever to make things right here to whom ever it may concern.

Sincerely,
Jamar Brown  Jamar Brown

Notary

State of Ala - Mt. Co.
Sworn to and subscribed before me this 18 day March 03.

My commission Expires 1-17th day of 2006
Betty Sloan - Notary Public

Sincerely Jamar Brown AIS# 227221
Case# CC 2002-905

In the Circuit Court of Montgomery County, Alabama

MH

107

Kourtnee Greenwood,
Petitioner.

Amend to Rule 32 Pending
↓
Case No# CC-2002-909.60
TMH

State of Alabama,
Respondents,

JAN 2004
FILED
Melissa Rittenour
Circuit Clerk

## Petitioner's Establishment of the Legality of His Newly Discovered Evidence.

The Petitioner, Kourtnee Greenwood, ("Greenwood") moves the Court to aknowledge His "Newly Discovered Evidence" Pursuant Rule 32.3 Ala. R. Cr. Pro. as Established Fulfillment of Rule 32.1(E), (1) Through (5) as Follow:

1. The Facts of "Newly Discovered Evidence" From the Key Witness Accounts of Jamar Brown, ("Brown") Gives way that "Greenwood" is innocent of "Robbery 1st degree" as alleged within the indict-ment, Due to Brown Ready available, as He is now Willing To Testify along with Deven Greenwood, Mable Greenwood, LaVane Howard, Kimberly Greenwood and a Host of other Relatives and Friends who woorld Have Testified during my Trial, but were told if they all were going To Testify to the same Thing "my Description"

(1)

THAT HE ONLY WOULD CALL AND NEEDED JUST A FEW OF THEM TO DO SO," THIS INFORMATION CONFIRMS GREENWOOD IS NOT THE SUSPECT POLICE WAS LOOKING FOR OR WHO THEY NEEDED FOR THIS CRIME, "GREENWOOD" IS INNOCENT OF THIS CRIME AND SHOULD NOT HAVE RECIEVED THE SENTENCE HE "GREENWOOD" RECIEVED! SEE J. BROWN "AFFADAVIT" FILE WITHIN RULE 32. PET ON SEPTEMBER 18, 2003; THIS PARAGRAPH FULFILL RULE 32.1(E), (5);


2. THE FACTS THAT "BROWN" HAS TO OFFER "GREENWOOD" WERE NOT AVAILABLE FOR THE TRIAL JURY TO CONSIDER AND WAS NOT KNOWN BY "GREENWOOD" OR HIS COUNSEL AT THE TIME OF TRIAL OR SENTENCING OR AVAILABLE FOR POST TRIAL MOTION(S) OR FOR ANY PREVIOUS COLLATERAL PROCEEDINGS, DUE TO "GREENWOOD DILIGENT SEARCH AND RESEARCH MADE AWARE TO "GREENWOOD" BY THE COURT, RELATIVES AND FRIENDS HERE AND THERE, MADE IT POSSIBLE FOR "GREENWOOD TO RECIEVE A AFFADAVIT/LETTER HANDWRITTEN FROM "JAMAR BROWN" THE KEY WITNESS AND SUSPECT IN THIS CRIME, AND ALSO AFTER RECIEVING "BROWN" AFFADAVIT," I INFORMED MY APELLATE COUNSEL BY THE NAME OF MACEO KIRKLAND WHO WAS HANDLING MY APPEAL BACK IN

(2)

JUNE 2003, AND HE WENT TO MEET WITH "BROWN" AT THE INSTITUTION WHERE HE "BROWN" is being HELD AND CONFIRMED THE FACTS "BROWN STATED IN HIS LETTER TO ME "GREENWOOD" AND I WAS TOLD BY MR KIRKLAND THAT NONE OF THOSE FACTS WERE LISTED IN/ON MY RECORD OF APPEAL AND I WOULD HAVE TO USE THIS INFORMATION ON A RULE 32. PET; SEE "AFFADAVIT FROM BROWN" FILE WITHIN RULE 32 ON SEPTEMBER 18, 2003 EXIBIT D & E

THIS PARAGRAPH FULFILL RULE 32.1 (E), (1);


3. THE FACTS THAT "BROWN" HAVE TO OFFER ARE NOT MERELY CUMULATIVE TO OTHER FACTS THAT WERE KNOWN, FOR THE PROSECUTION ALLEGED "GREENWOOD" HELD A 13 YR OLD BOY IN COMMISSION OF WHY JAMAR BROWN ROBBED A LARRY COPELAND AT GUNPOINT/AND JAMAR BROWN A KEY WITNESS AND SUSPECT THE ALLEGED CRIME ACCOUNTS PRESENTS HE "BROWN" WAS CALLED AS A WITNESS FOR ME DURING MY TRIAL TO TESTIFY ON MY BEHALF BUT HE HAD PREVIOUSLY BEEN PERSUADED, PROMISED A SENTENCE OF 20/3 OR PROBATION

(3)

FROM DISTRICT ATTORNEY VERNETTA PERKINS FOR HIS COOPERATION TO NOT TESTIFY; WHICH SHE KNEW "MS PERKINS" KNEW IT WOULD RENDER MY DEFENSE AT BEST AND NOW "BROWN" IS WILLING TO TESTIFY TRUTHFULLY IN MY "GREENWOOD" BEHALF OF THIS MATTER;

THIS PARAGRAPH FULFILL RULE 32.1(E),(2), FOR "BROWN" WAS PERSUADE NOT TO TESTIFY ON MY BEHALF WHICH RENDERED MY DEFENSE AND CAUSED ME "GREENWOOD" AN INNOCENT MAN A FELONY CONVICTION "A WRONGFUL FELONY CONVICTION."

4. THE FACTS THAT "BROWN" HAVE TO OFFER DO NOT MERELY AMOUNT TO IMPEACHMENT EVIDENCE, FOR "BROWN" TESTIMONY WOULD SWAY JURORS TO CONCLUDE THAT "GREENWOOD" WAS NOT THE GUY WHO ACCOMPANIED "BROWN" WHILE COMMITTING A CRIME OF ROBBERY! THIS PARAGRAPH FULFILLS RULE 32.1(E),(3);

5. IF THE FACTS THAT "BROWN" HAVE TO OFFER WOULD HAVE BEEN KNOWN AT THE TIME OF TRIAL OR AT SENTENCING, brought before

(4)

JURORS ATTENTION/PRESENCE; ( THE FACTS OF PERSUASION, OF PROMISING "BROWN" A SENTENCE OF 20/3 OR PROBATION FOR HIS COOPERATION WHICH held him FROM TESTIFYING IN THIS CRIMINAL CASE ) "GREENWOOD" WOULD HAVE been FOUND NOT GUILTY OF THE CRIME " bogus CRIME" OF ROBBERY IN THE FIRST degree, AS SO do HANG JURY'S HAPPEN QUITE OFTEN AND "GREENWOOD" WOULD NOT HAVE SUFFERED THIS FELONY CONVICTION "Wrongful FELONY CONVICTION" WHICH PROMPTED ME "GREENWOOD" TO RECIEVE LIFE IN PRISON FOR A CRIME I "GREENWOOD" IS INNOCENT OF! THIS PARAGRAPH fulfills RULE 32.1(E),(4);


6. "GREENWOOD" IS NOT PRECLUDED BY RULE 32.2(b) OR (C) WITH this CLAIM, FOR I "GREENWOOD" FILED THE 'NEWLY DISCOVERED EVIDENCE' INVOLVING "BROWN" CIRCUMSTANCES OF FACT WITHIN SIX (6) MONTHS AFTER BEEN DISCOVERED AND IT WOULD BE A DEFINATELY MISCARRIAGE OF JUSTICE WITH FAILING TO ENTERTAIN THIS PETITION

(5)

WITH RELIEF !

