CRIMINAL APPEALS NO. ___CR-03-0633___  63319

4/1

# IN THE COURT OF CRIMINAL APPEALS OF ALABAMA

Hayed

### KOURTNEE GREENWOOD
APPELLANT

VS.

### STATE OF ALABAMA
APPELLEE

ON APPEAL FROM MONTGOMERY COUNTY
CIRCUIT COURT # CC 2002-909.60

# "BRIEF OF APPELLANT"

KOURTNEE GREENWOOD,
pro se APPELLANT
#179810 / B-DORM
100 WARRIOR LANE
BESSEMER, AL 35023-7299


STATE'S EXHIBIT 5

## STATEMENT REGARDING ORAL ARGUMENT

PETITIONER AVERS THE MATTER CONTAINED HEREIN TO BE FULLY SUPPORTED BY THE RECORD. ORAL ARGUMENT IS NOT REQUESTED.

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . P. i

TABLE OF CONTENTS . . . . . . . . . . . . . . . P. ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . P. iii

STATEMENT OF THE CASE AND FACTS . . . . . . . . P. 1

STATEMENT OF THE ISSUES . . . . . . . . . . . P. 4

STATEMENT OF THE STANDARD OF REVIEW . . . P. 5

SUMMARY OF THE ARGUMENT . . . . . . . . . . P. 6

ARGUMENT . . . . . . . . . . . . . . . . . . P. 7

CONCLUSION . . . . . . . . . . . . . . . . . P. 24

APPENDIX . . . . . . . . . . . . . . . . . P. 25

CERTIFICATE OF SERVICE . . . . . . . . . . . P. 26

## TABLE OF AUTHORITIES

CRISP V. DUCKWORTH , 743 F. 2d 580, 584 (7TH Cir.) 1984... P. 22

DANIEL V. THIGPEN , 742 F. Supp. 1535 (m:d. Ala.) 1990 . . . . . P. 24

EX PARTE WHITE , 792 So. 2d 1097, 1098 (Ala. 2001) . . . . . , P. 16

RULE 32.1 (e)(1) , A.R.Cr.P. , . . . , . , . , . , . , . . . P. 8

RULE 32.7 (b) , A.R.Cr.P. , . . . , . , . , . , . , . . . P. 16

RULE 32.9 (a) , A.R.Cr.P. , . . . , . , . , . , . , . , . . P. 11

SANDERS V. STATE , 392 So. 2d 1280 (Ala. Cr. App. 1980) . . . P. 8

STRICKLAND V. WASHINGTON , 466 U.S. 668 , 104 S. Ct. 2052
80 L. Ed. 2d 674 (1984) . . . , . , . , . , . , . , . , . . P. 17

U.S. V. CHILDS , 571 F. 2d 315 CA 5 (Ala.) 1978 . , . , . . . P. 21

U.S. V. LEE , 68 F. 3d 1267 CA 11 (Ala.) 1995 . , . , . , P. 7

VOUDRIE V. STATE , 387 So. 2d 248, 256 (Ala. Cr. App. 1980)..P. 8

## STATEMENT OF CASE AND FACTS

GREENWOOD WAS CONVICTED OF ROBBERY I, §13A-8-41, CODE OF ALABAMA 1975, IN CONNECTION WITH AN ALLEGED ROBBERY OCCURRING ON APRIL 9, 2002. (R 34, L 20). VICTIM COPELAND TESTIFIED THAT HE AND A THIRTEEN YEAR OLD MALE NAMED SERILLO WERE WALKING DOWN THE STREET BETWEEN 11 – 11:30 PM. (R 36, 37). TWO MEN, JAMAR BROWN AND AN AC-COMPLICE, CAME UP, AND BROWN POINTED A GUN AT COPELAND WHILE THE ACCOMPLICE HELD THE BOY. (R 42-44). COPELAND TESTIFIED HE WAS THEN ROBBED OF SEVERAL ITEMS INCLUDING A CELL PHONE AND WALLET. (R 51-52).

COPELAND IDENTIFIED GREENWOOD AS THE ACCOM-PLICE TO BROWN. (R 54, L 5-17). HOWEVER, COPELAND ALSO SAID GREENWOOD HAD "TWISTS" IN HIS HAIR. (R 50, L 2-20). COPELAND WAS THE ONLY WITNESS TO TESTIFY OF GREENWOOD'S ALLEGED INVOLVEMENT. DEFENSE COUNSEL PRESENTED FOUR WITNESSES WHO TESTIFIED OF GREENWOOD'S INNOCENCE: KIM GREENWOOD (R 101-102); DEVAN GREENWOOD (R 111); LAVAN HOWARD (R 121); AND GREENWOOD HIMSELF (R 140).

EVEN THOUGH BOTH THE STATE AND DEFENSE COUNSEL KNEW OF A SECOND EYE-WITNESS, SERILLO, HE WAS NOT SUBPOENAED. (R 87, R 90).

