No. CR-03-0633

*In the COURT of CRIMINAL APPEALS of ALABAMA*

——————————◆——————————

KOURTNEY SOVERN GREENWOOD,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

——————————◆——————————

*On Appeal From the Circuit Court of Montgomery County (CC-02-909.60)*

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

Andy S. Poole
*Assistant Attorney General*

Kristi Deason Hagood
*Deputy Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7300*

April 6, 2004


STATE'S
EXHIBIT
1
PENGAD 800-631-6989

## STATEMENT REGARDING ORAL ARGUMENT

The State does not view oral argument as necessary in this case because the issues raised are not complicated and they have been thoroughly briefed.

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT......................... i

TABLE OF CONTENTS........................................ ii

TABLE OF AUTHORITIES..................................... iv

STATEMENT OF THE CASE AND FACTS........................... 1

ISSUES PRESENTED FOR REVIEW.............................. 5

STANDARD OF REVIEW...................................... 6

SUMMARY OF THE ARGUMENT................................. 6

ARGUMENT................................................ 8

    I.    The Trial Court Did Not Abuse Its Discretion By
Denying Greenwood's Claim That Newly Discovered Evidence
Proved His Alleged Innocence. .......................... 8

    II.  The Trial Court Properly Denied Greenwood's Claims
Of Ineffective Assistance Of Trial And Appellate
Counsel. .............................................. 14

        A.    The trial court did not abuse its discretion by
not considering claims contained in an amended petition
that were known at the time Greenwood filed his original
petition. ............................................. 15

        B.    Greenwood's claims of ineffective assistance of
trial counsel were due for summary dismissal because
he failed to allege the facts necessary to entitle
him to relief on these claims. ........................ 20

1.   Greenwood's claim that his counsel was ineffective for failing to subpoena certain witnesses was due for summary dismissal because he failed to allege the facts necessary to entitle him to relief.............. 23

2.   Greenwood's allegation that his trial counsel was ineffective for failing to challenge a jury instruction was without merit as a matter of law..... 26

III.   The Trial Court Did Not Abuse Its Discretion By Denying Greenwood's Petition Without First Conducting An Evidentiary Hearing. ................................ 28

CONCLUSION........................................... 30

CERTIFICATE OF SERVICE................................ 31

iii

## TABLE OF AUTHORITIES

**Cases**

Boyd v. State, CR-02-0037, 2003 WL 22220330 (Ala.
  Crim. App. Sept. 26, 2003) ....................... 17, 29

Callahan v. State, 767 So. 2d 380 (Ala. Crim. App.
  1999) ............................................. 27

DeBruce v. State, CR-99-1619, 2003 WL 22846752 (Ala.
  Crim. App. Dec. 2, 2003) .......................... 23

Deramus v. State, 721 So. 2d 239 (Ala. Crim. App.
  1997) ............................................. 27

Dobyne v. State, 805 So. 2d 733 (Ala. Crim. App.
  2000) ............................................. 20

Ex parte Boatwright, 471 So. 2d 1257 (Ala. 1985) ......... 29

Ex parte Madison, 718 So. 2d 104 (Ala. 1998) ............ 27

Kaska v. State, 740 So. 2d 475 (Ala. Crim. App. 1998) .... 19

Marks v. State, 575 So. 2d 611 (Ala. Crim. App. 1990) .... 10

Morrison v. State, 551 So. 2d 435 (Ala. Crim. App.
  1989) ............................................. 22

Oliver v. State, 435 So. 2d 207 (Ala. Crim. App. 1983) ... 24

Payne v. State, 791 So. 2d 383 (Ala. Crim. App.
  1999) ........................................... 9, 21

Rhone v. State, CR-02-0493, 2004 WL 178613 (Ala. Crim.
  App. Jan. 30, 2004) ............................... 17

<u>Scott v. City of Guntersville</u>, 612 So. 2d 1273 (Ala.
   Crim. App. 1992) ........................................... 27

<u>Strickland v. Washington</u>, 466 U.S. 668 (1984) ........... 20

<u>U.S. v. Metz</u>, 652 F.2d 478 (5th Cir. 1981) .............. 10

<u>Whitehead v. State</u>, 593 So. 2d 126 (Ala. Crim. App.
   1991) .................................................. 17

**Rules**

ARCrP,

   32.1(e) ................................................. 9

   32.9(a) ................................................. 29

   32.7(b) ................................................. 15

   32.7(d) ................................................. 15

## STATEMENT OF THE CASE AND FACTS

This appeal arises from the denial of Kourtney Sovern Greenwood's ("Greenwood") Rule 32 Petition for post-conviction relief in the Circuit Court of Montgomery County, Alabama. Judge Truman M. Hobbs Jr. presided.

