COURT OF APPEALS # CR-03-0633

Hagood
63319

# IN THE ALABAMA COURT OF CRIMINAL APPEALS

### KOURTNEE GREENWOOD
Appellant

VS.

### STATE OF ALABAMA
Appellee

On appeal from Montgomery County
Circuit Court # CC-02-909.60

## "REPLY BRIEF OF THE APPELLANT"

KOURTNEE GREENWOOD, pro se
Appellant
# 179810/B-68
100 WARRIOR LANE
BESSEMER, AL 35023-7299



STATE'S EXHIBIT 4

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . P. i
TABLE OF AUTHORITIES . . . . . . P. ii
SUMMARY OF ARGUMENT . . . . . . P. 1
ARGUMENT . . . . . . . P. 2
CERTIFICATE OF SERVICE . . . . . P. 14

# TABLE OF AUTHORITIES

BULLARD V. STATE, CR-03-0280, (Ala. Cr. App. March 26, 2004) . . . . . . . . P. 10

DAVIS V. ALASKA, U.S. 308, 39 L.Ed 2d 347 at 353, 94 S.Ct. 1105 (1974) . . . . . . . P. 11

MARKS V. STATE, 575 So.2d 611 (Ala. Cr. App. 1990) . . P. 1

MILES V. STATE, 845 So.2d 830 (Ala. Cr. App. 2001) . . P. 8

SAMPLES V. U.S., 121 F.2d 263 cert. denied 62 S.Ct. 129, 314 U.S. 662, 86 L.Ed 530 C.C.A.5. (Ala.) (1941) . . . P. 4

SWICEGOOD V. STATE, 646 So.2d 158 (Ala. Cr. App. 1993) . P. 4

U.S. V. MITCHELL, 216 F.3d 1126, 342 U.S. App. D.C. 283 C.A.D.C. (2000) . . . . . . . . P. 12

WALLACE V. STATE, 176 So.2d 310, 27 Ala. App. 545 (Ala. App. 1937) . . . . . . . . P. 4

CAGE V. LOUISIANA, 498 U.S. 39, 112 L.ed 2d 339, 111 S.Ct. 328 . P. 13

## SUMMARY OF THE ARGUMENT

The substance of Brown's affidavit, specifically allegations of prosecutorial intimidation or coercion to silence his testimony, is not the same evidence which could have been compelled at trial, hence it qualifies as "newly discovered" because it was not previously known; had Brown testified there is a reasonable probability of a different result, and the State failed to address this specific allegation.

The trial court should have addressed the more specific statement of facts concerning a denial of Greenwood's 6th Amendment right to obtain witnesses in an amended petition, and the trial court failed to give a valid ground for failing to address said issues in light of the fact that "leave to amend shall be freely granted."

Trial counsel and appellate counsel were constitutionally ineffective for failing to subpoena material witnesses which denied Greenwood the right to confront his accusers.

Based on same, the case is due to be remanded back to Montgomery County for that court to address the issues it has failed to address and/or a new trial is due.

1

## ARGUMENT

### I. IS GREENWOOD'S CLAIM OF NEWLY DISCOVERED EVIDENCE VALID?

The State argues that according to this Court's previous ruling in <u>Marks v. State</u>, 575 So.2d 611 (Ala. Cr. App. 1990) Greenwood's claim does not meet the requirements for new evidence as set out in Rule 32.1(e). Specifically they argue that defense counsel knew of codefendant Brown's testimony before trial and that counsel should have compelled him to testify.

In <u>Marks</u>, as in the instant, a codefendant came forward in an affidavit after the trial of the defendant. The codefendant chose not to testify at trial by invoking his 5th Amendment right. This Court determined that the substance of the codefendant's affidavit was not newly discovered because it was the same testimony he would have given during defendant's trial, and that because counsel did not compel his testimony, after learning he was refusing to testify for fear of screwing up his own plea negotiations, counsel could not later argue the same testimony was newly discovered. at 617-618.

