CR- 03- 0633

# IN THE COURT OF CRIMINAL
# APPEALS OF ALABAMA

KOURTNEE SOVENSKY GREENWOOD

Appellant

VS.

STATE OF ALABAMA

Appellee

ON APPEAL FROM MONTGOMERY COUNTY CIRCUIT
COURT # CC 2002-909.60

# "APPLICATION FOR REHEARING
# AND BRIEF IN SUPPORT THEREOF"

KOURTNEE SOVENSKY GREENWOOD, pro se
# 179810 / B-DORM
100 WARRIOR LANE
BESSEMER, AL 35023-7299



PENGAD 800-631-6989

STATE'S
EXHIBIT
V

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................... P. i

APPLICATION FOR REHEARING ...................... P. ii

TABLE OF AUTHORITIES ............................... P. X

SUMMARY OF THE ARGUMENT ...................... P. 1

ARGUMENT ............................................... P. 3

CONCLUSION / CERTIFICATE OF SERVICE ......... P. 10

IN THE CRIMINAL COURT OF APPEALS OF ALABAMA

KOURTNEE SOVENSKY GREENWOOD,

APPELLANT,

VS.                                CASE # CR-03-0633

STATE OF ALABAMA,

APPELLEE.

## APPLICATION FOR REHEARING

COMES YOUR PETITIONER IN THE ABOVE STYLED CAUSE AND PURSUANT TO RULE 40, A.R.A.P., RESPECTFULLY REQUESTS THIS COURT TO GRANT A REHEARING. IN SUPPORT THEREOF GREENWOOD SHOWS THE FOLLOWING.

GREENWOOD ARGUES THIS COURT OVERLOOKED OR MIS-APPREHENDED THE FOLLOWING FACTS OR POINTS OF LAW:

i.) THIS COURT OVERLOOKED OR MISAPPREHENDED THE FACT THAT BROWN'S AFFIDAVIT WAS NOT EXECUTED IN TIME TO FILE A POST-TRIAL MOTION UNDER RULE 24, A.R.Cr.P., BECAUSE BROWN INTIMATED IN HIS AFFIDAVIT THAT THE PROSECUTOR HAD VISITED HIM AFTER LEARNING HE PLANNED TO BE A WITNESS FOR DEFENSE, AND THAT HE FEARED, FROM HER COMMENTS TO HIM (BROWN), THAT IF HE TESTIFIED IT WOULD AFFECT HIS OWN SENTENCING, (MEMORANDUM, P.4)

FURTHER, IT IS UNREASONABLE TO EXPECT BROWN TO BE

ii

WILLING TO WRITE AN AFFIDAVIT IMMEDIATELY, OR SHORTLY AFTER HIS OWN SENTENCING. HE HAD JUST BEEN INTIMIDATED BY THE PROSECUTOR, AND THERE WAS NO WAY HE COULD HAVE KNOWN SHE COULD NOT AFFECT HIS SENTENCE EVEN AFTER IT WAS PRONOUNCED.

2.) THIS COURT DID NOT ADDRESS THE ISSUE OF PROSECUTORIAL MISCONDUCT, BUT INSTEAD ADDRESSED THE MERITS OF THE SUBSTANCE OF BROWN'S TESTIMONY, HAD HE TESTIFIED. IN DOING SO THE COURT OVERLOOKED ITS PREVIOUS RULINGS SUCH AS THOMAS V. STATE, 418 So.2d 921 (Ala. Cr. App, 1981), WHICH SHOWS IT IS A VIOLATION OF AN ACCUSED'S DUE PROCESS RIGHTS FOR THE STATE TO INTIMIDATE A DEFENSE WITNESS INTO BELIEVING HE (THE WITNESS) WOULD BE DEALT WITH MORE HARSHLY AT HIS OWN SENTENCING IF HE SHOULD TESTIFY FOR DEFENSE. (memorandum, p.4)

3.) THIS COURT RULED BROWN'S TESTIMONY WOULD MERELY HAVE BEEN CUMULATIVE TO GREENWOOD'S OWN TESTIMONY AT TRIAL, THUS OF NO EFFECT TO THE GUILTY VERDICT. (memorandum, p.4) HOWEVER, THE ALABAMA SUPREME COURT'S RULING IN EX PARTE HEATON, 542 So.2d at 933 (Ala. 1989), SHOWS THAT EVEN IF THE NEW EVIDENCE IS CUMULATIVE, IF IT APPEARS FROM LOOKING AT THE ENTIRE RECORD THE OFFERED EVIDENCE COULD CHANGE THE RESULT — A NEW TRIAL SHOULD BE GRANTED.

