Hagood
63319
9/20/04

# IN THE SUPREME COURT OF ALABAMA

KOURTNEE SOVENSKY GREENWOOD,

APPELLANT,

VS.

STATE OF ALABAMA,

APPELLEE.

CIRCUIT COURT OF MONTGOMERY COUNTY

CASE # CC 02-909.60

TO THE SUPREME COURT OF ALABAMA:

COMES YOUR PETITIONER, KOURTNEE SOVENSKY GREENWOOD, AND PETITIONS THIS COURT FOR A WRIT OF CERTIORARI TO ISSUE TO THE COURT OF CRIMINAL APPEALS OF ALABAMA IN THE ABOVE STYLED CAUSE UNDER RULE 39, <u>A.R.A.P.</u>, AND SHOWS THE FOLLOWING:

I. PETITIONER SUFFERED A JUDGMENT OF THE SUMMARY DISMISSAL OF A RULE 32 PETITION IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA, ON JANUARY 13, 2004. INCLUDED IN SAID PETITION WERE THE CLAIMS NOW BEFORE THIS COURT FOR REVIEW.

(1.) NEWLY DISCOVERED EVIDENCE

    A. **KEY WITNESS** CAME FORWARD TO AVER GREENWOOD

      WAS INNOCENT



STATE'S
EXHIBIT
W

PENGAD 800-631-6989

B. PROSECUTORIAL MISCONDUCT IN INTIMIDATING KEY WITNESS

NOT TO TESTIFY IN GREENWOOD'S FAVOR

(2.) INEFFECTIVE ASSISTANCE OF COUNSEL

A. COUNSEL FAILED TO SUBPOENA EYE WITNESS AND VICTIM

OF OFFENSE WHICH ROBBED GREENWOOD OF HIS RIGHT OF

CONFRONTATION GUARANTEED BY THE 6TH AMENDMENT

B. COUNSEL FAILED TO OBJECT TO MISLEADING JURY INSTRUCT-

IONS WHICH ROBBED GREENWOOD OF HIS RIGHT TO A FAIR

TRIAL

2. THE COURT OF APPEALS AFFIRMED THE JUDGMENT ON AUGUST

13, 2004. AN APPLICATION FOR REHEARING WAS FILED ON

OR ABOUT AUGUST 22, 2004, AND OVERRULED ON AUGUST

27, 2004.

3. A COPY OF THE OPINION IS ATTACHED TO THIS PETITION WHICH

SHOWS THE COURT OF APPEALS CASE TO BE NO. CR-03-0633.

4. PETITIONER ALLEGES AS GROUNDS FOR THE WRIT THE FOL-

LOWING.

## INEFFECTIVE ASSISTANCE OF COUNSEL

1. THE BASIS OF THIS PETITION FOR THE WRIT IS THAT THE DEC-

ISION OF THE APPELLATE COURT IS IN CONFLICT WITH ITS OWN

PRIOR DECISIONS. IN ITS OPINION, THE APPELLATE COURT

HELD:

2

"ON DECEMBER 24, 2003, GREENWOOD FILED AN AMENDED PETITION, IN WHICH HE ADDED TWO CLAIMS OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL. ON JANUARY 13, 2004, THE TRIAL COURT SUMMARILY DENIED GREENWOOD'S PETITION, ON THE GROUNDS PLEADED BY THE STATE." (p.2)

THE REAL ISSUE HERE IS THAT THE STATE, NOR THE TRIAL COURT, ADDRESSED THE INEFFECTIVE COUNSEL CLAIMS IN THE AMENDED PETITION, WHICH CAUSED THE APPELLATE COURT TO REACH THEIR DECISION ON INCOMPLETE FINDINGS.

IN THE CASE OF <u>CLICK V. STATE</u>, 821 So.2d 218 (Ala. Cr. App. 1999), THE COURT HELD:

"IN HIS PETITION, THE APPELLANT RAISED SEVERAL SUBSTANTIVE AND INEFFECTIVE-ASSISTANCE-OF-COUNSEL CLAIMS. IN ITS ORDER DISMISSING THE PETITION, THE CIRCUIT COURT ADDRESSED SOME, BUT NOT ALL, OF THE APPELLANT'S SUBSTANTIVE CLAIMS, <u>BUT IT DID NOT AD-DRESS ANY OF HIS INEFFECTIVE-ASSISTANCE-OF-COUNSEL CLAIMS</u>. BECAUSE SOME OF THOSE INEFFECTIVE-ASSIST-ANCE-OF-COUNSEL CLAIMS RAISE ISSUES THAT COULD BE MERITORIOUS, <u>THE CIRCUIT COURT ERRED IN NOT AD-DRESSING THEM</u>." REMANDED at 219

IN THE CASE OF <u>BULLARD V. STATE</u>, CR-03-0280 (March 26, 2004, Ala. Cr. App.), THE COURT HELD:

"HE [BULLARD] ALSO ARGUES THAT HIS <u>TRIAL COUNSEL</u> <u>RENDERED INEFFECTIVE ASSISTANCE</u> ... THE STATE DID NOT SPECIFICALLY REFUTE THE APPELLANT'S CLAIMS. ALSO, IN ITS ORDER DISMISSING THE PETITION, THE CIRCUIT COURT DID NOT SPECIFICALLY ADDRESS THE CLAIMS, BECAUSE THE APPELLANT'S CLAIMS ... COULD BE MERITORIOUS, <u>THE</u> <u>CIRCUIT COURT ERRED IN NOT ADDRESSING THEM.</u>" at 2-3

HERE, THE CIRCUIT COURT, NOT THE APPELLATE COURT, WAS IN THE BEST POSITION TO REVIEW GREENWOOD'S CLAIMS OF INEFFECTIVE TRIAL COUNSEL, AND THEY FAILED TO FOLLOW THEIR OWN PRIOR DECISIONS AND REMAND THE CASE BACK TO THE CIRCUIT COURT TO ADDRESS THOSE CLAIMS.

2. THE BASIS OF THIS PETITION FOR THE WRIT IS THAT THE DECISION OF THE APPELLATE COURT IS IN CONFLICT WITH PRIOR DECISIONS OF THE UNITED STATE'S SUPREME COURT. IN ITS OPINION, THE APPELLATE COURT HELD:

"THE APPELLANT'S FIRST CLAIM IS INSUFFICIENT BECAUSE HE DID NOT SHOW THAT HIS COUNSEL COULD HAVE LOCATED SERILLO OR THAT SERILLO WOULD HAVE TESTIFIED FAVORABLY AT THE TRIAL." (p.5)

HERE, SERILLO WAS THE SECOND VICTIM OF THE ALLEGED CRIME. EVIDENCE PRESENTED BY THE STATE SHOWED THAT <u>SERILLO WAS ALLEGEDLY RESTRAINED BY GREENWOOD</u> WHILE BROWN (THE TRIGGERMAN) ROBBED THE OTHER VICTIM. THUS,

4

ALTHOUGH ABSENT, SERILLO WAS EFFECTIVELY A WITNESS AGAINST GREENWOOD.

IN THE CASE OF DAVIS V. ALASKA, U.S. 308, 39 L. Ed. 2d 347, 94 S.Ct. 1105 (1974), THE COURT HELD:

"THE SIXTH AMENDMENT OF THE CONSTITUTION GUARANTEES THE RIGHT OF AN ACCUSED IN A CRIMINAL PROSECUTION 'TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM.' THE RIGHT IS SECURED FOR DEFENDANTS IN STATE AS WELL AS FEDERAL CRIMINAL PROCEEDINGS... OUR CASES CONSTRUING THE [CONFRONTATION] CLAUSE HOLD THAT A PRIMARY INTEREST SECURED BY IT IS THE RIGHT OF CROSS-EXAMINATION."

"PETITIONER WAS THUS DENIED THE RIGHT OF EFFECTIVE CROSS-EXAMINATION WHICH 'WOULD BE CONSTITUTIONAL ERROR OF THE FIRST MAGNITUDE AND NO AMOUNT OF SHOWING OF WANT OR PREJUDICE WOULD CURE IT." at 355

IN THE CASE OF POINTER V. TEXAS, 380 U.S. 400 (1965), THE COURT HELD:

" IT CANNOT SERIOUSLY BE DOUBTED AT THIS LATE DATE THAT THE RIGHT OF CROSS-EXAMINATION IS INCLUDED IN THE RIGHT OF AN ACCUSED IN A CRIMINAL CASE TO CONFRONT THE WITNESSES AGAINST HIM. AND PROBABLY NO ONE, CERTAINLY NO ONE EXPERIENCED IN THE TRIAL OF LAWSUITS, WOULD DENY THE VALUE OF CROSS-EXAMINATION

5

IN EXPOSING FALSEHOOD AND BRINGING OUT THE TRUTH IN THE TRIAL OF A CRIMINAL CASE..." at 404

OTHER THAN THE VICTIM, COPELAND, WHOSE SOLE TESTIMONY AT TRIAL IDENTIFIED GREENWOOD AS BROWN'S ACCOMPLICE, SERILLO WAS THE ONLY OTHER EYE-WITNESS TO THE CRIME. THE ONLY WAY GREENWOOD COULD HAVE EFFECTIVELY REFUTED COPELAND'S TESTIMONY WAS TO CROSS-EXAMINE SERILLO.

