# VOLUME 1 OF 1

COURT OF CRIMINAL APPEALS NO. _CR-04-0334_

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

FROM

CIRCUIT COURT OF _Montgomery_ COUNTY, ALABAMA

CIRCUIT COURT NO. _CC 02-909.61_

CIRCUIT JUDGE _Hobbs_

Type of Conviction / Order Appealed From: _Rule 32_

Sentence Imposed: _____

Defendant Indigent: ■ YES ☐ NO

_Kourtney Greenwood_
NAME OF APPELLANT

_Kourtney Greenwood    AIS# 179810_
(Appellant's Attorney)                    (Telephone No.)
_Donaldson C.F.  -  100 Warrior Lane_
(Address)
_Bessemer        AL        35023_
(City)              (State)            (Zip Code)

V.

## STATE OF ALABAMA

(State represented by Attorney General)                    NAME OF APPELLEE
NOTE: If municipal appeal, indicate above, and enter
name and address of municipal attorney below.

_____

_____

(For Court of Criminal Appeals Use Only)


STATE'S
EXHIBIT

PENGAD 800-631-6989

# INDEX
## CLERK'S RECORD

CASE ACTION SUMMARY...................................................................    1

RULE 32 PETITION............................................................................    2-35

SUPPLEMENT TO RULE 32 PETITION...............................................    36-40

STATE'S MOTION TO DISMISS OR IN THE ALTERNATIVE ANSWER TO
DEF'S PETITION FOR RELIEF FROM CONVICTION OR SENTENCE............    41-45

