CR ___04-0334___

1/18/05

# IN THE CRIMINAL COURT OF
# APPEALS OF ALABAMA

KOURTNEE SOVENSKY GREENWOOD

APPELLANT,

VS.

STATE OF ALABAMA,

RESPONDENT \ APPELLEE.

( ON APPEAL FROM MONTGOMERY COUNTY CIRCUIT COURT
# CC 02-909.61 )

# " BRIEF OF APPELLANT "

KOURTNEE SOVENSKY GREENWOOD, pro se
# 179810 / B
100 WARRIOR LANE
BESSEMER, AL 35023-7299


STATE'S
EXHIBIT
Y
PENGAD 800-631-6989

## STATEMENT REGARDING ORAL ARGUMENT

THE APPELLANT DOES NOT REQUEST ORAL ARGUMENT. THE MATTER COMPLAINED OF IS ADEQUATELY REPRESENTED IN THE RECORD.

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT — P. i

TABLE OF CONTENTS — P. i

TABLE OF AUTHORITIES — P. i

STATEMENT OF THE ISSUES — P. iii

STATEMENT OF THE CASE AND FACTS — P. 1

STATEMENT OF THE STANDARD OF REVIEW — P. 5

SUMMARY OF THE ARGUMENT — P. 5

ARGUMENT — P. 6

CONCLUSION — P. 28

CERTIFICATE OF SERVICE — P. 29

## TABLE OF AUTHORITIES

RULE 32.1 (e) , A.R.Cr.P. — P. 16-18

6TH + 14TH AMENDMENTS, U.S. CONSTITUTION — P. 10,21

BOUTWELL V. STATE, 488 So.2d 33 (Ala. Cr. App. 1986) — P. 9

BULLARD V. STATE, CR-03-0280 (march 26,2004, Ala. Cr. App.) — P. 28

i

CARROLL V. STATE, 706 So.2d 815 (Ala. Cr. App, 1997)          P. 20

CLICK V. STATE, 821 So.2d 218 (Ala. Cr. App, 1999)          P. 28

DAVIS V. ALASKA, U.S. 308, 39 L.Ed 2d 347 (1974)          P. 24

Ex parte GRAU, 791 So.2d 347 (Ala. 2000)          P. 20, 28

Ex parte HEATON, 542 So.2d 931 (Ala. 1989)          P. 17

Ex parte WACKER, 800 So.2d 135 (Ala. 2000)          P. 15

Mc TERRY V. STATE, 680 So.2d 957 (Ala. 1996)          P. 25, 26

SAMPLES V. U.S., 121 F.2d 263 CCA5 (Ala.) 1941          P. 14

STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984)          P. 26

SWICEGOOD V. STATE, 646 So.2d 158 (Ala. Cr. App. 1993)          P. 9

THOMAS V. STATE, 418 So.2d 921 (Ala. Cr. App. 1981)          P. 14

WALLACE V. STATE, 176 So.2d 310, 27 Ala. App. 545 (Ala. Cr. App. 1937)          P. 13-14

WHITT V. STATE, 827 So.2d 869 (Ala. Cr. App. 2001)          P. 15

## STATEMENT OF THE ISSUES

I. WHETHER THE CIRCUIT COURT ERRED IN SUMMARILY DISMISSING GREENWOOD'S PETITION?                    P. 6

II. NEWLY DISCOVERED MATERIAL FACTS EXIST WHICH RE-QUIRE THAT THE CONVICTION BE VACATED BY THE COURT.

P. 10

a. THE STATE VIOLATED GREENWOOD'S RIGHT TO HAVE COM-PULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR BY CORRUPTLY PERSUADING A KEY WITNESS NOT TO TEST-IFY IN VIOLATION OF THE 6TH + 14TH AMENDMENTS OF THE U.S. CONSTITUTION.

P. 10

III. THE CONSTITUTION OF THE U.S. OR OF THE STATE OF ALABAMA REQUIRES A NEW TRIAL, A NEW SENTENCE PRO-CEEDING, OR OTHER RELIEF.

P. 21

a. INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO SUB-POENA A KEY WITNESS AND VIOLATING GREENWOOD'S RIGHT TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM IN VIOLATION OF THE 6TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION.

P. 21

iii

## STATEMENT OF CASE AND FACTS

GREENWOOD WAS CONVICTED OF ROBBERY I, §13A-8-41, CODE OF ALA., IN CONNECTION WITH AN ALLEGED ROBBERY OCCURRING ON APRIL 9, 2002. (R 34, L20 "D.A." DIRECT APPEAL) THE VICTIM, COPELAND, TESTIFIED THAT HE AND A 13 YEAR OLD BOY NAMED "SERILLO" WERE WALKING DOWN THE STREET BETWEEN 11-11:30 PM (D.A. R 36-37), WHEN TWO MEN, JAMAR BROWN AND AN ACCOMPLICE, CAME UP AND BROWN POINTED A GUN WHILE THE ACCOMPLICE RESTRAINED SERILLO. (D.A. R 42-44) COPELAND TESTIFIED HE WAS THEN ROBBED OF SEVERAL ITEMS INCLUDING A WALLET AND CELL PHONE. (D.A. R 51-52)

COPELAND IDENTIFIED GREENWOOD AS THE ACCOMPLICE TO BROWN. (D.A. R 54, L 5-17) COPELAND STATED GREENWOOD HAD "TWISTS" IN HIS HAIR (D.A. R 50, L 2-20); HOWEVER THERE WERE FOUR WITNESSES WHO TESTIFIED GREENWOOD NEVER WORE HIS HAIR IN TWISTS, AND IN FACT DID NOT HAVE IT IN TWISTS THE TIME OF OFFENSE : KIM GREENWOOD (D.A. R 101-102), DEVAN GREENWOOD (R 111, D.A.), LAVAN HOWARD (D.A. R 121), AND GREENWOOD HIMSELF. (D.A. R 140)

ORIGINALLY COPELAND WITHELD SERILLO'S IDENTITY FROM POLICE. (D.A. R 87, L 17-19) BUT, DURING GREENWOOD'S FIRST TRIAL (MISTRIAL OCT 30,02), COPELAND TESTIFIED TO SERILLO'S NAME AND WHERE HE LIVED. (R 55, L 5-16; R 61, L 8-13 "D.A.") DEFENSE COUNSEL HAD OVER TWO MONTHS UNTIL THE INSTANT TRIAL

1

TO FIND AND SUBPOENA SERILLO, BUT HE DID NOT PUT
FORTH THE EFFORT. THE STATE DID NOT SUBPOENA THIS
SECOND VICTIM AND EYE WITNESS EITHER. (D.A. R87, 90)
CONSEQUENTLY GREENWOOD WAS DENIED HIS 6TH AMEND-
MENT RIGHT OF CONFRONTATION. EVIDENCE SHOWED SERILLO
WAS RESTRAINED BY GREENWOOD. THE ONLY WAY GREENWOOD
COULD HAVE REFUTED THAT FACT WAS TO CROSS- EXAMINE
SERILLO.


AFTER NEGOTIATING A PLEA, CODEFENDANT BROWN TOLD
THE D.A. THAT GREENWOOD WAS NOT HIS ACCOMPLICE, AND
HE DID NOT KNOW GREENWOOD. (D.A. R59-60) BROWN ALSO
SENT A MESSAGE TO GREENWOOD'S ATTORNEY TO THE SAME
EFFECT AND SAID HE WOULD TESTIFY TO THIS FACT IN
GREENWOOD'S TRIAL. (D.A. R 206) HOWEVER, AFTER THE D.A.
VISITED BROWN CONCERNING HIS OFFER TO BE A DEFENSE
WITNESS, BROWN SUDDENLY REFUSED TO TESTIFY. (D.A. R 207;
Record on Appeal C 37)


WITHOUT BROWN AND SERILLO'S TESTIMONY, GREENWOOD WAS
FOUND GUILTY ON OR ABOUT DECEMBER 11, 2002. (D.A. R 213,
L 19-22) GREENWOOD WAS SENTENCED TO "LIFE" AS AN HABITUAL
OFFENDER WITH 2 PRIORS. ON OR ABOUT DECEMBER 12,
2002, BROWN, THE TRIGGERMAN, RECEIVED A 20 YEARS SPLIT
3 YEARS TO SERVE AS PROMISED BY THE D.A.


