No. CR-04-0334

In the COURT of CRIMINAL APPEALS
of ALABAMA

KOURTNEY SOVERN GREENWOOD,

Appellant,

v.

STATE of ALABAMA,

Appellee.

On Appeal From the Circuit Court of
Montgomery County
(CC-02-909.61)

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

Andy S. Poole
*Assistant Attorney General*

Kristi Deason Hagood
*Deputy Attorney General*
Counsel of Record*

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130
(334) 242-7300*

January 25, 2005



STATE'S
EXHIBIT
Z

PENGAD 800-631-6989

**STATEMENT REGARDING ORAL ARGUMENT**

The State does not view oral argument as necessary in this case because the issues raised are not complicated and they have been thoroughly briefed.

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT.......................... i

TABLE OF CONTENTS......................................... ii

TABLE OF AUTHORITIES.................................... iii

STATEMENT OF THE CASE AND FACTS........................... 1

ISSUES PRESENTED FOR REVIEW............................... 7

STANDARD OF REVIEW....................................... 7

SUMMARY OF THE ARGUMENT.................................. 8

ARGUMENT................................................. 9

  I.   The Trial Court Did Not Abuse Its Discretion By
Denying Greenwood's Claims Of Newly Discovered Evidence
And Ineffective Assistance Of Trial Counsel Because These
Issues Were Raised In A Successive Petition. ............ 9

    A.  The trial court properly found that Greenwood's
claim of newly discovered evidence was not truly a
jurisdictional claim because it is without merit. ..... 11

    B.  The trial court properly denied Greenwood's
claim of ineffective assistance because it is neither
jurisdictional nor was there good cause for why it
should be considered in this second Rule 32 petition. . 18

  II.  The Trial Court Did Not Abuse Its Discretion By
Denying Greenwood's Petition Without First Conducting
An Evidentiary Hearing ................................. 22

CONCLUSION.............................................. 24

CERTIFICATE OF SERVICE.................................. 25

## TABLE OF AUTHORITIES

**Cases**

Baker v. State, CR-03-0846, 2004 WL 1909359 (Ala. Crim.
  App. Aug. 27, 2004) .................................. 11

Boyd v. State, CR-02-0037, 2003 WL 22220330 (Ala. Crim.
  App. Sept. 26, 2003) ................................ 23

Dobyne v. State, 805 So. 2d 733 (Ala. Crim. App. 2000)... 19

Ex parte Boatwright, 471 So. 2d 1257 (Ala. 1985)........ 23

Fortner v. State, 825 So. 2d 876 (Ala. Crim. App. 2001).. 11

Marks v. State, 575 So. 2d 611 (Ala. Crim. App. 1990).... 13

Oliver v. State, 435 So. 2d 207 (Ala. Crim. App. 1983)... 20

Payne v. State, 791 So. 2d 383 (Ala. Crim. App. 1999).... 13

Strickland v. Washington, 466 U.S. 668 (1984)........... 19

U.S. v. Metz, 652 F.2d 478 (5th Cir. 1981)............... 13

**Rules**

ARCrP,

  32.1(e) ............................................. 12

  32.2(b) ............................................. 10

  32.7(d) ............................................. 22

  32.9(a) ............................................. 22

## STATEMENT OF THE CASE AND FACTS

This appeal arises from the denial of Kourtney Sovern Greenwood's ("Greenwood") Rule 32 Petition for Post-Conviction Relief in the Circuit Court of Montgomery County, Alabama.  Judge Truman M. Hobbs, Jr., presided.

On July 19, 2002, the Montgomery County Grand Jury indicted Greenwood for one count of robbery in the first degree committed with a firearm.  (TC. 5-6)[1]  At the trial on December 10-11, 2002, the State presented the testimony of Larry Copeland, Jr.  (TR. 35-52)[2]  Copeland testified that he was walking in the area of Virginia Loop Road and Raintree Drive on April 8, 2002, at approximately 11:00 p.m., with a thirteen-year-old boy named Serillo.  (TR. 35-38)  Copeland testified that they encountered two men running towards them at a fast pace.  One of the men drew a weapon, a gun, telling Copeland to "give it up", while the other man physically restrained Serillo.  (TR. 38-49)  Copeland testified that, after the two robbers took his

---

[1] "TC" refers to the clerk's record from Greenwood's direct appeal record in Docket # CR-02-0634.

