Hagood 73776

CR-04-0334

# IN THE CRIMINAL COURT OF APPEALS OF ALABAMA

KOURTNEE SOVENSKY GREENWOOD,
Appellant,

VS.

STATE OF ALABAMA,
Respondent.

(ON APPEAL FROM MONTGOMERY COUNTY CIRCUIT COURT
# CC 02-909.61 )

## "REPLY BRIEF"

KOURTNEE SOVENSKY GREENWOOD, pro se
# 179810 / B-68
100 WARRIOR LANE
BESSEMER, AL 35023-7299



STATE'S EXHIBIT AA

# TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF CONTENTS | P. i |
| TABLE OF AUTHORITIES | P. i |
| SUMMARY OF THE ARGUMENT | P. 1 |
| ARGUMENT | P. 2 |
| CONCLUSION | P. 7 |
| CERTIFICATE OF SERVICE | P. 8 |

# TABLE OF AUTHORITIES

| | |
|---|---|
| Borden v. State, ___ So.2d ___ 2002 Ala. Cr. App. Lexis 71 (Mar. 22, 2002) | P. 2 |
| Ex parte Walker, 800 So.2d 135 (Ala. 2000) | P. 3 |
| McTerry v. State, 680 So.2d 956-957 (Ala. 1996) | P. 5 |
| Oliver v. State, 435 So.2d 207 (Ala. Cr. App. 1983) | P. 5 |

i

## SUMMARY OF ARGUMENT

1. THE STATE MISAPPREHENDED GREENWOOD'S CLAIM OF NEW EVIDENCE CONCERNING THE PROSECUTION'S COERCION AND INTIMIDATION OF BROWN TO PERSUADE HIM NOT TO TESTIFY. THE CIRCUIT COURT, AND NOW THE STATE, HAVE STILL NOT ADDRESSED THE MERITS OF THIS CLAIM.

2. ACCORDING TO THIS COURT'S PRIOR HOLDING IN McTERRY V. STATE, 680 So.2d 956-957 (Ala. 1996), TRIAL COUNSEL'S FAILURE TO SUBPOENA SERILLO WARRANTS A NEW TRIAL.

3. THESE CLAIMS ARE COGNIZABLE, ALTHOUGH THE SAME OR SIMILAR TO THOSE IN THE PREVIOUS PETITION, BECAUSE THEY WERE NOT ADJUDICATED ON THEIR MERITS IN THAT PETITION. THUS, UNDER Ex parte WALKER, 800 So.2d 135 (Ala. 2000), THEY CANNOT BE BARRED AS SUCCESSIVE.

1

## ARGUMENT

**I. THOUGH THE SAME OR SIMILAR TO CLAIMS RAISED IN A PREVIOUS PETITION, THE INSTANT CLAIMS ARE COGNIZABLE IN THIS APPEAL**

### A. NEW EVIDENCE

The State argues that Greenwood's claim of new evidence, i.e., that the State persuaded a potential witness into not testifying for the defense, was properly dismissed in both the first, and now, this second Rule 32 petition. The State argues that Greenwood did not allege facts necessary to establish his claim. [1] (State's Brief, p. 9, 12) It is not necessary to restate the argument in Greenwood's initial brief to this court. ~~These same facts have now been presented to the circuit~~ court twice and have gotten the same result. The State has failed to address the claim that the prosecutor intimidated, persuaded, and/or coerced Jamar Brown, a potential defense witness. [1] (Greenwood's Brief, p. 6-7, 10-21)

Moreover, in regard to the State's claim that Greenwood alleged insufficient facts in the circuit court to entitle him to relief, — this court is directed to its recent holding in BORDEN v. STATE, __ So.2d __, 2002 Ala. Cr. App. Lexis 71 (Ala. Cr. App. Mar. 22, 2002) where it held:

"DEFENDANT DID NOT HAVE THE BURDEN AT THE

---

[1] — These refer to the briefs in this appeal

2

pleading stage of proving his claims by a preponderance of the evidence; rather pursuant to [A.R.Cr.P.] 32.6(b), defendant was only required to provide <u>a clear and specific statement</u> of the grounds upon which relief is sought...." Remanded

A clear statement of the grounds was given in both petitions, and the Circuit Court erred in failing to address the claim. The same or similar claim as raised in the first petition could not be barred as successive, here, because it was not adjudicated on its merits in the first petition. See <u>Ex parte Walker</u>, 800 so.2d 135 (Ala. 2000) (Greenwood's Brief, p. 14-15)

Moreover, <u>the state continues to address the wrong claim of new evidence</u>. The state, as they did in the first appeal from the first petition, addresses only that portion of Brown's affidavit which claims that Greenwood was not his accomplice. However, Greenwood specifically argued in his first petition that Brown's affidavit was two-fold: 1.) that Greenwood was not his accomplice; and 2.) that <u>the state persuaded and coerced him into not testifying</u> to that fact. (Greenwood's Brief, p.14-15) In the second petition, Greenwood only raised the state's intimidation of a witness claim. (Greenwood's Brief, p. 10-13)

3

<u>It is unclear whether the State intentionally tried to divert this Court's attention away from the issue, or they have misapprehended the claim.</u> The State continues to argue that the evidence of Brown's testimony was available at trial, thus it does not qualify as new evidence. (State's Brief, p. 11-17) However, the Circuit Court and the State, now in both petitions, <u>have not addressed the merits of the State's intimidation of Brown</u>, which evidence was <u>not known at trial</u> and is new evidence. (Greenwood's Brief, p. 16-17)

### B. INEFFECTIVE COUNSEL

~~The State here argues that the Circuit Court~~ acted properly in dismissing this claim because it is the same claim filed in the previous petition. (State's Brief, p. 18) However, the State concedes that the Circuit Court did not address counsel's ineffectiveness in failing to subpoena Serillo in the previous petition. (State's Brief, p. 5) Thus, under <u>Ex parte Walker</u>, the claim was cognizable because it was not adjudicated or addressed on its merits in the previous petition.

