CR-04-0334

# IN THE CRIMINAL COURT OF APPEALS OF ALABAMA

KOURTNEE SOVENSKY GREENWOOD,
Appellant,
vs.
STATE OF ALABAMA,
Appellee.

ON APPEAL FROM MONTGOMERY COUNTY CIRCUIT COURT
# CC 02-909.61

## "APPLICATION FOR REHEARING AND BRIEF"

KOURTNEE SOVENSKY GREENWOOD, pro se
# 179810 / B-68
100 WARRIOR LANE
BESSEMER, AL 35023-7299


STATE'S EXHIBIT
BB

# TABLE OF CONTENTS

| | |
|---|---|
| TABLE OF CONTENTS | P. i |
| APPLICATION FOR REHEARING | P. i |
| TABLE OF AUTHORITIES | P. vii |
| SUMMARY OF THE ARGUMENT | P. vii |
| ARGUMENT | P. 1 |
| CONCLUSION | P. 4 |
| CERTIFICATE OF SERVICE | P. 4 |

## APPLICATION FOR REHEARING

Comes now your appellant pursuant to Rule 40, A.R.A.P., and petitions this court for a rehearing. The appellant believes this court misapprehended or overlooked the following points of law and/or facts:

1. The circuit court did not address the merits of these claims in the first petition. Under Whitt v. State, 827 So.2d 869, 875 (Ala. Cr. App. 2001), these claims are cognizable in this second, successive petition because they are the same as the claims in the first petition, and they have not been adjudicated on their merits, the claims are due to be fully addressed in this application for rehearing.

i

## STATEMENT OF CASE AND FACTS

Greenwood was convicted of Robbery I, §13A-8-41, Code of Ala., in connection with an alleged robbery occurring on April 9, 2002. (R 34, L 20 "D.A." Direct Appeal) The victim, Copeland, testified that he and a 13 year old boy named "Serillo" were walking down the street between 11-11:30 pm (D.A. R 36-37), when two men, Jamar Brown and an accomplice, came up and Brown pointed a gun while the accomplice restrained Serillo. (D.A. R 42-44) Copeland testified he was then robbed of several items including a wallet and cell phone. (D.A. R 51-52)

Copeland identified Greenwood as the accomplice to Brown. (D.A. R 54, L 5-17) Copeland stated Greenwood had "twists" in his hair (D.A. R 50, L 2-20); however there were four witnesses who testified Greenwood never wore his hair in twists, and in fact did not have it in twists the time of offense: Kim Greenwood (D.A. R 101-102), Devan Greenwood (R 111, D.A.), Lavan Howard (D.A. R 121), and Greenwood himself. (D.A. R 140)

Originally Copeland withheld Serillo's identity from police. (D.A. R 87, L 17-19) But, during Greenwood's first trial (Oct 30, 02 mistrial), Copeland testified to Serillo's name and where he lived. (R 55, L 5-16; R 61, L 8-13 "D.A.") Defense counsel had over two months until the instant trial

ii

TO FIND AND SUBPOENA SERILLO, BUT HE DID NOT PUT FORTH THE EFFORT. THE STATE DID NOT SUBPOENA THIS SECOND VICTIM AND EYE WITNESS EITHER. (D.A. R 87, 90) CONSEQUENTLY GREENWOOD WAS DENIED HIS 6TH AMENDMENT RIGHT OF CONFRONTATION. <u>EVIDENCE SHOWED SERILLO WAS RESTRAINED BY GREENWOOD. THE ONLY WAY GREENWOOD COULD HAVE REFUTED THAT FACT WAS TO CROSS-EXAMINE SERILLO.</u>

AFTER NEGOTIATING A PLEA, CODEFENDANT BROWN TOLD THE D.A. THAT GREENWOOD WAS NOT HIS ACCOMPLICE, AND HE DID NOT KNOW GREENWOOD. (D.A. R 59-60) BROWN ALSO SENT A MESSAGE TO GREENWOOD'S ATTORNEY TO THE SAME EFFECT AND SAID HE WOULD TESTIFY TO THIS FACT IN GREENWOOD'S TRIAL. (D.A. R 206) HOWEVER, AFTER THE D.A. VISITED BROWN CONCERNING HIS OFFER TO BE A DEFENSE WITNESS, BROWN SUDDENLY REFUSED TO TESTIFY. (D.A. R 207; Record on Appeal C 37)

<u>WITHOUT BROWN AND SERILLO'S TESTIMONY</u>, GREENWOOD WAS FOUND GUILTY ON OR ABOUT DECEMBER 11, 2002. (D.A. R 213, L 19-22) GREENWOOD WAS SENTENCED TO "LIFE" AS AN HABITUAL OFFENDER WITH 2 PRIORS. ON OR ABOUT DECEMBER 12, 2002, BROWN, THE TRIGGERMAN, RECEIVED A 20 YEARS SPLIT 3 YEARS TO SERVE AS PROMISED BY THE D.A.

