# IN THE ALABAMA SUPREME COURT

Ex parte: KOURTNEE SOVENSKY GREENWOOD

IN RE: KOURTNEE SOVENSKY GREENWOOD,
　　　　Appellant,
　　　　VS.
　　　　STATE OF ALABAMA,
　　　　Appellee.

CIRCUIT COURT OF MONTGOMERY COUNTY # CC 02-909.61

SC NO. _____

PETITION FOR WRIT OF CERTIORARI

TO THE SUPREME COURT OF ALABAMA:



STATE'S EXHIBIT CC

COMES YOUR PETITIONER, KOURTNEE SOVENSKY GREENWOOD, AND PETITIONS THIS COURT FOR A WRIT OF CERTIORARI TO ISSUE TO THE COURT OF CRIMINAL APPEALS OF ALABAMA IN THE ABOVE STYLED CAUSE UNDER RULE 39, A.R.A.P., AND SHOWS THE FOLLOWING.

1. PETITIONER SUFFERED SUMMARY DISMISSAL OF A RULE 32, A.R.Cr.P., PETITION IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA, ON NOVEMBER 18, 2004. THE COURT OF CRIMINAL APPEALS AFFIRMED

1

THE JUDGMENT ON FEBRUARY 18, 2005. AN APPLICATION FOR REHEARING WAS FILED ON FEBRUARY 21, 2005, AND OVERRULED ON MARCH 11, 2005.

2. A COPY OF THE OPINION OF THE APPELLATE COURT IS ATTACHED TO THIS PETITION WHICH SHOWS THE COURT OF CRIMINAL APPEALS CASE TO BE NO. CR-04-0334.

3. PETITIONER ALLEGES AS GROUNDS FOR THE ISSUANCE OF THE WRIT THE FOLLOWING:

(1) THE BASIS OF THIS PETITION FOR THE WRIT IS THAT THE DECISION IS IN CONFLICT WITH A PRIOR DECISION OF THIS COURT ON THE SAME POINT OF LAW. IN ITS OPINION, THE APPELLATE COURT HELD:

" BOTH GREENWOOD'S NEWLY DISCOVERED EVIDENCE CLAIM AND HIS INEFFECTIVE ASSISTANCE CLAIM WERE RAISED IN HIS FIRST RULE 32 PETITION. THIS COURT FOUND THE NEWLY DISCOVERED EVIDENCE CLAIM TO BE WITHOUT MERIT AND THE INEFFECTIVE ASSIST-ANCE OF COUNSEL CLAIM TO BE INSUFFICIENTLY PLEADED, GREENWOOD, supra ... GREENWOOD'S PET-ITION WAS PRECLUDED AS SUCCESSIVE. ADDITIONALLY, THE INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM WAS PRECLUDED BY THE PERIOD OF LIMITATIONS IN RULE 32.2 (c)." (opinion, p.3-4)

2

IT SHOULD BE INTERJECTED HERE THAT, IN GREEN-
WOOD'S FIRST RULE 32 PETITION, HIS CLAIM OF NEW
EVIDENCE WAS TWO-FOLD: 1.) ALLEGED ACCOMPLICE BROWN
HAD COME FORWARD AFTER TRIAL TO CLEAR GREEN-
WOOD OF THE CRIME; AND 2.) THE ALLEGED ACCOMPLICE
DID NOT COME FORWARD TO TESTIFY TO THAT FACT EAR-
LIER BECAUSE THE STATE HAD CORRUPTLY PERSUADED
AND/OR THREATENED HIM NOT TO TESTIFY. THE CIRCUIT
COURT DID NOT ADDRESS PRONG #2, NOR DID THE
APPELLATE COURT. AS TO THE INEFFECTIVE COUNSEL
CLAIM, THE CIRCUIT COURT DID NOT ADDRESS THAT
CLAIM, AND THE APPELLATE COURT DID NOT AD-
JUDICATE IT ON THE MERITS. THUS, NEITHER OF
THE INSTANT TWO CLAIMS WERE ADJUDICATED ON
THEIR MERITS IN THE FIRST RULE 32 PETITION,
WHICH WAS TIMELY FILED.

IN THE CASE OF Ex parte WALKER, 800 So. 2d
135, 138 (Ala. 2000) THIS COURT HELD:

"THEREFORE, THE TRIAL COURT ERRED IN SUM-
MARILY DISMISSING WALKER'S THIRD RULE 32 PETIT-
ION INSOFAR AS IT STATED A CLAIM OF INEFFECTIVE
ASSISTANCE OF APPELLATE COUNSEL, AND THE COURT
OF CRIMINAL APPEALS ERRED IN AFFIRMING THAT
DISMISSAL, EVEN THOUGH WALKER HAD FILED OTHER
RULE 32 PETITIONS IN WHICH HE MADE THIS CLAIM,
BECAUSE AS TO THAT CLAIM HE APPARENTLY HAS

3

NEVER RECEIVED A HEARING.

(2) THE BASIS OF THIS PETITION FOR THE WRIT IS THAT THE DECISION IS IN CONFLICT WITH ITS OWN PRIOR DECISIONS, CONCERNING THAT PART OF THE OPINION ALREADY QUOTED, THE APPELLATE COURT HELD IN <u>WHITT V. STATE</u>, 827 So.2d 869, 875 (ALA. Cr. App. 2001):

"IT IS WELL SETTLED UNDER ALABAMA CASELAW THAT WHERE A <u>PARTICULAR CLAIM</u> IN A RULE 32 PETITION HAS BEEN <u>RAISED IN A PREVIOUS PETITION</u> (i.e., THE CLAIM FALLS UNDER THE FIRST PART OF RULE 32.2 (b)), FOR THAT CLAIM TO BE PRECLUDED AS SUCCESSIVE UNDER RULE 32.2(b), THE CLAIM <u>MUST HAVE BEEN DECIDED ON THE MERITS IN THE PREVIOUS PETITION</u>. "

(3) THE BASIS OF THIS PETITION FOR THE WRIT IS THAT THE DECISION IS IN CONFLICT, WITH ITS OWN PRIOR DECISION. IN ITS OPINION, THE APPELLATE COURT HELD:

"[IN THE PREVIOUS PETITION] THIS COURT FOUND THE... INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM TO BE INSUFFICIENTLY PLEADED, " (Opinion, p. 2)

IN DECLINING TO REVIEW THE MERITS IN ITS REVIEW OF THE CIRCUIT COURT'S DISMISSAL OF THE

4

FIRST RULE 32 PETITION, THE APPELLATE COURT ARGUED THE CLAIM WAS INSUFFICIENTLY PLEADED. IN THE CASE OF <u>BORDEN V. STATE</u>, 891 So.2d 393, at *3 (WESTLAW) (Ala. Cr. App. 2002):

"        "AT THE PLEADING STAGE OF RULE 32 PROCEEDINGS, A RULE 32 PETITIONER DOES NOT HAVE THE BURDEN OF PROVING HIS CLAIMS BY A PREPONDERANCE OF THE EVIDENCE. RATHER, AT THE PLEADING STAGE, A PETITIONER MUST PROVIDE ONLY "A <u>CLEAR AND SPECIFIC STATEMENT</u> OF THE GROUNDS UPON WHICH RELIEF IS SOUGHT." RULE 32.6 (b), Ala. R. Crim. P. ONCE A PETITIONER HAS MET HIS BURDEN OF PLEADING SO AS TO AVOID SUMMARY DISPOSITION ... HE IS THEN ENTITLED TO <u>AN OPPORTUNITY TO PRESENT EVIDENCE IN ORDER TO SATISFY HIS BURDEN OF PROOF</u>,' " QUOTING <u>FORD V. STATE</u>, 831 So.2d 641, 644 (Ala. Cr. App. 2001)

GREENWOOD'S INEFFECTIVE CLAIM WAS CLEAR AND SPECIFIC. THE TRIAL COURT DID NOT ADDRESS IT, AND THE APPELLATE COURT ERRED IN FINDING IT INSUFFICIENTLY PLEADED.

THE FOREGOING STATEMENTS OF THE LAW OR THE SUBSTANCE OF THE OPINION ARE IN CONFLICT AND THE APPELLATE COURT ERRED IN FAILING TO FOLLOW THE DECISIONS OF THIS COURT AND THEIR OWN

5

PRIOR DECISIONS.

PETITIONER RESPECTFULLY REQUESTS THAT AFTER A PRELIMINARY EXAMINATION, THE WRIT OF CERTIORARI BE GRANTED AND THAT THIS COURT PROCEED UNDER ITS RULES TO REVIEW THE MATTERS COMPLAINED OF, AND TO REVERSE THE JUDGMENT OF THE COURT OF CRIMINAL APPEALS, AND FOR SUCH OTHER RELIEF AS PETITIONER MAY BE ENTITLED.

## VERIFICATION OF STATEMENT OF FACTS

I DO HEREBY CERTIFY THAT THE FOLLOWING IS A VERBATIM COPY OF THE STATEMENT OF FACTS AS THEY APPEARED IN THE APPLICATION FOR REHEARING IN THE APPELLATE COURT.

DONE THIS 15th DAY OF MARCH, 2005.

