IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Kourtnee GREENWOOD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:05-CV-733-T |
| | ) | |
| James DELOACH, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## SUPPLEMENTAL RESPONSE

Come now the Respondents, by and through the Attorney General for the State of Alabama, and respond to this Honorable Court's order at the conclusion of the scheduling conference held on November 19, 2007, to address three issues in the light of the recently filed trial transcript. Those issues are: (1) Greenwood's claim of newly discovered evidence based on prosecutorial misconduct; (2) Greenwood's claim of ineffective assistance of counsel based on his prosecutorial misconduct claim; and, (3) Greenwood's claim of ineffective assistance of trial counsel based on counsel's failure to subpoena thirteen-year-old Serillo. The Respondents submit the following:

A. <u>Newly-discovered evidence related to prosecutorial misconduct</u>

In his federal petition, Greenwood alleges he is entitled to relief based on newly discovered evidence related to prosecutorial misconduct. Specifically, he claims that he discovered that the district attorney threatened co-defendant Jamar Brown if he testified on Greenwood's behalf. The Respondents maintain that this claim is procedurally defaulted as not exhausted. To satisfy the exhaustion doctrine, a petitioner must "do more than scatter some makeshift needles in the haystack of the state court record." <u>Hartge v. McDonough</u>, 210 Fed. Appx. 940, 942 (11th Cir. 2006) (unpublished decision). Rather, the claim must be presented to the state court "'such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation.'" <u>Id.</u>; <u>see</u> also <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66, 115 S. Ct. 887, 888 (1995).

2. Greenwood did not raise the issue of newly discovered evidence in a motion for new trial or on direct appeal. In his first timely Rule 32 petition, Greenwood alleged newly discovered evidence–that Brown would attest to his innocence. Though he mentioned that Brown was offered a "deal" and the State withheld the information of the "deal," <u>see</u> Ex. R, p. 25, Greenwood did not allege that he was unaware of Brown's proposed testimony due to prosecutorial misconduct. This conclusion is further supported by the fact that neither the State (in its response to Greenwood's petition), the trial court (in its ruling), or the

2

Alabama Court of Criminal Appeals (in its unpublished opinion) interpreted Greenwood's newly discovered evidence as relating to prosecutorial misconduct–instead, all three parties treated the claim as related to the discovery of Brown's affidavit alleging Greenwood's innocence. Greenwood's present claim–that prosecutorial misconduct based on the district attorney's alleged threat of a harsher sentence–was not raised until his second Rule 32 petition, which was dismissed as time-barred and successive under Rules 32.2(b) and (c) of the Alabama Rules of Criminal Procedure. Because the last state court that spoke to the alleged discovery of prosecutorial misconduct found it barred, the claim is procedurally defaulted. See Allen v. Siebert, __ U.S. __, 128 S. Ct. 2, 4-5 (2007).

    3. Assuming this Honorable Court finds Greenwood's claim is not procedurally defaulted, he is still not entitled to federal habeas relief on the merits. The record on direct appeal clearly shows that, once Brown refused to testify, he was advised by the State (in the presence of his attorney and Greenwood's attorney) and his attorney that the State had no influence on his sentence and that all parties were only interested in his truthful testimony. (See Ex. P, pp. 209-11) Thus, contrary to Greenwood's argument, Brown was not threatened with a harsher sentence if he testified. Furthermore, it is clear that Greenwood was aware of these facts before the jury returned a verdict of guilt. (See Ex. P, pp. 189-90) As a result, not only does the record on direct appeal refute Greenwood's claim of

prosecutorial misconduct, but it also establishes that this allegation was not "newly discovered evidence."

    B.  <u>Ineffective assistance arising from the newly-discovered evidence of prosecutorial misconduct.</u>

4. Greenwood's claim of ineffective assistance of counsel regarding the allegation of newly discovered evidence based on prosecutorial misconduct is also procedurally defaulted. This claim against counsel was never raised in state court. <u>See</u> <u>Footman v. Singletary</u>, 978 F.2d 1207, 1211 (11th Cir. 1992). Arguendo, even if it was properly before this Court, as explained in paragraph three, it also warrants no relief. The record clearly shows there was no prosecutorial misconduct and that Greenwood was well aware of all the facts surrounding Brown's refusal to testify. (<u>See</u> Ex. P, pp. 189-92, 205-12)

    C.  <u>Ineffective assistance due to failing to subpoena Serillo</u>

5. Additionally, Greenwood is not entitled to relief on his claim that trial counsel was ineffective for failing to subpoena Serillo. He has failed to show that the state courts' decision was an unreasonable application of <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052 (1984), or that it was based on an unreasonable determination of the facts presented. <u>See</u> 28 U.S.C. § 2254(d); <u>Williams v. Taylor</u>, 529 U.S. 362, 402-03, 120 S. Ct. 1495, 1518 (2000).

4

6. This Court left open the issue of whether an evidentiary hearing was necessary. The Respondents respectfully contend that none is needed. Greenwood has not meet his burden under 28 U.S.C. § 2254(e)(2). He was - as the record shows - aware of the circumstances underlying Brown's refusal to testify and the fact that Brown's decision did not involve prosecutorial misconduct. Furthermore, even if Brown had testified on Greenwood's behalf, Brown's testimony that he did not know Greenwood and that Greenwood was not his accomplice would have been merely cumulative to Greenwood's testimony. (Ex. P, p. 140) Additionally, Brown's testimony would have been subject to impeachment. First, Brown pleaded guilty to robbing Mr. Copeland with Greenwood's assistance. (See Ex. P, pp. 62, 208) Second, rebuttal witness Harold Franklin testified that he saw Greenwood and Brown together ten days before they robbed Copeland and Greenwood's appearance then matched that described by the robbery victim in this case. (Ex. P, pp. 147-48) Consequently, Greenwood is not entitled to an evidentiary hearing.

> Respectfully submitted,
>
> Troy King (KIN047)
> Attorney General
> By:
>
> s/Audrey Jordan
> Audrey Jordan
> Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of November, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have also electronically served Greenwood's counsel using the CM/ECF system.

                Respectfully submitted,

                s/Audrey Jordan
                Audrey Jordan
                Office of the Attorney General
                Alabama State House
                11 South Union
                Montgomery, AL  36130-0152
                Telephone: (334) 242-7300
                Fax: (334) 242-2848
                E-Mail: AJordan@ago.state.al.us

346512/84412