Wherefore, Premises Considered, "Greenwood" Pray This Honorable Court Acknowledge The Meritorious 'Newly Discovered Evidence And Grant Relief the Court Deem Necessary.

Kourtnee Greenwood
KOURTNEE GREENWOOD #179810

## Certificate of Service

I Hereby Certify on the 7th day of December 2004, I served a copy of the foregoing "Petitioner's Est. of Legality of Newly Discovered Evidence" on the below By U.S. Mail Properly Addressed with Prepaid Postage and as Follow:

"Melissa Rittenour"
Montgomery County Circuit Court Clerk,
251 S. Lawrence St
Montgy, Al 36104

Forward Copy To →

Montgy County D.A. office at some Address:

Kourtnee Greenwood
KOURTNEE GREENWOOD #179810    B-68
W.E.D.C.F.
100 Warrior Lane
Bessemer, AL 35023

(6)

# IN THE CIRCUIT COURT OF MONTGOMERY COUNTY - ALABAMA

KOURTNEE GREENWOOD,
PETITIONER,

VS.

STATE OF ALABAMA,

RESPONDENT.

CASE # CC-02-909.60

DEC 2003
FILED
Melissa Rittenour
Circuit Clerk

## AMENDMENT TO RULE 32, A.R.Cr.P. PETITION

COMES YOUR PETITIONER, KOURTNEY GREENWOOD, IN THE ABOVE STYLED CAUSE AND MOVES THIS COURT TO ALLOW HIM TO AMEND HIS PREVIOUSLY FILED RULE 32, A.R.Cr.P. PETITION PURSUANT TO RULE 32.7(b).

GREENWOOD SUBMITS THE ADDITIONAL FOLLOWING CLAIM:

I. THE CONSTITUTION OF THE UNITED STATES OR OF THE STATE OF ALABAMA REQUIRES A NEW TRIAL, A NEW SENTENCE PROCEEDING, OR OTHER RELIEF BECAUSE:

DENIAL OF ASSISTANCE OF COUNSEL AS GUARANTEED BY THE 6TH AMENDMENT OF THE UNITED STATES' CONSTITUTION:

(1.) DEFENSE COUNSEL FAILED TO SUBPOENA A MATERIAL WITNESS AND THUS VIOLATED PETITIONER'S 6TH AMENDMENT RIGHT TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM AND TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR.

THE STANDARD FOR CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL WAS SET OUT IN STRICKLAND V. WASHINGTON, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); A CLAIMANT MUST SHOW 1.) DEFICIENT PERFORMANCE OF COUNSEL, AND 2.) ABSENT SAID ERRORS THERE MUST BE A REASONABLE PROBABILITY OF DIFFERENT RESULTS.

ONLY ONE WITNESS IDENTIFIED GREENWOOD AS THE ROBBERY SUSPECT, THAT WAS LARRY COPELAND. HOWEVER, COPELAND'S TESTIMONY SHOWED THERE WAS ANOTHER PERSON, ANOTHER VICTIM TO THE ALLEGED OFFENSE. COPELAND TESTIFIED THAT HE WAS WITH A 13 YEAR OLD BOY NAMED SERILLO, AND IN FACT SERILLO WAS HELD BY GREENWOOD DURING THE ROBBERY. (R 67, L 18-24).

WHEN ASKED HOW LONG HE HAD KNOWN SERILLO, COPELAND SAID "8 OR 9 YEARS." HOWEVER, COPELAND ALSO SAID HE DID NOT KNOW SERILLO'S LAST NAME. (R 68, L 1-12); EVEN THOUGH SERILLO LIVES RIGHT DOWN THE STREET AND IS THE SON OF A FEMALE

FRIEND OF COPELAND. (R71, L16-23).

THE DETECTIVE WHO RESPONDED TO COPELAND'S PHONE CALL AFTER THE ALLEGED ROBBERY STATED COPELAND DID NOT GIVE HIM SERRILO'S NAME (R87, L 17-19), EVEN THOUGH ADMITTING, AS A SECOND VICTIM TO THE ROBBERY, SERILLO WOULD BE A VERY IMPORTANT MATERIAL WITNESS. (R87, L20 - R88, L1).

THE FACT THAT SERILLO WAS NOT SUBPOENAED BY THE STATE RAISED A RED FLAG WITH DEFENSE COUNSEL. COUNSEL QUESTIONED THE DETECTIVE WHO SAID, OTHER THAN COPELAND'S TESTIMONY, THERE WAS NO EVIDENCE TO IMPLEMENT GREENWOOD IN THE CRIME. (R90, L9-12).

DEFENSE COUNSEL WAS AWARE OF THE EXISTENCE OF A SECOND VICTIM, TWO MONTHS PRIOR TO TRIAL, AT GREENWOODS FIRST TRIAL, WHEN COPELAND TESTIFIED. (R55, L5-16 / R61, L8-13). COUNSEL SHOULD HAVE EXERCISED DILIGENCE AND SUBPOENAED SERILLO FOR TRIAL. SERILLO WAS THE ONLY OTHER EYE-WITNESS TO THE TRIAL, AND IN FACT GOT A BETTER LOOK AT THE SUSPECT THAN DID COPELAND.

COUNSEL SHOULD HAVE REALIZED AND ACTED UPON HIS INSTINCTS. COPELAND TESTIFIED HE HAD KNOWN SERILLO 8 OR 9 YEARS, KNEW SERILLO'S

MOTHER, BUT DIDN'T KNOW HIS LAST NAME. COPELAND ALSO WITHELD SERILLO'S IDENTITY FROM THE POLICE.

DEFENSE PRESENTED PLENTY OF EVIDENCE TO SHOW GREENWOOD WAS NOT THE ROBBER. COPELAND TESTIFIED THE OFFENDER HAD "TWISTS" IN HIS HAIR ON THE DATE OF OFFENSE, APRIL 9TH, (R 50, L 2-20). DEFENSE PRESENTED THREE WITNESSES TO SHOW THAT GREENWOOD NEVER WORE HIS HAIR IN "TWISTS", AND IN FACT, DID NOT HAVE HIS HAIR IN "TWISTS" ON APRIL 9TH: 1.) KIM GREENWOOD (R 101, L 4-12 - R 102); 2.) DEVEN GREENWOOD (R 111, L 9-13, L 16-25); 3.) LAVAN HOWARD (R 121, L 18-21).