1

CODEFENDANT, JAMAR BROWN, RELAYED A MESSAGE TO DEFENSE COUNSEL, AND COUNSEL INTERVIEWED HIM. BROWN SAID GREENWOOD WAS NOT HIS ACCOMPLICE, THAT HE DID NOT KNOW HIM, AND HE WOULD TESTIFY TO THAT EFFECT AT TRIAL. (R 206). HOWEVER, AFTER BEING VISITED BY THE DISTRICT ATTORNEY, BROWN REFUSED TO TESTIFY FOR FEAR OF A POSSIBLE RETALIATION ON HIS UPCOMING SENTENCING. HE HAD EARLIER ARRANGED A PLEA AGREEMENT. (R 207, L 14-24); (C 37).

BROWN REFUSED TO TESTIFY, AND CONSEQUENTLY GREENWOOD WAS FOUND GUILTY ON OR ABOUT DECEMBER 11, 2003. (R 213, 19-22). ON OR ABOUT DECEMBER 12, 2003, BROWN WAS SENTENCED TO A 20 SPLIT 3 TERM. GREENWOOD RECEIVED "LIFE", EVEN THOUGH TESTIMONY SHOWED BROWN TO BE THE GUNMAN. (R 43, L 25; 44, L 1-3).

ON MARCH 18, 2003, BROWN SIGNED AN AFFIDAVIT IN PRESENCE OF A NOTARY, STATING THAT HE REFUSED TO TESTIFY AT TRIAL BUT NOW HE WAS COMING FORWARD WITH EVIDENCE AS TO GREENWOOD'S INNOCENCE. (C 36-39). THIS AFFIDAVIT FOUND ITS WAY TO GREENWOOD, WHO IMMEDIATELY STARTED PREPARING TO FILE A RULE 32 PETITION. SAID PETITION WAS DEPOSITED INTO THE PRISON MAILBOX ON SEPTEMBER 14, 2003. (C 13). GREENWOOD WILL TESTIFY HE DID NOT OBTAIN

THE AFFIDAVIT UNTIL AROUND MARCH 30, 2003.
THE RULE 32 PETITION WAS DENIED BY THE TRIAL
COURT ON JANUARY 13, 2004. (C 77). THIS APPEAL
FOLLOWED.

## STATEMENT OF THE ISSUES

I. THE TRIAL COURT ERRED AND ABUSED THEIR
DISCRETION BY DENYING RULE 32 PETITION WITHOUT
GRANTING RELIEF OR ORDERING AN EVIDENTIARY
HEARING . . . . . . . . . . . . . . . . . . P.

1.) DID NEWLY DISCOVERED FACTS EXIST WHICH REQUIRED
THE CONVICTION SHOULD HAVE BEEN VACATED BY THE
COURT . . . . . . . . . . . . . . . . . . P.

2.) WAS COUNSEL CONSTITUTIONALLY INEFFECTIVE,
AND IS A NEW TRIAL REQUIRED . . . . . . . P.

APPELLATE+
(1.) DEFENSE COUNSEL FAILED TO SUBPOENA A MAT-
ERIAL KEY WITNESS AND THUS VIOLATED PETITIONER'S
6TH AMENDMENT RIGHT TO BE CONFRONTED WITH
THE WITNESSES AGAINST HIM AND TO HAVE COM-
PULSORY PROCESS FOR OBTAINING WITNESSES IN
HIS FAVOR . . . . . . . . . . . . . . . . P.

APPELLATE+
(2.) DEFENSE COUNSEL FAILED TO OBJECT TO COURT'S
IMPROPER JURY INSTRUCTIONS . . . . . . . P.

4

## STATEMENT OF THE STANDARD OF REVIEW

THE STANDARD OF APPELLATE REVIEW FOR DETER-MINING THE PROPRIETY OF A RULE 32 PETITION IS ABUSE OF DISCRETION. GRADY V. STATE, 2001 WL 1149055, at *1 (Ala. Cr. App. Sept. 28, 2001).

## SUMMARY OF THE ARGUMENT

NEWLY DISCOVERED EVIDENCE EXISTS WHICH PROVES GREENWOOD TO BE INNOCENT OF THE CRIME FOR WHICH HE WAS CONVICTED AND ALLEGES PROSECUTORIAL MISCONDUCT IN INTIMIDATING A KEY WITNESS, FURTHER, TRIAL AND APPELLATE COUNSEL WERE INEFFECTIVE IN FAILING TO SUBPOENA KEY WITNESSES AND FAILING TO OBJECT AND CHALLENGE COURT'S ORAL CHARGE. FOR THE FOREGOING REASONS A NEW TRIAL IS REQUIRED.