On July 19, 2002, the Montgomery County Grand Jury indicted Greenwood for one count of robbery in the first degree committed with a firearm. (TC. 5-6)[1] At the trial on December 10-11, 2002, the State presented the testimony of Larry Copeland, Jr. (TR. 35-52)[2] Copeland testified that he was walking in the area of Virginia Loop Road and Raintree Drive on April 8, 2002, at approximately 11:00 p.m., with a thirteen-year-old boy named Serillo. (TR. 35-38) Copeland testified that they encountered two men running towards them at a fast pace; one of the men pulled a gun, telling Copeland to "give it up" while the other physically restrained Serillo. (TR. 38-49) Copeland testified that, after the two robbers took his wallet, they walked away and left in a red S-10 truck. (TR. 47, 51-52)

---

[1] "TC" refers to the clerk's record from Greenwood's direct appeal record in Docket # CR-02-0634.
[2] "TR" refers to the trial record from Greenwood's direct appeal record in Docket # CR-02-0634.

Copeland testified that he called the police and gave a statement to Montgomery Police Detective N.T. Buce, where he described the second robber as a dark-skinned black male who wore "twists" in his hair. (TR. 50-52) Outside the presence of the jury, Detective Buce testified that Kourtney Greenwood and Jamar Brown became suspects because witnesses in a subsequent robbery identified them as the perpetrators and described the same red S-10 truck as their vehicle. (TR. 93-95) Detective Buce testified that Copeland later identified Kourtney Greenwood and Jamar Brown out of photographic line-ups; Copeland identified Greenwood as the robber who held Serillo and who wore "twists" in his hair. (TR. 80-84)

At trial, Greenwood presented testimony from family members and a former girlfriend that he never wore his hair in "twists." (TR. 100-137) Greenwood also presented the testimony of former girlfriend Lavon Howard, who testified that Greenwood was babysitting their children on the night of the robbery; however, Howard also testified that she had never told this to law enforcement. (R. 126-128) Greenwood also testified that he had never worn his hair in "twists," that he did not know Jamar Brown, and that he was

babysitting the night of the robbery. (TR. 138-146)  In

rebuttal, the State presented the testimony of Harold

Franklin. (TR. 147-153)  Franklin testified that he had

seen both Jamar Brown and Kourtney Greenwood together at

Trenholm Court housing project on March 30, 2002, and that

Greenwood was wearing "twists" in his hair at the time.

(TR. 148-149)

On December 11, 2002, the jury returned a verdict

finding Greenwood guilty of robbery in the first degree.

(TC. 2, 13; TR. 213)  Based on Greenwood's two prior felony

convictions, the trial court sentenced Greenwood to life in

prison. (TC. 3, 14-33)  The only issue Greenwood raised on

appeal was his claim that the evidence was insufficient to

support his conviction for robbery in the first degree.

The Alabama Court of Criminal Appeals affirmed Greenwood's

conviction, and issued a certificate of judgment on August

15, 2003.

On September 15, 2003, Greenwood filed his Rule 32

petition for post-conviction relief in the Montgomery

County Circuit Court. (C. 1, 7-40)  In this petition,

Greenwood alleged the following: that his sentence

exceeded the maximum because he was indicted for robbery in

3

the third degree rather than robbery in the first degree;
that the indictment was insufficient because it failed to
allege that Greenwood caused "serious physical injury";
that the trial court was without jurisdiction because he
was illegally arrested; that he was improperly sentenced
under the Habitual Felony Offender Act; and, that newly
discovered evidence proved that he was not guilty of
robbery in the first degree. (C. 10-26) In support of his
claim of newly discovered evidence, Greenwood presented the
affidavit of co-defendant Jamar Brown, which stated that
Jamar Brown did not know Greenwood and that Greenwood was
not involved in the robbery. (C. 36-39)

On September 29, 2003, the trial court ordered the
State to respond to Greenwood's Rule 32 petition. (C. 1,
41) On November 24, 2003, the State filed an "Answer and
Motion for Summary Dismissal." (C. 45-72) On December 1,
2003, Greenwood filed a motion requesting appointment of
counsel. (C. 84-88) On December 3, 2003, Greenwood filed
a motion for default alleging that the State waived its
ability to deny the claims in his petition because it was
late in filing its response. (C. 84-88)