However, Greenwood's case differs from <u>Marks</u> in that the substance of Brown's affidavit is not

2

the same testimony which Brown would have given or that defense counsel was aware of before trial. As argued in Greenwood's brief to this court which we will briefly recap here, in Brown's affidavit he alleges prosecutorial misconduct <u>in influencing him not to testify in Greenwood's defense</u>. (See Appellant's Brief, p. 8-11). Some comments Brown alleges District Attorney Perkins made to him are:

"We mean without you testifying in court for this guy (Greenwood) we have a case on him... you work with me, I'll work with you... you don't have to worry 'bout nothing, I'm going to talk to the judge... I'll see you on [the sentencing date], 'til then just remember what I said." (C 37).

This evidence of possible obstruction of justice was not known before trial or in time to be brought up on direct appeal. This evidence was not available until after March 18, 2003, the date Brown signed his affidavit. (C 39).[1]

"It is not necessary to enforcement of the statute defining the offense of corruptly endeavoring to influence a witness in a federal court that a witness is prevented from testifying by threats or force, but if a witness is

---

1 - Also see the letter from appellate counsel who interviewed Brown and was told of the same prosecutorial misconduct. (C 40).

3

CORRUPTLY PERSUADED TO ABSENT HIMSELF OR TO TESTIFY FALSELY, THE ACT IS VIOLATED, AND IT IS IMMATERIAL WHETHER HE WAS SUBPOENAED, IF HE INTENDED TO TESTIFY." 18 U.S.C. §1503, SAMPLES V. U.S., 121 F.2d 263, cert. denied, 62 S.Ct. 129, 314 U.S. 662, 86 L.Ed 530 C.C.A.5 (Ala.) 1941. "TO DISSUADE OR PREVENT WITNESS FROM ATTENDING OR TESTIFYING UPON TRIAL OF CAUSE ... IS AN INDICTABLE OFFENSE." WALLACE V. STATE, 176 So.2d 310, 27 Ala. App. 545 (Ala. App. 1937).

THE RECORD SHOWS THAT BROWN CONTACTED DEFENSE COUNSEL AND EXPRESSED HIS DESIRE TO BE A WITNESS FOR DEFENSE. IT WAS ONLY AFTER THE D.A. PERKINS VISITED BROWN, AFTER HIS OFFER TO TESTIFY, THAT BROWN THEN CHOSE TO INVOKE HIS 5TH AMENDMENT RIGHT. IT IS A REASONABLE ASSUMPTION THAT THE SUBSTANCE OF THEIR CONVERSATION WAS THE DIRECT CAUSE OF HIS REFUSAL TO GO THROUGH WITH HIS OFFER TO TESTIFY. (R 207, L 1-11, L 13-24).

THE STATE DID NOT ADDRESS THE PROSECUTORIAL MISCONDUCT ALLEGED IN BROWN'S AFFIDAVIT AND THE BRIEF OF APPELLANT. THUS UNREFUTED FACTS MUST BE TAKEN AS TRUE. SWICEGOOD V. STATE, 646 So.2d 158 (Ala. Cr. App. 1993). BECAUSE A POTENTIAL FELONY COULD HAVE OCCURRED HERE, THE CASE IS DUE TO BE REMANDED BACK TO MONTGOMERY COUNTY.

4

FURTHER, THE STATE ARGUES THAT EVEN IF BROWN WOULD HAVE TESTIFIED IT WOULD HAVE MADE LITTLE DIFFERENCE ON THE OUTCOME. SPECIFICALLY THEY ARGUE THAT THE STATE PRESENTED A WITNESS WHICH CLAIMED TO HAVE BEEN PREVIOUSLY ROBBED BY GREENWOOD AND BROWN. THIS, THEY CLAIM, WOULD HAVE DISCREDITED BROWN'S TESTIMONY THAT GREENWOOD WAS NOT HIS ACCOMPLICE IN THE INSTANT OFFENSE, AND, IN FACT, THAT HE DID NOT KNOW GREENWOOD AT ALL. HOWEVER, THIS REBUTTAL WITNESSE'S TESTIMONY IS EXTREMELY <u>INCONSISTENT AND SUSPECT</u>.