HERE, BROWN'S TESTIMONY WOULD HAVE COORDOBORATED THE TESTIMONY OF FOUR OTHER DEFENSE WITNESSES THAT

GREENWOOD WAS NOT HIS ACCOMPLICE; AND, AS THE ADMITTED OFFENDER HIMSELF, BROWN'S OFFERED TESTIMONY HAD A REASONABLE PROBABILITY OF CHANGING THE TRIAL RESULT.

4.) THIS COURT RULED THAT GREENWOOD HAD NOT SHOWN COUNSEL COULD HAVE LOCATED "SERILLO", A KEY WITNESS AS GREENWOOD'S ACCUSER. HOWEVER, GREENWOOD ARGUED THAT COUNSEL WAS MADE AWARE OF SERILLO'S NAME AND WHEREABOUTS DURING THE FIRST TRIAL, WHICH RESULTED IN A MISTRIAL. OCT 30, 02: COUNSEL HAD AT LEAST TWO MONTHS TO FIND AND SUBPOENA SERILLO BEFORE THE SECOND TRIAL.

THE ALABAMA SUPREME COURT REVIEWED A SIMILAR CLAIM IN Ex parte GRAY, 791 So.2d 345 (Ala. 2000). IN THAT CASE THE APPELLANT ARGUED HIS COUNSEL WAS INEFFECTIVE FOR FAILING TO SUBPOENA THE WITNESS TO THE CRIME, WHO COULD HAVE REFUTED THE STATE'S ONLY EVIDENCE. THE COURT REVERSED THE DECISION OF THE APPELLATE COURT AND REMANDED THE CASE BACK TO THE CIRCUIT COURT FOR AN EVIDENTIARY HEARING.

5.) THAT THE ATTORNEY'S FAILURE TO SUBPOENA SERILLO ROBBED GREENWOOD OF HIS 6TH AMENDMENT RIGHT OF CONFRONTATION, AND THEREFORE GREENWOOD WAS NOT REQUIRED TO SHOW SERILLO'S TESTIMONY WOULD HAVE BEEN FAVORABLE TO DEFENSE.

THE U.S. SUPREME COURT RULED IN DAVIS V. ALASKA,

iv

U.S. 308, 39 L. Ed 2d 347 at 353, 94 S.Ct. 1105 (1974),

"THE SIXTH AMENDMENT TO THE CONSTITUTION GUARANTEES THE RIGHT OF AN ACCUSED IN A CRIMINAL PROSECUTION 'TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM.' ... OUR CASES CONSTRUING THE [CONFRONTATION] CLAUSE HOLD THAT A PRIMARY INTEREST SECURED BY IT IS THE RIGHT TO CROSS-EXAMINATION." (citations omitted, at 353)

HERE, TESTIMONY SHOWED GREENWOOD HELD SERILLO WHILE BROWN ROBBED COPELAND. THIS WAS COPELAND'S TESTIMONY. THE ONLY WAY GREENWOOD COULD HAVE REFUTED COPELAND'S TESTIMONY WAS BY CROSS-EXAMINING SERILLO. THE FACT THAT, AS THIS COURT CLAIMS, GREENWOOD HAS NOT SHOWN SERILLO'S TESTIMONY WOULD BE FAVORABLE DOES NOT AGREE WITH HIS 6TH AMENDMENT RIGHT TO GET SERILLO'S TEST-IMONY BY CROSS-EXAMINATION.