3. THE BASIS OF THIS PETITION FOR THE WRIT IS THAT THE DECISION OF THE APPELLATE COURT IS IN CONFLICT WITH A PRIOR DECISION OF THE ALABAMA SUPREME COURT ON THE SAME POINT OF LAW, CONCERNING THAT PART OF THE DECISION PREVIOUSLY QUOTED, IN THE CASE OF McTERRY v. STATE, 680 So.2d 957 (Ala. 1996), THE COURT HELD:

"THE APPELLANT ARGUES THAT [COUNSEL FAILED TO SUBPOENA A KEY WITNESS]. ALTHOUGH WE DO NOT PASS ON THE MERITS OF THIS CLAIM, WE NOTE THAT TRIAL COUNSEL'S RELIANCE ON THE STATE'S SUBPOENA LIST TO SECURE WILLIAM'S [KEY WITNESS] TESTIMONY BORDERS ON INEFFECTIVE PERFORMANCE. 'COUNSEL IS EXPECTED TO EXERCISE DILIGENCE IN PREPARING HIS CASE FOR TRIAL AND FOR PROCURING WITNESSES,'... THIS IS ESPECIALLY TRUE HERE BECAUSE WILLIAMS WAS AN EYE-WITNESS TO THE SHOOTING." at 956 (Citations omitted)

6

"THE ONLY EVIDENCE CONNECTING THE APPELLANT WITH THE CRIME WAS THE EYE WITNESS TESTIMONY OF JELKS (THE VICTIM). THE APPELLANT DENIED THAT HE WAS THE SHOOTER..."

"THE SIXTH AMENDMENT TO THE [U.S.] CONSTITUTION STATES: 'IN ALL CRIMINAL PROSECUTIONS, THE ACCUSED SHALL ENJOY THE RIGHT TO... BE CONFRONTED WITH THE WITNESSES AGAINST HIM', TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR..." at 956 REVERSED BECAUSE THE TRIAL COURT PREVENTED HIM FROM SUBPOENAING A KEY WITNESS

HERE, GREENWOOD WAS CONVICTED ON THE SOLE EVIDENCE OF EYE-WITNESS TESTIMONY OF COPELAND, THE VICTIM. AS A SECOND VICTIM AND EYE WITNESS SERILLO WAS EXTREMELY IMPORTANT.

## NEWLY DISCOVERED EVIDENCE

4. THE BASIS OF THIS PETITION FOR THE WRIT IS THAT THE DECISION OF THE APPELLATE COURT IS IN CONFLICT WITH A PRIOR DECISION OF THE UNITED STATES' SUPREME COURT ON THE SAME POINT OF LAW. IN ITS OPINION, THE APPELLATE COURT HELD:

"HE ALSO ARGUES THAT BROWN'S AFFIDAVIT PROVIDED NEWLY DISCOVERED EVIDENCE OF 'PROSECUTORIAL MISCONDUCT IN INTIMIDATING A KEY WITNESS.'" (p.3)

HERE, ALTHOUGH THE APPELLATE COURT RECOGNIZED

7

GREENWOOD'S CLAIM, THAT THERE WAS NEW EVIDENCE THAT
THE STATE HAD INTIMIDATED BROWN (KEY WITNESS) TO
ABSENT HIMSELF FROM TESTIFYING IN GREENWOOD'S FAVOR,
THE APPELLATE COURT, NOR DID THE CIRCUIT COURT, ADDRESS
THE MERITS OF THIS CLAIM.

IN THE CASE OF SAMPLES V. U.S., 121 F.2d 263, cert.
denied, 62 S.Ct. 129, 314 U.S. 662, 86 L.Ed.2d 530 CCA5
(Ala.) 1941, THE COURT HELD:

"IT IS NOT NECESSARY TO ENFORCEMENT OF THE STATUTE
DEFINING THE OFFENSE OF CORRUPTLY ENDEAVORING TO IN-
FLUENCE A WITNESS... THAT A WITNESS IS PREVENTED FROM
TESTIFYING BY THREATS OR FORCE, BUT IF A WITNESS IS
CORRUPTLY PERSUADED TO ABSENT HIMSELF, THE ACT IS
VIOLATED, AND IT IS IMMATERIAL WHETHER HE WAS
SUBPOENAED, IF HE INTENDED TO TESTIFY."

HERE, BROWN'S AFFIDAVIT SHOWS THAT AFTER HE [BROWN]
MADE KNOWN HIS INTENTION TO TESTIFY IN GREENWOOD'S
FAVOR, THE STATE THREATENED HIM AND INTIMATED HARSH-
ER SENTENCING SHOULD HE TESTIFY.

5. THE BASIS OF THIS PETITION FOR THE WRIT IS THAT THE
DECISION OF THE APPELLATE COURT IS IN CONFLICT WITH ITS
OWN PRIOR DECISIONS ON THE SAME POINT OF LAW. IN
ITS OPINION, THE APPELLATE COURT HELD AS PREVIOUSLY
STATED ABOVE CONCERNING PROSECUTORIAL MISCONDUCT.

IN THE CASE OF THOMAS V. STATE, 418 So.2d 921 (AIa. Cr. App. 1981), THE COURT HELD:

"WHILE THE STATE MAY PROPERLY OFFER A RECOMMENDATION OF LENIENCY IF THE DEFENDANT WILL TESTIFY FOR THE STATE AND PLEAD GUILTY, IT WOULD CONSTITUTE A VIOLATION OF AN ACCUSED'S RIGHT OF DUE PROCESS OF LAW FOR THE STATE TO THREATEN A WITNESS FOR THE DEFENDANT WITH PROSECUTION OR TREATMENT AS AN HABITUAL OFFENDER IF HE TESTIFIED FOR THE ACCUSED."

5. THE BASIS OF THIS PETITION FOR THE WRIT IS THAT THE DECISION OF THE APPELLATE COURT IS IN CONFLICT WITH ITS OWN PRIOR DECISIONS ON THE SAME POINT OF LAW. CONCERNING THAT PORTION OF THE DECISION PREVIOUSLY QUOTED, AND THE FACT THAT THE CIRCUIT COURT DID NOT SPECIFICALLY REFUTE THE CLAIM OF PROSECUTORIAL MISCONDUCT, THE COURT RULED IN SWICEGOOD V. STATE, 646 So.2d 158 (AIa. Cr. App. 1993):

"WHEN THE STATE RESPONDS TO A HABEAS CORPUS PETITION MERELY BY MAKING BROAD, GENERAL ARGUMENTS THAT DO NOT ADDRESS THE PETITIONER'S SPECIFIC CLAIMS, THE STATE HAS FAILED TO REFUTE THE FACTS ALLEGED BY THE APPELLANT, AND THOSE FACTS MUST THEREFORE BE TAKEN AS TRUE."

AGAIN, IN BOUTWELL V. STATE, 488 So.2d 33 (AIa. Cr. App. 1986), WHERE THE STATE OFFERED NO FACTS WHICH CONTRADICTED THOSE SET OUT IN THE PETITION, THEREFORE, THE

9

UNREFUTED FACTS SET OUT IN THE PETITION SHOULD NOT HAVE BEEN SUMMARILY DENIED WITHOUT AN EVIDENTIARY HEARING.

6. THE BASIS FOR THIS PETITION FOR THE WRIT IS THAT THE DECISION OF THE APPELLATE COURT IS IN CONFLICT WITH A PRIOR DECISION OF THE ALABAMA SUPREME COURT ON THE SAME POINT OF LAW. IN ITS OPINION THE COURT STATED:

" BROWN'S STATEMENTS REGARDING GREENWOOD AND THE ROBBERY WERE MERELY CUMULATIVE TO GREENWOOD'S OWN TESTIMONY AT TRIAL. THE JURY FOUND GREENWOOD'S CLAIMS UNCONVINCING, AND IT IS UNLIKELY THAT BROWN'S TESTIMONY WOULD HAVE CHANGED THE RESULT OF THE TRIAL."