ORDER DENYING RULE 32 PETITION................................................    46-47

NOTICE OF APPEAL...........................................................................    48

REPORTER'S TRANSCRIPT ORDER.....................................................    49

DOCKETING STATEMENT...................................................................    50-51

2ND REPORTER'S TRANSCRIPT ORDER..................................................    52

2ND DOCKETING STATEMENT.......................................................    53-54

APPEAL TRANSMITTAL......................................................................    55

CERTIFICATE OF COMPLETION..........................................................    56

```
ACRO372            ALABAMA JUDICIAL INFORMATION SYSTEM      CASE:
OPER: TOR                   CASE ACTION SUMMARY
F  E:  1                    CIRCUIT  CRIMINAL            RUN DATE: 11/10/2004
=========================================================================
  THE CIRCUIT COURT OF MONTGOMERY                          JUDGE: TMH

STATE  OF  ALABAMA                VS      GREENWOOD KOURTNEY SOVERN
                                          DONALDSON C.F.
CASE: CC 2002 000909.61                   100 WARRIOR LANE
                                          BESSEMER, AL  35023 0000

DOB: 12/11/1979        SEX: M  RACE: B  HT: 5 11  WT: 135   HR:        EYES:
SSN: 903000909  ALIAS NAMES: COURTNEY GREENWOOD       KOURTNEE GREENWOOD
=========================================================================
CHARGE01:  RULE 32-FELONY     CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                          AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:                     DATE ARRESTED: 07/24/2002
DATE    INDICTED:                     DATE     FILED: 11/05/2004
DATE    RELEASED:                     DATE   HEARING:
BOND     AMOUNT:      $30,000.00         SURETIES:

DATE 1:         DESC:                  TIME: 0000
DATE 2:         DESC:                  TIME: 0000

TRACKING NOS: CC 2002 000909 00  /                 /

  DEF/ATY:                   TYPE:                          TYPE:

                          00000                   00000

PROSECUTOR:
```

```
=========================================================================
C    CSE: CC200200090900 CHK/TICKET NO:              GRAND JURY:
     T REPORTER:              SID NO:       001357047
     STATUS: PRISON          DEMAND:                       OPER: TOR
=========================================================================
DATE      ACTIONS,  JUDGEMENTS,  AND  NOTES
=========================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 11/10/04 | Copy Sent to DA & Def. |
| 11/17/04 | Supplement to Rule 32 Petition |
| 11/18/04 | States Motion to Dismiss Or In The Alternative Answer to Def's Petition For Relief From Conviction Or Sentence |
| 11/18/04 | Order Denying Rule 32 Petition |
| 11/29/04 | Notice Of Appeal w/out Forms |
| 12/01/04 | Cert Of Appeal To Crim Appls, AG, DA&Def w/ Forms |
| 12/08/04 | Forms Filed |

**2**

Case Number

**CC 02 909.61**
ID    YR    NUMBER
(To be completed  *TMH*
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

_MONTGOMERY  CO.  CIRCUIT  COURT_
[Insert appropriate court]

<u>KOURTNEE  SOVENSKY  GREENWOOD</u>
(Petitioner)

vs.

<u>STATE  OF  ALABAMA</u>
(Respondent(s)

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, <u>KOURTNEE  SOVENSKY  GREENWOOD</u>, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No ✓

    a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

    _____

    _____

    b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

    _____

    _____

2. Have you received within the past twelve months any money from any of the following sources?

    a. Business, profession, or other form of self-employment?

    Yes _____        No ✓

    b. Rent payments, interest, or dividends?

    Yes _____        No ✓

    c. Pensions, annuities, or life insurance payments?

    Yes _____        No ✓

    d. Gifts or inheritances?

    Yes _____        No ✓

    e. Any other sources?

    Yes _____        No ✓

NOV 2004
Filed
Melissa Rittenour
Circuit Clerk

**3**

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____

_____

_____

_____

3. Do you own cash, or do you have money in a checking or savings account?

Yes _____          No __✓__

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_____

_____

4. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No __✓__

If the answer is "yes", describe the property and state its approximate value.

_____

_____

_____

5. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on   _NOVEMBER 1, 2004_
                    (Date)

X _Kourtree Greenwood_
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _30 02_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _William E. Donaldson_ institution.

COPY FOR COURT
ATTACHED

_11/2/04_
DATE

AUTHORIZED OFFICER OF INSTITUTION

Rule 32          My Commission Expires _5/31/2008_

_Patricia H. Parsons_
_notary_

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
W.E. DONALDSON CORR. FACILITY

AIS #: 179810      NAME: GREENWOOD, KOURTNEY SOVERN      AS OF: 11/02/2004

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| NOV | 28 | $13.65 | $50.00 |
| DEC | 31 | $5.87 | $60.00 |
| JAN | 31 | $23.98 | $40.00 |
| FEB | 28 | $12.35 | $0.00 |
| MAR | 31 | $0.05 | $0.00 |
| APR | 30 | $32.43 | $180.00 |
| MAY | 31 | $85.70 | $0.00 |
| JUN | 30 | $27.60 | $0.00 |
| JUL | 31 | $8.31 | $40.00 |
| AUG | 31 | $39.55 | $80.00 |
| SEP | 30 | $30.91 | $20.00 |
| OCT | 31 | $13.74 | $40.00 |
| NOV | 2 | $30.02 | $0.00 |

COURT COPY

# PETITION FOR RELIEF FROM
# CONVICTION OR SENTENCE
### (Pursuant to Rule 32,
### Alabama Rules of Criminal Procedure)

**Case Number**

CC 02 909.61

| ID | YR | NUMBER |

IN THE _Montgomery Co. Circuit_ COURT OF _Montgomery_, ALABAMA _TMH_

_Kourtnee Sovensky Greenwood_ vs. _State Of Alabama_
Petitioner (Full Name)                              Respondent

[Indicate either the "State" or,
if filed in municipal court, the
name of the "Municipality"]

Prison Number _179810_ Place of Confinement _Donaldson Corr. Fac_

County of conviction _Montgomery_

**NOTICE:    BEFORE COMPLETING THIS FORM, READ CAREFULLY
THE ACCOMPANYING INSTRUCTIONS.**

1.  Name and location (city and county) of court which entered the judgment of conviction
    or sentence under attack _Montgomery Co. Circuit_
    _Montgomery, AL_

2.  Date of judgment of conviction _December 11, 2002_

3.  Length of sentence _Life_

4.  Nature of offense involved (all counts) _Robbery I_

_[Circular stamp: NOV 2004 Filed, Melissa Rittenour Circuit Clerk]_

5.  What was your plea?   (Check one)
    (a)  Guilty _____
    (b)  Not guilty _✓_
    (c)  Not guilty by reason of mental disease or defect _____
    (d)  Not guilty and not guilty by reason of mental disease or defect _____

3

6. Kind of trial: (Check one)

   (a)  Jury __✓__          (b)  Judge only _____

7. Did you testify at the trial?

   Yes __✓__                No _____

8. Did you appeal from the judgment of conviction?

   Yes __✓__                No _____

9. If you did appeal, answer the following:

   (a)  As to the state court to which you first appealed, give the following information:

        (1)  Name of court _Ala. Court of Appeals_

        (2)  Result _Affirmed_

        (3)  Date of result _June, 2003_

   (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

        (1)  Name of court _Ala. Supreme Court_

        (2)  Result _Writ Denied_

        (3)  Date of result _August 15, 2003_

   (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

        (1)  Name of court _____

        (2)  Result _____

        (3)  Date of result _____

**7**

10. Other than a direct appeal on the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _✓_          No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a)  (1)  Name of court _Montgomery Co. Circuit Court_

  (2)  Nature of proceeding _Rule 32_

  (3)  Grounds raised _New Evidence_
  _Ineffective Counsel_

  _____

  _____

  _____

  (attach additional sheets if necessary)

  (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

  Yes _____          No _✓_

  (5)  Result _Denied_

  (6)  Date of result _January 13, 2004_

(b)  As to any second petition, application, or motion, give the same information:

  (1)  Name of court _____

  (2)  Nature of proceeding _____

  (3)  Grounds raised _____

  _____

  _____

  _____

  (attach additional sheets if necessary)

  (4)  Did you receive an evidentiary hearing on your petition, application, or motion?

  Yes _____          No _____

  (5)  Result _____

  (6)  Date of result _____

(c)  As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

  (1)  Name of court _____

3

    (2)   Nature of proceeding _____

    (3)   Grounds raised _____

_____

_____

_____

_____

    (attach additional sheets if necessary)

    (4)   Did you receive an evidentiary hearing on your petition, application, or motion?

        Yes _____          No _____

    (5)   Result _____

    (6)   Date of result _____

(d)   Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

    (1)   First petition, etc.     Yes _____        No _____

    (2)   Second petition, etc.   Yes _____        No _____

    (2)   Third petition, etc.    Yes _____        No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION**
**FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)   If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include <u>all</u> facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

    ✓   A.   <u>The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.</u>

        For your information, the following is a list of the most frequently raised claims of constitutional violation:.

(1) Conviction obt.... ...d by plea of guilty which was unlawfull... ...duced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(2) Conviction obtained by use of coerced confession.

(3) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5) Conviction obtained by a violation of the privilege against self-incrimination.

(6) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7) Conviction obtained by a violation of the protection against double jeopardy.

(8) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9) Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

———  B.  **The court was without jurisdiction to render the judgment or to impose the sentence.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

———  C.  **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

———  D.  **Petitioner is being held in custody after his sentence has expired.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

✓  E.  **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

**The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

**The facts are not merely cumulative to other facts that were known; and**

The facts do not merely amo....t to impeachment evidence; and