ONCE BROWN WAS TRANSFERRED TO PRISON AND AWAY
FROM MONTGOMERY COUNTY AND THE D.A., HE EXECUTED

2

AN AFFIDAVIT IN WHICH HE REASSERTED THE FACT THAT HE DID NOT KNOW GREENWOOD. BROWN ALSO STATED THE REASON HE CHANGED HIS MIND ABOUT TESTIFYING WAS THAT AFTER LEARNING OF HIS INTENTION TO BE A DEFENSE WITNESS, THE D.A. AND A "WHITE GUY" VISITED HIM AND INTIMATED THAT SHOULD HE TESTIFY, HE (BROWN) MIGHT NOT GET THE SENTENCE (20 SPLIT 3) HE EXPECTED. (R32, C 36-39)[2] THE AFFIDAVIT WAS SIGNED AND NOTARIZED ON MARCH 18, 2003. THIS AFFIDAVIT WAS THEN SENT THROUGH PRISONER'S HANDS AND FOUND ITS WAY TO GREENWOOD, WHO WAS AT A SEPARATE FACILITY, ON OR ABOUT MARCH 30, 2003.

THE STATE ALSO PRESENTED A WITNESS, HAROLD FRANKLIN, WHO TESTIFIED THAT BROWN AND GREENWOOD WERE SEEN TOGETHER ON A DATE PRIOR TO THE INSTANT OFFENSE. IN ACTUALITY, FRANKLIN HAD FILED CHARGES OF ROBBEY* AGAINST GREENWOOD ON A PREVIOUS DATE. THOSE CHARGES WERE DISMISSED FOR LACK OF EVIDENCE. (D.A. R 150, L 6-9) A DETECTIVE BUCE TESTIFIED THAT FRANKLIN HAD GIVEN HIM GREENWOOD'S NAME AS A SUSPECT FOR THE PREVIOUS OFFENSE. (D.A. R 94, L 11-15) FRANKLIN ALSO TESTIFIED THAT HE HIMSELF WAS A CONVICTED FELON.

ON SEPTEMBER 14, 2003, THE FIRST RULE 32 PETITION WAS FILED BY PLACING IT IN THE U.S. PRISON MAILBOX. (R32, C13) THE TRIAL COURT SUMMARILY DENIED THE PETITION ON JANUARY 13, 2004. (R32, C73) THIS COURT AFFIRMED THE TRIAL COURT'S DENIAL ON AUGUST 13, 2004. APPLICATION FOR REHEARING

3

WAS APPLIED FOR AND OVERRULED, AS WAS A PETITION
FOR A WRIT OF CERTIORARI TO THE ALABAMA SUPREME COURT.

ON NOVEMBER 3, 2004, GREENWOOD FILED THE INSTANT
SECOND RULE 32 PETITION. (C 11)[3] IN THIS SECOND PETITION,
HE RAISES THE SAME TWO CLAIMS WHICH WERE RAISED IN
THE FIRST PETITION, i.e., NEW EVIDENCE OF PROSECUTORIAL
MISCONDUCT IN INTIMIDATING A KEY DEFENSE WITNESS ("FIRST" R32,
C 24-26, 109-111) ("INSTANT" C 13-24); INEFFECTIVE COUNSEL IN FAILING
TO SUBPOENA A KEY WITNESS "SERILLO." ("FIRST" R.32, C 113-119) ("INSTANT" C 24-
31) AS MORE FULLY SET OUT IN THIS BRIEF, THOSE SPECIFIC
CLAIMS WERE NOT ADJUDICATED ON THEIR MERITS IN THE
FIRST PETITION, AND ARE COGNIZABLE AND DUE TO BE ADDRES-
SED IN THIS SECOND PETITION.

* THIS PRIOR OFFENSE OF ROBBERY ALLEGEDLY OCCURRED
ON MARCH 30, 2002, THE STATE BROUGHT IN FRANKLIN "victim" TO
REBUTT GREENWOOD'S ASSERTION THAT HE (GREENWOOD) DID
NOT KNOW JAMAR BROWN AND WAS NOT BROWN'S ACCOMPLICE
IN THE INSTANT ROBBERY. FRANKLIN CLAIMED DURING
GREENWOOD'S TRIAL THAT HE HAD SEEN BOTH GREENWOOD
AND BROWN TOGETHER ON A PREVIOUS DATE, MARCH 30, '02 (DA.
150, L 6-9.). FURTHER, FRANKLIN STATED THAT HE KNEW
BOTH GREENWOOD AND BROWN; BUT, MOST IMPORTANTLY-
THAT HE KNEW GREENWOOD PRIOR TO MARCH 30, 2002,
THE DATE FRANKLIN WAS ALLEGEDLY ROBBED BY BOTH
BROWN AND GREENWOOD. (DA. R147, L17-25 THRU R148, L1;
R148, L15-20; R150, L 6-12)

4

HOWEVER, THE COPIES OF THE ACTUAL POLICE REPORTS FROM FRANKLIN'S ALLEGED ROBBERY SHOW THAT UNDER #99 AND #116 FOR "SUSPECTS" IS LISTED "U" FOR UNKNOWN. (C 40) ALSO IN #27, OFFENDER UNKNOWN. THUS, ALTHOUGH NOT RECOGNIZABLE AS "NEW EVIDENCE" ~ THESE REPORTS DO LEND CREDIBILITY TO GREENWOOD'S CLAIM OF INNOCENCE AND ARE RECOGNIZABLE FOR THE PURPOSE OF "LOOKING AT THE ENTIRE CASE" TO DECIDE IF THE NEW EVIDENCE OF PROSECUTORIAL MISCONDUCT WOULD "CHANGE THE RESULT" AND REQUIRE A "NEW TRIAL." SEE Ex parte HEATON, 542 So. 2d 931, 933 (Ala. 1989)

1- RECORD FROM DIRECT APPEAL  ("D.A.")
2- RECORD FROM FIRST RULE 32 PETITION  ("R32.")
3- RECORD ON THE INSTANT APPEAL  ("C")

## STATEMENT OF THE STANDARD OF REVIEW

THE STANDARD OF APPELLATE REVIEW FOR DETERMINING THE PROPRIETY OF A RULE 32 PETITION IS ABUSE OF DISCRETION. SEE GRADY V. STATE, 2001 WL 1149055 at *1 (Sept. 28, 2001, Ala. Cr. App.)

## SUMMARY OF THE ARGUMENT

1. NEW EVIDENCE EXISTS WHICH REQUIRES A NEW TRIAL. THE STATE CORRUPTLY PERSUADED A WITNESS NOT TO TESTIFY.

2. TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO SUBPOENA A KEY WITNESS, AND A NEW TRIAL IS REQUIRED.

3. ALTHOUGH THESE CLAIMS WERE RAISED IN THE FIRST RULE 32, THEY WERE NOT ADJUDICATED ON THEIR MERITS AND ARE COGNIZABLE IN THIS SECOND PETITION.