[2] "TR" refers to the trial record from Greenwood's direct appeal record in Docket # CR-02-0634.

wallet, they walked away and then fled the scene in a red
S-10 truck.  (TR. 47, 51-52)

Copeland called the police and gave a statement to
Montgomery Police Detective N.T. Buce, where he described
the second robber as a dark-skinned black male who wore
"twists" in his hair.  (TR. 50-52)  Outside the presence of
the jury, Detective Buce testified that Kourtney Greenwood
and Jamar Brown became suspects because witnesses in a
subsequent robbery identified them as the perpetrators and
described the same red S-10 truck as their vehicle.  (TR.
93-95)  Detective Buce testified that Copeland later
identified Kourtney Greenwood and Jamar Brown out of
photographic line-ups; Copeland identified Greenwood as the
robber who held Serillo and who wore "twists" in his hair.
(TR. 80-84)

At trial, Greenwood presented testimony from family
members and a former girlfriend that he never wore his hair
in "twists."  (TR. 100-137)  Greenwood also presented the
testimony of former girlfriend Lavon Howard, who testified
that Greenwood was babysitting their children on the night
of the robbery; however, Howard also testified that she had
never told this to law enforcement.  (R. 126-128)

2

Greenwood testified that he had never worn his hair in
"twists," that he did not know Jamar Brown, and that he was
babysitting the night of the robbery.  (TR. 138-146)  In
rebuttal, the State presented the testimony of Harold
Franklin.  (TR. 147-153)  Franklin testified that he had
seen both Jamar Brown and Kourtney Greenwood together at
Trenholm Court housing project on March 30, 2002, and that
Greenwood was wearing "twists" in his hair at the time.
(TR. 148-149)

On December 11, 2002, the jury returned a verdict
finding Greenwood guilty of robbery in the first degree.
(TC. 2, 13; TR. 213)  Due to Greenwood's two prior felony
convictions, the trial court sentenced Greenwood to life in
prison.  (TC. 3, 14-33)  The only issue Greenwood raised on
appeal was his claim that the evidence was insufficient to
support his conviction for robbery in the first degree.
The Alabama Court of Criminal Appeals affirmed Greenwood's
conviction and issued a certificate of judgment on August
15, 2003.

On September 15, 2003, Greenwood filed his first Rule
32 petition for post-conviction relief in the Montgomery

3

County Circuit Court.  (C1. 1, 7-40)[3]  In this petition,
Greenwood alleged the following:  His sentence exceeded the
maximum because he was indicted for robbery in the third
degree rather than robbery in the first degree; the
indictment was insufficient because it failed to allege
that Greenwood caused "serious physical injury"; the trial
court was without jurisdiction because he was illegally
arrested; he was improperly sentenced under the Habitual
Felony Offender Act; and, newly discovered evidence proved
that he was not guilty of robbery in the first degree.
(C1. 10-26)  In support of his claim of newly discovered
evidence, Greenwood presented the affidavit of co-defendant
Jamar Brown, which stated that Jamar Brown did not know
Greenwood and that Greenwood was not involved in the
robbery.  (C1. 36-39)

    On November 24, 2003, the State filed an "Answer and
Motion for Summary Dismissal."  (C1. 45-72)  On December
24, 2003, Greenwood filed an amended Rule 32 petition,
where he alleged that his trial counsel was ineffective for

_____
[3]"C1" refers to the appellate record in Greenwood's first
Rule 32 petition.  The State requests this Court to take
judicial notice of its record in Kourtney Sovern Greenwood
v. State of Alabama, CR-03-0633.

4

failing to subpoena Serillo, for failing to subpoena the
three children he claimed to have been babysitting on the
night of the robbery, and for failing to object to the jury
instruction regarding unanimous verdicts.  (C1. 113-122)
On January 13, 2004, the trial court issued an order
denying Greenwood's Rule 32 petition for post-conviction
relief on the ground that he failed to allege the facts
necessary to warrant post-conviction relief as required by
Alabama Rules of Criminal Procedure 32.3 and 32.7(d).  (C1.
135-138)  The trial court did not consider his claim that
trial counsel was ineffective for failing to subpoena
Serillo.  (C1. 1, 135-138)

On August 13, 2004, this Court affirmed the Montgomery
County Circuit Court's dismissal of Greenwood's first Rule
32 petition.  On August 27, 2004, this Court overruled
Greenwood's application for rehearing; on October 15, 2004,
the Alabama Supreme Court denied Greenwood's petition for
writ of certiorari.  Accordingly, this Court issued a
certificate of judgment on the matter on October 18, 2004.