Moreover, the State argues counsel's failure to subpoena Serillo, the victim and eye-witness to the crime, could not be ineffective according

4

to this court's holding in OLIVER V. STATE, 435 So.2d 207 (Ala. Cr. App. 1983) (State's Brief, p. 20)

However, although it is not necessary to repeat the argument in Greenwood's brief (p. 21-28), this court is directed to a more recent ruling than OLIVER, which was cited by the state. This court held in MCTERRY V. STATE, 680 So.2d 956-957 (Ala. 1996):

"The appellant alleges that [counsel failed to timely subpoena a key witness]. Although we do not pass on the merits of this claim, we note that trial counsel's reliance on the state's subpoena list to secure William's testimony borders on ineffective performance. Counsel is expected to exercise diligence in preparing his case for trial and for PROCURING WITNESSES. PRITCHETT, 455 So.2d at *986. This is especially true here because Williams (the key witness) was an eye witness to the shooting."

"The only evidence connecting the appellant with the crime was the eyewitness testimony of Jelks (the victim). The appellant denied that he was the shooter. The jury had to base its decision on which witness it found to be more credible — the appellant or Jelks."

5

"THE RIGHT TO OFFER THE TESTIMONY OF WITNESSES, AND TO COMPEL THEIR ATTENDANCE, IF NECESSARY, IS IN PLAIN TERMS THE <u>RIGHT TO PRESENT A DEFENSE</u> ... THIS RIGHT IS A FUNDAMENTAL ELEMENT OF DUE PROCESS OF LAW."

THIS COURT REVERSED THE CONVICTION IN <u>McTERRY</u> BECAUSE THE CIRCUIT COURT DENIED TRIAL COUNSELOR'S LATE REQUEST FOR A SUBPOENA TO COMPEL THE PRESENCE OF WILLIAMS. THERE IS LITTLE DIFFERENCE BETWEEN <u>McTERRY</u> AND GREENWOODS CASE.

1. GREENWOOD ARGUED HIS COUNSEL FAILED TO PROCURE SERILLO AS A WITNESS. COUNSEL APPARENTLY ~~THOUGHT SERILLO WOULD BE ON THE STATE'S~~ WITNESS LIST.

2. SERILLO WAS A VICTIM AND EYE WITNESS TO THE CRIME. GREENWOOD ALLEGEDLY HELD SERILLO DURING THE ROBBERY.

3. THE ONLY EVIDENCE CONNECTING GREENWOOD WITH THE CRIME WAS THE EYE WITNESS TESTIMONY OF COPELAND, THE VICTIM.

4. ADDITIONALLY, GREENWOOD CLAIMED SERILLO WOULD HAVE TESTIFIED THAT HE WAS NOT BROWN'S ACCOMPLICE, AND THUS INNOCENT OF THE CRIME. (Greenwood's Brief, p. 23)

6

THE ONLY DIFFERENCE BETWEEN THE TWO CASES IS THAT IN <u>McTERRY</u>, THE CIRCUIT COURT DENIED COUNSEL'S LATE SUBPOENA REQUEST, WHEREAS HERE COUNSEL FAILED TO SUBPOENA SERRILLO,— PERIOD. HOWEVER, HERE WE HAVE COUNSEL ADMITTING HIS OWN MISTAKE ON RECORD:

"THAT'S [SERILLO] ONE OF THE WITNESSES WE NEED HERE ..." (DA. R168-169)

AND, THE TRIAL COURT ADMONISHED DEFENSE COUNSEL FOR HIS LACK OF ZEAL IN FAILING TO SUBPOENA SERILLO. (DA: R37, L6-17; 60, L23-25; 61)

~~BASED ON McTERRY ALONE, THIS CASE SHOULD~~ BE REVERSED AND REMANDED FOR A NEW TRIAL.

## CONCLUSION

BECAUSE THESE CLAIMS HAVE NOT BEEN ADJUDICATED ON THEIR MERITS IN THE PREVIOUS PETITION, THEY ARE COGNIZABLE NOW, AND RELIEF IS DUE.

7

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY A COPY OF THE FOREGOING HAS BEEN SERVED ON THE STATE BY PLACING SAME IN THE U.S. PRISON MAILBOX, FIRST-CLASS POSTAGE PRE-PAID AND ADDRESSED AS FOLLOWS.

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
11 SOUTH UNION ST.
MONTGOMERY, AL 36130

DONE THIS 31ST DAY OF JANUARY, 2005.

RESPECTFULLY SUBMITTED,

*Kourtnee Greenwood*
KOURTNEE SOVENSKY GREENWOOD, pro se

8