ONCE BROWN WAS TRANSFERRED TO PRISON AND AWAY FROM MONTGOMERY COUNTY AND THE D.A., HE EXECUTED

iii

an affidavit in which he reasserted the fact that he did not know Greenwood. Brown also stated the reason he changed his mind about testifying was that after learning of his intention to be a defense witness, the D.A. and a "white guy" visited him and intimated that should he testify, he (Brown) might not get the sentence (20 split 3) he expected. (R32, C36-39)[2] The affidavit was signed and notarized on March 18, 2003. This affidavit was then sent through prisoner's hands and found its way to Greenwood, who was at a separate facility, on or about March 30, 2003.

The State also presented a witness, Harold Franklin, who testified that Brown and Greenwood were seen together on a date prior to the instant offense. In actuality, Franklin had filed charges of robbey[*] against Greenwood on a previous date. <u>Those charges were dismissed for lack of evidence.</u> (D.A. R150, L6-9) A detective Buce testified that Franklin had given him Greenwood's name as a suspect for the previous offense. (D.A. R94, L11-15) Franklin also testified that he himself was a convicted felon.

On September 14, 2003, the first Rule 32 petition was filed by placing it in the U.S. prison mailbox. (R32, C13) The trial court summarily denied the petition on January 13, 2004. (R32, C73) This court affirmed the trial court's denial on August 13, 2004. Application for rehearing

iv

was applied for and overruled, as was a petition for a writ of certiorari to the Alabama Supreme Court.

On November 3, 2004, Greenwood filed the instant second Rule 32 petition. (C 11)[3] In this second petition, he raises the same two claims which were raised in the first petition, i.e., new evidence of prosecutorial misconduct in intimidating a key defense witness (R32, C 24-26, 109-111) (C 13-24); ineffective counsel in failing to subpoena a key witness, "Serillo." (R.32, C 113-119) (C 24-31) As more fully set out in this brief, those specific claims were not adjudicated on their merits in the first petition, and are cognizable and due to be addressed in this second petition.

---

\* This prior offense of robbery allegedly occurred on March 30, 2002. The state brought in Franklin to rebut Greenwood's assertion that he (Greenwood) did not know Jamar Brown and was not Brown's accomplice in the instant robbery. Franklin claimed during Greenwood's trial that he had seen both Greenwood and Brown together on a previous date, March 30, '02.(DA. 150, L 6-9.). Further, Franklin stated that he knew both Greenwood and Brown; but, most importantly - that <u>he knew Greenwood prior to March 30, 2002, the date Franklin was allegedly robbed by both Brown and Greenwood</u>. (DA. R147, L 17-25 thru R148, L1; R148, L 15-20; R 150, L 6-12)

√

However, the actual copies of the police reports from Franklin's alleged robbery show that under #99 and #116 for "suspects" is listed "U" for unknown. (C 40) Also, in #27, "offender unknown". Thus, although not recognized as new evidence – these reports do lend credibility to Greenwood's claim of innocence and are cognizable for the purpose of "looking at the entire case", to decide if the new evidence of prosecutorial misconduct would "change the result" and require a "new trial." See Ex parte Heaton, 542 So.2d 931, 933 (Ala. 1989)

1 – Record from Direct Appeal ("DA.")**
2 – Record from First Rule 32 Petition ("R32.")**
3 – Record on the Instant Appeal ("C.")**

** The Appellant requests that this Court take judicial notice of the records from Greenwood's Direct Appeal, First Rule 32 Petition, and this Appeal. See Ex parte Salter, 520 So.2d 213, 216-17 (Ala. 1987)

vi

## TABLE OF AUTHORITIES

Ex parte MACEWAN, 860 So.2d 896 (Ala. 2002) — P. 3

Ex parte WALKER, 800 So.2d 135 (Ala. 2000) — P. 3

WHITT v. STATE, 827 So.2d 869 (Ala. Cr. App. 2001) — P. 2

## SUMMARY OF THE ARGUMENT

THE APPLICATION FOR REHEARING IS ESSENTIALLY THE SUMMARY OF THE ARGUMENT. THEREFORE, THE FORMER IS ADOPTED FOR THE LATTER.

# ARGUMENT

I. <u>THE CIRCUIT COURT DID NOT ADDRESS THE MERITS OF THESE CLAIMS IN THE PREVIOUS PETITION AND THEY ARE NOT DUE TO BE BARRED BY THE SUCCESSIVE PETITION OR LIMITATIONS RULES</u>

A. <u>NEW EVIDENCE</u>

Greenwood alleged new evidence in his first petition, specifically, an affidavit from codefendant, Jamar Brown. Greenwood claimed two issues were made by Brown: 1.) that Brown had now come forward to allege Greenwood was not his accomplice in the robbery, and 2.) he did not come forward sooner because <u>the state corruptly persuaded him not to testify at Greenwood's trial</u>. The Circuit Court only responded to issue #1, and this Court, in affirming their judgment, only addressed issue #1. Issue #2 was <u>not adjudicated on its merits in the first petition</u>.