RESPECTFULLY SUBMITTED,

Kourtnee Greenwood

KOURTNEE SOVENSKY GREENWOOD, pro se

6

STATEMENT OF CASE AND FACTS

GREENWOOD WAS CONVICTED OF ROBBERY I, §13A-8-41,
CODE OF ALA., IN CONNECTION WITH AN ALLEGED ROBBERY
OCCURRING ON APRIL 9, 2002. (R 34, L20 "D.A." DIRECT APPEAL)
THE VICTIM, COPELAND, TESTIFIED THAT HE AND A 13 YEAR
OLD BOY NAMED "SERILLO" WERE WALKING DOWN THE
STREET BETWEEN 11-11:30 PM (D.A. R 36-37), WHEN TWO
MEN, JAMAR BROWN AND AN ACCOMPLICE, CAME UP AND
BROWN POINTED A GUN WHILE THE ACCOMPLICE RESTRAINED
SERILLO. (D.A. R 42-44) COPELAND TESTIFIED HE WAS THEN
ROBBED OF SEVERAL ITEMS INCLUDING A WALLET AND CELL
PHONE. (D.A. R 51-52)

COPELAND IDENTIFIED GREENWOOD AS THE ACCOMPLICE
TO BROWN. (D.A. R 54, L5-17) COPELAND STATED GREENWOOD
HAD "TWISTS" IN HIS HAIR (D.A. R 50, L 2-20); HOWEVER THERE
WERE FOUR WITNESSES WHO TESTIFIED GREENWOOD NEVER WORE
HIS HAIR IN TWISTS, AND IN FACT DID NOT HAVE IT IN TWISTS
THE TIME OF OFFENSE : KIM GREENWOOD (D.A. R 101-102),
DEVAN GREENWOOD (R111, D.A.), LAVAN HOWARD (D.A. R 121),
AND GREENWOOD HIMSELF. (D.A. R 140)

ORIGINALLY COPELAND WITHELD SERILLO'S IDENTITY FROM
POLICE. (D.A. R 87, L 17-19) BUT, DURING GREENWOOD'S FIRST
TRIAL (MISTRIAL, OCT 30,02), COPELAND TESTIFIED TO SERILLO'S NAME
AND WHERE HE LIVED. (R 55, L5-16; R 61, L8-13 "D.A.") DEFENSE
COUNSEL HAD OVER TWO MONTHS UNTIL THE INSTANT TRIAL

7

TO FIND AND SUBPOENA SERILLO, BUT HE DID NOT PUT
FORTH THE EFFORT. THE STATE DID NOT SUBPOENA THIS
SECOND VICTIM AND EYE WITNESS EITHER. (D.A. R 87, 90)
CONSEQUENTLY GREENWOOD WAS DENIED HIS 6TH AMEND-
MENT RIGHT OF CONFRONTATION. <u>EVIDENCE SHOWED SERILLO</u>
<u>WAS RESTRAINED BY GREENWOOD</u>. <u>THE ONLY WAY GREENWOOD</u>
<u>COULD HAVE REFUTED THAT FACT WAS TO CROSS-EXAMINE</u>
<u>SERILLO.</u>

AFTER NEGOTIATING A PLEA, CODEFENDANT BROWN TOLD
THE D.A. THAT GREENWOOD WAS NOT HIS ACCOMPLICE, AND
HE DID NOT KNOW GREENWOOD. (D.A. R 59-60) BROWN ALSO
SENT A MESSAGE TO GREENWOOD'S ATTORNEY TO THE SAME
EFFECT AND SAID HE WOULD TESTIFY TO THIS FACT IN
GREENWOOD'S TRIAL. (D.A. R 206) HOWEVER, AFTER THE D.A.
VISITED BROWN CONCERNING HIS OFFER TO BE A DEFENSE
WITNESS, BROWN SUDDENLY REFUSED TO TESTIFY. (D.A. R 207;
Record on Appeal C 37)

<u>WITHOUT BROWN AND SERILLO'S TESTIMONY</u>, GREENWOOD WAS
FOUND GUILTY ON OR ABOUT DECEMBER 11, 2002. (D.A. R 213,
L 19-22) GREENWOOD WAS SENTENCED TO "LIFE" AS AN HABITUAL
OFFENDER WITH 2 PRIORS. ON OR ABOUT DECEMBER 12,
2002, BROWN, THE TRIGGERMAN, RECEIVED A 20 YEARS SPLIT
3 YEARS TO SERVE AS PROMISED BY THE D.A.

ONCE BROWN WAS TRANSFERRED TO PRISON AND AWAY
FROM MONTGOMERY COUNTY AND THE D.A., HE EXECUTED

8

AN AFFIDAVIT IN WHICH HE REASSERTED THE FACT THAT HE DID NOT KNOW GREENWOOD. BROWN ALSO STATED THE REASON HE CHANGED HIS MIND ABOUT TESTIFYING WAS THAT AFTER LEARNING OF HIS INTENTION TO BE A DEFENSE WITNESS, THE D.A. AND A "WHITE GUY" VISITED HIM AND INTIMATED THAT SHOULD HE TESTIFY, HE (BROWN) MIGHT NOT GET THE SENTENCE (20 SPLIT 3) HE EXPECTED. (R32, C36-39) [2] THE AFFIDAVIT WAS SIGNED AND NOTARIZED ON MARCH 18, 2003. THIS AFFIDAVIT WAS THEN SENT THROUGH PRISONER'S HANDS AND FOUND ITS WAY TO GREENWOOD, WHO WAS AT A SEPARATE FACILITY, ON OR ABOUT MARCH 30, 2003.

THE STATE ALSO PRESENTED A WITNESS, HAROLD FRANKLIN, WHO TESTIFIED THAT BROWN AND GREENWOOD WERE SEEN TOGETHER ON A DATE PRIOR TO THE INSTANT OFFENSE. IN ACTUALITY, FRANKLIN HAD FILED CHARGES OF ROBBERY[*] AGAINST GREENWOOD ON A PREVIOUS DATE. THOSE CHARGES WERE DISMISSED FOR LACK OF EVIDENCE. (D.A. R 150, L6-9) A DETECTIVE BUCE TESTIFIED THAT FRANKLIN HAD GIVEN HIM GREENWOOD'S NAME AS A SUSPECT FOR THE PREVIOUS OFFENSE. (D.A. R94, L11-15) FRANKLIN ALSO TESTIFIED THAT HE HIMSELF WAS A CONVICTED FELON.

ON SEPTEMBER 14, 2003, THE FIRST RULE 32 PETITION WAS FILED BY PLACING IT IN THE U.S. PRISON MAILBOX. (R32, C13) THE TRIAL COURT SUMMARILY DENIED THE PETITION ON JANUARY 13, 2004. (R32, C73) THIS COURT AFFIRMED THE TRIAL COURT'S DENIAL ON AUGUST 13, 2004. APPLICATION FOR REHEARING

WAS APPLIED FOR AND OVERRULED, AS WAS A PETITION FOR A WRIT OF CERTIORARI TO THE ALABAMA SUPREME COURT.

ON NOVEMBER 3, 2004, GREENWOOD FILED THE INSTANT SECOND RULE 32 PETITION. (C 11)[3] IN THIS SECOND PETITION, HE RAISES THE SAME TWO CLAIMS WHICH WERE RAISED IN THE FIRST PETITION, i.e., NEW EVIDENCE OF PROSECUTORIAL MISCONDUCT IN INTIMIDATING A KEY DEFENSE WITNESS (R32. C 24-26, 109-111) (C 13-24); INEFFECTIVE COUNSEL IN FAILING TO SUBPOENA A KEY WITNESS, "SERILLO." (R.32, C 113-119) (C 24-31) AS MORE FULLY SET OUT IN THIS BRIEF, THOSE SPECIFIC CLAIMS WERE NOT ADJUDICATED ON THEIR MERITS IN THE FIRST PETITION, AND ARE COGNIZABLE AND DUE TO BE ADDRESSED IN THIS SECOND PETITION.

---

\* THIS PRIOR OFFENSE OF ROBBERY ALLEGEDLY OCCURRED ON MARCH 30, 2002. THE STATE BROUGHT IN FRANKLIN TO REBUTT GREENWOOD'S ASSERTION THAT HE (GREENWOOD) DID NOT KNOW JAMAR BROWN AND WAS NOT BROWN'S ACCOMPLICE IN THE INSTANT ROBBERY. FRANKLIN CLAIMED DURING GREENWOOD'S TRIAL THAT HE HAD SEEN BOTH GREENWOOD AND BROWN TOGETHER ON A PREVIOUS DATE, MARCH 30, 02. (DA. 150, L6-9.). FURTHER, FRANKLIN STATED THAT HE KNEW BOTH GREENWOOD AND BROWN; BUT, MOST IMPORTANTLY— THAT HE KNEW GREENWOOD PRIOR TO MARCH 30, 2002, THE DATE FRANKLIN WAS ALLEGEDLY ROBBED BY BOTH BROWN AND GREENWOOD. (DA. R147, L17-25 THRU R148, L1; R148, L15-20; R150, L6-12)

HOWEVER, THE ACTUAL COPIES OF THE POLICE REPORTS FROM FRANKLIN'S ALLEGED ROBBERY SHOW THAT UNDER #99 AND #116 FOR "SUSPECTS" IS LISTED "U" FOR UNKNOWN. (C 40) ALSO, IN #27, "OFFENDER UNKNOWN". THUS, ALTHOUGH NOT RECOGNIZED AS NEW EVIDENCE — THESE REPORTS DO LEND CREDIBILITY TO GREENWOOD'S CLAIM OF INNOCENCE AND ARE COGNIZABLE FOR THE PURPOSE OF "LOOKING AT THE ENTIRE CASE", TO DECIDE IF THE NEW EVIDENCE OF PROSECUTORIAL MISCONDUCT WOULD "CHANGE THE RESULT" AND REQUIRE A "NEW TRIAL." See Ex parte HEATON, 542 So.2d 931, 933 (ALA. 1989)

1 — RECORD FROM DIRECT APPEAL ("DA.") **
2 — RECORD FROM FIRST RULE 32 PETITION ("R32.") **
3 — RECORD ON THE INSTANT APPEAL ("C.") **

** THE APPELLANT REQUESTS THAT THIS COURT TAKE JUDICIAL NOTICE OF THE RECORDS FROM GREENWOOD'S DIRECT APPEAL, FIRST RULE 32 PETITION, AND THIS APPEAL. See Ex parte SALTER, 520 So.2d 213, 216-17 (ALA. 1987)

11

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY THAT A COPY OF THE FORE-
GOING HAS BEEN SERVED ON THE APPROPRIATE PARTIES
BY PLACING SAME IN THE U.S. PRISON MAILBOX,
FIRST-CLASS POSTAGE PREPAID, AND ADDRESSED AS
FOLLOWS:

LANE W. MANN, CLERK
ALA. COURT OF CRIMINAL APPEALS
300 DEXTER AVE. / P.O. BOX 301555
MONTGOMERY, AL 36130-1555

STATE OF ALA.
OFFICE OF THE ATTNY. GEN.
11 SOUTH UNION ST.
MONTGOMERY, AL 36130

DONE THIS _15th_ DAY OF _MARCH_, 2005.