DEFENSE ALSO PRESENTED EVIDENCE TO SHOW THAT AT THE TIME OF OFFENSE, GREENWOOD WAS BABYSITTING HIS CHILDREN. (R 126, L 24-25; R 127, L 1-8; R 135, L 24 - R 136, L 2).

GREENWOOD, HIMSELF, TESTIFIED HE DID NOT KNOW CODEFENDANT, JAMAR BROWN OR THE VICTIM, COPELAND. (R 140, L 15-22).

SERILLO IS THE ONLY PERSON THAT COULD HAVE POSITIVELY TESTIFIED AS TO WHETHER OR NOT GREENWOOD WAS IN FACT, THE ONE WHO

HELD HIM ON THE NIGHT IN QUESTION. THERE IS NOT A REASONABLE DEFENSE STRATEGY FOR COUNSELOR'S FAILURE TO PROCURE SERILLO'S TESTIMONY.

IN FACT, DURING CLOSING ARGUMENT, DEFENSE COUNSEL POSED THE THEORY THAT MAYBE COPELAND AND SERILLO WAS INTO ILLEGAL ACTIVITY THAT NIGHT, AND, THAT WAS WHY COPELAND WORKED SO HARD AT KEEPING SERILLO'S IDENTITY A SECRET, GOING EVEN SO FAR AS TO SAY "THAT'S [SERILLO] ONE OF THE WITNESSES WE NEED HERE..." (R168-R169 / R169, L8-9).

FURTHER, DEFENSE COUNSEL MENTIONED SERILLO'S ABSENCE IN HIS MOTION TO DISMISS, BUT STILL TOOK NO STEPS TO HAVE SERILLO SUBPOENAED. (R98, L8-15).

DEFENSE COUNSEL FURTHER FAILED TO SUBPOENA OR PRODUCE THE THREE CHILDREN GREENWOOD WAS BABYSITTING AT THE TIME THE ALLEGED ROBBERY WAS COMMITTED. (R126, L8-9 / R144, L13-25). THIER TESTIMONY COULD HAVE ADDED CORROBORATION TO HIS ASSERTION THAT HE DID NOT LEAVE THEM, AND, HENCE COULD NOT HAVE BEEN THE OFFENDER.

"IN REVIEWING THE PERFORMANCE OF COUN- SEL IN CONDUCTING A DEFENSE, THE COURT WILL

LOOK FOR SPECIFIC EXAMPLES OF COUNSEL'S CONDUCT WHICH RENDERED HIS DEFENSE OF ACCUSED LESS THAN REASONABLY EFFECTIVE UNDER THE <u>TOTALITY OF THE CIRCUMSTANCES</u>." <u>U.S. V. CHILDS</u>, 571 F.2d 315 C.A.5 (ALA.) 1978.

IN THIS CASE, SERRILO'S TESTIMONY WAS VERY IMPORTANT. HE WAS THE ONLY OTHER PERSON, BESIDES COPELAND, WHO COULD SAY FOR SURE WHAT HAPPENED ON THE NIGHT OF APRIL 9TH. ALSO, THE CHILDREN'S TESTIMONY, UNDER THE CIRCUMSTANCES, COULD HAVE PROVED GREENWOOD COULD NOT BE THE OFFENDER, AS HE WAS AT HOME WATCHING THEM.

THE TWO-PRONG TEST OF STRICKLAND HAS BEEN MET:

1.) <u>DEFICIENT PERFORMANCE OF COUNSEL</u>: FAILURE TO SUBPOENA OR PROCURE THE TESTIMONY OF SERILLO OR THE CHILDREN;

2.) <u>ABSENT SAID ERROR</u>, HAD SERILLO OR THE CHILDREN TESTIFIED THAT GREENWOOD WAS NOT THE OFFENDER IN QUESTION, AND WITH COPELAND THE ONLY WITNESS TO POSITIVELY IDENTIFY GREENWOOD, THERE IS A REASONABLE PROBABILITY THIS WOULD HAVE RAISED ENOUGH "REASONABLE DOUBT" IN THE MINDS

OF THE JURY FOR ACQUITTAL.

IN <u>CRISP V. DUCKWORTH</u>, 743 F.2d 580, 584 (7TH Cir. 1984), TRIAL COUNSEL WAS HELD TO BE INEFFECTIVE FOR FAILING TO PROCURE A WITNESS. IN REVERSING AND REMANDING THE COURT STATED, "TRIAL COUNSEL CANNOT STAND BEHIND THE SHIELD OF TRIAL STRATEGY FOR FAILURE TO INTERVIEW READILY AVAILABLE WITNESS WHOSE TESTIMONY WOULD HAVE BEEN NONCUMULATIVE AND <u>POTENTIALLY AIDED THE DEFENSE</u>."

IN THIS CASE, COPELAND TESTIFIED THAT SERILLO LIVED DOWN THE STREET FROM HIMSELF, THAT HE HAD KNOWN HIM 8 OR 9 YEARS, AND THAT HE WAS FRIENDS WITH THE MOTHER. LIKEWISE, THE CHILDREN GREENWOOD WAS BABYSITTING WERE ALSO EASY TO FIND AND READILY AVAILABLE. GREENWOOD, AN INNOCENT MAN, STANDS SERVING A LIFE SENTENCE BECAUSE OF THE LACK OF EFFECTIVE REPRESENTATION OF COUNSEL. THIS COURT MUST ACCORDINGLY REVERSE THE CONVICTION AND ORDER A NEW TRIAL, TO CORRECT THIS BLATANT MISCARRIAGE OF JUSTICE.

2.) <u>DEFENSE COUNSEL FAILED TO OBJECT TO COURT'S IMPROPER JURY INSTRUCTIONS</u>:

THE COURT INSTRUCTED THE JURY THAT THEY MUST ALL REACH THE SAME VERDICT, THAT THERE COULD BE NO SPLIT OR HUNG JURY.

"ALSO, BEFORE YOU REACH A VERDICT, ALL TWELVE OF YOU MUST REACH OR AGREE ON THE SAME VERDICT. IN OTHER WORDS, THERE CAN BE NO SPLIT VERDICT." (R 200, L 23-25). "IT MUST BE UNANIMOUS." (R 201, L 1).

THIS WAS CLEARLY IMPROPER INSTRUCTION. IT LEAD THE JURY TO BELIEVE THAT IF ONE, OR SEVERAL, OF THEM WERE NOT CONVINCED BEYOND A REASONABLE DOUBT, THEY COULD NOT HOLD FAST TO THIER OWN DECISION BUT MUST GO WITH THE MAJORITY VIEW. THE COURT INSTRUCTED THEM THERE COULD BE NO SPLIT DECISION, WHEN IN FACT "HUNG JURIES" HAPPEN QUITE FREQUENTLY.