## ARGUMENT

I. THE TRIAL COURT ERRED AND ABUSED THEIR DISCRETION BY DENYING RULE 32 PETITION WITHOUT GRANTING RELIEF OR ORDERING AN EVIDENTIARY HEARING

1.) DID NEWLY DISCOVERED FACTS EXIST WHICH REQUIRED THE CONVICTION SHOULD HAVE BEEN BE VACATED BY THE COURT? (C 24-26, 36-40)

THE ELEVENTH CIRCUIT HAS ESTABLISHED A FIVE-PRONG TEST FOR DETERMINING WHETHER OR NOT A DEFENDANT LIKE GREENWOOD IS ENTITLED TO A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE. IN U.S. V. LEE, 68 F.3d 1267 C.A. 11 (ALA.) 1995, THE COURT HELD:

" NEW TRIAL IS WARRANTED BASED UPON CIRCUMSTANCES COMING TO LIGHT AFTER TRIAL ONLY IF EACH ELEMENT OF FIVE-PART TEST IS SATISFIED: 1.) EVIDENCE WAS IN FACT DISCOVERED AFTER TRIAL; 2.) DEFENDANT EXERCISED DUE CARE TO DISCOVER THE EVIDENCE; 3.) THE EVIDENCE WAS NOT MERELY CUMULATIVE OR IMPEACHING; 4.) THE EVIDENCE WAS MATERIAL; AND 5.) THE EVIDENCE WAS OF SUCH A NATURE THAT NEW TRIAL WOULD PROBABLY PRODUCE DIFFERENT RESULT. "

7

IN ORDER TO PROPERLY REVIEW THE INSTANT CASE WE WILL LOOK AT EACH PRONG SEPARATELY.

(i.) <u>EVIDENCE WAS IN FACT DISCOVERED AFTER TRIAL</u>:

THE TRIAL COURT, IN DENYING GREENWOOD'S RULE 32 STATED "AT THE TIME OF TRIAL THE PETITIONER AND HIS ATTORNEY WERE AWARE OF CO-DEFENDANT JAMAR BROWN AND COULD HAVE CALLED HIM AS A WITNESS" (CC 76). THIS FIRST PRONG, WHICH PARA-LLELS RULE 32.1 (e)(i), <u>A.R.Cr.P.</u>, PRESUPPOSES THE <u>AVAILABILITY</u> OF SUCH EVIDENCE TO BE PRESENTED TO THE COURT DURING TRIAL. PREVIOUS DECISIONS OF THIS COURT SHOW THE EVIDENCE RELIED UPON MUST BE <u>AVAILABLE FOR USE DURING TRIAL</u>.

IN <u>SANDERS V. STATE</u>, 392 So.2d 1280 (Ala. Cr. App. 1980), THIS COURT RULED "MOTION FOR NEW TRIAL WAS PROPERLY DENIED, WHERE EXISTENCE OF 'NEWLY DIS-COVERED EVIDENCE' WAS FIRST DISCOVERED BY DE-FENDANT OR HER COUNSEL EARLY IN TRIAL WAS AVAILABLE FOR DEFENDANT'S USE IN <u>PRESENTATION OF HER CASE</u>." See Also <u>VOUDRIE V. STATE</u>, 387 So.2d 248, 256 (Ala. Cr. App. 1980).

THE RECORD REFLECTS THAT DEFENSE COUNSEL HARTLEY DID HAVE KNOWLEDGE OF BROWN'S TESTIMONY BEFORE TRIAL, (R 206, 1-21). BROWN INDICATED TO

HARTLEY THAT HE WOULD BE A WITNESS FOR DEFENSE AND TESTIFY THAT GREENWOOD DID NOT PARTICIPATE IN THE ROBBERY OFFENSE, AND, IN FACT THAT HE DID NOT KNOW GREENWOOD. HOWEVER, HARTLEY SAYS THAT AFTER HE INFORMED THE JUDGE'S OFFICE OF HIS INTENTION TO CALL BROWN AS A WITNESS, A LITTLE LATER IN THE DAY A COURT OFFICIAL INFORMED HIM THAT BROWN CHANGED HIS MIND AND REFUSED TO TESTIFY. (R 207, L 1-11). BROWN'S REFUSAL WAS BASED ON HIS ASSUMPTION THAT, SHOULD HE TESTIFY FOR DEFENSE, IT WOULD ADVERSELY AFFECT HIS OWN UP-COMING SENTENCING, AS HE HAD PREVIOUSLY ARRANGED A PLEA. (R 207, L 13-24).

IN BROWN'S AFFIDAVIT HE STATES: "D.A. PERKINS SAID, 'WE MEAN WITHOUT YOU TESTIFYING IN COURT FOR THIS GUY [GREENWOOD] WE HAVE A CASE ON HIM.'" (C 37). BROWN ALSO STATED THE D.A. TOLD HIM, "MR. JAMAR BROWN, YOU WORK WITH ME, I'LL WORK WITH YOU... I'LL SEE TO YOU GETTING [A] 20/3 S.A.P. AND RETURN FOR PROBATION... YOU DON'T HAVE TO WORRY 'BOUT NOTHING, I'M GOING TO TALK TO THE JUDGE." (C 37). FURTHER ADDING, "I'LL SEE YOU ON DECEMBER 12 [SENTENCING DATE] 'TIL THEN JUST REMEMBER WHAT I SAID."