4

On December 24, 2003, Greenwood filed an amended Rule
32 petition, alleging that his trial counsel was
ineffective for failing to subpoena a witness known as
"Serillo", for failing to subpoena the three children he
claimed to have been babysitting on the night of the
robbery, and for failing to object to the jury instruction
regarding unanimous verdicts. (C. 113-122)  On January 13,
2004, the trial court issued an order denying Greenwood's
Rule 32 petition for post-conviction relief. (C. 1, 135-
138)  On January 14, 2004, Greenwood filed a motion asking
the trial court to deny the State's motion for summary
dismissal and requesting an evidentiary hearing. (C. 123-
130)  On January 17, 2004, Greenwood filed notice of
appeal. (C. 1)

## ISSUES PRESENTED FOR REVIEW

1.    Did the trial court abuse its discretion by
denying Greenwood's claim of newly discovered evidence?

2.    Did the trial court abuse its discretion by
denying Greenwood's claims of ineffective assistance of
trial and appellate counsel?

5

3.    Did the trial court abuse its discretion by denying Greenwood's Rule 32 petition for post-conviction relief without first conducting an evidentiary hearing?

## STANDARD OF REVIEW

The standard for reviewing the trial court's denial of a Rule 32 petition is abuse of discretion. See Grady v. State, CR-00-2187, 831 So. 2d 646, 647 (Ala. Crim. App. 2001); Reed v. State, 748 So. 2d 231, 233 (Ala. Crim. App. 1999). The appellate court will not reverse the denial of a Rule 32 petition if the trial court was correct for any reason, even though it may not be the stated reason. Reed, 748 So. 2d at 233.

## SUMMARY OF THE ARGUMENT

Greenwood argues on appeal that the trial court erred by denying his claim of newly discovered evidence based on his assertion that co-defendant Jamar Brown was now prepared to testify in a manner that would exonerate him. The trial court did not abuse its discretion by denying

this claim because the evidence was neither "newly available" nor "newly discovered."

Greenwood argues on appeal that the trial court erred by not granting relief on his claims of ineffective assistance of trial and appellate counsel. These claims were only raised in an amended petition. The trial court did not abuse its discretion by not addressing the claim because petitioners do not have an absolute right to amend post-conviction petitions with new claims where they do not allege that the new claim was not known at the time of filing the original petition. Further, Greenwood did not preserve the issue for appellate review because he did not demand a ruling on these amended claims. Even so, the claims were due for summary dismissal because Greenwood failed to allege facts necessary to entitle him to relief.

The trial court did not abuse its discretion by denying the petition without first conducting an evidentiary hearing because the claims in the petition were due for summary dismissal. Alabama Rule of Criminal Procedure 32.9(a) states that a petitioner is not due an evidentiary hearing when the petition is summarily dismissed.

7

## ARGUMENT

**I.    The Trial Court Did Not Abuse Its Discretion By Denying Greenwood's Claim That Newly Discovered Evidence Proved His Alleged Innocence.**

Greenwood argues on appeal that the trial court abused its discretion by denying his claim that newly discovered evidence proved his innocence.  Specifically, Greenwood alleged in his Rule 32 petition for post-conviction relief that his co-defendant, Jamar Brown, was unavailable to testify at his trial because he had invoked his Fifth Amendment right not to incriminate himself.  (C. 24-26) Greenwood further alleged that Brown refused to testify because he was afraid the State would retaliate against him by recommending the judge sentence him more harshly pursuant to his previously-given guilty plea.  (C. 25) Greenwood alleged that Brown is now willing to testify on his behalf due to no longer being afraid that the State can change his sentence; that Brown would testify that the two of them did not know each other; and, that Greenwood was not with him at the time of the robbery.  (C. 24-26)  In support of this allegation, Greenwood attached an affidavit to his petition that he claimed to be from Jamar Brown. (C. 36-39)

8

Greenwood's claim that newly discovered evidence proves his innocence was properly dismissed, under Alabama Rule of Criminal Procedure 32.3, for failing to allege facts necessary to entitle him to relief.  Alabama Rule of Criminal Procedure 32.1(e) states that the following five elements must be proved to succeed on a claim of newly discovered evidence:

> (1) The facts relied upon were not known by the petitioner or the petitioner's counsel at the time of trial or sentencing or in time to file a posttrial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence;
> (2) The facts are not merely cumulative to other facts that were known;
> (3) The facts do not merely amount to impeachment evidence;
> (4) If the facts had been known at the time of trial or of sentencing, the result probably would have been different; and
> (5) The facts establish that the petitioner is innocent of the crime for which he was convicted or should not have received the sentence that the petitioner received.