<u>FRANKLIN TESTIFIED HE KNEW GREENWOOD</u> (R147, L17-19); <u>BUT THAT HE DIDN'T KNOW BROWN RIGHT OFF</u> (R148, L 17-18). <u>THEN FRANKLIN STATED HE DID NOT KNOW GREENWOOD PERSONALLY</u>. (R 150-151). <u>FRANKLIN TESTIFIED THAT HE SAW BROWN AND GREENWOOD TOGETHER PRIOR TO THE INSTANT OFFENSE.</u> (R 150, L 6-9). FRANKLIN TESTIFIED THAT GREENWOOD AND BROWN HAD ROBBED HIM ON AN EARLIER DATE, AND DETECTIVE BUCE STATED HE GOT GREENWOOD'S NAME FROM A PHONE CALL PLACED BY FRANKLIN. (R94, L 11-15). HOWEVER, GREENWOOD WAS NOT INDICTED OR CONVICTED FOR SAID ALLEGED CRIME, WHICH LENDS TO THE CONCLUSION THAT, EVEN WITH A SUPPOSED EYE WITNESS IDENTIFICATION, THERE WAS INSUFFICIENT EVIDENCE TO PROVE GREENWOOD WAS THE ONE WITH BROWN ON THAT DAY.

FURTHER, FRANKLIN TESTIFIED THAT HE WAS A CONVICTED

5

FELON HAVING BEEN INDICTED FOR ROBBERY I, ALTHOUGH CONVICTED OF THE LESSER OFFENSE OF THEFT OF PROPERTY I. FRANKLIN ALSO TESTIFIED THAT THE PERSON WITH BROWN THAT DAY HAD "TWISTS" IN HIS HAIR. (R 149, L 1-8). IN THE INSTANT OFFENSE, COPELAND TESTIFIED BROWN'S ACCOMPLICE HAD "TWISTS" IN HIS HAIR TOO. (R 50, L 2-20). IN REBUTTAL GREENWOOD PRESENTED THREE (3) WITNESSES TO SHOW GREENWOOD NEVER WORE HIS HAIR IN "TWISTS". (R 101, 102, 111, 121). FURTHER, DEFENSE PRESENTED A PHOTO OF GREENWOOD TAKEN AROUND THE TIME OF OFFENSE, AND HIS HAIR WAS CLOSE-CROPPED AND NOT IN "TWISTS". (C 46).

IT IS ENTIRELY FEASIBLE THAT A MAN EXISTS WHO RESEMBLES GREENWOOD, YET WEARS HIS HAIR IN "TWISTS." THIS SAME MAN WAS BROWN'S ACCOMPLICE IN BOTH ROBBERIES. THIS IS A SIMPLE CASE OF MISTAKEN IDENTITY.

FURTHER, THE STATE ARGUES THAT IT IS NOT UNCOMMON FOR A CODEFENDANT TO COME FORWARD TO CLEAR A DEFENDANT WHEN THAT CODEFENDANT HAS NOTHING TO LOSE. HOWEVER, THE RECORD SHOWS BROWN INFORMED THE D.A. PERKINS THAT GREENWOOD WAS NOT HIS ACCOMPLICE <u>BEFORE HE ENTERED HIS PLEA OF GUILTY</u>. THUS, BROWN HAD NOT YET SECURED HIS PLEA DEAL AND HAD EVERYTHING TO LOSE. (R 59-60).

SO WE SEE THAT HAD IT NOT BEEN FOR THE ALLEGED

6

interference by D.A. Perkins, Brown would have testified at trial. Had the jury heard Brown's testimony it could have created enough reasonable doubt for them to acquit Greenwood.

In conclusion, because the evidence of possible prosecutorial misconduct was first brought to light in Brown's affidavit, and it does qualify as new evidence, and because Brown's testimony could have had an effect on the proceedings; the case is due to be remanded back to the circuit court for an evidentiary hearing; one in which Brown is called to testify concerning his allegations of intimidation by the prosecution in causing him not to testify. It was Greenwood's right to have Brown's testimony submitted to a jury, and given Brown's testimony in conjunction with all the other evidence, each juror must then be convinced beyond a reasonable doubt.