6.) THAT GREENWOOD DID IN FACT CITE TWO AUTHORITIES FOR COUNSEL'S FAILURE TO OBJECT TO THE JURY INSTRUCTION, THUS THIS COURT ERRED IN NOT ADDRESSING ITS MERITS

THIS COURT DECLINED TO REVIEW THIS ISSUE BY CLAIMING GREENWOOD DID NOT SUPPORT IT WITH AUTHORITY. (memorandum, p.5) HOWEVER, GREENWOOD CITED THE 14TH AMENDMENT OF THE U.S. CONSTITUTION AND DANIEL V. THIGPEN, 742 F. Supp. 1535 (mid. Ala.) 1990. THIS ISSUE IS DUE TO BE REVIEWED ON REHEARING.

√

## STATEMENT OF FACTS

GREENWOOD WAS CONVICTED OF ROBBERY I, §13A-8-41, CODE OF ALA., IN CONNECTION WITH AN ALLEGED ROBBERY OCCURRING ON APRIL 9, 2002. (R 34, L20 "D.A." DIRECT APPEAL) THE VICTIM, COPELAND, TESTIFIED THAT HE AND A 13 YEAR OLD BOY NAMED "SERILLO" WERE WALKING DOWN THE STREET BETWEEN 11-11:30 PM (D.A. R 36-37), WHEN TWO MEN, JAMAR BROWN AND AN ACCOMPLICE, CAME UP AND BROWN POINTED A GUN WHILE THE ACCOMPLICE RESTRAINED SERILLO. (D.A. R42-44) COPELAND TESTIFIED HE WAS THEN ROBBED OF SEVERAL ITEMS INCLUDING A WALLET AND CELL PHONE. (D.A. R 51-52)

COPELAND IDENTIFIED GREENWOOD AS THE ACCOMPLICE TO BROWN. (D.A. R54, L5-17) COPELAND STATED GREENWOOD HAD "TWISTS" IN HIS HAIR (D.A. R50, L 2-20); HOWEVER THERE WERE FOUR WITNESSES WHO TESTIFIED GREENWOOD NEVER WORE HIS HAIR IN TWISTS, AND IN FACT DID NOT HAVE IT IN TWISTS THE TIME OF OFFENSE: KIM GREENWOOD (D.A. R 101-102), DEVAN GREENWOOD (R111, D.A.), LAVAN HOWARD (D.A. R121), AND GREENWOOD HIMSELF. (D.A. R140)

ORIGINALLY COPELAND WITHELD SERILLO'S IDENTITY FROM POLICE. (D.A. R87, L 17-19) BUT, DURING GREENWOOD'S FIRST TRIAL (MISTRIAL OCT 30, 02) COPELAND TESTIFIED TO SERILLO'S NAME AND WHERE HE LIVED. (R55, L5-16; R61, L8-13 D.A.) DEFENSE COUNSEL HAD OVER TWO MONTHS UNTIL THE INSTANT TRIAL

vi

TO FIND AND SUBPOENA SERILLO, BUT HE DID NOT PUT FORTH THE EFFORT. THE STATE DID NOT SUBPOENA THIS SECOND VICTIM AND EYE WITNESS EITHER. (D.A. R87, 90) CONSEQUENTLY GREENWOOD WAS DENIED HIS 6TH AMENDMENT RIGHT OF CONFRONTATION. <u>EVIDENCE SHOWED SERILLO WAS RESTRAINED BY GREENWOOD. THE ONLY WAY GREENWOOD COULD HAVE REFUTED THAT FACT WAS TO CROSS-EXAMINE SERILLO.</u>

AFTER NEGOTIATING A PLEA, CODEFENDANT BROWN TOLD THE D.A. THAT GREENWOOD WAS NOT HIS ACCOMPLICE, AND HE DID NOT KNOW GREENWOOD. (D.A. R59-60) BROWN ALSO SENT A MESSAGE TO GREENWOOD'S ATTORNEY TO THE SAME EFFECT AND SAID HE WOULD TESTIFY TO THIS FACT IN GREENWOOD'S TRIAL. (D.A. R 206) HOWEVER, AFTER THE D.A. VISITED BROWN CONCERNING HIS OFFER TO BE A DEFENSE WITNESS, BROWN SUDDENLY REFUSED TO TESTIFY. (D.A. R 207; Record on Appeal C 37)

<u>WITHOUT BROWN AND SERILLO'S TESTIMONY</u>, GREENWOOD WAS FOUND GUILTY ON OR ABOUT DECEMBER 11, 2002. (D.A. R213, L19-22) GREENWOOD WAS SENTENCED TO "LIFE" AS AN HABITUAL OFFENDER WITH 2 PRIORS. ON OR ABOUT DECEMBER 12, 2002, BROWN, THE TRIGGERMAN, RECEIVED A 20 YEARS SPLIT 3 YEARS TO SERVE AS PROMISED BY THE D.A.