IN EX parte HEATON, 542 SO. 2d 931 (Alg. 1989), THIS COURT HELD:

" WHILE ALL FIVE REQUIREMENTS ORDINARILY MUST BE MET, THE LAW HAS RECOGNIZED THAT IN CERTAIN EXCEPTIONAL CIRCUMSTANCES, EVEN IF THE NEWLY DISCOVERED EVIDENCE IS CUMULATIVE OR IMPEACHING, IF IT APPEARS PROBABLE FROM LOOKING AT THE ENTIRE CASE THAT THE NEW EVIDENCE WOULD CHANGE THE RESULT, THEN A NEW TRIAL SHOULD BE GRANTED." at 933

HERE, AT LEAST THREE OTHER WITNESSES TESTIFIED OF GREENWOOD'S INNOCENCE, COMBINE THAT FACT WITH BROWN'S ALLEGATION OF PROSECUTORIAL MISCONDUCT AND

10

HIS OWN CLAIM OF GREENWOOD'S INNOCENCE, AND IF THAT INFORMATION WOULD HAVE BEEN PRESENTED TO THE JURY, A DIFFERENT RESULT IS PROBABLE.

7. THE BASIS OF THIS PETITION FOR THE WRIT IS THAT THE DECISION OF THE APPELLATE COURT IS IN CONFLICT WITH ITS OWN PRIOR DECISION ON THE SAME POINT OF LAW. CONCERNING THAT PORTION OF THE OPINION PREVIOUSLY QUOTED, AND THE FACT THAT GREENWOOD ALSO ARGUED NEW EVIDENCE OF PROSECUTORIAL MISCONDUCT, IN THE CASE OF <u>CARROLL V. STATE</u>, 706 So.2d 815 (Ala. Cr. App. 1997), THE COURT HELD:

"APPELLANT ARGUED THAT THE STATE'S KEY WITNESS TESTIFIED FALSELY ABOUT NOT HAVING A DEAL WITH THE STATE, AND THAT THE OUTCOME WOULD LIKELY HAVE BEEN DIFFERENT HAD THAT FACT BEEN KNOWN. THE TRIAL COURT ERRED IN DENYING HIS RULE 32 PETITION WITH RESPECT TO HIS NEWLY DISCOVERED EVIDENCE CLAIM."

HERE, GREENWOOD CLAIMED THE STATE'S SOLE WITNESS TESTIFIED FALSELY ABOUT HIM (GREENWOOD) BEING BROWN'S ACCOMPLICE, AND THAT BROWN'S AFFIDAVIT SHOWS HE (BROWN) WAS THREATENED WITH HARSHER TREATMENT BY THE PROSECUTOR IF HE TESTIFIED FOR GREENWOOD'S DEFENSE.

8. THE BASIS OF THIS PETITION FOR THE WRIT IS THAT THE DECISION OF THE APPELLATE COURT IS IN CONFLICT WITH A PRIOR DECISION OF THE UNITED STATES SUPREME COURT ON

11

THE SAME POINT OF LAW. IN ITS OPINION THE COURT STATED:

" THE APPELLANT'S SECOND CLAIM OF INEFFECTIVENESS ALSO IS INSUFFICIENT... HE ARGUES THAT THESE [JURY] INSTRUCTIONS LED THE JURY TO BELIEVE THAT IF THEY WERE NOT CONVINCED BEYOND A REASONABLE DOUBT, THEY 'COULD NOT HOLD FAST TO THEIR OWN DECISION BUT MUST GO WITH THE MAJORITY VIEW :' "

" THE APPELLANT HAS OFFERED NO AUTHORITY TO SUPPORT HIS SECOND CONTENTION . "   (p. 5)

HERE, NOTWITHSTANDING THE FACT THAT GREENWOOD CITED TWO AUTHORITIES WHICH THE COURT OVERLOOKED, THE U.S. SUPREME COURT REVERSED THE CONVICTION IN THE DECISION OF <u>CAGE V. LOUISIANA</u>, 498 U.S. 39 (1990), WHEN THE JURY INSTRUCTIONS DILUTED THE REASONABLE DOUBT STANDARD OF PROOF, AS OCCURRED HERE.

THE ABOVE QUOTED STATEMENTS OF THE LAW OR THE SUBSTANCE OF THE OPINION ARE IN CONFLICT, AND THE APPELLATE COURT ERRED IN FAILING TO FOLLOW THE DECISIONS OF THE UNITED STATES' SUPREME COURT, ALABAMA SUPREME COURT, AND ITS OWN PRIOR DECISIONS.

GREENWOOD RESPECTFULLY REQUESTS THAT AFTER A PRELIMINARY EXAMINATION, THE WRIT OF CERTIORARI BE GRANTED AND THAT THIS COURT PROCEED UNDER ITS RULES TO

12

REVIEW THE MATTERS COMPLAINED OF, AND TO REVERSE THE JUDGMENT OF THE COURT OF CRIMINAL APPEALS, AND FOR SUCH OTHER RELIEF AS PETITIONER MAY BE ENTITLED.

## VERIFICATION OF STATEMENT OF FACTS

I DO HEREBY CERTIFY THAT THE FOLLOWING IS A VERBATIM COPY OF THE STATEMENT OF FACTS PRESENTED TO THE COURT OF APPEALS IN THE APPLICATION FOR REHEARING PURSUANT TO RULE 39 (d)(5)(A), A.R.A.P.

## STATEMENT OF FACTS

GREENWOOD WAS CONVICTED OF ROBBERY I , §13A-8-41, CODE OF ALA. , IN CONNECTION WITH AN ALLEGED ROBBERY OCCURRING ON APRIL 9, 2002. (R 34, L20 "D.A." DIRECT APPEAL) THE VICTIM, COPELAND, TESTIFIED THAT HE AND A 13 YEAR OLD BOY NAMED "SERILLO" WERE WALKING DOWN THE STREET BETWEEN 11-11:30 PM (D.A. R 36-37), WHEN TWO MEN, JAMAR BROWN AND AN ACCOMPLICE, CAME UP AND BROWN POINTED A GUN WHILE THE ACCOMPLICE RESTRAINED SERILLO. (D.A. R 42-44) COPELAND TESTIFIED HE WAS THEN ROBBED OF SEVERAL ITEMS INCLUDING A WALLET AND CELL PHONE. (D.A. R 51-52)

COPELAND IDENTIFIED GREENWOOD AS THE ACCOMPLICE TO BROWN. (D.A. R 54, L 5-17) COPELAND STATED GREENWOOD HAD "TWISTS" IN HIS HAIR (D.A. R 50, L 2-20); HOWEVER THERE WERE FOUR WITNESSES WHO TESTIFIED GREENWOOD NEVER WORE HIS HAIR IN TWISTS, AND IN FACT DID NOT HAVE IT IN TWISTS THE TIME OF OFFENSE : KIM GREENWOOD (D.A. R 101-102), DEVAN GREENWOOD (R 111, D.A.), LAVAN HOWARD (D.A. R 121), AND GREENWOOD HIMSELF. (D.A. R 140)

ORIGINALLY COPELAND WITHELD SERILLO'S IDENTITY FROM POLICE. (D.A. R 87, L 17-19) BUT, DURING GREENWOOD'S FIRST TRIAL (OCT 30,02 mistrial) COPELAND TESTIFIED TO SERILLO'S NAME AND WHERE HE LIVED. (R 55, L 5-16; R 61, L 8-13 D.A.) DEFENSE COUNSEL HAD OVER TWO MONTHS UNTIL THE INSTANT TRIAL

14

TO FIND AND SUBPOENA SERILLO, BUT HE DID NOT PUT FORTH THE EFFORT. THE STATE DID NOT SUBPOENA THIS SECOND VICTIM AND EYE WITNESS EITHER. (D.A. R 87, 90) CONSEQUENTLY GREENWOOD WAS DENIED HIS 6TH AMENDMENT RIGHT OF CONFRONTATION. <u>EVIDENCE SHOWED SERILLO WAS RESTRAINED BY GREENWOOD</u>. <u>THE ONLY WAY GREENWOOD COULD HAVE REFUTED THAT FACT WAS TO CROSS- EXAMINE SERILLO.</u>

AFTER NEGOTIATING A PLEA, CODEFENDANT BROWN TOLD THE D.A. THAT GREENWOOD WAS NOT HIS ACCOMPLICE, AND HE DID NOT KNOW GREENWOOD. (D.A. R59-60) BROWN ALSO SENT A MESSAGE TO GREENWOOD'S ATTORNEY TO THE SAME EFFECT AND SAID HE WOULD TESTIFY TO THIS FACT IN GREENWOOD'S TRIAL. (D.A. R 206) HOWEVER, AFTER THE D.A. VISITED BROWN CONCERNING HIS OFFER TO BE A DEFENSE WITNESS, BROWN SUDDENLY REFUSED TO TESTIFY. (D.A. R 207; Record on Appeal C 37)

<u>WITHOUT BROWN AND SERILLO'S TESTIMONY</u>, GREENWOOD WAS FOUND GUILTY ON OR ABOUT DECEMBER 11, 2002. (D.A. R 213, L 19-22) GREENWOOD WAS SENTENCED TO "LIFE" AS AN HABITUAL OFFENDER WITH 2 PRIORS. ON OR ABOUT DECEMBER 12, 2002, BROWN, THE TRIGGERMAN, RECEIVED A 20 YEARS SPLIT 3 YEARS TO SERVE AS PROMISED BY THE D.A.