**If the facts had been known at the time of trial or sentencing, the result would probably have been different; and**

**The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.**

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

___ F. **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

> If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13. **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

> "**Successive Petitions**. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A. Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

    Yes __✓__                No _____

B. If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

    (a) Name of court ___See Page #3___

    (b) Result _____

    (c) Date of result _____
        (attach additional sheets if necessary)

C. If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

    On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

    Yes _____                No __✓__

15. Give the name and address, if known, of each attorney who represented you at the following stages of the case that resulted in the judgment under attack:

(a) At preliminary hearing _____

(b) At arraignment and plea _John W. Hartley_
    _Montgomery, AL_

(c) At trial _____ " _____ " _____

(d) At sentencing _____ " _____ " _____

(e) On appeal _Maceo O. Kirkland_
    _Montgomery, AL_

(f) In any post-conviction proceeding _____ _Pro Se_
    _____
    _____

(g) On appeal from adverse ruling in a post-conviction proceeding _Pro Se_
    _____
    _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____          No ✓

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No ✓

(a) If so, give name and location of court which imposed sentence to be served in the future: _____
    _____

(b) And give date and length of sentence to be served in the future: _____
    _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____          No _____

18. What date is this petition being mailed?
    _November 3, 2004_

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

12

# PETITIONER'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _____*November 1st 2004*_____

(Date)

_____*Kourtnee Greenwood*_____
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the __*1st*__ day of __*November*__ *2004*.

_____*James A. Beachem*_____
Notary Public

My Commission Expires
9-25-2008

## OR *

# ATTORNEY'S VERIFICATION UNDER OATH
# SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true

and correct. Executed on _____.

(Date)

_____
Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, _____.

_____
Notary Public

Name and address of attorney representing petitioner
in this proceeding (if any)

_____

_____

_____

_____

_____

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

ARGUMENT

I. NEWLY DISCOVERED MATERIAL FACTS EXIST WHICH REQUIRE THAT THE CONVICTION OR SENTENCE BE VACATED BY THE COURT:

a. THE STATE VIOLATED GREENWOOD'S RIGHT TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR BY CORRUPTLY PERSUADING A KEY WITNESS NOT TO TESTIFY IN VIOLATION OF THE 6TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION

JAMAR BROWN ("BROWN"), A KEY WITNESS FOR GREENWOOD REFUSED TO TESTIFY DUE TO THE FACT THAT THE STATE, THROUGH DISTRICT ATTORNEY PERKINS, CORRUPTLY PERSUADED HIM TO DE-CLINE TO BE A DEFENSE WITNESS. D.D.A. PERKINS INTIMATED TO BROWN THAT SHE WOULD MAKE SURE HE RECEIVED A 20 YEARS SPLIT 3 YEARS TO SERVE, IF HE DID NOT TESTIFY FOR GREENWOOD. THE INFERENCE COULD ALSO BE DRAWN BY BROWN, FROM D.D.A. PERKINS' STATEMENT, THAT SHOULD HE TESTI-FY FOR GREENWOOD — HE HIMSELF WOULD RECEIVE A HARSH-ER TERM THAN THE PROMISED 20 YEARS.

GREENWOOD'S TRIAL COUNSEL, HARTLEY, INTERVIEWED BROWN IN THE COUNTY JAIL PRIOR TO GREENWOOD'S TRIAL. GREENWOOD STOOD ACCUSED OF BEING BROWN'S ACCOMPLICE IN CONNECTION WITH AN ARMED ROBBERY. BROWN TOLD HARTLEY THAT HE DID NOT KNOW GREENWOOD AND THAT GREENWOOD WAS NOT HIS AC-COMPLICE IN THE CRIME. BROWN ALSO STATED THAT HE COULD TESTIFY FOR GREENWOOD, AND IT WOULD BE BENEFICIAL TO

THE DEFENSE. (Direct appeal "DA" R58, L19-25; 59, L1-23)
HOWEVER, WHEN BROWN WAS CALLED UPON TO TESTIFY HE
REFUSED. BROWN WAS CONCERNED THAT, SHOULD HE TESTIFY,
IT WOULD BE DETRIMENTAL TO HIS OWN UPCOMING SENTENC-
ING, WHICH WAS SCHEDULED A FEW DAYS AFTER GREENWOOD'S
TRIAL BEGAN. (DA. R58, L19-25; 59, L1-23) (DA. R206-207)

WITHOUT BROWN'S TESTIMONY, GREENWOOD WAS CONVICTED
OF ROBBERY I, AS BROWN'S ACCOMPLICE, AND SENTENCED
TO LIFE IN PRISON AS AN HABITUAL OFFENDER. GREENWOOD
WAS CONVICTED ON DECEMBER 11, 2002.
(DA. R213)

GREENWOOD DID NOT SEE NOR HEAR ANOTHER WORD ABOUT
BROWN UNTIL ON OR ABOUT MARCH 30, 2003[1] ON THAT DATE
GREENWOOD RECEIVED, THROUGH PRISONER'S HANDS, AN AFFI-
DAVIT FROM BROWN. BROWN STATED THAT THE REASON HE DID
NOT TESTIFY AS A DEFENSE WITNESS WAS BECAUSE D.D.A.
PERKINS HAD PERSUADED HIM NOT TO TESTIFY IN RETURN
FOR A LIGHTER SENTENCE HIMSELF. BROWN ALSO INFERRED
THAT PERKINS LED HIM TO BELIEVE HE WOULD NOT GET
THIS LIGHT TREATMENT SHOULD HE TESTIFY. (SEE EXHIBIT "A")

BROWN'S AFFIDAVIT WAS SIGNED AND NOTARIZED ON MARCH
18, 2003. THE ALLEGATIONS OF THE STATE CORRUPTLY PERSUAD-
ING HIM NOT TO TESTIFY WERE NOT KNOWN NOR AVAILABLE
FOR USE UNTIL AFTER MARCH 30, 2003, THE DATE GREENWOOD
RECEIVED THE AFFIDAVIT.

1— GREENWOOD AND BROWN WERE, AND CONTINUE TO BE, HOUSED
AT SEPARATE FACILITIES

BROWN'S AFFIDAVIT READS IN PERTINENT PART:

"MY NAME IS JAMAR BROWN, ON THIS DATE AND TIME 11-21-02 I PLEAD OUT TO A CRIME I HAD COMMITTED ... I'LL JUST START LIKE THIS ... SO WHILE SITTING IN THE L1 CELLS IN THE BACK OF THE COURTROOM I WAS CALLED OUT SEVERAL TIMES TO TALK TO MY LAWYER AND THAT D.A. LADY NAME MS. PERKINS. SO ON ONE OCCAISON I WAS CALLED OUT TO TALK TO THAT LADY D.A. PERKINS AND A WHITE GUY SO SHE ASKED ME ABOUT KOURTNEY GREENWOOD AGAIN SO I SAID I KEEP TELLING YA'LL I DON'T KNOW THAT DUDE WHY YA'LL KEEP (Exhibit "A", p.1) ASKING ME THE SAME THING," SO THE LADY D.A. PERKINS SAID HE'S NOT A WITNESS FOR, KOURTNEY GREENWOOD IS HE SPEAKING TO THE WHITE GUY I DON'T KNOW HIS NAME, SO THE WHITE GUY SAID I DON'T THINK SO, SO I WAS LIKE WITNESS WHAT "WHAT YALL TALKING ABOUT, SO THE LADY D.A. PERKINS SAID, WE MEAN WITHOUT YOU TESTIFYING IN COURT FOR THIS GUY [GREENWOOD] WE HAVE A CASE ON THIS GUY, SO THE LADY D.A. SAID MR. JAMAR BROWN YOU WORK WITH ME I'LL WORK WITH YOU THEN SHE SAID I'LL SEE TO YOU GETTING 20/3 SAP + RETURN OR PROBATION, THEN SHE SAID YOU DON'T HAVE TO WORRY ABOUT NOTHING I'M GOING TO TALK TO THE JUDGE, THEN SHE SAID YOU HAVE A NICE DAY MR. JAMAR BROWN, I'LL SEE YOU ON THE 12TH OF DECEMBER TIL THEN JUST RE-MEMBER WHAT I SAID THEN SHE LEFT. SO I AIN'T NEVER BEEN IN NOTHING LIKE THIS BEFORE BUT SAP + RETURN OR PROBATION SOUNDED GOOD, SO IT WAS LIKE A DAY

BEFORE I WENT TO GET SENTENCED, I WAS CALLED DOWN
TO COURT, SO WHEN I GOT DOWN THERE IT WAS THIS OTHER
WHITE GUY NAME HARTLEY OR SOME, I THINK HE WAS
THAT GUY KOURTNEY GREENWOOD LAWYER, THEN MY LAWYER
THAT SAME D.A. PERKINS LADY AND THAT OTHER WHITE GUY
WHO WAS WITH HER BEFORE CAME TO TALK TO ME BOUT
TESTIFYING FOR THAT GUY KOURTNEY GREENWOOD, SO TO BE
HONEST I WAS REALLY THINKING ABOUT THE SAP + RETURN
OR PROBATION I WAS TOLD I WOULD GET. SO I JUST TOLD
THEM ALL THE TRUTH, THAT I DON'T EVEN KNOW A GUY BY
THAT NAME PROBABLY NEVER SEEN HIM BEFORE AND THAT HE
WAS NOT THE GUY THAT WAS PRESENT WITH ME AT (Exhibit
"A", p.2) THE TIME I COMMITTED THESE CRIMES, BUT
THEN I ALSO SAID I WAS NOT GOING IN THAT COURTROOM
TO TESTIFY AND IT SEEM LIKE THAT LADY D.A. PERKINS
KNEW THIS WAS GOING TO HAPPEN TO ME LIKE THIS BUT
I DIDN'T SAY NOTHING." (Exhibit "A", p.3)

    THIS WAS CLEARLY DENIAL OF GREENWOOD'S 6TH AMEND-
MENT RIGHT TO HAVE COMPULSORY PROCESS FOR OBTAINING
WITNESSES IN HIS FAVOR. IF D.D.A. PERKINS WOULD NOT
HAVE INTIMATED TO BROWN IN AN ACT OF PERSUASION
THAT, SHOULD HE NOT TESTIFY, SHE WOULD SEE TO HIM
GETTING A 20/3 SAP + RETURN OR PROBATION — BROWN
WOULD HAVE TESTIFIED.

    AS LONG AGO AS 1937, THE ALABAMA COURT OF APPEALS
HELD IN WALLACE V. STATE, 176 So.2d 310, 27 Ala. App, 545

(Ala. Cr. App. 1937); "TO DISSUADE OR PREVENT WITNESS FROM ATTENDING OR TESTIFYING UPON TRIAL OF CAUSE OR BEFORE GRAND JURY DULY CONSTITUTED IS AN INDICTABLE OFFENSE."

IN 1941, THE FEDERAL DISTRICT COURT FOR THE 5TH CIRCUIT HELD IN SAMPLES V. U.S., 121 F.2d 263 (Ala.) CCA5 1941: "IT IS NOT NECESSARY TO ENFORCEMENT OF THE STATUTE DEFINING THE OFFENSE OF CORRUPTLY ENDEAVORING TO INFLUENCE A WITNESS... THAT A WITNESS IS PREVENTED FROM TESTIFYING BY THREATS OR FORCE, BUT IF A WITNESS IS CORRUPTLY PERSUADED TO ABSENT HIMSELF... THE ACT IS VIOLATED, AND IT IS IMMATERIAL WHETHER HE WAS SUBPOENAED, IF HE INTENDED TO TESTIFY."

FOLLOWING THE REASONING ABOVE, THE APPELLATE COURT HELD IN THOMAS V. STATE, 418 So.2d 921 (Ala. Cr. App. 1981): "WHILE THE STATE MAY PROPERLY OFFER A RECOMMENDATION OF LENIENCY IF THE DEFENDANT WILL TESTIFY FOR THE STATE AND PLEAD GUILTY, IT WOULD CONSTITUTE A VIOLATION OF AN ACCUSED'S RIGHT OF DUE PROCESS OF LAW FOR THE STATE TO THREATEN A WITNESS FOR THE DEFENDANT WITH PROSECUTION OR TREATMENT AS AN HABITUAL OFFENDER IF HE TESTIFIED FOR THE ACCUSED."

(1.) IS THIS CLAIM COGNIZABLE ALTHOUGH FILED IN A PREVIOUS PETITION?

GREENWOOD ALLEGED NEW MATERIAL FACTS EXISTED,

WHICH SHOWED PROSECUTORIAL MISCONDUCT IN PERSUADING BROWN NOT TO TESTIFY, IN HIS FIRST RULE 32 PETITION. (Record on Appeal, First R.32 PETITION ("R.32"), C 24-26) GREENWOOD ALSO FILED AN AMENDMENT IN WHICH HE CLARIFIED THIS ISSUE. (R.32, C 109-111) THE STATE DID NOT SPECIFICALLY ADDRESS THIS CLAIM (R.32, C 97-102); NOR DID THIS COURT IN ITS ORDER DENYING THE PREVIOUS PETITION. (R.32, C 135-138) THUS, THE SPECIFIC CLAIM HAS NOT BEEN PREVIOUSLY DECIDED ON ITS MERITS.

IN Ex parte WALKER, 800 So. 2d 135 (Ala. 2000), THE ALABAMA SUPREME COURT HELD THAT THE TRIAL COURT ERRED IN SUMMARILY DISMISSING A THIRD, SUCCESSIVE RULE 32 PETITION ALLEGING THE SAME CLAIM BECAUSE THE PETITIONER HAD NEVER RECEIVED A HEARING ON WHAT COULD HAVE BEEN A MERITORIOUS CLAIM.

CITING Ex parte WALKER, THE APPELLATE COURT HELD IN WHITT V. STATE, 827 So. 2d 869, 875 (Ala. Cr. App. 2001):

"IT IS WELL SETTLED UNDER ALABAMA [LAW] THAT WHERE A PARTICULAR CLAIM IN A RULE 32 PETITION HAS BEEN RAISED IN A PREVIOUS PETITION (i.e., THE CLAIM FALLS UNDER THE FIRST PART OF RULE 32.2(b), FOR THAT CLAIM TO BE SUCCESSIVE UNDER RULE 32.2 (b), THE CLAIM MUST HAVE BEEN DECIDED ON THE MERITS IN THE PREVIOUS PETITION."

(2.) DOES THE CLAIM SATISFY THE FIVE-PRONG REQUIREMENTS OF RULE 32.1 (e) AND WARRANT AN EVIDENTIARY HEARING AND/OR A NEW TRIAL?

1. THE FACTS RELIED UPON WERE NOT KNOWN BY THE PETITIONER OR THE PETITIONER'S COUNSEL AT THE TIME OF TRIAL OR SENTENCING OR IN TIME TO FILE A POST-TRIAL MOTION PURSUANT TO RULE 24, OR IN TIME TO BE INCLUDED IN ANY PREVIOUS COLLATERAL PROCEEDING AND COULD NOT HAVE BEEN DISCOVERED BY ANY OF THOSE TIMES THROUGH THE EXERCISE OF REASONABLE DILIGENCE;