5

ARGUMENT

I. WHETHER THE CIRCUIT COURT ERRED IN SUMMARILY DISMISSING GREENWOOD'S PETITION?

IN ITS ORDER OF DISMISSAL, THE CIRCUIT COURT STATES FOUR SPECIFIC REASONS FOR SUMMARILY DISMISSING GREEN-WOODS SECOND PETITION. (C 46)

(1.), (2.) - UNDER THESE TWO PRONGS THE CIRCUIT COURT ARGUES THAT GREENWOOD FAILED TO MEET HIS BURDEN OF NEW EVIDENCE UNDER RULE 32.1(e), AND THAT HIS CLAIM OF PROSECUTORIAL MISCONDUCT IN INTIMIDATING A WITNESS IS NOT NEW EVIDENCE. THIS APPEARS TO BE BASED ON THE STATE'S RESPONSE WHICH STATES IN PERTINENT PART:

"MR. BROWN'S AFFIDAVIT ESTABLISHES THAT HIS STORY, IF HE HAD TESTIFIED AT TRIAL, WOULD HAVE BEEN THE SAME THEN AS IT IS TODAY. HENCE, THERE IS NO NEW EVIDENCE." (C 43)

THIS IS THE SAME ARGUMENT THAT THE STATE MADE IN RESPONSE TO THIS SAME CLAIM IN THE FIRST RULE 32 PET-ITION. (R32. C 49)[1] HOWEVER, THE STATE CONTINUES TO

[1]- GREENWOOD REQUESTS THAT THIS COURT TAKE JUDICIAL NOTICE OF ITS OWN RECORDS. See HULL V. STATE, 607 So.2d 369, 371 (Ala. Cr. App. 1992)

6

OVERLOOK THE FACT THAT BROWN'S AFFIDAVIT ALLEGES
TWO MAIN CLAIMS:

      1. THAT HE DID NOT KNOW GREENWOOD, AND GREENWOOD
      WAS NOT HIS ACCOMPLICE IN THE ROBBERY; AND

      2. THAT HE CHANGED HIS MIND ABOUT TESTIFYING
      TO THAT FACT BECAUSE <u>THE STATE INTIMIDATED</u>
      <u>HIM CONCERNING HIS OWN PLEA BARGAIN</u>, SHOULD
      HE TESTIFY FOR GREENWOOD.

  IN THE FIRST PETITION, AND NOW AGAIN IN THIS SECOND
PETITION, — THE STATE HAS FAILED TO ACKNOWLEDGE THE
SECOND CLAIM OF BROWN AS NEW EVIDENCE. BROWN'S
AFFIDAVIT DOES NOT STATE HE HAD GAVE GREENWOOD'S TRIAL
COUNSEL A REASON FOR NOT TESTIFYING, <u>IN THAT THE PRO-</u>
<u>SECUTOR HAD INTIMIDATED HIM</u>, AS MORE FULLY SET OUT
IN ISSUE II OF THIS BRIEF — THIS SECOND CLAIM MEETS
THE REQUIREMENTS OF RULE 32.1(e), AND ITS MERITS ARE
DUE TO BE FULLY ADDRESSED. THE ONLY WAY THIS COURT
WOULD HAVE A SUFFICIENT BASIS OF REVIEW IS IF THE CIRCUIT
COURT WOULD HAVE CONDUCTED AN EVIDENTIARY HEARING TO
GET THE TESTIMONY OF ALL THOSE PARTIES INVOLVED ON
THE RECORD.

(3.) THE CIRCUIT COURT ALSO ARGUES THAT GREENWOOD'S RIGHTS
UNDER THE 6TH AND 14TH AMENDMENTS WERE NOT VIOLATED
BY THE STATE'S INTIMIDATION OF BROWN. THE CIRCUIT COURT,
HOWEVER, DOES NOT ADDRESS THIS CLAIM ON ITS MERITS,
BUT ARGUES IT IS PRECLUDED BECAUSE IT WAS NOT
RAISED IN THE FIRST PETITION.

IT IS UNCLEAR EXACTLY WHAT THE STATE AND THE CIRCUIT COURT IS ARGUING HERE. THIS IS EXACTLY THE SAME CLAIM RAISED IN THE FIRST PETITION. ALTHOUGH GREENWOOD HAS INCLUDED THE CITATIONS OF THE 6TH AND 14TH AMENDMENTS IN THIS SECOND PETITION — THE SUBSTANCE OF THE CLAIM IS THE SAME, i.e., THE STATE CORRUPTLY PERSUADED A WITNESS NOT TO TESTIFY. (R32. C24-26, 109-111) THIS WAS THE NEW EVIDENCE OF THE FIRST PETITION, WHICH WAS NOT ADJUDICATED ON ITS MERITS, AND IT IS THE SAME CLAIM HERE AGAIN — WHICH THE STATE HAS FAILED, ONCE AGAIN, TO ADJUDICATE ON ITS MERITS. IT APPEARS THE CIRCUIT COURT REFUSES TO ACKNOWLEDGE, OR EVEN CONSIDER, THAT THE STATE MAY ACTUALLY BE GUILTY OF THIS OBSTRUCTION OF JUSTICE.

IT IS WORTHY TO NOTE THAT THE STATE HAS NOT SPECIFICALLY REFUTED THE FACT OF PROSECUTORIAL MISCONDUCT BUT STATED: "MOREOVER, EVEN IF PETITIONER'S ARGUMENT IS TRUE, HIS ASSERTION IS PROCEDURALLY BARRED..." (C 43) THE STATE THEN ATTEMPTS TO ALLEGE GREENWOOD'S CLAIM OF NEW EVIDENCE WAS FILED OUTSIDE OF THE 6-MONTH LIMITATIONS PERIOD OF RULE 32.2(C). THE STATE ARGUES GREENWOOD RECEIVED BROWN'S AFFIDAVIT ON MARCH 30, 2003, BUT DID NOT FILE HIS FIRST RULE 32 PETITION UNTIL NOVEMBER 25, 2003. (C 44) HOWEVER, THIS COURT'S OWN RECORDS SHOW THE FIRST PETITION WAS MAILED AND EFFECTIVELY "FILED" ON SEPTEMBER 14, 2003. (R32. C 13) THUS, IT WAS WELL WITHIN THE 6-MONTH WINDOW.

8

SINCE NEITHER THE STATE NOR THE CIRCUIT COURT HAS SPECIFICALLY REFUTED GREENWOOD'S CLAIM OF PROSECUTORIAL MISCONDUCT — THAT FACT MUST BE TAKEN AS TRUE BY THIS COURT. SEE <u>SWICEGOOD V. STATE</u>, 646 So.2d 158 (ALA. Cr. APP, 1993); <u>BOUTWELL V. STATE</u>, 488 So.2d 33 (ALA. Cr. APP. 1986)

(4.) FINALLY, THE CIRCUIT COURT ARGUES THAT GREENWOOD'S COUNSEL WAS NOT INEFFECTIVE IN FAILING TO SUBPOENA A KEY WITNESS, (C 46) THIS ISSUE, THOUGH RAISED ALSO IN THE FIRST PETITION, WAS NOT ADJUDICATED ON ITS MERITS AND IS COGNIZABLE IN THIS SECOND PETITION.

THE CIRCUIT COURT TRIES TO WAIVE OFF THIS BLATANT ERROR OF COUNSEL BY QUOTING THE RULES OF PROFESSIONAL CONDUCT CONCERNING AN ATTORNEY'S STRATEGIC DECISIONS. (C 44, 46) HOWEVER, THE STATE AND THAT COURT OVERLOOKED THE FACT THAT DURING TRIAL, THAT VERY COURT ADMONISHED TRIAL COUNSEL FOR HIS <u>LACK OF ZEAL IN PROCURING SERILLO AS A WITNESS</u>. (DA. R37, L6-17; R60, L23-25; 61) MORE-OVER, COUNSEL ADMITTED THAT SERILLO SHOULD HAVE BEEN SUBPOENAED. (DA. R168-169, L8-9)

THE CIRCUIT COURT'S AVERMENT OF THIS ISSUE IS ALSO IN CONFLICT WITH THE PRIOR RULINGS OF THIS COURT, THE ALABAMA SUPREME COURT, AND THE UNITED STATES SUPREME COURT, AS MORE FULLY SET OUT IN ISSUE <u>III</u> OF THIS BRIEF. FOR THE REASONS SET FORTH ABOVE AND MORE FULLY IN THIS BRIEF — THE CIRCUIT COURT ERRED IN DENYING THE PETITION.