On November 8, 2004, Greenwood filed a second Rule 32
petition for postconviction relief in the Montgomery County

Circuit Court.  (C. 5-35)[4]  In this petition, Greenwood

alleged some of the same issues raised in his first Rule 32

petition:  (1) There was newly discovered evidence that the

State intimidated Jamar Brown into refusing to testify on

Greenwood's behalf and that Brown was now willing to

testify; and, (2) his trial counsel was ineffective for

failing to subpoena Serillo to testify so that he could

refute the testimony of victim/witness Larry Copeland.  (C.

13-31)  Greenwood also attached a copy of the same

affidavit from Jamar Brown that he attached to his first

Rule 32 petition.  (C. 32-35)

On November 18, 2004, the State filed a motion to

dismiss/answer to defendant's petition. (C. 17, 41-45)  On

that same date, the trial court denied Greenwood's second

Rule 32 petition on the following grounds:  (1) Greenwood

failed to allege actual newly discovered evidence under

Alabama Rule of Criminal Procedure 32.1(e) and, thus, a new

trial was not required; (2) Greenwood's claim regarding the

denial of his right to use compulsory process to compel the

presence of witnesses could have been asserted in his

---

[4]"C" refers to the record in the current appeal, <u>Kourtney</u>
<u>Sovern Greenwood v. State of Alabama</u>, CR-04-0334.

previous petition; and, (3) the issue of whether his trial

counsel was ineffective for not subpoenaing "Serillo" was

asserted in an earlier petition and that this was not

ineffective assistance of counsel but, rather, a tactical

decision by trial counsel.  (C. 46-47)  On November 30,

2004, Greenwood filed notice of appeal.  (C. 48)


## ISSUES PRESENTED FOR REVIEW


1.   Did the trial court abuse its discretion by

denying Greenwood's claims of newly discovered evidence and

ineffective assistance of trial counsel on the basis of

being raised in a successive petition?

2.   Did the trial court abuse its discretion by

denying Greenwood's Rule 32 petition for post-conviction

relief without first conducting an evidentiary hearing?


## STANDARD OF REVIEW


The standard of reviewing the trial court's denial of a

Rule 32 petition is abuse of discretion.  See Grady v.

State, 831 So. 2d 646, 647 (Ala. Crim. App. 2001); Reed v.

State, 748 So. 2d 231, 233 (Ala. Crim. App. 1999).  The

7

appellate court will not reverse the denial of a Rule 32 petition if the trial court was correct for any reason, even though it may not be the stated reason.  See Reed, 748 So. 2d at 233.

## SUMMARY OF THE ARGUMENT

Greenwood argues on appeal that the trial court erred by denying his claim of newly discovered evidence based on his assertion that co-defendant Jamar Brown was now prepared to testify in a manner that would exonerate him. The trial court did not abuse its discretion by denying this claim because the evidence was neither "newly available" nor "newly discovered."

The trial court did not abuse its discretion by denying the petition without first conducting an evidentiary hearing because the claims in the petition were due for summary dismissal.  Alabama Rule of Criminal Procedure 32.9(a) states that a petitioner is not due an evidentiary hearing when the petition is summarily dismissed.