Here, in this second successive petition, Greenwood raised claim #2, i.e., prosecution's corrupt persuasion of a defense witness, again. Since it was not adjudicated on its merits in the first petition, it was cognizable and due to be addressed in this petition. This Court held in

1

WHITT V. STATE, 827 So.2d 869, 875 (Ala. Cr. App. 2001):

"IT IS WELL SETTLED UNDER ALABAMA CASELAW THAT WHERE A <u>PARTICULAR CLAIM</u> IN A RULE 32 PETITION HAS BEEN RAISED IN A PREVIOUS PETITION..., FOR THAT CLAIM TO BE SUCCESSIVE UNDER RULE 32.2(b), THE CLAIM <u>MUST HAVE BEEN DECIDED ON THE MERITS IN THE PREVIOUS PETITION</u>. See Ex parte Walker, 800 So.2d 135 (Ala. 2000).."

THUS, GREENWOOD'S CLAIM, AS IT RELATES TO THE CORRUPT EFFORTS OF THE STATE TO PERSUADE BROWN TO ABSENT HIMSELF AS A DEFENSE WITNESS, IS DUE TO BE FULLY ADDRESSED BY THE CIRCUIT COURT. A REMAND ORDER IS DUE.

B. <u>INEFFECTIVE COUNSEL</u>

GREENWOOD RAISED THIS CLAIM, THAT COUNSEL FAILED TO SUBPOENA A KEY WITNESS, IN HIS FIRST PETITION. THE CIRCUIT COURT DID NOT ADDRESS OR EVEN ACKNOWLEDGE THIS CLAIM. HERE, IN THE SECOND PETITION, UNDER <u>WHITT</u> THE CLAIM WAS COGNIZABLE. IN THIS SECOND PETITION THE CIRCUIT COURT MADE A GENERAL ALLEGATION THAT COUNSELOR'S FAILURE TO SUBPOENA SERILLO WAS TRIAL STRATEGY. THIS COURT WAIVED THE ISSUE OFF AS PRECLUDED BY BOTH 32.2 (b) AND (c), LIMITATIONS PERIOD AND

2

SUCCESSIVE PETITIONS RULE.

As already established by <u>WHITT</u>, the claim was not barred in this second petition by Rule 32.2(b) – successive petitions, because the circuit court did not address the merits in the first petition. Although, this court did somewhat attempt to address the merits on appeal from the first petition; because the circuit court failed to "properly inquire into the merits of [Greenwood's] ineffective-assistance-of-counsel claim" – this court did not have "a sufficient basis for affirming the trial court's dismissal of [Greenwood's] post-conviction motion." <u>Ex parte MacEwan</u>, 860 So.2d 896, 897-98 (Ala. 2002).

The last issue to be decided is if this claim is subject to Rule 32.2(c) in this second petition. In <u>Ex parte Walker</u>, 800 So.2d 135 (Ala. 2000), the Alabama Supreme Court held cognizable a claim of ineffective counsel being raised for the third time, in a third successive petition. Walker filed his first petition in 1994, and his third in 2000, <u>six years later</u>. Apparently, the timely filing of the first petition, and subsequent two petitions, "tolled" the limitations period of 32.2(c).

Here, as in <u>Walker</u> and <u>Whitt</u>, Greenwood's

3

CLAIM OF INEFFECTIVE COUNSEL IS NOT DUE TO BE BARRED BY 32.2(b), (c), AND ITS MERITS ARE DUE TO BE FULLY ADDRESSED IN THIS PETITION.

## CONCLUSION

BASED ON THE ABOVE, GREENWOOD PRAYS THE COURT WILL GRANT A REHEARING IN THIS CAUSE AND REMAND THE CASE TO THE CIRCUIT COURT FOR THAT COURT TO PROPERLY INQUIRE INTO THE MERITS OF THE CLAIMS AND/OR GRANT OTHER RELIEF AS APPROPRIATE.

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY A COPY OF THE FOREGOING HAS BEEN SERVED ON RESPONDENTS BY PLACING SAME IN THE U.S. PRISON MAILBOX, FIRST-CLASS POSTAGE PREPAID AND ADDRESSED AS FOLLOWS.

STATE OF ALABAMA
OFFICE OF THE ATTORNEY GENERAL
11 SOUTH UNION ST.
MONTGOMERY, AL 36130

DONE THIS 21ST DAY OF FEBRUARY, 2005.

RESPECTFULLY SUBMITTED,

*Kourtnee Greenwood*

KOURTNEE SOVENSKY GREENWOOD, pro se

4