RESPECTFULLY SUBMITTED,

_Kourtnee Greenwood_

KOURTNEE SOVENSKY GREENWOOD, pro se

12

Notice: This unpublished memorandum should not be cited as precedent.  See Rule 54, Ala.R.App.P.  Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555

RELEASED

FEB 18 2005

CLERK
ALA COURT CRIMINAL APPEALS

H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

## MEMORANDUM

CR-04-0334                Montgomery Circuit Court CC-02-909.61

Kourtney Sovern Greenwood v. State of Alabama

Cobb, Judge.

On December 11, 2002, Greenwood was convicted of first-degree robbery.  The trial court sentenced him, as a habitual offender, to life in prison.  On appeal, this Court affirmed his conviction and sentence in an unpublished memorandum. Greenwood v. State (No. CR-02-0634), 880 So. 2d 510 (Ala. Crim. App. 2003) (table).  The certificate of judgment was issued on August 15, 2003.

On November 8, 2004, Greenwood filed this, his second, Rule 32, Ala. R. Crim. P., petition.  On November 18, 2004, the State filed a motion to dismiss the petition.  On that same date, the circuit court summarily denied the petition.

1

This appeal followed.

In his petition, Greenwood claimed that newly discovered evidence existed that required that his conviction and sentence be vacated. Specifically, Greenwood claimed that, on March 30, 2003, he received an affidavit from one Jamar Brown, who claimed that he would have testified for Greenwood, but the prosecutor "persuaded him not to testify in return for a lighter sentence [for] himself." (C. 14.) Also, Greenwood claimed that trial counsel rendered ineffective assistance by failing to subpoena "a key witness." (C. 24.) Finally, Greenwood also claimed that he was entitled to an evidentiary hearing on both claims. On appeal, Greenwood reiterates the claims from his petition.

"[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court's review in a Rule 32 proceeding is de novo." Ex parte White, 792 So. 2d 1097, 1098 (Ala. 2001).

Rule 32.7(d), Ala. R. Crim. P., provides for the summary disposition of a Rule 32 petition only

"[i]f the court determines that the petition is not sufficiently specific [in violation of Rule 32.6(b), Ala. R. Crim. P.], or is precluded [under Rule 32.2, Ala. R. Crim. P.], or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings ...."

Both Greenwood's newly discovered evidence claim and his ineffective assistance claim were raised in his first Rule 32 petition. This Court found the newly discovered evidence claim to be without merit and the ineffective assistance of counsel claim to be insufficiently pleaded. Greenwood, supra.

"If a petitioner has previously filed a petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of that same trial or guilty-plea proceeding shall be treated as successive petitions under this rule. The court

2

<u>shall not grant relief on a successive petition on
the same or similar grounds on behalf of the same
petitioner</u>."

Rule 32.2(b), Ala R. Crim. P. (Emphasis added.) Greenwood's
petition was precluded as successive. Additionally, the
ineffective assistance of counsel claim was precluded by the
period of limitations in Rule 32.2(c). Because Greenwood's
petition was precluded as successive, summary disposition was
appropriate. Accordingly, the judgment of the circuit court
is affirmed.

    AFFIRMED.

    McMillan, P.J., and Shaw, J., concur. Baschab, J.,
concurs in the result. Wise, J., not sitting.

3

SC No. _____

# IN THE ALABAMA SUPREME COURT

Ex parte :   KOURTNEE SOVENSKY GREENWOOD

IN RE :    KOURTNEE SOVENSKY GREENWOOD,
                  Appellant,
                  VS.
                  STATE OF ALABAMA,
                  Appellee.

( ON APPEAL FROM MONTGOMERY COUNTY CIRCUIT COURT
        # CC 02-909.61 , CRIMINAL COURT OF APPEALS
              # CR-04-0334 )

# " BRIEF  OF  PETITIONER "

KOURTNEE SOVENSKY GREENWOOD, pro se
# 179810 / B-68
100 WARRIOR LANE
BESSEMER, AL 35023-7299

## STATEMENT REGARDING ORAL ARGUMENT

THE APPELLANT DOES NOT REQUEST ORAL ARGUMENT. THE MATTER COMPLAINED OF IS ADEQUATELY REPRESENTED IN THE RECORD.

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT          P. i

TABLE OF CONTENTS                          P. i

TABLE OF AUTHORITIES                       P. i

STATEMENT OF THE ISSUES                    P. iii

STATEMENT OF THE CASE AND FACTS            P. N/A

STATEMENT OF THE STANDARD OF REVIEW        P. iii

SUMMARY OF THE ARGUMENT                    P. iii

ARGUMENT                                   P. 1

CONCLUSION                                 P. 24

CERTIFICATE OF SERVICE                     P. 25

## TABLE OF AUTHORITIES

RULE 32.1 (e), A.R.Cr.P.                                          P. 12-15

6TH + 14TH AMENDMENTS, U.S. CONSTITUTION                          P. 17

BOUTWELL V. STATE, 488 So.2d 33 (Ala. Cr. App. 1986)             P. N/A

BULLARD V. STATE, CR-03-0280 (March 26, 2004, Ala. Cr. App.)     P. 24

CARROLL V. STATE, 706 So.2d 815 (Ala. Cr. App. 1997)                    P. 16

CLICK V. STATE, 821 So.2d 218 (Ala. Cr. App. 1999)                      P. 24

DAVIS V. ALASKA, U.S. 308, 39 L.Ed.2d 347 (1974)                        P. 20

Ex parte GRAU, 791 So.2d 347 (Ala. 2000)                                P. 16, 24

Ex parte HEATON, 542 So.2d 931 (Ala. 1989)                              P. 13

Ex parte WACKER, 800 So.2d 135 (Ala. 2000)                              P. 4, 11, 17

Mc TERRY V. STATE, 680 So.2d 957 (Ala. 1996)                            P. 21

SAMPLES V. U.S., 121 F.2d 263 CCA5 (Ala.) 1941                          P. 10

STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984)                           P. 22

SWICEGOOD V. STATE, 646 So.2d 158 (Ala. Cr. App. 1993)                  P. N/A

THOMAS V. STATE, 418 So.2d 921 (Ala. Cr. App. 1981)                     P. 10

WALLACE V. STATE, 176 So.2d 310, 27 Ala. App. 545 (Ala. Cr.
App. 1937)                                                              P. 9

WHITT V. STATE, 827 So.2d 869 (Ala. Cr. App. 2001)                      P. 1, 3, 11, 17

## STATEMENT OF THE ISSUES

1. THE APPELLATE COURT ERRED IN FINDING THE CLAIMS IN GREENWOOD'S RULE 32 PETITION WERE PROCEDURALLY BARRED BECAUSE THEY WERE THE SAME CLAIMS RAISED IN THE FIRST PETITION, — THE CLAIMS CANNOT BE BARRED BECAUSE THEY WERE NOT ADJUDICATED ON THEIR MERITS IN THE PRIOR PETITION.                    p. 1

2. NEWLY DISCOVERED MATERIAL FACTS EXISTED WHICH REQUIRED THE CIRCUIT COURT TO VACATE THE CONVICTION AND SENTENCE.                    p. 6

3. THE CONSTITUTION OF THE U.S. OR OF THE STATE OF ALABAMA REQUIRED A NEW TRIAL, A NEW SENTENCE PROCEEDING, OR OTHER RELIEF.                    p. 17

## STATEMENT OF STANDARD OF REVIEW

THE STANDARD OF APPELLATE REVIEW FOR DETERMINING THE PROPRIETY OF A RULE 32 PETITION IS ABUSE OF DISCRETION. GRADY V. STATE, 2001 WL 1149055 at *1 (Sept. 28, 2001, Ala. Cr. App.)

## SUMMARY OF THE ARGUMENT

THE STATEMENT OF THE ISSUES IS ESSENTIALLY THE SUMMARY OF THE ARGUMENT. THEREFORE, THE FORMER IS ADOPTED AS THE LATTER.

iii

ARGUMENT

I. THE APPELLATE COURT ERRED IN FINDING THE CLAIMS IN GREENWOOD'S RULE 32 PETITION WERE PROCEDURALLY BARRED BECAUSE THEY WERE THE SAME CLAIMS RAISED IN THE FIRST PETITION, — THE CLAIMS CANNOT BE BARRED BECAUSE THEY WERE NOT ADJUDICATED ON THEIR MERITS IN THE PRIOR PETITION

IN WHITT V. STATE, 827 So.2d 869, 873-74 (Ala. Cr. App. 2002), THE APPELLATE COURT HELD: " 'THUS, THE FIRST INQUIRY IN DETERMINING WHETHER A SUBSEQUENT PETITION, ON THE SAME OR [SIMILAR GROUNDS], IS SUCCESSIVE IS WHETHER A PRIOR PETITION WAS DECIDED ON ITS MERITS.' " QUOTING BLOUNT V. STATE, 572 So.2d 498, 500-01 (Ala. Cr. App. 1990)

HERE, IN DETERMINING GREENWOOD'S CLAIM WE MUST SETTLE THAT FIRST INQUIRY.