THE 14TH AMENDMENT OF THE U.S. CONSTITUTION AFFORDS A DEFENDANT LIKE GREENWOOD A RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW. THAT INCLUDES THE RIGHT OF EACH INDIVIDUAL JUROR TO DECIDE INDIVIDUALLY, IF A PERSON IS GUILTY OR INNOCENT, WITHOUT PRESSURE FROM THE COURT THAT THE VERDICT MUST BE UNANIMOUS, AND THAT THEY COULD NOT RETURN AS A HUNG JURY.

IN DANIEL V. THIGPEN, 742 F. Supp. 1535 (mid. Ala.) 1990, TRIAL COUNSEL WAS HELD INEFFECTIVE AND A NEW TRIAL WAS REQUIRED FOR FAILURE TO OBJECT TO THE JURY CHARGE.

HAD GREENWOOD'S COUNSEL OBJECTED, THE COURT COULD HAVE CORRECTED THE ORAL CHARGE AND TOLD THE JURORS TO DECIDE, INDIVIDUALLY AND COLLECTIVELY, THE GUILT OR INNOCENCE OF GREENWOOD. THUS, THERE IS A REASONABLE PROBABILITY, ABSENT THE IMPROPER CHARGE, GREENWOOD WOULD HAVE BEEN ACQUITTED OR THE JURY HUNG, THUS A GUARANTEE OF DIFFERENT RESULTS.

## CONCLUSION

FOR THE AFOREMENTIONED REASONS, GREENWOOD PRAYS THIS COURT TO ORDER AN EVIDENTIARY HEARING TO DECIDE DISPUTED MATERIAL MATTERS, OR, OTHERWISE GRANT HIM ANY AND ALL RELIEF HE IS ENTITLED TO.

DONE THIS 21st DAY OF DECEMBER 2003.

RESPECTFULLY SUBMITTED,

*Kourtnee Greenwood*

KOURTNEE GREENWOOD, pro se

IN THE CIRCUIT COURT OF MONTGOMERY
COUNTY ALA.

**122**

KOURTNEE GREENWOOD
    PETITIONER,

                              CASE NO.# CC-02-909.66

    VS.

STATE OF ALABAMA
      RESPONDENTS,

## DECLARATION OF MAILING

I CERTIFY THAT ON THIS THE 21ST DAY OF
DECEMBER, 2003, I HAVE PLACED IN THE
INSTITUTIONAL MAILBOX, PETITIONERS Amended
ARGUMENT OF ISSUES WITH CERTIFIED FIRST
CLASS POSTAGE PREPAID AND PROPERLY ADD-
RESSED TO "PURSUANT TO" HOUSTON VS. LACK
487 U.S. 266, 101 L. Ed 2d 24 108 S.ct 237
(1988); EXPARTE POWELL, 674 So 2d 1258
(ALA. 1995)

        DATED  12/21 . 2003

                              RESPECTFULLY
                              Submitted,

WITNESSES:
Robert J. Price 109966
Rantana Hill-Larison 196307
Curtis L. Graham 168891

                              Kourtnee Greenwood
                              KOURTNEE GREENWOOD

IN THE CIRCUIT COURT OF MONTGOMERY
COUNTY, ALABAMA

**123**

KOURTNEE GREENWOOD,
    PETITIONER,

    VS.

STATE OF ALABAMA,
    RESPONDENTS,

CASE NO# CC-02-909.60
          TMH

JAN 2004
FILED
Melissa Rittenour
Circuit Clerk

## MOTION FOR/TO DENY STATES MOVE FOR SUMMARY DISPOSITION AND REQUEST FOR EVIDENTIARY HEARING

COMES YOUR PETITIONER IN THE ABOVE STYLE CAUSE AND IN ADDITION TO PETITIONERS "TRAVERSE" FILED WITH THIS COURT ON DECEMBER 11, 2003, AND HEREBY MOVES THIS COURT TO DENY THE STATES MOTION FOR SUMMARY JUDGEMENT OF NOVEMBER 25, 2003. FURTHER, "GREENWOOD" HEREBY REQUESTS AN EVIDENTIARY HEARING PURSUANT TO RULE 32. 9 A. R. CR. P. IN SUPPORT THEREOF GREENWOOD SHOWS

(1)

**124**

THE following.

1. "IN A Rule 32 Proceeding, THE PETITIONER HAS THE BURDEN OF PLEADING AND PROVING by A PREPONDERANCE OF THE EVIDENCE THE FACTS NECESSARY TO ENTITLE THE PETITIONER TO RELIEF." SEE RULE 32.3, A.R.CR.P.; Also, FORTENBERRY V. STATE, 659 So 2d 194 (AL.CR.APP. 1994,

2. "GREENWOOD" SEEKS AN EVIDENTIARY HEARING TO CONCLUDE HIS CLAIMS OF NEWLY DISCOVERED EVIDENCE AND ETC WITH WITNESSES AND EVIDENCE THAT EXONERATE "GREENWOOD" FROM THE CRIME CHARGED AND PROVES HIS INNOCENCE OF THE CRIME CHARGED THAT WAS WITHELD FROM "GREENWOOD" AND GREENWOOD COUNSEL FOR USE AT TRIAL by JURY, IN WHICH WOULD HAVE THWART THE CONVICTION AN/OR SENTENCE AGAINST HIM / SEE Affadavit From J. BROWN IN Rule 32 FILED WITH THE COURT SEPTEMBER 18, 2003;

3. THE STATE, IN THEIR MOTION OF NOVEMBER 25, 2003, HAS MISAPPLIED AND MISAPPREHENDED THE RULE GOVERNING

(2)

NEWLY DISCOVERED EVIDENCE   RULE 32.1
(E), A.R.Cr.P.

4. THE STATE ARGUES THE SUBSTANCE OF THE
AFFADAVIT OF JAMAR BROWN (ATTACHED TO RULE
32 PETITION) WERE FACTS ALREADY KNOWN
DURING TRIAL AND HENCE ARE NOT "NEWLY
DISCOVERED."

5. THE BRIEF SUMMARY OF SAID AFFADAVIT
IS TO THE EFFECT, JAMAR BROWN, THE SUPP-
OSEDLY CO-DEFENDANT IN THE INSTANT CASE,
"BROWN" STATED HE DID NOT TESTIFY, DURING
"GREENWOOD" TRIAL BECAUSE HE WAS PROMISED
A SENTENCE OF 20/3 OR PROBATION FOR HIS
COOPERATION/PERSUASION by STATE DISTRICT
ATTORNEY VERNETTA PERKINS. THESE FACTS WERE
NOT KNOWN AT TRIAL.

6. "JAMAR BROWN" HAD ADMITTED TO AND
PLEAD GUILTY TO THE INSTANT OFFENSE
PRIOR TO "GREENWOOD" TRIAL.