ALTHOUGH WE ARE NOT GIVEN A TIME SEQUENCE FOR THESE TWO EVENTS, IT IS A REASONABLE

ASSUMPTION THAT D.A. PERKINS WENT TO SEE BROWN AFTER LEARNING OF DEFENSE COUNSEL'S INTENTION TO CALL HIM AS A WITNESS. BROWN'S AFFIDAVIT SHOWS THAT PERKINS AND SOME "WHITE GUY" CAME TO SEE HIM BEFORE GREENWOOD'S LAWYER, HARTLEY, AND PERKINS MET WITH HIM TOGETHER. THUS, IT IS ON THE VISIT WITHOUT GREENWOOD'S ATTORNEY THAT THE D.A. PERKINS TOLD BROWN "WITHOUT YOU TESTIFYING IN COURT FOR THIS GUY [GREENWOOD] WE HAVE A CASE ON [HIM] ... I'LL SEE TO YOU GETTING [A] 20/3, [SUBSTANCE ABUSE PROGRAM] AND RETURN OR PROBATION... I'LL SEE YOU [IN COURT] ON THE 12TH OF DECEMBER TILL THEN JUST REMEMBER WHAT I SAID." (C 37).

AS ALLEGED IN GREENWOOD'S RULE 32 PETITION, HERE WE HAVE NEW EVIDENCE OF NOT ONLY GREEN-WOOD'S INNOCENCE, BUT OF PROSECUTORIAL MISCON-DUCT IN INTIMIDATING A KEY WITNESS. THESE ACTIONS BY THE D.A. VIOLATED GREENWOOD'S 14TH AMENDMENT RIGHT TO DUE PROCESS AND 6TH AMENDMENT RIGHT TO HAVE COMPULSORY PROCESS FOR OBTAINING WIT-NESSES IN HIS FAVOR.

THE TRIAL COURT IS IN ERROR FOR DENYING THE PETITION BECAUSE: 1.) BROWN'S TESTIMONY WAS NOT AVAILABLE FOR USE AT TRIAL ; AND 2.) THERE IS NOTHING IN THE RECORD TO SHOW

10

THAT THERE WAS EVIDENCE KNOWN OF THE D.A.'S INTIMIDATION OF BROWN, WHETHER OR NOT THE INTIMIDATION WAS REAL OR PERCEIVED, BROWN UNDERSTOOD IT TO BE A THREAT AND REFUSED TO TESTIFY. THESE FACTS DID NOT BECOME AVAILABLE FOR USE TILL AFTER MARCH 18, 2003, THE DATE THE AFFIDAVIT WAS SIGNED. (C 39).

RULE 32.9 (a), A.R.Cr.P., REQUIRES AN EVIDENTIARY HEARING WHEN THERE ARE DISPUTED ISSUES OF MATERIAL FACT. THE TRIAL COURT SHOULD HAVE HELD A HEARING WITH GREENWOOD ABLE TO SUBPOENA JAMAR BROWN CONCERNING THIS GRAVE MISCARRIAGE OF JUSTICE.

(2.) DEFENDANT EXERCISED DUE CARE TO DISCOVER THE EVIDENCE:

GREENWOOD WENT TO TRIAL ON DECEMBER 10, 2002, SUBSEQUENTLY BEING CONVICTED AND SENT TO PRISON. JAMAR BROWN WAS SENTENCED ON OR ABOUT DECEMBER 12, 2002, ALSO BEING SENT TO PRISON. GREENWOOD AND BROWN ARE HOUSED IN TWO DIFFERENT CORRECTIONAL FACILITIES. AS SUCH, THE ALABAMA DEPARTMENT OF CORRECTIONS PROHIBITS COMMUNICATION BETWEEN

11

INMATES IN SEPARATE FACILITIES. EVEN SO, BROWN MANAGED TO GET THE AFFIDAVIT INTO GREENWOOD'S HANDS AS SOON AS POSSIBLE AFTER GREENWOOD'S TRIAL AND HIS OWN SENTENCING. BROWN WAITED UNTIL HE WAS CONFIDENT THE D.A. WOULD NOT BE ABLE TO TAKE BACK HIS SENTENCE. THE AFFIDAVIT IS NOTARIZED AND SIGNED ON MARCH 18, 2003. (C 39).

SINCE BROWN REFUSED TO TESTIFY DURING TRIAL OR SWEAR TO THE RELIED UPON EVIDENCE BEFORE THE ABOVE DATE, AND DUE TO THE FACT THAT BOTH BROWN AND GREENWOOD ARE INCARCERATED IN SEPARATE FACILITIES, THE EVIDENCE COULD NOT HAVE BEEN PRO- DUCED SOONER.

(3.) THE EVIDENCE WAS NOT MERELY CUMULATIVE OR IMPEACHING:

AS THE CO-DEFENDANT AND ADMITTED PARTICIPANT IN THE INSTANT OFFENSE, BROWN WAS IN THE UNIQUE POSITION TO IDENTIFY HIS ACCOMPLICE. NO OTHER WITNESS, WHO WAS AT THE SCENE OF THE CRIME, WAS PREPARED TO OFFER TESTIMONY TO THE EFFECT THAT GREENWOOD WAS NOT THE ACCOMPLICE. THUS, THE RELIED UPON EVIDENCE IS NOT CUMULATIVE TO FACTS THEN KNOWN.