See Payne v. State, 791 So. 2d 383, 398 (Ala. Crim. App. 1999)(holding that "because of the conjunctive 'and' between (4) and (5)," the petitioner must meet all five prerequisites of Rule 32.1(e).).

9

In his petition, Greenwood argued that this "newly available evidence" was "newly discovered evidence" even though he was aware of it at the time of his trial.  (C. 24-26)  This Court and the Fifth Circuit Court of Appeals has distinguished between evidence that is "newly available" and that which is "newly discovered" when a co-defendant comes forward after the trial with the willingness to testify that the defendant had nothing to do with the crime.  See Marks v. State, 575 So. 2d 611, 617 (Ala. Crim. App. 1990); U.S. v. Metz, 652 F.2d 478, 480 (5th Cir. 1981).  The Fifth Circuit stated that "newly available" evidence is not synonymous with "newly discovered" evidence and that "newly available" evidence does not automatically warrant the relief of a new trial. See Metz, 652 F.2d at 480.  The Court distinguished cases in which "newly available" evidence warranted a new trial as those cases where the evidence leading to conviction was weak or ambiguous.  See Id.  The Court further noted that "newly available" evidence, where an obviously guilty co-defendant tries to assume all of the guilt after the trial, must be viewed "in proper legal perspective" because it is not unusual for a co-defendant to do so when that co-

10

defendant no longer has anything to lose. See Id. at 480-481.

Further, in Marks, this Court found that the co-defendant's new willingness to exonerate the defendant was not "newly discovered" because the potential testimony was known before the trial. See Marks, 575 So. 2d at 617. In addition, this Court found that the co-defendant's testimony was not unavailable at the time of the trial because the co-defendant had pleaded guilty before the trial. See Id. at 618. Because the co-defendant was able to testify, the defendant could have compelled his testimony. See Id.

Applying this Court's holding in Marks to the case at bar, Greenwood's proffer of "newly available" evidence does not automatically necessitate a new trial because the evidence used to convict him was not weak or ambiguous. The State presented the eye-witness testimony of Larry Copeland, the robbery victim, to identify Greenwood as one of the two assailants who robbed him on the night of April 8, 2002. (TR. 35-52) Copeland testified that the two assailants left the scene in a red S-10 pick-up truck. (TR. 47, 51-52) The State presented the testimony of

11

Detective N.T. Buce, who stated that he developed Jamar
Brown and Kourtney Greenwood as suspects based on his
interview with Copeland. (TR. 79)  Outside the presence of
the jury, Detective Buce testified that he developed Brown
and Greenwood as suspects because of Copeland's statement
regarding the description of the robbers and the get-away
vehicle; Detective Buce explained that he was investigating
another robbery where the suspects used a red S-10 pick-up
truck and the victim of that robbery identified Brown and
Greenwood as the robbers. (TR. 93-95)  Detective Buce also
testified that Copeland identified Greenwood and Brown out
of two photo-lineups with people of similar physical
characteristics to Greenwood and Brown. (TR. 80-84)
Therefore, according to this Court's holding in Marks,
Greenwood is not automatically entitled to a new trial even
if the potential testimony is "newly available" because the
State's evidence was not ambiguous or weak.

Further, according to Greenwood's admission in his
post-conviction petition, Greenwood was aware of Brown's
potential testimony before the trial. (C. 24-26)  Thus,
according to this Court's holding in Marks, this potential
testimony was not newly discovered evidence. The trial

12

court cited this as being the reason for denying the claim of newly discovered evidence. (C. 138)  In addition, the affidavit purported to be from Jamar Brown stated that he pleaded guilty to the robbery on November 21, 2002.  (C. 36)  Because Brown had already pleaded guilty to the robbery before the trial on December 10-11, 2002, Brown was available to testify.  Therefore, according to this Court's holding in Marks, this potential testimony is not even "newly available."

In conclusion, this potential testimony of Jamar Brown is highly suspect because it is not unusual for a co-defendant to take all of the blame when they no longer have anything to lose.  See Metz, 652 F.2d at 480-481.  This potential testimony of Jamar Brown was not "newly discovered evidence" because, according to Greenwood's petition, he knew of it before trial.  (C. 24-26)  Further, this potential testimony of Jamar Brown was not "newly available" because Brown could have been compelled to testify due to the fact that he had already pleaded guilty to the offense.  (C. 36)  Therefore, Greenwood is not entitled to any relief on this claim because it is neither "newly discovered evidence" or "newly available evidence."

13

Thus, the trial court properly dismissed this claim under
Rule 32.3 because Greenwood failed to allege facts
necessary to entitle him to relief.