7

## II. SHOULD THE TRIAL COURT HAVE ADDRESSED THE ADDITIONAL FACTS IN AN AMENDMENT TO THE RULE 32 PETITION?

The State argues that the issue of ineffective trial and appellate counsel was due to be dismissed because a petitioner like Greenwood does not have an absolute right to amend his petition. They further argue that because Greenwood failed to invoke a ruling on said issues they are not preserved for review on appeal.

This court addressed a similar issue in <u>Miles v. State</u>, 845 So.2d 830 (Ala. Cr. App. 2001). While recognizing, "a court may refuse permission to amend where there is no showing of diligence or no showing that the underlying facts were unknown" before the filing of the initial petition; nonetheless this court ruled that the circuit court failed to show a <u>valid ground</u> for disallowing the amendments and that "leave to amend shall be freely granted." Based on same the cause was remanded back to the trial court for the court to address the amended issues. at 832-833.

Greenwood acted with due diligence concerning his amendment. Because Greenwood alleged the discovery of new evidence, he only had a 6 month

8

window wherin to prepare and file his Rule 32. See 32.2(c). Brown's affidavit was signed on March 18, 2003 (C 39); the petition was delivered to prison officials for mailing on September 14, 2003 (C 13), a mere four (4) days before the 6 month window expired. Because Greenwood had to rush to file on time, <u>the amendment was necessary to offer a more specific statement of a previously raised claim</u>. The amendment was mailed on December 21, 2003. (C 121).

Greenwood alleged denial of his 6th amendment right to confront and obtain witnesses in his initial petition. (C 24). In the amendment Greenwood made a more specific statement of that same ground (C 114). In the State's brief they state:

"The use of amended petitions should be limited to situations where a petitioner is offering a <u>more specific statement</u> of a previously raised claim..." (p. 19).

Thus because that is the situation here, and following this court's ruling in <u>Miles</u>, namely that the trial court failed to give a valid reason or ground in failing to address amended claims, this issue is due to be remanded back to Montgomery County for them to address the more specific facts

9

in Greenwood's amended petition. This is supported by a recent ruling of this court. In <u>Bullard v. State</u>, CR-03-0280 (Ala. Cr. App. March 26, 2004) this court ruled:

"Because the appellant's claims that the trial court improperly used two prior convictions... and that his trial counsel rendered ineffective assistance <u>could be meritorious</u>, the trial court erred in not addressing them." at 2-3.

Accordingly that case was remanded back to the trial court for an evidentiary hearing. In the instant case, the trial court is in the best position to review said claims of ineffective counsel.

### III. <u>Did Greenwood's claim of ineffective counsel fail on the merits?</u>

Without waiving the aforementioned allegation, and because the state addressed the merits in its brief, even though the trial court is in the best position to review the merits, Greenwood now replys to the state's claim.

The state alleges Greenwood failed to qualify for relief under <u>Strickland</u>. Greenwood adequately argued this in his brief to this court. (p. 17-22).

10

Greenwood argued that he had a constitutional right to confront his accusers. Copeland testified Greenwood restrained "Serillo" while Copeland was robbed by Brown. (R67, L18-24). As argued in the brief, Copeland was the only witness to identify Greenwood as the culprit the date of offense.

The U.S. Supreme Court's holding in <u>Davis v. Alaska</u>, U.S. 308, 39 L.Ed 2d 347 at 353, 94 S.Ct. 1105 (1974) shows this denial of right to be a reversible error.

"'... our cases construing the [confrontation] [clause] hold that a primary interest secured by it is the right of cross-examination...' 'The main and essential purpose of confrontation is to secure for the opponent the opportunity of cross-examination... The purpose of cross-examination, which <u>cannot be had except by the direct and personal putting of questions and obtaining immediate answers</u>...' Petitioner was thus denied the right of effective cross-examination which 'would be constitutional error of the first magnitude and <u>no amount of showing of want or prejudice would cure it.</u>'" at 355. (Citations omitted).