ONCE BROWN WAS TRANSFERRED TO PRISON AND AWAY FROM MONTGOMERY COUNTY AND THE D.A., HE EXECUTED

AN AFFIDAVIT IN WHICH HE REASSERTED THE FACT THAT HE DID NOT KNOW GREENWOOD. BROWN ALSO STATED THE REASON HE CHANGED HIS MIND ABOUT TESTIFYING WAS THAT AFTER LEARNING OF HIS INTENTION TO BE A DEFENSE WITNESS, THE D.A. AND A "WHITE GUY" VISITED HIM AND INTIMATED THAT SHOULD HE TESTIFY, HE (BROWN) MIGHT NOT GET THE SENTENCE (20 SPLIT 3) HE EXPECTED. (C 36-39) THE AFFIDAVIT WAS SIGNED AND NOTARIZED ON MARCH 18, 2003. THIS AFFIDAVIT WAS THEN SENT THROUGH PRISONER'S HANDS AND FOUND ITS WAY TO GREENWOOD, WHO WAS AT A SEPARATE FACILITY, ON OR ABOUT MARCH 30, 2003.

THE STATE ALSO PRESENTED A WITNESS, HAROLD FRANKLIN, WHO TESTIFIED THAT BROWN AND GREENWOOD WERE SEEN TOGETHER ON A DATE PRIOR TO THE INSTANT OFFENSE. IN ACTUALITY, FRANKLIN HAD FILED CHARGES OF ROBBERY AGAINST GREENWOOD ON A PREVIOUS DATE. THOSE CHARGES WERE DISMISSED FOR LACK OF EVIDENCE. (D.A. R 150, L6-9) A DETECTIVE BUCE TESTIFIED THAT FRANKLIN HAD GIVEN HIM GREENWOOD'S NAME AS A SUSPECT FOR THE INSTANT OFFENSE. (D.A. R94, L11-15) FRANKLIN ALSO TESTIFIED THAT HE HIMSELF WAS A CONVICTED FELON.

ON SEPTEMBER 14, 2003, THE INSTANT RULE 32 PETITION WAS FILED BY PLACING IT IN THE U.S. PRISON MAILBOX. (C 13) THE TRIAL COURT SUMMARILY DENIED THE PETITION ON JANUARY 13, 2004. (C 77) THIS COURT AFFIRMED THE TRIAL COURT'S DENIAL ON AUGUST 13, 2004. APPLICATION FOR REHEARING

viii

FOLLOWED.

WHEREFORE, ABOVE PREMISES CONSIDERED, GREENWOOD PRAYS THE COURT WILL GRANT A REHEARING IN THIS CAUSE.

# TABLE OF AUTHORITIES

13A-10-123, CODE OF ALA.                                   P. 5

RULE 32.1 (e), A.R.Cr.P.                                   P. 3

14TH AMENDMENT, U.S. CONSTITUTION                          P. 9

DANIEL V. THIGPEN, 742 F.Supp 1535 (mid. Ala.) 1990        P. 9

DAVIS V. ALASKA, U.S. 308, 39 L.Ed. 2d 347, 94 S.Ct. 1105
(1974)                                                     P. 7

Ex parte HEATON, 542 So.2d at 933 (Ala. 1989)             P. 4

THOMAS V. STATE, 418 So.2d 921 (Ala. Cr. App. 1981)       P. 5

WALLACE V. STATE, 27 Ala. App. 545, 176 So. 310 (1937)    P. 6

X

## SUMMARY OF THE ARGUMENT

THIS COURT OVERLOOKED OR MISAPPREHENDED THE FOLLOWING FACTS AND/OR POINTS OF LAW:

I. THAT BROWN DID NOT EXECUTE AN AFFIDAVIT IN TIME TO FILE A POSTTRIAL MOTION PURSUANT TO RULE 24, A.R.Cr.P., BECAUSE THE STATE THREATENED, COERCED, AND PERSUADED HIM THAT IF HE TESTIFIED IT WOULD ADVERSELY AFFECT HIS OWN UPCOMING SENTENCING.