ONCE BROWN WAS TRANSFERRED TO PRISON AND AWAY FROM MONTGOMERY COUNTY AND THE D.A., HE EXECUTED

AN AFFIDAVIT IN WHICH HE REASSERTED THE FACT THAT HE DID NOT KNOW GREENWOOD. BROWN ALSO STATED THE REASON HE CHANGED HIS MIND ABOUT TESTIFYING WAS THAT AFTER LEARNING OF HIS INTENTION TO BE A DEFENSE WITNESS, THE D.A. AND A "WHITE GUY" VISITED HIM AND INTIMATED THAT SHOULD HE TESTIFY, HE (BROWN) MIGHT NOT GET THE SENTENCE (20 SPLIT 3) HE EXPECTED. (C 36-39) THE AFFIDAVIT WAS SIGNED AND NOTARIZED ON MARCH 18, 2003. THIS AFFIDAVIT WAS THEN SENT THROUGH PRISONER'S HANDS AND FOUND ITS WAY TO GREENWOOD, WHO WAS AT A SEPARATE FACILITY, ON OR ABOUT MARCH 30, 2003.

THE STATE ALSO PRESENTED A WITNESS, HAROLD FRANKLIN, WHO TESTIFIED THAT BROWN AND GREENWOOD WERE SEEN TOGETHER ON A DATE PRIOR TO THE INSTANT OFFENSE. IN ACTUALITY, FRANKLIN HAD FILED CHARGES OF ROBBEY AGAINST GREENWOOD ON A PREVIOUS DATE. THOSE CHARGES WERE DISMISSED FOR LACK OF EVIDENCE. (D.A. R 150, L6-9) A DETECTIVE BUCE TESTIFIED THAT FRANKLIN HAD GIVEN HIM GREENWOOD'S NAME AS A SUSPECT FOR THE INSTANT OFFENSE. (D.A. R94, L11-15) FRANKLIN ALSO TESTIFIED THAT HE HIMSELF WAS A CONVICTED FELON.

ON SEPTEMBER 14, 2003, THE INSTANT RULE 32 PETITION WAS FILED BY PLACING IT IN THE U.S. PRISON MAILBOX. (C 13) THE TRIAL COURT SUMMARILY DENIED THE PETITION ON JANUARY 13, 2004. (C 77) THIS COURT AFFIRMED THE TRIAL COURT'S DENIAL ON AUGUST 13, 2004. APPLICATION FOR REHEARING

16

FOLLOWED.

WHEREFORE, ABOVE PREMISES CONSIDERED, GREENWOOD PRAYS THE COURT WILL GRANT A REHEARING IN THIS CAUSE.

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY THAT I HAVE SERVED A COPY OF THE FOREGOING BY PLACING SAME IN THE U.S. PRISON MAILBOX, FIRST-CLASS POSTAGE PREPAID AND ADDRESSED AS FOLLOWS.

LANE W. MANN, CLERK
ALABAMA COURT OF CRIMINAL APPEALS
300 DEXTER AVE. / P.O. BOX 301555
MONTGOMERY, AL 36130-1555

ATTORNEY GENERAL OF ALABAMA
ALABAMA STATE HOUSE
11 SOUTH UNION STREET
MONTGOMERY, AL 36130

DONE THIS ___4TH___ DAY OF ___SEPT.___, 2004.

RESPECTFULLY SUBMITTED,

*Kourtnee Greenwood*

KOURTNEE SOVENSKY GREENWOOD, pro se

17

# Court of Criminal Appeals

State of Alabama

Judicial Building, 300 Dexter Avenue

**P. O. Box 301555**

**Montgomery, AL 36130-1555**



RELEASED

AUG 1 3 2004

CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Wanda K. Ivey
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

MEMORANDUM

CR-03-0633                    Montgomery Circuit Court CC-02-909.60

<u>Kourtney Sovern Greenwood v. State</u>

McMILLAN, Presiding Judge.

On September 15, 2003, the appellant, Kourtney Sovern Greenwood, filed a Rule 32, Ala. R. Crim. P., petition, challenging his December 11, 2002, conviction of robbery in the first degree. The trial court sentenced him, as a habitual offender with two prior felony convictions, to life imprisonment. This court affirmed Greenwood's conviction in a memorandum opinion. In his Rule 32 petition, Greenwood stated the following grounds: (1) excessive sentence and insufficient indictment; (2) lack of jurisdiction; (3) illegal arrest; (4) improper sentencing under the HFOA; and (5) newly discovered evidence.[1] On November 24, 2003, the State moved

---

[1] Greenwood's first four claims are not addressed in this opinion because he did not include them in his appellate brief. This court is not obligated to consider issues and

1

to dismiss the petition, pleading, in pertinent part, that Greenwood had failed to state a claim on which relief could be granted and had also failed to raise any material issue of fact or law that would entitle him to relief. On December 24, 2003, Greenwood filed an amended petition, in which he added two claims of ineffective assistance of trial counsel. On January 13, 2004, the trial court summarily denied Greenwood's petition, on the grounds pleaded by the State.

The State's evidence tended to show that Jamar Brown and an accomplice approached Larry Copeland, Jr., and a 13-year old boy, "Serillo," at approximately 11:00 p.m. on April 8, 2002. Brown took Copeland's wallet at gunpoint while the accomplice restrained the boy. Copeland described the accomplice as a dark-skinned black male with "twists" in his hair. He subsequently identified Greenwood as the accomplice from a photographic line-up. Greenwood testified in his own behalf that he did not know Jamar Brown, that he was babysitting on the night of the robbery, and that he never wore his hair in "twists." Two relatives and Greenwood's girlfriend corroborated his testimony regarding his hairstyle, and the girlfriend also corroborated his babysitting claim. A rebuttal witness testified that he had seen Greenwood with Jamar Brown on March 30, 2002, and that Greenwood was wearing his hair in "twists" at that time.

I.

The appellant first contends that the trial court erred in denying his petition without conducting an evidentiary hearing. Whether to conduct an evidentiary hearing or render a judgment on the pleadings is a matter within the judgment of the trial court. Perry v. State, 565 So. 2d 691 (Ala. Crim. App. 1990). The court may summarily dispose of a petition if the petition fails to state a claim or if no material issue of fact or law exists which would entitle the petitioner to relief. Rule 32.7(d), Ala. R. Crim. P.

An evidentiary hearing was not required in the present case because Greenwood failed to state a claim that would

---

arguments not presented in briefs on appeal. Rule 45B, Ala. R. App. P.

entitle him to relief. The specific insufficiencies of his claims are set out in Parts II and III of this opinion. Greenwood also argues that the trial court did not address his claims of ineffective assistance in its order of dismissal. However, specific findings of fact were not required because an evidentiary hearing was not conducted. See Rule 32.9(d), Ala. R. Crim. P. The appellant has not offered any evidence that all of his claims were not properly considered by the circuit court.

## II.

The appellant contends that the trial court erred in failing to vacate his conviction, based upon his claim of newly discovered evidence. He argues that the testimony of Jamar Brown was "newly available" because Brown refused to testify at Greenwood's trial; that Brown's testimony was not cumulative because there was no other eyewitness who would testify that Greenwood was not the accomplice; and that the result probably would have been different if Brown's testimony had been available because only one witness testified to Greenwood's guilt. He also argues that Brown's affidavit provided newly discovered evidence of "prosecutorial misconduct in intimidating a key witness."

The appellant filed as an exhibit an affidavit executed by Jamar Brown on March 18, 2003, in which Brown stated that he did not know Greenwood and that Greenwood was not with him at the time of the robbery. Brown said that he gave this information about Greenwood to the prosecutor when he pleaded guilty on November 21, 2002; that she told him they had a case on Greenwood if he [Brown] did not testify; and that she would see about getting him [Brown] a split sentence or probation if he would "work with" her. Brown said that he was called to court on December 11, 2002, the day before he was sentenced, and he repeated the information about Greenwood to the prosecutor, a "white guy," and Greenwood's counsel. He also said that he told them that he was not willing to testify at Greenwood's trial. Brown said that he executed the affidavit because he subsequently learned that Greenwood had been convicted of the robbery.