HERE, THE ALLEGATION OF THE STATE'S ROLE IN CORRUPTLY PERSUADING BROWN NOT TO TESTIFY WAS NOT KNOWN IN TIME FOR ANY OF THE ABOVE. GREENWOOD WAS ONLY AWARE THAT BROWN CHANGED HIS MIND AND REFUSED TO TESTIFY. BROWN DID NOT ALLEGE THAT D.D.A. PERKINS CONVERSATIONS WITH HIM HAD PERSUADED HIM TO ABSENT HIMSELF FROM GREENWOOD'S TRIAL, UNTIL HE EXECUTED THE AFFIDAVIT.

FROM THE VERY NATURE OF BROWN'S ALLEGATIONS IN THE AFFIDAVIT, IT IS OBVIOUS THAT BROWN WAS UNWILLING TO COME FORWARD WITH THE REASON FOR HIS SUDDEN CHANGE OF HEART UNTIL HE WAS OUT OF THE CUSTODY OF THE MONTGOMERY COUNTY JAIL AND OUT OF THE REACH OF D.D.A. PERKINS. AS SOON AS BROWN FELT CONFIDENT THE STATE COULD NOT EFFECT HIS SENTENCE, HE EXECUTED THE AFFIDAVIT AND SENT IT TO GREENWOOD. GREENWOOD HAD NO

MEANS OF KNOWING THE ALLEGATIONS UNTIL BROWN DECIDED
TO COME FORWARD. THUS, PRONG ONE IS SATISFIED.


2. THE FACTS ARE NOT MERELY CUMULATIVE TO OTHER FACTS
THAT WERE KNOWN;


3. THE FACTS DO NOT MERELY AMOUNT TO IMPEACHMENT
EVIDENCE;


THE CONTROLLING CASE FOR REVIEW OF THESE TWO PRONGS
WAS DECIDED IN Ex parte HEATON, 542 So.2d 931 (Ala. 1989):


"WHILE ALL FIVE REQUIREMENTS ORDINARILY MUST BE MET,
THE LAW HAS RECOGNIZED THAT IN CERTAIN EXCEPTIONAL CIRCUM-
STANCES, EVEN IF THE NEWLY DISCOVERED EVIDENCE IS CUMU-
LATIVE OR IMPEACHING, IF IT APPEARS PROBABLE FROM LOOKING
AT THE ENTIRE CASE THAT THE NEW EVIDENCE WOULD CHANGE
THE RESULT, THEN A NEW TRIAL SHOULD BE GRANTED." @ 933


HERE, AS ALREADY STATED, THERE WAS NO EVIDENCE
OF THE STATE'S CORRUPTED PERSUASION OF BROWN'S REFUSAL
TO TESTIFY KNOWN OR PRESENTED TO THE TRIAL COURT. THERE
WAS ALSO NO TESTIMONY PRESENTED BY BROWN DURING TRIAL
TO THIS EFFECT. HOWEVER, SOME OF THE SUBSTANCE IN BROWN'S
AFFIDAVIT DOES APPEAR TO BE CUMULATIVE, i.e., THAT BROWN
STATED HE DID NOT KNOW GREENWOOD. IT IS PROBABLE THAT
HAD A JURY BEEN SHOWN THE STATE'S CORRUPT EFFORTS
TO KEEP BROWN FROM TESTIFYING, THIS FACT WOULD HAVE

CREATED CREDIBILITY TO BROWN'S TESTIMONY CONCERNING
GREENWOOD'S INNOCENCE, THUS, LIKELY THIS PART OF THE
NEW EVIDENCE COULD HAVE CHANGED THE RESULT.

LIKEWISE, THE IMPEACHMENT PRONG IS ALSO SATISFIED
AS THERE WAS NO EVIDENCE PRESENTED FROM A WITNESS
CONCERNING THE CORRUPTED, PERSUASIVE EFFORTS BY THE
STATE. HOWEVER, THE FACT THAT BROWN STATED GREENWOOD
WAS INNOCENT OF THE CRIME WOULD APPEAR TO BE USEFUL
IN IMPEACHING THE VICTIM, COPELAND'S, TESTIMONY; HOWEVER,
THE MAIN ISSUE HERE IS THE DUE PROCESS VIOLATION CREATED
BY THE STATE'S CORRUPT INFLUENCE OF A KEY WITNESS.

AS IN Ex parte HEATON, THE FACT THAT SOME OF BROWN'S
AFFIDAVIT COULD BE CONSIDERED CUMULATIVE OR IMPEACHING
IS OVERCOME BY THE FACTS OF THE CASE, i.e., THE STATE'S
CORRUPT PERSUASION OF BROWN.

4. IF THE FACTS HAD BEEN KNOWN AT THE TIME OF TRIAL
   OR OF SENTENCING, THE RESULT PROBABLY WOULD HAVE BEEN
   DIFFERENT;

5. THE FACTS ESTABLISH THAT THE PETITIONER IS INNOCENT
   OF THE CRIME FOR WHICH THE PETITIONER WAS CONVICTED
   OR SHOULD NOT HAVE RECEIVED THE SENTENCE THAT THE
   PETITIONER RECEIVED;

AS ALREADY STATED, HAD THE JURY KNOWN ABOUT

THE STATE'S EFFORTS TO KEEP BROWN OFF THE STAND, THIS WOULD HAVE LENT CREDIBILITY TO BROWN'S ALLEGATION THAT GREENWOOD WAS NOT HIS ACCOMPLICE AND THUS IN-NOCENT. THE STATE PRESENTED ONLY ONE WITNESS WHO IDENTIFIED GREENWOOD AS THE OFFENDER. THAT WAS THE VICTIM, COPELAND. COPELAND TESTIFIED THAT THE OFFENDER HAD "TWISTS" IN HIS HAIR. (DA. R54, L5-17) HOWEVER, THERE WERE FOUR WITNESSES THAT TESTI-FIED GREENWOOD NEVER WORE TWISTS IN HIS HAIR AND DID NOT HAVE IT IN TWISTS THE DAY OF THE CRIME. (DA. R50, L2-20; R101-102; R111; R121; R140) HAD BROWN, THE ADMITTED OFFENDER, TESTIFIED OF THE STATE'S COR-RUPT EFFORTS, AS WELL AS GREENWOOD'S INNOCENCE OF THE CRIME; IT HAD A REASONABLE PROBABILITY OF CHANGING THE RESULT. THIS WOULD ALSO, OF COURSE, PROVE GREENWOOD'S INNOCENCE, THUS SATISFYING THE FIFTH AND FINAL PRONG OF RULE 32.1 (e).

(3.) <u>DOES THIS CLAIM REQUIRE AN EVIDENTIARY HEARING AND/OR A NEW TRIAL?</u>

HERE, THIS CLAIM IS COGNIZABLE ALTHOUGH FILED AGAIN IN A SUCCESSIVE PETITION BECAUSE GREENWOOD HAS NEVER RECEIVED A HEARING ON WHAT APPEARS TO BE A MERITORIOUS ISSUE. THIS COURT DID NOT SPECIFICALLY ADDRESS THIS ISSUE IN THE PRIOR PETITION.

"... THE BASIS OF THE TRIAL COURT'S RULING, WHETHER

PROCEDURAL OR ON THE MERITS, MUST BE CLEAR ... A <u>STATE-MENT OF THE BASIS OF THE TRIAL COURT'S DECISION IS ES-SENTIAL TO AFFORD THE APPELLANT DUE PROCESS ...</u>"

<u>Ex parte GRAU</u>, 791 So.2d 347 (Ala. 2000)

AGAIN, IN <u>CARROLL V. STATE</u>, 706 So.2d 815 (Ala. Cr. App. 1997); "THE APPELLANT ALLEGES THAT THE STATE'S KEY WITNESS TESTIFIED FALSELY ... HE ALSO ALLEGES THAT THERE IS A REASONABLE PROBABILITY THAT THE OUTCOME OF THE CASE WOULD HAVE BEEN DIFFERENT IF THAT FACT HAD BEEN KNOWN. IN ITS RESPONSE, THE STATE <u>GENERALLY DENIED THAT THERE WAS NEWLY DISCOVERED EVIDENCE AND MERELY</u> ASSERTED THAT THE APPELLANT'S CLAIM WAS PRECLUDED BECAUSE 'THE ALLEGATIONS COULD HAVE BEEN DISCOVERED THROUGH DUE DILIGENCE.' ... <u>IT WOULD BE ERRONEOUS FOR THIS COURT TO ATTEMPT TO WEIGH THE EVIDENCE AND DETERMINE THAT THE APPELLANT'S ALLEGATIONS ARE INSUFFICIENT ON THE SCANT RECORD BEFORE US.</u>" ... ASSUMING THE APPELLANT'S ALLEGATIONS ARE TRUE, THE APPELLANT WOULD POSSIBLY BE ENTITLED TO RELIEF, THEREFORE, HIS CLAIM IS MERITORIOUS ON ITS FACE." (REVERSED IN PART; AND REMANDED WITH DIRECTIONS)

HERE, GREENWOOD'S CLAIM HAS NOT BEEN REFUTED AS IT RELATES TO THE STATE'S CORRUPTLY PERSUASIVE EFFORTS TO KEEP BROWN FROM TESTIFYING, AS ALLEGED IN BROWN'S AFFIDAVIT. BECAUSE THE CLAIM COULD BE MERITORIOUS; AND BECAUSE IT WAS NOT SPECIFICALLY

ADDRESSED ON ITS MERITS IN THE PRIOR PETITION — AN EVIDENTIARY HEARING AND/OR A NEW TRIAL IS WARRANTED FOR THIS CLAIM. See Ex parte WALKER; WHITT V. STATE.

II. THE CONSTITUTION OF THE U.S. OR OF THE STATE OF ALABAMA REQUIRES A NEW TRIAL, A NEW SENTENCE PROCEEDING, OR OTHER RELIEF:

a. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN FAILING TO SUBPOENA A KEY WITNESS AND VIOLATING GREENWOOD'S RIGHT TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM IN VIOLATION OF THE 6TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION:

GREENWOOD RAISED THIS ISSUE IN HIS FIRST PETITION. (R.32, C 113-119) THE COURT DID NOT ADDRESS OR EVEN ACKNOWLEDGE THIS CLAIM IN ITS ORDER DENYING THE FIRST PETITION, NOR DID THE STATE ADDRESS IT IN ITS MOTION TO DISMISS. (R.32, C 73-77; 45-72) AS ALREADY ESTABLISHED, SINCE THIS CLAIM HAS NOT BEEN ADDRESSED BY THIS COURT IN THE PREVIOUS PETITION, IT IS COGNIZABLE IN THIS SECOND, SUCCESSIVE PETITION. See Ex parte WALKER; WHITT V. STATE.

DURING GREENWOOD'S FIRST TRIAL, THE VICTIM, COPELAND, TESTIFIED THAT THERE WAS A SECOND VICTIM AND EYE-WITNESS TO THE ALLEGED CRIME, A 13-YEAR OLD BOY NAMED "SERILLO." THE FIRST TRIAL RESULTED IN A MISTRIAL. (R.32, C 35)

DURING GREENWOOD'S SECOND TRIAL, THE ONLY EYE-WITNESS THE STATE PRESENTED WAS COPELAND, THE VICTIM. COPELAND TESTIFIED THAT GREENWOOD RESTRAINED SERILLO WHILE BROWN ROBBED HIM (COPELAND) AT GUN POINT. (DA. R67, L18-24)

THE STATE ALSO PRESENTED A REBUTTAL WITNESS TO GREENWOOD'S ALLEGATIONS THAT HE DID NOT KNOW BROWN AND WAS NOT BROWN'S ACCOMPLICE IN THE INSTANT CRIME, HAROLD FRANKLIN. HOWEVER, FRANKLIN'S TESTIMONY WAS INCONSISTENT AND SUSPECT, FOR SEVERAL REASONS: (1) FRANKLIN WAS A CONVICTED FELON (DA. R151, L14-25); (2) DURING THIS SAME TIME PERIOD, FRANKLIN HAD FILED CHARGES OF ROBBERY AGAINST GREENWOOD. THOSE CHARGES WERE DISMISSED BECAUSE THERE WAS NO EVIDENCE THAT GREENWOOD COMMITTED THAT CRIME, OR THAT GREENWOOD EVEN KNEW FRANKLIN (DA. R95, L10-19); (3) FRANKLIN TESTIFIED THAT HE HAD SEEN GREENWOOD AND BROWN TOGETHER BEFORE THE DATE OF THE COMMISSION OF THE INSTANT OFFENSE, (DA. 150, L6-9) THEN FRANKLIN TESTIFIED THAT HE DO NOT KNOW "BROWN" WHEN HE SEE HIM. (DA. R148, L17-18) THIS STATEMENT WAS INCONSISTENT AT BEST; (4) FRANKLIN WAS A VICTIM IN A SIMILAR CRIME AND WAS CLEARLY SEEKING JUSTICE FROM THE DISMISSAL OF THE CHARGES HE FILED AGAINST GREENWOOD. HIS CONFLICTING TESTIMONY ARE COMPLETE LIES, AND HE CERTAINLY HAD A MOTIVE TO LIE; (5) ON DIRECT EXAMINATION BY D.D.A. PERKINS, FRANKLIN

WENT ALONG WITH EVERYTHING THE D.D.A. SAID, THUS
CONTRADICTING HIS OTHER STATEMENTS UNDER OATH.
(DA. R150, L6-9) FRANKLIN'S TESTIMONY COULD NOT BE
COUNTED AS TRUE.

---

THUS, SERILLO, ALTHOUGH ABSENT FROM TRIAL BECAME
A WITNESS AGAINST GREENWOOD THROUGH COPELAND'S TEST-
IMONY. GREENWOOD HAD A 6TH AMENDMENT RIGHT TO CON-
FRONT SERILLO, THIS PREJUDICED GREENWOOD ON SEVERAL
POINTS:

1.   COPELAND WAS THE ONLY VICTIM AND EYE-WITNESS
TO IDENTIFY GREENWOOD AS BROWN'S ACCOMPLICE.
COPELAND STATED GREENWOOD HELD SERILLO. IF COUN-
SEL WOULD HAVE SUBPOENAED SERILLO, SERILLO WOULD
HAVE TESTIFIED GREENWOOD WAS NOT THE PERSON WHO
HELD HIM DURING THE ROBBERY, THUS NOT BROWN'S
ACCOMPLICE.

2.   SERILLO, AS THE SECOND VICTIM AND PERSON RE-
STRAINED BY BROWN'S ACCOMPLICE, HAD A BETTER
VIEW OF THE ACCOMPLICE THAN COPELAND, WHO WAS
BEING HELD AT GUN POINT BY BROWN.

3.   THE STATE ALLEGED GREENWOOD AIDED AND ABETTED
BROWN DURING THE ROBBERY BY RESTRAINING SERILLO,
THIS ALLEGATION COULD NOT BE REFUTED WITHOUT
CROSS-EXAMINING SERILLO. GREENWOOD'S ALLEGED

COMPLICITY IN THIS OFFENSE WAS <u>THE SOLE BASIS OF</u> <u>THE ULTIMATE QUESTION IN THE JURY'S DETERMINATION</u> <u>OF GREENWOOD'S GUILT OR INNOCENCE.</u>

4. NO WHERE IN THE RECORD IS IT SHOWN OR STATED THAT SERILLO EVER ACCUSED GREENWOOD OF THIS CRIME, OR ANY OTHER CRIME.

5. THE ONLY EVIDENCE PRESENTED TO SHOW THAT GREENWOOD RESTRAINED SERILLO CAME FROM COPELAND. THIS WAS, AT BEST, <u>AN OUT-OF-COURT STATEMENT</u>, <u>AND NOT SUP-</u> <u>PORTED BY SERILLO HIMSELF.</u>

THE ONLY WAY GREENWOOD COULD HAVE EFFECTIVELY REFUTED COPELAND'S TESTIMONY WAS BY SUBPOENAING AND CROSS-EXAMINING SERILLO. THE U.S. SUPREME COURT HELD IN <u>DAVIS V. ALASKA</u>, U.S. 308, 39 L.Ed. 2d 347, 94 S.Ct. 1105 (1974):

"THE SIXTH AMENDMENT RIGHT OF AN ACCUSED IN A CRIMINAL PROSECUTION 'TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM.' THIS RIGHT IS SECURED FOR <u>DEFENDANTS IN STATE</u> AS WELL AS FEDERAL PRO- CEEDINGS UNDER <u>POINTER V. TEXAS</u>, 380 U.S. 400, 13 L.Ed. 2d 923, 85 S.Ct. 1065 (1965)..." @ 353

THE ALABAMA CRIMINAL COURT OF APPEALS, IN FOL- LOWING THIS RECOGNIZED RIGHT, IN A SIMILAR CASE AS

THE INSTANT HELD IN <u>MCTERRY V. STATE</u>, 680 So.2d 957 (Ala. 1996):

"'COUNSEL IS EXPECTED TO EXERCISE DILIGENCE IN PREPARING HIS CASE FOR TRIAL AND PROCURING WIT-NESSES ... THIS IS ESPECIALLY TRUE HERE BECAUSE WILLIAMS (THE KEY WITNESS) <u>WAS AN EYE WITNESS TO THE SHOOTING</u> ...

"THE <u>ONLY EVIDENCE CONNECTING THE APPELLANT WITH THE CRIME WAS THE EYE WITNESS TESTIMONY OF JELKS. (THE VICTIM)</u> THE APPELLANT DENIED THAT HE WAS THE SHOOTER, THE JURY HAD TO BASE ITS DECISION ON WHICH WITNESS IT FOUND TO BE MORE CREDIBLE — THE APPELLANT OR JELKS ...

"THE SIXTH AMENDMENT TO THE [U.S.] CONSTITUTION STATES: 'IN ALL CRIMINAL PROSECUTIONS, THE ACCUSED SHALL ENJOY THE RIGHT TO ... BE CONFRONTED WITH THE WITNESSES AGAINST HIM ...