9

II. NEWLY DISCOVERED MATERIAL FACTS EXIST WHICH REQUIRE THAT THE CONVICTION OR SENTENCE BE VACATED BY THE COURT:

a. THE STATE VIOLATED GREENWOOD'S RIGHT TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR BY CORRUPTLY PERSUADING A KEY WITNESS NOT TO TESTIFY IN VIOLATION OF THE 6TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION

JAMAR BROWN ("BROWN"), A KEY WITNESS FOR GREENWOOD REFUSED TO TESTIFY DUE TO THE FACT THAT THE STATE, THROUGH DISTRICT ATTORNEY PERKINS, CORRUPTLY PERSUADED HIM TO DECLINE TO BE A DEFENSE WITNESS. D.D.A. PERKINS INTIMATED TO BROWN THAT SHE WOULD MAKE SURE HE RECEIVED A 20 YEARS SPLIT 3 YEARS TO SERVE, IF HE DID NOT TESTIFY FOR GREENWOOD. THE INFERENCE COULD ALSO BE DRAWN BY BROWN, FROM D.D.A. PERKINS' STATEMENT, THAT SHOULD HE TESTIFY FOR GREENWOOD — HE HIMSELF WOULD RECEIVE A HARSHER TERM THAN THE PROMISED 20 YEARS.

GREENWOOD'S TRIAL COUNSEL, HARTLEY, INTERVIEWED BROWN IN THE COUNTY JAIL PRIOR TO GREENWOOD'S TRIAL. GREENWOOD STOOD ACCUSED OF BEING BROWN'S ACCOMPLICE IN CONNECTION WITH AN ARMED ROBBERY. BROWN TOLD HARTLEY THAT HE DID NOT KNOW GREENWOOD AND THAT GREENWOOD WAS NOT HIS ACCOMPLICE IN THE CRIME. BROWN ALSO STATED THAT HE COULD TESTIFY FOR GREENWOOD, AND IT WOULD BE BENEFICIAL TO

10

THE DEFENSE. (DIRECT APPEAL "DA" R58, L19-25; 59, L1-23)
HOWEVER, WHEN BROWN WAS CALLED UPON TO TESTIFY HE
REFUSED. BROWN WAS CONCERNED THAT, SHOULD HE TESTIFY,
IT WOULD BE DETRIMENTAL TO HIS OWN UPCOMING SENTENC-
ING, WHICH WAS SCHEDULED A FEW DAYS AFTER GREENWOOD'S
TRIAL BEGAN. (DA. R58, L19-25; 59, L1-23) (DA. R 206-207)

WITHOUT BROWN'S TESTIMONY, GREENWOOD WAS CONVICTED
OF ROBBERY I, AS BROWN'S ACCOMPLICE, AND SENTENCED
TO LIFE IN PRISON AS AN HABITUAL OFFENDER. GREENWOOD
WAS CONVICTED ON DECEMBER 11, 2002.
(DA. R 213)

GREENWOOD DID NOT SEE NOR HEAR ANOTHER WORD ABOUT
BROWN UNTIL ON OR ABOUT MARCH 30, 2003.[1] ON THAT DATE
GREENWOOD RECEIVED, THROUGH PRISONER'S HANDS, AN AFFI-
DAVIT FROM BROWN. BROWN STATED THAT THE REASON HE DID
NOT TESTIFY AS A DEFENSE WITNESS WAS BECAUSE D.D.A.
PERKINS HAD PERSUADED HIM NOT TO TESTIFY IN RETURN
FOR A LIGHTER SENTENCE HIMSELF. BROWN ALSO INFERRED
THAT PERKINS LED HIM TO BELIEVE HE WOULD NOT GET
THIS LIGHT TREATMENT SHOULD HE TESTIFY. (C 32-35)

BROWN'S AFFIDAVIT WAS SIGNED AND NOTARIZED ON MARCH
18, 2003. THE ALLEGATIONS OF THE STATE CORRUPTLY PERSUAD-
ING HIM NOT TO TESTIFY WERE NOT KNOWN NOR AVAILABLE
FOR USE UNTIL AFTER MARCH 30, 2003, THE DATE GREENWOOD
RECEIVED THE AFFIDAVIT.

1- GREENWOOD AND BROWN WERE, AND CONTINUE TO BE, HOUSED
AT SEPARATE FACILITIES

11

BROWN'S AFFIDAVIT READS IN PERTINENT PART:

"MY NAME IS JAMAR BROWN, ON THIS DATE AND TIME 11-21-02 I PLEAD OUT TO A CRIME I HAD COMMITTED ... I'LL JUST START LIKE THIS... SO WHILE SITTING IN THE Li CELLS IN THE BACK OF THE COURTROOM I WAS CALLED OUT SEVERAL TIMES TO TALK TO MY LAWYER AND THAT D.A. LADY NAME MS. PERKINS. SO ON ONE OCCAISON I WAS CALLED OUT TO TALK TO THAT LADY D.A. PERKINS AND A WHITE GUY SO SHE ASKED ME ABOUT KOURTNEY GREENWOOD AGAIN SO I SAID I KEEP TELLING YA'LL I DON'T KNOW THAT DUDE WHY YA'LL KEEP ( - C 32 ) ASKING ME THE SAME THING, " SO THE LADY D.A. PERKINS SAID HE'S NOT A WITNESS FOR KOURTNEY GREENWOOD IS HE SPEAKING TO THE WHITE GUY I DON'T KNOW HIS NAME, SO THE WHITE GUY SAID I DON'T THINK SO, SO I WAS LIKE WITNESS WHAT " WHAT YALL TALKING ABOUT, SO THE LADY D.A. PERKINS SAID, WE MEAN WITHOUT YOU TESTIFYING IN COURT FOR THIS GUY [GREENWOOD] WE HAVE A CASE ON THIS GUY, SO THE LADY D.A. SAID MR. JAMAR BROWN YOU WORK WITH ME I'LL WORK WITH YOU THEN SHE SAID I'LL SEE TO YOU GETTING 20/3 SAP + RETURN OR PROBATION, THEN SHE SAID YOU DON'T HAVE TO WORRY ABOUT NOTHING I'M GOING TO TALK TO THE JUDGE, THEN SHE SAID YOU HAVE A NICE DAY MR. JAMAR BROWN, I'LL SEE YOU ON THE 12TH OF DECEMBER TIL THEN JUST RE-MEMBER WHAT I SAID THEN SHE LEFT, SO I AIN'T NEVER BEEN IN NOTHING LIKE THIS BEFORE BUT SAP + RETURN OR PROBATION SOUNDED GOOD, SO IT WAS LIKE A DAY

12

BEFORE I WENT TO GET SENTENCED, I WAS CALLED DOWN TO COURT, SO WHEN I GOT DOWN THERE IT WAS THIS OTHER WHITE GUY NAME HARTLEY OR SOME, I THINK HE WAS THAT GUY KOURTNEY GREENWOOD LAWYER, THEN MY LAWYER THAT SAME D.A. PERKINS LADY AND THAT OTHER WHITE GUY WHO WAS WITH HER BEFORE CAME TO TALK TO ME 'BOUT TESTIFYING FOR THAT GUY KOURTNEY GREENWOOD. SO TO BE HONEST I WAS REALLY THINKING ABOUT THE SAP + RETURN OR PROBATION I WAS TOLD I WOULD GET. SO I JUST TOLD THEM ALL THE TRUTH, THAT I DON'T EVEN KNOW A GUY BY THAT NAME PROBABLY NEVER SEEN HIM BEFORE AND THAT HE WAS NOT THE GUY THAT WAS PRESENT WITH ME AT (C 33) THE TIME I COMMITTED THESE CRIMES, BUT THEN I ALSO SAID I WAS NOT GOING IN THAT COURTROOM TO TESTIFY AND IT SEEM LIKE THAT LADY D.A. PERKINS KNEW THIS WAS GOING TO HAPPEN TO ME LIKE THIS BUT I DIDN'T SAY NOTHING." (C 34)

THIS WAS CLEARLY DENIAL OF GREENWOOD'S 6TH AMEND-MENT RIGHT TO HAVE COMPULSORY PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR. IF D.D.A. PERKINS WOULD NOT HAVE INTIMATED TO BROWN IN AN ACT OF PERSUASION THAT, SHOULD HE NOT TESTIFY, SHE WOULD SEE TO HIM GETTING A 20/3 SAP + RETURN OR PROBATION — BROWN WOULD HAVE TESTIFIED.