8

## ARGUMENT

**I.    The Trial Court Did Not Abuse Its Discretion By Denying Greenwood's Claims Of Newly Discovered Evidence And Ineffective Assistance Of Trial Counsel Because These Issues Were Raised In A Successive Petition.**

Greenwood argues on appeal that the trial court abused its discretion by denying his claims of newly discovered evidence and ineffective assistance of trial counsel. In addition to finding that there was no actual newly discovered evidence in regard to his claim that the State violated his right to compulsory process by allegedly threatening Jamar Brown into not testifying on his behalf, the trial court found that this issue could have been asserted in his previous petition. (C. 46). This issue was originally raised in his previous petition; however, the trial court found that Greenwood had not alleged the facts necessary to establish a claim of newly discovered evidence as required by Alabama Rules of Criminal Procedure 32.3 and 32.7(d). (C1. 135-138)

In regard to Greenwood's claim that his trial counsel was ineffective for failing to subpoena Serillo, the trial court found that this issue was also raised in the first Rule 32 petition and that this did not constitute

9

ineffective assistance because it was a tactical decision.
(C. 46)  As noted above, Greenwood alleged in an amended
version of his first Rule 32 petition that his trial
counsel was ineffective for failing to subpoena Serillo.
(C1. 113-122)  Because these issues were raised in a
previous Rule 32 petition, the trial court acted properly
in summarily dismissing the petition as a successive
petition.

Alabama Rule of Criminal Procedure 32.2(b) states the
following in regard to successive petitions:

> If a petitioner has previously filed a petition
> that challenges any judgment, all subsequent
> petitions by that petitioner challenging any
> judgment arising out of that same trial or guilty-
> plea proceeding shall be treated as successive
> petitions under this rule.  *The court shall not
> grant relief on a successive petition on the same
> or similar grounds on behalf of the same
> petitioner.*  A successive petition on different
> grounds shall be denied unless (1) the petitioner
> is entitled to relief on the ground that the court
> was without jurisdiction to render a judgment or
> to impose sentence or (2) the petitioner shows
> both that good cause exists why the new ground or
> grounds were not known or could not have been
> ascertained through reasonable diligence when the
> first petition was heard, and that failure to
> entertain the petition will result in a
> miscarriage of justice.  (emphasis added)

Thus, because Greenwood is raising the same claims in his
second petition that were raised in his first petition, the

trial court was absolutely precluded from granting relief on those claims under Rule 32.2(b).  Even if the claims had not been raised in his first Rule 32 petition, they are precluded from review because they do not allege jurisdictional issues and because they fail to state good cause for why they were not raised in the first petition. See Baker v. State, CR-03-0846, 2004 WL 1909359, at *1 (Ala. Crim. App. Aug. 27, 2004); Fortner v. State, 825 So. 2d 876, 877 (Ala. Crim. App. 2001).

**A.    The trial court properly found that Greenwood's claim of newly discovered evidence was not truly a jurisdictional claim because it is without merit.**

Greenwood alleged in his first and second Rule 32 petitions that his co-defendant, Jamar Brown, was unavailable to testify at his trial because he had invoked his Fifth Amendment right not to incriminate himself.  (C1. 24-26; C. 13-24)  Greenwood alleged that Brown refused to testify because he was afraid the State would retaliate against him by recommending the judge sentence him more harshly pursuant to his previously-given guilty plea.  (C1. 25; C. 13-14)  Greenwood alleged that Brown was now willing to testify on his behalf due to no longer being afraid that

11

the State can change his sentence; that Brown would testify

that the two of them did not know each other; and, that

Greenwood was not with him at the time of the robbery.

(C1. 24-26; C.13-14)  In support of this allegation,

Greenwood attached the same affidavit to both petitions,

which he claimed to be from Jamar Brown.  (C1. 36-39; C.

32-35)

Greenwood's claim that newly discovered evidence proved

his innocence was properly dismissed in both petitions,

under Alabama Rule of Criminal Procedure 32.3, for failing

to allege the facts necessary to entitle him to relief.

Alabama Rule of Criminal Procedure 32.1(e) states that the

following five elements must be proved to succeed on a

claim of newly discovered evidence:

> (1) The facts relied upon were not known by
> the petitioner or the petitioner's counsel at the
> time of trial or sentencing or in time to file a
> posttrial motion pursuant to Rule 24, or in time
> to be included in any previous collateral
> proceeding and could not have been discovered by
> any of those times through the exercise of
> reasonable diligence;
>
> (2) The facts are not merely cumulative to
> other facts that were known;
>
> (3) The facts do not merely amount to
> impeachment evidence;

12

(4) If the facts had been known at the time of trial or of sentencing, the result probably would have been different; and,

(5) The facts establish that the petitioner is innocent of the crime for which he was convicted or should not have received the sentence that the petitioner received.