A. NEW EVIDENCE

IN THE FIRST PETITION, GREENWOOD RAISED A TWO-FOLD CLAIM OF NEW EVIDENCE. SPECIFICALLY, ALLEGED ACCOMPLICE, JAMAR BROWN, HAD, AFTER TRIAL, EXECUTED AN AFFIDAVIT ALLEGING : 1.) THAT GREENWOOD WAS NOT HIS ACCOMPLICE, THUS INNOCENT ; AND 2.) THAT HE CHANGED HIS MIND ABOUT TESTIFYING

1

TO THAT FACT AT GREENWOOD'S TRIAL BECAUSE THE STATE CORRUPTLY PERSUADED HIM NOT TO TESTIFY. (R32, C 24-26)[1] GREENWOOD ALSO FILED AN AMENDMENT TO CLARIFY THAT ISSUE. (R32, C 109-111) (ALSO R.32, C 36-39)

THE STATE'S RESPONSE ONLY ADDRESSED PRONG #1 OF THE CLAIM, i.e., THAT JAMAR BROWN ALLEGED GREENWOOD WAS NOT HIS ACCOMPLICE, AND THAT BOTH GREENWOOD AND HIS ATTORNEY WERE AWARE OF THAT FACT AND COULD HAVE CALLED BROWN AS A WITNESS DURING TRIAL. (R32, C 101) HOWEVER, PRONG #2, WHICH WAS THE REASON THAT BROWN REFUSED TO TESTIFY, i.e., THE STATE CORRUPTLY PERSUADED HIM NOT TO TESTIFY, WAS NOT ADDRESSED. PRONG #2 WAS NOT KNOWN UNTIL BROWN EXECUTED THE AFFIDAVIT. THE CIRCUIT COURT ONLY ADDRESSED PRONG #1 IN ITS ORDER OF DENIAL FOR THE FIRST PETITION. (R32, C 137-38)[3]

PRONG #2, THE STATE'S CORRUPT EFFORTS TO KEEP BROWN OFF THE WITNESS STAND, WAS NOT ADDRESSED OR ADJUDICATED ON ITS MERITS IN THE PREVIOUS PETITION. IT IS THE ONLY CLAIM OF NEW EVIDENCE THAT GREENWOOD RAISED IN THE INSTANT, SECOND PETITION. (C 13-24)[2] NEITHER THE STATE NOR THE CIRCUIT COURT HAVE ADDRESSED THIS CLAIM IN THIS INSTANT, SECOND RULE 32 PROCEEDING. (C 42-43, 46)

1 — FIRST RULE 32 PETITION ("R32)
2 — RECORD ON APPEAL, THIS PETITION ("C")
3 — PRONG #1 ONLY, ADDRESSED BY APPELLATE COURT IN FIRST PETITION, CR-03-0633, UNPUBLISHED MEMORANDUM.

2

B. INEFFECTIVE COUNSEL

THIS CLAIM WAS RAISED IN THE FIRST PETITION. (R32. C 113-119) THE STATE DID NOT ADDRESS IT IN ITS MOTION TO DISMISS. (R 32, C 45-50) NOR DID THE CIRCUIT COURT ADDRESS IT IN ITS ORDER OF DISMISSAL. (R 32, C73-77) ON APPEAL FROM THAT DENIAL THE APPELLATE COURT CLAIMED THE ISSUE WAS INSUFFICIENTLY PLEADED AND DID NOT ADDRESS THE MERITS, EVEN THOUGH A READING OF THE CLAIM SHOWS GREENWOOD MADE A CLEAR AND SPECIFIC STATEMENT OF THE GROUNDS UPON WHICH RE-LIEF WAS SOUGHT. THUS, IN THE PREVIOUS PETITION THIS CLAIM WAS NOT ADJUDICATED ON ITS MERITS.

IN THIS INSTANT, SECOND PETITION THE CIRCUIT COURT ATTEMPTED TO ADDRESS THE MERITS BY ARGUING WHETHER OR NOT TO CALL A DEFENSE WITNESS IS A STRATEGIC DECISION OF COUNSEL. (C 44, 46) HOWEVER, ON APPEAL THE APPELLATE COURT DECLINED TO REVIEW THE MERITS ARGUING THAT THE CLAIM WAS PRO-CEDURALLY BARRED BECAUSE IT WAS RAISED IN THE PREVIOUS PETITION. (opinion, p. 2-3)

TO CONTINUE, CONCERNING THESE ISSUES THE WHITT COURT HELD: "IT IS WELL SETTLED UNDER ALABAMA CASELAW THAT WHERE A PARTICULAR CLAIM IN A RULE 32 PETITION HAS BEEN RAISED IN A PREVIOUS PETITION (i.e., THE CLAIM FALLS UNDER THE FIRST

3

PART OF RULE 32.2(b)), FOR THAT CLAIM TO BE PRECLUDED AS SUCCESSIVE UNDER RULE 32.2(b), THE CLAIM MUST HAVE BEEN DECIDED ON THE MERITS IN THE PREVIOUS PETITION." CITING Ex parte WALKER, 800 So.2d 135 (Ala. 2000)

BECAUSE NEITHER OF THESE TWO CLAIMS WERE, IN FACT, DECIDED ON THE MERITS IN THE PREVIOUS PETITION, — THEY ARE COGNIZABLE AND DUE TO BE ADDRESSED ON THE MERITS IN THIS PROCEEDING.

ADDITIONALLY, THE APPELLATE COURT ATTEMPTS TO ARGUE THAT THE INEFFECTIVE COUNSEL CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS IN RULE 32.2 (c). HOWEVER, THIS CLAIM WAS TIMELY FILED IN THE FIRST PETITION, AND THE CASELAW SEEMS TO IMPLY THE FILING OF THE FIRST PETITION ACTED TO "TOLL" THE 32.2(c) LIMITATIONS PERIOD.

IN WALKER, THIS COURT ENTERTAINED AN INEFFECTIVE COUNSEL CLAIM FILED FOR THE THIRD TIME IN A THIRD, SUCCESSIVE PETITION. ON JUNE 19, 1998, FOUR YEARS AFTER WALKER'S CONVICTION WAS FINALIZED ON DIRECT APPEAL, THE APPELLATE COURT AFFIRMED THE CIRCUIT COURT'S DISMISSAL OF THE THIRD PETITION. IN ORDER TO BE FILED WITHIN THE 2-YEAR LIMITATIONS PERIOD IN EFFECT AT THAT TIME, 32.2(c), WALKER WOULD HAVE HAD TO FILE HIS THIRD PETITION IN 1996. IT

4

DOES NOT APPEAR THAT HE, IN FACT, DID SO. at * 136

UNDER FEDERAL HABEAS CORPUS RULES, THE TIMELY FILING OF A STATE POST-CONVICTION PETITION ACTS TO TOLL ITS LIMITATIONS PERIOD. HERE, GREENWOOD'S CLAIM OF INEFFECTIVE COUNSEL WAS TIMELY FILED IN THE FIRST PETITION. IT WAS NOT GREENWOOD'S FAULT THAT THE CLAIM WAS NOT ADDRESSED IN THAT PETITION. IF, IN FACT, THE PERIOD WAS NOT "TOLLED", ALL A CIRCUIT COURT WOULD HAVE TO DO WOULD BE CONTINUE TO IGNORE CLAIMS UNTIL THE LIMITATIONS PERIOD IN 32.2 (c) WOULD RUN OUT. UNDER THE CIRCUMSTANCES, THIS CLAIM SHOULD NOT BE BARRED UNDER 32.2 (c), WHEN IT WAS TIMELY FILED AND NOT ADJUDICATED ON ITS MERITS IN THE PRIOR PETITION. ACTUALLY, THE CLAIM WAS RAISED WITHIN THE PERIOD OF 32.2 (c).

GREENWOOD HAS ESTABLISHED THAT THE CLAIMS HAVE NOT BEEN, ACCORDING TO ALABAMA CASELAW, ADJUDICATED ON THEIR MERITS IN THE PRIOR PETITION, THUS, THE CLAIMS ARE COGNIZABLE AND DUE TO BE FULLY ADDRESSED IN THIS PROCEEDING.

II.  NEWLY DISCOVERED MATERIAL FACTS EXIST WHICH REQUIRE
THAT THE CONVICTION OR SENTENCE BE VACATED BY THE COURT :

a.  THE STATE VIOLATED GREENWOOD'S RIGHT TO HAVE COMPULSORY
PROCESS FOR OBTAINING WITNESSES IN HIS FAVOR BY CORRUPTLY
PERSUADING A KEY WITNESS NOT TO TESTIFY IN VIOLATION OF
THE 6TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION

JAMAR BROWN ("BROWN"), A KEY WITNESS FOR GREENWOOD
REFUSED TO TESTIFY DUE TO THE FACT THAT THE STATE, THROUGH
DISTRICT ATTORNEY PERKINS, CORRUPTLY PERSUADED HIM TO DE-
CLINE TO BE A DEFENSE WITNESS.  D.D.A. PERKINS INTIMATED
TO BROWN THAT SHE WOULD MAKE SURE HE RECEIVED A 20
YEARS SPLIT 3 YEARS TO SERVE, IF HE DID NOT TESTIFY FOR
GREENWOOD.  THE INFERENCE COULD ALSO BE DRAWN BY BROWN,
FROM D.D.A. PERKINS' STATEMENT, THAT SHOULD HE TESTI-
FY FOR GREENWOOD — HE HIMSELF WOULD RECEIVE A HARSH-
ER TERM THAN THE PROMISED 20 YEARS.