7. WHILE THE FACT THAT "JAMAR BROWN" TOLD
DEFENSE COUNSEL THAT HE DID NOT KNOW
"GREENWOOD" AND THAT "GREENWOOD" WAS

(3)

NOT WITH HIM WHILE HE "BROWN" WAS COMMITTING THE ROBBERY WERE KNOWN BY DEFENSE COUNSEL AT THE TIME OF TRIAL (R 206, L 1-21); THE RECORD ALSO AFFIRMATIVELY REFLECTS THAT JAMAR BROWN REFUSED TO TESTIFY IN FRONT OF A JURY OF SAID FACTS, FOR A REASON KNOW ONE KNEW AT THE TIME, BUT SINCE THE DISCOVERY OF "BROWN" AFFADAVIT, WE NOW KNOW IT WAS BECAUSE HE "BROWN" WAS PROMISED A SENTENCE OF 20/3 OR PROBATION FOR HIS COOPERATION IN THIS CAUSE/ PERSUADED BROWN NOT TO TESTIFY TO THE TRUTH IN ORDER TO GET A SENTENCE, WHICH D.A. PERKINS KNEW THIS WRONGFUL ACT WOULD RENDER DEFENSE ABILITY AT BEST; IF "J. BROWN" WOULD HAVE TESTIFIED AT THAT TIME, WE NOW KNOW THAT HE WOULD NOT HAVE RECIEVED THE SENTENCE HE "BROWN" WAS PROMISED, OR ATLEAST HE "BROWN" BELIEVED HE WOULD NOT HAVE; SEE BROWN AFFADAVIT IN RULE 32 FILED SEPTEMBER 18, 2003;

8. A WITNESS, ALTHOUGH CAN BE FORCED TO

(4)

TESTIFY, CANNOT BE FORCED TO TESTIFY AGAINST HIMSELF WHEN IN FEAR of **127** PUTTING HIMSELF IN JEOPARDY, SUCH AS here WHEN JAMAR BROWN HAD YET TO BE SENTENCED FOR THE INSTANT offense, SINCE "J. BROWN" affadavit, WE NOW KNOW HE "BROWN" WAS IN FEAR TO TESTIFY BECAUSE D.A. PERKINS HAD PERSUADED him NOT to. THE RIGHT NOT TO TESTIFY AGAINST ONE'S SELF IS PROTECTED by THE 5th AMEND-MENT of THE U.S. CONSTITUTION.

9. ONLY AFTER "BROWN" WAS SENTENCED did HE COME FORWARD WITH THE AFFADAVIT OF THE TRUTH, THAT KOURTNEE GREENWOOD WAS INNOCENT AND IS INNOCENT OF THE INSTANT offense, AND WILL NOW TESTIFY to THIS AND OTHER OVERWHELMING FACTS THAT CAUSED THIS EVENT TO OCCUR THIS WAY THAT IS IN THE AFFADAVIT OF "J. BROWN" AND THAT WAS NOT KNOWN AT JURY TRIAL.

10. FURTHER, THE AFFADAVIT WAS NOT DISCOVERED by GREENWOOD IN TIME FOR A POST TRIAL

**128**

MOTION OR ANY PREVIOUS Collateral Proceeding AND could NOT HAVE been Discovered through the EXERCISE of DUE Diligence. "JAMAR BROWN" CAME ForWARD WITH THE TRUTH IN HIS OWN TIME AND could NOT HAVE been Forced.

11. THE FACTS Do NOT AMOUNT TO IMPEACHMENT EVIDENCE; HAD THE FACTS been PRESENTED BEFORE TRIAL JURY, ETC., THE Result would HAVE been DIFFERENT.

12. THE Newly DISCOVERED TESTIMONY, Sworn To by AFFADAVIT, shows "KOURTNEE GREENWOOD" IS INNOCENT of THE CRIME HE STANDS CONVICTED of, AND COMPLETELY EXONERATE "GREENWOOD" FROM THE CRIME.

13. THE SITUATION Calls FOR AN EVIDENTIARY HEARING To DETERMINE THE DISPUTED ISSUES of MATERIAL FACT BETWEEN "GREENWOOD" AND THE STATE, WHERE "GREENWOOD" WILL HAVE THE Right To SUBPOENA JAMAR BROWN To PUT

(6)

HIS TESTIMONY ONTO THE RECORD AND IN FRONT OF THIS HONORABLE COURT.

Wherefore Premises Considered, "Greenwood" PRAY THIS HONORABLE COURT WILL DENY THE STATE'S MOTION FOR SUMMARY DISPOSITION; SET THIS matter down FOR AN EVIDENTIARY HEARING; ISSUE AN ORDER TO TRANSPORT "GREENWOOD" FROM THE DEPARTMENT OF CORRECTIONS TO THIS COURT FOR SAID HEARING; AND APPOINT COUNSEL TO ASSIST.

JANUARY 10TH, 2004
DATE

Kourtnee Greenwood
KOURTNEE GREENWOOD

Certificate OF Service

I HEREBY CERTIFY ON 10 day of JANUARY 2004, I SERVED A COPY OF MOTION FOR/TO DENY STATE'S MOVE FOR SUMMARY DISPOSITION AND REQUEST FOR EVIDENTIARY HEARING IN THE INSTITUTIONAL MAIL BOX by U.S. MAIL

(7)

WITH PREPAID POSTAGE Properly Addressed as follows:

MELISSA RITTENOUR
CIRCUIT CLERK of
MONTGY COUNTY COURT-
HOUSE,
251 S. LAWRENCE ST
MONTGY. AL 36104

PLEASE
SEND A
COPY
TO

MONTGY COUNTY
DISTRICT
ATTORNEY
OFFICE,
SAME
Address.

Kourtnee Greenwood
KOURTNEE GREENWOOD
AIS#179810 B-68
100 WARRIOR LANE
BESSEMER, AL 35023

(8)

State of Alabama
Unified Judicial System

Form C-12          Rev. 3.98

Case No. **CC-02-90**
**13**

IN THE _CIRCUIT_ COURT OF _MONTGOMERY_, AL
(Circuit, District or Municipal)     (Name of County or Municipality)

Civil: _____ v. _____
                 Plaintiff                                     Defendant

Juvenile: In the matter of _____

Criminal: ☑ State of Alabama
               ☐ Municipality of _____ v. _KOURTNEE GREENWOOD_
                                                                          Defendant

"Pending"
Court Date _PRIOR TO ONE_ Court Time _____ AM/PM Date Requested _____

## TO BE COMPLETED BY REQUESTER

The Clerk is requested to issue an Order to Appear (Subpoena) for each of the following witnesses for:

☐ Plaintiff/State   ☑ Defendant   ☐ Grand Jury   ☐ Other

|  |  | Date Issued | Date Executed |
|--|--|--|--|

1. Name _JAMAR BROWN_ AIS# _227221_ — Date Issued: _1/10/04_
   Home Address _AIA D.O.C._ Zip _____
   Telephone Number _____
   Alternate Address _____ Zip _____
   Telephone Number _____
   Remarks: _BURDEN OF PROOF, THIS GUY IS INCARCERTED IN ALA. D.O.C SOMEWERE, PLEASE locate AND ISSU A SUBPEONA WARRANT ON HIM_

2. Name _DEVEN GREENWOOD_ — Date Issued: _1/10/04_
   Home Address _2437 EAST 6th SIXTH STREET, MONTGOMERY, ALA_ Zip _36106_
   Telephone Number _334-262-2499_
   Alternate Address _911 S, UNION STREET, MONTGOMERY, AL_ Zip _36104_
   Telephone Number _334-262-2499_
   Remarks: _To HELP SET out my BURDEN of PROOF._

3. Name _DEMETRIUS DAVIS_ — Date Issued: _1/10/04_
   Home Address _2437 EAST 6th SIXTH STREET, MONTGOMERY, AI_ Zip _36106_
   Telephone Number _334-262-2499_
   Alternate Address _912 S, UNION STREET, MONTGOMERY, AI_ Zip _36104_
   Telephone Number _334-262-2499_
   Remarks: _To HELP SET out my BURDEN of Proof._

4. Name _Edward Scott_ — Date Issued: _1/10/04_
   Home Address _720 GENETTA CT, MONTGOMERY, AI_ Zip _36104_
   Telephone Number _334-834-5959_
   Alternate Address _____ Zip _____
   Telephone Number _334-834-5959_
   Remarks: _To HELP SET out my BURDEN of Proof_

5. Name _LAVANE HOWARD_ — Date Issued: _1/10/04_
   Home Address _3923 WOODLEY ROAD APT-102, MONTGOMERY, AI_ Zip _36116_
   Telephone Number _334-240-8043_
   Alternate Address _____ Zip _____
   Telephone Number _____
   Remarks: _To HELP SET out my BURDEN of Proof_

METHOD OF SERVICE REQUESTED:
☐ Personal ☑ Other _CRIMINAL Procedure_

_1/10/04_
Date

Party Requesting Subpoena _KOURTNEE GREENWOOD_
Signature _Kourtnee Greenwood_
Requester Phone Number _AIA, D.O.C_

6. NAME Kimberly Greenwood .
HOME ADDRESS 2437 East 6th Sixth Street
Montgomery, Al        ZIP 36106 .
Telephone Number 334-262-2499

DATE ISSUED
1/10/04

REMARKS: To Help Set Out my Burden of Proof.

7. NAME Mable Greenwood .
HOME ADDRESS 2437 East 6th Sixth Street,
Montgomery, Al        ZIP 36106
Telephone Number 334-262-2499 .

1/10/04

REMARKS: To Help Set out my Burden of Proof.

8. NAME Edgar & JoAnn Greenwood .
HOME ADDRESS 103 Courtland Drive,
Montgomery, Al        ZIP 36105
Telephone Number 334-269-9158 .

1/10/04

REMARKS: To Help Set out my Burden of Proof.

9. NAME Katrina Greenwood
HOME ADDRESS 2437 East 6th Sixth Street,
Montgomery, Al        ZIP 36106
Telephone Number 334-262-2499 .

1/10/04

REMARKS: To Help Set Out my Burden of proof.

10. NAME Patricia Wilson
HOME ADDRESS 248 West South Blvd,
Montgomery, Al        ZIP 36105
Telephone Number 334-613-3828 .

1/10/04

REMARKS: To Help Set out my Burden of Proof.

January 10, 2004
Date

Respectfully Submitted,
Kourtnee Greenwood
Kourtnee Greenwood.

SUBPOENA

CC-2002-909.60
Case Number

[✓] State of Alabama
[ ] Municipality of

STATE OF ALABAMA
In the CIRCUIT ___ Cour
of MONTGOMERY ___ Count
[The City/Town of MONTGOMERY

v.
KOURTNEE GREENWOOD
Defendant

TO: Melissa Rittenour Circuit
Clerk of Montgy County Courthouse
(Address)
251 S. Lawrence St, Montgy, Al 36104

You are ordered to appear in the above-named court on the following listed
date, time and place and bring the following documents, books, or papers o
other things to be produced on behalf of the PETITIONER DEFENDAN
Need this Into. to set out Burden of Proof due to P
Date: PRIOR TO: PENDING.                     NDING
                                    Rule 32 Petition
Time: ___                           IN COURT.

Place: ___

CC-02-909-2
Things To be Produced: TRANSCRIPT of minutes of my Sentencing on DEC 3
2002. / Copies of minutes to my Indictments: CASE No# CC-02-909 2/DC-02-
                                                                    1932
This subpoena duces tecum is based upon application of the CRIMINAL
PROCEEDING LISTED ABOVE. / Rule 17.3 Ala. R. Cr. P. / Rule 45 Rule Civil Pr
1/10/04                    Kourtnee Greenwood
Date                       Clerk's Signature

RETURN ON SERVICE

I certify that I personally
delivered a copy of this order
to CIRCUIT CLERK, Montgy County
on JANUARY 10, 2004 ,

___

___

Signature and Title
of Process Server

[X] Served by Mail

Date Mailed JANUARY 10, 2004

___

Signature of Sheriff
and/or Deputy Sheriff

**134**

THINGS TO BE PRODUCED, CONTINUED CAUSE FRONT PAGE TO SMALL TO HOLD:

PLEASE PRODUCE:

1. TRANSCRIPT OF MINUTES TO AND OF MY SENTENCING IN MY CRIMINAL CASE NO# CC-2002-909 ON DECEMBER 30th, 2002.

2. COPIES OF THE MINUTES TO MY INDICTMENT IN MY CRIMINAL CASE NO# CC-2002-909 ON JULY 19, 2002. AND COPIES OF MINUTES TO MY INDICTMENT IN CASE NO# DC-2002-1932, UPON REASON WHY I WAS NOT INDICTED FOR THAT OFFENSE ON JULY 19, 2002.

3. COPIES OF THE POLICE REPORTS/INCIDENT REPORTS, AND ANY OTHER INFORMATION THAT WAS FILED IN MY CRIMINAL CASE NO# DC-2002-1932 by SUPPOSEDLY VICTIM HAROLD FRANKLIN ON MARCH 30th, 2002 AND ON APRIL 18, 2002.

(A.) SUCH PRODUCTION OF DOCUMENTS IS TO TAKE PLACE AT THE PLACE WHERE SUCH DOCUMENTS ARE REGULARLY KEPT. BECAUSE THIS ACTION IS PENDING BEFORE THIS COURT, REQUESTER/PETITIONER FURTHER ASK THIS COURT TO ORDER THE PRODUCTION TO TAKE PLACE BEFORE THE COURT ANSWERS THE RULE 32 PETITION PENDING.