**(4.) THE EVIDENCE WAS MATERIAL:**

IN JAMAR BROWN'S AFFIDAVIT IT IS CONTINUALLY STATED THAT GREENWOOD WAS NOT HIS ACCOMPLICE, THAT HE HAD NO PART IN THE OFFENSE, AND, IN FACT HE DID NOT KNOW GREENWOOD. SOME EXCERPTS ARE AS FOLLOWS:

"... THERE IS A GUY BY THE NAME OF KOURTNEY GREENWOOD WHO I SUPPOSEDLY HAVE AS A CO-DEFENDANT BUT I DON'T EVEN KNOW OF THAT GUY AND HE IS NOT THE PERSON THAT WAS EVEN PRESENT WITH ME AT THE TIME THIS INCIDENT TOOK PLACE." (C 36).

"... I DON'T EVEN KNOW [GREENWOOD] PROBABLY NEVER SEEN HIM BEFORE AND THAT HE WAS NOT THE GUY THAT WAS PRESENT WITH ME AT THE TIME I COMMITTED THESE CRIMES." (C 37-38).

"I JAMAR BROWN AM WILLING TO TESTIFY OR DO WHATEVER POSSIBLE RIGHT NOW TO NOT HAVE THAT INNOCENT MAN (GREENWOOD) PUNISHED FOR MY TROUBLE." (C 38-39).

THROUGHOUT THE ENTIRE ORDEAL GREENWOOD MAINTAINED HIS INNOCENCE. GREENWOOD SHOUTED

13

OUT DURING HIS TRIAL :

" MS. PERKINS (D.A.). MS. PERKINS, WHY DON'T YOU GO ON AND TELL THEM ... WHAT JAMAR BROWN TOLD YOU YESTERDAY? THAT DUDE TOLD YOU HE DIDN'T KNOW ME." (R 189, L 16-22).

" ... DON'T LIE, THIS IS MY LIFE ON THE LINE. AN INNOCENT MAN CAN GO TO PRISON FOR NOTHING." (R 190, L 6-7, 9-10).

FURTHER, ONLY ONE WITNESS IDENTIFIED GREEN-WOOD AS THE OFFENDER, VICTIM LARRY COPELAND. (R 67). ON THE OTHER HAND, DEFENSE PRESENTED SEVERAL WITNESSES TO SHOW GREENWOOD COULD NOT HAVE BEEN THE OFFENDER. COPELAND TESTI-FIED THE OFFENDER HAD "TWISTS" IN HIS HAIR ON APRIL 9TH, THE DATE OF OFFENSE. (R 50, L 2-20). DEFENSE PRESENTED THREE WITNESSES TO SHOW THAT GREENWOOD NEVER WORE HIS HAIR IN TWISTS, AND, IN FACT DID NOT HAVE HIS HAIR IN TWISTS ON APRIL 9TH: 1.) KIM GREENWOOD (R 101, L 4-12, R 102); DEVEN GREENWOOD (R 111, L 9-13, 16-25); 3.) LAVAN HOWARD (R 121, L 18-21).

DEFENSE ALSO PRESENTED EVIDENCE TO SHOW THAT, AT THE TIME OF OFFENSE, GREENWOOD WAS BABYSITTING HIS CHILDREN. (R 126, 127, 135).

14

FURTHER, GREENWOOD HIMSELF TESTIFIED HE DID NOT KNOW CODEFENDENT, JAMAR BROWN, THE VICTIM, COPELAND, NOR PARTICIPATE IN THE OFFENSE. (R 140, L 15-22).

BROWN'S NEWLY DISCLOSED TESTIMONY IS MATERIAL TO THIS CASE. IF THE JURY WOULD HAVE HEARD HIS TESTIMONY, AS A CODEFENDANT, THAT GREENWOOD HAD NO INVOLVEMENT IN THE OFFENSE, THERE IS A REASONABLE PROBABILITY THAT THE RESULT WOULD BE DIFFERENT. FOUR WITNESSES TESTIFIED THAT GREENWOOD WAS INNOCENT. ONLY ONE TESTIFIED OF HIS GUILT. JAMAR BROWN'S TESTIMONY COULD WELL BE THE FORCE TO SWING THE PENDULUM FROM "GUILTY" TO INNOCENT.

(5.) THE EVIDENCE WAS OF SUCH A NATURE THAT A NEW TRIAL WOULD PROBABLY PRODUCE DIFFERENT RESULT.

AS ALREADY SHOWN, BROWN'S TESTIMONY IS VERY PROBATIVE TO THIS CASE. IF GREENWOOD IS GRANTED A NEW TRIAL AND BROWN TESTIFIES TO HIS AFFIDAVIT, THERE IS A REASONABLE PROBABILITY OF A DIFFERENT RESULT.

BECAUSE THE TRIAL COURT MISAPPREHENDED THAT THE SUBSTANCE OF BROWN'S AFFIDAVIT WAS

AVAILABLE FOR USE TO PRESENT TO A JURY DURING TRIAL, AND BECAUSE GREENWOOD HAS HERETOFORE SHOWN THAT IT WAS NOT, SAID EVIDENCE SATISFIES THE FIVE-PRONG TEST OF LEE AND RULE 32.1(e), A.R.Cr.P. BASED ON SAME, THE CASE IS DUE TO BE REVERSED AND REMANDED BACK TO MONTGOMERY COUNTY FOR A NEW TRIAL.