## II. The Trial Court Properly Denied Greenwood's Claims Of Ineffective Assistance Of Trial And Appellate Counsel.

Greenwood alleged ineffective assistance of trial and
appellate counsel in his amended Rule 32 petition for post-
conviction relief filed on December 24, 2003.  (C. 113-122)
Greenwood alleged that his trial and appellate counsel were
ineffective for failing to call certain witnesses to
testify at his trial and for failing to challenge an
allegedly improper jury instruction.  The trial court
denied Greenwood's Rule 32 petition on January 13, 2004,
without any mention of his claims of ineffective assistance
of trial and appellate counsel.  (C. 135-138)  The trial
court did not abuse its discretion by denying the petition
without addressing these issues because Greenwood was not
entitled to amend his petition with these claims.  Even so,
the issues were due to be dismissed because Greenwood
failed to allege the facts necessary to entitle him to
relief on these claims.

14

A.    The trial court did not abuse its discretion by
      not considering claims contained in an amended
      petition that were known at the time Greenwood
      filed his original petition.

Alabama Rule of Criminal Procedure 32.7(b) states that

"[a]mendments to pleadings may be permitted at any stage of

the proceedings prior to the entry of judgment" and Rule

32.7(d) states that "[l]eave to amend shall be freely

granted."  This Court has found that the trial court does

have discretion to refuse such an amendment in certain

circumstances, however:

> "'[T]he circuit court is within its discretion
> in refusing to consider [a petitioner's] motion to
> amend his [Rule 32] petition so long as
> disallowance of the amendment is "based upon some
> valid ground, such as actual prejudice or undue
> delay," Cochran v. State, 548 So.2d 1062, 1075
> (Ala. Cr. App.), cert. denied, 493 U.S. 900, 110
> S.Ct. 259, 107 L.Ed.2d 208 (1989). A court may
> refuse permission to amend where there is no
> showing of diligence or no showing that the
> underlying facts were unknown to the petitioner
> before filing his petition. Whitehead v. State,
> 593 So.2d 126 (Ala. Cr. App. 1991); Cochran.'"
> 845 So.2d at 832-33 (quoting Harper v. State, 676
> So.2d 949, 951 (Ala. Crim. App. 1995)). Accord
> Makres v. State, 739 So.2d 1141, 1142 (Ala. Crim.
> App. 1998); Neelley v. State, 642 So.2d 494, 497
> (Ala. Crim. App. 1993).
>     …
>     However, given that Rhone failed to meet his
> initial burden of showing diligence in filing the
> amendment or that the facts underlying the

amendment were unknown to him before filing his original petition, it is unnecessary to reach the question of whether the court's disallowance of the amendment was based upon valid grounds. "The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief." Rule 32.3, Ala.R.Crim.P. Because Rhone failed to meet this burden, the circuit court did not abuse its discretion by not addressing the claims in the amendment to Rhone's petition.

      ...

    The dissent's position, if adopted, would expand the scope of Rule 32.7(b) beyond that contemplated by the Alabama Supreme Court when it adopted Rule 32, Ala.R.Crim.P. Rule 32.7(b) provides: "Amendments to pleadings *may* be permitted at any stage of the proceedings prior to the entry of judgment." (Emphasis supplied.) Thus, the plain language of Rule 32.7(b) creates no absolute right to amend a petition, only a conditional right, left to the sound discretion of the circuit court.

      ...

    If this Court were to allow a petitioner the unfettered right to amend his Rule 32 petition--without first requiring any showing of diligence or a showing that the underlying facts were unknown to the petitioner before filing the petition--this Court would open a virtual Pandora's box. Such a decision would result in a flood of frivolous amendments to petitions, the consequence of which will be unnecessary delays in the resolution of meritorious claims, as well as the creation of yet more problems for an already overburdened and understaffed judicial system. There must be a point at which the claims presented to a court are sufficiently settled so as to allow a court to render a decision with some degree of finality.

See <u>Rhone v. State</u>, CR-02-0493, 2004 WL 178613, at *4-5

(Ala. Crim. App. Jan. 30, 2004); <u>see</u> <u>also</u> <u>Whitehead v.</u>

<u>State</u>, 593 So. 2d 126, 128-129 (Ala. Crim. App. 1991).

Therefore, although the Rules of Criminal Procedure

allow a petitioner to amend a petition before final

judgment is entered, the right to do so is not absolute and

the trial court has the discretion to refuse the amendment

where the petitioner has not alleged that the underlying

facts pertaining to the amendment were unknown to the

petitioner at the time of filing the original petition.