"The complete failure of counsel to investigate potentially corroborating witnesses can hardly be considered a tactical decision, but even if counsel's performance falls below prevailing

11

PROFESSIONAL NORMS, STRICKLAND REQUIRES THAT A DEFENDANT ESTABLISH PREJUDICE," U.S. V. MITCHELL, 216 F.3d 1126, 342 U.S. App. D.C. 283 C.A.D.C. (2000).

HERE, THE PREJUDICE IS EVIDENT, THERE WAS CONFLICTING EVIDENCE AT TRIAL; IT WAS GREENWOOD, IT WASN'T GREENWOOD, HIS HAIR HAD "TWISTS", HE NEVER WORE IT IN "TWISTS". THE SECOND EYE WITNESS, "SERILLO", COULD HAVE EXONERATED GREENWOOD OR POSITIVELY IDENTIFIED HIM TO COOROBORATE COPELAND'S TESTIMONY. THUS, COUNSEL'S FAILURE TO SUBPOENA SERILLO WAS A GRAVE CONSTITUTIONAL ERROR OF "THE FIRST MAGNITUDE." See DAVIS.

LIKEWISE, COUNSEL SHOULD HAVE COMPELLED THE TESTIMONY OF BROWN, EVEN THOUGH BROWN INVOKED HIS 5TH AMENDMENT RIGHT. SEE MARKS. FURTHER, AS ARGUED IN HIS BRIEF, COUNSEL SHOULD HAVE SUBPOENAED THE CHILDREN GREENWOOD WAS BABYSITTING AT THE TIME THE ALLEGED ROBBERY OCCURRED.

IN ACCORDANCE WITH THE U.S. SUPREME COURT'S HOLDING IN DAVIS, GREENWOOD'S COUNSELORS WERE CONSTITUTIONALLY INEFFECTIVE, AND A NEW TRIAL IS DUE.

IV. WAS COUNSEL INEFFECTIVE FOR FAILING TO CHALLENGE COURTS IMPROPER CHARGE?

12

HERE THE STATE ARGUES AN "ALLEN CHARGE" IS PROPER AFTER A JURY INDICATES IT CANNOT REACH A UNANIMOUS VERDICT; HOWEVER, GREENWOOD ARGUES THE CHARGE WAS IMPROPER BECAUSE THE "ALLEN CHARGE" WAS GIVEN[1] BEFORE THE JURY RETIRED TO BEGIN THEIR JOB OF DECIDING GUILT OR INNOCENCE.

## CONCLUSION

FOR THE FOREGOING REASONS THIS CAUSE IS DUE TO BE REMANDED BACK TO MONTGOMERY COUNTY FOR THAT COURT TO HOLD AN EVIDENTIARY HEARING TO ADDRESS THE CLAIMS IT HAS HERETOFORE FAILED TO ADDRESS, OR ANY OTHER RELIEF IT DEEMS APPROPRIATE.

DONE THIS __10__ DAY OF __April__ 2004.

RESPECTFULLY SUBMITTED,

*Kourtnee Greenwood*

KOURTNEE GREENWOOD, Pro se
Appellant

---

1 — THIS WAS CLEARLY MISLEADING TO THE JURY AND LED THEM TO BELIEVE THEY COULD NOT COME BACK UNDECIDED, EVEN THOUGH EACH JUROR WAS NOT CONVINCED BEYOND A REASONABLE DOUBT. See CAGE V. LOUISIANA, 498 U.S. 39, 112 L.ed 2d 339, 111 S. Ct. 328.

13

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY A COPY OF THE FOREGOING WAS SERVED ON THE RESPONDENTS BY PLACING SAME IN THE U.S. PRISON MAILBOX, POSTAGE PAID AND ADDRESSED AS FOLLOWS THIS SAME DAY.

ATTORNEY GENERAL OF ALABAMA
CRIMINAL APPEALS DIV.
ALABAMA STATE HOUSE
11 SOUTH UNION STREET
MONTGOMERY, AL 36130

DONE ON THIS 10 DAY OF April 2004.

_Kourtnee Greenwood_
KOURTNEE GREENWOOD, pro se
Appellant

14