II. THAT EVEN THOUGH PART OF BROWN'S TESTIMONY WOULD HAVE BEEN CUMULATIVE, PRIOR DECISIONS OF THE ALABAMA SUPREME COURT SHOW SUCH COULD STILL REQUIRE A NEW TRIAL WHEN EXAMINED BASED ON THE ENTIRE CASE.

III. THAT THIS COURT FAILED TO ADDRESS THE ALLEGATIONS IN BROWN'S AFFIDAVIT THAT THE PROSECUTOR INTIMIDATED HIM INTO CHANGING HIS MIND AND REFUSING TO TESTIFY AS A DEFENSE WITNESS, WHICH IS A FELONY UNDER 13A-10-123, CODE OF ALA.

IV. THAT DEFENSE COUNSEL KNEW OF SERILLO'S IDENTITY AND WHEREABOUTS TWO MONTHS PRIOR TO TRIAL, BUT HE STILL DIDN'T SUBPOENA HIM.

V. THAT REGARDLESS OF WHETHER OR NOT SERILLO'S TESTIMONY WOULD HAVE BEEN FAVORABLE TO DEFENSE; SINCE

1

EVIDENCE AT TRIAL SHOWED SERILLO WAS RESTRAINED BY GREENWOOD, EVEN THOUGH ABSENT FROM TRIAL SERILLO WAS A WITNESS AGAINST GREENWOOD; AND THE 6TH AMENDMENT GUARANTEES THE RIGHT OF CONFRONTATION BY CROSS-EXAMINATION. THE ONLY WAY GREENWOOD COULD HAVE REFUTED THE TESTIMONY OF THE VICTIM, COPELAND, WAS TO CONFRONT SERILLO.

VI. AND FINALLY THAT GREENWOOD DID CITE AUTHORITY FOR THE FAILURE OF COUNSEL TO OBJECT TO AN IMPROPER JURY INSTRUCTION, AND THIS ISSUE IS DUE TO BE REVIEWED ON ITS MERIT UPON REHEARING.

BASED ON THE ABOVE, GREENWOOD BELIEVES A REHEARING AND/OR RELIEF IS DUE IN THIS CAUSE.

2

ARGUMENT

I. IS IT REASONABLE TO CONCLUDE BROWN COULD HAVE
WRITTEN AN AFFIDAVIT IN TIME FOR A POST-TRIAL
MOTION PURSUANT TO RULE 24, A.R.Cr.P.?

THIS COURT CONCLUDED GREENWOODS CLAIM OF NEWLY DIS-
COVERED EVIDENCE DID NOT MEET THE FIVE-PRONG REQUIRE-
MENT IN 32.1 (e); SPECIFICALLY THAT GREENWOOD PRESENTED
NO EVIDENCE TO SHOW BROWN WAS UNWILLING TO EXECUTE
AN AFFIDAVIT AS SOON AS HIS OWN SENTENCE WAS PRONOUNCED.
(memorandum, p. 4)

GREENWOOD BELIEVE'S BROWN'S AFFIDAVIT SPEAKS FOR ITSELF.
BROWN STATED THAT HE WAS UNWILLING TO TESTIFY AT TRIAL
AS GREENWOOD'S DEFENSE WITNESS BECAUSE THE PROSECUTOR
VISITED HIM AND MADE INTIMIDATING STATEMENTS. (C 37)
GREENWOOD WAS CONVICTED OF THE INSTANT OFFENSE ON
DECEMBER 11, 2002. BROWN WAS SENTENCED THE NEXT DAY,
DECEMBER 12, 2002. GREENWOOD HAD NO WAY TO CONTACT
BROWN, OR EVEN IF HE COULD, HAD NO WAY TO BELIEVE
BROWN WOULD BE WILLING TO EXECUTE AN AFFIDAVIT TO THE
SAME FACTS HE REFUSED TO TESTIFY TO JUST DAYS EARLIER.