In order to prevail on a claim of newly discovered evidence, a petitioner must show: (1) The facts were not known

3

by the petitioner or his counsel at the time of trial or sentencing or in time to file a Rule 24 motion or include them in a previous collateral proceeding, and they could not have been discovered by the exercise of reasonable diligence; (2) the facts are not merely cumulative; (3) the facts do not merely amount to impeachment evidence; (4) if the facts had been known at trial or sentencing, the result probably would have been different; and (5) the facts establish that the petitioner is innocent or should not have received the sentence that he received. Rule 32.1(e), Ala. R. Crim. P. Here, the appellant admits that he was aware of Brown's claims at the time of trial, but he argues that this evidence was "newly available" to him because Brown refused to testify before he [Brown] was sentenced and the two of them were incarcerated in separate facilities after that time.

The appellant has not proven his claim by a preponderance of the evidence, as required by Rule 32.3, Ala. R. Crim. P. Jamar Brown was sentenced on December 12, 2002. There is no evidence that Brown was unwilling to execute an affidavit as soon as his sentence was pronounced, as his testimony would have cost him nothing after that time. The appellant has not shown that he could not have obtained Brown's affidavit in time to file a motion under Rule 24, Ala. R. Crim. P.

It is not unusual for a codefendant to seek to exculpate his accomplice and, when such testimony would cost him nothing, it should be "carefully scrutinized." Marks v. State, 575 So. 2d 611, 617 (Ala. Crim. App. 1990). Unless the evidence against the appellant is ambiguous or weak, the trial court does not abuse its discretion by finding that a codefendant's post-conviction willingness to testify does not warrant a new trial. Id. Here, the victim positively identified the appellant as Jamar Brown's accomplice, and Brown's statements regarding Greenwood and the robbery were merely cumulative to Greenwood's own testimony at trial. The jury found Greenwood's claims unconvincing, and it is unlikely that Brown's testimony would have changed the result of the trial.

III.

The appellant's third contention is that his trial counsel was constitutionally ineffective on two grounds: (1)

4

He failed to subpoena a key witness, "Serillo," and the appellant's three children to testify at trial; and (2) he failed to object to the trial court's "improper" jury instructions. Greenwood contends on appeal that his appellate counsel was ineffective on the same two grounds. However, this contention cannot be considered because Greenwood did not include it in his petition to the trial court. This court will not consider an argument that is raised for the first time on appeal. <u>Eastland v. State</u>, 677 So. 2d 1275 (Ala. Crim. App. 1996).

<u>Strickland v. Washington</u>, 466 U.S. 668 (1984), requires an ineffective assistance claimant to show that the performance of his counsel was deficient and that the deficiency prejudiced the defense. The appellant's first claim is insufficient because he did not show that his counsel could have located Serillo[2] or that Serillo would have testified favorably at the trial. He also offered no evidence that his children would have testified that he was babysitting at the time of the offense. Victim Larry Copeland, Jr., clearly identified Greenwood as the accomplice, and the jury rejected Greenwood's claim that he was babysitting when the robbery occurred. It is doubtful that cumulative testimony from child witnesses would have changed the result of the trial.

The appellant's second claim of ineffectiveness also is insufficient. He contends that the following jury instructions were improper: "Also, before you reach a verdict, all twelve of you must agree on the same verdict. In other words, <u>there can be no split verdict</u> ... "<u>It must be unanimous</u>." (Emphasis by appellant.) He argues that these instructions led the jury to believe that if they were not convinced beyond a reasonable doubt, they "could not hold fast to th[ei]r own decision but must go with the majority view."

The appellant has offered no authority to support his second contention. Rule 28(a)(10), Ala. R. App. P., requires an appellant to support his contentions "with citations to the

---

[2]The appellant admits that Larry Copeland, Jr., "with[h]eld Serillo's identity [and last name] from the police."

cases, statutes, [and] other authorities." Because Greenwood did not comply with this requirement, he has not shown either a deficient performance by his counsel or resultant prejudice to the defense. <u>Strickland v. Washington</u>, supra.

AFFIRMED.

Cobb and Wise, JJ., concur. Baschab and Shaw, JJ., concur in the result.

SC No. _____

# IN THE SUPREME COURT OF ALABAMA

### KOURTNEE SOVENSKY GREENWOOD

PETITIONER

VS,

### STATE OF ALABAMA

RESPONDENT

PETITION FOR WRIT OF CERTIORARI TO ISSUE TO THE
ALABAMA COURT OF CRIMINAL APPEALS  # CR-03-0633
ON APPEAL FROM MONTGOMERY COUNTY CIRCUIT COURT
# CC 02-909.60

# " BRIEF IN SUPPORT OF PETITION "

KOURTNEE SOVENSKY GREENWOOD · # 179810
100 WARRIOR LANE  B-DORM
BESSEMER, AL 35023-7299

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................... P. i

TABLE OF AUTHORITIES ................................ P. ii

SUMMARY OF THE ARGUMENT ............................. P. 1

ARGUMENT ........................................... P. 2

CONCLUSION ......................................... P. 15

CERTIFICATE OF SERVICE ............................. P. 15

i

## TABLE OF AUTHORITIES

BULLARD V. STATE, CR-03-0280 (March 26, 2004, Ala. Cr. App.)   P.3

CAGE V. LOUISIANA, 498 U.S. 39 (1990)   P.15

CARROLL V. STATE, 706 So.2d 815 (Ala. Cr. App. 1997)   P.9

CLICK V. STATE, 821 So.2d 218 (Ala. Cr. App. 1999)   P.3

CORN JR. V. STATE, ___ So.2d 484 (Ala. Cr. App. 1986)   P.14

DAVIS V. ALASKA, U.S. 308, 39 L.Ed.2d 347, 94 S.Ct. 1105
(1974)   P.12

Ex parte GRAU, 791 So.2d 345 (Ala. 2000)   P.12

Ex parte HEATON, 542 So.2d 931 (Ala. 1989)   P.8

MARKS V. STATE, 575 So.2d 611 (Ala. Cr. App. 1990)   P.7

McTERRY V. STATE, 680 So.2d 957 (Ala. 1996)   P.13

POINTER V. TEXAS, 380 U.S. 400 (1965)   P.13

SAMPLES V. U.S., 121 F.2d 263, 314 U.S. 662 CCA (Ala.) 1941   P.5

STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984)   P.14

SWICEGOOD V. STATE, 646 So.2d 158 (Ala. Cr. App. 1993)   P.9

THOMAS V. STATE, 418 So.2d 921 (Ala. Cr. App. 1981)   P.5

WALLACE V. STATE, 27 Ala. App. 545, 176 So. 310 (1937)   P.6

## SUMMARY OF THE ARGUMENT

BECAUSE THE APPELLATE COURT'S DECISION IS IN CONFLICT WITH ALL THE AUTHORITIES CITED HEREIN, GREENWOOD AVERS THE DECISION OF THE APPELLATE COURT IS DUE TO BE REVERSED AND SUCH OTHER RELIEF AS HE MAY BE ENTITLED.

## ARGUMENT

## I.  BASED ON PRIOR DECISIONS, THE CASE WAS DUE TO BE REMANDED BACK TO THE CIRCUIT COURT BECAUSE THAT COURT FAILED TO ADDRESS CLAIMS THAT COULD HAVE BEEN MERITORIOUS

GREENWOOD RAISED THREE ISSUES THAT THE CIRCUIT COURT FAILED TO ADDRESS IN ITS ORDER SUMMARILY DISMISSING HIS PETITION, NOR DID THE STATE ADDRESS THEM IN ITS MOTION TO DISMISS THE PETITION: 1.) A KEY WITNESS'S SWORN AFFIDAVIT ALLEGING HE WAS COERCED AND INTIMIDATED INTO REFUSING TO TESTIFY FOR GREENWOOD'S DEFENSE; 2.) TRIAL COUNSEL FAILED TO SUBPOENA A KEY WITNESS; AND 3.) TRIAL COUNSEL FAILED TO OBJECT TO JURY INSTRUCTIONS WHICH DILUTED THE REASONABLE DOUBT STANDARD OF PROOF.

IN ITS ORDER AFFIRMING THE TRIAL COURT'S DECISION, THE APPELLATE COURT DID NOT ADDRESS THE ALLEGATIONS OF PROSECUTORIAL MISCONDUCT; AND THEY BASED THEIR DECISION ON GREENWOOD'S INEFFECTIVE COUNSEL CLAIMS ON THE TRIAL COURT'S INCOMPLETE FINDINGS. THE TRIAL COURT, HAVING PERSONALLY OBSERVED GREENWOOD'S TRIAL, WAS IN THE BEST POSITION TO JUDGE TRIAL COUNSEL'S PERFORMANCE.