"AN ACCUSED'S RIGHT TO COMPULSORY PROCESS IS ALSO FOUND IN ARTICLE I, §6, CONSTITUTION OF ALABAMA OF 1901 ... "

"'THE RIGHT ... IS IN PLAIN TERMS <u>THE RIGHT TO PRESENT A DEFENSE</u>, THE RIGHT TO PRESENT THE DEFEND-ANT'S VERSION OF THE FACTS AS WELL AS THE PROSECUTIONS

TO THE JURY SO <u>IT MAY DECIDE WHERE THE TRUTH LIES</u> ... THE RIGHT IS A FUNDAMENTAL ELEMENT OF DUE PROCESS LAW.'" @ 955-956 (REVERSED AND REMANDED)

---

HERE, THE SIMILARITIES BETWEEN <u>MCTERRY</u> AND THE INSTANT CLAIM ARE IDENTICAL. THE ONLY EVIDENCE CONNECTING GREENWOOD WITH THE CRIME WAS THE EYE WITNESS TESTIMONY OF COPELAND. GREENWOOD DENIED HE WAS BROWN'S ACCOMPLICE. COPELAND WAS THE VICTIM AND ONLY TESTIFYING EYE WITNESS. SERILLO WAS THE SECOND VICTIM AND <u>EYE WITNESS TO THE CRIME</u>. THE ONLY WAY TO REBUTT COPELAND'S TESTIMONY WAS TO CROSS-EXAMINE SERILLO, WHO WOULD HAVE TESTIFIED THAT <u>GREENWOOD WAS NOT BROWN'S ACCOMPLICE</u>. RE-GARDLESS OF WHAT SERILLO'S TESTIMONY WOULD HAVE BEEN, THE DENIAL OF THE RIGHT TO CROSS-EXAMINE IS A REVERSIBLE ERROR. See <u>DAVIS V. ALASKA</u>, @ 355

b. <u>IS AN EVIDENTIARY HEARING DUE IN THIS CASE, FOR THIS ISSUE</u>?

INEFFECTIVE CLAIMS OF COUNSEL ARE REVIEWED UNDER THE U.S. SUPREME COURT DECISION IN <u>STRICKLAND V. WASHINGTON</u>, 466 U.S. 668 (1984), A CLAIMANT LIKE GREENWOOD MUST SHOW (1) DEFICIENT PERFORMANCE OF COUNSEL :

HERE, TRIAL COUNSEL ADMITTED HIS OWN ERROR

ON RECORD BY STATING: "THAT'S [SERILLO] ONE OF THE WITNESSES WE NEED HERE..." (DA. R168-169, L8-9) COUNSEL ALSO MENTIONED SERILLO IN HIS MOTION TO DISMISS. (DA. R98, L8-15) COUNSEL STILL TOOK NO STEPS TO SUBPOENA SERILLO.

COUNSEL KNEW OF SERILLO AS THE SECOND EYE WITNESS WHEN SERILLO'S NAME WAS REVEALED IN GREENWOOD'S FIRST TRIAL. (DA. R55, L5-16; 61, L8-24 DURING THE SECOND TRIAL, COPELAND TESTIFIED THAT SERILLO LIVED FOUR HOUSES DOWN FROM HIS (COPELAND'S) COUSIN'S HOUSE. THE TRIAL COURT ALSO ADDRESSED THIS MATTER AND TOLD COUNSEL HE HAD AMPLE TIME TO FIND SERILLO. (DA. R37, L6-17; 60, L23-25; 61)

THUS, COUNSELOR'S DEFICIENT PERFORMANCE IS EAS-ILY ESTABLISHED BY COUNSEL'S OWN STATEMENT AND BY THE TRIAL COURT.

PRONG TWO OF THE STRICKLAND TEST IS: (2) PREJUDICE TO DEFENDANT AND ABSENT COUNSELOR'S ERRORS A REASON-ABLE ABILITY OF A DIFFERENT RESULT. THAT HAS ALSO BEEN SHOWN BY THE DENIAL OF GREENWOOD'S SUBSTANTIAL RIGHT OF CROSS EXAMINATION; ALSO, THAT SERILLO WOULD HAVE TESTIFIED GREENWOOD WAS NOT BROWN'S AC-COMPLICE, WHICH WOULD HAVE CREATED REASONABLE DOUBT IN THE JURY'S MIND.

THUS, THESE CLAIMS WERE, AND ARE, DUE TO BE ADDRESSED BY THE TRIAL COURT. THE ALABAMA COURTS HAVE CONSISTENTLY REMANDED CASES BACK TO THE TRIAL COURTS FOR THE COURT'S FAILURE TO ADDRESS AN INEFFECTIVE CLAIM BY AN EVIDENTIARY HEARING.

"DEFENDANT'S PETITION, ASSERTING HIS TRIAL COUNSEL WAS INEFFECTIVE IN <u>FAILING TO SUBPOENA THE WITNESS</u>... <u>AND ANOTHER WITNESS</u>, BECAUSE BOTH WOULD HAVE <u>REFUTED THE STATE'S ONLY EVIDENCE</u>... HAD TO BE REMANDED FOR FAILURE OF THE CIRCUIT COURT TO MAKE SPECIFIC FINDINGS OF FACT..." <u>EX parte GRAU</u>, 791 So.2d 345 (Ala. 2000) SEE ALSO <u>CLICK V. STATE</u>, 821 So.2d 218 (Ala. Cr. App. 1999), AND <u>BULLARD V. STATE</u>, CR-03-0280 (MARCH 26, 2004, Ala. Cr. App.), BOTH WERE REMANDED FOR FAILURE OF THE CIRCUIT COURT TO ADDRESS THE CLAIMS OF INEFFECTIVE COUNSEL.

## CONCLUSION

BECAUSE THESE ARE THE SAME CLAIMS PRESENTED IN THE FIRST PETITION, WHICH WERE NOT ADDRESSED OR ADJUDICATED ON THE MERITS IN THAT PETITION, THEY ARE NOT PRECLUDED AS SUCCESSIVE UNDER RULE 32.2 (b).

BECAUSE THE CLAIMS COULD BE MERITORIOUS, THEY ARE DUE TO BE ADDRESSED BY THE TRIAL COURT IN AN EVIDENTIARY HEARING AND/OR BY ANY AND ALL OTHER RELIEF DUE.

EXHIBIT A

In Reference to my case No# CC 02000905 My Name
is Jamar Brown, On this date and time 11-21-02
I plead out to a crime I had committed, but to my
understanding there is a guy by the name of Kourtney Greenwood
who I supposedly have as a codenfendent but I don't even
know of that guy and he is not the person that
was even present with me at the time this incident
took place". I'll just start like this during my stay
in the Montgy, County, Jail whenever I spoke with
my lawyer Winston Durant about my cases he always seemed
to speck of and ask about this guy name buy the name
of Kourtney Greenwood but I always told him I didn't even
know a guy by that name so I stayed in the County Jail
about 9 Mounths so as time went on I went to court and
plead guilty to the crimes I had committed, + I noticed at
this time the D.A. who name was Perkins and another
white guy who I think was a D.A. the name was
Perkins and along with my lawyer Winston Durant
all continously asked me about the dude Kourtney Greenw.
so I told them I did not even know him which I really
still do not so while sitting in the li.cells in the back
of the courtroom I was called out several times to talk
to my lawyer and that D.A. lady name Ms. Perkins, so
on one occasion I was called out to talk to that lady
D.A. Perkins and a white guy, so she asked me
bout Kourtney Greenwood again so I said I keep
telling yall I don't know that dude why yall keep

asking me the same thing", so the lady D.A. Perkins said he's not a witness for Kourtney Greenwood is he specking to the white guy I don't know his name, so the white guy said I don't think so, so I was like witness what", whatyall talking bout, so the lady D.A. Perkins said, we mean without you testifying in court for this guy we have a case on this guy. so the lady D.A. said Mr Jamar Brown you work with me I'll work with you then she said I'll see to you getting 20/3 sapt return or probation, then she said you don't have to worry bout nothing I'm going to talk to the Judge, then she said you have a nice day Mr Jamar Brown I'll see you on the 12th of Dec til then just remember what I said then she left. So I aint never been in nothi like this before but sapt return or probation sounded good, so it was like a day before I went to get sentenced, I was called down to court, so when I got down there it was this other white guy name Hartley or some, I think he was that guy Kourtney Greenwood lawyer, then my lawyer that same D.A. Perkins lady and the other white guy who was with her before came to talk to me bout Testifying for that guy Kourtney Greenwood, so to be honest I was really thinking bout thi sap t return or probation I was told I would get" so I just told them all the truth, that I don't even know a guy buy that name probably never seen him before and that he was not the guy that was present with me at

2

the time I committed these crimes, but then I also said I was not going in that courtroom to testify, and it seem like that lady D.A. Perkins knew this was going to happen to me like this but I didn't say nothing," the reason for this letter to whomever it may concern is, I don't know if that guy Kourtney Greenwood went to trial or whatever, but I heard through the jail and from a couple of people I think knew him that he got messed up for some he didn't know anything about", and I Jamar Brown is a witness to that I know for a fact that guy name Kourtney Greenwood did no commit these crimes and do not know anything about them, unless he was told or heard some about it, cause he I know was not the guy who was with me at the time all this trouble occured I don't know how he ended up in this, but it had to be some mistake made somewhere you know I sat back for months & months and I look back on how this all happened I think I could have stopped an innocent man out, and believe me I know he's innocent, and if there any way possible to whomever this letter may concern that I can do anything to help this guy out, I will do it, cause I am a changed man myself now and I can't conti to go on with this on my mind, and the good Lord has brought me to say this was all wrong from the start, and it has gotten a innocent man in a messed up situation, and I fought myself and that lady D.A. Perkins for t mistake, and I Jamar Brown am willing to testify or do whatever possible right now to not have that inno

3

4

man punished for my trouble, To whomever this may concern
will you please respond soon.

✗ In reference To: Again I Jamar Brown do not even
Know Kourtney Greenwood, and he is not the guy who was
with me at the time I committed these crimes, and he was as a
Innocent man is being punished for some he did not do
an/or knows nothing about, which I fought myself and
Dft. Perkins for this mistake, and I am willing to
Testify in Kourtney Greenwood behalf or do whatever
to make things right here to whom ever it may concern.

        Sincerely,
        Jamar Brown  Jamar Brown

                Notary
State y Ala- Mt. Co.
Sworn to and subscribed before me this 18
day March   03.

        My commission Expires1- 17th   day of 2006.
                        Betty Slan- Notary Public


Sincerely Jamar Brown AIS# 227221
                    Case# CC 2002-905.

4

# IN THE MONTGOMERY COUNTY CIRCUIT COURT

KOURTNEE S. GREENWOOD,                 *

PETITIONER,                            *        CASE NO. CC 02-909.61

VS.                                    *

STATE OF ALABAMA,                      *

RESPONDENT.                            *

                                       *

## SUPPLEMENT TO RULE 32 PETITION

COMES YOUR PETITIONER IN THE ABOVE STYLED CAUSE AND SUBMITS THIS SUPPLEMENT TO THE RULE 32 PETITION FILED ON OR ABOUT NOVEMBER 1, 2004.

1. CONCERNING GREENWOOD'S ALLEGATIONS OF THE STATE'S REBUTTAL WITNESS, HAROLD FRANKLIN, FOUND ON PAGE 13 OF THE RULE 32 PETITION:

(1.) DETECTIVE BUCE TESTIFIED HE DEVELOPED GREENWOOD AS A SUSPECT IN THE INSTANT OFFENSE BY A TIP PHONED IN FROM HAROLD FRANKLIN. (DA. "DIRECT APPEAL" R 94, L 11-15)

(2.) FRANKLIN HAD APPARENTLY PLACED CHARGES AGAINST GREENWOOD FOR AN EARLIER ROBBERY IN WHICH FRANKLIN HIMSELF WAS THE VICTIM. (R 93, L 23-25; 94-95 DA.) THOSE CHARGES WERE NEVER RETURNED BY AN INDICTMENT OF THE GRAND JURY. (DA. R 95, L 10-24)

(3.) THIS PRIOR OFFENSE ALLEGEDLY OCCURRED ON MARCH 30, 2002. THE STATE BROUGHT IN FRANKLIN TO REBUTT GREENWOOD'S ASSERTION THAT HE (GREENWOOD) DID NOT KNOW JAMAR BROWN AND WAS NOT BROWN'S ACCOMPLICE IN THE INSTANT CRIME. FRANKLIN ALLEGEDLY CLAIMED BROWN AND GREENWOOD ROBBED HIM ON MARCH 30, 2002, IN THE PRIOR OFFENSE. (DA. R 93, L23-25 – R 95)

(4.) FRANKLIN STATED THAT HE SAW GREENWOOD AND BROWN TOGETHER ON MARCH 30, 2002. FRANKLIN STATED HE KNEW GREENWOOD. (DA. R147, L17-25 – R148, L1) FRANKLIN STATED HE ALSO KNEW JAMAR BROWN. (DA. R 148, L 15-20) MOST IMPORTANTLY, <u>FRANKLIN STATED HE KNEW GREENWOOD AND WHO GREENWOOD WAS PRIOR TO MARCH 30, 2002, THE DATE FRANKLIN WAS ALLEGEDLY ROBBED BY BOTH BROWN AND GREENWOOD.</u> (DA. R 150, L6-12)

(5.) ATTACHED HERETO AS EXHIBITS "A" AND "B" IS A COPY OF THE POLICE REPORT FILED BY FRANKLIN ON MARCH 30, 2002, WHEN HE WAS ALLEGEDLY ROBBED BY GREENWOOD AND BROWN. UNDER NO.'S #99 AND #116 FOR "SUSPECTS" IS LISTED "U" FOR <u>UNKNOWN</u>. (SEE EXHIBIT "B") ALSO #27, OFFENDER "<u>UNKNOWN</u>" TO FRANKLIN. (THE VICTIM)