AS LONG AGO AS 1937, THE ALABAMA COURT OF APPEALS HELD IN WALLACE V. STATE, 176 So.2d 310, 27 Ala. App. 545

13

(Ala. Cr. App. 1937); "TO <u>DISSUADE OR PREVENT WITNESS FROM</u> <u>ATTENDING OR TESTIFYING UPON TRIAL OF CAUSE</u> OR BEFORE GRAND JURY DULY CONSTITUTED IS AN <u>INDICTABLE OFFENSE</u>."

IN 1941, THE FEDERAL DISTRICT COURT FOR THE 5TH CIRCUIT HELD IN <u>SAMPLES V. U.S.</u>, 121 F.2d 263 (Ala.) CCA5 1941: "IT IS NOT NECESSARY TO ENFORCEMENT OF THE STATUTE DEFINING THE OFFENSE OF CORRUPTLY ENDEAVORING TO INFLUENCE A WITNESS..., THAT A WITNESS IS PREVENTED FROM TESTIFYING ~~BY THREATS OR FORCE~~, BUT IF A WITNESS IS <u>CORRUPTLY</u> <u>PERSUADED</u> TO ABSENT HIMSELF ... THE ACT IS VIOLATED, AND IT IS IMMATERIAL WHETHER HE WAS SUBPOENAED, IF HE <u>INTENDED TO TESTIFY</u>."

FOLLOWING THE REASONING ABOVE, THE APPELLATE COURT HELD IN <u>THOMAS V. STATE</u>, 418 So. 2d 921 (Ala. Cr. App. 1981): "WHILE THE STATE MAY PROPERLY OFFER A RECOMMENDATION OF LENIENCY IF THE DEFENDANT WILL TESTIFY FOR THE STATE AND PLEAD GUILTY, IT WOULD CONSTITUTE A VIOLATION OF AN ACCUSED'S RIGHT OF DUE PROCESS OF LAW FOR THE STATE TO <u>THREATEN A WITNESS FOR THE DEFENDANT</u> WITH PRO-SECUTION OR TREATMENT AS AN HABITUAL OFFENDER IF HE TESTIFIED FOR THE ACCUSED."

(1.) <u>IS THIS CLAIM COGNIZABLE ALTHOUGH FILED IN A</u> <u>PREVIOUS PETITION</u>?

GREENWOOD ALLEGED NEW MATERIAL FACTS EXISTED,

14

WHICH SHOWED PROSECUTORIAL MISCONDUCT IN PERSUADING BROWN NOT TO TESTIFY, IN HIS FIRST RULE 32 PETITION. (Record on Appeal, First R.32 PETITION ("R.32"), C 24-26) GREENWOOD ALSO FILED AN AMENDMENT IN WHICH HE CLARIFIED THIS ISSUE. (R.32, C 109-111) THE STATE DID NOT SPECIFICALLY ADDRESS THIS CLAIM (R.32, C 97-102); NOR DID THIS COURT IN ITS ORDER DENYING THE PREVIOUS PETITION. (R.32, C 135-138) THUS, <u>THE SPECIFIC CLAIM HAS NOT BEEN PREVIOUSLY DECIDED ON ITS MERITS</u>.

IN <u>Ex parte WALKER</u>, 800 So. 2d 135 (Ala. 2000), THE ALA-BAMA SUPREME COURT HELD THAT THE TRIAL COURT ERRED IN SUMMARILY DISMISSING A <u>THIRD</u>, <u>SUCCESSIVE RULE 32 PETITION</u> ALLEGING THE SAME CLAIM BECAUSE THE PETITIONER HAD <u>NEVER RECEIVED A HEARING</u> ON WHAT COULD HAVE BEEN A MERITORIOUS CLAIM.

CITING <u>Ex parte WALKER</u>, THE APPELLATE COURT HELD IN <u>WHITT V. STATE</u>, 827 So. 2d 869, 875 (Ala. Cr. App. 2001):

"IT IS WELL SETTLED UNDER ALABAMA [LAW] THAT WHERE A PARTICULAR CLAIM IN A RULE 32 PETITION <u>HAS BEEN RAISED IN A PREVIOUS PETITION</u> (i.e., THE CLAIM FALLS UNDER THE FIRST PART OF RULE 32.2(b)), FOR THAT CLAIM TO BE SUCCESSIVE UNDER RULE 32.2 (b), THE CLAIM <u>MUST HAVE BEEN DECIDED ON THE MERITS IN THE PREVIOUS PETITION</u>."

15

(2.) DOES THE CLAIM SATISFY THE FIVE-PRONG REQUIREMENTS OF RULE 32.1 (e) AND WARRANT AN EVIDENTIARY HEARING AND/OR A NEW TRIAL?

1. THE FACTS RELIED UPON WERE NOT KNOWN BY THE PETITIONER OR THE PETITIONER'S COUNSEL AT THE TIME OF TRIAL OR SENTENCING OR IN TIME TO FILE A POST-TRIAL MOTION PURSUANT TO RULE 24, OR IN TIME TO BE INCLUDED IN ANY PREVIOUS COLLATERAL PROCEEDING AND COULD NOT HAVE ~~BEEN DISCOVERED BY ANY OF THOSE TIMES THROUGH THE~~ EXERCISE OF REASONABLE DILIGENCE;

HERE, THE ALLEGATION OF THE STATE'S ROLE IN CORRUPTLY PERSUADING BROWN NOT TO TESTIFY WAS NOT KNOWN IN TIME FOR ANY OF THE ABOVE. GREENWOOD WAS ONLY AWARE THAT BROWN CHANGED HIS MIND AND REFUSED TO TESTIFY. BROWN DID NOT ALLEGE THAT D.D.A. PERKINS CONVERSATIONS WITH HIM HAD PERSUADED HIM TO ABSENT HIMSELF FROM GREENWOOD'S TRIAL, UNTIL HE EXECUTED THE AFFIDAVIT.

FROM THE VERY NATURE OF BROWN'S ALLEGATIONS IN THE AFFIDAVIT, IT IS OBVIOUS THAT BROWN WAS UNWILLING TO COME FORWARD WITH THE REASON FOR HIS SUDDEN CHANGE OF HEART UNTIL HE WAS OUT OF THE CUSTODY OF THE MONTGOMERY COUNTY JAIL, AND OUT OF THE REACH OF D.D.A. PERKINS. AS SOON AS BROWN FELT CONFIDENT THE STATE COULD NOT EFFECT HIS SENTENCE, HE EXECUTED THE AFFIDAVIT AND SENT IT TO GREENWOOD. GREENWOOD HAD NO

16

MEANS OF KNOWING THE ALLEGATIONS UNTIL BROWN DECIDED TO COME FORWARD. THUS, PRONG ONE IS SATISFIED.