See Payne v. State, 791 So. 2d 383, 398 (Ala. Crim. App. 1999)(Court held that, "because of the conjunctive 'and' between (4) and (5)," the petitioner must meet all five prerequisites of Rule 32.1(e).).

In his petition, Greenwood argued that this "newly available evidence" was "newly discovered evidence" even though he was aware of it at the time of his trial. (C1. 24-26; C. 13-14)  This Court and the Fifth Circuit Court of Appeals have distinguished between evidence that is "newly available" and that which is "newly discovered" when a co-defendant comes forward after the trial with the willingness to testify that the defendant had nothing to do with the crime.  See Marks v. State, 575 So. 2d 611, 617 (Ala. Crim. App. 1990); U.S. v. Metz, 652 F.2d 478, 480 (5th Cir. 1981).  The Fifth Circuit stated that "newly available" evidence is not synonymous with "newly discovered" evidence and that "newly available" evidence

13

does not automatically warrant the relief of a new trial. See Metz, 652 F.2d at 480.  The Court distinguished cases in which "newly available" evidence warranted a new trial as those cases where the evidence leading to conviction was weak or ambiguous.  See Id.  The Court further noted that "newly available" evidence where an obviously guilty co-defendant tries to assume all of the guilt after the trial, must be viewed "in proper legal perspective" because it is not unusual for a co-defendant to do so when that co-defendant no longer has anything to lose.  See Id. at 480-481.

Further, in Marks, this Court found that the co-defendant's new willingness to exonerate the defendant was not "newly discovered" because the potential testimony was known before the trial.  See Marks, 575 So. 2d at 617.  In addition, this Court found that the co-defendant's testimony was not unavailable at the time of the trial because the co-defendant had pleaded guilty before the trial.  See Id. at 618.  Because the co-defendant was able to testify, the defendant could have compelled his testimony.  See Id.

14

Applying this Court's holding in Marks to the case at
bar, Greenwood's proffer of "newly available" evidence does
not automatically necessitate a new trial because the
evidence used to convict him was not weak or ambiguous.
The State presented the eye-witness testimony of Larry
Copeland, the robbery victim, to identify Greenwood as one
of the two assailants who robbed him on the night of April
8, 2002.  (TR. 35-52)  Greenwood testified that the two
assailants fled the scene in a red S-10 pick-up truck.
(TR. 47, 51-52)  The State presented the testimony of
Detective N.T. Buce that he developed Jamar Brown and
Kourtney Greenwood as suspects based on his interview with
Copeland.  (TR. 79)  Outside the presence of the jury,
Detective Buce testified that he developed Brown and
Greenwood as suspects because of Greenwood's statement
regarding the description of the robbers and the get-away
vehicle; Detective Buce explained that he was investigating
another robbery where the suspects used a red S-10 pick-up
truck and the victim of that robbery identified Brown and
Greenwood as the robbers.  (TR. 93-95)  Detective Buce also
testified that Copeland identified Greenwood and Brown out
of two photo lineups with people of similar physical

15

characteristics to Greenwood and Brown.  (TR. 80-84)

Therefore, according to this Court's holding in Marks,

Greenwood is not automatically entitled to a new trial even

if the potential testimony is "newly available" because the

State's evidence was not ambiguous or weak.

Further, according to Greenwood's admission in both of

his post-conviction petitions, Greenwood was aware of

Brown's potential testimony before the trial.  (C1. 24-26;

C. 13-14)  Thus, according to this Court's holding in

Marks, this potential testimony was not newly discovered

evidence.  In the order denying the first Rule 32 petition,

the trial court cited this as being the reason for denying

the claim of newly discovered evidence.  (C. 138)  In

addition, the affidavit purported to be from Jamar Brown

states that he pleaded guilty to the robbery on November

21, 2002.  (C. 36)  Because Brown had already pleaded

guilty to the robbery before the trial on December 10-11,

2002, Brown was available to testify.  Therefore, according

to this Court's holding in Marks, this potential testimony

is not even "newly available."