GREENWOOD'S TRIAL COUNSEL, HARTLEY, INTERVIEWED BROWN
IN THE COUNTY JAIL PRIOR TO GREENWOOD'S TRIAL.  GREENWOOD
STOOD ACCUSED OF BEING BROWN'S ACCOMPLICE IN CONNECTION
WITH AN ARMED ROBBERY.  BROWN TOLD HARTLEY THAT HE DID
NOT KNOW GREENWOOD AND THAT GREENWOOD WAS NOT HIS AC-
COMPLICE IN THE CRIME.  BROWN ALSO STATED THAT HE COULD
TESTIFY FOR GREENWOOD, AND IT WOULD BE BENEFICIAL TO

6

THE DEFENSE. (DIRECT APPEAL "DA" R58, L19-25; 59, L1-23)

THE DEFENSE. (DIRECT APPEAL "DA" R58, L19-25; 59, L1-23)
HOWEVER, WHEN BROWN WAS CALLED UPON TO TESTIFY HE
REFUSED. BROWN WAS CONCERNED THAT, SHOULD HE TESTIFY,
IT WOULD BE DETRIMENTAL TO HIS OWN UPCOMING SENTENC-
ING, WHICH WAS SCHEDULED A FEW DAYS AFTER GREENWOOD'S
TRIAL BEGAN. (DA. R58, L19-25; 59, L1-23) (DA. R206-207)

WITHOUT BROWN'S TESTIMONY, GREENWOOD WAS CONVICTED
OF ROBBERY I, AS BROWN'S ACCOMPLICE, AND SENTENCED
TO LIFE IN PRISON AS AN HABITUAL OFFENDER. GREENWOOD
WAS CONVICTED ON DECEMBER 11, 2002.
(DA. R213)

GREENWOOD DID NOT SEE NOR HEAR ANOTHER WORD ABOUT
BROWN UNTIL ON OR ABOUT MARCH 30, 2003! ON THAT DATE
GREENWOOD RECEIVED, THROUGH PRISONER'S HANDS, AN AFFI-
DAVIT FROM BROWN. BROWN STATED THAT THE REASON HE DID
NOT TESTIFY AS A DEFENSE WITNESS WAS BECAUSE D.D.A.
PERKINS HAD PERSUADED HIM NOT TO TESTIFY IN RETURN
FOR A LIGHTER SENTENCE HIMSELF. BROWN ALSO INFERRED
THAT PERKINS LED HIM TO BELIEVE HE WOULD NOT GET
THIS LIGHT TREATMENT SHOULD HE TESTIFY. (C 32-35)

BROWN'S AFFIDAVIT WAS SIGNED AND NOTARIZED ON MARCH
18, 2003. THE ALLEGATIONS OF THE STATE CORRUPTLY PERSUAD-
ING HIM NOT TO TESTIFY WERE NOT KNOWN NOR AVAILABLE
FOR USE UNTIL AFTER MARCH 30, 2003, THE DATE GREENWOOD
RECEIVED THE AFFIDAVIT.

1 - GREENWOOD AND BROWN WERE, AND CONTINUE TO BE, HOUSED
AT SEPARATE FACILITIES

BROWN'S AFFIDAVIT READS IN PERTINENT PART :

"MY NAME IS JAMAR BROWN, ON THIS DATE AND TIME 11-21-02 I PLEAD OUT TO A CRIME I HAD COMMITTED ... I'LL JUST START LIKE THIS ... SO WHILE SITTING IN THE Li CELLS IN THE BACK OF THE COURTROOM I WAS CALLED OUT SEVERAL TIMES TO TALK TO MY LAWYER AND THAT D.A. LADY NAME MS. PERKINS. SO ON ONE OCCAISON I WAS CALLED OUT TO TALK TO THAT LADY D.A. PERKINS AND A WHITE GUY SO SHE ASKED ME ABOUT KOURTNEY GREENWOOD AGAIN SO I SAID I KEEP TELLING YA'LL I DON'T KNOW THAT DUDE WHY YA'LL KEEP ( --- C 32 ) ASKING ME THE SAME THING," SO THE LADY D.A. PERKINS SAID HE'S NOT A WITNESS FOR KOURTNEY GREENWOOD IS HE SPEAKING TO THE WHITE GUY I DON'T KNOW HIS NAME, SO THE WHITE GUY SAID I DON'T THINK SO, SO I WAS LIKE WITNESS WHAT " WHAT YALL TALKING ABOUT, SO THE LADY D.A. PERKINS SAID, WE MEAN WITHOUT YOU TESTIFYING IN COURT FOR THIS GUY [GREENWOOD] WE HAVE A CASE ON THIS GUY. SO THE LADY D.A. SAID MR. JAMAR BROWN YOU WORK WITH ME I'LL WORK WITH YOU THEN SHE SAID I'LL SEE TO YOU GETTING 20/3 SAP + RETURN OR PROBATION, THEN SHE SAID YOU DON'T HAVE TO WORRY ABOUT NOTHING I'M GOING TO TALK TO THE JUDGE, THEN SHE SAID YOU HAVE A NICE DAY MR. JAMAR BROWN, I'LL SEE YOU ON THE 12TH OF DECEMBER TIL THEN JUST RE-MEMBER WHAT I SAID THEN SHE LEFT. SO I AIN'T NEVER BEEN IN NOTHING LIKE THIS BEFORE BUT SAP + RETURN OR PROBATION SOUNDED GOOD, SO IT WAS LIKE A DAY

8

<u>BEFORE I WENT TO GET SENTENCED</u>, I WAS CALLED DOWN
TO COURT, SO WHEN I GOT DOWN THERE IT WAS THIS OTHER
WHITE GUY NAME HARTLEY OR SOME, I THINK HE WAS
THAT GUY KOURTNEY GREENWOOD LAWYER, THEN MY LAWYER
THAT SAME D.A. PERKINS LADY AND THAT OTHER WHITE GUY
WHO WAS WITH HER BEFORE CAME TO TALK TO ME BOUT
TESTIFYING FOR THAT GUY KOURTNEY GREENWOOD, <u>SO TO BE</u>
<u>HONEST I WAS REALLY THINKING ABOUT THE SAP + RETURN</u>
<u>OR PROBATION I WAS TOLD I WOULD GET</u>. SO I JUST TOLD
THEM ALL THE TRUTH, THAT I DON'T EVEN KNOW A GUY BY
THAT NAME PROBABLY NEVER SEEN HIM BEFORE AND THAT HE
WAS NOT THE GUY THAT WAS PRESENT WITH ME AT (C 33)
THE TIME I COMMITTED THESE CRIMES, <u>BUT</u>
<u>THEN I ALSO SAID I WAS NOT GOING IN THAT COURTROOM</u>
<u>TO TESTIFY AND IT SEEM LIKE THAT LADY D.A. PERKINS</u>
<u>KNEW THIS WAS GOING TO HAPPEN TO ME LIKE THIS BUT</u>
<u>I DIDN'T SAY NOTHING</u>." (C34)

THIS WAS CLEARLY DENIAL OF GREENWOOD'S 6TH AMEND-
MENT RIGHT TO HAVE COMPULSORY PROCESS FOR OBTAINING
WITNESSES IN HIS FAVOR. IF D.D.A. PERKINS <u>WOULD NOT</u>
<u>HAVE</u> INTIMATED TO BROWN IN AN ACT OF PERSUASION
THAT, <u>SHOULD HE NOT TESTIFY</u>, SHE WOULD SEE TO HIM
GETTING A 20/3 SAP + RETURN OR PROBATION – <u>BROWN</u>
<u>WOULD HAVE TESTIFIED</u>.

AS LONG AGO AS 1937, THE ALABAMA COURT OF APPEALS
HELD IN <u>WALLACE V. STATE</u>, 176 So.2d 310, 27 Ala. App. 545

9

(Ala. Cr. App. 1937); "TO DISSUADE OR PREVENT WITNESS FROM ATTENDING OR TESTIFYING UPON TRIAL OF CAUSE OR BEFORE GRAND JURY DULY CONSTITUTED IS AN INDICTABLE OFFENSE."

IN 1941, THE FEDERAL DISTRICT COURT FOR THE 5TH CIRCUIT HELD IN SAMPLES V. U.S., 121 F.2d 263 (Ala.) CCA5 1941: "IT IS NOT NECESSARY TO ENFORCEMENT OF THE STATUTE DEFINING THE OFFENSE OF CORRUPTLY ENDEAVORING TO INFLUENCE A WITNESS... THAT A WITNESS IS PREVENTED FROM TESTIFYING BY THREATS OR FORCE, BUT IF A WITNESS IS CORRUPTLY PERSUADED TO ABSENT HIMSELF... THE ACT IS VIOLATED, AND IT IS IMMATERIAL WHETHER HE WAS SUBPOENAED, IF HE INTENDED TO TESTIFY."