DATED 1/10/04

Kountree Greenwood
KRISTREE GREENWOOD

135

## IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY COUNTY, ALABAMA

KOURTNEY GREENWOOD,      )
    Petitioner,          )
                      )
v.                  )     CC 02-909.60 TMH
                      )
STATE OF ALABAMA,      )
    Respondent.        )

### ORDER

The Court having reviewed the Petitioner's petition for Post-Conviction Relief, filed pursuant to Rule 32 of the Alabama Rules of Criminal Procedure, and the Respondent's Answer and Motion for Summary Dismissal, makes the following findings:

The Petitioner alleges the following grounds as the basis for said petition:

1. The Court was without Jurisdiction to render the judgment or to impose the sentence.
2. The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.
3. Newly discovered material facts exist which requires that the conviction or sentence be vacated by the court.

The Petitioner fails to state a claim on which relied may be granted; and/or the petition fails to raise any material issue of fact or law which would entitle the Petitioner to relief and no purpose would be served by any further proceedings in this matter. Petitioner request for relief on all issues is **DENIED**.

Petitioner was indicted in July of 2002 for Robbery in the first degree. On December 11th, 2002, a jury in Montgomery County found Petitioner guilty of said offense. Petitioner was sentence December 30, 2003 to a life sentence after the Court noted that the state proved two prior felonies. Petitioner next filed an appeal in the Court of Criminal Appeals on or about February 6, 2003. The Court of Criminal Appeals affirmed the lower court.

RECEIVED
1-15-04
CIRCUIT COURT

136

1.    The Court finds that it had jurisdiction to render the judgment and to impose the sentence.  With respect to Petitioner's claim of lack of jurisdiction due to his arrest without probable cause the law is clear.  The Alabama Court of Criminal Appeals stated in Sumlin v. State, 710 So. 2d 941 (Ala.Crim.App. 1998) that "An illegal arrest claim does not raise the jurisdiction of the court and can be barred from Rule 32 review because it could have been but was not raised at trial or on appeal." Petitioner had a trial in December of 2002 and filed an appeal in February of 2003.  Petitioner failed to raise this issue in his appeal and if raised at trial it was unsuccessful. Relying on Sumlin v. State, 1998 WL 32625 (Ala.Crim.App. 1998) Petitioners request for relief on this issue is due to be **DENIED.**

With respect to the Courts jurisdiction the Petitioner raises one other issue.  Petitioner argues that the indictment fails to allege the elements of Robbery in the first degree.  In support of this allegation the Petitioner states that in order to have a proper indictment for Robbery in the first degree the indictment must state that the victim suffered serious physical injury.

In Shoulders v. State, 703 So.2d 1015, 1018 (Ala. Crim. App. 1997) the Court explains that this is not a valid jurisdictional question by stating "A claim by the petitioner that he was charged with the wrong crime and that the court was, therefore, without jurisdiction to render a judgment or pronounce sentence was really a challenge to the sufficiency of the evidence and was barred."

Even if this claim was a valid jurisdictional question it is without merit.  The law in Alabama does not require the defendant to cause serious physical injury to the victim in order to be guilty of Robbery in the first degree.  Johnson v. State, 473 So. 2d 607 (Ala. Crim. App. 1985) state that a defendant commits Robbery in the first degree if "in the course of committing a theft he…uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance," and he "is armed with a deadly weapon or dangerous instrument" or "causes serious physical injury to another."  It is not necessary for the defendant to cause serious physical injury to

be found guilty of Robbery in the first degree. Petitioners request for relief on this issue is due to be **DENIED.**

2.    Next the Petitioner argues that the sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law. Petitioner argues that he was only subject to one prior for the purposes of the Habitual Offender Act, and that the Court erred in allowing the state to present two (2) priors.

These claims amount to nothing more than bare allegations, unsupported by any facts or argument; thus, Petitioner has failed to meet his burden of pleading under Rule 32.3 of the Alabama Rules of Criminal Procedure, and the specificity requirements of Rule 32.6 of the Alabama Rules of Criminal Procedure.

Petitioner did have two (2) prior felony convictions for the purposes of the Habitual Felony Act when he committed the Robbery in question. In October of 1994 Petitioner plead guilty to Robbery in the first degree and was sentenced to 15 years in the penitentiary. In August of 1999 Petitioner plead guilty to the charge of Possession of Marijuana in the first degree and was sentenced under the Habitual Felony Act to 10 years split to serve 3 years reverse split postponed 1 year. Clearly the Petitioner had two prior felonies on his record when he committed the Robbery in question in April of 2002. Petitioners request for relief on these issues are due to be **DENIED.**

3.    Petitioners final issue is that newly discovered material facts exist which requires that the conviction or sentence be vacated by the court. The Petitioner attached a copy of what he claims is a hand written affidavit from the Co-Defendant (Jamar Brown) in this case. Petitioner claims that these are new facts that exist that he was unaware of at the time of trial.

In order for the Petitioner to meet the definition of "newly discovered evidence" under subsection 32.1 (e), a petitioner must plead and establish five things:

1.    That the facts relied on were not known by petitioner or his counsel at the time of trial, at the time of sentencing, in time to file a new trial motion, or in time to be included in a prior

collateral proceeding and they could not have been discovered by any of those times through the exercise of reasonable diligence;

2. The facts are not merely cumulative of facts known to the petitioner or his counsel;

3. The facts do not merely amount to impeachment evidence;

4. If the facts had been known at the time of trial or sentencing, the outcome of the proceeding would have been different; and

5. The facts establish that the petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he received.

Petitioner fails to meet the burden placed upon him by Rule 32.1 (e) to sustain his argument. Obviously, if the Petitioner was in fact innocent of the robbery, then he knew he did not participate in the robbery with Brown. At the time of trial the Petitioner and his attorney were aware of the Co-Defendant Jamar Brown and could have called him as a witness. Mr. Brown's Affidavit establishes that his story if he would have testified at trial would have been the same then as it is today. Hence, there is no new evidence. Mr. Brown in his affidavit avers that he spoke with Petitioners attorney, Wiley Hartley, before Petitioners trial and told Mr. Hartley exactly what is now contained in Mr. Brown's affidavit. These facts were known at the time of Petitioners trial and as such are not newly discovered facts. Petitioners request for relief on this issue is due to be **DENIED.**

Wherefore, it is hereby ORDERED that the Petitioner's Rule 32 Petition is **DENIED**.