2.) WAS COUNSEL CONSTITUTIONALLY INEFFECTIVE AND IS A NEW TRIAL REQUIRED?

GREENWOOD AMENDED HIS PETITION WITH THIS ISSUE ON DECEMBER 21, 2003 PURSUANT TO RULE 32.7(b), A.R.Cr.P. (C 113-121). JUDGMENT WAS ISSUED ON JANUARY 13, 2004. (C 77). THE TRIAL COURT FAILED TO RESPOND TO THIS ISSUE.

"WHEN THE FACTS ARE UNDISPUTED AND AN APPELLATE COURT IS PRESENTED WITH PURE QUESTIONS OF LAW, THAT COURT'S REVIEW IN A RULE 32 PROCEEDING IS DE NOVO." EX PARTE WHITE, 792 So.2d 1097, 1098 (Ala. 2001).

THE STATE DID NOT RESPOND IN ITS ANSWER (C 45-49), NOR DID THE COURT IN ITS ORDER DISMISSING THE RULE 32. (C 73-77). THEREFORE, GREENWOOD PRESENTS THE SAME ISSUE TO THIS COURT FOR REVIEW.

16

(1) APPELLATE+

DEFENSE COUNSEL FAILED TO SUBPOENA A MATERIAL WITNESS AND THUS VIOLATED PETITIONER'S 6TH AMENDMENT RIGHT TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM AND TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR.

THE STANDARD FOR CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL WAS SET OUT IN STRICKLAND V. WASHINGTON, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); A CLAIMANT MUST SHOW 1.) DEFICIENT PERFORMANCE OF COUNSEL, AND 2.) ABSENT SAID ERRORS THERE MUST BE A REASONABLE PROBABILITY OF DIFFERENT RESULTS.

ONLY ONE WITNESS IDENTIFIED GREENWOOD AS THE ROBBERY SUSPECT, THAT WAS LARRY COPELAND. HOWEVER, COPELAND'S TESTIMONY SHOWED THERE WAS ANOTHER PERSON, ANOTHER VICTIM TO THE ALLEGED OFFENSE. COPELAND TESTIFIED THAT HE WAS WITH A 13 YEAR OLD BOY NAMED SERILLO, AND IN FACT SERILLO WAS HELD BY GREENWOOD DURING THE ROBBERY. (R 67, L 18-24).

WHEN ASKED HOW LONG HE HAD KNOWN SERILLO, COPELAND SAID "8 OR 9 YEARS." HOWEVER, COPELAND ALSO SAID HE DID NOT KNOW SERILLO'S LAST NAME. (R 68, L 1-12); EVEN THOUGH SERILLO LIVES RIGHT DOWN THE STREET AND IS THE SON OF A FEMALE

17

FRIEND OF COPELAND. (R71, L16-23).

THE DETECTIVE WHO RESPONDED TO COPELAND'S PHONE CALL AFTER THE ALLEGED ROBBERY STATED COPELAND DID NOT GIVE HIM SERRILO'S NAME (R87, L17-19), EVEN THOUGH ADMITTING, AS A SECOND VICTIM TO THE ROBBERY, SERRILLO WOULD BE A VERY <u>IMPORTANT MATERIAL WITNESS.</u> (R87, L20 - R88, L1).

THE FACT THAT SERILLO WAS NOT SUBPOENAED BY THE STATE RAISED A RED FLAG WITH DEFENSE COUNSEL. COUNSEL QUESTIONED THE DETECTIVE WHO SAID, OTHER THAN COPELAND'S TESTIMONY, <u>THERE WAS NO EVIDENCE TO IMPLEMENT GREENWOOD IN THE CRIME.</u> (R90, L9-12).

DEFENSE COUNSEL WAS AWARE OF THE EXISTENCE OF A SECOND VICTIM, TWO MONTHS PRIOR TO TRIAL, AT GREENWOODS FIRST TRIAL, WHEN COPELAND TESTIFIED. (R55, L5-16 / R61, L8-13). COUNSEL SHOULD HAVE EXERCISED DILIGENCE AND SUBPOENAED SERILLO FOR TRIAL. SERILLO WAS THE ONLY OTHER EYE-WITNESS TO THE TRIAL, AND IN FACT GOT A BETTER LOOK AT THE SUSPECT THAN DID COPELAND.

COUNSEL SHOULD HAVE REALIZED AND ACTED UPON HIS INSTINCTS. COPELAND TESTIFIED HE HAD KNOWN SERILLO 8 OR 9 YEARS, KNEW SERILLO'S

1 - RESULTED IN A MISTRIAL

MOTHER, BUT DIDN'T KNOW HIS LAST NAME. COPE-
LAND ALSO WITHELD SERILLO'S IDENTITY FROM
THE POLICE.