See <u>Id</u>. The trial court may refuse to rule upon the

amendment or even to mention the amendment in the order

denying the petition where the petitioner has not met this

initial burden of pleading the facts pertaining to why the

claim was not raised in the original petition.  See <u>Id</u>.

Furthermore, where the petitioner fails to invoke a ruling

on claims from an amended petition that the trial court did

not address in its order, the petitioner is barred from

raising the issues for the first time on appeal because the

issue is not properly preserved for appellate review.  <u>See</u>

<u>Boyd v. State</u>, CR-02-0037, 2003 WL 22220330, at *3-4 (Ala.

Crim. App. Sept. 26, 2003)(It is petitioner's

17

responsibility to invoke a ruling on newly amended claims where the trial court has failed to rule on them because these claims cannot be raised for the first time on appeal.).

Applying this ruling to the present case, these issues were not properly preserved for appellate review because Greenwood failed to seek a ruling on these issues. See Id. at *4 ("The general rules of preservation apply to Rule 32 proceedings."). Further, the trial court did not abuse its discretion by not considering the claims of ineffective assistance of trial and appellate counsel because Greenwood did not allege the facts necessary to show that he did not know the underlying facts of these claims at the time he filed the original petition. (C. 113-122) Issues regarding whether trial counsel should have called "Serillo," the other robbery victim, or the children Greenwood alleges to have been babysitting at the time of the robbery, were known to him before he filed his petition for post-conviction relief. Further, the facts pertaining to an alleged improper jury instruction would also have been known to Greenwood before he filed his original petition. Therefore, the trial court did not abuse its

18

discretion by refusing these amended claims because judicial economy necessitates that petitioners raise all known claims in one original petition. For the purpose of judicial economy and to avoid abuse of post-conviction relief procedures, the use of amended petitions should be limited to situations where a petitioner is offering a more specific statement of a previously raised claim or offering a claim that has become known since the filing of the original petition.

Because Greenwood did not preserve this issue for appellate review and because the trial court properly declined to consider the claims not contained in the original petition, the issues from the amended petition may not be addressed by this Court for the first time on appeal. Petitioners are precluded from raising issues for the first time on appeal from the denial of a Rule 32 petition when those issues were not raised before the trial court in the Rule 32 petition. See Kaska v. State, 740 So. 2d 475, 477 (Ala. Crim. App. 1998)("An appellate cannot raise issues on appeal from the denial of a Rule 32 petition that were not raised in the Rule 32 petition."). Therefore, Greenwood is not entitled to relief from this

19

Court on these issues of ineffective assistance of trial
and appellate counsel because these issues were not
properly raised in the trial court.

> **B.    Greenwood's claims of ineffective assistance of
> trial counsel were due for summary dismissal
> because he failed to allege the facts necessary to
> entitle him to relief on these claims.**

Greenwood argues he was entitled to relief for his
claims of ineffective assistance of trial and appellate
counsel.  In Strickland v. Washington, 466 U.S. 668 (1984),
the United States Supreme Court established a two-prong
test for determining whether trial counsel was ineffective.
First, the petitioner must prove that counsel's performance
was deficient, which requires a showing that counsel made
errors so serious that counsel was not functioning as
required by the Sixth Amendment right to counsel.  See 466
U.S. at 687.  Second, the petitioner must prove that the
deficient performance prejudiced the defense.  See Id.
Without both findings, a petitioner cannot prevail on a
claim of ineffective assistance of counsel.  See Dobyne v.
State, 805 So. 2d 733, 742 (Ala. Crim. App. 2000)(citing
Strickland v. Washington, 466 U.S. at 687).

. When evaluating allegations of counsel's deficient performance, it is an objective test of whether counsel's representation, "judged under 'prevailing professional norms,' was 'reasonable considering all of the circumstances." Dobyne v. State, 805 So. 2d 733, 742 (Ala. Crim. App. 2000)(quoting Strickland v. Washington, 466 U.S. at 688). The reviewing court must refrain from examining counsel's conduct in hindsight and, instead, consider counsel's actions "within the context of the facts of the particular case and as of the time of the alleged misconduct." Payne v. State, 791 So. 2d 383, 399-400 (Ala. Crim. App. 1999)(internal citations omitted). Accordingly, judicial scrutiny must be "highly deferential":

> Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

See Dobyne, 805 So. 2d at 743 (citing Strickland v. Washington, 466 U.S. at 689; Ex parte Lawley, 512 So. 2d 1370, 1372 (Ala. 1987)).