IT IS CLEAR FROM BROWNS AFFIDAVIT THAT HE WAITED
UNTIL HE WAS OUT OF THE MONTGOMERY COUNTY JAIL, AND
AWAY FROM THE PROSECUTOR, BEFORE HE DECIDED TO COME
FORWARD WITH THESE FACTS ON MARCH 18, 2003. (C 36-39)

3

IT IS UNREASONABLE TO ASSUME THAT BROWN HAD ENOUGH LEGAL KNOWLEDGE TO BE SURE THE PROSECUTOR COULD NOT ALTER HIS SENTENCE _AFTER_ IT HAD BEEN PRONOUNCED.

## II. WOULD BROWN'S TESTIMONY HAVE BEEN MERELY CUMULATIVE AND THUS NOT HAVE EFFECTED THE JURY'S VERDICT?

THIS COURT IS OF THE OPINION THAT, EVEN IF BROWN WOULD HAVE TESTIFIED, SUCH TESTIMONY WOULD BE MERELY CUMULATIVE. HOWEVER, THIS ARGUMENT MUST FAIL ON TWO POINTS.

## (i.) ALABAMA SUPREME COURT RULING SHOWS CUMULATIVE TESTIMONY CAN BE CONSIDERED AS NEW EVIDENCE:

IN Ex parte HEATON, 542 So.2d at 933 (Ala. 1989), THE COURT RULED:

"WHILE ALL FIVE REQUIREMENTS ORDINARILY MUST BE MET, THE LAW HAS RECOGNIZED THAT IN CERTAIN EXCEPTIONAL CIRCUMSTANCES, EVEN IF THE NEWLY DISCOVERED EVIDENCE IS CUMULATIVE OR IMPEACHING, IF IT APPEARS FROM LOOKING AT THE ENTIRE CASE THAT THE NEW EVIDENCE WOULD CHANGE THE RESULT, THEN A NEW TRIAL SHOULD BE GRANTED."

HERE, THE VICTIM, COPELAND, WAS THE ONLY WITNESS TO IDENTIFY GREENWOOD AS THE OFFENDER. (R 67) CONTRARYWISE, FOUR WITNESSES TESTIFIED TO GREENWOODS ALIBI: KIM GREENWOOD (R 101, L4-12.), DEVIN GREENWOOD (R 111, L9-13, 16-25),

4

LAVAN HOWARD, (R121, L18-21); AND GREENWOOD HIMSELF,
(R 140, L15-22) IF BROWN, THE ADMITTED OFFENDER, WOULD
HAVE TESTIFIED THAT GREENWOOD WAS NOT HIS ACCOMPLICE—
IT IS REASONABLE TO ASSUME THAT WITH FIVE WITNESSES
TESTIFYING OF HIS INNOCENCE, THE JURY WOULD HAVE FOUND
THE VICTIM GUILTY OF MISTAKEN IDENTITY AND ACQUITTED
GREENWOOD. ALSO THIS COURT ARGUED IT IS NOT UNCOMMON FOR A WIT-
NESS TO COME FORWARD WHEN HE HAD NOTHING TO LOSE. HOWEVER, BROWN TOLD
THE D.A. GREENWOOD WAS NOT HIS ACCOMPLICE BEFORE HIS OWN PLEA. (R59-60)

THUS, AS IN HEATON, FROM EXAMINING THE ENTIRE RECORD
IT IS PROBABLE THE NEW EVIDENCE WOULD HAVE CHANGED THE
RESULT, AND A NEW TRIAL IS WARRANTED.


(2.) THIS COURT FAILED TO ADDRESS THAT BROWN'S AFFIDAVIT
ALLEGED PROSECUTORIAL MISCONDUCT IN INTIMIDATING
A DEFENSE WITNESS


ALTHOUGH THIS COURT RECOGNIZED THAT GREENWOOD ARGUED
THE EVIDENCE OF PROSECUTORIAL MISCONDUCT WAS PART OF THE
NEW EVIDENCE, NONETHELESS IT FAILED TO ADDRESS THE MERIT
OF THIS CLAIM. (Memorandum, p.3; Brief of Appellant, p. 9-11)


UNDER §13A-10-123, CODE OF ALA., INTIMIDATING A WITNESS
NOT TO TESTIFY IS A FELONY, FURTHER, THIS COURT RULED IN
THOMAS V. STATE, 418 So.2d 921 (Ala. Cr. App. 1981), THAT WHEN THE
STATE COERCES A DEFENSE WITNESS NOT TO TESTIFY IT VIOLATES
AN ACCUSED'S DUE PROCESS RIGHTS.