FURTHER, THE APPELLATE COURT DID NOT FOLLOW ITS OWN PRIOR DECISIONS IN SIMILAR SITUATIONS. THE APPELLATE COURT SHOULD HAVE REMANDED THE CASE BACK

2

TO THE CIRCUIT COURT. IN THE CASE OF CLICK V. STATE, 821 SO. 2d 218 (Ala. Cr. App. 1999), THE APPELLATE COURT HELD:

"IN HIS PETITION, THE APPELLATE RAISED SEVERAL SUBSTANTIVE AND INEFFECTIVE-ASSISTANCE-OF-COUNSEL CLAIMS. IN ITS ORDER DISMISSING THE PETITION, THE CIRCUIT COURT ADDRESSED SOME, BUT NOT ALL, OF THE APPELLANT'S SUBSTANTIVE CLAIMS, BUT IT DID NOT ADDRESS ANY OF HIS INEFFECTIVE-ASSISTANCE-OF-COUNSEL CLAIMS. BECAUSE SOME OF THOSE ... CLAIMS RAISE ISSUES THAT COULD BE MERITORIOUS, THE CIRCUIT COURT ERRED IN NOT ADDRESSING THEM." REMANDED at 219

AND, AGAIN IN BULLARD V. STATE, CR-03-0280 (March 26, 2004, Ala. Cr. App.):

"HE [BULLARD] ALSO ARGUES THAT HIS TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE ... THE STATE DID NOT SPECIFICALLY REFUTE THE APPELLANT'S CLAIMS. ALSO, IN ITS ORDER DISMISSING THE PETITION, THE CIRCUIT COURT DID NOT SPECIFICALLY ADDRESS THE CLAIMS. BECAUSE THE APPELLANT'S CLAIMS ... COULD BE MERITORIOUS, THE CIRCUIT COURT ERRED IN NOT ADDRESSING THEM." REMANDED at 2-3

THUS, BASED ON THE APPELLATE COURT'S OWN PRIOR DECISIONS, A REMAND FOR SPECIFIC, WRITTEN FINDINGS OF FACT AND/OR AN EVIDENTIARY HEARING WAS REQUIRED.

3

## II. WITHOUT WAIVING THE ARGUMENT IN ISSUE I, AND IN THE ALTERNATIVE, RELIEF WAS DUE ON THE MERIT OF THE CLAIMS

## A. NEWLY DISCOVERED EVIDENCE

### (1.) PROSECUTORIAL MISCONDUCT

HERE, BROWN GAVE HIS INTENTION TO BE A WITNESS FOR THE DEFENSE TO GREENWOOD'S ATTORNEY, MR. HARTLEY. BROWN TOLD HARTLEY THAT HE WOULD TESTIFY THAT HE (BROWN) DID NOT KNOW GREENWOOD AND THAT GREENWOOD WAS NOT HIS ACCOMPLICE IN THE ROBBERY. AFTER HARTLEY INFORMED THE JUDGE'S OFFICE THAT BROWN WOULD BE A DEFENSE WITNESS, AND A LITTLE LATER THAT SAME DAY, A COURT OFFICIAL TOLD HARTLEY THAT BROWN HAD CHANGED HIS MIND AND NOW RE-FUSED TO TESTIFY. (DA, R 207, L 1-11)

NOT UNTIL GREENWOOD RECEIVED BROWN'S AFFIDAVIT, ON OR ABOUT MARCH 30, 2003, DID GREENWOOD LEARN THE REASON FOR BROWN'S REFUSAL TO TESTIFY. BROWN CLAIMED THE PROSECUTOR, MS. PERKINS, CAME TO HIM AFTER SHE LEARNED OF HIS INTENTION TO TESTIFY, AND INTIMATED TO HIM THAT, SHOULD HE TESTIFY, IT MIGHT ADVERSELY AFFECT HIS OWN UPCOMING SENTENCING.

SOME OF BROWN'S ALLEGATIONS IN HIS AFFIDAVIT ARE AS FOLLOWS:

4

"D.A. PERKINS SAID, 'WE MEAN WITHOUT YOU TESTIFYING IN COURT FOR THIS GUY (GREENWOOD) WE HAVE A CASE ON HIM...'"

"MR. JAMAR BROWN, YOU WORK WITH ME, I'LL WORK WITH YOU.... I'LL SEE TO YOU GETTING [A] 20/3 S.A.P. AND RETURN FOR PROBATION ... YOU DON'T HAVE TO WORRY 'BOUT NOTHING. I'M GOING TO TALK TO THE JUDGE...'"

"I'LL SEE YOU ON DECEMBER 12 (THE SENTENCING DATE), 'TIL THEN JUST REMEMBER WHAT I SAID." (C 37)

ACCORDING TO BROWN'S AFFIDAVIT, THE STATE CLEARLY PERSUADED BROWN TO ABSENT HIMSELF AS A DEFENSE WITNESS. THE U.S. SUPREME COURT RULED IN SAMPLES V. U.S., 121 F.2d 263, 314 U.S. 662 CCA5 (ALA.) 1941:

"IT IS NOT NECESSARY TO THE ENFORCEMENT OF THE STATUTE DEFINING THE OFFENSE OF CORRUPTLY ENDEAVORING TO INFLUENCE A WITNESS IN A FEDERAL COURT THAT A WITNESS IS PREVENTED FROM TESTIFYING BY THREATS OR FORCE, BUT IF A WITNESS IS CORRUPTLY PERSUADED TO ABSENT HIMSELF... THE ACT IS VIOLATED."

FURTHER, THE APPELLATE COURT'S OWN PRIOR DECISION IN THOMAS V. STATE, 418 So.2d 921 (ALA. Cr. App. 1981), HELD:

"WHILE THE STATE MAY PROPERLY OFFER A RECOMMENDATION

5

OF LENIENCY IF THE DEFENDANT WILL TESTIFY FOR THE STATE AND PLEAD GUILTY, IT WOULD CONSTITUTE A VIO- LATION OF AN ACCUSED'S RIGHT OF DUE PROCESS OF LAW FOR THE STATE TO THREATEN A WITNESS FOR THE DEFEND- ANT WITH PROSECUTION OR TREATMENT AS AN HABITUAL OFFENDER IF HE TESTIFIED FOR THE ACCUSED." See Also WALLACE V. STATE, 27 ALA. APP. 545 — INTIMIDATION CAN BE MADE BY PERSUASION, ADVICE, 176 SO. 310 (1937) OR THREATS.

HERE, BROWN ALLEGES THE STATE INTIMATED A POS- SIBLE HARSHER SENTENCE AT HIS (BROWN) OWN UPCOMING SENTENCING. THUS, GREENWOOD'S DUE PROCESS RIGHTS WERE VIO- LATED BY THE STATE BY ROBBING HIM OF HIS 6TH AMENDMENT RIGHT TO OBTAIN WITNESSES IN HIS FAVOR. THUS, BOTH THE CIR- CUIT AND APPELLATE COURT ERRED IN FAILING TO ADDRESS THIS MERITORIDUS ISSUE, AND RELIEF IS DUE. IF THE JURY WOULD HAVE KNOWN OF THE STATE'S ACTIONS IN PERSUADING BROWN NOT TO TESTIFY, IT WOULD HAVE GIVEN ADDED CREDI- BILITY TO GREENWOOD'S CLAIM OF INNOCENCE, THUS A PROB- ABILITY OF A DIFFERENT RESULT.

(2.) TESTIMONY OF BROWN — NEWLY AVAILABLE

IN ITS OPINION, THE COURT'S ARGUMENT IS TWOFOLD CONCERNING THE SUBSTANCE OF BROWN'S AFFIDAVIT. FIRST, THEY ARGUE "THERE IS NO EVIDENCE THAT BROWN WAS UNWILLING TO EXECUTE AN AFFIDAVIT AS SOON AS HIS SENTENCE WAS PRONOUNCED ... THE APPELLANT HAS NOT SHOWN THAT HE COULD NOT HAVE OBTAINED BROWN'S AF- FIDAVIT IN TIME TO FILE A MOTION UNDER RULE 24..."

6

(p.4)

HERE, GREENWOOD DID NOT KNOW THE REASON FOR BROWN'S SUDDEN REFUSAL TO TESTIFY, i.e., PROSECUTORIAL PERSUASION. THIS FACT ONLY CAME TO LIGHT WHEN GREENWOOD RECEIVED THE AFFIDAVIT ON OR ABOUT MARCH 30, 2004. THE ONLY FACT GREENWOOD WAS MADE AWARE OF PRIOR TO HIS OWN TRIAL, WAS THAT BROWN DECIDED NOT TO TESTIFY.

FROM THE VERY NATURE OF BROWN'S AFFIDAVIT, IT IS OBVIOUS THAT BROWN WOULD HAVE BEEN UNWILLING TO EXECUTE AN AFFIDAVIT WHILE STILL IN THE MONTGOMERY COUNTY JAIL FOR FEAR OF RETALIATION FROM THE PROSECUTOR. BROWN HAD ALREADY BEEN THREATENED, AND IT IS CLEAR THAT HE DID NOT WANT TO JEOPARDIZE HIS OWN SENTENCE. BROWN EXECUTED THE AFFIDAVIT AS SOON AS HE FELT COMFORTABLE THAT NO ILL WILL FROM THE PROSECUTOR WOULD BEFALL HIM. GREENWOOD HAD NO WAY TO CONTACT BROWN WHILE IN THE COUNTY JAIL. FURTHER, BOTH WERE TRANSFERRED TO SEPARATE FACILITIES. IT IS UNREASONABLE FOR THE APPELLATE COURT TO ASSUME BROWN'S AFFIDAVIT WOULD HAVE BEEN AVAILABLE ANY SOONER.