(6.) <u>THE ABOVE FACT CLEARLY DISCREDITS FRANKLIN'S TEST-IMONY THAT HE KNEW GREENWOOD PRIOR TO MARCH 30, 2002. IF FRANKLIN DID KNOW GREENWOOD AND BROWN, AND HAD IN FACT SEEN THEM TOGETHER, FRANKLIN WOULD HAVE TOLD THE OFFICER WHO FILLED OUT THIS REPORT.</u>

(7.) THIS FACT IS IMPORTANT TO GREENWOOD'S CLAIM OF HIS COUNSEL'S INEFFECTIVENESS IN FAILING TO SUBPOENA SERILLO, THE ONLY OTHER EYE-WITNESS TO THE INSTANT CRIME. WITHOUT FRANKLIN'S TESTIMONY IT WAS GREENWOODS WORD AGAINST COPELAND'S (THE VICTIM). (SEE RULE 32, p. 12-19)

WHEREFORE, ABOVE PREMISES CONSIDERED, PETITIONER PRAYS THE COURT WILL SUPPLEMENT THE RULE 32 PETITION WITH THE ADDITIONAL FACTS CONTAINED HEREIN AND EXHIBITS ATTACHED HERETO.

DONE THIS 13TH DAY OF NOVEMBER, 2004.

RESPECTFULLY SUBMITTED,

*Kourtnee Greenwood*

KOURTNEE SOVENSKY GREENWOOD, pro se
# 179810 / B
100 WARRIOR LANE
BESSEMER, AL 35023-7299

**39**

| 1 INCIDENT | ☒ OFFENSE | 2 CASE # | 007384 | 3 SFX |
|---|---|---|---|---|

☒ SUPPLEMENT

1 VICTIM SSN: 4,2,3, 0,6, 7,1,2,1

| 4 ORI # 0,0,3,0,1,0,0 | 5 DATE AND TIME OF THIS REPORT: M 0,3 3,0 0,2  02:50 ☒ AM ☐ PM ☐ MIL | 6 AGENCY NAME: Montgomery Police Dept. | 7 IF SUPPLEMENT ORIGINAL OFFENSE DATE |
|---|---|---|---|

8 EMPLOYER/SCHOOL   10 PHONE

9 REPORTED BY ☒ VICTIM OR ☐

| VICTIM (LAST, FIRST, MIDDLE NAME) Franklin Harold | 13 ADDRESS (STREET, CITY, STATE, ZIP) 603 N. Union Cir. Mont. Al. 36104 | 14 PHONE (334) 281-3746 |
|---|---|---|

| 15 EMPLOYER/SCHOOL Labor Ready | 16 OCCUPATION Laborer | 17 ADDRESS (STREET, CITY, STATE, ZIP) 505 Montgomery St. Mont. Al. 36104 | 18 PHONE (334) 263-5627 |
|---|---|---|---|

| 19 ☐ RESIDENT ☒ NON-RESIDENT | 20 ☒ INJURY ☒ N | 21 RACE ☒ W ☐ B ☐ A ☐ | 22 SEX ☒ MALE ☐ FEMALE | 23 HGT 60 | 24 WGT 150 | 25 DOB M 05,7 19,31 2,7,2 | 26 AGE 24 | 27 WAS OFFENDER KNOWN TO VICTIM? | 28 VICTIM WAS (EXPLAIN RELATIONSHIP) | 29 CODE 03A (05) |
|---|---|---|---|---|---|---|---|---|---|---|

| 30 TYPE INCIDENT OR OFFENSE ☒ FEL. ☐ MISD. Robbery | 31 DEGREE (CIRCLE) ① 2 3 | 32 UCR CODE | 33 STATE CODE/LOCAL ORDINANCE 03A (05) |
|---|---|---|---|

| 34 TYPE INCIDENT OR OFFENSE ☐ FEL. ☐ MISD. | 35 DEGREE (CIRCLE) 1 2 3 | 36 UCR CODE | 37 STATE CODE/LOCAL ORDINANCE |
|---|---|---|---|

| 38 PLACE OF OCCURRENCE 600 Block of N. Union Cir. Montgomery Al. 36104 | 39 SECTOR 0,3 | |
|---|---|---|

| 40 POINT OF ENTRY ☐ DOOR ☐ WINDOW ☐ ROOF | 41 METHOD OF ENTRY ☐ FORCIBLE ☐ NO FORCE ☐ ATT. FORCIBLE | 42 ASSAULT ☒ SIMPLE ☐ AGGR. | 43 TREATMENT FOR ASSAULT INJURY ☐ Y ☒ N | 50 CODE |
|---|---|---|---|---|

OCCURRED ON OR BETWEEN: M 0,3 3,0 0,2   44 TIME 02:50 ☒ AM ☐ PM ☐ MIL   52 TIME ☐ AM ☐ PM ☐ MIL

| 46 S M T W T F S | 47 LIGHTING ☐ NATURAL ☐ MOON ☐ ART. EXT. ☐ ART. INT. ☐ UNK. | 48 WEATHER ☒ CLEAR ☐ CLOUDY ☐ RAIN ☐ FOG ☐ SNOW ☐ HAIL ☐ UNK. | 49 PREMISE ☐ HWY.—ST.—ALLEY ☐ RAILROAD ☐ RESIDENCE ☐ CHURCH ☐ SCHOOL ☐ CONVENIENCE ☐ INDUSTRIAL ☐ SERVICE STA. | ☐ BANK ☐ DRUG STORE ☐ APT./TWN. HSE. ☐ SHOPPING CENTER ☐ PARKING LOT ☐ OTHER COMMER. ☐ OTHER |
|---|---|---|---|---|

| 54 VERIFY FOR ☐ Y | 55 TREAT. FOR ☐ Y | 56 CIRCUMSTANCES HOMICIDE & ASSAULT | 57 CODE |
|---|---|---|---|

RAPE EXAM ☐ N   RAPE INJURY ☐ N   LOCATION: RAPE

59 DESCRIPTION OF WEAPONS/FIREARMS/TOOLS USED IN OFFENSE: ☐ HANDGUN ☐ RIFLE ☐ SHOTGUN ☐ UNKNOWN

| 58 WEAPON USED ☒ FIREARM ☐ KNIFE ☐ HANDS, FISTS, VOICE, ETC. ☐ OTHER DANGEROUS | DESCRIBE: Semi-Auto Pistol |
|---|---|

| 60 QUANTITY | 61 STOLEN, RECOVERED, LOST, FOUND OR DESTROYED (INCLUDE MAKE, MODEL, SIZE, TYPE, SERIAL NUMBER, COLOR, ETC.) | 62 DOLLAR VALUE STOLEN | DAMAGED | 63 RECOVERED DATE | VALUE |
|---|---|---|---|---|---|
| 1 | 1987 Buick Regal Tan in color Tag # 3BK8559 | 700.00 | | 3-30-02 | 700.00 |
| 1 | Clarion AM/FM CD player, black with lights, no ser # | 220.00 | | | |
| 125 | Assorted CD's | 1250.00 | | | |
| ✱ | Five one dollar bills in U.S. currency | 5.00 | | | |

438/404
4/8/02

☐ CONTINUED IN NARRATIVE

| 64 MOTOR VEHICLE 700.00 700.00 | 65 CURRENCY, NOTES 5.00 | 66 JEWELRY | 67 CLOTHING/FURS | 68 FIREARMS | 69 OFFICE EQUIPMENT |
|---|---|---|---|---|---|
| 70 ELECTRONICS 1470.00 | 71 HOUSEHOLD | 72 CONSUMABLE GOODS | 73 LIVESTOCK | 74 MISCELLANEOUS | |

| 75 CHECK CATEGORIES ☒ STOLEN ☒ RECOVERED ☐ SUSPECTS VEH. ☐ VICTIMS VEH. ☐ UNAUTH. USE ☐ ABANDONED |
|---|

| 76 # STOLEN 1 | 77 LIC. 3BK8559 | 78 LIS. AL | 79 LIY. 02 | 80 TAG COLOR Wht/Red/Blk | 81 VIN 1,G,4,G,V,1,1,1,Y,2,4,P,4,0,2,2,1,6 | 87 ADDITIONAL DESCRIPTION |
|---|---|---|---|---|---|---|

| 82 VYR 1987 | 83 VMA Buick | 84 VMO Regal | 85 VST 2 drs | 86 VCO: TOP: BOTTOM: Beige | 90 WARRANT SIGNED ☒ Y ☐ N |
|---|---|---|---|---|---|

| 88 AREA STOLEN ☐ BUS. ☒ RES. ☐ RUR. | 89 OWNERSHIP ☐ TAG RECEIPT ☐ BILL OF SALE ☐ TITLE ☒ OTHER   VERIFIED BY: Pawn Receipt | 92 PHONE ( ) |
|---|---|---|

STOLEN MTR. VEH ONLY

91 AUTO INSURER NAME (COMPANY) ADDRESS (STREET, CITY, STATE, ZIP)   N/A

| NOT MV, RECOVERY ONLY REQUIRED FOR 24xx UCR CODE | 93 STOLEN IN YOUR JURISDICTION? ☒ WHERE? | 94 RECOVERED IN YOUR JURISDICTION? ☒ WHERE? |
|---|---|---|

**TYPE OR PRINT IN BLACK INK**

ACJIC—32 REV 8-9

INCHES   1   2   3   4   5   6

*EXHIBIT "A"*

OFFICER'S WORK PRODUCT MAY NOT BE PUBLIC INFORMATION

| INCIDENT/OFFENSE REPORT CONTINUED | 95 DATE AND TIME OF REPORT 03 30 02 02 50 | ☐ AM ☒ PM ☐ MIL. | 96 CASE # 007384 | 97 SFX | 98 ☐ OFFENDER ☐ SUSPECT ☒ MISSING PERSON | ☒ CHECK IF MULTIPLE |

| 99 (LAST, FIRST, MIDDLE) | 100 NICKNAME/ALIAS | 101 RACE ☐ W ☐ A ☒ B ☐ I | 102 SEX ☒ M ☐ F | 103 DOB M D Y | 104 AGE 18-22 |

| 105 ADDRESS (STREET, CITY, STATE, ZIP) | | 106 HGT 5'09" | 107 WGT 150 | 108 EYE Bro | 109 HAIR Blk | 110 COMPLEXION Med |

| 111 PROBABLE DESTINATION | | 112 ARMED? ☒ Y ☐ N ☐ UNK. | 113 WEAPON Semi-Auto Handgun |

| 114 CLOTHING Light Blue Shirt, Blue Jeans | ☐ SCARS ☐ MARKS ☐ TATOOS | 115 ☐ ARRESTED ☒ WANTED |

| 116 NAME (LAST, FIRST, MIDDLE) | 117 NICKNAME/ALIAS | 118 RACE ☐ W ☐ A ☒ B ☐ I | 119 SEX ☒ M ☐ F | 120 DOB M D Y | 121 AGE 18-22 |

| 122 ADDRESS (STREET, CITY, STATE, ZIP) | | 123 HGT 5'09" | 124 WGT 160 | 125 EYE Bro | 126 HAIR Blk | 127 COMPLEXION Dark |

| 128 PROBABLE DESTINATION | | 129 ARMED? ☐ Y ☐ N ☒ UNK. | 130 WEAPON |

| 131 CLOTHING Wht T-Shirt, Blue Jeans | ☐ SCARS ☐ MARKS ☐ TATOOS | 132 ☐ ARRESTED ☒ WANTED |

| WITNESSES | 133 NAME (LAST, FIRST, MIDDLE) SEX, RACE, DOB | 134 ADDRESS (CITY, STATE, ZIP) | 135 RES. PHONE | 136 BUS. PHONE |
|---|---|---|---|---|
| #1 | SEX ☒ M ☐ F  RACE ☐ W ☐ A ☐ B ☐ I  M D Y | | ( ) | ( ) |
| #2 | SEX ☐ M ☐ F  RACE ☐ W ☐ A ☐ B ☐ I  M D Y | | ( ) | ( ) |
| #3 | SEX ☐ M ☐ F  RACE ☐ W ☐ A ☐ B ☐ I  M D Y | | ( ) | ( ) |
| #4 | SEX ☐ M ☐ F  RACE ☐ W ☐ A ☐ B ☐ I  M D Y | | ( ) | ( ) |

WITNESS #1 SSN ___ - __ - ____   WITNESS #2 SSN ___ - __ - ____   WITNESS #3 SSN ___ - __ - ____   WITNESS #4 SSN ___ - __ - ____

**NARRATIVE**

The victim came to Police Headquarters and said the two listed suspects approached him, got him out of the car at gunpoint and hit him on the left side of the face with the pistol. The victim said the suspects took 5.00 dollars from his person and took his vehicle. A short time later unit #304 found the vehicle parked on the 600 block of W. Bainbridge with no occupants. The victim listed the CD's and stereo system as stolen. Unit #330 and #405 were notified. The vehicle was recovered and turned over to the owner. As the victim was leaving, I noticed the left side of his face had swollen some. He said he did not need any medical attention at this time.

| | CONTINUED ON SUPPLEMENT ☐ Y ☒ N |
|---|---|
| | ASSISTING AGENCY ORI | ASSISTING AGENCY CASE # | SFX |

I hereby affirm that I have read this report and that all information given by me is correct to the best of my knowledge. I will assume full responsibility for notifying this ... if any stolen property or missing person hereby reported is returned.

138 LOCAL USE: UK    UCK

139 STATE USE:

| 140 CASE # | 141 SFX | 142 CASE # | 143 SFX | 144 CASE # | 145 SFX | 146 ADDITIONAL CASES CLOSED NARRATIVE ☐ Y ☐ N |
|---|---|---|---|---|---|---|

| 148 CASE DISPOSITION: | EXCEPTIONAL CLEARANCE: | 149 REPORTING OFFICER D. Gonzalez | ID # 422 |
|---|---|---|---|
| ☐ CLEARED BY ARREST (JUV.) | ☐ A SUSPECT/OFFENDER DEAD | | |
| ☐ CLEARED BY ARREST (ADULT) | ☐ B OTHER PROSECUTION | 150 ASSISTING OFFICER S.A. Tolliver | ID # |
| ☐ UNFOUNDED | ☐ C EXTRADITION DENIED | | |
| ☐ CLEARED | ☐ D LACK OF PROSECUTION | | |
| | ☐ E JUVENILE, NO REFERRAL | 151 SUPERVISOR APPROVAL KEW434 | ID # | 152 WATCH CMDR. |
| | ☐ F DEATH OF VICTIM | | |

☒ CLEARED BY ARREST (ADULT)   See 5-20-02

EXHIBIT "B"

*Tmtt*

**41**

## IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY COUNTY, ALABAMA

KOURTNEY SOVERN GREENWOOD,  )
     Petitioner,  )
                           )
v.  )     Case No: CC 02-909.61 TMH
                           )
STATE OF ALABAMA,  )
     Respondent.  )

## STATE'S MOTION TO DISMISS OR IN THE ALTERNATIVE ANSWER TO DEFENDANT'S PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

Comes now the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and responds to the "Petition for Relief From Conviction or Sentence" filed with this Honorable Court by the above named Defendant. The State respectfully asks this Honorable Court to DISMISS the Defendant's petition, and as grounds therefore would show:

### PROCEDURAL HISTORY

The Petitioner was indicted by the Montgomery County Grand Jury on July 19, 2002, for one count of Robbery I. The petitioner pleaded not guilty on August 1, 2002 and the case was set for trial for October 28, 2002. On October 30, 2002 the case ended in a mistrial and was reset. On December 11, 2002 a jury found the Petitioner guilty of Robbery I. On December 30, 2002 the Petitioner was sentenced under the Habitual Offender Act to life in the Department of Corrections. Petitioner filed his first Rule 32 Petition on November 25, 2003, on the grounds of new evidence and ineffective assistance of counsel. That petition was denied on January 13, 2004. Petitioner now files this his second Rule 32 petition on November 5, 2004. Hence the State's Answer follows:

### GROUNDS FOR RELIEF

As the basis for this petition, Petitioner alleges the following grounds in support of his petition:

1

I. **PETITIONER'S CLAIMS IN HIS SECOND RULE 32 PETITION ARE NOT PROCEDURALLY BARRED BECAUSE THE CLAIMS WERE NOT DECIDED ON THE MERITS WHEN THEY WERE RAISED IN A PREVIOUS PETITION.**

Petitioner's once again asserts the issue that there are newly discovered material facts that exist which require that the court vacate the conviction or sentence. The Petitioner has attached to his Rule 32 Petition (Exhibit 1) a copy of what he claims is a hand written affidavit from the Co-Defendant (Jamar Brown) in this case. Petitioner claims that these are new facts that exist that he was unaware of at the time of trial. Petitioner argues that this issue was not decided or addressed on the merits in Petitioner's first Rule 32 Petition. The State disagrees because these are exactly the same facts that were addressed based on the merits in Petitioner's first Rule 32 Petition, in which they were dismissed.