2. THE FACTS ARE NOT MERELY CUMULATIVE TO OTHER FACTS THAT WERE KNOWN;

3. THE FACTS DO NOT MERELY AMOUNT TO IMPEACHMENT EVIDENCE;

THE CONTROLLING CASE FOR REVIEW OF THESE TWO PRONGS WAS DECIDED IN Ex parte HEATON, 542 So.2d 931 (Ala. 1989):

"WHILE ALL FIVE REQUIREMENTS ORDINARILY MUST BE MET, THE LAW HAS RECOGNIZED THAT IN CERTAIN EXCEPTIONAL CIRCUM-STANCES, EVEN IF THE NEWLY DISCOVERED EVIDENCE IS CUMU-LATIVE OR IMPEACHING, IF IT APPEARS PROBABLE FROM LOOKING AT THE ENTIRE CASE THAT THE NEW EVIDENCE WOULD CHANGE THE RESULT, THEN A NEW TRIAL SHOULD BE GRANTED." @ 933

HERE, AS ALREADY STATED, THERE WAS NO EVIDENCE OF THE STATE'S CORRUPTED PERSUASION OF BROWN'S REFUSAL TO TESTIFY KNOWN OR PRESENTED TO THE TRIAL COURT. THERE WAS ALSO NO TESTIMONY PRESENTED BY BROWN DURING TRIAL TO THIS EFFECT. HOWEVER, SOME OF THE SUBSTANCE IN BROWN'S AFFIDAVIT DOES APPEAR TO BE CUMULATIVE, i.e., THAT BROWN STATED HE DID NOT KNOW GREENWOOD. IT IS PROBABLE THAT HAD A JURY BEEN SHOWN THE STATE'S CORRUPT EFFORTS TO KEEP BROWN FROM TESTIFYING, THIS FACT WOULD HAVE

17

CREATED CREDIBILITY TO BROWN'S TESTIMONY CONCERNING GREENWOOD'S INNOCENCE. THUS, LIKELY THIS PART OF THE NEW EVIDENCE COULD HAVE CHANGED THE RESULT.

LIKEWISE, THE IMPEACHMENT PRONG IS ALSO SATISFIED AS THERE WAS NO EVIDENCE PRESENTED FROM A WITNESS CONCERNING THE CORRUPTED, PERSUASIVE EFFORTS BY THE STATE. HOWEVER, THE FACT THAT BROWN STATED GREENWOOD WAS INNOCENT OF THE CRIME WOULD APPEAR TO BE USEFUL IN IMPEACHING THE VICTIM, COPELAND'S, TESTIMONY; HOWEVER, THE MAIN ISSUE HERE IS THE DUE PROCESS VIOLATION CREATED BY THE STATE'S CORRUPT INFLUENCE OF A KEY WITNESS.

AS IN Ex parte HEATON, THE FACT THAT SOME OF BROWN'S AFFIDAVIT COULD BE CONSIDERED CUMULATIVE OR IMPEACHING IS OVERCOME BY THE FACTS OF THE CASE, i.e., THE STATE'S CORRUPT PERSUASION OF BROWN.

4. IF THE FACTS HAD BEEN KNOWN AT THE TIME OF TRIAL OR OF SENTENCING, THE RESULT PROBABLY WOULD HAVE BEEN DIFFERENT;

5. THE FACTS ESTABLISH THAT THE PETITIONER IS INNOCENT OF THE CRIME FOR WHICH THE PETITIONER WAS CONVICTED OR SHOULD NOT HAVE RECEIVED THE SENTENCE THAT THE PETITIONER RECEIVED;

AS ALREADY STATED, HAD THE JURY KNOWN ABOUT

18

THE STATE'S EFFORTS TO KEEP BROWN OFF THE STAND, THIS WOULD HAVE LENT CREDIBILITY TO BROWN'S ALLEGATION THAT GREENWOOD WAS NOT HIS ACCOMPLICE AND THUS IN-NOCENT. THE STATE PRESENTED ONLY ONE WITNESS WHO IDENTIFIED GREENWOOD AS THE OFFENDER. THAT WAS THE VICTIM, COPELAND. COPELAND TESTIFIED THAT THE OFFENDER HAD "TWISTS" IN HIS HAIR. (DA. R54, L5-17) HOWEVER, THERE WERE FOUR WITNESSES THAT TESTI-FIED GREENWOOD NEVER WORE TWISTS IN HIS HAIR AND DID NOT HAVE IT IN TWISTS THE DAY OF THE CRIME. (DA. R50, L2-20; R101-102; R111; R121; R140) HAD BROWN, THE ADMITTED OFFENDER, TESTIFIED OF THE STATE'S COR-RUPT EFFORTS, AS WELL AS GREENWOOD'S INNOCENCE OF THE CRIME; IT HAD A REASONABLE PROBABILITY OF CHANGING THE RESULT. THIS WOULD ALSO, OF COURSE, PROVE GREENWOOD'S INNOCENCE, THUS SATISFYING THE FIFTH AND FINAL PRONG OF RULE 32.1(e).

(3.) DOES THIS CLAIM REQUIRE AN EVIDENTIARY HEARING AND/OR A NEW TRIAL?

HERE, THIS CLAIM IS COGNIZABLE ALTHOUGH FILED AGAIN IN A SUCCESSIVE PETITION BECAUSE GREENWOOD HAS NEVER RECEIVED A HEARING ON WHAT APPEARS TO BE A MERITORIOUS ISSUE. THIS COURT DID NOT SPECIFICALLY ADDRESS THIS ISSUE IN THE PRIOR PETITION.

"...THE BASIS OF THE TRIAL COURT'S RULING, WHETHER

19

PROCEDURAL OR ON THE MERITS, MUST BE CLEAR ... A <u>STATE-MENT OF THE BASIS OF THE TRIAL COURT'S DECISION</u> IS ES-SENTIAL TO AFFORD THE APPELLANT DUE PROCESS ..."
<u>Ex parte GRAU</u>, 791 So.2d 347 (Ala. 2000)

AGAIN, IN <u>CARROLL V. STATE</u>, 706 So.2d 815 (Ala. Cr. App. 1997): "THE APPELLANT ALLEGES THAT THE STATE'S KEY WIT-NESS TESTIFIED FALSELY ... HE ALSO ALLEGES THAT THERE IS A REASONABLE PROBABILITY THAT THE OUTCOME OF THE CASE WOULD HAVE BEEN DIFFERENT IF THAT FACT HAD BEEN KNOWN. IN ITS RESPONSE, THE STATE <u>GENERALLY DENIED THAT THERE WAS NEWLY DISCOVERED EVIDENCE</u> AND MERELY ASSERTED THAT THE APPELLANT'S CLAIM WAS PRECLUDED BECAUSE 'THE ALLEGATIONS COULD HAVE BEEN DISCOVERED THROUGH DUE DILIGENCE.' ... <u>IT WOULD BE ERRONEOUS FOR THIS COURT TO ATTEMPT TO WEIGH THE EVIDENCE AND DETERMINE THAT THE APPELLANT'S ALLEGATIONS ARE INSUFFICIENT ON THE SCANT RECORD BEFORE US.</u>" ... ASSUMING THE APPELLANT'S ALLEGATIONS ARE TRUE, THE APPELLANT WOULD POSSIBLY BE ENTITLED TO RELIEF. THEREFORE, HIS CLAIM IS MERITORIOUS ON ITS FACE."
(REVERSED IN PART; AND REMANDED WITH DIRECTIONS)

HERE, GREENWOOD'S CLAIM HAS NOT BEEN REFUTED AS IT RELATES TO THE STATE'S CORRUPTLY PERSUASIVE EFFORTS TO KEEP BROWN FROM TESTIFYING, AS ALLEGED IN BROWN'S AFFIDAVIT. BECAUSE THE CLAIM COULD BE MERITORIOUS; AND BECAUSE IT WAS NOT SPECIFICALLY

ADDRESSED ON ITS MERITS IN THE PRIOR PETITION — AN EVIDENTIARY HEARING AND/OR A NEW TRIAL IS WARRANTED FOR THIS CLAIM. See <u>Ex parte WALKER</u> ; <u>WHITT V. STATE</u>.