In conclusion, this potential testimony of Jamar Brown

is highly suspect because it is not unusual for a co-

Case 2:05-cv-00733-MHT-WC    Document 34-13    Filed 11/15/2007    Page 21 of 29

defendant to take all of the blame when he no longer has anything to lose. See Metz, 652 F.2d at 480-481.  This potential testimony of Jamar Brown was not "newly discovered evidence" because, according to Greenwood's petition, he knew of it before trial.  (C1. 24-26; C. 13-14)  Further, this potential testimony of Jamar Brown was not "newly available" because Brown could have been compelled to testify due to the fact that he had already pleaded guilty to the offense.  (C. 36)  Therefore, Greenwood is not entitled to any relief on this claim because it is neither "newly discovered evidence" or "newly available evidence."  Because Greenwood failed to allege a claim of newly discovered evidence, the claim is not jurisdictional; thus, this claim is not due consideration in a successive petition.  Further, because this was raised in Greenwood's first Rule 32 petition, there can be no good cause for why it was not raised in a previous petition.  Accordingly, this claim is precluded from postconviction relief under Rule 32.2(b) because it was raised in a successive petition.

**B.    The trial court properly denied Greenwood's claim
of ineffective assistance because it is neither
jurisdictional nor was there good cause for why it
should be considered in this second Rule 32
petition.**

Greenwood alleged ineffective assistance of trial and
appellate counsel in an amendment to his first Rule 32
petition for post-conviction relief and in his second Rule
32 petition.  (C1. 113-122; C. 24-31)  Greenwood claimed
that his trial counsel was ineffective for failing to
subpoena Serillo to testify in rebuttal to Larry Copeland's
eyewitness testimony.  (C1. 113-122; C. 24-31)  Greenwood
now argues that he was entitled to relief for his claim of
ineffective assistance of trial counsel, even though it was
raised a second time in a successive petition, because the
claim was not given full consideration in his first Rule 32
petition.  The trial court properly dismissed the claim as
being raised in a successive petition because it was raised
in his first petition and because it was not a
jurisdictional claim.  Further, Greenwood failed to allege
good cause why the claim should be considered because the
trial court properly found that trial counsel was not
ineffective.  (C. 46)

18

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the
United States Supreme Court established a two-prong test
for determining whether trial counsel was ineffective.
First, the petitioner must prove that counsel's performance
was deficient, which requires a showing that counsel made
errors so serious that counsel was not functioning as
required by the Sixth Amendment right to counsel. <u>See</u> 466
U.S. at 687.   Second, the petitioner must prove that the
deficient performance prejudiced the defense. <u>See</u> <u>Id</u>.
Without both findings, a petitioner cannot prevail on a
claim of ineffective assistance of counsel. <u>See</u> <u>Dobyne v.
State</u>, 805 So. 2d 733, 742 (Ala. Crim. App. 2000)(citing
<u>Strickland v. Washington</u>, 466 U.S. at 687).

In regard to claims that counsel is ineffective for
failing to subpoena certain witnesses, this Court has held
the following:

> "No ineffective representation results where
> trial counsel fails to call witnesses whose
> testimony would only be cumulative to evidence
> already in the record." <u>Robinson v. State</u>, 361
> So.2d 1172, 1175 (Ala. Cr. App. 1978); <u>Lee v.
> State</u>, 349 So.2d 134 (Ala. Cr. App. 1977). The
> decision not to call a particular witness is
> usually a tactical decision not constituting
> ineffective assistance of counsel. <u>Goodman v
> State</u>, 387 So.2d 862 (Ala. Cr. App.), <u>cert.
> denied</u>, <u>Ex parte Goodman</u>, 387 So.2d 864 (Ala.
> 1980). "Defense counsel's failure to call certain

19

witnesses is not sufficient grounds for a Sixth
Amendment claim." <u>United States v. Hughes</u>, 635
F.2d 449, 453 (5th Cir. 1981). "This Court will
not second-guess tactical decisions of counsel in
deciding whether to call certain witnesses."
<u>United States v. Long</u>, 674 F.2d 848, 855 (11th
Cir.1982).

See <u>Oliver v. State</u>, 435 So. 2d 207, 208-209 (Ala. Crim.

App. 1983).