FOLLOWING THE REASONING ABOVE, THE APPELLATE COURT HELD IN THOMAS V. STATE, 418 So.2d 921 (Ala. Cr. App. 1981): "WHILE THE STATE MAY PROPERLY OFFER A RECOMMENDATION OF LENIENCY IF THE DEFENDANT WILL TESTIFY FOR THE STATE AND PLEAD GUILTY, IT WOULD CONSTITUTE A VIOLATION OF AN ACCUSED'S RIGHT OF DUE PROCESS OF LAW FOR THE STATE TO THREATEN A WITNESS FOR THE DEFENDANT WITH PRO- SECUTION OR TREATMENT AS AN HABITUAL OFFENDER IF HE TESTIFIED FOR THE ACCUSED."

(1.) IS THIS CLAIM COGNIZABLE ALTHOUGH FILED IN A PREVIOUS PETITION?

GREENWOOD ALLEGED NEW MATERIAL FACTS EXISTED,

10

WHICH SHOWED PROSECUTORIAL MISCONDUCT IN PERSUADING BROWN NOT TO TESTIFY, IN HIS FIRST RULE 32 PETITION. ( Record on Appeal, First R.32 PETITION ("R.32"), C 24-26 ) GREENWOOD ALSO FILED AN AMENDMENT IN WHICH HE CLARIFIED THIS ISSUE. (R.32, C 109-111) THE STATE DID NOT SPECIFICALLY ADDRESS THIS CLAIM (R.32, C 97-102); NOR DID THIS COURT IN ITS ORDER DENYING THE PREVIOUS PETITION. (R.32, C 135-138) THUS, <u>THE SPECIFIC CLAIM HAS NOT BEEN PREVIOUSLY DECIDED ON ITS MERITS.</u>

IN <u>Ex parte WALKER</u>, 800 So. 2d 135 (Ala. 2000), THE ALABAMA SUPREME COURT HELD THAT THE TRIAL COURT ERRED IN SUMMARILY DISMISSING A <u>THIRD, SUCCESSIVE RULE 32 PETITION</u> ALLEGING THE SAME CLAIM BECAUSE THE PETITIONER HAD <u>NEVER RECEIVED A HEARING</u> ON WHAT COULD HAVE BEEN A MERITORIOUS CLAIM.

CITING <u>Ex parte WALKER</u>, THE APPELLATE COURT HELD IN <u>WHITT V. STATE</u>, 827 So. 2d 869, 875 (Ala. Cr. App. 2001):

"IT IS WELL SETTLED UNDER ALABAMA [LAW] THAT WHERE A PARTICULAR CLAIM IN A RULE 32 PETITION <u>HAS BEEN RAISED IN A PREVIOUS PETITION</u> ( i.e., THE CLAIM FALLS UNDER THE FIRST PART OF RULE 32.2 (b), FOR THAT CLAIM TO BE SUCCESSIVE UNDER RULE 32.2 (b), THE CLAIM <u>MUST HAVE BEEN DECIDED ON THE MERITS IN THE PREVIOUS PETITION.</u>"

11.

(2.) DOES THE CLAIM SATISFY THE FIVE-PRONG REQUIREMENTS OF RULE 32.1 (e) AND WARRANT AN EVIDENTIARY HEARING AND/OR A NEW TRIAL?

1. THE FACTS RELIED UPON WERE NOT KNOWN BY THE PETITIONER OR THE PETITIONER'S COUNSEL AT THE TIME OF TRIAL OR SENTENCING OR IN TIME TO FILE A POST-TRIAL MOTION PURSUANT TO RULE 24, OR IN TIME TO BE INCLUDED IN ANY PREVIOUS COLLATERAL PROCEEDING AND COULD NOT HAVE BEEN DISCOVERED BY ANY OF THOSE TIMES THROUGH THE EXERCISE OF REASONABLE DILIGENCE;

HERE, THE ALLEGATION OF THE STATE'S ROLE IN CORRUPTLY PERSUADING BROWN NOT TO TESTIFY WAS NOT KNOWN IN TIME FOR ANY OF THE ABOVE. GREENWOOD WAS ONLY AWARE THAT BROWN CHANGED HIS MIND AND REFUSED TO TESTIFY. BROWN DID NOT ALLEGE THAT D.D.A. PERKINS CONVERSATIONS WITH HIM HAD PERSUADED HIM TO ABSENT HIMSELF FROM GREENWOOD'S TRIAL, UNTIL HE EXECUTED THE AFFIDAVIT.

FROM THE VERY NATURE OF BROWN'S ALLEGATIONS IN THE AFFIDAVIT, IT IS OBVIOUS THAT BROWN WAS UNWILLING TO COME FORWARD WITH THE REASON FOR HIS SUDDEN CHANGE OF HEART UNTIL HE WAS OUT OF THE CUSTODY OF THE MONTGOMERY COUNTY JAIL, AND OUT OF THE REACH OF D.D.A. PERKINS. AS SOON AS BROWN FELT CONFIDENT THE STATE COULD NOT EFFECT HIS SENTENCE, HE EXECUTED THE AFFIDAVIT AND SENT IT TO GREENWOOD. GREENWOOD HAD NO

12

MEANS OF KNOWING THE ALLEGATIONS _UNTIL BROWN DECIDED TO COME FORWARD. THUS, PRONG ONE IS SATISFIED.

2. THE FACTS ARE NOT MERELY CUMULATIVE TO OTHER FACTS THAT WERE KNOWN;

3. THE FACTS DO NOT MERELY AMOUNT TO IMPEACHMENT EVIDENCE;

THE CONTROLLING CASE FOR REVIEW OF THESE TWO PRONGS WAS DECIDED IN Ex parte HEATON, 542 So.2d 931 (Ala. 1989):

"WHILE ALL FIVE REQUIREMENTS ORDINARILY MUST BE MET, THE LAW HAS RECOGNIZED THAT IN CERTAIN EXCEPTIONAL CIRCUM-STANCES, EVEN IF THE NEWLY DISCOVERED EVIDENCE IS CUMU-LATIVE OR IMPEACHING, IF IT APPEARS PROBABLE FROM LOOKING AT THE ENTIRE CASE THAT THE NEW EVIDENCE WOULD CHANGE THE RESULT, THEN A NEW TRIAL SHOULD BE GRANTED." @ 933

HERE, AS ALREADY STATED, THERE WAS NO EVIDENCE OF THE STATE'S CORRUPTED PERSUASION OF BROWN'S REFUSAL TO TESTIFY KNOWN OR PRESENTED TO THE TRIAL COURT. THERE WAS ALSO NO TESTIMONY PRESENTED BY BROWN DURING TRIAL TO THIS EFFECT. HOWEVER, SOME OF THE SUBSTANCE IN BROWN'S AFFIDAVIT DOES APPEAR TO BE CUMULATIVE, i.e., THAT BROWN STATED HE DID NOT KNOW GREENWOOD. IT IS PROBABLE THAT HAD A JURY BEEN SHOWN THE STATE'S CORRUPT EFFORTS TO KEEP BROWN FROM TESTIFYING, THIS FACT WOULD HAVE

13.

CREATED CREDIBILITY TO BROWN'S TESTIMONY CONCERNING GREENWOOD'S INNOCENCE. THUS, LIKELY THIS PART OF THE NEW EVIDENCE COULD HAVE CHANGED THE RESULT.

LIKEWISE, THE IMPEACHMENT PRONG IS ALSO SATISFIED AS THERE WAS NO EVIDENCE PRESENTED FROM A WITNESS CONCERNING THE CORRUPTED, PERSUASIVE EFFORTS BY THE STATE. HOWEVER, THE FACT THAT BROWN STATED GREENWOOD WAS INNOCENT OF THE CRIME WOULD APPEAR TO BE USEFUL IN IMPEACHING THE VICTIM, COPELAND'S, TESTIMONY; HOWEVER, THE MAIN ISSUE HERE IS THE DUE PROCESS VIOLATION CREATED BY THE STATE'S CORRUPT INFLUENCE OF A KEY WITNESS.

AS IN Ex parte HEATON, THE FACT THAT SOME OF BROWN'S AFFIDAVIT COULD BE CONSIDERED CUMULATIVE OR IMPEACHING IS OVERCOME BY THE FACTS OF THE CASE, i.e., THE STATE'S CORRUPT PERSUASION OF BROWN.

4. IF THE FACTS HAD BEEN KNOWN AT THE TIME OF TRIAL OR OF SENTENCING, THE RESULT PROBABLY WOULD HAVE BEEN DIFFERENT;

5. THE FACTS ESTABLISH THAT THE PETITIONER IS INNOCENT OF THE CRIME FOR WHICH THE PETITIONER WAS CONVICTED OR SHOULD NOT HAVE RECEIVED THE SENTENCE THAT THE PETITIONER RECEIVED;

AS ALREADY STATED, HAD THE JURY KNOWN ABOUT

14

THE STATE'S EFFORTS TO KEEP BROWN OFF THE STAND, THIS WOULD HAVE LENT CREDIBILITY TO BROWN'S ALLEGATION THAT GREENWOOD WAS NOT HIS ACCOMPLICE AND THUS IN-NOCENT. THE STATE PRESENTED ONLY ONE WITNESS WHO IDENTIFIED GREENWOOD AS THE OFFENDER. THAT WAS THE VICTIM, COPELAND. COPELAND TESTIFIED THAT THE OFFENDER HAD "TWISTS" IN HIS HAIR. (DA. R54, LS-17) HOWEVER, THERE WERE FOUR WITNESSES THAT TESTI-FIED GREENWOOD NEVER WORE TWISTS IN HIS HAIR AND DID NOT HAVE IT IN TWISTS THE DAY OF THE CRIME. (DA. R50, L2-20; R 101-102; R111; R121; R140) HAD BROWN, THE ADMITTED OFFENDER, TESTIFIED OF THE STATE'S COR-RUPT EFFORTS, AS WELL AS GREENWOOD'S INNOCENCE OF THE CRIME; IT HAD A REASONABLE PROBABILITY OF CHANGING THE RESULT. THIS WOULD ALSO, OF COURSE, PROVE GREENWOOD'S INNOCENCE, THUS SATISFYING THE FIFTH AND FINAL PRONG OF RULE 32.1 (e).