Done this the _13th_ day of _January_, 2004

TRUMAN M. HOBBS, JR.
CIRCUIT JUDGE

cc:   Ben Schoettker
      Kourtney Greenwood

United Judicial System                    COURT OF CRIMINAL APPEALS
Form ARAP-26 (rev. 10/91)                  **DOCKETING STATEMENT**

## A. GENERAL INFORMATION:

[X] CIRCUIT COURT  [ ] DISTRICT COURT  [ ] JUVENILE COURT OF __MONTGOMERY__ COUNTY

__KOURTNEE GREENWOOD__ , Appellant

V.  [X] STATE OF ALABAMA  [ ] MUNICIPALITY OF _____

| Case Number CC 02-909.60 | Date of Complaint or Indictment JULY 2002 | Date of Judgment/Sentence/Order JAN. 13, 2004 |
|---|---|---|
| Number of Days of Trial/Hearing ___ Days | Date of Notice of Appeal Oral: | Written: JAN. 17, 2004 |
| Indigent Status Requested: [X] Yes [ ] No | Indigent Status Granted: [X] Yes [ ] No | |

## B. REPRESENTATION:

Is Attorney Appointed or Retained?  [ ] Appointed  [ ] Retained.    If no attorney, will appellant represent self? [X] Yes [ ] No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary) KOURTNEE GREENWOOD #179810 | Telephone Number N/A |
|---|---|
| Address 100 WARRIOR LANE /B | City BESSEMER | State AL | Zip Code 35023-7299 |

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant JAMAR BROWN | Case Number CC02-905 |
|---|---|
| Codefendant | Case Number |
| Codefendant | Case Number |

## D. TYPE OF APPEAL: Please check the applicable block.

1 [ ] State Conviction
2 [X] Post-Conviction Remedy
3 [ ] Probation Revocation
4 [ ] Pretrial Order
5 [ ] Contempt Adjudication
6 [ ] Municipal Conviction
7 [ ] Juvenile Transfer Order
8 [ ] Juvenile Delinquency
9 [ ] Habeas Corpus Petition
10 [ ] Other (Specify)

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 [ ] Capital Offense - § ___
2 [ ] Homicide - § ___
3 [ ] Assault - § ___
4 [ ] Kidnapping/Unlawful Imprisonment - § ___
5 [ ] Drug Possession - § ___
6 [ ] Trafficking in Drugs - § ___
7 [ ] Theft - § ___
8 [ ] Damage or Intrusion to Property - § ___
9 [ ] Escape - § ___
10 [ ] Weapons/Firearms - § ___
11 [ ] Fraudulent Practices - § ___
12 [ ] Offense Against Family - § ___
13 [ ] Traffic - DUI - § ___
14 [ ] Traffic - Other - § ___
15 [X] Miscellaneous (Specify): ROBBERY 1° - § 13A-8-41

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed? [ ] Yes [X] No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript? [ ] Yes [X] No
2. If the answer to question "1" is "Yes", state the date the Reporter's Transcript Order was filed. _____ (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk? [ ] Yes [X] No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions? [ ] Yes [X] No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

H. POST-JUDGMENT MOTIONS: (all post-judgment motions by date of filing, type, and date of disposition) (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| | | | N/A | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

I. NATURE OF THE CASE: Without argument, briefly summarize the facts of the case.

KOURTNEE GREENWOOD WAS CONVICTED OF ROBBERY I AND RECEIVED A LIFE SENTENCE. DIRECT APPEAL WAS TAKEN AND CONVICTION AFFIRMED BY THE COURT OF APPEALS. GREENWOOD THEN FILED A RULE 32, A.R.Cr.P., PETITION, WHICH WAS DENIED BY THE TRIAL COURT ON JANUARY 13, 2004. THIS APPEAL FOLLOWED.

J. ISSUE(S) ON APPEAL: Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

1.) THE COURT WAS WITHOUT JURISDICTION TO RENDER JUDGEMENT OR TO IMPOSE THE SENTENCE.

2.) THE SENTENCE IMPOSED EXCEEDS THE MAXIMUM AUTHORIZED BY LAW, OR IS NOT AUTHORIZED BY LAW

3.) NEWLY DISCOVERED MATERIAL FACTS EXIST WHICH REQUIRES THE CONVICTION OR SENTENCE BE VACATED BY THE COURT

4.) DENIAL OF 6TH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

5.) TRIAL COURT ABUSED THEIR DISCRETION BY DENYING RULE 32 PETITION WITHOUT GRANTING RELIEF OR ORDERING EVIDENTIARY HEARING.

K. SIGNATURE:

JANUARY 17, 2004
Date

X Kourtnee Greenwood
Signature of Attorney/Party Filing this Form

ACR371

**ALABAMA JUDICIAL DATA CENT.**
**NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS**
**BY THE TRIAL COURT CLERK**
IN THE CIRCUIT COURT   OF MONTGOMERY COUNTY
STATE OF ALABAMA VS GREENWOOD KOURTNEY SOVERN JUDGE: TRUMAN M HOBBS

**143**

---

APPEAL DATE: 01/17/2004

INDIGENCY STATUS:
    GRANTED INDIGENCY STATUS AT TRIAL COURT:        __X__ YES    ____ NO
    APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:   ____ YES    _X_ NO
    INDIGENT STATUS REVOKED ON APPEAL:               ____ YES    _X_ NO
    INDIGENT STATUS GRANTED ON APPEAL:               __X__ YES    ____ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

---

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 03/CC 2002 000909.60

ORDER ENTERED(DATE): 01132004 PETITION: __DISMISSED  X DENIED  __GRANTED

---

POST-JUDGMENT MOTIONS FILED:     DT FILED        DT DENIED       CON BY AGREE
    ___ MOTION FOR NEW TRIAL      _____       _____       _____
    ___ MOTION FOR JUDG. OF ACQUIT _____      _____       _____
    ___ MOTION TO W/D GUILTY PLEA  _____      _____       _____
    ___ MOTION FOR ATTY TO W/DRAW  _____      _____       _____
    ___ OTHER _____     _____      _____       _____

COURT REPORTER(S):                N/A
ADDRESS:

APPELLATE COUNSEL #1:             PRO SE
ADDRESS:
                                                       ,      00000
PHONE NUMBER:                     000-000-0000

APPELLATE COUNSEL #2:             _____
ADDRESS:                          _____
                                  _____
PHONE NUMBER:                     _____

APPELLANT (PRO SE):               GREENWOOD KOURTNEY SOVERN
ADDRESS:                          W.E.D.C.F. #179810
                                  BESSEMER    ,  AL  350230000
AIS #:                            179810

APPELLEE (IF CITY APPEAL):        _____
ADDRESS:                          _____

---

I CERTIFY THAT THE INFORMATION PROVIDED          CREATOR: DBH
ABOVE IS ACCURATE TO THE BEST OF MY              PREPARED: 01/23/2004
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO      *Melissa Rithron*
THIS ACTION ON THIS 23rd DAY OF Jan ,04       CIRCUIT COURT CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARAP-14    Rev. 11/91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br><br>_____ |
|---|---|---|

| TO: THE CLERK OF<br>    THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL: 01 / 17 / 04 |
|---|---|

**APPELLANT**  Kourtney S. Greenwood

**v.   STATE OF ALABAMA**

---

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of _____ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ___1st___ day of ___March___, 2004.

_____Melissa Rittenaur_____
Circuit Clerk