DEFENSE PRESENTED PLENTY OF EVIDENCE TO
SHOW GREENWOOD WAS NOT THE ROBBER. COPE-
LAND TESTIFIED THE OFFENDER HAD "TWISTS" IN
HIS HAIR ON THE DATE OF OFFENSE, APRIL 9TH,
(R50, L2-20). DEFENSE PRESENTED THREE WIT-
NESSES TO SHOW THAT GREENWOOD NEVER WORE
HIS HAIR IN "TWISTS", AND IN FACT, DID NOT
HAVE HIS HAIR IN "TWISTS" ON APRIL 9TH:
1.) KIM GREENWOOD (R 101, L4-12 - R 102); 2.) DEVEN
GREENWOOD (R111, L9-13, L16-25); 3.) LAVAN HOWARD
(R 121, L18-21).

DEFENSE ALSO PRESENTED EVIDENCE TO SHOW
THAT AT THE TIME OF OFFENSE, GREENWOOD WAS
BABYSITTING HIS CHILDREN. (R126, L24-25; R 127, L1-8;
R 135, L 24 - R 136, L2).

GREENWOOD, HIMSELF, TESTIFIED HE DID NOT
KNOW CODEFENDANT, JAMAR BROWN OR THE VICTIM,
COPELAND. (R 140, L 15-22).

SERILLO IS THE ONLY PERSON THAT COULD
HAVE POSITIVELY TESTIFIED AS TO WHETHER OR
NOT GREENWOOD WAS IN FACT, THE ONE WHO

HELD HIM ON THE NIGHT IN QUESTION. THERE IS NOT A REASONABLE DEFENSE STRATEGY FOR COUNSELOR'S FAILURE TO PROCURE SERILLO'S TESTIMONY.

IN FACT, DURING CLOSING ARGUMENT, DEFENSE COUNSEL POSED THE THEORY THAT MAYBE COPELAND AND SERILLO WAS INTO ILLEGAL ACTIVITY THAT NIGHT, AND, THAT WAS WHY COPELAND WORKED SO HARD AT KEEPING SERILLO'S IDENTITY A SECRET, GOING EVEN SO FAR AS TO SAY "THAT'S [SERILLO] ONE OF THE WITNESSES WE NEED HERE..." (R168-R169 / R169, L8-9).

FURTHER, DEFENSE COUNSEL MENTIONED SERILLO'S ABSENCE IN HIS MOTION TO DISMISS, BUT STILL TOOK NO STEPS TO HAVE SERILLO SUBPOENAED. (R98, L8-15).

DEFENSE COUNSEL FURTHER FAILED TO SUBPOENA OR PRODUCE THE THREE CHILDREN GREENWOOD WAS BABYSITTING AT THE TIME THE ALLEGED ROBBERY WAS COMMITTED. (R126, L8-9 / R144, L13-25). THIER TESTIMONY COULD HAVE ADDED CORROBORATION TO HIS ASSERTION THAT HE DID NOT LEAVE THEM, AND, HENCE COULD NOT HAVE BEEN THE OFFENDER.

"IN REVIEWING THE PERFORMANCE OF COUN- SEL IN CONDUCTING A DEFENSE, THE COURT WILL

LOOK FOR SPECIFIC EXAMPLES OF COUNSEL'S CONDUCT WHICH RENDERED HIS DEFENSE OF ACCUSED LESS THAN REASONABLY EFFECTIVE UNDER THE TOTALITY OF THE CIRCUMSTANCES." U.S. V. CHILDS, 571 F.2d 315 C.A.5 (ALA.) 1978.

IN THIS CASE, SERRILO'S TESTIMONY WAS VERY IMPORTANT. HE WAS THE ONLY OTHER PERSON, BESIDES COPELAND, WHO COULD SAY FOR SURE WHAT HAPPENED ON THE NIGHT OF APRIL 9TH. ALSO, THE CHILDREN'S TESTIMONY, UNDER THE CIRCUMSTANCES, COULD HAVE PROVED GREENWOOD COULD NOT BE THE OFFENDER, AS HE WAS AT HOME WATCHING THEM.

THE TWO-PRONG TEST OF STRICKLAND HAS BEEN MET:

1.) DEFICIENT PERFORMANCE OF COUNSEL: FAILURE TO SUBPOENA OR PROCURE THE TESTIMONY OF SERILLO OR THE CHILDREN;

2.) ABSENT SAID ERROR, HAD SERILLO OR THE CHILDREN TESTIFIED THAT GREENWOOD WAS NOT THE OFFENDER IN QUESTION, AND WITH COPELAND THE ONLY WITNESS TO POSITIVELY IDENTIFY GREENWOOD, THERE IS A REASONABLE PROBABILITY THIS WOULD HAVE RAISED ENOUGH "REASONABLE DOUBT" IN THE MINDS

21

OF THE JURY FOR ACQUITTAL.

IN CRISP V. DUCKWORTH, 743 F.2d 580, 584 (7TH Cir. 1984), TRIAL COUNSEL WAS HELD TO BE INEFFECTIVE FOR FAILING TO PROCURE A WITNESS. IN REVERSING AND REMANDING THE COURT STATED, "TRIAL COUNSEL CANNOT STAND BEHIND THE SHIELD OF TRIAL STRATEGY FOR FAILURE TO INTERVIEW READILY AVAILABLE WITNESS WHOSE TESTIMONY WOULD HAVE BEEN NONCUMULATIVE AND POTENTIALLY AIDED THE DEFENSE."