21

Even if the petitioner establishes that his counsel's performance was deficient, however, he is not entitled to relief unless he proves that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The United States Supreme Court has identified "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." See Id. Without a showing of both deficient performance and prejudicial outcome as a result of the deficient performance, the petitioner is not entitled to post-conviction relief. See Dobyne v. State, 805 So. 2d at 742.

The petitioner bears the burden of pleading and proving the facts necessary to prove the claim of ineffective assistance by a preponderance of the evidence. See Dobyne, 805 So. 2d at 743-744 (citing Fortenberry v. State, 659 So. 2d 194 (Ala. Crim. App. 1994). Claims of ineffective assistance of appellate counsel are also governed by the same two-part test of Strickland v. Washington. See Morrison v. State, 551 So. 2d 435, 446 (Ala. Crim. App. 1989); DeBruce v. State, CR-99-1619, 2003 WL 22846752, at

22

*7 (Ala. Crim. App. Dec. 2, 2003). For the reasons

discussed below, Greenwood's allegations of ineffective

assistance were due for summary dismissal because he failed

to allege the facts necessary to entitle him to relief.

> **1.  Greenwood's claim that his counsel was
> ineffective for failing to subpoena certain
> witnesses was due for summary dismissal
> because he failed to allege the facts
> necessary to entitle him to relief.**

Greenwood alleged that his trial and appellate counsel

were ineffective for failing to subpoena certain witnesses

to testify on his behalf. Specifically, Greenwood alleged

that the person with victim Larry Copeland during the

robbery, Serillo, should have been subpoenaed, and that

counsel should have subpoenaed the children who Greenwood

claimed to have been babysitting at the time of the

robbery.

In regard to claims that counsel is ineffective for

failing to subpoena certain witnesses, this Court has held

the following:

> "No ineffective representation results where
> trial counsel fails to call witnesses whose
> testimony would only be cumulative to evidence
> already in the record." Robinson v. State, 361
> So.2d 1172, 1175 (Ala. Cr. App. 1978); Lee v.

23

State, 349 So.2d 134 (Ala. Cr. App. 1977). The
decision not to call a particular witness is
usually a tactical decision not constituting
ineffective assistance of counsel. Goodman v.
State, 387 So.2d 862 (Ala. Cr. App.), cert.
denied, Ex parte Goodman, 387 So.2d 864 (Ala.
1980). "Defense counsel's failure to call certain
witnesses is not sufficient grounds for a Sixth
Amendment claim." United States v. Hughes, 635
F.2d 449, 453 (5th Cir. 1981). "This Court will
not second-guess tactical decisions of counsel in
deciding whether to call certain witnesses."
United States v. Long, 674 F.2d 848, 855 (11th
Cir.1982).

See Oliver v. State, 435 So. 2d 207, 208-209 (Ala. Crim.
App. 1983).

Greenwood alleges that Serillo should have been
subpoenaed by his counsel because the State did not call
him, and that Serillo could have rebutted Larry Copeland's
testimony identifying him as one of the robbers. (C. 114-
119) Greenwood further alleges that this was very
important because Copeland described him as wearing
"twists" in his hair and he presented testimony from
witnesses stating that he never wore his hair in this
style; however, the State did present a rebuttal witness
who testified that Greenwood was known to have worn his
hair in twists. (C. 114-119; TR. 100-137, 148-149) These
allegations of what Serillo may testify to are conclusory
statements, however, because Greenwood only states what

24

Serillo might have said instead of what he would actually testify. Further, as stated in this Court's holding in Oliver, counsel's decisions regarding whether to call certain witnesses are tactical decisions that do not constitute ineffective assistance of counsel. See Oliver, 435 So. 2d at 208-209.

Greenwood also alleged that counsel should have subpoenaed the children who he claims to have been babysitting at the time of the robbery for the purpose of proving an alibi. Defense counsel presented the testimony of Lavon Howard, Greenwood's former girlfriend, who testified that Greenwood was babysitting their children on the night of the robbery; however, Howard also testified that she had never told this to law enforcement. (TR. 126-128) Therefore, these witnesses would have been merely cumulative and, as stated in this Court's holding in Oliver, counsel is not ineffective for failing to present witnesses whose testimony is cumulative. See Oliver, 435 So. 2d at 208.

Therefore, these claims of ineffective assistance were subject to summary dismissal under Alabama Rule of Criminal Procedure 32.3 because Greenwood failed to meet his burden

25

of pleading the facts necessary to entitle him to relief.
See Dobyne, 805 So. 2d at 743-744 ("In a Rule 32
proceeding, the petitioner has 'the burden of pleading and
proving by a preponderance of the evidence the facts
necessary to entitle the petitioner to relief.'"").
Accordingly, the trial court did not abuse its discretion
in denying this claim.