ACCORDINGLY, THIS ISSUE NEEDS TO BE ADDRESSED ON

"5

REHEARING. SEE ALSO <u>WALLACE V. STATE</u>, 27 ALA. APP. 545, 176 SO. 310 (1937), INTIMIDATION CAN BE MADE BY PERSUASION, ADVICE OR THREATS.

III. <u>THIS COURT OVERLOOKED THE FACT THAT COUNSEL KNEW</u>
<u>A POTENTIAL WITNESS' NAME AND WHERE HE LIVED,</u>
<u>AND HAD OVER TWO MONTHS BEFORE TRIAL TO FIND HIM;</u>
<u>AND THAT FAILURE TO SUBPOENA THIS WITNESS ROBBED</u>
<u>GREENWOOD OF THE RIGHT OF CROSS-EXAMINATION</u>

THIS COURT RULED AGAINST GREENWOOD FOR THIS ISSUE ON TWO POINTS (memorandum, p.5):

(1.) <u>COULD COUNSEL HAVE LOCATED "SERILLO"?</u>

EVEN THOUGH THE VICTIM, COPELAND, WITHHELD "SERILLO'S" NAME FROM THE POLICE; DURING GREENWOOD'S FIRST TRIAL DEFENSE COUNSEL WAS MADE AWARE OF SERILLO AND HIS LIVING AREA. (R55, L5-16; R61, L8-13) THE FIRST TRIAL RESULTED IN A MISTRAIL, AND COUNSEL HAD OVER TWO MONTHS TO FIND AND SUBPOENA SERILLO. DURING CLOSING ARGUMENT COUNSEL EVEN ADMITTED HIS OWN INEFFECTIVENESS BY STATING:

"[THAT'S] [SERILLO] ONE OF THE WITNESSES WE NEED HERE..." (R 168-169, L 8-9)

(2.) <u>EVIDENCE OF SERILLO'S FAVORABLE TESTIMONY IS,</u>
<u>NOT NEEDED — 6TH AMENDMENT GUARANTEES THE RIGHT</u>
<u>TO CROSS EXAMINATION OF THE WITNESSES AGAINST</u>
<u>AN ACCUSED</u>

THIS COURT DENIED GREENWOOD RELIEF ON THIS CLAIM BY STATING GREENWOOD HAD NOT SHOWN SERILLO'S TESTIMONY WOULD BE FAVORABLE. (memorandum, p.5)

HOWEVER, WHETHER OR NOT A WITNESS' TESTIMONY WOULD HAVE BEEN FAVORABLE IN THIS SITUATION IS UNIMPORTANT. EVIDENCE AT TRIAL SHOWED GREENWOOD RESTRAINED SERILLO WHILE BROWN ROBBED COPELAND. (R67, L18-24) AS SUCH, SERILLO WAS EFFECTIVELY A WITNESS AGAINST GREENWOOD. THE 6TH AMENDMENT GIVES AN ACCUSED A CONSTITUTIONAL RIGHT TO CONFRONT THE WITNESSES AGAINST HIM.

THE SUPREME COURT'S RULING IN DAVIS V. ALASKA, U.S. 308, 39 L.Ed 2d 347, 94 S.Ct. 1105 (1974), UPHELD THIS SUB-STANTIAL RIGHT AND STATED:

"THE MAIN AND ESSENTIAL PURPOSE OF CONFRONTATION IS TO SECURE FOR THE OPPONENT THE OPPORTUNITY OF CROSS-EXAMINATION..." at 353

"PETITIONER WAS THUS DENIED THE RIGHT OF EFFECTIVE CROSS-EXAMINATION WHICH WOULD BE CONSTITUTIONAL ERROR OF THE FIRST MAGNITUDE AND NO AMOUNT OF SHOWING OF WANT OR PREJUDICE WOULD CURE IT." at 355