SECOND, THE APPELLATE COURT ARGUED THAT IT WAS NOT UNUSUAL FOR A CODEFENDANT TO SEEK TO EXCULPATE HIS ACCOMPLICE. THE COURT CITED MARKS V. STATE, 575 So. 2d 611, 617 (Ala. Cr. App. 1990) AS AUTHORITY, ALSO ARGUING THAT BROWN'S TESTIMONY WOULD HAVE COST HIM (BROWN) NOTHING.

7

HOWEVER, HERE, BROWN ANNOUNCED HIS INTENTION TO TESTIFY <u>BEFORE HE HAD SECURED HIS OWN PLEA</u>. HENCE, THAT WAS THE REASON FOR THE PROSECUTIONS PERSUASIVE INTIMIDATION. (DA, R 59-60) THUS IT WOULD HAVE, AND IF THE STATE'S ACTIONS WERE TO BE BELIEVED, PROBABLY COULD HAVE COST HIM A LOT.

THE COURT ALSO ARGUED THAT THE SUBSTANCE OF BROWN'S AFFIDAVIT WOULD HAVE BEEN MERELY CUMULATIVE TO GREEN-WOODS OWN TESTIMONY AT TRIAL. (p. 4) THIS ARGUMENT MUST FAIL ON TWO PARTS.

(a.) THERE WAS NO EVIDENCE PRESENTED DURING TRIAL OF PROSECUTORIAL MISCONDUCT. THUS, THAT PORTION OF THE AFFIDAVIT WAS NOT CUMULATIVE TO FACTS KNOWN AT TRIAL.

(b.) THIS COURT RULED IN <u>Ex parte Heaton</u>, 542 So. 2d 931 (Ala. 1989) at 933, THAT, EVEN IF CUMULATIVE, IF NEWLY DISCOVERED EVIDENCE WOULD PROBABLY CHANGE THE OUTCOME OF THE TRIAL — A NEW TRIAL IS REQUIRED.

HERE, COPELAND, THE VICTIM, WAS THE ONLY PERSON TO IDENTIFY GREENWOOD AS BROWN'S ACCOMPLICE DURING THE ROB-BERY. CONTRARYWISE, FOUR WITNESSES TESTIFIED THAT GREENWOOD COULD NOT HAVE BEEN THE OFFENDER: KIM GREENWOOD (DA, R 101, L 4-12); DEVIN GREENWOOD (DA, R

8

111, 9-13, 16-25)"; LAVAN HOWARD (DA. R 121, L18-21)"; AND GREENWOOD HIMSELF. (DA. R 140, L15-22)

GREENWOOD SHOWED, BY A PREPONDERANCE OF THE EVIDENCE, THAT BROWN'S TESTIMONY HAD A REASONABLE PROBABILITY OF CHANGING THE OUTCOME OF THE TRIAL. WHAT MORE COULD BE SHOWN: 1.) PROSECUTOR MISCONDUCT, 2.) ACCOMPLICE TESTIMONY OF GREENWOOD'S INNOCENCE, ETC. THUS, UNDER HEATON, A NEW TRIAL WAS REQUIRED.

FURTHER, AS HERE WHEN THE STATE FAILS TO REFUTE A PETITIONER'S CLAIMS (THEY DID NOT ADDRESS THE ISSUE OF PRO-SECUTORIAL MISCONDUCT), THOSE CLAIMS MUST BE TAKEN AS TRUE. See SWICEGOOD V. STATE, 646 So.2d 158 (Ala. Cr. App. 1993)

AGAIN, IN CARROLL V. STATE, 706 So.2d 815 (Ala. Cr. App. 1997), WHERE THE APPELLANT ARGUED THAT THE STATE'S KEY WITNESS TESTIFIED FALSELY AND THAT THE OUTCOME WOULD LIKE-LY HAVE BEEN DIFFERENT HAD THAT FACT BEEN KNOWN AT TRIAL OR SENTENCING, THE TRIAL COURT ERRED IN DENYING HIS RULE 32 PETITION WITH RESPECT TO HIS CLAIM OF NEWLY DISCOVERED EVIDENCE.

THUS, BASED ON PRIOR DECISIONS, AN EVIDENTIARY HEARING AND/OR RELIEF WAS DUE.

B. INEFFECTIVE ASSISTANCE OF COUNSEL

9

A. COUNSEL FAILED TO SUBPOENA EYE-WITNESS AND VICTIM OF CRIME THUS ROBBING GREENWOOD OF HIS 6TH AMENDMENT RIGHT OF CONFRONTATION

## DEFICIENT PERFORMANCE

HERE, THE APPELLATE COURT ARGUES THAT GREENWOOD DID NOT SHOW THAT HIS COUNSEL COULD HAVE LOCATED SERILLO. HOWEVER, IN GREENWOOD'S BRIEF HE ARGUED THAT COUNSEL KNEW OF SERILLO'S IDENTITY AT LEAST TWO MONTHS PRIOR TO TRIAL. SERILLO'S NAME CAME OUT IN GREENWOOD'S FIRST TRIAL, WHICH RESULTED IN A MISTRIAL. (Brief of Appellant, p. 18) (DA. R55, L5-16; 61, L8-13) HOWEVER, COUNSEL TOOK NO STEPS TO LOCATE OR SUBPOENA SERILLO.

ADDITIONALLY, DURING THE SECOND TRIAL, COPELAND'S TESTIMONY SHOWED THAT SERILLO LIVED FOUR HOUSES DOWN THE STREET FROM COPELAND'S COUSIN. ( THE TRIAL COURT ALSO ADDRESSED THIS MATTER AND TOLD COUNSEL HE HAD AMPLE TIME TO FIND SERILLO. ( DA. R37, L6-17; 60, L23-25; 61) WE ALSO HAVE ON RECORD COUNSEL'S OWN STATEMENT ABOUT HIS OWN INEFFECTIVENESS:

" THAT'S [SERILLO] ONE OF THE WITNESSES WE NEED HERE..." (DA. R168 - R169, L8-9)

THUS, COUNSEL'S DEFICIENT PERFORMANCE IS EASILY ESTABLISHED.

10

PREJUDICE TO GREENWOOD'S DEFENSE

HERE, COPELAND'S TESTIMONY DURING TRIAL ALLEGED THAT GREENWOOD RESTRAINED SERILLO WHILE BROWN ROBBED COPELAND. (DA. R 67, L18-24) THUS, ALTHOUGH ABSENT, SERILLO WAS EFFECTIVELY A WITNESS AGAINST GREENWOOD.

FURTHER, THE STATE PRESENTED A WITNESS, HAROLD FRANKLIN, WHICH REBUTTED THE DEFENSE'S CLAIM THAT GREENWOOD AND BROWN DID NOT KNOW EACH OTHER. FRANKLIN, AN ADMITTED CONVICTED FELON (D.A. R 151, L 14-25), IN THIS SAME TIME PERIOD HAD FILED CHARGES AGAINST GREENWOOD FOR ROBBERY. THOSE WERE DISMISSED BECAUSE GREENWOOD DID NOT COMMIT THE CRIME, NOR DID GREENWOOD KNOW FRANKLIN. (DA. R 95, L10-19) FRANKLIN TESTIFIED HE HAD SEEN BROWN AND GREENWOOD TOGETHER PRIOR TO THE INSTANT OFFENSE. (DA. R 150, L 6-9) THEN FRANKLIN STATED HE DO NOT RECOGNIZE BROWN WHEN HE SEE HIM. (DA. R 148, L17-18) IT IS CLEAR TO SEE THAT FRANKLIN WAS A VICTIM IN A SIMILAR CRIME WHO WAS SEEKING JUSTICE. HE LIED, AND HE HAD MOTIVE TO LIE. HIS TESTIMONY CANNOT BE BELIEVED. (FRANKLIN ALSO STATED HE DO NOT GREENWOOD. DA. R. 149, L14-25)

THE RIGHT TO CONFRONT THE WITNESSES AGAINST AN ACCUSED IS GUARANTEED BY THE 6TH AMENDMENT OF THE U.S. CONSTITUTION. THE ONLY WAY GREENWOOD COULD HAVE EFFECTIVELY REFUTED THE STATE'S EVIDENCE, THAT HE RESTRAINED SERILLO AS BROWN'S ACCOMPLICE, WAS TO PERSONALLY CROSS-EXAMINE SERILLO. HAD SERILLO BEEN SUBPOENAED, HE WOULD HAVE TESTIFIED TO THE FACT THAT GREENWOOD DID NOT RESTRAIN HIM ON THE NIGHT IN QUESTION- APRIL 9, 2002, THE DATE OF OFFENSE. THAT STATEMENT ALONE WOULD HAVE DISCREDITED COPELAND'S

11

TESTIMONY, AND, WOULD HAVE CHALLENGED COPELAND'S VIEW OF THE CRIME SCENE, AGAINST HIS VISIBILITY OF THE AC-COMPLICE OF BROWN. THOSE CHALLENGES COULD NOT, AND WERE NOT, MADE WITHOUT SERILLO'S TESTIMONY. SERILLO'S TESTI-MONY WAS NEEDED TO SHOW THAT GREENWOOD WAS NOT THE PERSON WHO HELD HIM THAT NIGHT. SERILLO OBVIOUSLY HAD A BETTER LOOK AT THE OFFENDER WHO PERSONALLY RESTRAIN-ED HIM, THAN DID COPELAND WHO WAS BEING HELD AT GUN POINT. See Ex parte GRAU, 791 So.2d 345 (Ala. 2000)(INEFF. ASST.)