In order for Petitioner to meet the definition of "newly discovered evidence" under subsection 32.1 (e), a petitioner must plead and establish five things:

1.  That the facts relied on were not known by the Petitioner or his counsel at the time of trial, at the time of sentencing, in time to file a new trial motion, or in time to be included in a prior collateral proceeding and they could not have been discovered at any of those times through the exercise of reasonable diligence;
2.  The facts are not merely cumulative of facts known to the Petitioner or his counsel;
3.  The facts do not merely amount to impeachment evidence;
4.  If the facts had been known at the time of trial or sentencing, the outcome of the proceeding would have been different; and
5.  The facts establish that the petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he received.

Petitioner fails to meet this burden placed upon him by Rule 32.1 (e) to sustain his argument. At the time of his trial the Petitioner and his attorney were aware of the

2

Co-Defendant Jamar Brown and could have called him as a witness. Mr. Brown's Affidavit establishes that his story, if he had testified at trial, would have been the same then as it is today. Hence, there is no new evidence. Mr. Brown in his affidavit tells us that he spoke with Petitioner's attorney, Wiley Hartley, before Petitioner's trial and told Mr. Hartley exactly what is now contained in Mr. Brown's Affidavit. These facts were known at the time of Petitioners trial and as such are not newly discovered facts.

## II. THE CONSTITUTION OF THE UNITED STATES OR OF THE STATE OF ALABAMA REQUIRES A NEW TRIAL, A NEW SENTENCING PROCEEDING, OR OTHER RELIEF BECAUSE NEWLY DISCOVERED MATERIAL FACTS EXISTS WHICH REQUIRE THAT THE CONVICTION OR SENTENCE BE VACATED BY THE COURT.

As previously stated above in Roman numeral I, the Petitioner has not presented any "newly discovered evidence" as defined by Rule 32.1 (e). Therefore, the Constitution of the United States or the State of Alabama does not require a new trial, a new sentence proceeding, or other relief.

## III. THE STATE VIOLATED PETITIONERS RIGHT TO HAVE A COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR BY CORRUPTLY PERSUADING A KEY WITNESS NOT TO TESTIFY IN VIOLATION OF THE 6TH & 14TH AMENDMENTS OF THE CONSTITUTION.

It has already been established that the Petitioner and his attorney were aware of the Co-Defendant Jamar Brown at the time of trial and Petitioner's counsel could have called Mr. Brown to testify if the Petitioner so desired. Moreover, even if Petitioner's argument is true, his assertion is procedurally barred, as this issue was not raised at the time of trial or in Petitioner's 1st Rule 32. Mr. Brown's Affidavit

is dated March 18, 2003. Petitioner states that he didn't receive Mr. Brown's

Affidavit until on or about March 30, 2003. Petitioner's first Rule 32 was filed on

November 25, 2003. Therefore, Petitioner had reasonable time to assert this claim

in a previous petition but failed to do so.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE DEFENSE COUNSEL FAILED TO SUBPOENA A KEY WITNESS TO TESTIFY AT TRIAL AND ABSENT COUNSEL'S ERROR THERE WOULD HAVE REASONABLY BEEN A DIFFERENT OUTCOME IN THE CASE.

Petitioners' own argument establishes that he has previously raised this issue in

his first Rule 32 Petition. Petitioner claims that key witness, "a 13- year old boy

named Serillo", was not subpoenaed by his counsel to testify at trial. Petitioner's

argument states that his counsel " Counsel knew of Serillo as the second eye

witness…" Rule 1.2 (a) and (c) of the Alabama Rule of Professional Conduct

states that:

 "A lawyer shall abide by a client's decisions concerning the objectives of
representation, subject to paragraphs (c), (d) and (e), and shall consult with the
client as to the means by which they are to be pursued."

"A lawyer may limit the objectives of the representation if the client consents
after consultation."

The comments to Rule 1.2 go on to say the following:

"… a lawyer is not required to pursue objectives or employ means simply because
a client may wish that the lawyer do so… In questions of means, the lawyer
should assume responsibility for technical and legal tactical issues…"

Therefore, although Defense Counsel Hartley has to discuss with his client the

objectives they have in presenting his defense, the choice whether or not to call a

witness is a tactical decision that Attorney Hartley is free to make without the

4

approval of his client. Based on the Alabama Rules of Professional Conduct,

Counsel Hartley did not prejudice the defendant by not calling Serillo.

## STATE'S RESPONSE TO PETITIONER'S GROUNDS FOR RELIEF

For the above reasons, this Petition is barred and the Petitioner is not entitled to the relief requested. Therefore, the State of Alabama would move this Honorable Court dismiss, with prejudice, the Petitioner's Rule 32 petition and deny any and all relief requested.

Respectfully submitted on this the 18th day of November 2004.

ELEANOR I. BROOKS
DISTRICT ATTORNEY

By: _____

Mike L. Graves   (GRA-110)
Deputy District Attorney
P. O. Box 1667
Montgomery, Alabama 36102-1667

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served upon Kourtney Greenwood, petitioner, by placing a true and correct copy of the same in the United States Mail, properly and post marked on this the 18th day of November 2004.

_____

Michael Graves (GRA110)
Deputy District Attorney

5

46

## IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY COUNTY, ALABAMA

KOURTNEY SOVERN GREENWOOD,     )
      Petitioner,     )
           )
v.     )     Case No: CC 02-909.61 TMH
           )
STATE OF ALABAMA,     )
      Respondent.     )

### ORDER

    This Court, having reviewed the Petitioner's "Petition for Relief From Conviction or Sentence" filed pursuant to Rule 32, A.R.Crim.P. and the State's "Answer and Motion for Summary Disposition," hereby finds as follows:

1. Petitioner fails to meet this burden placed upon him by Rule 32.1 (e) to sustain his argument to meet the definition of "newly discovered evidence" under subsection 32.1 (e).

2. As previously stated above, the Petitioner has not presented any "newly discovered evidence" as defined by Rule 32.1 (e). Therefore, the Constitution of the United States or the State of Alabama does not require a new trial, a new sentence proceeding, or other relief.

3. Petitioner's rights under the 6th and 14th Amendments to have a compulsory process for obtaining a witness was not violated by the State because the Petitioner had reasonable time to assert this claim in a previous petition but failed to do so.

4. Petitioner has previously raised this issue in his first Rule 32 Petition. Moreover, based on 1.2 (a), (c), and the comments, of the Alabama Rules of Professional Conduct Defense Counsel Hartley did not prejudice the defendant by not calling "key witness" Serillo. The choice whether or not to call a witness is a tactical decision that Attorney Hartley is free to make without the approval of his client.

    For the above reasons, this Petition is barred and the Petitioner is not entitled to the relief requested. It is therefore **ORDERED, ADJUDGED, AND DECREED** that Petitioner's petition for relief from conviction or sentence is **DENIED**.

Respectfully submitted on this the _10_ day of _Nov_ 2004.

RECEIVED

11-23-04

CIRCUIT COURT CLERK

1

TRUMAN HOBBS
CIRCUIT JUDGE

Dated, this the _____18_____ day of _____Nov_____, 2004.

CC: Michael Graves, DDA
     Kourtney Sovern Greenwood

48

IN THE CIRCUIT CRIMINAL COURT OF MONTGOMERY
COUNTY

KOURTNEE S. GREENWOOD,          ✳
PETITIONER,                     ✳      CASE NO, CC 02-909.61
VS.                             ✳
STATE OF ALABAMA,               ✳
RESPONDENT.                     ✳
                                ✳

NOTICE   OF   APPEAL

COMES YOUR PETITIONER IN THE ABOVE STYLED CAUSE AND
SUBMITS THIS WRITTEN NOTICE OF APPEAL TO THE ALABAMA
COURT OF CRIMINAL APPEALS. PETITIONER IS APPEALING THIS
COURT'S ORDER OF NOVEMBER 18, 2004, SUMMARILY DISMISSING
THE RULE 32 PETITION.

DONE THIS 29TH DAY OF NOVEMBER, 2004.

RESPECTFULLY SUBMITTED,
X Kourtnee Greenwood
KOURTNEE S. GREENWOOD, pro se
# 179810 / B-68
100 WARRIOR LANE
BESSEMER, AL 35023-7299

**49**

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 1C      8/91 | **REPORTER'S TRANSCRIPT ORDER -- CRIMINAL**<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br><br>_____ - _____ |
|---|---|---|

**TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.**

[X] CIRCUIT COURT   [ ] DISTRICT COURT   [ ] JUVENILE COURT OF   *MONTGOMERY* _____ COUNTY

*KOURTNEE S. GREENWOOD* _____

V. [X] STATE OF ALABAMA   [ ] MUNICIPALITY OF _____ , Appellant

| Case Number<br>*CC 02- 909.61* | Date of Judgment/Sentence/Order<br>*11-18-04* |
|---|---|
| Date of Notice of Appeal<br>Oral: _____   Written: *11-29-04* | Indigent Status Granted:<br>[X] Yes   [ ] No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT AND THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT A STIPULATION OF FACTS WILL BE INCLUDED STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

| *Kourtnee Greenwood* | *11-29-04* | *KOURTNEE S. GREENWOOD* |
|---|---|---|
| Signature | Date | Print or Type Name |

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R. App.P.):

**MARK PROCEEDINGS REQUESTED:**

A. [ ] **TRIAL PROCEEDINGS** - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

B. [ ] **ORGANIZATION OF THE JURY** - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. [ ] **ARGUMENTS OF COUNSEL** - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

**IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):**

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| D. | | |
| E. | | |
| F. | | |
| G. | | |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS:

| _____ | _____ | _____ |
|---|---|---|
| Signature | Date | Print or Type Name |

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to:   (1) Clerk of the Court of Criminal Appeals,   (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a

**50**

State of Alabama
Unified Judicial System
Form ARAP- 26 (front)    8/91

# COURT OF CRIMINAL APPEALS
## DOCKETING STATEMENT

Criminal Appeal Number
_____ - _____

## A. GENERAL INFORMATION:

☒ CIRCUIT COURT   ☐ DISTRICT COURT   ☐ JUVENILE COURT OF   **MONTGOMERY**   COUNTY

**KOURTNEE SOVENSKY GREENWOOD** ; Appellant

V.:  ☒ STATE OF ALABAMA   ☐ MUNICIPALITY OF _____

| Case Number CC 02- 909.61 | Date of Complaint or Indictment 2002 | Date of Judgment/Sentence/Order 11-18-04 |
|---|---|---|
| Number of Days of Trial/Hearing _____ Days | Date of Notice of Appeal Oral: | Written: 11-29-04 |
| Indigent Status Requested: ☒ Yes ☐ No | | Indigent Status Granted: ☒ Yes ☐ No |

## B. REPRESENTATION:

Is Attorney Appointed or Retained?   ☐ Appointed   ☐ Retained.   If no attorney, will appellant represent self?   ☒ Yes  ☐ No

| Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary) KOURTNEE SOVENSKY GREENWOOD #179810 | Telephone Number N/A |
|---|---|

| Address 100 WARRIOR LANE | City BESSEMER | State AL | Zip Code 35023-7299 |
|---|---|---|---|

## C. CODEFENDANTS: List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant   N/A | Case Number |
| Codefendant | Case Number |

*[Stamp: NOV 2004 FILED Melissa Rittenour Circuit Clerk]*

## D. TYPE OF APPEAL: Please check the applicable block.

1 ☐ State Conviction
2 ☒ Post-Conviction Remedy
3 ☐ Probation Revocation
4 ☐ Pretrial Order
5 ☐ Contempt Adjudication
6 ☐ Municipal Conviction
7 ☐ Juvenile Transfer Order
8 ☐ Juvenile Delinquency
9 ☐ Habeas Corpus Petition
10 ☐ Other (Specify) _____

## E. UNDERLYING CONVICTION/CHARGE: Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐ Capital Offense - § _____
2 ☐ Homicide - § _____
3 ☐ Assault - § _____
4 ☐ Kidnapping/Unlawful Imprisonment - § _____
5 ☐ Drug Possession - § _____
6 ☐ Trafficking in Drugs - § _____
7 ☐ Theft - § _____
8 ☐ Damage or Intrusion to Property - § _____
9 ☐ Escape - § _____
10 ☐ Weapons/Firearms - § _____
11 ☐ Fraudulent Practices - § _____
12 ☐ Offense Against Family - § _____
13 ☐ Traffic - DUI - § _____
14 ☐ Traffic - Other - § _____
15 ☒ Miscellaneous (Specify): ROBBERY 1 - § 13A-8-41

## F. DEATH PENALTY:

Does this appeal involve a case where the death penalty has been imposed?   ☐ Yes   ☒ No

## G. TRANSCRIPT:

1. Will the record on appeal have a reporter's transcript?   ☐ Yes   ☒ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _____ (Date)
   If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?   ☐ Yes   ☒ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?   ☐ Yes   ☒ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

Form ARAP-26 (back)    8/91        COURT OF CRIMINAL APPEALS DOCKETING STATEMENT    **51**

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition.
(whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| | | | N/A | | | |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

GREENWOOD WAS CONVICTED OF ROBBERY I AND
SENTENCED TO LIFE AS AN HABITUAL OFFENDER WITH---
2 PRIOR CONVICTIONS.

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

I. WHETHER THE COURT ERRED IN SUMMARILY DISMISSING
THE PETITION WITHOUT SPECIFICALLY ADDRESSING THE
ISSUES

II. WHETHER NEW EVIDENCE EXISTED OF PROSECUTORIAL
MISCONDUCT IN INTIMIDATING A KEY WITNESS AND
ROBBING GREENWOOD OF HIS 6TH AMENDMENT RIGHT
OF COMPULSORY PROCESS

III. WHETHER TRIAL COUNSEL WAS INEFFECTIVE IN FAILING
TO SUBPOENA A KEY WITNESS IN VIOLATION OF THE 6TH
AND 14TH AMENDMENTS

**SIGNATURE:**

11-29-04
_____
Date

X Kolatree Greenwood
Signature of Attorney-Party Filing this Form

| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C    8/91 | **REPORTER'S TRANSCRIPT ORDER -- CRIMINAL**<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br><br>_____ - _____ |

**TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.**

[X] CIRCUIT COURT   [ ] DISTRICT COURT   [ ] JUVENILE COURT OF _MONTGOMERY_ COUNTY

_KOURTNEY S. GREENWOOD_ , Appellant

V.   [X] STATE OF ALABAMA   [ ] MUNICIPALITY OF _____

| Case Number<br>CC 02-909.61 | Date of Judgment/Sentence/Order<br>11-18-04 | |
|---|---|---|
| Date of Notice of Appeal<br>Oral:      Written: 12-1-04 | Indigent Status Granted:<br>[X] Yes    [ ] No | |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY **(1)** THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR **(2)** THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-4-72, *CODE OF ALABAMA 1975*).

X _Kourtnee Greenwood_    _12-2-04_    _KOURTNEE S. GREENWOOD_
Signature      Date      Print or Type Name

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

**MARK PROCEEDINGS REQUESTED:**

   COURT REPORTER(S)

A. [ ] **TRIAL PROCEEDINGS** - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

B. [ ] **ORGANIZATION OF THE JURY** - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. [ ] **ARGUMENTS OF COUNSEL** - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| D. _____ | _____ | _____ |
| E. _____ | _____ | _____ |
| F. _____ | _____ | _____ |
| G. _____ | _____ | _____ |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER''S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY **(1)** THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR **(2)** THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, **(3)** THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

_____    _____    _____
Signature      Date      Print or Type Name

**DISTRIBUTION: Original filed with Clerk of Trial Court and copies mailed to: (1)** Clerk of the Court of Criminal Appeals, **(2)** the District Attorney, **(3)** the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and **(4)** to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.

COPY TO CRIMINAL APPEALS ON 12-08-04

(seal) COURT REPORTER(S) / Melissa Rittenour / Circuit Clerk / FILED / DEC 2004

| State of Alabama<br>Unified Judicial System<br>Form ARAP- 26 (front)    8/91 | COURT OF CRIMINAL APPEALS<br>DOCKETING STATEMENT | Criminal Appeal Number<br><br>_____ - _____ |
|---|---|---|

**COPY TO CRIMINAL APPEALS ON 12-08-04**

**A. GENERAL INFORMATION:**

☒ CIRCUIT COURT  ☐ DISTRICT COURT  ☐ JUVENILE COURT OF  _MONTGOMERY_ _____ COUNTY

_KOURTNEE S. GREENWOOD_ _____ , Appellant

V.  ☒ STATE OF ALABAMA    ☐ MUNICIPALITY OF _____

| Case Number  _CC02-909.61_ | Date of Complaint or Indictment  _2002_ | Date of Judgment/Sentence/Order  _11-18-04_ |
|---|---|---|
| Number of Days of Trial/Hearing _____ Days | Date of Notice of Appeal<br>Oral: | Written: _12-1-04_ |

Indigent Status Requested:  ☒ Yes  ☐ No          Indigent Status Granted:  ☒ Yes  ☐ No

**B. REPRESENTATION:**

Is Attorney Appointed or Retained?  ☐ Appointed  ☐ Retained.    If no attorney, will appellant represent self?  ☒ Yes  ☐ No

| Appellant's Attorney (Appellant if pro se) *(Attach additional pages if necessary)*<br>_KOURTNEE S. GREENWOOD  #179810_ | Telephone Number<br>_N/A_ |
|---|---|

| Address<br>_100 WARRIOR LANE_ | City<br>_BESSEMER_ | State<br>_AL_ | Zip Code<br>_35023-7299_ |
|---|---|---|---|

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
|---|---|
| Codefendant  _N/A_ | Case Number |
| Codefendant | Case Number |

**D. TYPE OF APPEAL:** Please check the applicable block.

| 1 ☐ State Conviction | 4 ☐ Pretrial Order | 7 ☐ Juvenile Transfer Order | 10 ☐ Other (Specify) |
| 2 ☒ Post-Conviction Remedy | 5 ☐ Contempt Adjudication | 8 ☐ Juvenile Delinquency | |
| 3 ☐ Probation Revocation | 6 ☐ Municipal Conviction | 9 ☐ Habeas Corpus Petition | |

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside each offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

| 1 ☐ Capital Offense - § _____ | 6 ☐ Trafficking in Drugs - § _____ | 11 ☐ Fraudulent Practices - § _____ |
| 2 ☐ Homicide - § _____ | 7 ☐ Theft - § _____ | 12 ☐ Offense Against Family - § _____ |
| 3 ☐ Assault - § _____ | 8 ☐ Damage or Intrusion to Property - § _____ | 13 ☐ Traffic - DUI - § _____ |
| 4 ☐ Kidnapping/Unlawful Imprisonment - § _____ | 9 ☐ Escape - § _____ | 14 ☐ Traffic - Other - § _____ |
| 5 ☐ Drug Possession - § _____ | 10 ☐ Weapons/Firearms - § _____ | 15 ☒ Miscellaneous (Specify)<br>_ROBBERY_ - § _13A-8-41_ |

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed?  ☐ Yes  ☒ No

**G. TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript?  ☐ Yes  ☒ No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _____
   _(Date)_
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk?  ☐ Yes  ☒ No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions?  ☐ Yes  ☒ No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

| Form ARAP-26 (back)    8/91 | COURT OF CRIMINAL APPEALS DOCKETING STATEMENT |
|---|---|

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| | | | | | | |
| | | | N/A | | | |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

GREENWOOD WAS CONVICTED OF ROBBERY I AND SENTENCED TO LIFE AS AN HABITUAL OFFENDER WITH 2 PRIORS. THIS IS AN APPEAL FROM THE SUMMARY DISMISSAL OF A RULE 32 PETITION.

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. *(Attach additional pages if necessary.)*

I. COUNSEL WAS INEFFECTIVE IN FAILING TO SUBPOENA A KEY WITNESS IN VIOLATION OF 6TH + 14TH AMENDMENTS OF U.S. CONSTITUTION

II. NEW EVIDENCE EXISTS OF PROSECUTORIAL MISCONDUCT IN INTIMIDATING A DEFENSE WITNESS WHICH ROBBED PETITIONER OF HIS RIGHT OF COMPULSORY PROCESS UNDER THE 6TH + 14TH AMENDMENTS

III. CIRCUIT COURT ERRED IN SUMMARILY DISMISSING PETITION

**SIGNATURE:**

12-1-04
Date

X Kourtnee Greenwood
Signature of Attorney/Party Filing this Form

NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
BY THE TRIAL COURT CLERK
IN THE CIRCUIT COURT OF MONTGOMERY COUNTY
STATE OF ALABAMA VS GREENWOOD KOURTNEY SOVERN JUDGE: TRUMAN M HOBBS

APPEAL DATE: 11/29/2004

INDIGENCY STATUS:
GRANTED INDIGENCY STATUS AT TRIAL COURT:        __X__ YES    _____ NO
APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:  _____ YES    __X__ NO N/A
INDIGENT STATUS REVOKED ON APPEAL:              _____ YES    __X__ NO
INDIGENT STATUS GRANTED ON APPEAL:              __X__ YES    _____ NO

DEATH PENALTY: NO

APPEAL TYPE: RULE 32 PETITION

THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,
WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.

CO/CASE NUMBER: 03/CC 2002 000909.61

ORDER ENTERED(DATE): 11182004 PETITION: __DISMISSED  X DENIED  __GRANTED

| POST-JUDGMENT MOTIONS FILED: | DT FILED | DT DENIED | CON BY AGREE |
|---|---|---|---|
| ___ MOTION FOR NEW TRIAL | | | |
| ___ MOTION FOR JUDG. OF ACQUIT | | | |
| ___ MOTION TO W/D GUILTY PLEA | | | |
| ___ MOTION FOR ATTY TO W/DRAW | | | |
| ___ OTHER | | | |

COURT REPORTER(S):
ADDRESS:

APPELLATE COUNSEL #1:           PRO SE
ADDRESS:

PHONE NUMBER:                   000-000-0000  ,      00000

APPELLATE COUNSEL #2:
ADDRESS:

PHONE NUMBER:

APPELLANT (PRO SE):             GREENWOOD KOURTNEY SOVERN
ADDRESS:                        DONALDSON C.F.
                                BESSEMER       ,  AL  350230000
AIS #:                          179810

APPELLEE (IF CITY APPEAL):
ADDRESS:

I CERTIFY THAT THE INFORMATION PROVIDED          OPERATOR: DBH
ABOVE IS ACCURATE TO THE BEST OF MY       PREPARED: 12/01/2004
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO
THIS ACTION ON THIS 1st DAY OF DEC, 2004      CIRCUIT COURT CLERK

| State of Alabama<br>Unified Judicial System<br><br>ARAP-14     Rev. 11/91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number<br><br>_____ |
|---|---|---|

| TO: THE CLERK OF<br>THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL: 11/29/04 |
|---|---|

APPELLANT

Kourtwey Greenwood

v.   STATE OF ALABAMA

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in (a single volume of _____ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of briefs.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this _22nd_ day of _December_ , _2004_ .

Melissa Rittenour
Circuit Clerk