III. <u>THE CONSTITUTION OF THE U.S. OR OF THE STATE OF ALABAMA REQUIRES A NEW TRIAL, A NEW SENTENCE PROCEEDING, OR OTHER RELIEF</u>:

a. <u>INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN FAILING TO SUBPOENA A KEY WITNESS AND VIOLATING GREENWOOD'S RIGHT TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM IN VIOLATION OF THE 6TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION</u>:

GREENWOOD RAISED THIS ISSUE IN HIS FIRST PETITION. (R.32, C 113-119) THE COURT DID NOT ADDRESS OR EVEN ACKNOWLEDGE THIS CLAIM IN ITS ORDER DENYING THE FIRST PETITION, NOR DID THE STATE ADDRESS IT IN ITS MOTION TO DISMISS. (R.32, C 73-77 ; 45-72) AS ALREADY ESTABLISHED, SINCE THIS CLAIM HAS NOT BEEN ADDRESSED BY THIS COURT IN THE PREVIOUS PETITION, IT IS COGNIZABLE IN THIS SECOND, SUCCESSIVE PETITION. See <u>Ex parte WALKER</u> ; <u>WHITT V. STATE</u>.

DURING GREENWOOD'S FIRST TRIAL, THE VICTIM, COPELAND, TESTIFIED THAT THERE WAS A SECOND VICTIM AND EYE-WITNESS TO THE ALLEGED CRIME, A 13-YEAR OLD BOY NAMED "SERILLO." THE FIRST TRIAL RESULTED IN A MISTRIAL. (R.32, C 35)

21

DURING GREENWOOD'S SECOND TRIAL, THE ONLY EYE-WITNESS THE STATE PRESENTED WAS COPELAND, THE VICTIM. COPELAND TESTIFIED THAT GREENWOOD RESTRAINED SERILLO WHILE BROWN ROBBED HIM (COPELAND) AT GUN POINT. (DA. R67, L18-24)

THE STATE ALSO PRESENTED A REBUTTAL WITNESS TO GREENWOOD'S ALLEGATIONS THAT HE DID NOT KNOW BROWN AND WAS NOT BROWN'S ACCOMPLICE IN THE INSTANT CRIME, HAROLD FRANKLIN. HOWEVER, FRANKLIN'S TESTIMONY WAS INCONSISTENT AND SUSPECT, FOR SEVERAL REASONS: (1) FRANKLIN WAS A CONVICTED FELON (DA. R151, L14-25); (2) DURING THIS SAME TIME PERIOD, FRANKLIN HAD FILED CHARGES OF ROBBERY AGAINST GREENWOOD. THOSE CHARGES WERE DISMISSED BECAUSE THERE WAS NO EVIDENCE THAT GREENWOOD COMMITTED THAT CRIME, OR THAT GREENWOOD EVEN KNEW FRANKLIN. (DA. R95, L10-19); (3) FRANKLIN TESTIFIED THAT HE HAD SEEN GREENWOOD AND BROWN TOGETHER BEFORE THE DATE OF THE COMMISSION OF THE INSTANT OFFENSE;* (DA. 150, L6-9) THEN FRANKLIN TESTIFIED THAT HE DO NOT KNOW "BROWN" WHEN HE SEE HIM. (DA. R148, L17-18) THIS STATEMENT WAS INCONSISTENT AT BEST; (4) FRANKLIN WAS A VICTIM IN A SIMILAR CRIME AND WAS CLEARLY SEEKING JUSTICE FROM THE DISMISSAL OF THE CHARGES HE FILED AGAINST GREENWOOD. HIS CONFLICTING TESTIMONY ARE COMPLETE LIES, AND HE CERTAINLY HAD A MOTIVE TO LIE; (5) ON DIRECT EXAMINATION BY D.D.A. PERKINS, FRANKLIN

22

WENT ALONG WITH EVERYTHING THE D.D.A. SAID, THUS
CONTRADICTING HIS OTHER STATEMENTS UNDER OATH.
(DA. R150, L6-9) FRANKLIN'S TESTIMONY COULD NOT BE
COUNTED AS TRUE. * SEE P. 4, THIS BRIEF, FOR DOCUMENTATION
                              DISCREDITING FRANKLIN'S TESTIMONY.


THUS, SERILLO, ALTHOUGH ABSENT FROM TRIAL BECAME
A WITNESS AGAINST GREENWOOD THROUGH COPELAND'S TEST-
IMONY. GREENWOOD HAD A 6TH AMENDMENT RIGHT TO CON-
FRONT SERILLO, THIS PREJUDICED GREENWOOD ON SEVERAL
POINTS:


1. COPELAND WAS THE ONLY VICTIM AND EYE-WITNESS
   TO IDENTIFY GREENWOOD AS BROWN'S ACCOMPLICE.
   COPELAND STATED GREENWOOD HELD SERILLO. IF COUN-
   SEL WOULD HAVE SUBPOENAED SERILLO, SERILLO WOULD
   HAVE TESTIFIED GREENWOOD WAS NOT THE PERSON WHO
   HELD HIM DURING THE ROBBERY, THUS NOT BROWN'S
   ACCOMPLICE.


2. SERILLO, AS THE SECOND VICTIM AND PERSON RE-
   STRAINED BY BROWN'S ACCOMPLICE, HAD A BETTER
   VIEW OF THE ACCOMPLICE THAN COPELAND, WHO WAS
   BEING HELD AT GUN POINT BY BROWN.


3. THE STATE ALLEGED GREENWOOD AIDED AND ABETTED
   BROWN DURING THE ROBBERY BY RESTRAINING SERILLO,
   THIS ALLEGATION COULD NOT BE REFUTED WITHOUT
   CROSS-EXAMINING SERILLO. GREENWOOD'S ALLEGED

23

COMPLICITY IN THIS OFFENSE WAS THE SOLE BASIS OF THE ULTIMATE QUESTION IN THE JURY'S DETERMINATION OF GREENWOOD'S GUILT OR INNOCENCE.

4. NO WHERE IN THE RECORD IS IT SHOWN OR STATED THAT SERILLO EVER ACCUSED GREENWOOD OF THIS CRIME, OR ANY OTHER CRIME.

5. THE ONLY EVIDENCE PRESENTED TO SHOW THAT GREENWOOD RESTRAINED SERILLO CAME FROM COPELAND. THIS WAS, AT BEST, AN OUT-OF-COURT STATEMENT, AND NOT SUP-PORTED BY SERILLO HIMSELF.

THE ONLY WAY GREENWOOD COULD HAVE EFFECTIVELY REFUTED COPELAND'S TESTIMONY WAS BY SUBPOENAING AND CROSS-EXAMINING SERILLO. THE U.S. SUPREME COURT HELD IN DAVIS V. ALASKA, U.S. 308, 39 L.Ed. 2d 347, 94 S.Ct. 1105 (1974):

"THE SIXTH AMENDMENT RIGHT OF AN ACCUSED IN A CRIMINAL PROSECUTION 'TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM.' THIS RIGHT IS SECURED FOR DEFENDANTS IN STATE AS WELL AS FEDERAL PRO-CEEDINGS UNDER POINTER V. TEXAS, 380 U.S. 400, 13 L.Ed. 2d 923, 85 S.Ct. 1065 (1965)..." @ 353

THE ALABAMA CRIMINAL COURT OF APPEALS, IN FOL-LOWING THIS RECOGNIZED RIGHT, IN A SIMILAR CASE AS

24

THE INSTANT HELD IN <u>MCTERRY V. STATE</u>, 680 SO.2d 957 (ALA. 1996):

"'COUNSEL IS EXPECTED TO EXERCISE DILIGENCE IN PREPARING HIS CASE FOR TRIAL AND PROCURING WIT- NESSES ... THIS IS ESPECIALLY TRUE HERE BECAUSE WILLIAMS (THE KEY WITNESS) <u>WAS AN EYE WITNESS TO THE SHOOTING</u> ...