Greenwood alleges that Serillo should have been

subpoenaed by his counsel because the State did not call

him, and that Serillo could have rebutted Larry Copeland's

testimony identifying him as one of the robbers. (C1. 114-

119; C. 24-31) Greenwood further alleges that this was

very important because Copeland described him as wearing

twists in his hair and he presented testimony from

witnesses stating that he never wore his hair in this

style; however, the State did present a rebuttal witness

who testified that Greenwood did wear his hair in twists.

(C1. 114-119; TR. 100-137, 148-149; C. 24-31) These

allegations of what Serillo may testify to are conclusory

statements, however, because Greenwood only states what

Serillo might have said instead of to what he would

actually testify. Further, as stated in this Court's

holding in <u>Oliver</u>, counsel's decisions regarding whether to

call certain witnesses are tactical decisions that do not

constitute ineffective assistance of counsel.  <u>See</u> <u>Oliver</u>,

435 So. 2d at 208-209.

In denying this successive petition and noting that

Greenwood had raised this same issue in his first petition,

the trial court also denied this claim of ineffective

assistance because the decision not to subpoena a witness

is a tactical decision.  (C. 46)  As noted by this Court in

<u>Oliver</u>, the decision not to subpoena a witness who would

provide only cumulative testimony is a tactical decision

and not ineffective assistance of trial counsel.  <u>See</u> <u>Id</u>.

at 208-209.  Accordingly, the trial court properly

dismissed this claim as being raised again in a successive

petition because it was not a jurisdictional claim and

because Greenwood failed to allege good cause.  Thus, this

claim is precluded from postconviction relief under Rule

32.2(b) because it was raised in a successive petition.

## II. The Trial Court Did Not Abuse Its Discretion By Denying Greenwood's Petition Without First Conducting An Evidentiary Hearing.

Greenwood argues on appeal that the trial court erred by denying his Rule 32 petition for post-conviction relief without first conducting an evidentiary hearing. This claim is completely without merit because Alabama Rule of Criminal Procedure 32.7(d) allows the trial court to summarily dismiss a Rule 32 petition without further proceedings where it finds "that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings."

The Montgomery County Circuit Court summarily dismissed Greenwood's Rule 32 petition as precluded based upon Rule 32.2(b) because it was a successive petition and these same issues had been raised in his first Rule 32 petition. (C. 46) Alabama Rule of Criminal Procedure 32.9(a) states that a petitioner is not entitled to an evidentiary hearing when the trial court summarily dismissed a Rule 32 petition. See Baker v. State, CR-03-0846, 2004 WL 1909359, at *4

22

(Ala. Crim. App. Aug. 27, 2004)(The petitioner was not entitled to an evidentiary hearing on claims clearly precluded due to being raised in a successive petition.); Ex parte Boatwright, 471 So. 2d 1257, 1258-1259 (Ala. 1985)(Petitioner is not entitled to an evidentiary hearing where the petition contains no facially meritorious claims.); Boyd v. State, CR-02-0037, 2003 WL 22220330, at *6 (Ala. Crim. App. Sept. 26, 2003)(Rule 32 petitioners are not automatically entitled to an evidentiary hearing.). Because the trial court acted properly in summarily dismissing Greenwood's petition for the reasons stated above, Greenwood was not entitled to an evidentiary hearing. Therefore, the trial court did not abuse its discretion by summarily denying Greenwood's petition without first conducting an evidentiary hearing.

## CONCLUSION

Based upon the foregoing, the State of Alabama respectfully requests this honorable Court affirm the Montgomery County Circuit Court's denial of Greenwood's Rule 32 petition for post-conviction relief.

> Respectfully submitted,
>
> Troy King
> *Attorney General*
>
> Andy S. Poole
> *Assistant Attorney General*
>
>
> Kristi Deason Hagood
> *Deputy Attorney General\**
> *Counsel of Record\**

24

## CERTIFICATE OF SERVICE

I hereby certify that on this <u>25th</u> day of January, 2005, I served a copy of the foregoing on the pro se appellant, by placing said copy in the United States Mail, first class, postage prepaid and addressed as follows:

    Kourtney Sovern Greenwood
    #179810/B
    100 Warrior Lane
    Bessemer, AL 35023-7299


                    *Kristi Deason Hagood*
                    Kristi Deason Hagood
                    *Deputy Attorney General\**

ADDRESS OF COUNSEL:

Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130
  (334) 242-7408
184525

25