(3.) DOES THIS CLAIM REQUIRE AN EVIDENTIARY HEARING AND/OR A NEW TRIAL?

HERE, THIS CLAIM IS COGNIZABLE ALTHOUGH FILED AGAIN IN A SUCCESSIVE PETITION BECAUSE GREENWOOD HAS NEVER RECEIVED A HEARING ON WHAT APPEARS TO BE A MERITORIOUS ISSUE. THIS COURT DID NOT SPECIFICALLY ADDRESS THIS ISSUE IN THE PRIOR PETITION.

"...THE BASIS OF THE TRIAL COURT'S RULING, WHETHER

PROCEDURAL OR ON THE MERITS, MUST BE CLEAR ... A <u>STATE-MENT OF THE BASIS OF THE TRIAL COURT'S DECISION IS ES-</u> SENTIAL TO AFFORD THE APPELLANT DUE PROCESS ..."

<u>Ex parte GRAU</u>, 791 So.2d 347 (Ala. 2000)

AGAIN, IN <u>CARROLL V. STATE</u>, 706 So.2d 815 (Ala. Cr. App. 1997); "THE APPELLANT ALLEGES THAT THE STATE'S KEY WIT-NESS TESTIFIED FALSELY ... HE ALSO ALLEGES THAT THERE IS A REASONABLE PROBABILITY THAT THE OUTCOME OF THE CASE WOULD HAVE BEEN DIFFERENT IF THAT FACT HAD BEEN KNOWN. IN ITS RESPONSE, THE STATE <u>GENERALLY DENIED THAT THERE WAS NEWLY DISCOVERED EVIDENCE</u> AND MERELY ASSERTED THAT THE APPELLANT'S CLAIM WAS PRECLUDED BECAUSE `THE ALLEGATIONS COULD HAVE BEEN DISCOVERED THROUGH DUE DILIGENCE.' ... <u>IT WOULD BE ERRONEOUS FOR THIS COURT TO ATTEMPT TO WEIGH THE EVIDENCE AND DETERMINE THAT THE APPELLANT'S ALLEGATIONS ARE INSUFFICIENT ON THE SCANT RECORD BEFORE US.</u>" ... ASSUMING THE APPELLANT'S ALLEGATIONS ARE TRUE, THE APPELLANT WOULD POSSIBLY BE ENTITLED TO RELIEF, THEREFORE, HIS CLAIM IS MERITORIOUS ON ITS FACE." (REVERSED IN PART; AND REMANDED WITH DIRECTIONS)

HERE, GREENWOOD'S CLAIM HAS NOT BEEN REFUTED AS IT RELATES TO THE STATE'S CORRUPTLY PERSUASIVE EFFORTS TO KEEP BROWN FROM TESTIFYING, AS ALLEGED IN BROWN'S AFFIDAVIT. BECAUSE THE CLAIM COULD BE MERITORIOUS; AND BECAUSE IT WAS NOT SPECIFICALLY

16

ADDRESSED ON ITS MERITS IN THE PRIOR PETITION — AN EVIDENTIARY HEARING AND/OR A NEW TRIAL IS WARRANTED FOR THIS CLAIM. SEE *EX PARTE WALKER* ; *WHITT V. STATE* .

III . THE CONSTITUTION OF THE U.S. OR OF THE STATE OF ALABAMA REQUIRES A NEW TRIAL, A NEW SENTENCE PROCEEDING, OR OTHER RELIEF :

a. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL IN FAILING TO SUBPOENA A KEY WITNESS AND VIOLATING GREENWOOD'S RIGHT TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM IN VIOLATION OF THE 6TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION :

GREENWOOD RAISED THIS ISSUE IN HIS FIRST PETITION. (R.32, C 113-119) THE COURT DID NOT ADDRESS OR EVEN ACKNOWLEDGE THIS CLAIM IN ITS ORDER DENYING THE FIRST PETITION, NOR DID THE STATE ADDRESS IT IN ITS MOTION TO DISMISS. (R.32, C 73-77 ; 45-72) AS ALREADY ESTABLISHED, SINCE THIS CLAIM HAS NOT BEEN ADDRESSED BY THIS COURT IN THE PREVIOUS PETITION, IT IS COGNIZABLE IN THIS SECOND, SUCCESSIVE PETITION. SEE *EX PARTE WALKER* ; *WHITT V. STATE* .

DURING GREENWOOD'S FIRST TRIAL, THE VICTIM, COPELAND, TESTIFIED THAT THERE WAS A SECOND VICTIM AND EYE-WITNESS TO THE ALLEGED CRIME, A 13-YEAR OLD BOY NAMED "SERILLO." THE FIRST TRIAL RESULTED IN A MISTRIAL. (R.32, C 35)

17

DURING GREENWOOD'S SECOND TRIAL, THE ONLY EYE-WITNESS THE STATE PRESENTED WAS COPELAND, THE VICTIM. COPELAND TESTIFIED THAT GREENWOOD RESTRAINED SERILLO WHILE BROWN ROBBED HIM (COPELAND) AT GUN POINT. (DA. R67, L18-24)

THE STATE ALSO PRESENTED A REBUTTAL WITNESS TO GREENWOOD'S ALLEGATIONS THAT HE DID NOT KNOW BROWN AND WAS NOT BROWN'S ACCOMPLICE IN THE INSTANT CRIME, HAROLD FRANKLIN. HOWEVER, FRANKLIN'S TESTIMONY WAS INCONSISTENT AND SUSPECT, FOR SEVERAL REASONS: (1) FRANKLIN WAS A CONVICTED FELON (DA. R151, L14-25); (2) DURING THIS SAME TIME PERIOD, FRANKLIN HAD FILED CHARGES OF ROBBERY AGAINST GREENWOOD. THOSE CHARGES WERE DISMISSED BECAUSE THERE WAS NO EVIDENCE THAT GREENWOOD COMMITTED THAT CRIME, OR THAT GREENWOOD EVEN KNEW FRANKLIN (DA. R95, L10-19); (3) FRANKLIN TESTIFIED THAT HE HAD SEEN GREENWOOD AND BROWN TOGETHER BEFORE THE DATE OF THE COM- MISSION OF THE INSTANT OFFENSE;* (DA. 150, L6-9) THEN FRANKLIN TESTIFIED THAT HE DO NOT KNOW "BROWN" WHEN HE SEE HIM. (DA. R148, L17-18) THIS STATEMENT WAS INCONSISTENT AT BEST; (4) FRANKLIN WAS A VICTIM IN A SIMILAR CRIME AND WAS CLEARLY SEEKING JUST- ICE FROM THE DISMISSAL OF THE CHARGES HE FILED AGAINST GREENWOOD. HIS CONFLICTING TESTIMONY ARE COMPLETE LIES, AND HE CERTAINLY HAD A MOTIVE TO LIE; (5) ON DIRECT EXAMINATION BY D.D.A. PERKINS, FRANKLIN

18

WENT ALONG WITH EVERYTHING THE DiDiA. SAID, THUS CONTRADICTING HIS OTHER STATEMENTS UNDER OATH. (DA. R150, L 6-9) FRANKLIN'S TESTIMONY COULD NOT BE COUNTED AS TRUE. * SEE P. 4, THIS BRIEF, FOR DOCUMENTATION DISCREDITING FRANKLIN'S TESTIMONY.

THUS, SERILLO, ALTHOUGH ABSENT FROM TRIAL BECAME A WITNESS AGAINST GREENWOOD THROUGH COPELAND'S TEST-IMONY. GREENWOOD HAD A 6TH AMENDMENT RIGHT TO CON-FRONT SERILLO, THIS PREJUDICED GREENWOOD ON SEVERAL POINTS:

1. COPELAND WAS THE ONLY VICTIM AND EYE-WITNESS TO IDENTIFY GREENWOOD AS BROWN'S ACCOMPLICE. COPELAND STATED GREENWOOD HELD SERILLO. IF COUN-SEL WOULD HAVE SUBPOENAED SERILLO, SERILLO WOULD HAVE TESTIFIED GREENWOOD WAS NOT THE PERSON WHO HELD HIM DURING THE ROBBERY, THUS NOT BROWN'S ACCOMPLICE.

2. SERILLO, AS THE SECOND VICTIM AND PERSON RE-STRAINED BY BROWN'S ACCOMPLICE, HAD A BETTER VIEW OF THE ACCOMPLICE THAN COPELAND, WHO WAS BEING HELD AT GUN POINT BY BROWN.

3. THE STATE ALLEGED GREENWOOD AIDED AND ABETTED BROWN DURING THE ROBBERY BY RESTRAINING SERILLO, THIS ALLEGATION COULD NOT BE REFUTED WITHOUT CROSS-EXAMINING SERILLO. GREENWOOD'S ALLEGED

19.

COMPLICITY IN THIS OFFENSE WAS THE SOLE BASIS OF THE ULTIMATE QUESTION IN THE JURY'S DETERMINATION OF GREENWOOD'S GUILT OR INNOCENCE.

4. NO WHERE IN THE RECORD IS IT SHOWN OR STATED THAT SERILLO EVER ACCUSED GREENWOOD OF THIS CRIME, OR ANY OTHER CRIME.

5. THE ONLY EVIDENCE PRESENTED TO SHOW THAT GREENWOOD RESTRAINED SERILLO CAME FROM COPELAND. THIS WAS, AT BEST, AN OUT-OF-COURT STATEMENT, AND NOT SUP-PORTED BY SERILLO HIMSELF.