IN THIS CASE, COPELAND TESTIFIED THAT SERILLO LIVED DOWN THE STREET FROM HIMSELF, THAT HE HAD KNOWN HIM 8 OR 9 YEARS, AND THAT HE WAS FRIENDS WITH THE MOTHER. LIKEWISE, THE CHILDREN GREENWOOD WAS BABYSITTING WERE ALSO EASY TO FIND AND READILY AVAILABLE. GREENWOOD, AN INNOCENT MAN, STANDS SERVING A LIFE SENTENCE BECAUSE OF THE LACK OF EFFECTIVE REPRESENTATION OF COUNSEL. THIS COURT MUST ACCORDINGLY REVERSE THE CONVICTION AND ORDER A NEW TRIAL, TO CORRECT THIS BLATANT MISCARRIAGE OF JUSTICE.

2.) APPELLATE DEFENSE COUNSEL FAILED TO OBJECT TO COURT'S IMPROPER JURY INSTRUCTIONS:

22

THE COURT INSTRUCTED THE JURY THAT THEY MUST ALL REACH THE SAME VERDICT, THAT THERE COULD BE NO SPLIT OR HUNG JURY.

"ALSO, BEFORE YOU REACH A VERDICT, ALL TWELVE OF YOU MUST REACH OR AGREE ON THE SAME VERDICT. IN OTHER WORDS, THERE CAN BE NO SPLIT VERDICT." (R 200, L 23-25). "IT MUST BE UNANIMOUS." (R 201, L 1).

THIS WAS CLEARLY IMPROPER INSTRUCTION. IT LEAD THE JURY TO BELIEVE THAT IF ONE, OR SEVERAL, OF THEM WERE NOT CONVINCED BEYOND A REASONABLE DOUBT, THEY COULD NOT HOLD FAST TO THIER OWN DECISION BUT MUST GO WITH THE MAJORITY VIEW. THE COURT INSTRUCTED THEM THERE COULD BE NO SPLIT DECISION, WHEN IN FACT "HUNG JURIES" HAPPEN QUITE FREQUENTLY.

THE 14TH AMENDMENT OF THE U.S. CONSTITUTION AFFORDS A DEFENDANT LIKE GREENWOOD A RIGHT TO DUE PROCESS AND EQUAL PROTECTION OF THE LAW. THAT INCLUDES THE RIGHT OF EACH INDIVIDUAL JUROR TO DECIDE INDIVIDUALLY, IF A PERSON IS GUILTY OR INNOCENT, WITHOUT PRESSURE FROM THE COURT THAT THE VERDICT MUST BE UNANIMOUS, AND THAT THEY COULD NOT RETURN AS A HUNG JURY.

23

IN DANIEL V. THIGPEN, 742 F. Supp. 1535 (Mid. Ala.) 1990, TRIAL COUNSEL WAS HELD INEFFECTIVE AND A NEW TRIAL WAS REQUIRED FOR FAILURE TO OBJECT TO THE JURY CHARGE.

HAD COUNSEL OBJECTED, THE COURT COULD HAVE CORRECTED THE ORAL CHARGE AND TOLD THE JURORS TO DECIDE, INDIVIDUALLY AND COLLECTIVELY, THE GUILT OR INNOCENCE OF GREENWOOD 'THUS, THERE IS A REASONABLE PROBABILITY, ABSENT THE IMPROPER CHARGE, GREENWOOD WOULD HAVE BEEN ACQUITTED OR THE JURY HUNG, THUS GUARANTEEING DIFFERENT RESULTS.

## CONCLUSION

FOR THE FOREGOING REASONS, THIS CASE IS DUE TO BE REVERSED AND REMANDED BACK TO THE MONTGOMERY COUNTY CIRCUIT COURT FOR A NEW TRIAL;

DONE THIS 11TH DAY OF MARCH 2004.

RESPECTFULLY SUBMITTED,

_Kourtnee Greenwood_

KOURTNEE GREENWOOD, pro se APPELLANT

24

## APPENDIX

ADVERSE RULINGS:

ON JANUARY 13, 2004 THE INSTANT RULE 32 PETITION WAS DENIED BY THE COURT. (C 77).

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY THAT ON THIS DATE I HAVE SERVED A COPY OF THE FOREGOING BRIEF TO THE PARTIES LISTED BELOW BY PLACING SAME IN THE U.S. MAIL, POSTAGE PAID AND ADDRESSED AS FOLLOWS.

CLERK, ALA. COURT OF CRIMINAL APPEALS
300 DEXTER AVE. / P.O. BOX 301555
MONTGOMERY, AL 36130-1555

ATTORNEY GENERAL OF ALABAMA
CRIMINAL APPEALS DIVISION
ALABAMA STATE HOUSE
11 SOUTH UNION STREET
MONTGOMERY, AL 36130

DONE THIS 11TH DAY OF MARCH 2004.

RESPECTFULLY SUBMITTED,

KOURTNEE GREENWOOD, pro se

26