> **2. Greenwood's allegation that his trial counsel
> was ineffective for failing to challenge a
> jury instruction was without merit as a matter
> of law.**

Greenwood alleges that the following jury instruction
was given and that trial and appellate counsel were
ineffective for failing to object to it:

> "Also, before you reach a verdict, all twelve
> of you must reach or agree on the same verdict.
> In other words, there can be no split verdict"
> (R. 200, L 23-25). "It must be unanimous."  (R.
> 201, L 1).

(C. 120)  Specifically, Greenwood argues that this
instruction was improper because it could give jurors the
impression that they must abandon their opinion to reach an
unanimous verdict to avoid a hung jury when hung juries do
occur.  (C. 120)  This claim is completely without merit as

26

a matter of law and, thus, this claim was due for summary dismissal.

The Constitution of Alabama of 1901 guarantees criminal defendants the right to a unanimous jury verdict. See Ex parte Madison, 718 So. 2d 104, 107, fn. 5 (Ala. 1998). Further, the United States Supreme Court has sanctioned the use of "Allen charges," where the trial court may strongly encourage the jury to reach a unanimous verdict after it has indicated that it is unable to do so. See Deramus v. State, 721 So. 2d 239, 242, fn. 2 (Ala. Crim. App. 1997)(citing Allen v. United States, 164 U.S. 492 (1896)). The trial court's instruction was, thus, a correct statement of law. As a correct statement of law, the trial court did not err in giving the jury this instruction. See Scott v. City of Guntersville, 612 So. 2d 1273, 1277 (Ala. Crim. App. 1992).

Trial and appellate counsel cannot be ineffective for failing to raise a claim that clearly has no merit. See Callahan v. State, 767 So. 2d 380, 388 (Ala. Crim. App. 1999)("Counsel cannot be said to be ineffective for not raising a claim this court has already found to be without merit."). Accordingly, this claim was subject to summary

dismissal for failure to state a claim upon which relief could be granted pursuant to Alabama Rule of Criminal Procedure 32.7(d). Thus, the trial court did not abuse its discretion by not considering this claim.

### III. The Trial Court Did Not Abuse Its Discretion By Denying Greenwood's Petition Without First Conducting An Evidentiary Hearing.

Greenwood argues on appeal that the trial court erred by denying his Rule 32 petition for post-conviction relief without first conducting an evidentiary hearing. This claim is completely without merit because Alabama Rule of Criminal Procedure 32.7(d) allows the trial court to summarily dismiss a Rule 32 petition without further proceedings where it finds "that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings…."

The Montgomery County Circuit Court dismissed Greenwood's Rule 32 petition based upon Rules 32.3 and 32.7(d) because he failed to allege the facts necessary to

28

warrant post-conviction relief.   (C. 135-138)   Alabama Rule

of Criminal Procedure 32.9(a) states that a petitioner is

not entitled to an evidentiary hearing when the trial court

summarily dismissed a Rule 32 petition.   See Ex parte

Boatwright, 471 So. 2d 1257, 1258-1259 (Ala.

1985)(Petitioner is not entitled to an evidentiary hearing

where the petition contains no facially meritorious

claims.); Boyd v. State, CR-02-0037, 2003 WL 22220330, at

*6 (Ala. Crim. App. Sept. 26, 2003)(Rule 32 petitioners are

not automatically entitled to an evidentiary hearing.).

Because the trial court acted properly in summarily

dismissing Greenwood's petition for the reasons stated

above, Greenwood was not entitled to an evidentiary

hearing.   Therefore, the trial court did not abuse its

discretion by summarily denying Greenwood's petition

without first conducting an evidentiary hearing.

## CONCLUSION

Based upon the foregoing, the State of Alabama respectfully requests this honorable Court affirm the Montgomery County Circuit Court's denial of Greenwood's Rule 32 petition for post-conviction relief.

Respectfully submitted,

Troy King
*Attorney General*

Andy S. Poole
*Assistant Attorney General*

Kristi Deason Hagood
*Deputy Attorney General**
Counsel of Record*

30

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>6th</u> day of April, 2004, I served a copy of the foregoing on the appellant, by placing said copy in the United States Mail, first class, postage prepaid and addressed as follows:

> Kourtney Greenwood
> AIS #179810/B-Dorm
> Donaldson Correctional Facility
> 100 Warrior Lane
> Bessemer, Alabama  35023-7299

Kristi Deason Hagood
*Deputy Attorney General*\*

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130
(334) 242-7408
143302