HERE, THE ONLY WAY GREENWOOD COULD HAVE REFUTED THE TESTIMONY OF COPELAND, i.e., THAT GREENWOOD HELD SERILLO, WOULD BE TO PUT SERILLO ON THE STAND, AND

7

UNDER OATH AND "BY THE DIRECT AND PERSONAL PUTTING OF QUESTIONS AND OBTAINING IMMEDIATE ANSWERS." DAVIS, at 353

FURTHER, THE STATE PRESENTED A WITNESS, HAROLD FRANKLIN, WHICH REBUTTED THE TESTIMONY GIVEN BY DEFENSE WITNESSES TO THE EFFECT THAT GREENWOOD DID NOT KNOW JAMAR BROWN. HOWEVER, THIS WITNESS WAS A CONVICTED FELON AND UN-RELIABLE. (SEE REPLY BRIEF OF APPELLANT, P.5-6) FRANKLIN HAD PRE-VIOUSLY FILED CHARGES AGAINST GREENWOOD FOR AL-LEGEDLY ROBBING HIM (FRANKLIN). (R94, L11-15) IT WAS IN FACT FRANKLIN WHO GAVE GREENWOOD'S NAME TO THE POLICE CONCERN-ING THE INSTANT OFFENSE.

THUS WE SEE THE ONLY WAY GREENWOOD COULD HAVE RE-BUTTED THE TESTIMONY OF BOTH COPELAND AND FRANKLIN WAS TO PUT SERILLO ON THE STAND AND EXERCISE HIS CONSTITUTIONAL RIGHT TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM. THUS, COUNSEL'S ERROR ROBBED GREENWOOD OF A SUBSTANTIAL RIGHT AND MUST FAIL UNDER STRICKLAND.

IN CONCLUSION, AND BASED ON ALL THE ABOVE, GREENWOOD PRAYS THE COURT WILL GRANT REHEARING IN THIS CAUSE AND ISSUE AN ORDER IT DEEMS APPROPRIATE.

---

1 - THOSE CHARGES WERE DISMISSED FOR LACK OF EVIDENCE

IV. GREENWOOD DID CITE AUTHORITY FOR HIS ISSUE
OF IMPROPER JURY INSTRUCTION AND THIS COURT
SHOULD REVIEW ITS MERIT ON REHEARING

THIS COURT DECLINED TO REVIEW THIS ISSUE ON ITS MERIT
BY STATING GREENWOOD DID NOT CITE ANY AUTHORITY. HOWEVER,
GREENWOOD CITED THE 14TH AMENDMENT OF THE U.S. CON-
STITUTION CLAIMING THE COURT'S IMPROPER INSTRUCTION VIO-
LATED HIS DUE PROCESS RIGHTS. (memorandum, p. 5; Appellant
Brief, p. 22-24) GREENWOOD ALSO CITED DANIEL V. THIGPEN,
742 F.supp. 1535 (mid. Ala.) 1990, WHICH SHOWS FAILURE TO OBJECT
TO IMPROPER JURY INSTRUCTION IS INEFFECTIVE ASSISTANCE OF
COUNSEL.

THUS, BECAUSE THE COURT OVERLOOKED THE AUTHORITY
PROVIDED, THIS ISSUE IS DUE TO BE REVIEWED ON REHEAR-
ING.

CONCLUSION

BASED ON ALL THE ABOVE FACTS AND/OR POINTS OF LAW
GREENWOOD BELIEVES THIS COURT OVERLOOKED OR MISAPPRE-
HENDED, A REHEARING IS DUE AND WHATEVER RELIEF
THE COURT DEEMS APPROPRIATE.

CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY COPIES OF THE FOREGOING HAVE

9

BEEN SERVED BY PLACING SAME IN THE U.S. PRISON MAIL-
BOX, FIRST-CLASS POSTAGE PREPAID AND ADDRESSED AS FOL-
LOWS.

ATTORNEY GENERAL OF ALABAMA
CRIMINAL APPEALS DIVISION
11 SOUTH UNION STREET
MONTGOMERY, AL 36130

DONE THIS 19TH DAY OF AUG. , 2004.

RESPECTFULLY SUBMITTED,

X _Kourtnee Greenwood_
KOURTNEE SOVENSKY GREENWOOD, pro se

10