GREENWOOD COULD NOT REFUTE THE STATE'S ALLEGATION THROUGH COPELAND THAT HE (GREENWOOD) AIDED AND AB-EDDED BROWN BY RESTRAINING SERILLO DURING A ROBBERY. COUNSEL KNEW, BY HIS OWN STATEMENT ON RECORD, THAT HE COULD NOT CHALLENGE THE STATE'S ONLY EVIDENCE WITHOUT SUBPOENAING SERILLO TO TESTIFY TO THE EVENTS THAT ACT-UALLY TRANSPIRED THAT NIGHT. BUT, COUNSEL STILL FAILED TO SUBPOENA SERILLO. See Ex parte GRAU, 791 So.2d 345 (Ala. 2000) (INEFFECTIVE ASST.) FOR FAILING TO SUBPOENA WITNESS WHO COULD HAVE REFUTED STATE'S ONLY EVIDENCE INDICATING DEFENDANT COMMITTED OFFENSE.

THE U.S. SUPREME COURT HELD IN DAVIS V. ALASKA, U.S. 308, 39 L.Ed.2d 347, 94 S.Ct. 1105 (1974):

" THE SIXTH AMENDMENT OF THE CONSTITUTION GUARANTEES THE RIGHT OF AN ACCUSED IN A CRIMINAL PROSECUTION 'TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM,' THE RIGHT IS SECURED FOR DEFENDANTS IN STATE AS WELL AS FEDERAL CRIMINAL PROCEEDINGS ... OUR CASES CONSTRUING THE [CON-FRONTATION] CLAUSE HOLD THAT A PRIMARY INTEREST

12

SECURED BY IT IS <u>THE RIGHT OF CROSS-EXAMINATION.</u> "

" PETITIONER WAS THUS DENIED THE RIGHT OF EFFECTIVE CROSS-EXAMINATION WHICH 'WOULD BE CONSTITUTIONAL ERROR OF THE FIRST MAGNITUDE, AND <u>NO AMOUNT OF SHOWING OF WANT OR PREJUDICE WOULD CURE IT.</u> " at 355. See Also <u>POINTER V. TEXAS</u>, 380 U.S. 400 (1965) at 404.

GREENWOOD NOTES THE INSTANT CASE IS SIMILAR TO THIS COURT'S HOLDING IN <u>McTERRY V. STATE</u>, 680 So.2d 957 (Ala. 1996):

" THE APPELLANT ARGUES THAT [COUNSEL FAILED TO SUBPOENA A KEY WITNESS]. ALTHOUGH WE DO NOT PASS ON THE MERITS OF THIS CLAIM, WE NOTE THAT TRIAL COUNSEL'S RELIANCE ON THE STATE'S SUBPOENA LIST TO SECURE [THE WITNESS'S] TESTIMONY <u>BORDERS ON INEFFECTIVE PERFORMANCE</u> ... THIS IS ESPECIALLY TRUE HERE BECAUSE [THE WITNESS] WAS AN EYE-WITNESS TO THE SHOOTING. " at 956 (Citations omitted)

" THE ONLY EVIDENCE CONNECTING THE APPELLANT WITH THE CRIME WAS THE EYE-WITNESS TESTIMONY OF JELKS. (THE VICTIM) THE APPELLANT DENIED HE WAS THE SHOOTER ... "

IN THAT CASE, TRIAL COUNSEL TRIED TO SUBPOENA THE WITNESS LATE, AND THE COURT DENIED HIS REQUEST. THE APPELLATE COURT REVERSED THE CONVICTION HOLDING THE TRIAL COURT VIOLATED THE APPELLANT'S DUE PROCESS

13

RIGHTS BY DENYING THE LATE REQUEST FOR A SUBPOENA.

HERE, EVEN IF THE COURT WOULD HAVE DENIED GREENWOOD'S REQUEST TO SUBPOENA SERILLO, THAT DENIAL WOULD BE REVERSIBLE ERROR. THUS, COUNSEL'S ERROR IN FAILING TO SUBPOENA SERILLO ALSO VIOLATED GREENWOOD'S DUE PROCESS AND 6TH AMENDMENT RIGHTS. See Also CORN JR. V. STATE, ____ So.2d 484, (Ala. Cr. App. 1986)

## PROBABILITY OF A DIFFERENT RESULT

UNDER STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984), A CLAIMANT LIKE GREENWOOD MUST ALSO ESTABLISH THAT ABSENT COUNSEL'S ERROR, THERE IS A PROBABILITY OF A DIFFERENT RESULT. THAT IS EASY TO ESTABLISH HERE. COPELAND WAS THE ONLY VICTIM AND EYE WITNESS TO TESTIFY. HE IDENTIFIED GREENWOOD AS SERILLO'S RESTRAINER. IF SERILLO WAS ALLOWED TO TESTIFY GREENWOOD WAS NOT THE OFFENDER, THE JURY WOULD HAVE ACQUITTED HIM.

B. COUNSEL FAILED TO OBJECT TO MISLEADING JURY INSTRUCTIONS WHICH DILUTED THE REASONABLE DOUBT STANDARD OF PROOF AND ROBBED GREENWOOD OF A FAIR TRIAL

HERE, THE COURT CHARGED THE JURY: "ALSO, BEFORE YOU REACH A VERDICT, ALL TWELVE OF YOU MUST AGREE ON THE SAME VERDICT. IN OTHER WORDS, THERE CAN BE NO SPLIT VERDICT..." "IT MUST BE UNANIMOUS." (DA. R 200 ²23-25 ', 201)

14

HERE, THE COURT LED THE JURY TO BELIEVE THAT THEY HAD TO GO WITH THE MAJORITY VIEW. IN OTHER WORDS, IF EACH JUROR WAS NOT CONVINCED BEYOND A REASONABLE DOUBT OF GREENWOOD'S GUILT, OR INNOCENCE, THEY COULD NOT CAUSE A SPLIT VERDICT OR HUNG JURY. THIS WAS CLEARLY MISLEADING. THE FACT IS, HUNG JURIES HAPPEN QUITE FREQUENTLY. See CAGE V. LOUISIANA, 498 U.S. 39 (1990) WHERE THE COURT REVERSED A CONVICTION FOR MIS-LEADING INSTRUCTIONS SUCH AS THESE.

## CONCLUSION

BASED ON THE FOREGOING REASONS, THE APPELLATE COURT ERRED IN FAILING TO FOLLOW ITS OWN PRIOR DECISIONS, THE PRIOR DECISIONS OF THE U.S. SUPREME COURT, AND THE ALABAMA SUPREME COURT. PETITIONER PRAYS THIS COURT WILL REVERSE THE DECISION OF THE APPELLATE COURT AND ORDER SUCH OTHER RELIEF AS HE MAY BE ENTITLED.

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY THAT I HAVE SERVED COPIES OF THE FOREGOING BY PLACING SAME IN THE U.S. PRISON MAILBOX, FIRST-CLASS POSTAGE PREPAID AND ADDRESSED AS FOLLOWS.

ATTORNEY GENERAL OF ALABAMA, CRIMINAL APPEALS DIV.
11 SOUTH UNION STREET
MONTGOMERY, AL 36130

15

LANE W. MANN, CLERK
ALABAMA COURT OF CRIMINAL APPEALS
300 DEXTER AVE. / P.O. BOX 301555
MONTGOMERY, AL 36130-1555

DONE THIS ____4TH____ DAY OF ____SEPT.____, 2004.

RESPECTFULLY SUBMITTED,

_Kourtnee Greenwood_
KOURTNEE SOVENSKY GREENWOOD, prose

16