"THE <u>ONLY EVIDENCE CONNECTING THE APPELLANT WITH THE CRIME WAS THE EYE WITNESS TESTIMONY OF JELKS.</u> (THE VICTIM) THE APPELLANT DENIED THAT HE WAS THE SHOOTER, THE JURY HAD TO BASE ITS DECISION ON WHICH WITNESS IT FOUND TO BE MORE CREDIBLE — THE APPELLANT OR JELKS...

"THE SIXTH AMENDMENT TO THE [U.S.] CONSTITUTION STATES: 'IN ALL CRIMINAL PROSECUTIONS, THE ACCUSED SHALL ENJOY THE RIGHT TO ... BE CONFRONTED WITH THE WITNESSES AGAINST HIM ...

"AN ACCUSED'S RIGHT TO COMPULSORY PROCESS IS ALSO FOUND IN ARTICLE I, §6, CONSTITUTION OF ALABAMA OF 1901...."

"'THE RIGHT ... IS IN PLAIN TERMS <u>THE RIGHT TO PRESENT A DEFENSE</u>, THE RIGHT TO PRESENT THE DEFEND- ANT'S VERSION OF THE FACTS AS WELL AS THE PROSECUTIONS

25

TO THE JURY SO _IT MAY DECIDE WHERE THE TRUTH LIES_ ... THE RIGHT IS A FUNDAMENTAL ELEMENT OF DUE PROCESS LAW.' " @ 955-956 ( REVERSED AND REMANDED )

HERE, THE SIMILARITIES BETWEEN <u>MCTERRY</u> AND THE INSTANT CLAIM ARE IDENTICAL. THE ONLY EVIDENCE CONNECTING GREENWOOD WITH THE CRIME WAS THE EYE WITNESS TESTIMONY OF COPELAND. GREENWOOD DENIED HE WAS BROWN'S ACCOMPLICE. COPELAND WAS THE VICTIM AND ONLY TESTIFYING EYE WITNESS. <u>SERILLO WAS THE SECOND VICTIM AND EYE WITNESS TO THE CRIME.</u> THE ONLY WAY TO REBUTT COPELAND'S TESTIMONY WAS TO CROSS-EXAMINE SERILLO, WHO WOULD HAVE TESTIFIED THAT <u>GREENWOOD WAS NOT BROWN'S ACCOMPLICE.</u> RE-GARDLESS OF WHAT SERILLO'S TESTIMONY WOULD HAVE BEEN, THE DENIAL OF THE RIGHT TO CROSS-EXAMINE IS <u>A REVERSIBLE ERROR.</u> See <u>DAVIS V. ALASKA</u>, @ 355

b. <u>IS AN EVIDENTIARY HEARING DUE IN THIS CASE</u>, <u>FOR THIS ISSUE?</u>

INEFFECTIVE CLAIMS OF COUNSEL ARE REVIEWED UNDER THE U.S. SUPREME COURT DECISION IN <u>STRICKLAND V. WASHINGTON</u>, 466 U.S. 668 (1984). A CLAIMANT LIKE GREENWOOD MUST SHOW (i) DEFICIENT PERFORMANCE OF COUNSEL :

HERE, TRIAL COUNSEL ADMITTED HIS OWN ERROR

ON RECORD BY STATING: "THAT'S [SERILLO] <u>ONE OF</u>
<u>THE WITNESSES WE NEED HERE</u>..." (DA. R168-169, L8-9)
COUNSEL ALSO MENTIONED SERILLO IN HIS MOTION TO
DISMISS. (DA. R98, L8-15) COUNSEL STILL TOOK NO STEPS
TO SUBPOENA SERILLO.

COUNSEL KNEW OF SERILLO AS THE SECOND EYE WITNESS
WHEN SERILLO'S NAME WAS REVEALED IN GREENWOOD'S
FIRST TRIAL. (DA. R55, L5-16; 61, L8-24 DURING THE
SECOND TRIAL, COPELAND TESTIFIED THAT SERILLO LIVED
FOUR HOUSES DOWN FROM HIS (COPELAND'S) COUSIN'S
HOUSE, THE TRIAL COURT ALSO ADDRESSED THIS MATTER
AND TOLD COUNSEL HE HAD AMPLE TIME TO FIND SERILLO.
(DA. R37, L6-17; 60, L23-25; 61)

THUS, COUNSELOR'S DEFICIENT PERFORMANCE IS EAS-
ILY ESTABLISHED BY COUNSEL'S OWN STATEMENT AND BY
THE TRIAL COURT.

PRONG TWO OF THE STRICKLAND TEST IS: (2) PREJUDICE
TO DEFENDANT AND ABSENT COUNSELOR'S ERRORS A REASON-
ABLE ABILITY OF A DIFFERENT RESULT. THAT HAS ALSO
BEEN SHOWN BY THE DENIAL OF GREENWOOD'S SUBSTANTIAL
RIGHT OF CROSS EXAMINATION; <u>ALSO</u>, <u>THAT SERILLO WOULD</u>
<u>HAVE TESTIFIED GREENWOOD WAS NOT BROWN'S AC-</u>
<u>COMPLICE</u>, <u>WHICH WOULD HAVE CREATED REASONABLE</u>
<u>DOUBT IN THE JURY'S MIND</u>.

27

THUS, THESE CLAIMS WERE, AND ARE, DUE TO BE AD-
DRESSED BY THE TRIAL COURT. THE ALABAMA COURTS HAVE
CONSISTENTLY REMANDED CASES BACK TO THE TRIAL
COURTS FOR THE COURT'S FAILURE TO ADDRESS AN IN-
EFFECTIVE CLAIM BY AN EVIDENTIARY HEARING.

"DEFENDANT'S PETITION, ASSERTING HIS TRIAL COUNSEL
WAS INEFFECTIVE IN FAILING TO SUBPOENA THE WITNESS...
AND ANOTHER WITNESS, BECAUSE BOTH WOULD HAVE
REFUTED THE STATE'S ONLY EVIDENCE... HAD TO BE RE-
MANDED FOR FAILURE OF THE CIRCUIT COURT TO MAKE
SPECIFIC FINDINGS OF FACT..." EX parte GRAU, 791 So.2d
345 (Ala. 2000) SEE ALSO CLICK V. STATE, 821 So.2d 218
(Ala. Cr. App. 1999), AND BULLARD V. STATE, CR-03-0280
(March 26, 2004, Ala. Cr. App.), BOTH WERE REMANDED FOR
FAILURE OF THE CIRCUIT COURT TO ADDRESS THE CLAIMS
OF INEFFECTIVE COUNSEL.

## CONCLUSION

BECAUSE THESE ARE THE SAME CLAIMS PRESENTED IN
THE FIRST PETITION, WHICH WERE NOT ADDRESSED OR AD-
JUDICATED ON THE MERITS IN THAT PETITION, THEY ARE
NOT PRECLUDED AS SUCCESSIVE UNDER RULE 32.2(b).
BECAUSE THE CLAIMS COULD BE MERITORIOUS, THEY
ARE DUE TO BE ADDRESSED BY THE TRIAL COURT IN AN
EVIDENTIARY HEARING AND/OR BY ANY AND ALL OTHER
RELIEF DUE.

28

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY THAT A COPY OF THE FOREGOING HAS BEEN SERVED ON THE RESPONDENTS BY PLACING SAME IN THE U.S. PRISON MAILBOX, FIRST-CLASS POSTAGE PRE-PAID AND ADDRESSED AS FOLLOWS.

STATE OF ALABAMA
OFFICE OF THE ATTNY. GEN.
11 SOUTH UNION STREET
MONTGOMERY, AL 36130

DONE THIS 28TH DAY OF DEC., 2004.

RESPECTFULLY SUBMITTED,

*Kourtnee Greenwood*

KOURTNEE GREENWOOD SOVENSKY, pro se

29