THE ONLY WAY GREENWOOD COULD HAVE EFFECTIVELY REFUTED COPELAND'S TESTIMONY WAS BY SUBPOENAING AND CROSS-EXAMINING SERILLO. THE U.S. SUPREME COURT HELD IN DAVIS V. ALASKA, U.S. 308, 39 L.Ed. 2d 347, 94 S.Ct. 1105 (1974):

" THE SIXTH AMENDMENT RIGHT OF AN ACCUSED IN A CRIMINAL PROSECUTION 'TO BE CONFRONTED WITH THE WITNESSES AGAINST HIM.' THIS RIGHT IS SECURED FOR DEFENDANTS IN STATE AS WELL AS FEDERAL PRO-CEEDINGS UNDER POINTER V. TEXAS, 380 U.S. 400, 13 L.Ed. 2d 923, 85 S.Ct. 1065 (1965)..." @ 353

THE ALABAMA CRIMINAL COURT OF APPEALS, IN FOL-LOWING THIS RECOGNIZED RIGHT, IN A SIMILAR CASE AS

20

THE INSTANT HELD IN <u>McTERRY V. STATE</u>, 680 So.2d 957 (Ala. 1996):

"'COUNSEL IS EXPECTED TO EXERCISE DILIGENCE IN PREPARING HIS CASE FOR TRIAL AND PROCURING WITNESSES... THIS IS ESPECIALLY TRUE HERE BECAUSE WILLIAMS (THE KEY WITNESS) <u>WAS AN EYE WITNESS TO THE SHOOTING</u> ...

"THE <u>ONLY EVIDENCE CONNECTING THE APPELLANT WITH THE CRIME WAS THE EYE WITNESS TESTIMONY OF JELKS</u>, (THE VICTIM) THE APPELLANT DENIED THAT HE WAS THE SHOOTER, THE JURY HAD TO BASE ITS DECISION ON WHICH WITNESS IT FOUND TO BE MORE CREDIBLE — THE APPELLANT OR JELKS...

"THE SIXTH AMENDMENT TO THE [U.S.] CONSTITUTION STATES: 'IN ALL CRIMINAL PROSECUTIONS, THE ACCUSED SHALL ENJOY THE RIGHT TO ..., BE CONFRONTED WITH THE WITNESSES AGAINST HIM...

"AN ACCUSED'S RIGHT TO COMPULSORY PROCESS IS ALSO FOUND IN ARTICLE I, §6, CONSTITUTION OF ALABAMA OF 1901..."

"'THE RIGHT... IS IN PLAIN TERMS <u>THE RIGHT TO PRESENT A DEFENSE</u>, THE RIGHT TO PRESENT THE DEFENDANT'S VERSION OF THE FACTS AS WELL AS THE PROSECUTIONS

21

TO THE JURY SO _IT MAY DECIDE WHERE THE TRUTH_
_LIES_..., THE RIGHT IS A FUNDAMENTAL ELEMENT OF
DUE PROCESS LAW.'" @ 955-956 (REVERSED AND REMANDED)

HERE, THE SIMILARITIES BETWEEN _MCTERRY_ AND
THE INSTANT CLAIM ARE IDENTICAL. THE ONLY EVIDENCE
CONNECTING GREENWOOD WITH THE CRIME WAS THE EYE
WITNESS TESTIMONY OF COPELAND. GREENWOOD DENIED
HE WAS BROWN'S ACCOMPLICE. COPELAND WAS THE VICTIM
AND ONLY TESTIFYING EYE WITNESS. _SERILLO WAS THE_
_SECOND VICTIM AND EYE WITNESS TO THE CRIME_. THE
ONLY WAY TO REBUTT COPELAND'S TESTIMONY WAS TO
CROSS-EXAMINE SERILLO, WHO WOULD HAVE TESTIFIED
THAT _GREENWOOD WAS NOT BROWN'S ACCOMPLICE_. RE-
GARDLESS OF WHAT SERILLO'S TESTIMONY WOULD HAVE
BEEN, THE DENIAL OF THE RIGHT TO CROSS-EXAMINE IS
A REVERSIBLE ERROR. SEE _DAVIS V. ALASKA_, @ 355

b. _IS AN EVIDENTIARY HEARING DUE IN THIS CASE,_
_FOR THIS ISSUE_?

INEFFECTIVE CLAIMS OF COUNSEL ARE REVIEWED UNDER
THE U.S. SUPREME COURT DECISION IN _STRICKLAND V._
_WASHINGTON_, 466 U.S. 668 (1984). A CLAIMANT LIKE
GREENWOOD MUST SHOW (i) DEFICIENT PERFORMANCE OF
COUNSEL:

HERE, TRIAL COUNSEL ADMITTED HIS OWN ERROR

ON RECORD BY STATING: THAT'S [SERILLO] ONE OF THE WITNESSES WE NEED HERE..." (DA. R168-169, L8-9) COUNSEL ALSO MENTIONED SERILLO IN HIS MOTION TO DISMISS. (DA. R98, L8-15) COUNSEL STILL TOOK NO STEPS TO SUBPOENA SERILLO.

COUNSEL KNEW OF SERILLO AS THE SECOND EYE WITNESS WHEN SERILLO'S NAME WAS REVEALED IN GREENWOOD'S FIRST TRIAL. (DA. R55, L5-16; 61, L8-24 DURING THE SECOND TRIAL, COPELAND TESTIFIED THAT SERILLO LIVED FOUR HOUSES DOWN FROM HIS (COPELAND'S) COUSIN'S HOUSE. THE TRIAL COURT ALSO ADDRESSED THIS MATTER AND TOLD COUNSEL HE HAD AMPLE TIME TO FIND SERILLO. (DA. R37, L6-17; 60, L23-25; 61)

THUS, COUNSELOR'S DEFICIENT PERFORMANCE IS EASILY ESTABLISHED BY COUNSEL'S OWN STATEMENT AND BY THE TRIAL COURT.

PRONG TWO OF THE STRICKLAND TEST IS: (2) PREJUDICE TO DEFENDANT AND ABSENT COUNSELOR'S ERRORS A REASONABLE ABILITY OF A DIFFERENT RESULT. THAT HAS ALSO BEEN SHOWN BY THE DENIAL OF GREENWOOD'S SUBSTANTIAL RIGHT OF CROSS EXAMINATION; ALSO, THAT SERILLO WOULD HAVE TESTIFIED GREENWOOD WAS NOT BROWN'S ACCOMPLICE, WHICH WOULD HAVE CREATED REASONABLE DOUBT IN THE JURY'S MIND.

23

THUS, THESE CLAIMS WERE, AND ARE, DUE TO BE AD-
DRESSED BY THE TRIAL COURT. THE ALABAMA COURTS HAVE
CONSISTENTLY REMANDED CASES BACK TO THE TRIAL
COURTS FOR THE COURT'S FAILURE TO ADDRESS AN IN-
EFFECTIVE CLAIM BY AN EVIDENTIARY HEARING.

"DEFENDANT'S PETITION, ASSERTING HIS TRIAL COUNSEL
WAS INEFFECTIVE IN _FAILING TO SUBPOENA THE WITNESS..._
_AND ANOTHER WITNESS_, BECAUSE BOTH WOULD HAVE
_REFUTED THE STATE'S ONLY EVIDENCE..._ HAD TO BE RE-
MANDED FOR FAILURE OF THE CIRCUIT COURT TO MAKE
SPECIFIC FINDINGS OF FACT..." _EX parte GRAU_, 791 So.2d
345 (Ala. 2000) see ALSO _CLICK V. STATE_, 821 So.2d 218
(Ala. Cr. App. 1999), AND _BULLARD V. STATE_, CR-03-0280
(march 26, 2004, Ala. Cr. App.), BOTH WERE REMANDED FOR
FAILURE OF THE CIRCUIT COURT TO ADDRESS THE CLAIMS
OF INEFFECTIVE COUNSEL.

## CONCLUSION

BECAUSE THESE ARE THE SAME CLAIMS PRESENTED IN
THE FIRST PETITION, WHICH WERE NOT ADDRESSED OR AD-
JUDICATED ON THE MERITS IN THAT PETITION, THEY ARE
NOT PRECLUDED AS SUCCESSIVE UNDER RULE 32.2(b).

BECAUSE THE CLAIMS COULD BE MERITORIOUS, THEY
ARE DUE TO BE ADDRESSED BY THE TRIAL COURT IN AN
EVIDENTIARY HEARING AND/OR BY ANY AND ALL OTHER
RELIEF DUE.

24

## CERTIFICATE OF SERVICE

I DO HEREBY CERTIFY THAT A COPY OF THE FOREGOING HAS BEEN SERVED ON THE RESPONDENTS BY PLACING SAME IN THE U.S. PRISON MAILBOX, FIRST-CLASS POSTAGE PRE-PAID AND ADDRESSED AS FOLLOWS.

STATE OF ALABAMA
OFFICE OF THE ATTNY. GEN.
11 SOUTH UNION STREET
MONTGOMERY, AL 36130

LANE W. MANN, CLERK
ALA. COURT OF CR. APPEALS
300 DEXTER AVE. / P.O. BOX 301555
MONTGOMERY, AL 36130-1555

DONE THIS 15th DAY OF MARCH, 2004.

RESPECTFULLY SUBMITTED,

*Kourtnee Greenwood*

KOURTNEE GREENWOOD SOVENSKY, pro se

25